<u>Eᴙʜɪʙɪᴛ C</u>

**HSTC/Morris Motion to Dismiss**

1   **PRINDLE, GOETZ, BARNES & REINHOLTZ LLP**
    Jack C. Nick, Esq. (Bar No. 160196)
2   310 Golden Shore, Fourth Floor
    Long Beach, California 90802
3   Telephone: (562) 436-3946
    Facsimile: (562) 495-0564
4   jnick@prindlelaw.com
    97CR 1000
5   **KINCAID & ASSOCIATES**
    Mark L. Kincaid, Esq. (Bar No. 118640)
6   1851 East First Street, Suite 900
    Santa Ana, California 92705
7   Telephone: (714) 462-7015
    Facsimile: (714) 784-2546
8
9   Attorneys for Cross-Defendants HOME SAVING TERMITE
    CONTROL, INC. and W.F. MORRIS

**FILED**
Superior Court of California
County of Los Angeles

**JUL 03 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
    Shaunya Bolden

FEES PAID ON

12-17-97 $563-96

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                     **COUNTY OF LOS ANGELES**

| | |
|---|---|
| 12  TIG INSURANCE COMPANY, a California corporation,<br><br>13<br>14           Plaintiff,<br><br>15  v.<br><br>16  GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br>17<br>18           Defendants.<br><br>19  AND ALL RELATED CROSS ACTIONS. | CASE NO. BC173952<br>(Case assigned to Hon. Richard Fruin – Dept 15)<br><br>**CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN TWO YEARS OF MISTRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JACK C. NICK; AND [PROPOSED] ORDER**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br>**DATE: August 22, 2017**<br>**TIME: 8:30 a.m.**<br>**DEPT: 15**<br><br>**Reservation ID: 170512218790**<br><br>**Complaint Filed: July 2, 1997** |

25       TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

26       PLEASE TAKE NOTICE that on August 22, 2017, 2017 at 8:30 a.m., or as soon thereafter

27  as this matter may be heard in Department 15 of the above-entitled court, located at 111 N. Hill

28

                                            1
       **CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION**
                **AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

Street, Los Angeles, CA 90012, Cross-Defendants HOME SAVING TERMITE CONTROL, INC.
and W.F. MORRIS (collectively "HSTC"), and each of them, will and hereby does move this Court
for an order to dismiss the cross-complaint of cross-complainant GARY SMOLKER ("Smolker") as
to them, for his failure to bring this action to trial within two years as required by California *Code of
Civil Procedure* § 583.420, subd. (a)(3)(A)

This motion is and will be brought on the grounds that Smolker has failed to diligently
pursue the prosecution of his cross-complaint at all stages of this proceeding including, without
limitation, bringing his action against HSTC to trial within two years of the declared mistrial (from
the date the stay was lifted) as required by California law. This motion will be based on this notice;
the attached memorandum of points and authorities; the Declaration of Jack C. Nick; and upon all
other papers, pleadings and documents contained in the court's file as well as such other oral and
documentary evidence as may be presented at the hearing of the motion.

DATED: June 30 2017

PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

By: _____
JACK C. NICK
Co-Counsel for Cross-Defendants HOME
SAVING TERMITE CONTROL, INC. and
W.F. MORRIS

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3         This case has been pending for ***nearly 20 years***; over ***15 years*** have elapsed since the Court

4    declared a mistrial on Gary Smolker's ("Smolker") cross-complaint against cross-defendants Home

5    Saving Termite Control, Inc. and W.F. Morris (collectively "HSTC).   This Court has already

6    dismissed Smolker's cross-complaint against W.R. Grace, Grace Davison for Smolker's failure to

7    prosecute, and currently has Truck Insurance Exchange's Motion to Dismiss under submission.

8    (See Exhibit "C".)   As will be detailed below, the Court should also dismiss Smolker's cross-

9    complaint against HSTC based upon his failure to bring this action to trial within two years of the

10    date the order of the court declaring a mistrial was entered (and the stay was lifted), pursuant to

11    *Code of Civil Procedure* § 583.420, subd. (a)(3)(A).

12    **II.    PERTINENT PROCEDURAL HISTORY**

13         Although acting in pro per, Gary Smolker is an active member of the California Bar, SBN

14    #56117.   Smolker filed his initial cross-action against HSTC and other entities in this matter on

15    October 10, 1997.   After nearly five years of litigation, cross-defendant W.R. Grace & Company

16    ("Grace") filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the

17    District of Delaware on April 2, 2001.   In an order issued on January 5, 2000, this court bifurcated

18    Grace and others and ordered trial on Smolker's cross-complaint against HSTC to commence.   On

19    December 3, 2001, Smolker and HTSC proceeded to trial.   However, due to time constraints, a

20    mistrial was declared on December 11, 2001.

21         On February 22, 2002, the Court stayed this entire action, pending the outcome of the

22    bankruptcy proceedings of Grace. (Exhibit "A").   Thirteen years later, the bankruptcy court entered

23    its order lifting the injunction on this matter on March 4, 2015.   **Since March, 2015, Smolker was**

24    **well aware that he should have resumed actively prosecuting his cross-complaint.**

25    On March 3, 2015, Roger Higgins, bankruptcy counsel for WR Grace, sent an email to Smolker

26    which stated as follows:

27

28

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

1    Please find attached the form of order that Grace proposes to hand up

2    at tomorrow's [bankruptcy] hearing. **Please note that it lifts the**

3    **injunction to permit the California state litigation to go forward,**

4    while also preserving Grace's existing objection to the claims.

5    [Boldface added.]  (See Exhibit H to Roger J. Higgins' Declaration,

6    Exhibit "B".)

7   On March 4, 2015, the Bankruptcy Court entered an order which stated, in pertinent part as

8 follows:

9    The Claims Objection is granted solely to the extent that **the**

10    **injunction set forth in Plan § 8.1.1. is lifted, and the litigation**

11    **captioned,** *TIG Insurance Co. v. Gary Smolker, et al.*, **Case No. BC**

12    **173952** (Los Angeles County Sup. Ct.) (Janava, J.) (the "California

13    State Court Litigation") **may proceed to judgment.**  [Boldface

14    added.]  (See Exhibit I to Roger J. Higgins' Declaration, Exhibit "B".)

15 Smolker was served with the order lifting the stay on that same day, March 4, 2015.  (See Exhibit J

16 to Roger J. Higgins' Declaration, Exhibit "B")  *HSTC's counsel was not served with the order.*  (*Id.*)

17   Despite receiving notice that the stay had been lifted, Smolker failed to take any action

18 *whatsoever* to prosecute this action against HSTC until he filed a Motion to Set Case for Trial on

19 April 6, 2017, <u>over two years later</u>.  Notably, Smolker was only prompted to do so after this Court

20 executed the Order dismissing Smolker's cross-complaint against W.R. Grace and Grace Davison on

21 January 17, 2017, and even then, he still waited another 3 months to take any action!

22   Smolker's cross-complaint against HSTC has been pending (not subject to the stay) for well

23 over <u>six and a half years</u>.  Again, although W. R. Grace's bankruptcy stay was lifted on March 4,

24 2015, Smolker failed to take any action whatsoever to prosecute this matter and bring this case to

25 trial for over two years after that date.  As Smolker failed to exercise any reasonable diligence during

26 this period, HSTC respectfully requests that the Court exercise its discretion and dismiss Smolker's

27 cross-complaint against them with prejudice.

28

4

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

III.    **THE COURT HAS THE DISCRETION TO DISMISS SMOLKER'S
CROSS-COMPLAINT AGAINST HSTC**

The court may in its discretion dismiss an action for delay in prosecution if a trial is commenced but no judgment is entered because of a mistrial within two years after the order of the court declaring the mistrial. (*Code of Civil Procedure* §§ 583.410, 583.420(a)(3)(A)). As described by the court in *Roach v. Lewis*, 14 Cal.App.4[th] 1179, where there has been delay, it is Plaintiff's burden to explain why the delay is reasonable as it stated:

It has been aptly remarked that section 583.420 and other dismissal-for-delay statutes serve a dual purpose: One is effectually the same as that of statutes of limitations – they are both statutes of repose, seeking to discourage stale claims to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. [Citations.] Balanced against these considerations is, of course, the strong public policy which seeks to dispose of litigation on the merits rather than on procedural grounds. Although that policy is generally viewed as more compelling than the one seeking to promote prompt prosecution, **it will not prevail unless the plaintiff meets his burden of establishing excusable delay**. [Citations.]    (Boldface added.)

(*Roach v. Lewis* (1993) 14 Cal.App.4[th] 1179, 1182 – 1183.) (Emphasis added.)

Thus, a defendant need not demonstrate prejudice before an action will be dismissed; Plaintiff's inexcusable delay is sufficient to warrant a dismissal. (*See A. Groppe & Sons Glass Co.*

1   *Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 227 (finding that since the plaintiff

2   failed to demonstrate it exercised reasonable diligence, the court need not reach the issue of whether

3   delay in service was prejudicial to defendant).)

4        Here, trial commenced for Gary Smolker against HSTC in Los Angeles Superior Court on

5   December 3, 2001. Due to time constraints, a mistrial was declared on December 11, 2001. On

6   February 22, 2002, the Court stayed this entire action, pending the outcome of the bankruptcy

7   proceedings of W.R. Grace. Thirteen years later, the bankruptcy court entered its order lifting the

8   stay on this matter on March 4, 2015. Smolker was served with the order lifting the stay on that

9   same day, March 4, 2015. However, despite receiving such notice, and specifically communicating

10  with WR Grace's bankruptcy counsel about the ramifications of the stay being lifted, **Smolker**

11  **failed to take any action *whatsoever* to prosecute this action against HSTC until he filed a**

12  **Motion to Set Case for Trial on April 6, 2017, <u>over two years later</u>. There is simply NO**

13  **EXCUSE for such delay**. Smolker's Cross-Complaint against HHSTC has now been stale for *over*

14  *15 years*. Regardless of the stay, Smolker failed to immediately set this matter for trial upon

15  receiving notice that the stay had been lifted. Smolker's utter abandonment of this case has caused

16  at least another 27 months to elapse. If there was ever a stale case, this case fits the bill.

17       Accordingly, the Court should exercise its discretion and dismiss Smolker's cross-complaint

18  based on his complete failure to prosecute this action for the past two years, and failure to bring this

19  case to trial within two years of the order of the court declaring a mistrial.

20  **IV.    <u>THE INTERESTS OF JUSTICE WOULD BE SERVED BY DISMISSING THIS</u>**

21  **<u>CASE</u>**

22       The interests of justice would be best served if the court dismisses Smolker's claims against

23  HSTC based upon his complete failure to prosecute this action for the past two years, and to bring

24  this matter to trial within two years after the order of the court declaring a mistrial. The instant

25  action has not been litigated since 2002, when the stay first went into effect. Smolker was notified

26  of the lifting of the bankruptcy stay in March, 2015, but did nothing to bring this case to trial or

27  prosecute this action in any way. During this period of fifteen years, the main attorney for HSTC

28

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

1  responsible for this action, Gary Yardumian, passed away and all other counsel who worked on this

2  matter have since left the firm. (Declaration of Jack C. Nick, ¶ 6 )  Smolker's own moving papers

3  maintain this has been a "hotly litigated case", and that the court files in this action take up 64 or

4  more volumes.  Unfortunately, this firm no longer has all the files pertaining to this case and the

5  attorney responsible for handling and trial of the matter is now deceased, and given that no other

6  attorney still employed by the firm is familiar with the file.

7       The excessive lapse of time has also made it more difficult for HSTC to maintain contact

8  with witnesses and keep track of pertinent records.  HSTC's counsel has attempted to contact all

9  nine retained experts on this matter.  (See unfiled copy of HSTC's Designation of Expert Witnesses,

10 Exhibit "D".)  Thus far, two of the experts, Joel M. Cohen, CIH of The Cohen Group and Dr.

11 Rudolph Scheffrahn, have informed our office that due to their document retention policy and the

12 extensive years of inactivity, their offices no longer have the file materials on this case.  Likewise,

13 Dr. James Long has disposed of the entire hard copy of his file, and is now only in possession of his

14 own work product that remains on his computer system.

15      Doug Fowler, CIH of Fowler Associates also apparently passed away in 2007 (See Exhibit

16 "E".)  In addition, to date, counsel has been unable to locate expert, John Van Hooser; although a

17 current on-line search shows the same phone number for his business as the last phone number

18 known to counsel, the phone number no longer belongs to Mr. Van Hooser's business and the person

19 who currently answers that number is not familiar with Mr. Van Hooser.  Other experts are in the

20 process of determining whether their subject case files have been retained after the passage of 15

21 years.  As you can imagine, the cost to get these experts up to speed (and to redo their case work for

22 those who no longer have their complete files) will be enormous.  In exercising its discretion, the

23 court can look to the prejudice suffered by a HSTC in considering whether dismissal is warranted.

24 See, *Adams v. Rose* (1986) 183 Cal.App.3d 498, 506 [attending nurses in medical malpractice case

25 unavailable]; *Freedman v. Pacific Gas & Elec. Co.* (1987) 196 Cal.App.3d 696 [key witness died

26 and files and records destroyed during delay.]  The court, in determining a motion to dismiss is

27 encouraged to take "any other fact or circumstances relevant to a fair determination of the issue..."

28

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

1    into account." *California Rules of Court*, Rule 3.1342(e).

2       Given the 15 years passage of time, **to which Smolker needlessly contributed more than**

3    **an additional 2 years without any excuse**, HSTC has lost valuable time in securing appropriate

4    witnesses and ensuring proper preparation for trial. In short, a trial in this action would cause HSTC

5    to incur massive costs and expenses. Accordingly, the interests of justice would be best served if the

6    Court exercises its discretion and dismisses Smolker's cross-complaint against HSTC with prejudice,

7    based on his complete failure to prosecute this action for the past two years (after the case had

8    already been dormant for 13 years), and failure to bring this case to trial within two years of the

9    order of the court declaring a mistrial and the stay having been lifted.

10    **V.    CONCLUSION**

11       *More than 15 years of inactivity* has elapsed in this case. For the foregoing reasons, HSTC

12    respectfully requests that this Court grant its motion to dismiss Cross-Complainant Gary Smolker's

13    cross-complaint against HSTC based on his failure to bring this case to trial within two years of the

14    order of the court declaring a mistrial.

15

16    DATED: June 30 2017           PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

17

18                                By: _____

19                                JACK C. NICK
                                Attorneys for Cross-Defendants HOME SAVING

20                                 TERMITE CONTROL, INC. and W.F.MORRIS

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

## DECLARATION OF JACK C. NICK

I, JACK C. NICK, declare:

I am an attorney, duly licensed to practice law in all the courts of the State of California, and am a partner with the law firm of Prindle, Goetz, Barnes & Reinholtz LLP, attorneys of record for Cross-Defendants Home Saving Termite Control, Inc. and W.F. Morris (collectively as "HSTC"). This declaration is based upon personal knowledge, except where stated on information and belief. If called upon as a witness, I could and would competently testify as follows:

1.     A true and correct copy of the Minute Order from February 22, 2002 issuing a stay of this litigation action pending the outcome of Defendant W.R. Grace's bankruptcy proceedings is attached hereto as **Exhibit "A"**.  (*See* HSTC's Request for Judicial Notice.)

2.     A true and correct copy of the Declaration of Roger J. Higgins, filed by W.R. Grace & Company and Grace Davison in support of their Motion to Dismiss, and which was served upon our office, and its attached exhibits are collectively attached hereto as **Exhibit "B"**.  (*See* HSTC's Request for Judicial Notice.)

3.     A true and correct copy of the Notice of Entry of Order to Dismiss for Failure to Bring Action to Trial Within Five Years as Required by Code of Civil Procedure § 583.310, §583.360 dated January 26, 2017, is attached hereto as **Exhibit "C"**.

4.     The instant action has not been litigated since 2002, when the stay first went into effect.  Smolker was notified of the lifting of the bankruptcy stay on March 4, 2015, but did nothing to bring this case to trial or prosecute this action in any way.

5.     On December 3, 2001, trial commenced for Gary Smolker against HSTC in Los Angeles Superior Court.  Due to time constraints, a mistrial was declared on December 11, 2001. Since the lifting of the stay on March 4, 2015, Gary Smolker has done nothing to prosecute this case or set this action for re-trial against HSTC prior to filing a Motion to Set Case for trial on April 6, 2017, over 15 years after the mistrial and over 2 years after the bankruptcy stay was lifted.

//

//

CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL

1    6.    During this period of fifteen years, the attorney for HSTC responsible for this action,

2    Gary Yardumian, passed away and any other counsel who worked on this matter have since left the

3    firm.  Mr. Yardumian passed away in December, 2007.

4    7.    Moreover, this firm no longer has much of the file for this matter, following Mr.

5    Yardumian's passing.

6    8.    The excessive lapse of time since the cross-complaint was filed in this action in 1997

7    has made it more difficult for HSTC to maintain contact with witnesses and keep track of pertinent

8    records.

9    9.    This office has attempted to contact all nine retained experts on this matter.  A true

10    and correct copy of the unfiled copy of HSTC's Designation of Expert Witnesses (the only copy we

11    now have) is attached hereto as **Exhibit "D"**.  Thus far, two of the experts, Joel M. Cohen, CIH of

12    The Cohen Group and Dr. Rudolph Scheffrahn, have informed our office that due to their document

13    retention policy and the extensive years of inactivity, their offices no longer have the file materials

14    on this case.  Likewise, Dr. James Long has informed our office that he has disposed of the entire

15    hard copy of his file, and is now only in possession of his own work product that remains on his

16    computer system.

17    10.    In addition, Doug Fowler, CIH of Fowler Associates also apparently passed away in

18    2007.  A true and correct copy of the obituary I was able to obtain is attached hereto as **Exhibit**

19    **"E"**.

20    11.    To date, counsel has been unable to locate expert, John Van Hooser; although a

21    current on-line search shows the same phone number for his business as the last phone number

22    known to counsel, the phone number no longer belongs to Mr. Van Hooser's business and the person

23    who currently answers that number is not familiar with Mr. Van Hooser.

24    //

25    //

26    //

27

28

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

1       12.    Other experts are in the process of determining whether their subject case file has

2  been retained after the passage of 15 years.  As you can imagine, the cost to get these experts up to

3  speed (and to redo their case work for those who no longer have their files) will be enormous.

4       I declare under penalty of perjury under the laws of the State of California that the foregoing

5  is true and correct, and that this declaration is executed on June **30**, 2017, at Long Beach, California.

6

7

8                                                    JACK C. NICK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CROSS-DEFENDANTS' HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL**

LAW OFFICES OF
PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

**EXHIBIT A**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/22/02                                    DEPT. 15

HONORABLE Richard Fruin        JUDGE   R. AQUINO         DEPUTY CLERK

HONORABLE                JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
18
        V. CONNISH, CT ASST   Deputy Sheriff   G. LEVINE          Reporter

1:30 pm BC173952                          Plaintiff
                                          Counsel
        TIG INSURANCE COMPANY                       NO APPEARANCES
        VS                                Defendant
        GARY SMOLKER ET AL                Counsel

        170.6 - Rothschild 12-19-97
        Recusal - Lichtman 11-26-97

NATURE OF PROCEEDINGS:

VOLUNTARY SETTLEMENT CONFERENCE / TRIAL SETTING
CONFERENCE;

(CONTINUED FROM JANUARY 30, 2002)

There are no appearances.

The matter is placed off calendar. The court orders
the matter stayed pending the outcome of defendant
W.R. Grace's bankruptcy proceedings.

EXHIBIT "B"

Page  1 of  1   DEPT. 15

MINUTES ENTERED
02/22/02
COUNTY CLERK

EX.A

**EXHIBIT B**

Rosemarie S. Lewis, Esq. SBN: 158891
Jeffrey Z. Liu, Esq. SBN: 276849
BORTON PETRINI, LLP
626 Wilshire Boulevard, Suite 975
Los Angeles, California 90017
Tel: (213) 624-2869
Fax: (213) 489-3930
mtrostler@bortonpetrini.com

Attorneys for Cross-Defendants
W.R. GRACE & COMPANY and Grace Davison

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>A California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. BC173952<br><br>*Transferred to the Honorable Judge Richard Fruin Department 15*<br><br>**DECLARATION OF ROGER J. HIGGINS IN SUPPORT OF W.R. GRACE COMPANY AND GRACE DAVISON'S MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360.** |
| GARY SMOLKER,<br><br>Cross-Complainant,<br><br>v<br><br>HOME SAVINGS TERMITE CONTROL, INC., et al,,<br><br>Cross-Defendants | Date:   January 17, 2017<br>Time:   8:30 a.m.<br>Place:  Department 15<br>Reservation No.: 161115174315<br><br>*No Trial Date Set* |

h:\00334\8\045
809\pleadings
re mtn to
dismiss\suppl
mtl briefing

EX. B

Roger J. Higgins, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am the principal in The Law Offices of Roger Higgins, LLC, with its office in Chicago, Illinois. I am admitted to practice law in the State of Illinois. I have inactive licenses in Washington, D.C., and the State of California. I am one of the attorneys representing W. R. Grace & Co., and W. R. Grace & Co.-Conn., the two remaining reorganized debtors (collectively, "Grace" or the "Reorganized Debtors") in the chapter 11 cases captioned, *In re W. R. Grace & Co., et al.*, Case No. 01-01139 (KG) (the "Chapter 11 Cases").[1] All facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by employees of and/or professionals retained by the Reorganized Debtors in these chapter 11 cases, and on my experience and knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed to supplement Grace's *Notice of Motion and Motion to Dismiss for Failure to Bring Action to Trial Within Five Years as Required by Code of Civil Procedure §583.310, §583.360*, originally filed on December 6, 2016 (the "Dismissal Motion").

2. On August 27, 2001, Gary S. Smolker ("Smolker" or the "Plaintiff"), the pro se plaintiff in the above-captioned litigation (the "California State Litigation"), filed a claim (designated Claim no. 392) asserting property damage to Mr. Smolker's condominium relating to termite extermination.[2]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Dismissal Motion, *The Reorganized Debtors' Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)*, filed January 30, 2015 [Docket no. 32497] (the "Claim Objection," a copy of which is attached hereto as Exhibit A) or the *First Amended Joint Plan of Reorganization Under Chapter 11. of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

A copy of the docket for January 30, 2015, through March 4, 2015, is attached hereto as Exhibit B (the "Grace Bankruptcy Docket").

[2] Mr. Smolker is a licensed attorney who is representing himself.

2

Declaration of

1  Claim no. 392 is based solely on Mr. Smolker's claims in the California State Litigation.  On January

2  30, 2015, the Reorganized Debtors filed their Claim Objection.  Grace Bankruptcy Docket.  The Claim

3  Objection was served by first class mail on Mr. Smolker at the following address:

4                    (Counsel for Appellant, Gary S. Smolker, in Pro Per)
                      Gary S. Smolker, Esquire
5                    Law Offices of Gary S. Smolker
6                    16055 Ventura Blvd., Suite 525
                      Encino, CA 91436-2609

7
8  *Certificate of Service*, dated January 30, 2015 [Docket no. 32497-9] (a copy of which is attached hereto

9  as Exhibit C).  On February 3, 2015, an amended notice of the Claim Objection was served by first class

10 mail on Mr. Smolker at the same address.  *Certificate of Service*, dated February 3, 2015 [Docket no.

11 32501] (a copy of which is attached hereto as Exhibit D).

12        3.        On February 22, 2015, Mr. Smolker faxed a response to the Claim Objection to various

13 counsel for the Reorganized Debtors.  *Mr. Smolker's 2/22/15 Response* (a copy of which is attached

14 hereto as Exhibit E).  On February 25, 2015, Mr. Smolker faxed a second response to the Claim

15 Objection.  Grace Bankruptcy Docket; *Claimant Gary S. Smolker's Response to The Thirty-Seventh*
16
   *Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned TIG Insurance*
17
18 *Company v. Gary Smolker, et. al., Case No. BC 173952 (Los Angeles County Superior Court), Dated*

19 *January 30, 2015 ("The 37th Omnibus Objection")* [Docket no. 32510] (a copy of which is attached

20 hereto as Exhibit F).

21        4.        On March 3, 2015, Mr. Smolker called me at my office to discuss the hearing scheduled

22 for March 4, 2015, on the Claim Objection and to discuss the form of order to be handed up.  G.
23
   Smolker 3/3/15 E-Mail Correspondence (a copy of which is attached hereto as Exhibit G).  Later that
24
25 morning, I sent Mr. Smolker e-mail correspondence containing the form of order containing the

26 modifications we had discussed in our telephone conference.  R. Higgins 3/3/15 E-Mail Correspondence

27 (a copy of which is attached hereto as Exhibit H).  Mr. Smolker responded by e-mail, acknowledging

28

x:\dropbox
(roger higgins
law)\thlaw\gra
ce_encrypted\0
6-non-

3

Declaration of Roger J. Higgins

1  receipt of the form of order and our telephone conference of earlier that morning.  G. Smolker 3/3/15 E-
2  Mail Correspondence.

3    5.    On March 4, 2015, the Court entered its *Order Lifting Injunction in Prepetition Litigation*
4  *Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County*
5  *Sup. Ct.) (Janavs, J.) (Substantive Objection)* [Docket no. 32518] (the "Lift Injunction Order").  A copy
6  of the Lift Injunction Order is attached hereto as Exhibit I.  On the same date, a copy of the Lift
7  Injunction Order was served by first class mail on Mr. Smolker at the address set forth above.  *Affidavit*
8  *of Service*, dated March 4, 2015 [Docket no. 32522] (a copy of which is attached hereto as Exhibit J).
9

10    6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the
11  United States of America that the foregoing is true and correct.
12
13
14                                Roger J. Higgins
                                  Principal
                                  The Law Offices of Roger Higgins, LLC
15

16  SWORN AND SUBSCRIBED before me,
17  this ___ day of December 2016
18  _____
    Notary Public
19
    My Commission Expires: __11/1/19__
20

21
22        "OFFICIAL SEAL"
          Maureen M Thomas
23        Notary Public, State of Illinois
          My Commission Expires 11/1/2019
24
25
26
27
28

—4—
Declaration of Roger J. Higgins

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) Objection Deadline: March 2, 2015 at 4:00 p.m. |

## NOTICE OF THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, <u>TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL.,</u> CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

TO:     (i) The Reorganized Debtors; (ii) Office of the United States Trustee; (iii) Counsel for the WRG Asbestos PI Trust; (iv) Counsel for the Asbestos PI Future Claimants Representative; (v) Counsel for the Asbestos PD Futures Claimants Representative; (vi) Counsel for the WRG Asbestos PD Trust (7A); (vii) Counsel for the WRG Asbestos PD Trust (7B); (viii) Counsel for the CDN ZAI PD Claims Fund; (ix) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (x) the Claimants; and (xi) the parties listed on the proof of service mailing list for the California State Court Litigation.

On January 30, 2015, the above-captioned debtors and debtors-in-possession (collectively, the "Reorganized Debtors") filed the attached *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, <u>TIG Insurance Company v. Gary Smolker, et al.</u>, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "Objection") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Objection is attached hereto.

---

[1]     The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") and W. R. Grace & Co.-Conn. ("<u>Grace-Conn.</u>").

Responses to the relief requested in the Objection, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on January 12, 2015. At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Reorganized Debtors, Adam Paul, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654 (fax 312-862-2200), Roger J. Higgins, The Law Offices of Roger Higgins, LLC, 1 North Bishop Street, Suite 14, Chicago, IL 60607 (fax 312-577-0737), and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Michael Magzamen, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246 (fax 302-657-4901); (iii) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Baena, Price & Axelrod, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY 10152-3500 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 222 Delaware Avenue, Suite 1620, Wilmington, DE 19801 (fax 302-426-9947); (v) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Saul Ewing LLP, 222 Delaware Avenue P.O. Box 1266, Wilmington, DE 19899-1397 (fax 302-421-6813); (vi) counsel to the Asbestos PI Future Claimants' Representative, Richard H. Wyron,

2

Orrick, Herrington & Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005 (fax 202-339-8500), and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 (fax 302-655-4210); (vii) the Office of the United States Trustee, Attn: Richard L. Schepecarter, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (viii) counsel to the Asbestos PD Future Claimants' Representative, Karl Hill, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, P.O. Box 68, Wilmington, DE 19899 (fax 302-888-0606), and Alan B. Rich, Law Office of Alan B. Rich, Esq., 1201 Elm Street, Suite 4244, Dallas, TX 75270 (fax 214-749-0325).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE KEVIN J. CAREY AT THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, FIFTH FLOOR, COURTROOM 5,

*[Remainder of Page Intentionally Left Blank]*

DOCS_DE:197744.1 91100/001

WILMINGTON, DELAWARE 19801, ON MARCH 4, 2015, AT 10:00 A.M. PREVAILING

EASTERN TIME.

Dated: January $\frac{30}{\phantom{00}}$, 2015

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

THE LAW OFFICES OF ROGER HIGGINS,
LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (KJC) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) **Hearing Date: March 4, 2015, at 10:00 a.m.** |
| | ) **Objection Deadline: March 2, 2015 at 4:00 p.m.** |
| | ) |

### THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL., CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

In this *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "37th Omnibus Objection" or "Claims Objection"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or "Grace," the pending bankruptcy cases being the "Chapter 11 Cases") have identified three claims (collectively, the "Claims") filed by various parties ("Claimants") to a litigation pending in the Superior Court of Los Angeles County, captioned *TIG Insurance Company v. Gary Smolker, et al.*, et al., Case No. 2002CV000495 (Los Angeles County Sup. Ct.) (Janavs, J.) (the "California State Court Litigation").[2]  The Reorganized Debtors respectfully

---

[1]  The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]  The facts and circumstances set forth in this Objection are supported by the *Declaration of Richard C. Finke in Support of the Reorganized Debtors' Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "Finke Declaration"), attached hereto as Exhibit A, and incorporated into this Objection by reference.

Capitalized terms not defined herein shall have the meaning ascribed to them in the Finke Declaration or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants'*

request the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Order</u>"): (a) to the extent that Plaintiff (as defined below) responds to this Claims Objection, permitting the California State Court Litigation to proceed to judgment; or (b) if Plaintiff does not respond to this Claims Objection, disallowing the Claims pursuant to Fed. R. Bankr. P. 7055.[3]

The Claim filed by Gary S. Smolker, a pro se plaintiff in the California State Court Litigation ("<u>Smolker</u>" or the "<u>Plaintiff</u>"), asserts property damage to his condominium relating to termite extermination.[4]    The Reorganized Debtors, Home Savings Termite Control, Inc. ("<u>Termite Control</u>") and Wayne Morris (who owns and operates Termite Control) are each cross-defendants in the California State Court Litigation. This litigation has been stayed as to the Reorganized Debtors, Termite Control and Mr. Morris since Petition Date. Termite Control and Mr. Morris have filed contingent, unliquidated proofs of claim in these Chapter 11 Cases. On information and belief, Plaintiff has made no attempt since the Reorganized Debtors' emergence to proceed with the California State Court Litigation or to otherwise prosecute his claim.

The Reorganized Debtors respectfully submit that they bear no liability in this litigation. But in view of the advanced state of the California State Court Litigation, they do not seek this Court's substantive disallowance of the Claims on the merits. They instead seek this Court's leave for the California State Court Litigation to proceed, *provided*, *however*, that to the extent

---

*Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "<u>Plan</u>").

[3]    If Plaintiff responds to this Claims Objection prior to the Response Deadline, the Reorganized Debtors will submit the form of Order lifting the injunction set forth in Plan Art. 8.1.1, and permitting the California State Court Litigation to go forward. If Plaintiff does not respond prior to the Response Deadline, then the Reorganized Debtors will submit the form of Order disallowing the Claims based upon Smolker's failure to respond.

[4]    Mr. Smolker is a licensed attorney who is representing himself.

Plaintiff does not respond to this Claims Objection on or before the Response Deadline, the Reorganized Debtors seek this Court's disallowance of the Claims, pursuant to Fed. R. Bankr. P. 7055 and Del. Bankr. L. R. 7055-1.

In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[5] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Claims Objection are section 502 of the Bankruptcy Code, Fed.R.Bankr.P. 3007 & 7055 and Del. Bankr. L.R. 3007-1 & 7055-1.

## BACKGROUND

*The Termite Extermination*

3.      As set forth in more detail in the opinion issued by the California State Court of Appeals in *Smolker v. Pacific Villas Homeowners Ass'n., et al.*, 2007 Cal. App. Unpub. LEXIS 2155, 2007 WL 809683 (Cal. App. 2d Dist. Mar. 19, 2007), attached hereto as Exhibit C, in 1996, Smolker and his former wife, Alice Graham, owned a condominium unit in Pacific Villas, a six condominium complex in Playa del Rey, California. The property was a multi-story building, the common areas of which were owned in undivided equal interests by the six unit owners. The Pacific Villas Homeowners Association ("PVHOA") arranged for the hiring of Termite Control to treat the complex for termite infestation using amorphous silica aerogel, a

---

[5]      The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Claims Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

pesticide dust used to dehydrate and permanently eradicate termites. In October 1996, Termite Control carried out the extermination by injecting silica aerogel through drilled holes in the building's common area, the garage and the walls of the six units. Termite Control used Syloid 244, which is a trade name for a silica aerogel manufactured by the Reorganized Debtors' Davison division.

4.    In late 1996 or early 1997, Smolker complained to PVHOA that he, Graham and their children were suffering certain adverse health effects that they attributed to the pesticide. In 1997, an industrial hygienist with the Los Angeles County Health Department concluded after conducting a visual inspection that "there was no reason for any health concerns with respect to the way the pesticide was applied." *Id.* at 9. This was not the end of the matter:

> Throughout 1997, Smolker demanded that PVHOA, the other condominium owners, Termite Control, Grace, Grace Davison, all their respective insurance carriers and the Smokers' own insurance carriers pay for the following: tearing down his interior walls; [10] sealing the pesticide in the walls; installing and painting new interior walls; removing the air handling equipment; providing and operating a filtering system to remove any pesticide dust in their unit while the Smolkers lived elsewhere; and removing and replacing all personal property exposed to the pesticide dust, including all carpeting, soft furniture and children's soft toys.

*Id.* at 9-10.

5.    There were other allegations raised by Smolker relating to certain roof repairs, pipe repairs and mold abatement that, upon information and belief, do not implicate the Reorganized Debtors or Termite Control or Mr. Morris.

### The California State Court Litigation

6.    In July 1997, TIG Insurance Company ("TIG"), the parent company of Truck Insurance Exchange, PVHOA's insurer, filed a declaratory relief action in the California State Court in connection with its denial of coverage for Smolker's claims. In October 1997, Smolker

filed a cross-complaint against the PVHOA, his fellow homeowners individually, the Reorganized Debtors, Termite Control, Mr. Morris and other parties for negligence and strict liability. These other parties included Albert J. Costello, the then chairman and chief executive officer of Grace and Grace-Conn., and James R. Hyde, at the time a senior vice president of Grace-Conn.

7.    On November 8, 1999, the California State Court ordered Smolker to no longer name Messrs. Costello and Hyde in subsequent cross-complaints. *Id.* at 13-14. In December 2000, the California State Court granted summary judgment in favor of PVHOA. *Id.* at 15-16. Smolker appealed these orders (among others).

8.    On April 2, 2001, the Chapter 11 Cases commenced, and a suggestion of bankruptcy was filed with the California State Court. The pending litigation was stayed as to the Reorganized Debtors, Termite Control and Mr. Morris. But Smolker's appeal continued, and on March 19, 2007, the California State Court of Appeals issued its opinion, affirming the California State Court's orders as described above, as well as affirming the California State Court's dismissal of Smolker's fellow homeowners and certain insurance companies from the lawsuit. The California State Court of Appeals also denied PVHOA's motion for attorneys' fees. *See* Exhibit C.

*The Reorganized Debtors' Emergence From Chapter 11*

9.    On February 3, 2014, the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014

DOCS_DE:197729.1 91100/001                5

[Docket no. 31732]. On March 19, 2014, the Court entered its *Final Decree (A) Closing Certain of The Chapter 11 Cases, (B) Removing Certain of The Chapter 11 Cases From The Joint Administration Order, and (C) Waiving the Requirement That the Reorganized Debtors File a Final Report For the Merged Subsidiaries* [Docket no. 31880], which closed the cases of 45 of the Reorganized Debtors (the "Merged Subsidiaries Case Closing Order"). On October 14, 2014, the Court entered its *Final Decree: (A) Closing Certain of the Chapter 11 Cases; (B) Removing Such Cases From the Joint Administration Order; and (C) Waiving The Requirement to File a Final Report For Such Cases* [Docket no. 32429], closing a further 15 cases. Grace and Grace-Conn. are the only remaining Reorganized Debtors with open Ch. 11 cases.

**RELIEF REQUESTED**

.10.    The Reorganized Debtors request that the Court enter the Order substantially in the form attached hereto as Exhibit B: (a) to the extent that Smolker  responds to this Claims Objection, permitting the California State Court Litigation proceed to judgment; or (ii) if Smolker does not respond to this Claims Objection, disallowing the Claims pursuant to Fed. R. Bankr. P. 7055.

**PROCEDURES FOR RESPONDING TO THE CLAIMS OBJECTION**

11.    To contest any of the objections set forth in this Claims Objection, Claimants must file and serve a written response to this Claims Objection (a "Response") so that it is received no later than 4:00 p.m. ET, on March 2, 2015 (the "Response Deadline"). The Response (or each Response, if more than one is filed) must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") at the following address:

> 824 Market Street
> Wilmington, Delaware 19801

12.    Each such Response must also be served upon the following co-counsel to the

Reorganized Debtors on or before the Response Deadline:

>           KIRKLAND & ELLIS LLP
>           Adam C. Paul
>           Jeffrey W. Gettleman
>           300 North LaSalle Street
>           Chicago, IL 60654

>           THE LAW OFFICES OF ROGER HIGGINS, LLC
>           Roger J. Higgins
>           1 North Bishop Street
>           Suite 14
>           Chicago, IL 60607-1823

>           PACHULSKI STANG ZIEHL & JONES LLP
>           Laura Davis Jones (Bar No. 2436)
>           James E. O'Neill (Bar No. 4042)
>           919 North Market Street, 17th Floor
>           P.O. Box 8705
>           Wilmington, DE 19899-8705

13.    Every Response to this Claims Objection must contain, at a minimum, the

following:

    a.    A caption setting forth the name of the Court, the name of the Reorganized Debtors, the case number, and the title of the Claims Objection to which the Response is directed;

    b.    The name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

    c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing the Claims Objection;

    d.    Any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

    e.    The name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Reorganized Debtors should communicate with respect to the claim or the objection thereto, and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

14. If a Claimant fails to file and serve a timely Response (or Responses), the Reorganized Debtors may present to the Court an appropriate order disallowing and expunging that Claimant's claim or claims without further notice to the Claimant or a hearing.

### REPLY TO RESPONSE

15. The Reorganized Debtors reserve the right to, at their option, file and serve one or more replies to Claimants' Responses, if any.

### SEPARATE CONTESTED MATTER

16. If a Claimant files a Response to this Objection, and the Claimant and the Reorganized Debtors are unable to resolve that Response, the corresponding claim and the objection by the Reorganized Debtors thereto asserted in this Claims Objection shall constitute a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. Any order entered by the Court regarding an objection asserted in the Claims Objection shall be deemed a separate order with respect to each such claim.

### RESERVATION OF RIGHTS

17. The Reorganized Debtors hereby reserve the right to object in the future to any of the Claims. The Reorganized Debtors further reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

### NO PREVIOUS OBJECTION

18. No previous objection to these Claims has been filed, nor has any other motion for the relief sought herein been made to this or any other court.

### NOTICE

19. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future

Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (ix) Claimants; and (ix) the parties listed on the proof of service mailing list for the California State Court Litigation, attached hereto as Exhibit G.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required..

[remainder of this page is intentionally left blank]

WHEREFORE, the Reorganized Debtors request the Court enter the Order in substantially the form attached hereto as Exhibit B: (i) either permitting the California State Court Litigation to proceed to judgment or, if Plaintiff does not respond to this Claims Objection, disallowing the Claims; and (iii) granting such other relief as may be appropriate.

Dated:  January 30, 2015

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
Jeffrey W. Gettleman
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors

<u>**EXHIBIT A**</u>

**The Finke Declaration**

DOCS_DE:197729.1 91100/001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) | Objection Deadline: March 2, 2015 |

THE DECLARATION OF RICHARD C. FINKE IN SUPPORT OF THE
REORGANIZED DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO
CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED,
TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL., CASE NO. BC 173952
(LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

COUNTY OF HOWARD )
                                    ). ss.
STATE OF MARYLAND )

Richard C. Finke, after being duly sworn according to law, deposes and says:

1.    I am over the age of 18 and competent to testify.  I am Vice President and

Associate General Counsel of W. R. Grace & Co., one of the reorganized debtors (collectively,

"Grace" or the "Reorganized Debtors") in the above-captioned cases.  All facts set forth in this

Declaration are based on my personal knowledge, on information supplied to me by employees

of and/or professionals retained by the Reorganized Debtors in these chapter 11 cases, and on my

experience and knowledge of Grace's businesses. If called upon to testify, I could and would

testify competently to the facts and opinions contained herein.  This declaration is filed in

support of the Reorganized Debtors' *Thirty-Seventh Omnibus Objection to Certain Claims Filed

Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al.,

Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and
W. R. Grace & Co.-Conn. ("Grace-Conn.").

"Objection"), filed concomitantly herewith.[2]  Based upon a thorough review of their available books and records, the Reorganized Debtors have concluded that they have no liability as to any of the claims discussed herein and in the Objection.

2.    The claim filed by Gary S. Smolker, a pro se plaintiff in the California State Court Litigation ("Smolker" or the "Plaintiff"), asserts property damage to his condominium relating to termite extermination.[3]    The Reorganized Debtors, Home Savings Termite Control, Inc. ("Termite Control") and Wayne Morris (who owns and operates Termite Control) are cross-defendants in the California State Court Litigation.  That litigation has been stayed as to the Reorganized Debtors, Termite Control and Mr. Morris since the Petition Date.  Termite Control and Mr. Morris have filed contingent, unliquidated proofs of claim in these Chapter 11 Cases. On information and belief, Plaintiff has made no attempt since the Reorganized Debtors' emergence to proceed with the California State Court Litigation or to otherwise prosecute his claim.

3.    The remaining facts and circumstances in the Objection are set forth in the opinion issued by the California State Court of Appeals in *Smolker v. Pacific Villas Homeowners Ass'n., et al.*, 2007 Cal. App. Unpub. LEXIS 2155, 2007 WL 809683 (Cal. App. 2d Dist. Mar. 19, 2007), attached as Exhibit C to the Objection.

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (as it may be amended or supplemented, the "Plan").

[3]    Mr. Smolker is a licensed attorney who is representing himself.

5.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.

*Richard C. Finke*

Richard C. Finke
Vice President and Associate General Counsel
W. R. Grace & Co.

SWORN AND SUBSCRIBED before me,
this 30ᵗʰ day of January 2015

*Diane E. Borowy*

Notary Public

My Commission Expires:    September 18, 2016

```
DIANE Z. BOROWY
Notary Public-Maryland
Howard County
My Commission Expires
September 18, 2016
```

## Exhibit B

### Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Re docket no. _____ |
| | ) | Hearing Agenda item no. _____ |

ORDER DISALLOWING AND EXPUNGING CLAIMS FILED REGARDING
PREPETITION LITIGATION CAPTIONED, TIG INSURANCE COMPANY V. GARY
SMOLKER, ET AL., CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.)
(JANAVS, J.) (SUBSTANTIVE OBJECTION)

Upon consideration of the *Thirty-Seventh Omnibus Objection to Certain Claims Filed*

*Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al.,*

*Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the

"Claims Objection"), and it appearing that the relief requested is in the best interests of the

Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order of Reference from the United States District Court

for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court

may enter an order consistent with Article III of the United States Constitution; venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having

---

[1]   The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and
W. R. Grace & Co.-Conn. ("Grace-Conn.").

been adequate and appropriate under the circumstances; and after due deliberation and sufficient

cause appearing therefor, it is hereby ORDERED that:[2]

1.    The Claims Objection is granted in its entirety.

2.    **[if a response from Plaintiffs is timely filed]** The injunction set forth in Plan § 8.1.1 is

lifted, and the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.,* Case

No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (the "California State Court

Litigation") may proceed to judgment.

3.    **[if no response is filed by Plaintiffs]** The Claims, listed on Exhibit 1 to this Order, are

disallowed pursuant to Fed. R. Bankr. P. 7055 and Del. Bankr. L. R. 7055-1.

4.    The Reorganized Debtors are authorized to take all actions that may be necessary to

reflect the disallowance of the Claims, including but not limited to directing Rust

Consulting, Inc., their claims agent, to update the claims register to reflect such

disallowance.

5.    Notice of the Claims Objection as provided therein shall be deemed good and sufficient

notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local

rules of the Court are satisfied by such notice.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or

relating to the implementation of this Order and the disallowance of the Claims.

/

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims
Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.
R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future
Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through
December 23, 2010* [Docket No. 26368] (the "Plan").

8.    This Order shall be effective and enforceable immediately upon entry and its provisions

shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R.

Bankr. P. 9014 or otherwise.

Dated: _____, 2015

_____

Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT I

**The Claims**

ᘔ103790770

## In re: W.R. GRACE CO., et al
## OMNIBUS 37 : EXHIBIT 1 – NO LIABILITY CLAIMS

| | Creditor Name/<br>Address | Claim<br>Number | Case<br>Number | Case<br>Name | Total Claim Dollars*/<br>Claim Class** |
|---|---|---|---|---|---|
| 1 | HOME SAVING TERMITE CONTROL INC<br>C/O PRINDLE DECKER & AMARO<br>310 GOLDEN SHORE 4TH FL<br>LONG BEACH, CA 90802 | 387 | 01-01139 | W.R. GRACE & CO. | UNKNOWN    (U)<br>UNLIQUIDATED |
| 2 | MORRIS, WAYNE<br>C/O GARY E YARDUMIAN<br>PRINDLE DECKER & AMARRO<br>310 GOLDEN SHORE 4TH FLR<br>LONG BEACH, CA 90802 | 4070 | 01-01139 | W.R. GRACE & CO. | UNKNOWN    (P)<br>UNLIQUIDATED |
| 3 | SMOLKER, GARY S<br>4720 LINCOLN BLVD #280<br>MARINA DEL REY, CA 90292 | 392 | 01-01139 | W.R. GRACE & CO. | $3,500,000.00    (U)<br>UNLIQUIDATED |
| | | | | Total: | $3,500,000.00    (U) |

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.
** (A) Administrative  (S) Secured  (P) Priority  (U) Unsecured

1/29/2015 4:29 PM

<u>E</u>XHIBIT <u>C</u>

*Smolker* v. *Pacific Villas Homeowners Ass'n., et al.,* 2007 Cal. App. Unpub. LEXIS 2155, 2007 WL 809683 (Cal. App. 2d Dist. Mar. 19, 2007)

45809

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| GARY SMOLKER, | B138229 |
| Defendant and Appellant, | (Los Angeles County Super. Ct. No. BC173952) |
| v. | |
| PACIFIC VILLAS HOMEOWNERS ASSOCIATION et al., | COURT OF APPEAL · SECOND DIST. |
| | F I L E D |
| Cross-Defendants and Respondents. | MAR 1 9 2007 |
| | JOSEPH A. LANE          Clerk |
| | Deputy Clerk |

APPEAL from judgment and orders of the Superior Court of Los Angeles County, Dzintra Janavs and Richard Fruin, Judges. Affirmed except as to Frontier Pacific Insurance Company.[1]

Law Offices of Gary S. Smolker and Gary S. Smolker for Defendant, Cross-Complainant and Appellant Gary S. Smolker.

Grey & Grey and David M. Grey for Cross-Defendant, Respondent and Appellant Pacific Villas Homeowners Association.

---

[1] Appeal is stayed as to Frontier Pacific Insurance Company, whose liquidation is pending. (*Insurance Commissioner of the State of California v. Frontier Pacific Insurance Co.* (Super. Ct. S.D. County, Nov. 30, 2001 Liquidation Order, No. GIC774028).

Finestone & Richter and John J. Waller, Jr., for Cross-Defendant and Respondent Joseph Bailey.

Gilbert Kelly Crowley & Jennett, Peter J. Godfrey and Jeanne S. Kuo for Cross-Defendants and Respondents Virginia Cipriano and Matthew J. Fredericks.

Gibbs Giden Locher & Turner, Michael B. Geibel and Victor F. Luke for Cross-Defendants and Respondents James Holland and Julie Holland.

Proctor, McCarthy & Slaughter, William M. Slaughter and Gabriele Mezger-Lashly for Cross-Defendants and Respondents Lance Robbins, Gerald Ivory and Angela Verdun.

Borton, Petrini & Conron, Rosemarie S. Lewis and Eric J. Troutman for Cross-Defendants and Respondents James Hyde and Albert J. Costello.

Pollak Vida & Fisher, Michael M. Pollak, Daniel Barer and Matthew H. Fisher for Cross-Defendant and Respondent Allstate Insurance Company.

Gordon & Rees, Michael T. Lucey, Kelly J. Savage and Sara M. Thorpe for Cross-Defendants and Respondents Farmers Insurance Group of Companies, Farmers Group, Inc., and Truck Underwriters Association.

Dunn Koes, Daniel J. Koes and Pamela E. Dunn for Cross-Defendant and Respondent State Farm Fire and Casualty Company.

No appearance for Cross-Defendant and respondent Frontier Pacific Insurance Company.

---

2

In this decade-long case, a homeowner cross-complained for bodily injury and property damage relating to termite extermination and other home repairs in his condominium complex. Cross-defendants are the homeowners association, fellow condominium unit owners, their insurers, and executives of the business manufacturing the pesticide. In an earlier appeal, this court affirmed the sustaining of demurrers by certain cross-defendants to the cross-complaint without leave to amend. The homeowner now appeals the trial court's sustaining of demurrers to the second and fifth amended cross-complaints, grant of summary judgment, and denial of his motion to tax costs. The homeowners association appeals the trial court's denial of its motion for attorneys' fees. The insurer for the homeowners association additionally moves for sanctions. We stay the appeal as to one of the insurers, whose liquidation is pending, and otherwise affirm the judgment and orders.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.    FACTS[2]

Cross-complainant and appellant Gary Smolker and Alice Graham[3] (the Smolkers) own a condominium unit in Pacific Villas, a six-unit condominium complex located at 15 63rd Avenue in Playa del Rey. The property consists of a multi-story building with a

---

[2]     "Each brief must [¶] . . . support any reference to a matter in the record by a citation to the record." (Cal. Rules of Court, rule 8.204(a)(1)(C).) In violation of that rule, the appellant's opening brief shows serious deficiency in his statement of the facts, which set forth pages of factual material without a single citation to the record. "It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter. [Citations.]" (*Regents of the Univ. of Cal. v. Shelley* (2004) 122 Cal.App.4th 824, 827, fn. 1.)

[3]     Alice Graham, formerly Alice Smolker, has dismissed her cross-complaint and appeal as to all parties in this action.

common hallway, which provides the only access from each unit to the front door and mailboxes.

All unit owners[4] own undivided equal interests in the common areas of the condominium complex. The unit owners delegate control and management of the common areas to Pacific Villas Homeowners Association (PVHOA), a non-profit unincorporated association comprised of all homeowners in the complex. Each condominium unit is represented in PVHOA by one vote cast by its owner or owners. The units' owners are required to pay assessments used to fund maintenance and repairs of the common areas and the operating expenses of PVHOA. As provided under the association's Conditions, Covenants and Restrictions (CC&R's) and its Bylaws, an elected board of volunteers directs PVHOA.

A.    *The Termite Extermination*

In 1996, Pacific Villas required certain repairs, including termite extermination. Graham, PVHOA's treasurer at the time, communicated with, obtained a brochure from, presented information on, and cast a vote for the Smolkers' unit in favor of retaining the services of Home Saving Termite Control (Termite Control). PVHOA duly authorized the hiring of Termite Control to treat the complex for termite infestation using amorphous silica aerogel,[5] a pesticide dust used to dehydrate and permanently eradicate termites.

---

[4]    The Smolkers own unit 4. Cross-defendants and respondents Matthew Fredericks and Virginia Cipriano own unit 1; cross-defendants and respondents Gerald Ivory and Angela Jordan Verdun own unit 2; cross-defendant and respondent Joseph A. Bailey owns unit 3; cross-defendant and respondent Lance Robbins owns unit 5; and, until December 1997, Carol Kay owned, and with her husband Samuel Eskenazi resided in, and now cross-defendants and respondents James and Julie Holland own unit 6.

[5]    The United States Food and Drug Administration (FDA) defines "[s]ilica aerogel as a finely powdered microcellular silica foam having a minimum silica content of 89.5 percent. [¶] ... [¶] ... This substance is generally recognized as safe when used as a component of an anti-foaming agent in accordance with good manufacturing practice." (21 C.F.R. § 182.1711 (2007); 42 Fed.Reg.14640 (March 15, 1977).) The United States Environmental Protection Agency (EPA) lists silica aerogel among the pesticide chemicals "exempted from the requirement of a tolerance when used in accordance with

4

In October 1996, Termite Control carried out the extermination to the condominium complex by injecting Syloid 244 dust through drilled holes in the common area, garage, and walls of the units. Manufactured by W. Grace & Company and Grace Davison (collectively Grace), Syloid 244 is a trade name for silica aerogel. During the course of the extermination and in the subsequent remodel of his kitchen, Fredericks, president of PVHOA, observed the pesticide dust escape into units through some unsealed drill holes, phone jacks, light sockets, cracks, electrical outlets, and settle in the electrical box and dumb waiter. Fredericks arranged for Termite Control and a handyman to repair any unsealed holes.

Within a few months, in late 1996 or early 1997, Smolker complained to PVHOA that he, Graham and their children suffered adverse health effects which they attributed to the pesticide, including dry mouths, lips and skin, sore throats, and headaches[6] Smolker also informed PVHOA that, in December 1996, the Los Angeles County Agricultural Commissioner issued a violation notice to Termite Control to cease and desist from using Syloid 244 on all job sites, because the pesticide was an "unregistered economic poison." Fredericks, president of PVHOA, conveyed Smolker's complaint to Termite Control. Termite Control conceded that although Syloid 244 did not have a registered trade name, it was "100% amorphous silica gel" and "pose[d] no health or environmental hazard." Termite Control announced it would henceforth use silica gel under another registered trade name. According to Termite Control, among the thousands of extermination jobs it

---

[6]     In 1997, otorhinolaryngologist Eugene Freed, M.D., diagnosed Smolker, who was otherwise healthy, with irritation by chemicals encountered in his condominium from the termite treatment, and prescribed a course of potassium iodine drops. In 1998, dermatologist Letantia Bussell, M.D., assessed Smolker with "contact dermatitis by history—possibly secondary to pest repellant" and prescribed Cordran lotion. In 1998, toxicologist Nachman Brautbar, M.D., concluded that Smolker had airway hyperactivity to chemicals. Although Dr. Brautbar believed Smolker's dry skin was likely due to exposure to the silica gel, he was unable to ascertain whether Smolker's airway hyperactivity and dizziness arose from exposure to cleaning solutions and smoke at his office building or to the pesticide at his condominium unit.

5

conducted in Southern California, Smolker was only the second known individual to have claimed health problems from such exposure.

In 1997, following an emergency meeting of PVHOA to discuss Smolker's concerns, Fredericks contacted the chief inspector for the Los Angeles County Fire Department's Hazardous Materials Section for an investigation. Thereafter, an industrial hygienist with the Los Angeles County Health Department conducted a visual inspection of the premises and concluded there was no reason for any health concerns with respect to the way the pesticide was applied. The hygienist advised Fredericks that "you would have to breath[e] in a cloud of the product before it would bother you." The Health Department further declined to authorize testing of the exposure levels, finding it "totally unnecessary." Fredericks then attempted to obtain private testing of the pesticide. AAA Superior Air Systems responded and collected the dust samples, but ultimately declined to test the material because of interference by Smolker and fear that he would sue the business.

Throughout 1997, Smolker demanded that PVHOA, the other condominium owners, Termite Control, Grace, Grace Davison, all their respective insurance carriers and the Smokers' own insurance carriers pay for the following: tearing down his interior walls; sealing the pesticide in the walls; installing and painting new interior walls; removing the air handling equipment; providing and operating a filtering system to remove any pesticide dust in their unit while the Smolkers lived elsewhere; and removing and replacing all personal property exposed to the pesticide dust, including all carpeting, soft furniture and children's soft toys.

B.    *The Roof Repair*

At the 1999 PVHOA annual meeting, the members in attendance discussed the need to re-roof the building. PVHOA voted to assess each unit to fund replacement of the roof.

In April 1999, Smolker alerted PVHOA and his fellow condominium owners that the roof was leaking from the common area into his unit. Fredericks advised Smolker to repair the leak. Smolker retained A-1 Roofing, which recommended a new roof.

6

In April 1999, Smolker alerted PVHOA and his fellow condominium owners that the roof was leaking from the common area into his unit. Fredericks advised Smolker to repair the leak. Smolker retained A-1 Roofing, which recommended a new roof. Meanwhile, A-1 Roofing patched a portion of the roof directly over the Smolkers' unit. Smolker submitted the $500 invoice for his roof repair to PVHOA, which deducted the cost from his dues payment so that Smolker would not have to pay for a common area repair.

C.    *The Pipe Repair and Mold Abatement*

In March 1999, water from a broken pipe leaked onto the carpet in the southern portion of the common area hallway near the Hollands' unit. Smolker's unit is located at the northern end of the common hallway and separated from the site of the leak by a fire door. PVHOA obtained the services of a plumber to repair the leak and submitted the claim to its insurance carrier, Truck Insurance Exchange (Truck) of TIG Insurance Company (TIG).

In October 1999, Truck notified PVHOA that mold was present in the common area hallway in the vicinity of the leak. Truck settled the claim by paying $2,572.79, which was deposited into PVHOA's account in November 1999.

In February 2000, PVHOA contacted Alliance Environmental, an asbestos and mold remediation contractor, to abate the mold in the common area hallway. In March 2000, Alliance Environmental sealed off the hallway, scraped the ceiling, removed the carpet, and cut away the dry wall one foot up from the floor around the perimeter of the hallway. Afterwards, industrial hygienist Enrioncheck, Inc. cleared Pacific Villas for occupancy based on acceptable findings on tape-lift and air samples. By July 2000, the common area hallway was restored with new carpet, drywall and a new coat of paint.

II.    *PROCEDURE*

In July 1997, TIG filed a declaratory relief action in connection with its denial of coverage for Smolker's claims under his insurance policies issued by TIG.

In October 1997, Smolker filed a cross-complaint against Termite Control and other parties for negligence and strict liability. In November 1997, Smolker filed a first

7

to all causes of action. In November 1999, the court entered orders of dismissal. We affirmed on appeal.[7]

### A. Demurrers Sustained Without Leave to Amend to the Second Amended Complaint

On November 8, 1999, with respect to the second amended cross-complaint,[8] the court sustained without leave to amend the demurrers of cross-defendants Albert J. Castello and James R. Hyde, corporate executives of Grace, to the eighth cause of action for fraud and interference. The court ordered Smolker to no longer name Castello and Hyde in subsequent cross-complaints.

### B. Demurrer Sustained Without Leave to Amend to the Fifth Amended Cross-Complaint

After several rounds of demurrers and grants of leave to amend, Smolker filed his fifth amended cross-complaint for equitable relief and damages alleging 31 causes of action.[9]

---

[7]    *TIG Insurance Co. v. Smolker* (Dec. 12, 2000, B124969) [nonpub. opn.] at p. 15. Resolution of this case has been lengthy due to stays for various reasons, including bankruptcy proceedings and appeals in consolidated matters.

[8]    Smolker failed to designate the second amended cross-complaint as part of the clerk's transcript on his record on appeal. (Cal. Rules of Court, rule 8.120(a)(5).)

[9]    1) Breach of contract against Allstate Insurance Company (Allstate), the insurance carrier for Kay and Eskenazi; 2) breach of duty of good faith and fair dealing against Allstate; 3) breach of contract against State Farm Insurance (State Farm), the insurance carrier for the Hollands and Robbins; 4) breach of duty of good faith and fair dealing against State Farm; 5) breach of contract against the Auto Club, the insurance carrier for the Smolkers; 6) breach of good faith and fair dealing against the Auto Club; 7) breach of contract and breach of the covenant of good faith and fair dealing against Texas Auto Policy and Nationwide Auto Policy, the auto insurance carriers for the Smolkers; 8) strict liability against Grace, Termite Control and W.F. Morris, the alter ego of Termite Control; 9) negligence against Grace; 10) negligence against Termite Control, Morris and Rikk Thompson, the pesticide expert for Termite Control; 11) negligence against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, and Cipriano; 12) nuisance and maintenance of a nuisance against PVHOA, the Hollands, Robbins,

On November 4, 1999, finding no basis for personal liability by Smolkers' fellow condominium unit owners in the common areas, the court sustained without leave to amend demurrers by Kay, Cipriano, Bailey, the Hollands, Robbins and Fredericks on all causes of action applicable to them, including: negligence (11th cause of action); nuisance (12th cause of action); abatement of nuisance (13th cause of action); trespass (14th cause of action); assault and battery (15th cause of action); wrongful eviction and waste (16th cause of action); and contribution and lien (17th cause of action). The court dismissed all the fellow condominium unit owners from the lawsuit and denied their motions to strike as moot.

---

Smolkers; 8) strict liability against Grace, Termite Control and W.F. Morris, the alter ego of Termite Control; 9) negligence against Grace; 10) negligence against Termite Control, Morris and Rikk Thompson, the pesticide expert for Termite Control; 11) negligence against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, and Cipriano; 12) nuisance and maintenance of a nuisance against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, and Cipriano; 13) abatement of nuisance against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, Cipriano, Termite Control, Morris, Grace and Grace Davison; 14) trespass against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, Cipriano, Termite Control, Morris, and Grace; 15) assault and battery against PVHOA, the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, Cipriano, Termite Control, Morris, and Grace; 16) wrongful eviction and waste against the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks and Cipriano; 17) contribution and imposition of lien/foreclosure against the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks and Cipriano; 18) negligence against Coregis Insurance Company (CIC) and California Insurance Company (Cainco), Termite Control's liability carrier, Truck, Farmers Group of Insurance and Farmer's Insurance Group (collectively Farmers); 19) negligence against TIG; 20) negligence against Reliance Insurance (Reliance); 21) negligence against Frontier Pacific Insurance Company (Frontier); 22) breach of contract against Cainco,; 23) breach of duty of good faith and fair dealing against Cainco; 24) breach of contract against Truck; 25) breach of duty of good faith and fair dealing against Truck; 26) breach of contract against TIG; 27) breach of duty of good faith and fair dealing against Cainco; 28) breach of contract against Frontier; 29) breach of contract against Reliance; 30) fraud against Morris, Termite Control, Grace, Truck, TIG, CIC and Cainco; and 31) interference against Morris, Termite Control, Cainco, CIC, Truck, Farmers, and Grace.

In view of Holland's dismissal as the insured and finding no basis for a third party claim under the terms of the policy, the court likewise sustained without leave to amend State Farm's demurrers to breach of contract (third cause of action) and breach of duty of good faith and fair dealing (second cause of action).

The court further sustained without leave to amend TIG's, Farmers', Truck's, and CIC's demurrers to negligence (18th cause of action), fraud (30th cause of action), and interference with contractual or economic relations (31st cause of action).

The court also sustained without leave to amend the 21st and 28th causes of action for negligence and breach of contract against Frontier and dismissed it from the action.

Finally, the court sustained Grace's demurrer to the 31st cause of action for interference with contractual or economic relationship without leave to amend.

On January 5, 2000, the court deemed Ivory and Verdum to have joined the demurrer of Lance Robbins and sustained the demurrer without leave to amend as to them.

C.    *Grant of Summary Judgment as to PVHOA*

Smolker's specific causes of action pleaded in his fifth amended cross-complaint against PVHOA included: negligence (11th cause of action); nuisance and maintenance of nuisance (12th cause of action); abatement of nuisance (13th cause of action); trespass (14th cause of action); assault and battery (15th cause of action); and wrongful eviction and waste (16th cause of action). In December 2000, the court granted summary judgment in favor of PVHOA. It found Smolker pleaded no triable issues of fact sufficient to defeat the rule of deference to the decisions of a homeowners association under *Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249 (*Lamden*).

D.    *Denial of Smolker's Motion to Tax Costs*

After prevailing on the summary judgment motion, the PVHOA sought $14,983.95 in litigation costs, including expenses incurred for deposition transcripts and travel. In April 2001, Smolker moved to strike or tax the cost bill; the court denied the motion. However, taking account of the costs paid for a subpoena and the recoverable

10

costs under Government Code section 68093, the court reduced the total costs by $265 to $14,718.95.

> E.    *Denial of PVHOA's Post-Judgment Motion for Attorney's Fees* ·

In April 2001, PVHOA moved to recover $71,865 in attorney's fees. The court denied the motion because neither Civil Code section 1354, subdivision (f), nor section 2033 applied. As to the former, the Smolkers were not challenging the CC&R's; and as to the latter, PVHOA had not asked the Smolkers to admit facts, but rather to concede their claims.

> F.    *Notices of Appeal*

Smolker appeals from: 1) the February 5, 2001 judgment for PVHOA and denial of Smolkers' motion for relief from the judgment; 2) the April 5, 2001 order denying Smolker's motion to tax costs; 3) the January 1, 2000 order dismissing cross-defendants Verdun and Ivory; and 4) the November 4 and 5, 1999 orders sustaining the demurrers of cross-defendants Kay, Cipriano, Bailey, the Hollands, Robbins, Fredericks, Costello, Hyde, Allstate, Farmers, Truck and State Farm.

PVHOA appeals from the court's April 10, 2001 order denying its post-judgment motion for attorney's fees.

> G.    *Motion for Sanctions on Appeal*

Farmers and Truck move for sanctions on the ground the appeal is frivolous and taken solely for delay.

## DISCUSSION

*I.    THE COURT PROPERLY GRANTED SUMMARY JUDGMENT*

The Supreme Court established the standard of review for an order granting summary judgment. "A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court

11

properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.] In the trial court, once a moving defendant has 'shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff 'may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .' [Citations.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476-477; see also *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 854-855; *Katz v. Chevron Corp.* (1994) 22 Cal.App.4th 1352, 1363-1364.)

PVHOA's motion for summary judgment was supported by evidence taken from Termite Control's earlier motion for summary judgment, and the declarations of Fredericks and Holland, which dispute Graham's claim that she was uninvolved in the selection and approval of the exterminator. Moreover, the declarations show good faith attempts by Fredericks, president of PVHOA, to monitor the two-day extermination, hold meetings, keep the owners apprised of developments, seek out inspectors and an industrial hygienist, and make repairs to contain any potential escape of the silica gel and mold into the units and common areas.

The Smolkers did not comply with Code of Civil Procedure section 437c, subdivision (b), as they failed to submit in opposition a separate statement of disputed facts. Therefore, they did not meet their burden to show the existence of a triable issue of material fact as to whether PVHOA failed to exercise good faith effort in enforcing the CC&R's.

Contrary to Smolker's contention that he and Graham were not afforded due process or adequate time to respond, the court allowed the Smolkers to file their oppositions on five occasions between October and December 2000. The court overruled PVHOA's objections to the Smolkers' declarations and exhibits, except where the material constituted unauthenticated or second-hand opinion. Although the court allowed the Smolkers to present articles concerning silica gel, it properly refused to consider them to the extent they contained hearsay and opinion for which no foundation was laid.

12

Moreover, Civil Code section 1364, subdivision (a), makes the association responsible for maintaining and making repairs to common areas and specifies that the individual home owner is responsible for maintaining exclusive use common areas. In *Lamden, supra,* 21 Cal.4th at p. 265, our Supreme Court held that "where a duly constituted community association board, upon reasonable investigation, in good faith and with regard for the best interests of the community association and its members, exercises discretion within the scope of its authority under relevant statutes, covenants and restrictions to select among means for discharging an obligation to maintain and repair a development's common areas, courts should defer to the board's authority and presumed expertise." The plaintiff in *Lamden* brought an action for an injunction and declaratory relief against the homeowners association based on the association's decision to spot treat for termites rather than fumigate entire units. The *Lamden* court relied on its previous decision in *Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361 (*Nahrstedt*), requiring judicial deference to good faith efforts of the boards and enforcement of CC&R's that are not wholly arbitrary. (*Id.* at p. 382.) The court in *Lamden* stressed that its ruling did not immunize the boards from unreasonable actions taken without good faith. (*Lamden, supra,* at pp. 269-270.)

Here, the PVHOA CC&R's and Bylaws provide that the Board of Directors have the duty and power to maintain and otherwise manage all of the common areas and facilities at Pacific Villas. The evidence in the record before the trial court showed the board acted in good faith by holding meetings for all unit owners to consider plans for the termite extermination, roof repair, water damage and mold abatement.

The court properly granted summary judgment and denied the Smolker's motion for relief from the judgment.

## II.    THE COURT PROPERLY SUSTAINED THE DEMURRERS

On appeal from an order dismissing a complaint after the sustaining of a demurrer, we independently review the pleading to determine whether the facts alleged state a cause of action under any possible legal theory. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989,

13

998.) We give the complaint a reasonable interpretation, "treat[ing] the demurrer as admitting all material facts properly pleaded," but do not "assume the truth of contentions, deductions or conclusions of law. [Citation.]" (*Aubry, supra,* at p. 967.) We liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Kotlar v. Hartford Fire Ins. Co.* (2000) 83 Cal.App.4th 1116, 1120.)

A.    *The Court Properly Found Smolker Failed to State a Cause of Action Against the Condominium Unit Owners*

Smolker's fifth amended complaint pleaded negligence, nuisance and maintenance, abatement of nuisance, trespass, assault and battery, wrongful eviction and waste, and contribution and imposition of lien/foreclosure against the Hollands, Robbins, Bailey, Verdun, Ivory, Fredericks, and Cipriano (collectively unit owners).

Civil Code section 1365.9, subdivision (b), provides: "Any cause of action in tort against any owner of a separate interest arising solely by reason of an ownership interest as a tenant in common in the common area of a common interest development shall be brought only against the association and not against the individual owners of the separate interests . . . if both of the insurance requirements in paragraphs (1) and (2) are met: [¶] (1) The association maintained and has in effect for this cause of action, one or more policies of insurance which include coverage for general liability of the association. [¶] (2) The coverage described in paragraph (1) is in the following minimum amounts: [¶] (A) At least two million dollars ($2,000,000) if the common interest development consists of 100 or fewer separate interests. . . ."

The fifth amended complaint alleges that PVHOA is a six-unit condominium complex and that it has continuously purchased insurance as part of a commercial property and liability coverage from Truck since 1986 under policy number 09387-08-30. Smolker does not dispute that the commercial property and liability coverage meets the statutory minimum; as a result, the unit owners cannot be liable for the tort claims— negligence, nuisance and maintenance, abatement of nuisance, trespass, assault and battery. Moreover, as discussed *supra,* individual condominium owners also bear no

14

liability when the alleged damage is caused by the common areas over which the homeowners association has full control. (Civ. Code, § 1364.)

As for the wrongful eviction and waste claim, the cause of action contains no factual allegations. The claim cross-references other paragraphs whose only potentially relevant allegations address the application of pesticides in the common area controlled by PVHOA, and which therefore do not state a cause of action for wrongful eviction or waste against the unit owners.

In addition, Smolker failed to state a cause of action for the contribution and foreclosure claim. The Smolkers, attorneys in the Law Offices of Smolker and Graham, alleged that the unit owners were "unjustly enriched" by the "overpayment" of the Smolkers, because they had "made advances" in legal services to "protect" the "COMMON AREA" from the "waste" and "dangerous condition" maintained by the unit owners and PVHOA. As discussed earlier, only PVHOA was authorized to maintain the common areas, not the unit owners. (Civ. Code, § 1364, subd. (a).) The Smolkers fail to present any legal basis or to cite any relevant authority in support of their claim that they are entitled to the value of the time they expended; there is no basis to find error.

B.    *The Court Properly Found Smolker Failed to State a Cause of Action Against Allstate for Breach of Contract or Bad Faith*

Allstate is the insurance carrier for Kay. Coverage Y of Kay's Allstate policy provides: "Each person who sustains bodily injury is entitled to [medical] protection when that person is [¶] on the **insured premises** with the permission of an **insured person**; or [¶] 2. off the **insured premises**, if the **bodily injury**: [¶] a) arises out of a condition on the **insured premises** or the immediate adjoining ways; [¶] b) is caused by the activities of an **insured person** or a **residence employee**; [¶] c) is caused by an animal owned by or in the care of an **insured person**; or [¶] (d) is sustained by a **residence employee**." One of the policy exclusions provides: "8. We do not cover any **bodily injury** which results in any manner from the discharge dispersal, release or escape of vapors, fumes, acids, toxic chemicals, toxic gases, toxic liquids, toxic solids, waste materials or other irritants, contaminants, or pollutants. [¶] We do cover bodily injury

15

which results from such discharge if the discharge is sudden and accidental." (Emphasis in original.)

The language in Kay's Allstate policy is almost identical to that in *Shaolian v. Safeco Ins. Co.*, 71 Cal.App.4th 268, 272 (*Shaolian*).[10] In *Shaolian*, the trial issue concerned a medical coverage provision that obligated defendant to pay the medical or funeral expenses incurred by third parties who were injured in connection with the insured's activities. The insurance company refused payment contending that its obligation to pay was conditioned on a finding that the insured had been at fault and that the victims lacked standing until the liability of the insured had been adjudicated. (*Id.* at pp. 270-271.) "Because the insurer's duties flow to its insured alone, a third party claimant may not bring a direct action against an insurance company. As a general rule, a third party may directly sue an insurer only when there has been an assignment of rights by, or a final judgment against, the insured. [Citations.]" (*Id.* at pp. 271-272; see Ins. Code, § 11580, subd. (b)(2).) The *Shaolian* court held policy limitations regarding acts away from the home precluded payment for injuries except those shown to have been caused by the insured. (*Id.* at p. 275.)

Here, the Smolkers did not allege they suffered an injury on the "insured premises" within the meaning of Kay's Allstate policy. Rather, they claimed to have suffered injury off the premises when Kay and Eskenazi "opened their front door or any other door connected to the common area hallway" and "when they walked in the common area hallway" by "caus[ing] dust that had settled in the common area hallway

---

[10]    "'[T]his coverage applies only: [¶] 1. to a person on the **insured location** with the permission of an **insured**; or [¶] 2. to a person off the insured location, if the **bodily injury**: [¶] a. arises out of a condition on the insured location or the ways immediately adjoining; [¶] b. is caused by the activities of an **insured**; [¶] c. is caused by a **residence employee** in the course of the **residence employee's** employment by an insured; or [¶] d. is caused by an animal owned by or in the care of an **insured**.'" (*Shaolian, supra,* 71 Cal.App.4th at p. 273, emphasis in original.)

16

carpet and walls to be stirred up and recirculated into the common area atmosphere."[11]
Toxic chemicals, whose release is not accidental, however, are excluded under Kay's
Allstate policy. Moreover, as discussed above, neither Kay nor her husband were liable
to the Smolkers for such conduct. Accordingly, as in *Shaolian*, the court correctly
concluded that the Smolkers could not state a cause of action against Allstate for breach
of an obligation owed them under Kay's policy.

C.      *The Court Properly Found Smolker Failed to State a Cause of Action*
        *Against State Farm for Breach of Contract or Bad Faith*

State Farm is the insurance carrier for the Hollands and Robbins. Coverage M—
Medical Payments under the State Farm policy provides: "We will pay medical expenses
for bodily injury caused by an **accident** on the premises you own or rent, on ways next to
the premises you own or rent, or because of your operations. The **accident** must take
place in the coverage territory during the policy period. We will pay medical expenses
only if the expenses are incurred or medically ascertained within one year of the date of
the **accident**. . . ." (Emphasis added.)

Smolker contends that he and his family were "injured while walking in the
common area hallway to get in and out of their home," which is owned in common with
the Hollands and Robbins. Smolker alleges that the Hollands and Robbins injured him
by stirring up silica aerogel dust or mold as they walked in the common area.

---

[11]     Allstate contends that even if the common areas were within the definition of
"insured premises," the Smolkers have not pleaded any facts showing they were on the
insured premises "with the permission of the insured." If the common areas are insured
premises, Allstate asserts the policy excludes the Smolkers from coverage, because they
are regular residents of the insured premises. The Smolkers never asserted that these
were, or are, incorrect interpretations of the policy language. In ruling on the demurrer,
the trial court determined that the fifth amended cross-complaint did not allege the
Smolkers suffered an injury on the "insured premises" within the meaning of Kay's
Allstate policy. Rather, the Smolkers claimed to have suffered injury in the common
areas of the complex where the insureds opened doors and walked in the common
hallway.

17

The plain language of the policy provides that third party coverage for injury must be caused by an accident. "'[A]ccident,' as judicially defined, is a casualty—something out of the usual course of events and which happens suddenly and unexpectedly and without design of the person injured *including any event which takes place without the foresight or expectation of the person acted upon or affected by the event.* [Citation.]" (*State Farm Fire & Casualty Co. v. Drasin* (1984) 152 Cal.App.3d 864, 867.) "The overwhelming weight of California authority holds that the term 'accident' refers to the nature of the act giving rise to liability, not to the insured's intent to cause harm . . . ." (*Collin v. American Empire Ins. Co.* (1994) 21 Cal.App.4th 787, 810.)

The issue is whether an accident gave rise to Smolker's claimed injuries. Although no accident is alleged, the Hollands' and Robbins' intentional acts of walking down the hallway and opening doors caused the stirring of toxic dust that allegedly caused Smolker's injuries, regardless of whether any harm was intended or expected to come of them. (See Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2006) ¶ 7:45, pp. 7A15 ["term 'accident' refers to an *unintended act,* not an unintended injury. Coverage thus turns on the insured's intent to perform the act, not on his or her state of mind in performing it. Therefore, it is irrelevant whether the insured expected or intended the conduct to cause harm"].)

The Hollands' and Robbins' acts of walking down the common area hallway and opening of doors were no "accident." Such conduct was intentional, whether or not they expected or intended the conduct to cause harm. As there is no coverage under the State Farm policy without an "accident," the demurrer was properly sustained.

D.    *Smolker Did Not Meet His Burden in Contesting the Trial Court's Sustaining of Demurrers as to Farmers and Truck*

In his opening brief, Smolker only contended: "The trial court sustained the Farmer cross-defendants demurrers without leave to amend on the basis of the factual allegation in the Farmers' entities demurrer that Farmers is a trade name or logo not an entity ('real business enterprise') without taking into consideration the allegations of the

fifth amended complaint, without any proof presented by the Farmers entities on that fact and without providing the Smolkers an opportunity to refute that fact."

To the contrary, the trial court explained in its ruling that Farmers' "assertion that 'Farmers' is not a legal entity subject to suit is not information (if true) that the Smolkers knew or had reason to know when they pleaded their Fifth Amended Complaint."

### 1.    Negligence

To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1145.)

In their 18th cause of action for negligence against Farmers and Truck, the Smolkers did not plead any of the negligence elements. Instead, they incorporated by reference several other paragraphs, none of which sufficiently pleaded a cause of action for negligence.

Here, the court explained that as to the negligence cause of action, "[t]here are insufficient facts to support a negligence theory, and the Smolkers have had sufficient opportunity to cure this deficiency. The cross-complaint does allege generally that all of the insurers failed to carry out duties to investigate and/or to repair the condominium complex and as a result the Smolkers suffered personal and property damage. The Smolkers, however, do not allege any factual basis for the supposition that Farmers owed any duty to them or how any such duty was breached."

The Smolkers failed to plead any of the elements of negligence in the fifth amended complaint, even after numerous opportunities to amend. Thus, the court was correct in sustaining the demurrer without leave to amend.

### 2.    Fraud

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) "It is elementary that in an action for

19

equitable relief based upon extrinsic fraud in obtaining a judgment, the facts constituting the fraud must be pleaded with particularity and specifically. [Citations.]" (*Hammell v. Britton* (1941) 19 Cal.2d 72, 82.)

Here, pertaining to the 30th cause of action for fraud on page 68 of their 70-page fifth amended complaint, the Smolkers pleaded: "The cross-defendants named in this cause of action know what the fraud is, what its [*sic*] and what damages are being claimed by the SMOLKERS. The court's page limit does not allow setting forth allegations concerning this cause of action. The court's time limit did not allow enough [*sic*] time to plead this cause of action in any further detail or to edit this fifth amended cross-complaint."

The Smolkers failed to plead any of the elements of fraud in the fifth amended complaint, even after numerous opportunities to amend. Thus, the court was correct in sustaining the demurrer without leave to amend.

### 3.    *Interference with Contractual Relations*

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal. 3d 1118, 1126.)

As they did with respect to fraud, on the 31st cause of action for inference with contractual relations cause of action, the Smolkers pleaded: "The cross-defendants named in this cause of action know what the interference is, and what damages are being claimed by the SMOLKERS. The court's page limit does not allow setting forth allegations concerning this cause of action. The court's time limit did not allow enough [*sic*] time to plead this cause of action in any further detail or to edit this fifth amended cross-complaint."

[*sic*] time to plead this cause of action in any further detail or to edit this fifth amended cross-complaint."

Because the Smolkers failed to plead any of the elements of interference with contractual relations in the fifth amended complaint, even after numerous opportunities to amend, the court was correct in sustaining the demurrer without leave to amend.[12]

     *E.*    *Smolker Has Not Met His Burden on the Fraud and Interference Claim*
               *Against Hyde and Costello*

We disregard Smolker's contention that the court erred in sustaining the demurrer on his fraud and interference claim against Hyde and Costello.

Smolker failed to designate the second amended complaint as part of the clerk's transcript in his record on appeal. (Cal. Rules of Court, rule 8.120(a)(5).) Error is never presumed; all presumptions favor the correctness of the lower court's judgment or order. (*Buckhart v. San Francisco Residential Rent Etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.) Where an appellant has not provided a complete record, we cannot review a claim of error and we presume that the evidence was sufficient to support the judgment. (*Null*, at p. 1533; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)

---

[12]    Farmers and Truck filed a motion for sanctions in connection with this appeal. Code of Civil Procedure section 907 provides, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (See also Cal. Rules of Court, rule 27(e)(1)(A) [[Court of Appeal may impose sanctions on party or attorney for taking frivolous appeal or appealing solely to cause delay].) The Supreme Court in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650, set forth the applicable standard, "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive – to harass the respondent or delay the effect of an adverse judgment – or when it indisputably has no merit – when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" We have reviewed the motion to dismiss and concluded this standard is not met in this appeal. Accordingly, we deny the request for sanctions.

III. ⸱⸱⸱ *ANY CHALLENGE TO THE DENIAL OF SMOLKER'S MOTION TO TAX COSTS*
     *IS FORFEITED*

In the introductory section of his Appellant's Opening Brief, Smolker makes bare
mention of his denied motion to tax costs: ". . . This appeal addresses the legal issue of
whether it is proper to charge a losing party with the costs incurred by the winning party
in pursuing a lawsuit against a third party and/or to charge the losing party with costs
incurred by the winning party in defending lawsuits brought by other parties. In the trial
court action the Smolkers tried to have the trial court tax and/or strike costs claimed by
the homeowner association for defending lawsuits brought by other persons against the
homeowner association and to have the trial court tax or strike costs claimed by the
homeowner association related to prosecuting a litigation against another party."
Thereafter, Smolker never set forth any arguments regarding the trial court ruling, cited
to the record or to any legal authority.

Accordingly, Smolker's failure to present argument with references to the record
and citation to legal authority results in a forfeiture of any assertion that could have been
raised. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37; *Building etc. Assn. v.
Richardson* (1936) 6 Cal.2d 90, 102; *Estate of Randall* (1924) 194 Cal. 725, 728-729;
*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *City of Lincoln v. Barringer*
(2002) 102 Cal.App.4th 1211, 1239-1240; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th
1000, 1003-1004 & fn. 2; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785;
*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; *Guthrey v. State of California*
(1998) 63 Cal.App.4th 1108, 1115-1116; *Dills v. Redwoods Associates, Ltd.* (1994) 28
Cal.App.4th 888, 890, fn. 1; *Pimental v. Safeway Stores, Inc.* (1987) 196 Cal.App.3d 92,
94, fn. 1.)

IV. ⸱⸱ *THE COURT PROPERLY DENIED ATTORNEYS' FEES TO PVHOA*

We turn now to the issue of whether the trial court erred in denying PVHOA's
request for attorney fees.

At all relevant times, the procedures governing requests for admission were
contained in former Code of Civil Procedure section 2033. That section was repealed

22

effective July 1, 2005, and was replaced by sections 2033.010 through 2033.080. Because all trial court proceedings at issue here took place while former section 2033 was in effect, we will refer to that section throughout this opinion.

Former subdivision (*o*) of Code of Civil Procedure section 2033 provided: "If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this section, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make this order unless it finds that (1) an objection to the request was sustained or a response to it was waived under subdivision (*l*), (2) the admission sought was of no substantial importance, (3) the party failing to make the admission had reasonable ground to believe that that party would prevail on the matter, or (4) there was other good reason for the failure to admit."

"The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried; they are aimed at expediting trial. [Citation.] The basis for imposing sanctions . . . is directly related to that purpose. Unlike other discovery sanctions, an award of expenses . . . is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission where the admission sought was 'of substantial importance' [citations] such that trial would have been expedited or shortened if the request had been admitted." (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509, criticized on another point in *Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 866-867.)

"'The determination of whether a party is entitled to expenses under section 2033, subdivision (o) is within the sound discretion of the trial court.' [Citation.] More specifically, '[former s]ection 2033, subdivision (o) clearly vests in the trial judge the authority to determine whether the party propounding the admission thereafter proved the truth of the matter which was denied.' [Citation.] An abuse of discretion occurs only where it is shown that the trial court exceeded the bounds of reason. [Citation.] It is a

23

deferential standard of review that requires us to uphold the trial court's determination, even if we disagree with it, so long as it is reasonable. [Citation.]" (*Stull v. Sparrow, supra,* 92 Cal.App.4th at p. 864.)

Here, the Smolkers denied the following requests for admission: 1) "Pacific Villas is not liable on the Eleventh Cause of Action of the Fifth Amended Cross-complaint entitled Negligence"; 2) "Pacific Villas is not liable on the Twelfth Cause of Action of the Fifth Amended Cross-complaint entitled Nuisance and Maintenance of a Nuisance"; 3) "Pacific Villas is not liable on the Thirteenth Cause of Action of the Fifth Amended Cross-complaint entitled Abatement of Nuisance"; 4) "Pacific Villas is not liable on the Fourteenth Cause of Action of the Fifth Amended Cross-complaint entitled Trespass"; 5) "Pacific Villas is not liable on the Fifteenth Cause of Action of the Fifth Amended Cross-complaint entitled Assault and Battery"; 6) "Pacific Villas is not liable on the Sixteenth Cause of Action of the Fifth Amended Cross-complaint entitled Wrongful Eviction"; 7) "Pacific Villas is not liable for punitive damages as sought in the prayer for damages of the Fifth Amended Cross-complaint."

The trial court denied PVHOA's motion to recover $71,865 in attorney's fees. It reasoned: "The assertion [is] that PVHOA may recover attorney[s'] fees under [Code of Civil Procedure section] 2033[, subdivision] (o) because the Smolkers denied requests for admission that their claims borders on the frivolous. [Code of Civil Procedure section] 2033[, subdivision] (a) provides that a party by written request may ask responding party to admit 'the truth of specified matters of fact.' .PVHOA's requests did not ask the Smolkers to admit facts; they ask that they give up their claims."

Applying the deferential standard of review, we agree with the determination of the trial court and find no abuse of discretion in denying PVHOA's request for attorneys' fees.

## DISPOSITION

The judgment and orders are affirmed except as to Frontier. Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


ZELON, J.

We concur:


PERLUSS, P .J.


JOHNSON, J.

25

EXHIBIT D

Claim No. 392 (The Smolker Claim)

# WR Grace

RUST000080

Bankruptcy Form 10

Index Sheet

A 0 0 0 0 0 3 9 2 B

| Claim Number: | 00000392 | | Receive Date: | 08 / 27 / 2001 |
|---|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

☐ MMPOC     Medical Monitoring Claim Form

☐ PDPOC     Property Damage

☐ NAPO     Non-Asbestos Claim Form

☐     Amended

Claim Number _____

☐ MMPOC     Medical Monitoring Claim Form

☐ PDPOC     Property Damage

☐ NAPO     Non-Asbestos Claim Form

☐     Amended

## Attorney Information

Firm Number:          Firm Name:

Attorney Number:       Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |
| **Other** | ☐ Non-Standard Form | |
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

Box/Batch: WRBF0002/WRBF0008

Document Number: WRBF000392

B10 (Official Form 10) (Rev. 10/96)

| UNITED STATES BANKRUPTCY COURT<br>For the District of Delaware | PROOF OF CLAIM |
|---|---|

In re: **W.R. Grace and Company** | Case Number: **01-01139**

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Creditor Name
(Person or entity debtor owes) **Gary S. Smolker**
Address Line 1 **Smolker & Graham**
Address Line 2 **4720 Lincoln Blvd., Ste. 280**
Address Line 3
City, ST ZIP **Marina Del Rey, CA ·90292**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

**ORIGINAL**
THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**TIG v. Smolker, LASC #BC173952**

Check here if this claim ☐ replaces ☐ amends a previously filed claim dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☒ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)
Your social security No. _____
☐ Money loaned
☒ Other (Describe briefly)
**property damage**
Unpaid compensation for services performed from _____ (date) to _____ (date)

**2. Date Debt Incurred: (MMDDYY)**
10  11  96

**3. If Court Judgment, Date Obtained:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ **SECURED CLAIM**
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

☒ **UNSECURED NONPRIORITY CLAIM**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ **UNSECURED PRIORITY CLAIM** - Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4300), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:** Unliquidated claim in excess of $3,500,000.00

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR
COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclosed a stamped, self-addressed envelope and copy of this proof of claim.

Date **6/6/01** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) *Gary Smolker*
**Gary S. Smolker**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

WR Grace        BF.2.8.392
00000392

**DECLARATION OF SERVICE BY MAIL**

I, Jane Nagaishi, declare:

At the time of service hereinafter mentioned, I am over the age of 18 years and not a party to the within action. My business address is 4720 Lincoln Boulevard, Suite 250, Marina Del Rey, California 90292. I am employed in the County of Los Angeles, California.

On August 23, 2001, I served the foregoing document described as follows:

**Proof of Claim**

on the interested parties in this action, by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, to be placed in the U. S. Mail at Marina Del Rey, California:

**SEE ATTACHED SERVICE LIST**

At the time of service, there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury that the information stated herein is true and correct under the laws of the United States of America.

Executed on August 23, 2001, at Marina Del Rey, California.

JANE NAGAISHI

DeclServ

**In Re W.R. Grace**
**USBC, District of Delaware**
**Service List**

James H.M. Sprayregen, Esq.                    Attorneys for Debtors
Kirkland & Ellis
200 E. Randolph Drive
Chicago, Ill 60601
Fax: 312-861-2200

Laura Davis Jones, Esq.                        Attorneys for Debtors
Pachulski Stang Ziehl Young & Jones PC
919 N. Market St., Ste. 1600
P.O. Box 8705
Wilmington, DE 19899-8705
Fax: 302-652-4400

Office of the United States Trustee            Trustee
ATT: Frank J. Perch, Esq.
844 N. King St.
Wilmington, DE 19801
Fax: 302-573-6497

Scott L. Baena, Esq.                           Counsel to the Official Committee of Property
Bilzin Sumerg Dunn Baena Price & Axelrod       Damage Claimants
First Union Financial Center
200 S. Biscayne Blvd., Ste. 2500
Miami, FL 33131
Fax: 305-374-7593

Michael B. Joseph, Esq.                        Counsel to the Official Committee of Property
Ferry & Jospeh, PA                             Damage Claimants
824 Market Street, Ste. 904
P.O. Box 1351
Wilmington, DE 19899
Fax: 302-575-1714

Elihu Inselbuch, Esq.                          Counsel to the Official Committee
Caplin & Drysdale                              of Personal Injury Claimants
399 Park Avenue, 36th Floor
New York, NY 10022
Fax: 212-644-6755

| | |
|---|---|
| Matthew G. Zaleski III, Esq.<br>Ashby & Geddes<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Fax: 302-654-2067 | Counsel to the Official Committee<br>of Personal Injury Claimants |
| Lewis Kruger, Esq.<br>Strook & Strook & Lavan<br>180 Maiden Lane<br>New York, NY 10038-4982<br>Fax: 212-806-6006 | Counsel to the Official Committee<br>Of Unsecured Creditors |
| Michael R. Lastowski, Esq.<br>Duane Morris & Heckscher, LLP<br>1100 N. Market Street, Ste. 1200<br>Wilmington, DE 19801-1246<br>Fax: 302-657-4901 | Counsel to the Official Committee<br>Of Unsecured Creditors |
| Rosemary Lewis, Esq.<br>Borton, Petrini & Conron<br>707 Wilshire, Blvd., 51st fl<br>Los Angeles, CA 90017-3613<br>Fax: 213-489-3930 | Attorneys for debtor |
| Gary Yardumian, Esq. SBN 131411<br>Prindle Decker & Amaro<br>P. O. Box 22711<br>Long Beach, CA 90801-5511<br>Fax: 562-495-0564 | Attorneys for Defendants<br>Home Saving Termite Control, Inc.<br>And Wayne Morris |
| Sherry Ruggiero Fallon #2464<br>Tybout, Redfearn & Peli<br>300 Delaware Ave., Ste. 1100<br>P. O. Box 2092<br>Wilmington, DE 19899<br>Fax: 302-658-6901 | Attorneys for Defendants<br>Home Saving Termite Control, Inc.<br>And Wayne Morris |

## EXHIBIT E

### Claim No. 387 (The Termite Control Claim)

# WR Grace

Bankruptcy Form 10

Index Sheet

RUST000068

A 0 0 0 0 0 3 8 7 B

Claim Number:    00000387                    Receive Date:    08 / 06 / 2001

## Multiple Claim Reference

Claim Number _____

☐ MMPOC    Medical Monitoring Claim Form
☐ PDPOC    Property Damage
☐ NAPO     Non-Asbestos Claim Form
☐          Amended

Claim Number _____

☐ MMPOC    Medical Monitoring Claim Form
☐ PDPOC    Property Damage
☐ NAPO     Non-Asbestos Claim Form
☐          Amended

## Attorney Information

Firm Number:    *155*                Firm Name:

Attorney Number:                     Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form
☐ Amended
☐ Post-Deadline Postmark Date

Box/Batch: WRBF0002/WRBF0008                    Document Number: WRBF000387

FORM B10 (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT _____ | DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>W.R. GRACE & COMPANY | Case Number A-01-771<br>01-01139 (JJF) | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>HOME SAVING TERMITE CONTROL, INC<br><br>Name and address where notices should be sent:<br>PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>Long Beach, California 90802<br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim ☐ replaces    a previously filed claim, dated:_____<br>☐ amends | |
|---|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes  Indemnity Claim<br>☒ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: ____ ____ ____<br>Unpaid compensation for services performed<br>from _____ to_____<br> (date) (date) |
|---|---|

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

4. Total Amount of Claim at Time Case Filed:   $ N/A _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other_____<br>Value of Collateral:  $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority  $_____<br>Specify the priority of your claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>AUG - 6 PM 3:58<br>BANKRUPTCY COURT<br>DISTRICT OF DELAWARE |
|---|---|

| Date<br>7/25/01 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>GARY E. YARDUMIAN, ESQ. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

WR Grace    BF.2.8.387
00000387

1  **TYBOUT, REDFEARN & PELL**
   Bank of Delaware Building
2  300 Delaware Avenue, Suite 1100
   Wilmington, Delaware 19801
3  Tel. No.: (302)658-6901
   Fax No.: (302)658-4018
4
5  **PRINDLE, DECKER & AMARO LLP**
   (PRO HAC VICE)
6  Gary E. Yardumian, Esq. (Bar No. 131411)
   Bradley L. Taylor, Esq. (Bar No. 191963)
7  310 Golden Shore, Fourth Floor
   Long Beach, CA 90801-5511
8  Tel. No.: (562) 436-3946
   Fax No.: (562) 495-0564
9  97CR 1000

10

11 Attorneys for Cross-Defendants, **HOME SAVING TERMITE CONTROL, INC.**
12 and **W.F. MORRIS**

13

14              UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

15

16

17 IN RE W.R. GRACE & COMPANY,          )   Chapter 11
                                        )
18          Debtor,                     )   Case No.  01-01139
   ─────────────────────────────────    )
19 TIG INSURANCE COMPANY, a California  )   **DOCUMENTS OFFERED IN SUPPORT**
20 Corporation,                         )   **OF PROOF OF CLAIM**
                                        )
21          Plaintiff,                  )
                                        )
22 v.                                   )
                                        )
23 GARY SMOLKER, an individual, and ALICE )
   SMOLKER, an individual, and DOES 1-10, )
24 inclusive,                           )
                                        )
25          Defendant.                  )
   ─────────────────────────────────    )
26                                       )
27 AND RELATED CROSS-ACTIONS           )
                                        )
28

                                          1

1    COMES NOW, Creditors, HOME SAVING TERMITE CONTROL, INC. and WAYNE

2    MORRIS, hereby submit the following Memorandum of Points and Authorities and Declaration of Gary

3    E. Yardumian in support of proof of claim.

4    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

5    I.

6    <u>STATEMENT OF REASONS IN SUPPORT OF CLAIM</u>

7    There is currently pending before this Court a Petition for Relief under 11 U.S.C.§§ 1101, et seq.,

8    relating to the affairs of Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor"). Said petition,

9    entitled <u>In Re W.R. Grace & Company</u> bears the case number 01-01139. Debtor is a cross-defendant

10   and alleged manufacturer of a product in a state strict products liability action entitled TIG

11   INSURANCE v. GARY SMOLKER, et al., and related cross-actions, California Case No. BC 173952.

12   Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS, are also cross-

13   defendants to the same strict products liability action. However, Moving Parties only applied Debtor's

14   product and never manufactured or supplied the product. Therefore, Moving Parties have a potential

15   claim for indemnity against Debtor if a trier of fact finds Moving Parties liable under a strict products

16   liability theory.

17   More specifically, the potential indemnity cross-complaint against Debtor arises out of an

18   incident on October 15 and 16, 1996, in which HOME SAVING TERMITE CONTROL, INC.

19   (hereinafter "Home Saving Inc."), a termite control company owned and operated by WAYNE MORRIS

20   (hereinafter "Morris"), applied the product Syloid 244 to the condominium unit owned by GARY

21   SMOLKER and ALICE SMOLKER (hereinafter "the Smolkers"). The Smolkers allege they have

22   sustained personal injuries as a result of exposure to Syloid 244. Syloid 244 was manufactured and

23   distributed by the Debtor, W.R. GRACE & COMPANY. On or about July 2, 1997, TIG INSURANCE

24   COMPANY filed a declaratory relief action against the Smolkers seeking a declaration that TIG

25   INSURANCE COMPANY is not responsible to pay any insurance proceeds to the Smolkers.

26   Thereafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING

27   TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY and numerous other

28   parties alleging 31 causes of action, including but not limited to a strict products liability cause of action

LAW OFFICES OF
PRINDLE, DECKER & AMARO, LLP

1

1 against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE &

2 COMPANY. This state court action, entitled TIG INSURANCE v. GARY SMOLKER, et al., and

3 related cross-actions, Case No. BC 173952, was filed in the Los Angeles Superior Court, Central

4 District.

5     The state court action referenced above is set to commence trial on June 11, 2001. Moving

6 Parties have the potential to file a cross-complaint against Debtor for indemnity to recover any monies

7 Moving Parties are forced to pay if a trier of fact finds the Smolkers sustained personal injuries as a

8 result of a defective product manufactured and supplied by Debtor, W.R. GRACE & COMPANY.

9 Moving Parties have yet to file the cross-complaint against Debtor because prior to the bankruptcy

10 petition, Moving Parties and Debtor have maintained a joint defense agreement in the TIG Insurance

11 Company v. Gary Smolker action in which both parties agreed to cooperate and not file cross-complaints

12 against each other.

13     On or about April 2, 2001, Debtor filed a Chapter 11 Bankruptcy Petition in this Court. As a

14 result, Moving Parties were forced to bring this proof of claim.

15                                    II.

16                                CONCLUSION

17     Based upon the foregoing, Moving Parties, HOME SAVING TERMITE CONTROL, INC. and

18 WAYNE MORRIS, have a claim against Debtor in the form of a state court indemnity cross-complaint

19 against the Debtor.

20 DATED: April     , 2001                    PRINDLE, DECKER & AMARO LLP
                                             GARY E. YARDUMIAN
21                                           BRADLEY L. TAYLOR

22

23                                      By:_____
                                             GARY E. YARDUMIAN
24                                           Attorneys for Cross-Defendants,
                                             HOME SAVING TERMITE CONTROL, INC.,
25                                           W.F. MORRIS AND RIKK THOMPSON

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO

2

GEY/SMOLKER/PLEADINGS/proofofclaim.wpd

## DECLARATION OF GARY E. YARDUMIAN

I, Gary E. Yardumian, declare as follows:

1.    I am an attorney, duly licensed to practice law in all the courts of the State of California, and am admitted to practice in the United States District Court, Central District of California. I am a partner with the law firm of Prindle, Decker & Amaro LLP, attorneys of record for Moving Parties, HOME SAVING TERMITE CONTROL, INC., and WAYNE MORRIS (hereinafter "Moving Parties"). I am the attorney primarily responsible for handling the state court action entitled TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952.  As such, I am readily familiar with the facts of this case and have personal knowledge of the facts set forth in this declaration.  If called upon as a witness, I could, and would, testify competently as follows:

2.    I have retained the services of WILL REDFEARN of TYBOUT, REDFEARN & PELL, a member of the bar of this Court to represent HOME SAVING TERMITE CONTROL, INC., and WAYNE MORRIS at the hearing in this action, and assist my firm in obtaining admission pro hac vice. Enclosed herein under separate cover is a copy of Moving Parties Motion and Order for Admission Pro Hac Vice.

3.    The aforementioned state court action arises out of a October 15 and 16, 1996 incident in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home Saving") applied the product Syloid 244 to GARY SMOLKER and ALICE SMOLKER (hereinafter "the Smolkers") condominium unit for the purpose of eradicating termites.  The Smolkers allege they have sustained personal injuries as a result of exposure to Syloid 244.

4.    Syloid 244 was manufactured and distributed by Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor").

5.    On or about July 2, 1997, TIG Insurance Company filed a declaratory relief action against the Smolkers seeking a declaration that TIG Insurance Company is not required to pay for any insurance proceeds to the Smolkers.  Thereafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY, and numerous other parties alleging 31 causes of action, including but not limited to a strict products liability

LAW OFFICES OF
PRINDLE, DECKER & AMARO, LLP

3

1  cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS and W.R.

2  GRACE & COMPANY.

3       6.    The gravamen of the Smolkers' cross-complaint is that Syloid 244 is a defective product

4  and was negligently applied by Home Saving.  The state court action was filed in the Los Angeles

5  Superior Court Central District.

6       7.    Shortly after the Smolkers filed their cross-complaint Moving Parties and Debtor entered

7  into a joint defense agreement to defend against the Smolkers' claims. One of the provisions of the joint

8  defense agreement provided neither Moving Parties nor Debtor would file a cross-complaint against each

9  other.  Further, the joint defense agreement provided each party would assist in defense costs, and

10  provide cooperation and assistance in discovery and at trial.

11       8.    On or about April 2, 2001, Debtor filed Chapter 11 petition for bankruptcy relief.  Said

12  bankruptcy petition, entitled In Re W.R. GRACE & COMPANY, bears the case number 01-01139, and

13  is currently pending before this Court.

14       9.    Moving Parties bring the instant Proof of Claim in order to preserve their rights to

15  indemnity.

16       I declare under penalty of perjury under the laws of the State of California that the foregoing is

17  true and correct.

18       Executed on April ___, 2001, at Long Beach, California.

19

20                                GARY E. YARDUMIAN, Declarant

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO, LLP

G:\EV\SMOLKER\PLEADINGS\proofofclaim.wpd

**DOCUMENTS OFFERED IN SUPPORT OF PROOF OF CLAIM**

## CERTIFICATE OF SERVICE

I, SHERRY RUGGIERO FALLON, certify that I am not less than 18 years of age; that service of the attached document was made on the individuals and/or entities below on the 6th day of August, 2001 by first class mail in accordance with BR 7004:

Gary S. Smolker, Esq.
Alice M. Graham, Esq.
LAW OFFICE OF SMOLKER & GRAHAM
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA   90292

Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLSTON, REVICH & WILLIAMS
1840 Century Park East,
3rd Floor
Los Angeles, CA 90067-2104

Sara M. Thorpe, Esq.
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111

JoLynn M. Pollard, Esq.
GORDON & REES, LLP
300 South Grand Avenue
20th Floor
Los Angeles, CA 90071

David L. Hughes, Esq.
Stacie L. Brandt, Esq.
BOOTH, MITCHELL & STRANGE, LLP
701 South Parker Street
# 6500
PO Box 11055
Orange, CA 92856-8155

Larry M. Arnold, Esq.
Annabelle M. Harris, Esq.
J. Thomas Gilbert, Esq.
Laura N. MacPherson, Esq.
CUMMINS & WHITE
2424 S.E. Bristol Street
Suite 300
Newport Beach, CA   92660-0757

Bryan Porter, Esq.
Rosemarie S. Lewis, Esq.
BORTON, PETRINI & CONRON
707 Wilshire Blvd., Suite 5100
Los Angeles, CA 90017-3613

Jeffrey Horowitz, Esq.
HOROWITZ, SOLOMON & PARKER
6404 Wilshire Blvd., #850
Los Angeles, CA 90048-5510

GIBBS, GIDEN, LOCHER & TURNER
2029 Century Park East
34th Floor
Los Angeles, CA 90067-3039
Attention: Michael B. Geibel

FONDA, HILBERMAN & FRASER, LLP
1888 Century Park East
Suite 1777
Los Angeles, CA  90067
Attn: Cecille L. Hester, Esq.

MURAWSKI & GREY
11755 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Attention: David M. Grey, Esq.

LEWIS D'AMATO BRISBOIS
    & BISGARD LLP
221 North Figueroa St., #1200
Los Angeles, CA 90012-2601
Attn: Richard B. Wolf, Esq.

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl et al.
919 N. Market St., Suite 1600
Post Office Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, et
al.
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of United State Trustee
601 Walnut St., Room 950 West
Philadelphia, PA 19106

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044
Robert N. Ridenour, Esquire
Borton, Petrini & Conron
707 Wilshire Blvd., 51st Floor
Los Angeles, CA 90017-3613

James H. M. Spraygeren,
Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 1002

<u>E<span>XHIBIT</span> F</u>

**Claim No. 4070 (The Morris Claim)**

# WR Grace

Bankruptcy Form 10

Index Sheet

SR00000382

A 0 0 0 0 4 0 7 0 B

Claim Number:  00004070

Receive Date:  03/18/2003

## Multiple Claim Reference

Claim Number  _____

☐ MMPOC  Medical Monitoring Claim Form
☐ PDPOC  Property Damage
☐ NAPO  Non-Asbestos Claim Form
☐  Amended

Claim Number  _____

☐ MMPOC  Medical Monitoring Claim Form
☐ PDPOC  Property Damage
☐ NAPO  Non-Asbestos Claim Form
☐  Amended

## Attorney Information

Firm Number:  00267

Firm Name:  Tybout Redfearn & Pell

Attorney Number:

Attorney Name:

Zip Code:  19899-2092

Cover Letter Location Number:  SR00000382

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

☐ Non-Standard Form
☐ Amended
☐ Post-Deadline Postmark Date

Box/Batch: WRBF0018/WRBF0069

Document Number: WRBF003422

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|

| Name of Debtor:[1]    **W.R. Grace & Company** | Case Number  01-01139 |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property):<br><br>**Wayne Morris**<br><br>Name and address where notices should be sent:<br>    **Prindae, Decker &Amarro<br>    c/o Gary E. Yardumian<br>    310 Golden Shore, 4th Floor<br>    Long Beach, CA 90802** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☐ Other__Indemnity Claim____<br>  X | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____<br>Unpaid compensation for services performed<br>from_____ to _____ (date) |
|---|---|
| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
| 4. Total Amount of Claim at Time Case Filed:<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | $_____ |

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate     ☐ Other (Describe briefly)<br><br>Amount of arrearage and other charges at time case filed included in secured claim above, if any: $__not applicable__<br><br>Attach evidence of perfection of security interest<br><br>☐ UNSECURED NONPRIORITY CLAIM<br><br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☒ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____). |
|---|---|

| 6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | This Space is for Court Use Only |
|---|---|
| 7. Supporting Documents: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self-addressed envelope and copy of this proof of claim form. | |
| Date<br>**3-5-07** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>**Gary E. Yardumian** |

RECD MAR 1 8 2003

WR Grace   BF.18.69.3422
00004070
SR=382

See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

# SPECIFIC INSTRUCTIONS FOR COMPLETING
# GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making the claim where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

### DECLARATION OF GARY E. YARDUMIAN

I, Gary E. Yardumian, declare as follows:

1.    I am an attorney, duly licensed to practice law in all the courts of the State of California. I am a partner with the firm of Prindle, Decker & Amaro, LLP, attorneys of records for Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS (hereinafter "Moving Parties"). I am the attorney primarily responsible for handling the state court action entitled HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952. As such, I am readily familiar with the facts of this case and have personal knowledge of the facts set forth in this declaration. If called upon as a witness, I could, and would, testify competently as follows:

2.    I have retained the services of SHERRY RUGGIERO FALLON of TYBOUT, REDFEARN & PELL, a member of the bar of this court to represent HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS at the hearing in this action, and assist my firm in obtaining admission pro hac vice. Enclosed, herein under separate cover is a copy of Moving Parties Motion and Order for Admission Pro Have Vice.

3.    The aforementioned state court action arises out of an October 15, and 16, 1996 incident in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home Saving") applied the product Syloid 244 to GARY SMOLKER and ALICE SMOLKER'S (hereinafter "the

Smolkers") condominium unit for the purpose of eradicating termites. The Smolkers allege they have sustained personal injuries as a result of exposure to Syloid 244.

4.    Syloid 244 was manufactured and distributed by Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor").

5.    On or about July 2, 1997, TIG Insurance Company filed a declaratory relief actions against the Smolkers seeking a declaration that TIG Insurance Company is not required to pay for any insurance proceeds to the Smolkers. Thereafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY, and numerous other parties alleging 31 causes of action, including but not limited to a strict products liability cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE & COMPANY.

6.    The gravamen of the Smolkers' cross-complaint is that Syloid 244 is a defective product and was negligently applied by Home Saving. The state court action was filed in the Los Angeles Superior Court Central District.

7.    Shortly after the Smolkers filed their cross-complaint Moving Parties and Debtor entered into a joint defense agreement to defend against the Smolkers' claims. One of the provisions of the joint defense agreement provided neither Moving Parties nor Debtor would file a cross-complaint against each other.

Further, the joint defense agreement provided each party would assist in defense costs, and provide cooperation and assistance in discovery and at trial.

8.    On or about April 2, 2001, Debtor filed Chapter 11 petition for bankruptcy relief. Said bankruptcy petition, entitled In Re W.R. GRACE & COMPANY, bears the case number 01-01139, and is currently pending before this court.

9.    Moving Parties bring the instant Proof of Claim in order to preserve their rights to indemnity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 𝟙5ᵗʰ day of _March_, 2003

_____

GARY E. YARDUMIAN, Declarant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| | |
| W. R. GRACE & COMPANY, | Case No. 01-01139 |
| | |
| Debtor. | |

| | |
|---|---|
| TIG INSURANCE COMPANY, a | |
| California corporation, | |
| | |
| Plaintiff, | |
| | |
| v. | Reference No. _____ |
| | |
| GARY SMOLKER, an individual, | |
| and ALICE SMOLKER, an | |
| individual, and DOES 1-10, | |
| inclusive, | |
| | |
| Defendant. | |

AND RELATED CROSS-ACTIONS
CONCERNING HOME SAVING TERMITE
CONTROL, INC. and W.F. MORRIS

## MOTION PURSUANT TO LOCAL DISTRICT COURT
## RULE 83.5(C) FOR ADMISSION *PRO HAC VICE*

Sherry Ruggiero Fallon (the "Movant"), a member in good standing of the Bar of the State of Delaware, an attorney admitted to practice before the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit, and a partner in the firm of Tybout, Redfearn & Pell, hereby moves this Court for entry of an order permitting GARY E. YARDUMIAN, of the law firm of PRINDLE, DECKER & AMARO, LLP, 310 Golden Shore, Fourth Floor, Long Beach, California 90801-5511 (the "Admittee"), to practice *pro hac vice* before the United States Bankruptcy Court for the District of Delaware, to represent HOME

SAVING TERMITE CONTROL, INC. and W.F. MORRIS, pursuant to Local Rule 83.5(c) of the United States District Court for the District of Delaware.  In support of the Motion, the Movant states as follows:

1.    Mr. Gary E. Yardumian is a member in good standing of the Bar of the State of California.    In addition, there are no disciplinary actions against him.

2.    Attached as Exhibit A is the certificate of the Admittee pursuant to Local Rule 83.6(i) of the United States District Court for the District of Delaware.

3.    Movant requests that the Court allow this Motion so that Mr. Yardumian may file pleadings and appear and be heard at hearings in these chapter 11 cases.

4.    No previous motion for relief sought herein has been made to this or any other court.

WHEREFORE, it is respectfully requested that the Court enter an Order substantially in the form attached hereto, (i) permitting GARY E. YARDUMIAN to appear *pro hac vice* in association with the Movant as counsel to Home Saving Termite Control, Inc. and W. F. Morris in these chapter 11 cases, and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

PRINDLE, DECKER & AMARO, LLP
Gary E. Yardumian
310 Golden Shore
Fourth Floor
Long Beach, CA 90801-5511
Telephone Number: (562)436-3946
Telecopy Number: (562) 492-0564

and

TYBOUT REDFEARN & PELL

SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue
Suite 1100
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901

Counsel to Home Saving Termite
Control, Inc. and W. F. Morris

1    The Admittee certifies that he is eligible for admission <u>pro hac vice</u> to this Court, is admitted to

2    practice and in good standing in the jurisdiction shown in the paragraph above, submits to the

3    disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the course of, or in

4    the preparation of, this action, and has access to, or has acquired, a copy of the local Rules of this Court

5    and is generally familiar with such Rules.

6

7                                          GARY E. YARDUMIAN, ESQ.

8                                          PRINDLE, DECKER & AMARO
                                           310 Golden Shore, 4th Floor
                                           Long Beach, California 90802

9

10       MOTION GRANTED.

11

12   DATED:_____              _____
                                        UNITED STATES BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

GEW/SMOLKER/PLEADINGS/pro-hac.wpd        MOTION AND ORDER FOR ADMISSION PRO HAC VICE

LAW OFFICES OF
PRINDLE, DECKER & AMARO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| Debtor. | : | |
| TIG INSURANCE COMPANY, a California corporation, | : | |
| Plaintiff, | : | |
| v. | : | Reference No. _____ |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | : | |
| Defendant. | : | |
| AND RELATED CROSS-ACTIONS CONCERNING HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS | : | |

ORDER PURSUANT TO LOCAL DISTRICT COURT
RULE 83.5(C) FOR ADMISSION PRO HAC VICE

Upon consideration of the foregoing Motion for Admission *Pro Hac Vice*, it is hereby

ORDERED that Gary E. Yardumian may appear and be heard at hearings in this chapter 11 case and any and all proceedings arising therein.

Dated: Wilmington, Delaware
_5-8-01_

_____
Judge

## CERTIFICATE OF SERVICE

I, SHERRY RUGGIERO FALLON, hereby certify that I have had deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this 3 day of May , 2001, true and correct copies of the attached document(s) addressed to be served on the parties:

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl et al.
919 N. Market St., Suite 1600
Post Office Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, et al.
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of United State Trustee
601 Walnut St., Room 950 West
Philadelphia, PA 19106

Scott L. Baena, Esquire
Member
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Robert N. Ridenour, Esquire
Borton, Petrini & Conron
707 Wilshire Blvd., 51st Floor
Los Angeles, CA 90017-3613

James H. M. Spraygeren, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| | : | |
| Debtor. | : | |

| | |
|---|---|
| TIG INSURANCE COMPANY, a California corporation, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | : |
| | : |
| Defendant. | : |

DOCUMENTS OFFERED IN SUPPORT
OF PROOF OF CLAIM

AND RELATED CROSS-ACTIONS   :
CONCERNING HOME SAVING TERMITE:
CONTROL, INC. and W.F. MORRIS :

COMES NOW, Creditors, HOME SAVING TERMITE CONTROL, INC. AND WAYNE MORRIS, hereby submit the following Memorandum of Points and Authorities and Declaration of Gary E. Yardumian in support of proof of claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF REASONS IN SUPPORT OF CLAIM

There is currently pending before this Court a Petition for Relief under 11 U.S.C. §§ 1101. et seq., relating to the affairs of Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor". Said Petition

entitled <u>In Re W.R. Grace & Company</u> bears the case number 01-01139.
Debtor is a cross-defendant and alleged manufacture of a product in
a state strict liability action entitled TIG INSURANCE v. GARY
SMOLKER, et al., and related cross-actions, California Case No. BC
173952. Moving Parties, HOME SAVING TERMITE CONTROL, INC. and
WAYNE MORRIS, are also cross-defendants to the same strict products
liability action. However, Moving Parties only applied Debtor's
product and never manufactured or supplied the product. Therefore,
Moving parties have a potential claim for indemnity against Debtor
if a trier of facts finds Moving Parties liable under strict
products liability theory.

More specifically, the potential indemnity cross-complaint
against Debtor arises out of an incident on October 15 and 16,
1996, in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home
Saving, Inc."), a termite control company owned and operated by
WAYNE MORRIS (hereinafter "Morris"), applied the product Syloid 244
to the condominium unit owned by GARY SMOLKER and ALICE SMOLKER
(Hereinafter "the Smolkers"). The Smolkers allege they have
sustained personal injuries as a result of exposure to Syloid 244.
Syloid 244 was manufactured and distributed by the Debtor, W.R.
GRACE & COMPANY. On or about July 2, 1997, TIG INSURANCE COMPANY
filed a declaratory relief action against the Smolkers seeking a
declaration that TIG INSURANCE COMPANY is not responsible to pay
any insurance proceeds to the Smolkers. Therafter, in October of
1997, the Smolkers filed a cross-complaint against HOME SAVING

TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY and
numerous other parties alleging 31 causes of action, including by
not limited to a strict products liability cause of action against
HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE &
COMPANY. This state court action, entitled TIG INSURANCE v. GARY
SMOLKER, et al., and related cross-actions, Case No. BC 173952, was
filed in the Los Angeles Superior Court, Central District.

The state court action referenced above to set to commence
trial on June 11, 2001. Moving Parties are forced to pay if a
trier of fact finds the Smolkers sustained personal injuries as a
result of a defective product manufactured and supplied by Debtor,
W.R. GRACE & COMPANY. Moving Parties have yet to file the cross-
complaint against Debtor because prior to the bankruptcy petition,
Moving Parties and Debtor have maintained a joint defense agreement
in the TIG Insurance v. Gary Smolker action in which parties agreed
to cooperate and not file cross-complaints against each other.

On or about April 2, 2001, Debtor filed a Chapter 11
Bankruptcy Petition in this Court. As a result, Moving Parties
were forced to bring this proof of claim.

## II.

### CONCLUSION

Based upon the foregoing, Moving Parties, HOME SAVING TERMITE
CONTROL, INC. and WAYNE MORRIS, have a claim against Debtor in the
form of a state court indemnity cross-complaint against the Debtor.

DATED:

March 5, 2003

PRINDLE, DECKER & AMARO,
LLP

GARY E. YARDUMIAN
Attorney for Cross-
Defendants, HOME SAVINGS
TERMITE CONTROL, INC., W.F.
MORRIS and RIKK THOMPSON

# EXHIBIT G

## Proof of Service Mailing List

**PROOF OF SERVICE** (Code Civ. Proc., §§ 1013a, 2015.5)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3020 Old Ranch Parkway, Suite 300, Seal Beach, California 90747.

On **June 27, 2006**, I served the foregoing document described as **BRIEF OF RESPONDENTS, ALBERT COSTELLO AND JAMES HYDE** on the other parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

**BY MAIL:**

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Seal Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **June 27, 2006**, at Seal Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Angie Barocio
Type or Print Name

_Angie Barocio_
Signature

36

## PROOF OF SERVICE MAILING LIST
*SMOLKER, et al. v. PACIFIC VILLAS HOA, et al.*

Gary S. Smolker, Esq.
LAW OFFICES OF GARY S. SMOLKER
16055 Ventura Boulevard, Suite 525
Encino, CA 91436-2609
BUS (818) 788-7290; FAX (818) 788-7503
Attorneys for Appellant, **Gary S. Smolker, In Pro Per**

Michael B. Geibel, Esq.
GIBBS, GIDEN, LOCHER & TURNER, LLP
2029 Century Park East
One Century Plaza, 34th Fl.
Los Angeles, CA 90067-3039
BUS (310) 552-3400; FAX (310) 552-0805
Attorneys for **James and Julie Holland**

Sara Thorpe, Esq.
GORDON & REES
275 Battery Street, 20th Floor
San Francisco, CA 94111
BUS (415) 986-5900; FAX (415) 986-8054
Attorneys for **Truck Underwriters Association; Farmers Group, Inc;
Farmers Insurance Group of Companies**

Joshua Solomon, Esq.
2020 Santa Monica Blvd., Suite 210
Santa Monica, CA 90404
BUS (323) 966-4362
Attorneys for **Frontier Pacific Insurance Company**

Michael H. Raichelson, Esq.
PROCTOR, McCARTHY & SLAUGHTER
789 S. Victoria Avenue, Suite 305
Ventura, CA 93003-5419
BUS (805) 658-7800; FAX (805) 658-8258
Attorneys for **Lance Robbins; Angela Verdun; Gerald Ivory**

37

Peter Godfrey, Esq.
GILBERT, KELLY, CROWLEY & JENNETT
1055 West Seventh Street, Suite 2000
Los Angeles, CA 90017-2577
BUS (909) 276-4000; FAX (909) 276-4100
Attorneys for **Matthew J. Fredericks; Virginia K. Cipriano**

John J. Waller, Jr., Esq.
FINESTONE & RICHTER
11601 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
BUS (310) 575-0800; FAX (310) 575-0170
Attorneys for **Joseph A. Bailey**

Pamela E. Dunn, Esq.
Daniel J. Koes, Esq.
DUNN KOES LLP
336 South Euclid Avenue
Pasadena, CA 91101
BUS (626) 685-9500; FAX (626) 685-2010
Attorneys for **State Farm Fire & Casualty Co.**

Michael M. Pollak, Esq.
POLLAK, VIDA & FISHER
1800 Century Park East, Suite 400
Los Angeles, CA 90067-1507
BUS (310) 203-1620
Attorneys for **Allstate Insurance Co.**

Gary Yardumian, Esq.
PRINDLE, DECKER & AMARO
310 Golden Shore, 4th Floor
P.O. Box 22711
Long Beach, CA 90801-5511
BUS (562) 436-3946; FAX (562) 495-0564
Attorneys for **Rick Thompson**

38

David M. Grey, Esq.
GREY & GREY
233 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
BUS (310) 444-1980; FAX (310) 444-1970
Attorneys for **TIG; Pacific Villas HOA**

Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLESTON, REVICH & CHAMBERLIN
1925 Century Park East, Suite 1250
Los Angeles, CA 90067
BUS (310) 551-7000; FAX (310) 203-9321
Attorneys for **Dennis A. Babbit; Goregis Group, Inc.;
Goregis Insurance Co.; Dean & Associates; California Insurance
Company**

David L. Hughes, Esq.
Stacie Brandt, Esq.
BOOTH, MITCHEL & STRANGE LLP
701 South Parker Street, Suite 6500
P.O. Box 11055
Orange, CA 92856-8155
BUS (714) 480-8500; FAX (714) 480-8533
Attorneys for **Reliance Insurance Company**

Richard B. Wolf, Esq.
LEWIS, D'AMATO, BRISBOIS & BISGAARD
221 North Figueroa Street, Suite 12000
Los Angeles, CA 90012
BUS (213) 250-1800; FAX (213) 250-7900
Attorneys for **Inter-Insurance Exchange of Automobile Club**

Michael A. K. Dan
Professional Corporation
1990 S. Bundy, Suite 540
Los Angeles, CA 90025
BUS (310) 477-5455; FAX (310) 473-1594

39

United States Trustee
Staff Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

Los Angeles Superior Court
Central District
Department 15
111 N. Hill Street
Los Angeles, CA 90012

Court of Appeal
2nd Appellate District
Division 7
300 S. Spring Street
Suite 2217
Third Floor
Los Angeles, CA 90013

40

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE.

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the _30 th_ day of January, 2015, I caused

a copy of the following document to be served on the individuals on the attached service list in

the manner indicated:

Notice of Thirty-Sixth Thirty-Seventh Omnibus Objection to Certain Claims Filed
Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary
Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.)
(Substantive Objection); and

Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition
Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No.
BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection).

James E. O'Neill (Bar No. 4042)

---

[1]    The Reorganized Debtors comprise of W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or
Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

W. R. Grace NEW 2002 Service List
Case No. 01-1139 (KJC)
Doc. No. 191999
13 – HAND DELIVERY
27- FIRST CLASS MAIL
01 – FOREIGN FIRST CLASS

*(Counsel to Reorganized Debtors)*
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705

*HAND DELIVERY*
*(United States Trustee)*
Richard L. Schepacarter, Trial Attorney
U. S. Department of Justice
Office of the U. S. Trustee
844 King Street, Suite 2207
Wilmington, DE  19801

*HAND DELIVERY*
*(Co-Counsel for Roger Frankel FCR)*
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to Representative Counsel to
Canadian ZAI Claimants)*
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to PD Future Claimant
Representative)*
R. Karl Hill, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

*HAND DELIVERY*
*(Asbestos PD Trust (7A))*
Richard B. Schiro, Corporate Trust
Administration
WRG Asbestos PD Trust
c/o Wilmington Trust
1100 N. Market Street
Wilmington, DE  19890-1625

*HAND DELIVERY*
*(Counsel to Asbestos PI Trust)*
Marla Rosoff Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel for Edward B. Cottingham, Jr.,
ZAI Trustee and the ZAI Claimants)*
William D. Sullivan, Esquire
Sullivan Hazeltine Allinson LLC
901 N. Market Street, Ste. 1300
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Samson Hydrocarbons)*
Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder,
P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to BNSF Railway Company)*
David M. Fournier, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Mark Hankin and Hanmar*
*Associates MLP)*
David M. Fournier, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to the State of Montana)*
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Matthew P. Ward, Esquire
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to Plum Creek Timberlands, L.P.)*
Christopher A. Ward, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel for Norfolk Southern Railway*
*Company)*
David J. Baldwin, Esquire
Etta R. Mayers, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19801

*FIRST CLASS MAIL*
*(Co-Counsel to Reorganized Debtor)*
John Donley, Esquire
Adam Paul, Esquire
Ryan Hehner, Esquire
Jeffrey Gettleman, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

*FIRST CLASS MAIL*
*(Counsel to Reorganized Debtor)*
Roger J. Higgins, Esquire
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL 60607-1823

*FIRST CLASS MAIL*
*(Reorganized Debtor)*
W. R. Grace & Co.
Attn: Mark Shelnitz
7500 Grace Drive
Columbia, MD 21044

*FIRST CLASS MAIL*
*(The Future Claimants' Representative)*
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Frankel Wyron LLP
2101 L Street, NW, Suite 800
Washington, DC 20037

*FIRST CLASS MAIL*
*(Counsel to Hon. Alex. M. Sanders Jr.,*
*PDFCR)*
Alan B. Rich, Esquire
Attorney and Counselor
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

*FIRST CLASS MAIL*
*(Trustee - Asbestos PD Trust (7A))*
Richard B. Schiro
WRG Asbestos PD Trust
2706 Fairmount Street
Dallas, TX 75201-1958

*FIRST CLASS MAIL*
*(Counsel for Asbestos PD Trust (7A))*
Deborah D. Williamson, Esquire
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

**FIRST CLASS MAIL**
*(Counsel for ZAI Claimants)*
Edward J. Westbrook, Esquire
Richardson, Patrick, Westbrook &
Brickman, LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

**FIRST CLASS MAIL**
*(ZAI Trustee)*
Edward B. Cottingham, Jr., Esquire
The Cottingham Law Firm
317 Wingo Way, Suite 303
Mt. Pleasant, SC 29464

**FIRST CLASS MAIL**
*(Counsel for Edward B. Cottingham, Jr.,
ZAI Trustee))*
M. Dawes Cooke, Esquire
Barnwell Whaley Patterson & Helms LLC
288 Meeting Street, Ste 200
Charleston, SC 29401

**FIRST CLASS MAIL**
*(Asbestos PI Trust)*
B. Thomas Florence, Executive Director
WRG Asbestos PI Trust
c/o ARPC
1220 19th Street NW, Suite 700
Washington, DC 20036

**FIRST CLASS MAIL**
*(Counsel to Asbestos PI Trust)*
Philip E. Milch, Esquire
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219

**FIRST CLASS MAIL**
*(Counsel to Asbestos PI Committee)*
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

**FIRST CLASS MAIL**
*(Counsel to Asbestos PI Committee)*
Ann McMillan, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005-5802

**FIRST CLASS MAIL**
*(Special Insurance Coverage Counsel to the
Official Committee of Asbestos Personal
Injury Claimants )*
Robert M. Horkovich, Esquire
Robert Y. Chung, Esquire
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

**FIRST CLASS MAIL**
*(Counsel to Asbestos PI Trust)*
James C. Melville, Esquire
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

**FIRST CLASS MAIL**
*(Counsel to Asbestos PI Trust)*
Edward E. Steiner, Esquire
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

**FIRST CLASS MAIL**
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Knapp, Jr., Esquire
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

**FIRST CLASS MAIL**
*(Counsel to the Official Committee of Equity
Security Holders)*
David E. Blabey, Jr., Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

**FIRST CLASS MAIL**
*(Counsel to Samson Hydrocarbons)*
Greg A. Lowry, Esquire
Locke Lord, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

**FIRST CLASS MAIL**
*(Counsel to BNSF Railway Company)*
Edward C. Toole, Jr., Esquire
Pepper Hamilton LLP
300 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

**FIRST CLASS MAIL**
*(Creditor)*
Michael R. Sew Hoy, Civil Division
U.S. Department of Justice
1100 L. Street, N.W., Room 10048
Washington, DC 20005

*First Class Mail*
*(Counsel to Numerous Asbestos Claimants)*
Scott W. Wert, Esquire
Roger Heath, Esquire
Foster & Sear, LLP
817 Greenview Drive
Grand Prairie, TX 75050

**FIRST CLASS MAIL**
*(Counsel to Continental Casualty Company,*
*Transportation Insurance Company, CAN*
*ClaimPlus, Inc., as successor in interest to*
*RSKCo Services, Inc. f/k/a Transcontinental*
*Technical Services, Inc.)*
Jonathan W. Young, Esquire
Edwards Wildman Palmer LLP
225 West Wacker Drive
Chicago, IL 60606-1229

**FIRST CLASS MAIL**
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Rizzardi, Esquire
Jessica Tsao, Esquire
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

**FIRST CLASS MAIL**
*(Counsel for the United States)*
Charles M. Oberly, III, US Attorney
Kathryn Keneally, Asst. US Attorney
Ari D. Kunofsky, Trial Attorney
U. S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044

**FIRST CLASS MAIL**
*(Counsel for Norfolk Southern Railway*
*Company)*
Kevin M. Andris, Esquire
Norfolk Southern Railway Company, Law
Dept.
Three Commercial Place
Norfolk, VA 23510-9242

**FOREIGN FIRST CLASS**
*(Counsel to Canadian ZAI Claimants)*
Yves Lauzon, Esquire
Michel Belanger, Esquire
Lauzon Belanger Lesperance Inc.
286 Saint-Paul West, Suite 100
Montréal, Quebec H2Y 2A3
CANADA

WR Grace 37th Omni Obj to Claims Service
List
Case No. 01-1139
Document No. 197745
19 – First Class Mail

**First Class Mail**
(Trial Counsel for W.R. Grace & Co.)
Rosemary S. Lewis, Esquire
Borton Petrini LLP
777 So. Figueroa Street, Suite 4250
Los Angeles, CA 90017

**First Class Mail**
(Counsel for Appellant, Gary S. Smolker, In
Pro Per)
Gary S. Smolker, Esquire
Law Offices of Gary S. Smolker
16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

**First Class Mail**
(Counsel for James and Julie Holland)
Michael B. Geibel, Esquire
Gibbs, Giden, Locher & Turner, LLP
2029 Century Park East
One Century Plaza, 34th Floor
Los Angeles, CA 90067-3039

**First Class Mail**
Counsel for Truck Underwriters
Association; Farmers Group, Inc.; Farmers
Insurance Group of Companies)
Sara Thorpe, Esquire
Gordon & Rees
275 Battery Street, 20th Floor
San Francisco, CA 94111

**First Class Mail**
(Counsel for Frontier Pacific Insurance
Company)
Joshua Solomon, Esquire
2020 Santa Monica Blvd., Suite 210
Santa Monica, CA 90404

**First Class Mail**
(Counsel for Lance Robbins; Angela
Verdum; Gerald Ivory)
Michael H. Raichelson, Esquire
Proctor, McCarthy & Slaughter
789 S. Victoria Avenue, Suite 305
Ventura, CA 93003-5419

**First Class Mail**
(Counsel for Matthew J. Fredericks;
Virginia K. Cipriano)
Peter Godfrey, Esquire
Gilbert, Kelly, Crowley & Jennett
1055 West Seventh Street, Suite 2000
Los Angeles, CA 90017-2577

**First Class Mail**
(Counsel for Joseph A. Bailey)
John J. Waller, Jr., Esquire
Finestone & Richter
11601 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

**First Class Mail**
(Counsel for State Farm Fire & Casualty
Co.)
Pamela E. Dunn, Esquire
Daniel J. Koes, Esquire
Dunn Koes LLP
336 South Euclid Avenue
Pasadena, CA 91101

**First Class Mail**
(Counsel for Allstate Insurance Co.)
Michael M. Pollak, Esquire
Pollak, Vida & Fisher
1800 Century Park East, Suite 400
Los Angeles, CA 90067-1507

**First Class Mail**
(Counsel for Rick Thompson; Home Saving
Termite Control Inc.; Wayne Morris)
Prindle, Decker & Amaro
310 Golden Shore, 4th Floor
P.O. Box 22711
Long Beach, CA 90801-5511

**First Class Mail**
(Counsel for TIG; Pacific Villas HOA)
David M. Grey, Esquire
Grey & Grey
233 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

**First Class Mail**
(Counsel for Dennis A. Babbit; Goregis
Group, Inc.; Goregis Insurance Co.; Dean &
Associates; California Insurance Company)
Jeffrey A. Charlston, Esquire
Robert D. Hoffman, Esquire
Charleston, Revich & Chamberlin
1925 Century Park East, Suite 1250
Los Angeles, CA 90067

**First Class Mail**
(Counsel for Reliance Insurance Company)
David L. Hughes, Esquire
Stacie Brandt, Esquire
Booth, Mitchel & Strange LLP
701 South Parker Street, Suite 6500
P.O. Box 11055
Orange, CA 92856-8155

**First Class Mail**
(Counsel for Inter-Insurance Exchange of
Automobile Club)
Richard B. Wolf, Esquire
Lewis, D'Amato, Brisbois & Bisgaard
221 North Figueroa Street, Suite 12000
Los Angeles, CA 90012

**First Class Mail**
Michael A. K. Dan
Professional Corporation
1990 S. Bundy, Suite 540
Los Angeles, CA 90025

**First Class Mail**
United States Trustee
Staff Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

**First Class Mail**
Los Angeles Superior Court
Central District
Department 15
111 N. Hill Street
Los Angeles, CA 90012

**First Class Mail**
Court of Appeal
2nd Appellate District
Division 7
300 S. Spring Street, Suite 2217
Third Floor
Los Angeles, CA 90013

# EXHIBIT B

**SealedDoc(s), CLMSAGNT, CONFIRMED, APPEAL, MEGA, LEAD, DeBNDeactivated**

### U.S. Bankruptcy Court
### District of Delaware (Delaware)
### Bankruptcy Petition #: 01-01139-KG

*Date filed:* 04/02/2001
*Plan confirmed:* 01/31/2011

*Assigned to:* Kevin Gross
Chapter 11
Voluntary
Asset

**Debtor**
**W.R. Grace & Co., et al.**
7500 Grace Drive
Columbia, MD 21044
OUTSIDE HOME STATE
Tax ID / EIN: 65-0773649

represented by **Janet S. Baer**
Baer Higgins Fruchtman LLC
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
312-836-4022
Fax : 312-577-0737
Email: jbaer@bhflaw.net

**Mark M. Billion**
Billion Law
922 New Road, 2nd Floor
Wilmington, DE 19805
302.428.9400
Fax : 302.450.4040
Email: markbillion@billionlaw.com

**Timothy P. Cairns**
Pachulski Stang Young & Jones LLP
919 N. Market Street
17th Floor
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: tcairns@pszjlaw.com

**David W. Carickhoff**
Archer & Greiner, P.C.
300 Delaware Av
Suite 1100
Wilmington, DE 19801
302-777-4350
Email: dcarickhoff@archerlaw.com

**Jeffrey W. Gettleman**
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
312-862-3289
Fax : 312-862-2200
*TERMINATED: 03/07/2016*

**Gregory M. Gordon**
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515
214-220-3939
Fax : 214-969-5100

**Bruce Grohsgal**
Pachulski, Stang, Ziehl, Young, Jones
919 N. Market Street
16th Floor
Wilmington, DE 19801
302-778-6403
Fax : 302-652-4400
Email: bgrohsgal@pszyj.com

**Curtis A Hehn**
Pachulski Stang Ziehl Young Jones &
Wein
919 N. Market Street
17th Floor
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: chehn@pszyj.com

**Roger J. Higgins, P.C.**
The Law Offices of Roger Higgins
LLC
111 East Wacker Driver
Suite 2800
Chicago, IL 60601
312-836-4047
Fax : 312-577-0737
Email: rhiggins@rogerhigginslaw.com

**Daniel K. Hogan**
Hogan McDaniel

1311 Delaware Ave
Wilmington, DE 19806
302 656-7540
Fax : 302-656-7599
Email: dkhogan@dkhogan.com

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
302 652-4100
Fax : 302-652-4400
Email: ljones@pszjlaw.com

**Kathleen P. Makowski**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
302-652-4100
Fax : 302-652-4400
Email: kmakowski@pszjlaw.com

**Scotta Edelen McFarland**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street
17th Floor
Wilmington, DE 19801
usa
302-652-4100
Fax : 302-652-4400
Email: smcfarland@pszyj.com
*TERMINATED: 09/15/2005*

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
PO Box 8705
.Wilmington, DE 19899-8705
302-652-4100
Fax : 302-652-4400
Email: joneill@pszjlaw.com

**James E. O'Neill**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705

Wilmington, DE 19899-8705
302-652-4100
Fax : 302-652-4400
Email: jo'neill@pszjlaw.com

**Paul W. Turner**
The Carlile Law Firm
400 S. Alamo
Marshall, TX 75670
903-938-1655
Fax : 903-938-0235
Email: pturner@carlilelawfirm.com

| | |
|---|---|
| *Trustee*<br>**Edward B. Cottingham, Jr.,** *ZAI Class 7B*<br>*Trustee* | represented by **M. Dawes Cooke, Jr.**<br>Barnwell Whaley Paterson & Helms LLC<br>288 Meeting St.<br>Ste 200 (29401)<br>Post Office Drawer H<br>Charleston, SC 29402<br>843-577-7700<br>Fax : 843-577-7708<br>Email: mdc@barnwell-whaley.com |

**William D. Sullivan**
Sullivan Hazeltine Allinson LLC
901 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8191
Fax : (302) 428-8195
Email: bsullivan@sha-llc.com

| | |
|---|---|
| *Trustee*<br>**Richard B Schiro,** *7A Trustee of the PD Asbestos Trust* | represented by **Meghan E.B. DeBard**<br>Cox Smith Matthews Inc.<br>112 E. Pecan St.<br>Suite 1800<br>San Antonio, TX 78205<br>210-554-5500<br>Fax : 210-226-8395<br>Email: mdebard@coxsmith.com |

**Deborah D. Williamson**
Dykema Cox Smith
112 East Pecan Street
Suite 1800
San Antonio, TX 78205
210-554-5500

ternal CM/ECF Live Database                    https://ecf.deb.uscourts.￡  ￢gi-bin/DktRpt.pl?359173173674027-L_1_0-1

Fax : 210-226-8395
Email: dwilliamson@dykema.com

*U.S. Trustee*
**U.S. Trustee**
Office of United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19899-0035
302-573-6491

represented by **Richard L. Schepacarter**
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
usa
302-573-6491
Fax : 302-573-6497
Email: richard.schepacarter@usdoj.gov

*Claims Agent*
**BMC Group, Inc.**
www.bmcgroup.com
Attn: Claims & Noticing Agent
3732 West 120th Street
Hawthorne, CA 90250
(888) 909-0100
*TERMINATED: 03/04/2011*

represented by **David W. Carickhoff**
(See above for address)

**James E. O'Neill**
(See above for address)

**James E. O'Neill**
(See above for address)

*Claims Agent*
**Rust Consulting/Omni Bankruptcy**
www.omnimgt.com
5955 DeSoto Avenue
Suite 100
Woodland Hills, CA 91367
818-906-8300

*Successor Trustee*
**Roger Frankel,** *Successor Legal Representative for Future Asbestos Personal Injury Claimants*

represented by **John C. Phillips, Jr**
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806
302 655-4200
Fax : 302-655-4210
Email: jcp@pgslaw.com

**Richard H. Wyron**
Frankel Wyron LLP
2101 L Street, N.W., Suite 800
Washington, DC 20037
202-903-0700
Fax : 202-627-3002

| Filing Date | # | Docket Text |
|---|---|---|
| 01/30/2015 | <u>32496</u><br>(366 pgs; 11 docs) | Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, Estate of Jeffrey B. Chwala, et al. v. TEC (Thermal Emission Control), et al., Case No. 2002CV000495 (EAU Claire County Wisconsin 2002) (Substantive Objection). Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/2/2015. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D # <u>6</u> Exhibit E # <u>7</u> Exhibit F # <u>8</u> Exhibit G # <u>9</u> Exhibit H # <u>10</u> Certificate of Service and Service List) (O'Neill, James) Modified docket text on 2/2/2015 (LMD). (Entered: 01/30/2015) |
| 01/30/2015 | <u>32497</u><br>(98 pgs; 10 docs) | Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County SUP, CT.) (Janavs, J.) (Substantive Objection). Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/2/2015. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D # <u>6</u> Exhibit E # <u>7</u> Exhibit F # <u>8</u> Exhibit G # <u>9</u> Certificate of Service and Service List) (O'Neill, James) Modified docket text on 2/2/2015 (LMD). (Entered: 01/30/2015) |
| 02/03/2015 | 32498 | The transcriber has requested a standing order for all hearings in this case for the period 2/3/2015 to 2/17/2015. To obtain a copy of a transcript contact the transcriber, Veritext, Telephone number (888)706-4576. (BJM) (Entered: 02/03/2015) |
| 02/03/2015 | <u>32499</u><br>(23 pgs; 4 docs) | Motion Requesting Entry of an Order: (A) Filing Joint Defense Agreement Under Seal; and (B) Applying the Protective Provisions of Fed. R. Evid. 502 Thereto. Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 2/23/2015. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A # <u>3</u> Certificate of Service) (O'Neill, James) Modified docket text on 2/4/2015 (LMD). (Entered: |

ternal CM/ECF Live Database                    https://ecf.deb.uscourts.g'  ·gi-bin/DktRpt.pl?359173173674027-L_1_0-1

| | | | |
|---|---|---|---|
| | | | 02/03/2015) |
| 02/03/2015 | 32500 (10 pgs; 2 docs) | | Amended Notice of Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, Estate of Jeffrey B. Chwala, et al. v. TEC (Thermal Emission Control), et al., Case No. 2002CV000495 (Eau Claire County Wisconsin 2002) (Substantive Objection) [Related to Docket No. 32496]. Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) Modified docket text on 2/4/2015 (LMD). (Entered: 02/03/2015) |
| 02/03/2015 | 32501 (11 pgs; 2 docs) | | Amended Notice of Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County SUP, CT.) (Janavs, J.) (Substantive Objection). (related document(s)32497) Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) Modified docket text on 2/4/2015 (LMD). (Entered: 02/03/2015) |
| 02/04/2015 | 32502 | | [SEALED] Notice of Service Joint Defense and Confidentiality Agreement (related document(s)32499) Filed by W.R. Grace & Co., et al.. (Attachments: # 1 Exhibit A) (O'Neill, James) (Entered: 02/04/2015) |
| 02/04/2015 | 32503 (87 pgs; 7 docs) | | Anderson Memorial Hospital's Reply In Support of Motion to Alter or Amend Order Denying Motion for Class Certification and for Entry of Scheduling Order and Granting Related Relief. (related document(s)18221, 31812, 32233) Filed by Anderson Memorial Hospital, SC (Attachments: # 1 Tab A # 2 Tab B # 3 Tab C # 4 Tab D # 5 Tab E # 6 Certificate of Service) (Tacconelli, Theodore) Modified docket text on 2/5/2015 (LMD). (Entered: 02/04/2015) |
| 02/10/2015 | 32504 (81 pgs; 5 docs) | | Request for Status Hearing to Set Briefing Schedule for Summary Judgment Regarding Claim No. 7021, Filed By Norfolk Southern Railway, and the Pending Objection Thereto [Hearing Date: March 4, 2015 at 10:00 A.M.]. |

| | | |
|---|---|---|
| | | Filed by W.R. Grace & Co., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Certificate of Service and Service List) (O'Neill, James) Modified docket text on 2/11/2015 (LMD). (Entered: 02/10/2015) |
| 02/10/2015 | 32505 (8 pgs; 3 docs) | Certification of Counsel *Regarding Omnibus Hearing Dates* Filed by W.R. Grace & Co., et al.. (Attachments: # 1 Proposed Form of Order # 2 Certificate of Service and Service List) (O'Neill, James) (Entered: 02/10/2015) |
| 02/18/2015 | 32506 (1 pg) | Order Scheduling Omnibus Hearings. All hearings will be held at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware (Related document(s)32505). Omnibus Hearings scheduled for 4/14/2015 at 10:00 AM., 6/9/2015 at 10:00 AM. Signed on 2/11/2015. (LMD) (Entered: 02/18/2015) |
| 02/18/2015 | 32507 | The transcriber has requested a standing order for all hearings in this case for the period 2/17/2015 to 3/3/2015. To obtain a copy of a transcript contact the transcriber, Veritext, Telephone number (888)706-4576. (BJM) (Entered: 02/18/2015) |
| 02/24/2015 | 32508 (11 pgs; 3 docs) | Certification of Counsel *Regarding Stipulation to Adjourn Hearing Date for Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification.* (related document(s)31812, 31856, 31873, 32044, 32068, 32324, 32417) Filed by W.R. Grace & Co., et al.. (Attachments: # 1 Exhibit A # 2 Affidavit of Service) (O'Neill, James) (Entered: 02/24/2015) |
| 02/27/2015 | 32509 (7 pgs; 2 docs) | Certificate of No Objection *Regarding Motion Requesting Entry of an Order: (A) Filing Joint Defense Agreement Under Seal; and (B) Applying the Protective Provisions of Fed.R.Evid. 502 Thereto.* (related document(s)32499) Filed by W.R. Grace & Co., et al.. (Attachments: # 1 Certificate of Service) (O'Neill, James) (Entered: 02/27/2015) |
| 02/27/2015 | 32510 (8 pgs) | Response *to the Thirty-Seventh Omnibus Objection to Certain Claims filed Regarding Prepetition Litigation Captioned TIG Insurance Company v Gary Smolker, et.al., Case No. BC173952 (Los Angeles County Superior Court), Dated January 30, 2015 ("the 37th Omnibus Objection").* (related document(s)32497) Filed by Gary S. Smolker (LMD) (Entered: 02/27/2015) |

| | | |
|---|---|---|
| 02/27/2015 | <u>32511</u><br>(47 pgs; 8 docs) | Motion for an Order Implementing the Plan's Discharge of Prepetition Litigation Claims and the Related Injunction Where Claimants Did Not File Proofs of Claim. Filed by W.R. Grace & Co., et al.. Hearing scheduled for 4/14/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Objections due by 3/17/2015. (Attachments: # <u>1</u> Notice # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D # <u>6</u> Exhibit E # <u>7</u> Certificate of Service) (O'Neill, James) Modified docket text on 2/27/2015 (LMD). (Entered: 02/27/2015) |
| 03/02/2015 | <u>32512</u><br>(12 pgs; 2 docs) | Notice of Agenda of Matters Scheduled for Hearing Filed by W.R. Grace & Co., et al.. Hearing scheduled for 3/4/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Attachments: # <u>1</u> Certificate of Service) (O'Neill, James) (Entered: 03/02/2015) |
| 03/03/2015 | 32513 | The transcriber has requested a standing order for all hearings in this case for the period 3/3/2015 to 3/17/2015. To obtain a copy of a transcript contact the transcriber Veritext. Telephone number (516)608-2400. (GM) (Entered: 03/03/2015) |
| 03/03/2015 | <u>32514</u><br>(3 pgs) | Protective Order Pursuant to Fed. R. Evid. 502. (Related Document <u>32499,32509</u>) Order Signed on 3/3/2015. (LMD) (Modified By Adding Related Numbers on 3/4/2015 (JohnstonJ, Julie). (Entered: 03/03/2015) |
| 03/03/2015 | <u>32515</u><br>(5 pgs; 2 docs) | Order (WITH REVISION MADE BY THE COURT) Approving Stipulation to Adjourn Hearing Date for Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification.(related document(s)<u>31812</u>, <u>32068</u>, <u>32324</u>, <u>32508</u>) Order Signed on 3/3/2015. (Attachments: # <u>1</u> Exhibit "1") (LMD) (Entered: 03/03/2015) |
| 03/04/2015 | <u>32516</u><br>(2 pgs) | Hearing Held/Court Sign-In Sheet (related document(s) <u>32504</u>, <u>32512</u>) (LMD) (Entered: 03/04/2015) |
| 03/04/2015 | <u>32517</u><br>(5 pgs; 2 docs) | Order Disallowing and Expunging Claims Filed Regarding Prepetition Litigation Captioned, Estate of Jeffrey B. Chwala, et al. v. TEC (Thermal Emission Control), et al., Case No. 2002CV000495 (EAU Claire County Wisconsin 2002) (Substantive Objection). (related |

| | | |
|---|---|---|
| | | document(s)32496) Signed on 3/4/2015. (Attachments: # 1 Exhibit "1") (LMD) (Entered: 03/04/2015) |
| 03/04/2015 | 32518 (4 pgs; 2 docs) | Order Lifting Injunction in Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County SUP, CT.) (Janavs, J.) (Substantive Objection). (related document(s)32497) Order Signed on 3/4/2015. (Attachments: # 1 Exhibit "1") (LMD) (Entered: 03/04/2015) |
| 03/04/2015 | 32519 (6 pgs) | Affidavit of Service for service of [Signed] Order Pursuant to Fed.R.Evid. 502. (related document(s)32514) Filed by W.R. Grace & Co., et al.. (O'Neill, James) Modified docket text on 3/6/2015 (LMD). (Entered: 03/04/2015) |
| 03/04/2015 | 32520 (6 pgs) | Affidavit of Service for service of [Signed] Order Approving Stipulation to Adjourn Hearing Date for Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification. (related document(s)32515) Filed by W.R. Grace & Co., et al.. (O'Neill, James) Modified docket text on 3/6/2015 (LMD). (Entered: 03/04/2015) |
| 03/04/2015 | 32521 (6 pgs) | Affidavit of Service for service of [Signed] Thirty-Sixth Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, Estate of Jeffrey B. Chwala, et al. v. TEC (Thermal Emission Control), et al., Case No. 2002CV000495 (Eau Claire County Wisconsin 2002) (Substantive Objection). (related document(s)32517) Filed by W.R. Grace & Co., et al.. (O'Neill, James) Modified docket text on 3/6/2015 (LMD). (Entered: 03/04/2015) |
| 03/04/2015 | 32522 (7 pgs) | Affidavit of Service for service of [Signed] Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection). (related document(s)32518) Filed by W.R. Grace & Co., et al.. (O'Neill, James) Modified docket text on 3/6/2015 (LMD). (Entered: 03/04/2015) |

| | | |
|---|---|---|
| | 32523<br>(8 pgs; 2 docs) | Notice of Rescheduled Hearing on April 14, 2015 at 10:00 A.M. Before The Honorable Kevin J. Carey. Filed by W.R. Grace & Co., et al.. Hearing scheduled for 4/14/2015 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. (Attachments: # 1 Certificate of Service and Service List) (O'Neill, James) Modified docket text on 3/6/2015 |
| 03/04/2015 | | (LMD). (Entered: 03/04/2015) |

### PACER Service Center

#### Transaction Receipt

12/22/2016 14:07:23

| PACER Login: | jb6128:3437018:0: | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 01-01139-KG Fil or Ent: filed From: 1/30/2015 To: 3/5/2015 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 7 | Cost: | 0.70 |

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 30 day of January, 2015, I caused

a copy of the following document to be served on the individuals on the attached service list in

the manner indicated:

Notice of Thirty-Sixth Thirty-Seventh Omnibus Objection to Certain Claims Filed
Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary
Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.)
(Substantive Objection); and

Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition
Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No.
BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection).

James E. O'Neill (Bar No. 4042)

---

[1]   The Reorganized Debtors comprise of W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or
Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

**W. R. Grace NEW 2002 Service List**
Case No. 01-1139 (KJC)
Doc. No. 191999
13 – HAND DELIVERY
27- FIRST CLASS MAIL
01 – FOREIGN FIRST CLASS

*(Counsel to Reorganized Debtors)*
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705

*HAND DELIVERY*
*(United States Trustee)*
Richard L. Schepacarter, Trial Attorney
U. S. Department of Justice
Office of the U. S. Trustee
844 King Street, Suite 2207
Wilmington, DE  19801

*HAND DELIVERY*
*(Co-Counsel for Roger Frankel FCR)*
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to Representative Counsel to Canadian ZAI Claimants)*
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to PD Future Claimant Representative)*
R. Karl Hill, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

*HAND DELIVERY*
*(Asbestos PD Trust (7A))*
Richard B. Schiro, Corporate Trust
Administration
WRG Asbestos PD Trust
c/o Wilmington Trust
1100 N. Market Street
Wilmington, DE  19890-1625

*HAND DELIVERY*
*(Counsel to Asbestos PI Trust)*
Marla Rosoff Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel for Edward B. Cottingham, Jr., ZAI Trustee and the ZAI Claimants)*
William D. Sullivan, Esquire
Sullivan Hazeltine Allinson LLC
901 N. Market Street, Ste. 1300
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Samson Hydrocarbons)*
Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to BNSF Railway Company)*
David M. Fournier, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE  19801




*HAND DELIVERY*
*(Counsel to Mark Hankin and Hanmar*
*Associates MLP)*
David M. Fournier, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to the State of Montana)*
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Matthew P. Ward, Esquire
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to Plum Creek Timberlands, L.P.)*
Christopher A. Ward, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel for Norfolk Southern Railway*
*Company)*
David J. Baldwin, Esquire
Etta R. Mayers, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19801

*FIRST CLASS MAIL*
*(Co-Counsel to Reorganized Debtor)*
John Donley, Esquire
Adam Paul, Esquire
Ryan Hehner, Esquire
Jeffrey Gettleman, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

*FIRST CLASS MAIL*
*(Counsel to Reorganized Debtor)*
Roger J. Higgins, Esquire
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL 60607-1823

*FIRST CLASS MAIL*
*(Reorganized Debtor)*
W. R. Grace & Co.
Attn: Mark Shelnitz
7500 Grace Drive
Columbia, MD 21044

*FIRST CLASS MAIL*
*(The Future Claimants' Representative)*
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Frankel Wyron LLP
2101 L Street, NW, Suite 800
Washington, DC 20037

*FIRST CLASS MAIL*
*(Counsel to Hon. Alex. M. Sanders Jr.,*
*PDFCR)*
Alan B. Rich, Esquire
Attorney and Counselor
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

*FIRST CLASS MAIL*
*(Trustee - Asbestos PD Trust (7A))*
Richard B. Schiro
WRG Asbestos PD Trust
2706 Fairmount Street
Dallas, TX 75201-1958

*FIRST CLASS MAIL*
*(Counsel for Asbestos PD Trust (7A))*
Deborah D. Williamson, Esquire
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

*FIRST CLASS MAIL*
*(Counsel for ZAI Claimants)*
Edward J. Westbrook, Esquire
Richardson, Patrick, Westbrook &
Brickman, LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(ZAI Trustee)*
Edward B. Cottingham, Jr., Esquire
The Cottingham Law Firm
317 Wingo Way, Suite 303
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(Counsel for Edward B. Cottingham, Jr.,*
*ZAI Trustee))*
M. Dawes Cooke, Esquire
Barnwell Whaley Patterson & Helms LLC
288 Meeting Street, Ste 200
Charleston, SC 29401

*FIRST CLASS MAIL*
*(Asbestos PI Trust)*
B. Thomas Florence, Executive Director
WRG Asbestos PI Trust
c/o ARPC
1220 19th Street NW, Suite 700
Washington, DC 20036

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
Philip E. Milch, Esquire
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Ann McMillan, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005-5802

*FIRST CLASS MAIL*
*(Special Insurance Coverage Counsel to the*
*Official Committee of Asbestos Personal*
*Injury Claimants )*
Robert M. Horkovich, Esquire
Robert Y. Chung, Esquire
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
James C. Melville, Esquire
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

*FIRST CLASS MAIL .*
*(Counsel to Asbestos PI Trust)*
Edward E. Steiner, Esquire
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

*FIRST CLASS MAIL*
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Knapp, Jr., Esquire
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

*FIRST CLASS MAIL*
*(Counsel to the Official Committee of Equity*
*Security Holders)*
David E. Blabey, Jr., Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036


**FIRST CLASS MAIL**
*(Counsel to Samson Hydrocarbons)*
Greg A. Lowry, Esquire
Locke Lord, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

**FIRST CLASS MAIL**
*(Counsel to BNSF Railway Company)*
Edward C. Toole, Jr., Esquire
Pepper Hamilton LLP
300 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

**FIRST CLASS MAIL**
*(Creditor)*
Michael R. Sew Hoy, Civil Division
U.S. Department of Justice
1100 L. Street, N.W., Room 10048
Washington, DC 20005

**First Class Mail**
*(Counsel to Numerous Asbestos Claimants)*
Scott W. Wert, Esquire
Roger Heath, Esquire
Foster & Sear, LLP
817 Greenview Drive
Grand Prairie, TX 75050

**FIRST CLASS MAIL**
*(Counsel to Continental Casualty Company,
Transportation Insurance Company, CAN
ClaimPlus, Inc., as successor in interest to
RSKCo Services, Inc. f/k/a Transcontinental
Technical Services, Inc.)*
Jonathan W. Young, Esquire
Edwards Wildman Palmer LLP
225 West Wacker Drive
Chicago, IL 60606-1229

**FIRST CLASS MAIL**
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Rizzardi, Esquire
Jessica Tsao, Esquire
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

**FIRST CLASS MAIL**
*(Counsel for the United States)*
Charles M. Oberly, III, US Attorney
Kathryn Keneally, Asst. US Attorney
Ari D. Kunofsky, Trial Attorney
U. S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044

**FIRST CLASS MAIL**
*(Counsel for Norfolk Southern Railway
Company)*
Kevin M. Andris, Esquire
Norfolk Southern Railway Company, Law
Dept.
Three Commercial Place
Norfolk, VA 23510-9242

**FOREIGN FIRST CLASS**
*(Counsel to Canadian ZAI Claimants)*
Yves Lauzon, Esquire
Michel Belanger, Esquire
Lauzon Belanger Lesperance Inc.
286 Saint-Paul West, Suite 100
Montréal, Quebec H2Y 2A3
CANADA



WR Grace 37th Omni Obj to Claims Service
List
Case No. 01-1139
Document No. 197745
19 – First Class Mail

**First Class Mail**
(Trial Counsel for W.R. Grace & Co.)
Rosemary S. Lewis, Esquire
Borton Petrini LLP
777 So. Figueroa Street, Suite 4250
Los Angeles, CA 90017

**First Class Mail**
(Counsel for Appellant, Gary S. Smolker, In
Pro Per)
Gary S. Smolker, Esquire
Law Offices of Gary S. Smolker
16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

**First Class Mail**
(Counsel for James and Julie Holland)
Michael B. Geibel, Esquire
Gibbs, Giden, Locher & Turner, LLP
2029 Century Park East
One Century Plaza, 34th Floor
Los Angeles, CA 90067-3039

**First Class Mail**
Counsel for Truck Underwriters
Association; Farmers Group, Inc.; Farmers
Insurance Group of Companies)
Sara Thorpe, Esquire
Gordon & Rees
275 Battery Street, 20th Floor
San Francisco, CA 94111

**First Class Mail**
(Counsel for Frontier Pacific Insurance
Company)
Joshua Solomon, Esquire
2020 Santa Monica Blvd., Suite 210
Santa Monica, CA 90404

**First Class Mail**
(Counsel for Lance Robbins; Angela
Verdum; Gerald Ivory)
Michael H. Raichelson, Esquire
Proctor, McCarthy & Slaughter
789 S. Victoria Avenue, Suite 305
Ventura, CA 93003-5419

**First Class Mail**
(Counsel for Matthew J. Fredericks;
Virginia K. Cipriano)
Peter Godfrey, Esquire
Gilbert, Kelly, Crowley & Jennett
1055 West Seventh Street, Suite 2000
Los Angeles, CA 90017-2577

**First Class Mail**
(Counsel for Joseph A. Bailey)
John J. Waller, Jr., Esquire
Finestone & Richter
11601 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

**First Class Mail**
(Counsel for State Farm Fire & Casualty
Co.)
Pamela E. Dunn, Esquire
Daniel J. Koes, Esquire
Dunn Koes LLP
336 South Euclid Avenue
Pasadena, CA 91101

**First Class Mail**
(Counsel for Allstate Insurance Co.)
Michael M. Pollak, Esquire
Pollak, Vida & Fisher
1800 Century Park East, Suite 400
Los Angeles, CA 90067-1507

**First Class Mail**
(Counsel for Rick Thompson; Home Saving
Termite Control Inc.; Wayne Morris)
Prindle, Decker & Amaro
310 Golden Shore, 4th Floor
P.O. Box 22711
Long Beach, CA 90801-5511

**First Class Mail**
(Counsel for TIG; Pacific Villas HOA)
David M. Grey, Esquire
Grey & Grey
233 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

**First Class Mail**
(Counsel for Dennis A. Babbit; Goregis
Group, Inc.; Goregis Insurance Co.; Dean &
Associates; California Insurance Company)
Jeffrey A. Charlston, Esquire
Robert D. Hoffman, Esquire
Charleston, Revich & Chamberlin
1925 Century Park East, Suite 1250
Los Angeles, CA 90067

**First Class Mail**
(Counsel for Reliance Insurance Company)
David L. Hughes, Esquire
Stacie Brandt, Esquire
Booth, Mitchel & Strange LLP
701 South Parker Street, Suite 6500
P.O. Box 11055
Orange, CA 92856-8155

**First Class Mail**
(Counsel for Inter-Insurance Exchange of
Automobile Club)
Richard B. Wolf, Esquire
Lewis, D'Amato, Brisbois & Bisgaard
221 North Figueroa Street, Suite 12000
Los Angeles, CA 90012

**First Class Mail**
Michael A. K. Dan
Professional Corporation
1990 S. Bundy, Suite 540
Los Angeles, CA 90025

**First Class Mail**
United States Trustee
Staff Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

**First Class Mail**
Los Angeles Superior Court
Central District
Department 15
111 N. Hill Street
Los Angeles, CA 90012

**First Class Mail**
Court of Appeal
2nd Appellate District
Division 7
300 S. Spring Street, Suite 2217
Third Floor
Los Angeles, CA 90013

# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Hearing Date: March 4, 2015, at 10:00 a.m.** |
| | | **Objection Deadline: March 2, 2015 at 4:00 p.m.** |

Re: Docket No. 32497

### AMENDED NOTICE OF THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION CAPTIONED, TIG INSURANCE COMPANY V. GARY SMOLKER, ET AL., CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

TO:    (i) The Reorganized Debtors; (ii) Office of the United States Trustee; (iii) Counsel for the WRG Asbestos PI Trust; (iv) Counsel for the Asbestos PI Future Claimants Representative; (v) Counsel for the Asbestos PD Futures Claimants Representative; (vi) Counsel for the WRG Asbestos PD Trust (7A); (vii) Counsel for the WRG Asbestos PD Trust (7B); (viii) Counsel for the CDN ZAI PD Claims Fund; (ix) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; (x) the Claimants; and (xi) the parties listed on the proof of service mailing list for the California State Court Litigation.

On January 30, 2015, the above-captioned debtors and debtors-in-possession (collectively, the "Reorganized Debtors") filed the attached *Thirty-Seventh Omnibus Objection to Certain Claims Filed Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the "Objection") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Objection is attached hereto.

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

Responses to the relief requested in the Objection, if any, must be in writing and

be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **March 2,**

**2015**. At the same time, you must also serve a copy of the objections or responses, if any, upon

the following: (i) co-counsel for the Reorganized Debtors, Adam Paul, Kirkland & Ellis LLP,

300 N. LaSalle, Chicago, IL 60654 (fax 312-862-2200), Roger J. Higgins, The Law Offices of

Roger Higgins, LLC, 1 North Bishop Street, Suite 14, Chicago, IL 60607 (fax 312-577-0737),

and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor,

P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400); (ii) counsel

to the Official Committee of Unsecured Creditors, Michael Magzamen, Stroock & Stroock &

Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R.

Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington,

DE 19801-1246 (fax 302-657-4901); (iii) counsel to the Official Committee of Asbestos

Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Baena, Price & Axelrod, 1450

Brickell Avenue, Suite 2300, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph,

Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax

302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants,

Elihu Inselbuch, Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY

10152-3500 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 222 Delaware

Avenue, Suite 1620, Wilmington, DE 19801 (fax 302-426-9947); (v) counsel to the Official

Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919

Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Saul Ewing

LLP, 222 Delaware Avenue P.O. Box 1266, Wilmington, DE 19899-1397 (fax 302-421-6813);

(vi) counsel to the Asbestos PI Future Claimants' Representative, Richard H. Wyron, Orrick,

2

Herrington & Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005 (fax 202-339-8500),

and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street,

Wilmington, DE 19806 (fax 302-655-4210); (vii) the Office of the United States Trustee, Attn:

Richard L. Schepecarter, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax

number 302-573-6497); and (viii) counsel to the Asbestos PD Future Claimants' Representative,

Karl Hill, Seitz, Van Ogtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, P.O. Box 68,

Wilmington, DE 19899 (fax 302-888-0606), and Alan B. Rich, Law Office of Alan B. Rich,

Esq., 1201 Elm Street, Suite 4244, Dallas, TX 75270 (fax 214-749-0325).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL

BE HELD BEFORE THE HONORABLE KEVIN J. CAREY AT THE UNITED STATES

BANKRUPTCY COURT, 824 MARKET STREET, FIFTH FLOOR, COURTROOM 5,

*[Remainder of Page Intentionally Left Blank]*

3

DOCS_DE:197744.1 91100/001

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., [1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |

### CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the _3rd_ day of February, 2015, I caused

a copy of the following document to be served on the individuals on the attached service list in

the manner indicated:

> *Amended Notice of Thirty-Seventh Omnibus Objection to Certain Claims Filed*
> *Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary*
> *Smolker, et al., Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.)*
> *(Substantive Objection).*

_James E. O'Neill (Bar No. 4042)_

---

[1]    The Reorganized Debtors comprise of W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").


**W. R. Grace NEW 2002 Service List**
Case No. 01-1139 (KJC)
Doc. No. 191999
13 – HAND DELIVERY
27- FIRST CLASS MAIL
01 – FOREIGN FIRST CLASS

*(Counsel to Reorganized Debtors)*
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705

*HAND DELIVERY*
*(United States Trustee)*
Richard L. Schepacarter, Trial Attorney
U. S. Department of Justice
Office of the U. S. Trustee
844 King Street, Suite 2207
Wilmington, DE  19801

*HAND DELIVERY*
*(Co-Counsel for Roger Frankel FCR)*
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to Representative Counsel to*
*Canadian ZAI Claimants)*
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

*HAND DELIVERY*
*(Counsel to PD Future Claimant*
*Representative)*
R. Karl Hill, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

*HAND DELIVERY*
*(Asbestos PD Trust (7A))*
Richard B. Schiro, Corporate Trust
Administration
WRG Asbestos PD Trust
c/o Wilmington Trust
1100 N. Market Street
Wilmington, DE  19890-1625

*HAND DELIVERY*
*(Counsel to Asbestos PI Trust)*
Marla Rosoff Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel for Edward B. Cottingham, Jr.,*
*ZAI Trustee and the ZAI Claimants)*
William D. Sullivan, Esquire
Sullivan Hazeltine Allinson LLC
901 N. Market Street, Ste. 1300
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Samson Hydrocarbons)*
Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder,
P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to BNSF Railway Company)*
David M. Fournier, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Mark Hankin and Hanmar Associates MLP)*
David M. Fournier, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to the State of Montana)*
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Matthew P. Ward, Esquire
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to Plum Creek Timberlands, L.P.)*
Christopher A. Ward, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel for Norfolk Southern Railway Company)*
David J. Baldwin, Esquire
Etta R. Mayers, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19801

*FIRST CLASS MAIL*
*(Co-Counsel to Reorganized Debtor)*
John Donley, Esquire
Adam Paul, Esquire
Ryan Hehner, Esquire
Jeffrey Gettleman, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

*FIRST CLASS MAIL*
*(Counsel to Reorganized Debtor)*
Roger J. Higgins, Esquire
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL 60607-1823

*FIRST CLASS MAIL*
*(Reorganized Debtor)*
W. R. Grace & Co.
Attn: Mark Shelnitz
7500 Grace Drive
Columbia, MD 21044

*FIRST CLASS MAIL*
*(The Future Claimants' Representative)*
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Frankel Wyron LLP
2101 L Street, NW, Suite 800
Washington, DC 20037

*FIRST CLASS MAIL*
*(Counsel to Hon. Alex. M. Sanders Jr., PDFCR)*
Alan B. Rich, Esquire
Attorney and Counselor
4244 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

*FIRST CLASS MAIL*
*(Trustee - Asbestos PD Trust (7A))*
Richard B. Schiro
WRG Asbestos PD Trust
2706 Fairmount Street
Dallas, TX 75201-1958

*FIRST CLASS MAIL*
*(Counsel for Asbestos PD Trust (7A))*
Deborah D. Williamson, Esquire
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205

*FIRST CLASS MAIL*
*(Counsel for ZAI Claimants)*
Edward J. Westbrook, Esquire
Richardson, Patrick, Westbrook &
Brickman, LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(ZAI Trustee)*
Edward B. Cottingham, Jr., Esquire
The Cottingham Law Firm
317 Wingo Way, Suite 303
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(Counsel for Edward B. Cottingham, Jr.,*
*ZAI Trustee))*
M. Dawes Cooke, Esquire
Barnwell Whaley Patterson & Helms LLC
288 Meeting Street, Ste 200
Charleston, SC 29401

*FIRST CLASS MAIL*
*(Asbestos PI Trust)*
B. Thomas Florence, Executive Director
WRG Asbestos PI Trust
c/o ARPC
1220 19th Street NW, Suite 700
Washington, DC 20036

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
Philip E. Milch, Esquire
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Ann McMillan, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005-5802

*FIRST CLASS MAIL*
*(Special Insurance Coverage Counsel to the*
*Official Committee of Asbestos Personal*
*Injury Claimants )*
Robert M. Horkovich, Esquire
Robert Y. Chung, Esquire
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
James C. Melville, Esquire
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
Edward E. Steiner, Esquire
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

*FIRST CLASS MAIL*
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Knapp, Jr., Esquire
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

*FIRST CLASS MAIL*
*(Counsel to the Official Committee of Equity*
*Security Holders)*
David E. Blabey, Jr., Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

 


*FIRST CLASS MAIL*
*(Counsel to Samson Hydrocarbons)*
Greg A. Lowry, Esquire
Locke Lord, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

*FIRST CLASS MAIL*
*(Counsel to BNSF Railway Company)*
Edward C. Toole, Jr., Esquire
Pepper Hamilton LLP
300 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

*FIRST CLASS MAIL*
*(Creditor)*
Michael R. Sew Hoy, Civil Division
U.S. Department of Justice
1100 L. Street, N.W., Room 10048
Washington, DC 20005

*First Class Mail*
*(Counsel to Numerous Asbestos Claimants)*
Scott W. Wert, Esquire
Roger Heath, Esquire
Foster & Sear, LLP
817 Greenview Drive
Grand Prairie, TX 75050

*FIRST CLASS MAIL*
*(Counsel to Continental Casualty Company,*
*Transportation Insurance Company, CAN*
*ClaimPlus, Inc., as successor in interest to*
*RSKCo Services, Inc. f/k/a Transcontinental*
*Technical Services, Inc.)*
Jonathan W. Young, Esquire
Edwards Wildman Palmer LLP
225 West Wacker Drive
Chicago, IL 60606-1229

*FIRST CLASS MAIL*
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Rizzardi, Esquire
Jessica Tsao, Esquire
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

*FIRST CLASS MAIL*
*(Counsel for the United States)*
Charles M. Oberly, III, US Attorney
Kathryn Keneally, Asst. US Attorney
Ari D. Kunofsky, Trial Attorney
U. S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044

*FIRST CLASS MAIL*
*(Counsel for Norfolk Southern Railway*
*Company)*
Kevin M. Andris, Esquire
Norfolk Southern Railway Company, Law
Dept.
Three Commercial Place
Norfolk, VA 23510-9242

*FOREIGN FIRST CLASS*
*(Counsel to Canadian ZAI Claimants)*
Yves Lauzon, Esquire
Michel Belanger, Esquire
Lauzon Belanger Lesperance Inc.
286 Saint-Paul West, Suite 100
Montréal, Quebec H2Y 2A3
CANADA



WR Grace 37th Omni Obj to Claims Service
List
Case No. 01-1139
Document No. 197745
19 – First Class Mail

**First Class Mail**
(Trial Counsel for W.R. Grace & Co.)
Rosemary S. Lewis, Esquire
Borton Petrini LLP
777 So. Figueroa Street, Suite 4250
Los Angeles, CA 90017

**First Class Mail**
(Counsel for Appellant, Gary S. Smolker, In
Pro Per)
Gary S. Smolker, Esquire
Law Offices of Gary S. Smolker
16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

**First Class Mail**
(Counsel for James and Julie Holland)
Michael B. Geibel, Esquire
Gibbs, Giden, Locher & Turner, LLP
2029 Century Park East
One Century Plaza, 34th Floor
Los Angeles, CA 90067-3039

**First Class Mail**
Counsel for Truck Underwriters
Association; Farmers Group, Inc.; Farmers
Insurance Group of Companies)
Sara Thorpe, Esquire
Gordon & Rees
275 Battery Street, 20th Floor
San Francisco, CA 94111

**First Class Mail**
(Counsel for Frontier Pacific Insurance
Company)
Joshua Solomon, Esquire
2020 Santa Monica Blvd., Suite 210
Santa Monica, CA 90404

**First Class Mail**
(Counsel for Lance Robbins; Angela
Verdum; Gerald Ivory)
Michael H. Raichelson, Esquire
Proctor, McCarthy & Slaughter
789 S. Victoria Avenue, Suite 305
Ventura, CA 93003-5419

**First Class Mail**
(Counsel for Matthew J. Fredericks;
Virginia K. Cipriano)
Peter Godfrey, Esquire
Gilbert, Kelly, Crowley & Jennett
1055 West Seventh Street, Suite 2000
Los Angeles, CA 90017-2577

**First Class Mail**
(Counsel for Joseph A. Bailey)
John J. Waller, Jr., Esquire
Finestone & Richter
11601 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

**First Class Mail**
(Counsel for State Farm Fire & Casualty
Co.)
Pamela E. Dunn, Esquire
Daniel J. Koes, Esquire
Dunn Koes LLP
336 South Euclid Avenue
Pasadena, CA 91101

**First Class Mail**
(Counsel for Allstate Insurance Co.)
Michael M. Pollak, Esquire
Pollak, Vida & Fisher
1800 Century Park East, Suite 400
Los Angeles, CA 90067-1507

**First Class Mail**
(Counsel for Rick Thompson; Home Saving
Termite Control Inc.; Wayne Morris)
Prindle, Decker & Amaro
310 Golden Shore, 4th Floor
P.O. Box 22711
Long Beach, CA 90801-5511

**First Class Mail**
(Counsel for TIG; Pacific Villas HOA)
David M. Grey, Esquire
Grey & Grey
233 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

**First Class Mail**
(Counsel for Dennis A. Babbit; Goregis
Group, Inc.; Goregis Insurance Co.; Dean &
Associates; California Insurance Company)
Jeffrey A. Charlston, Esquire
Robert D. Hoffman, Esquire
Charleston, Revich & Chamberlin
1925 Century Park East, Suite 1250
Los Angeles, CA 90067

**First Class Mail**
(Counsel for Reliance Insurance Company)
David L. Hughes, Esquire
Stacie Brandt, Esquire
Booth, Mitchel & Strange LLP
701 South Parker Street, Suite 6500
P.O. Box 11055
Orange, CA 92856-8155

**First Class Mail**
(Counsel for Inter-Insurance Exchange of
Automobile Club)
Richard B. Wolf, Esquire
Lewis, D'Amato, Brisbois & Bisgaard
221 North Figueroa Street, Suite 12000
Los Angeles, CA 90012

**First Class Mail**
Michael A. K. Dan
Professional Corporation
1990 S. Bundy, Suite 540
Los Angeles, CA 90025

**First Class Mail**
United States Trustee
Staff Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

**First Class Mail**
Los Angeles Superior Court
Central District
Department 15
111 N. Hill Street
Los Angeles, CA 90012

**First Class Mail**
Court of Appeal
2nd Appellate District
Division 7
300 S. Spring Street, Suite 2217
Third Floor
Los Angeles, CA 90013

**EXHIBIT E**

02/22/2015 17:49   818788750     GARY SMOLKER          PAGE 01/01

**Via Fax Only**        February 22, 2015

WILMINGTON, DELAWARE 19801; ON MARCH 4, 2015, AT 10:00 A.M. PREVAILING

EASTERN TIME.

Dated: February 3, 2015

In re W.R. Grace & Co, et al
Reorganized Debtors

Chp 11
Case No 01-01139 (CKK)
Jointly Administered
Objection Deadline: March 4 2015
         at 4 PM
Re: Docket No. 32497
To: Adam Paul & John Donley
Fax (312) 826-2200
To: Roger J. Higgins
Fax (?)
To: Laura Davis Jones
 and James E. O'Neill
 Fax (302) 652-4400

Please send me proof of service
form for pending 37th Omnibus
Objection by return fax to
(818) 788-7503.

I agree to the lifting of the stay order so that the California
State Court Litigation may proceed.

Thank you.

                    Gary Smolker
                    Gary Smolker  CLAIM NUMBER 392

KIRKLAND & ELLIS LLP
Adam Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 836-4047

and

PACHULSKI STANG ZIEHL & JONES LLP

James E. O'Neill

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtors

DOCS_DE:197744.1 91100/001

# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al. | ) | Case No. 01-01139 (KJC) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: March 4, 2015, at 10:00 a.m. |
| | ) | Response Deadline: March 2, 2015 at 4:00 p.m. |

Re: Docket No. 32497
Claim No. 392
Claimant Gary S. Smolker

CLAIMANT GARY S. SMOLKER'S RESPONSE TO THE
THIRTY-SEVENTH OMNIBUS OBJECTION TO
CERTAIN CLAIMS FILED REGARDING PREPETITION LITIGATION
CAPTIONED TIG INSURANCE COMPANY V. GARY SMOLKER, ET. AL.,
CASE NO. BC 173952 (LOS ANGELES COUNTY SUPERIOR COURT),
DATED JANUARY 30, 2015 ("the 37th Omnibus Objection")

TO THE HONORABLE COURT,

I am in receipt of the 37th Omnibus Objection.

This response is directed to the 37th Omnibus Objection.

My name is Gary S. Smolker.

I am a claimant in the bankruptcy of the W. R. Grace & Co. in the United
States Bankruptcy Court for the District of Delaware, Case No. 01-01139.

My PROOF OF CLAIM, dated June 6, 2001, was filed on or about August 27, 2001 with the Clerk, U.S. Bankruptcy Court, District of Delaware and has been assigned Claim Number 392.

I am the person with whom counsel for the Reorganized Debtors should communicate with respect to the claim or objection thereto or my response thereto, and I possess authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant, who is me, myself.

My contact information (name, address, telephone number and fax number) is as follows:

Gary S. Smolker
16055 Ventura Blvd., Suite 525
Encino, California 91436-2609

Office Phone Number:  (818) 788-7290
Cell Phone Number: (310) 749-9735
Fax number: (818) 788-7503
E-mail: GSmolker@aol.com

In the 37th Omnibus Objection co-counsel for the Reorganized Debtors state they will ask the Court to enter an Order permitting the California State Court Litigation pending in the Los Angeles County Superior Court, captioned *TIG Insurance Company v. Gary Smolker, et al., Los Angeles Superior Court Case No. BC 173952* to proceed to judgment, if I respond to the 37th Omnibus Objection.

I too would like, and request, the Court to enter an Order permitting the California State Court Litigation pending in the Los Angeles County Superior Court, captioned *TIG Insurance Company v. Gary Smolker, et al., Los Angeles Superior Court Case No. BC 173952* to proceed to judgment.

WHEREFORE, I, claimant Gary S. Smolker, request the Court enter an Oder permitting the California State Court Litigation pending in the Los Angeles County Superior Court, captioned *TIG Insurance Company v. Gary Smolker, et al., Los Angeles Superior Court Case No. BC 173952* to proceed to judgment.

Dated: February 25, 2015

*Gary Smolker*

Gary S. Smolker, Claimant, In pro per
Claim No. 392
16055 Ventura Blvd., Suite 525
Encino, California 91436-2609
Phone: (818) 788-7290
Fax: (818) 788-7503

3

## PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case. My business address is Joseph W. Kellener, 16055 Ventura Blvd., Suite 525, Encino, California 91436.

On February 25, 2015, I served a true and correct copy of the foregoing document entitled CLAIMANT GARY S. SMOLKER'S RESPONSE TO THIRTY-SEVENTH OBJECTION TO CERTAIN CLAIMS FILED REGARDING THE PREPETION LITIGATION CAPTIONED TIG INSURANCE COMPANY V. GARY SMOLKER, ET. AL., CASE NO BC 173952 (LOS ANGELES SUPERIOR COURT), DATED JANUARY 30, 2015 the original of which is affixed hereto,

1. by First Class Mail by depositing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as shown on the attached service list - service information continued on attached page,

2. and by facsimile transmission as listed on the attached service list – service information continued on the attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


February 25, 2015   Joseph W. Kellener   _____

SERVICE BY MAIL LIST

In re: W. R. Grace & Co., Reorganized Debtors

Chapter 11, Case No. 01-01139 (KJC)

| | |
|---|---|
| KIRKLAND & ELLIS LLP<br>Adam Paul<br>300 North LaSalle Street<br>Chicago, IL 60654 | Co-Counsel for Reorganized Debtors |
| THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601 | Co-Counsel for Reorganized Debtors |
| PACHULSKI STANG ZIEHL & JONES LLP<br>James E. O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705 | Co-Counsel for Reorganized Debtors |
| Michael Magzamen<br>Stroock & Stroock & Lavan<br>180 Maiden Lane<br>New York, NY 10038-4982 | Counsel to the Official Committee of Unsecured Creditors |
| Michael R. Lastowski<br>Duane, Morris & Heckscher, LLP<br>110 N. Market Street, Suite 120<br>Wilmington, DE 19801-1246 | Counsel to the Official Committee of Unsecured Creditors |
| Scott L. Baena<br>Bilzin, Sumberg, Baena, Price & Axelrod<br>1450 Bickell Avenue, Suite 2300 | Counsel to the Official Committee of Asbestos Property Damage Claimants |

- 1 -


| | |
|---|---|
| Miami, FL 33131 | |
| Michael B. Joseph<br>Ferry & Joseph, P.A.<br>824 Mrket Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899 | Counsel to the Official Committee of Asbestos Property Damage Claimants |
| Elihu Inselbuch<br>Caplin & Drysdale, Chartered<br>375 Park Avenue, 35th Floor<br>New York,  NY10152-3500 | Counsel to the Official Committee of Asbestos Personal Injury Claimants |
| Marla Eskin<br>Campbell & Levine, LLC<br>222 Delaware Avenue, Suite 1620<br>Wilmington, DE 19801 | Counsel to the Official Committee of Asbestos Personal Injury Claimants |
| Thomas M.Mayer<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022 | Counsel to the Official Committee of Equity Holders |
| Teresa K.D. Currier<br>Saul Ewing LLP<br>222 Delaware Avenue P.O. Box 1266<br>Wilmington, DE 19899-1397 | Counsel to the Official Committee of Equity Holders |
| Richard H. Wyron<br>Orric, Herrington & Sutchliffe LLP<br>1152 15th Street, NW<br>Washington, D.C. 20005 | Counsel to the Asbestos Future Claimants' Representative |
| John C. Phillips, Jr.<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | Counsel to the Asbestos Future Claimants' Representative |

| Karl Hill<br>Seitz, Van Ogtrop & Green, P.A.<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE 19899 | Counsel to the Asbestos PD Future Claimants' Representative |
|---|---|
| Alan B. Rich, Esq.<br>1201 Elm Street, Suite 4244<br>Dallas, TX 75270 | Counsel to the Asbestos PD Future Claimants' Representative |
| Office of the United States Trustee,<br>Attention: Richard L. Schepecarter, Esq.<br>844 N. King Street<br>Wilmington, DE 19801 | |

## SERVICE BY FACSIMILE TRANSMISSION LIST

### In re: W. R. Grace & Co., Reorganized Debtors

### Chapter 11, Case No. 01-01139 (KJC)

| | |
|---|---|
| KIRKLAND & ELLIS LLP<br>Adam Paul<br>John Donley<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Facsimile: (312) 862-2200 | Co-Counsel for Reorganized Debtors |
| THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>Facsimile: (312) 577-0737 | Co-Counsel for Reorganized Debtors |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Laura Davis Jones<br>James I. O'Neill<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705<br>Facsimile: (302) 652-4400 | Co-Counsel for Reorganized Debtors |

# EXHIBIT G

**Rose Lewis**

| | |
|---|---|
| **From:** | Gary Smolker <gsmolker@aol.com> |
| **Sent:** | Tuesday, March 03, 2015 10:58 AM |
| **To:** | Roger Higgins |
| **Subject:** | Re: Grace – Smolker Claims |

Tuesday, March 3, 2015

Mr. Higgins,

Thank you for taking my call this morning.

Summarizing action items we discussed:

1. My current address is Gary S. Smolker, Smolker Law Firm, 16055 Ventura Blvd., Suite 525, Encino, CA 91436.
2. I have moved my office from Marina del Rey to Encino, California since the Grace Bankruptcy Petition was filed and my bankruptcy proof of claim was filed about 15 years ago.
3. You will see to it that the mailing list for service of papers in Grace bankruptcy matters is updated to specify my current new address in Encino, CA.: Gary Smolker, Smolker Law Firm, 16055 Ventura Blvd., Suite 525, Encino, CA. 91436.
4. My email address is GSmolker@aol.com. You will email a copy of a signed order lifting the injunction which stayed prosecution of the State Court action to me at that address.
5. I have no objection to the Bankruptcy Court lifting the injunction which stayed prosecution of the State Court action: *TIG Insurance Co. v. Gary Smolker, et al.* Case No. BC 173952 in Los Angeles Superior Court.
6. You will ask Ms. Lewis, counsel for Grace in the State Court action, to reach out to me so that we may coordinate prosecution of the State Court action going forward and will forward to me Ms. Lewis' contact information.

If convenient, please also send me a copy of Section 8.1.1 in the Plan which specifies the terms of the injunction being lifted.

Thank you.

Sincerely,

Gary S. Smolker
Office: (818) 788-7290
Cell: (310) 749-9735

1

# EXHIBIT H

Fax: (818) 788-7503

-----Original Message-----
From: Roger Higgins
To: GSmolker
Cc: James O'Neill (jo'neill@pszjlaw.com)
Sent: Tue, Mar 3, 2015 7:03 am
Subject: Grace - Smolker Claims

Mr. Smolker,
Please find attached the form of order that Grace proposes to hand up at tomorrow's hearing.
Please note that it lifts the injunction to permit the California state litigation to go forward, while also preserving Grace's existing objection to the claims.
This will preserve the rights of both Grace and yourself (and the other claimant) on a going-forward basis.
Please confirm that you have no objection to entry of the order in the form attached hereto.
Regards. R
Roger J. Higgins
**The Law Offices of Roger Higgins, LLC**
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
office: (312) 666-0431
cell: (312) 480-1984
e-mail: rhiggins@rogerhigginslaw.com
                                 **www.rogerhigginslaw.com**

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

## Rose Lewis

| | |
|---|---|
| **From:** | Roger Higgins <rhiggins@rogerhigginslaw.com> |
| **Sent:** | Tuesday, March 03, 2015 7:03 AM |
| **To:** | 'GSmolker@aol.com' |
| **Cc:** | James O'Neill (jo'neill@pszjlaw.com) |
| **Subject:** | Grace - Smolker Claims |
| **Attachments:** | Comp_Smolker_Order_as_Handed_Up.pdf; Smolker_Order_as_Handed_Up.pdf |

Mr. Smolker,

Please find attached the form of order that Grace proposes to hand up at tomorrow's hearing.

Please note that it lifts the injunction to permit the California state litigation to go forward, while also preserving Grace's existing objection to the claims.

This will preserve the rights of both Grace and yourself (and the other claimant) on a going-forward basis.

Please confirm that you have no objection to entry of the order in the form attached hereto.

Regards. R

Roger J. Higgins
**THE LAW OFFICES OF ROGER HIGGINS, LLC**
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
office: (312) 666-0431
cell: (312) 480-1984
e-mail: rhiggins@rogerhigginslaw.com
                           **www.rogerhigginslaw.com**
This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

# EXHIBIT I

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Re docket no. 32497 |
| | ) | Hearing Agenda Item no. 7 |
| | ) | |

ORDER LIFTING INJUNCTION IN PREPETITION LITIGATION CAPTIONED, TIG
INSURANCE COMPANY V. GARY SMOLKER, ET AL., CASE NO. BC 173952 (LOS
ANGELES COUNTY SUP. CT.) (JANAVS, J.) (SUBSTANTIVE OBJECTION)

Upon consideration of the *Thirty-Seventh Omnibus Objection to Certain Claims Filed
Regarding Prepetition Litigation Captioned, TIG Insurance Company v. Gary Smolker, et al.,
Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (Substantive Objection)* (the
"Claims Objection"), and it appearing that the relief requested is in the best interests of the
Reorganized Debtors, their estates, their creditors and other parties-in-interest; the Court having
jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157
and 1334 and the Amended Standing Order of Reference from the United States District Court
for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief
requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court
may enter an order consistent with Article III of the United States Constitution; venue being
proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having
been adequate and appropriate under the circumstances; and after due deliberation and sufficient
cause appearing therefor, it is hereby ORDERED that:[2]

---

[1]  The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and
W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in, as the case may be, the Claims
Objection or the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.*

1.  The Claims Objection is granted solely to the extent that the injunction set forth in Plan § 8.1.1 is lifted, and the litigation captioned, *TIG Insurance Company v. Gary Smolker, et al.*, Case No. BC 173952 (Los Angeles County Sup. Ct.) (Janavs, J.) (the "California State Court Litigation") may proceed to judgment.

2.  The objection set forth in the Claims Objection remain pending.

3.  The Reorganized Debtors have leave to supplement the Claims Objection or file further objections to the claims list in Exhibit I hereto.

4.  Notice of the Claims Objection as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order and the allowance, or disallowance, as the case may be, of the Claims.

6.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: March 4 , 2015

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

---

*R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket No. 26368] (the "Plan").

2

# EXHIBIT I

## The Claims

In re: W.R. GRACE CO., et al
OMNIBUS 37 : EXHIBIT 1 – NO LIABILITY CLAIMS

| | | | | | |
|---|---|---|---|---|---|
| 1 | HOME SAVING TERMITE CONTROL INC<br>C/O PRINDLE DECKER & AMARO<br>310 GOLDEN SHORE 4TH FL<br>LONG BEACH, CA 90802 | 387 | 01-01139 | W.R. GRACE & CO. | UNKNOWN (U)<br>UNLIQUIDATED |
| 2 | MORRIS, WAYNE<br>C/O GARY E YARDUMIAN<br>PRINDLE DECKER & AMARRO<br>310 GOLDEN SHORE 4TH FLR<br>LONG BEACH, CA 90802 | 4070 | 01-01139 | W.R. GRACE & CO. | UNKNOWN (P)<br>UNLIQUIDATED |
| 3 | SMOLKER, GARY S<br>4720 LINCOLN BLVD #250<br>MARINA DEL REY, CA 90292 | 392 | 01-01139 | W.R. GRACE & CO. | $3,500,000.00 (U)<br>UNLIQUIDATED |
| | | | | Total: | $3,500,000.00 (U) |

The classification of the claims set forth herein is the classification assarted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

* Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.
** (A) Administrative  (S) Secured  (P) Priority  (U) Unsecured

Page 1 of 1

# EXHIBIT J

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (KJC) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 32518 |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski Stang Ziehl & Jones LLP, co-counsel for the Reorganized

Debtors, in the above-captioned action, and that on the 4th day of March, 2015, she caused a copy

of the following document to be served upon the attached service list in the manner indicated:

> [SIGNED] THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN
> CLAIMS FILED REGARDING PREPETITION LITIGATION
> CAPTIONED, TIG INSURANCE COMPANY V. GARY SMOLKER, ET
> AL., CASE NO. BC 173952 (LOS ANGELES COUNTY SUP. CT.)
> (JANAVS, J.) (SUBSTANTIVE OBJECTION)

Patricia E. Cuniff

SWORN TO AND SUBSCRIBED before
me this 4th day of March, 2015

Notary Public
My Commission Expires: My Commission Expires October 14, 2016

KA JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016

---

[1]    The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace")
and W. R. Grace & Co.-Conn. ("Grace-Conn.").

DOCS_DE:181336.73 91100/001

**W. R. Grace NEW 2002 Service List**
Case No. 01-1139 (KJC)
Doc. No. 191999
13 – HAND DELIVERY
27- FIRST CLASS MAIL
01 – FOREIGN FIRST CLASS


*(Counsel to Reorganized Debtors)*
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705


*HAND DELIVERY*
*(United States Trustee)*
Richard L. Schepacarter, Trial Attorney
U. S. Department of Justice
Office of the U. S. Trustee
844 King Street, Suite 2207
Wilmington, DE 19801


*HAND DELIVERY*
*(Co-Counsel for Roger Frankel FCR)*
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806


*HAND DELIVERY*
*(Counsel to Representative Counsel to Canadian ZAI Claimants)*
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806


*HAND DELIVERY*
*(Counsel to PD Future Claimant Representative)*
R. Karl Hill, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899


*HAND DELIVERY*
*(Asbestos PD Trust (7A))*
Richard B. Schiro, Corporate Trust Administration
WRG Asbestos PD Trust
c/o Wilmington Trust
1100 N. Market Street
Wilmington, DE 19890-1625


*HAND DELIVERY*
*(Counsel to Asbestos PI Trust)*
Marla Rosoff Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1620
Wilmington, DE 19801


*HAND DELIVERY*
*(Counsel for Edward B. Cottingham, Jr., ZAI Trustee and the ZAI Claimants)*
William D. Sullivan, Esquire
Sullivan Hazeltine Allinson LLC
901 N. Market Street, Ste. 1300
Wilmington, DE 19801


*HAND DELIVERY*
*(Counsel to Samson Hydrocarbons)*
Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801


*HAND DELIVERY*
*(Counsel to BNSF Railway Company)*
David M. Fournier, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19801

*HAND DELIVERY*
*(Counsel to Mark Hankin and Hanmar*
*Associates MLP)*
David M. Fournier, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to the State of Montana)*
Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Matthew P. Ward, Esquire
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel to Plum Creek Timberlands, L.P.)*
Christopher A. Ward, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE  19801

*HAND DELIVERY*
*(Counsel for Norfolk Southern Railway*
*Company)*
David J. Baldwin, Esquire
Etta R. Mayers, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19801

*FIRST CLASS MAIL*
*(Co-Counsel to Reorganized Debtor)*
John Donley, Esquire
Adam Paul, Esquire
Ryan Hehner, Esquire
Jeffrey Gettleman, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654

*FIRST CLASS MAIL*
*(Counsel to Reorganized Debtor)*
Roger J. Higgins, Esquire
The Law Offices of Roger Higgins, LLC
1 North Bishop Street, Suite 14
Chicago, IL  60607-1823

*FIRST CLASS MAIL*
*(Reorganized Debtor)*
W. R. Grace & Co.
Attn:  Mark Shelnitz
7500 Grace Drive
Columbia, MD  21044

*FIRST CLASS MAIL*
*(The Future Claimants' Representative)*
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Frankel Wyron LLP
2101 L Street, NW, Suite 800
Washington, DC  20037

*FIRST CLASS MAIL*
*(Counsel to Hon. Alex. M. Sanders Jr.,*
*PDFCR)*
Alan B. Rich, Esquire
Attorney and Counselor
4244 Renaissance Tower
1201 Elm Street
Dallas, TX  75270

*FIRST CLASS MAIL*
*(Trustee - Asbestos PD Trust (7A))*
Richard B. Schiro
WRG Asbestos PD Trust
2706 Fairmount Street
Dallas, TX  75201-1958

*FIRST CLASS MAIL*
*(Counsel for Asbestos PD Trust (7A))*
Deborah D. Williamson, Esquire
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX  78205

*FIRST CLASS MAIL*
*(Counsel for ZAI Claimants)*
Edward J. Westbrook, Esquire
Richardson, Patrick, Westbrook &
Brickman, LLC
1037 Chuck Dawley Blvd., Bldg A
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(ZAI Trustee)*
Edward B. Cottingham, Jr., Esquire
The Cottingham Law Firm
317 Wingo Way, Suite 303
Mt. Pleasant, SC 29464

*FIRST CLASS MAIL*
*(Counsel for Edward B. Cottingham, Jr.,*
*ZAI Trustee))*
M. Dawes Cooke, Esquire
Barnwell Whaley Patterson & Helms LLC
288 Meeting Street, Ste 200
Charleston, SC 29401

*FIRST CLASS MAIL*
*(Asbestos PI Trust)*
B. Thomas Florence, Executive Director
WRG Asbestos PI Trust
c/o ARPC
1220 19th Street NW, Suite 700
Washington, DC 20036

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
Philip E. Milch, Esquire
Campbell & Levine, LLC
1700 Grant Building
Pittsburgh, PA 15219

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY 10022-6000

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Committee)*
Ann McMillan, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005-5802

*FIRST CLASS MAIL*
*(Special Insurance Coverage Counsel to the*
*Official Committee of Asbestos Personal*
*Injury Claimants )*
Robert M. Horkovich, Esquire
Robert Y. Chung, Esquire
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
James C. Melville, Esquire
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

*FIRST CLASS MAIL*
*(Counsel to Asbestos PI Trust)*
Edward E. Steiner, Esquire
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

*FIRST CLASS MAIL*
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Knapp, Jr., Esquire
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

*FIRST CLASS MAIL*
*(Counsel to the Official Committee of Equity*
*Security Holders)*
David E. Blabey, Jr., Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*FIRST CLASS MAIL*
*(Counsel to Samson Hydrocarbons)*
Greg A. Lowry, Esquire
Locke Lord, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

*FIRST CLASS MAIL*
*(Counsel to BNSF Railway Company)*
Edward C. Toole, Jr., Esquire
Pepper Hamilton LLP
300 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

*FIRST CLASS MAIL*
*(Creditor)*
Michael R. Sew Hoy, Civil Division
U.S. Department of Justice
1100 L. Street, N.W., Room 10048
Washington, DC 20005

*First Class Mail*
*(Counsel to Numerous Asbestos Claimants)*
Scott W. Wert, Esquire
Roger Heath, Esquire
Foster & Sear, LLP
817 Greenview Drive
Grand Prairie, TX 75050

*FIRST CLASS MAIL*
*(Counsel to Continental Casualty Company,
Transportation Insurance Company, CAN
ClaimPlus, Inc., as successor in interest to
RSKCo Services, Inc. f/k/a Transcontinental
Technical Services, Inc.)*
Jonathan W. Young, Esquire
Edwards Wildman Palmer LLP
225 West Wacker Drive
Chicago, IL 60606-1229

*FIRST CLASS MAIL*
*(Counsel to Plum Creek Timberlands, L.P.)*
John R. Rizzardi, Esquire
Jessica Tsao, Esquire
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

*FIRST CLASS MAIL*
*(Counsel for the United States)*
Charles M. Oberly, III, US Attorney
Kathryn Keneally, Asst. US Attorney
Ari D. Kunofsky, Trial Attorney
U. S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044

*FIRST CLASS MAIL*
*(Counsel for Norfolk Southern Railway
Company)*
Kevin M. Andris, Esquire
Norfolk Southern Railway Company, Law
Dept.
Three Commercial Place
Norfolk, VA 23510-9242

*FOREIGN FIRST CLASS*
*(Counsel to Canadian ZAI Claimants)*
Yves Lauzon, Esquire
Michel Belanger, Esquire
Lauzon Belanger Lesperance Inc.
286 Saint-Paul West, Suite 100
Montréal, Quebec H2Y 2A3
CANADA

WR Grace 37th Omni Obj to Claims Service
List
Case No. 01-1139
Document No. 197745
19 – First Class Mail


**First Class Mail**
(Trial Counsel for W.R. Grace & Co.)
Rosemary S. Lewis, Esquire
Borton Petrini LLP
626 Wilshire Blvd, Suite 975
Los Angeles, CA  90017


**First Class Mail**
(Counsel for Appellant, Gary S. Smolker, In
Pro Per)
Gary S. Smolker, Esquire
Law Offices of Gary S. Smolker
16055 Ventura Blvd., Suite 525
Encino, CA  91436-2609


**First Class Mail**
(Counsel for James and Julie Holland)
Michael B. Geibel, Esquire
Gibbs Giden Locher Turner Senet &
Wittbrodt LLP
1880 Century Park East, 12th Floor
Los Angeles, CA  90067-1621


**First Class Mail**
Counsel for Truck Underwriters
Association; Farmers Group, Inc.; Farmers
Insurance Group of Companies)
Sara Thorpe, Esquire
Gordon & Rees
275 Battery Street, 20th Floor
San Francisco, CA  94111


**First Class Mail**
(Counsel for Frontier Pacific Insurance
Company)
Joshua Solomon, Esquire
12021 Wilshire Blvd
Ste 810
Los Angeles, CA  90025


**First Class Mail**
(Counsel for Lance Robbins; Angela
Verdum; Gerald Ivory)
Beach, Proctor, McCarthy & Slaughter
789 S. Victoria Avenue, Suite 305
Ventura, CA  93003-5419


**First Class Mail**
(Counsel for Matthew J. Fredericks;
Virginia K. Cipriano)
Peter Godfrey, Esquire
Gilbert, Kelly, Crowley & Jennett
1055 West Seventh Street, Suite 2000
Los Angeles, CA  90017-2577


**First Class Mail**
(Counsel for Joseph A. Bailey)
John J. Waller, Jr., Esquire
Finestone & Richter
11601 Wilshire Blvd., Suite 1900
Los Angeles, CA  90025


**First Class Mail**
(Counsel for State Farm Fire & Casualty
Co.)
Pamela E. Dunn, Esquire
Daniel J. Koes, Esquire
Dunn Koes LLP
336 South Euclid Avenue
Pasadena, CA  91101


**First Class Mail**
(Counsel for Allstate Insurance Co.)
Michael M. Pollak, Esquire
Pollak, Vida & Fisher
11150 Olympic Blvd., Suite 980
Los Angeles, CA 90064


**First Class Mail**
(Counsel for Rick Thompson; Home Saving
Termite Control Inc.; Wayne Morris)
Prindle, Decker & Amaro
310 Golden Shore, 4th Floor
P.O. Box 22711
Long Beach, CA  90801-5511

**First Class Mail**
(Counsel for TIG; Pacific Villas HOA)
David M. Grey, Esquire
Grey & Grey
2800 28th St., Suite 330,
Santa Monica, CA 90405

**First Class Mail**
(Counsel for Dennis A. Babbit; Goregis
Group, Inc.; Goregis Insurance Co.; Dean &
Associates; California Insurance Company)
Jeffrey A. Charlston, Esquire
Robert D. Hoffman, Esquire
Charleston, Revich & Chamberlin
1925 Century Park East, Suite 1250
Los Angeles, CA 90067

**First Class Mail**
(Counsel for Reliance Insurance Company)
David L. Hughes, Esquire
Stacie Brandt, Esquire
Booth, Mitchel & Strange LLP
701 South Parker Street, Suite 6500
Orange, CA 92868

**First Class Mail**
(Counsel for Inter-Insurance Exchange of
Automobile Club)
Richard B. Wolf, Esquire
Lewis, D'Amato, Brisbois & Bisgaard
221 North Figueroa Street, Suite 12000
Los Angeles, CA 90012

**First Class Mail**
Michael A. K. Dan
Cheong, Denove, Rowell & Bennett
10100 Santa Monica Blvd.
Suite 2460
Los Angeles, CA 90067

**First Class Mail**
United States Trustee
Staff Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

**First Class Mail**
Los Angeles Superior Court
Central District
Department 15
111 N. Hill Street
Los Angeles, CA 90012

**First Class Mail**
Court of Appeal
2nd Appellate District
Division 7
300 S. Spring Street, Suite 2217
Third Floor
Los Angeles, CA 90013

PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015.5)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 626 Wilshire Blvd., Suite 975, Los Angeles, California 90017; my email address is bgonzales@bortonpetrini.com; eloaiza@bortonpetrini.com.

      On **December 30, 2016**, I served the foregoing document described as DECLARATION OF ROGER J. HIGGINS IN SUPPORT OF W.R. GRACE COMPANY AND GRACE DAVISON'S MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360 on the other parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as indicated in the attached service list.

      **BY PERSONAL DELIVERY BY ACE MESSENGER & ATTORNEY SERVICE, INC.:** I caused the aforementioned documents to be picked up from my office at the above referenced business address by an authorized courier or driver authorized by the courier service to receive documents for delivery to the person(s)/office(s) indicated above.

      **XXXX**    **BY MAIL:** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      **BY GOLDEN STATE OVERNIGHT COURIER SERVICE:** The aforementioned documents were picked up from my office at the above referenced business address by an authorized courier or driver authorized by the courier service to receive documents, in an envelope or package designated by the courier service with delivery fees provided for addressed to the person(s)/office(s) on whom it is to be served.

      **BY FAX:** I caused each document to be delivered by electronic facsimile to the offices listed above. The facsimile machine I used complied with California Rules of Court, Rule 2.003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e).

      **BY EMAIL or ELECTRONIC TRANSMISSION:**  I caused the aforementioned documents to be sent to the person or persons at the email address indicated above during normal business hours. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **December 30, 2016**, at Los Angeles, California.

Elva Loaiza

Type or Print Name        Signature

5

| | |
|---|---|
| Gary S. Smolker, Esq.<br>LAW OFFICES OF GARY S. SMOLKER<br>16055 Ventura Boulevard Suite 525<br>Encino, CA 91436-2609 | PHONE:  (818) 788-7290<br>FAX: (818) 788-7503<br>E-MAIL:  gsmolker@aol.com<br>**(Gary S. Smolker, In Pro Per)** |
| Sara Thorpe, Esq.<br>GORDON & REES<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | BUS: (415) 986-5900<br>FAX: (415) 986-8054<br>**(Truck Underwriters Association; Farmers Group, Inc; Farmers Insurance Group of Companies)** |
| Michael M. Pollak, Esq.<br>POLLAK, VIDA & FISHER<br>11150 W Olympic Blvd # 980<br>Los Angeles, CA 90064 | BUS: (310) 551-3400<br>FAX: (310) 551-1036<br>**(Allstate Insurance Co.)** |
| PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>P.O. Box 22711<br>Long Beach, CA 90801-5511 | BUS: (562) 436-3946<br>FAX: (562) 495-0564<br>**(Home Savings Termite Control; Wayne Morris)** |
| Jeffrey A. Charleston, Esq.<br>Robert D. Hoffman, Esq.<br>CHARLESTON, REVICH & WOLLITZ LLP<br>1925 Century Park E #1250<br>Los Angeles, CA 90067 | BUS: (310) 551-7040<br>FAX: (310) 203-9321<br>**(Dennis A. Babbit; Coregis Group, Inc.; Coregis Insurance Co.; Dean & Associates; California Insurance Company)** |
| David L. Hughes, Esq.<br>Stacie Brandt, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>701 South Parker Street Suite 6500<br>Orange, CA 928868 | BUS: (714) 480-8500<br>FAX: (714) 480-8533<br>**(Reliance Insurance Company)** |
| Richard B. Wolf, Esq.<br>LEWIS, D'AMATO, BRISBOIS & BISGAARD<br>633 West 5th Street Suite 4000<br>Los Angeles, CA 90071 | BUS: (213) 250-1800<br>FAX: (213) 250-7900<br>**(Inter-Insurance Exchange of Automobile Club)** |
| Michael A. K. Dan, Esq.<br>Professional Corporation<br>11301 W Olympic Blvd Suite 740<br>Los Angeles, CA 90064 | Phone Number: (310) 277-4857<br>Fax Number: (424) 832-7418<br>**(Associate Attorneys for: Defendant Matthew J. Fredericks)** |

Rev. 12/12/16

**Exhibit C**

1 | Rosemarie S. Lewis, Esq. SBN: 158891
Jeffrey Z. Liu, Esq. SBN: 276849
2 | BORTON PETRINI, LLP
626 Wilshire Boulevard, Suite 975
3 | Los Angeles, California 90017
Tel: (213) 624-2869
4 | Fax: (213) 489-3930
rlewis@bortonpetrini.com
5 | jliu@bortonpetrini.com

6 | Attorneys for Cross-Defendants W.R. GRACE &
COMPANY and GRACE DAVISON

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

11

12 | TIG INSURANCE COMPANY,
13 | A California corporation,

Plaintiff,

14 | v.

15 | GARY SMOLKER, an individual, and ALICE
16 | SMOLKER, an individual; and DOES 1-10,
inclusive,

17

Defendants.

18 | GARY SMOLKER,

19 | Cross-Complainant,

20 | v

HOME SAVINGS TERMITE CONTROL, INC., et
21 | al,,

22 | Cross-Defendants

Case No. BC173952
*Transferred to the Honorable Judge Richard Fruin
Department 15*

**NOTICE OF ENTRY OF ORDER TO
DISMISS FOR FAILURE TO BRING
ACTION TO TRIAL WITHIN FIVE YEARS
AS REQUIRED BY CODE OF CIVIL
PROCEDURE §583.310, §583.360**

RESERVATION NO.: 161115174315

Date: January 17, 2017
Time: 8:30 A.M.
Place: Department 15

23 | TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

24 | PLEASE TAKE NOTICE that on January 17, 2017 the Honorable Richard Fruin

25 | executed the Order granting Cross-Defendants W.R. GRACE & CO. and GRACE DAVIDSON'S

26 | Motion to Dismiss for Failure to Bring Action to Trial within Five Years as Required by Code of Civil

27 | Procedure §583.310, §583.360. A true and correct copy of said Order is attached hereto and

28 | 

1

h:00034\R045
K09\pleadings
rc mtn jo
dismiss\notice
of entry of

EX.C

1 | incorporated herein by this reference.

2 | Dated:   January 26, 2017                    BORTON PETRINI, LLP

3 |

4 |                                                    By_____

5 |                                                    ROSEMARIE S. LEWIS, JEFFREY Z. LIU
                                                       Attorneys for Cross-Defendant W.R. GRACE
6 |                                                    & COMPANY and GRACE DAVISON.

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

h:\0034\8\045
809\pleadings
re mtn to
dismiss\notice
of entry of

NOTICE OF ENTRY OF ORDER TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS
AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 17 2017

Sherri R. Carter, Executive Officer/Clerk
By E. Garcia, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>A California corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual; and DOES 1-10, inclusive,<br><br>                 Defendants. | Case No. BC173952<br>*Transferred to the Honorable Judge Richard Fruin*<br>*Department 15*<br><br>[PROPOSED] ORDER MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360 |
| GARY SMOLKER,<br><br>               Cross-Complainant,<br><br>v<br><br>HOME SAVINGS TERMITE CONTROL, INC., et al,,<br><br>               Cross-Defendants | RESERVATION NO.: 161115174315<br><br><br><br>Date:  December 20, 2016<br>Time:  8:30 A.M.<br>Place: Department 15 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Motion to Dismiss for Failure to Bring Action to Trial Within Five Years filed on behalf of W.R. GRACE & CO. and Grace ~~Davidson~~ *Prussia Davidson* came on regularly for hearing on December 20, 2016 at 8:30 a.m. in Department 15 of the above-entitled Court, the Honorable Richard Fruin, judge presiding.  Briefs were submitted and oral argument ensued.

12

1        FOR GOOD CAUSE APPEARING the COURT grants W.R. GRACE & CO. and Grace *Davidson*

2  ~~Davidson~~'s motion to dismiss and dismisses this case with prejudice *as to them*

3        IT IS SO ORDERED.

4  DATED: ___*Jan. 17, 2017*___      *Richard Fruin*

5                            Richard Fruin

                               JUDGE OF THE SUPERIOR COURT

PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015.5)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 626 Wilshire Blvd., Suite 975, Los Angeles, California 90017; my email address is bgonzales@bortonpetrini.com; eloaiza@bortonpetrini.com.

       On **January 26, 2017**, I served the foregoing document described as **NOTICE OF ENTRY OF ORDER TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360** on the other parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as indicated in the attached service list.

       **BY PERSONAL DELIVERY BY ACE MESSENGER & ATTORNEY SERVICE, INC.:** I caused the aforementioned documents to be picked up from my office at the above referenced business address by an authorized courier or driver authorized by the courier service to receive documents for delivery to the person(s)/office(s) indicated above.

**XXXX**     **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       **BY GOLDEN STATE OVERNIGHT COURIER SERVICE:** The aforementioned documents were picked up from my office at the above referenced business address by an authorized courier or driver authorized by the courier service to receive documents, in an envelope or package designated by the courier service with delivery fees provided for addressed to the person(s)/office(s) on whom it is to be served.

       **BY FAX:** I caused each document to be delivered by electronic facsimile to the offices listed above. The facsimile machine I used complied with California Rules of Court, Rule 2.003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e).

       **BY EMAIL or ELECTRONIC TRANSMISSION:** I caused the aforementioned documents to be sent to the person or persons at the email address indicated above during normal business hours. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 26, 2017**, at Los Angeles, California.

B. Gonzales
_____
Type or Print Name           Signature

NOTICE OF ENTRY OF ORDER TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360

h:\003\13\045
809\pleadings
re min\to
dismiss\notice
of entry of

| Gary S. Smolker, Esq.<br>LAW OFFICES OF GARY S. SMOLKER<br>16055 Ventura Boulevard Suite 525<br>Encino, CA 91436-2609 | PHONE:  (818) 788-7290<br>FAX: (818) 990-9888<br>E-MAIL:  gsmolker@aol.com<br>**(Gary S. Smolker, In Pro Per)** |
|---|---|
| Sara Thorpe, Esq.<br>GORDON & REES<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | BUS: (415) 986-5900<br>FAX: (415) 986-8054<br>**(Truck Underwriters Association; Farmers Group, Inc; Farmers Insurance Group of Companies)** |
| Michael M. Pollak, Esq.<br>POLLAK, VIDA & FISHER<br>11150 W Olympic Blvd # 980<br>Los Angeles, CA 90064 | BUS: (310) 551-3400<br>FAX: (310) 551-1036<br>**(Allstate Insurance Co.)** |
| PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>P.O. Box 22711<br>Long Beach, CA 90801-5511 | BUS: (562) 436-3946<br>FAX: (562) 495-0564<br>**(Home Savings Termite Control; Wayne Morris)** |
| Jeffrey A. Charleston, Esq.<br>Robert D. Hoffman, Esq.<br>CHARLESTON, REVICH & WOLLITZ LLP<br>1925 Century Park E #1250<br>Los Angeles, CA 90067 | BUS: (310) 551-7040<br>FAX: (310) 203-9321<br>**(Dennis A. Babbit; Coregis Group, Inc.; Coregis Insurance Co.; Dean & Associates; California Insurance Company)** |
| David L. Hughes, Esq.<br>Stacie Brandt, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>701 South Parker Street Suite 6500<br>Orange, CA 928868 | BUS: (714) 480-8500<br>FAX: (714) 480-8533<br>**(Reliance Insurance Company)** |
| Richard B. Wolf, Esq.<br>LEWIS, D'AMATO, BRISBOIS & BISGAARD<br>633 West 5th Street Suite 4000<br>Los Angeles, CA 90071 | BUS: (213) 250-1800<br>FAX: (213) 250-7900<br>**(Inter-Insurance Exchange of Automobile Club)** |

Rev. 1/26/17

4

NOTICE OF ENTRY OF ORDER TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN FIVE YEARS AS REQUIRED BY CODE OF CIVIL PROCEDURE §583.310, §583.360

EXHIBIT  D

1   GARY E. YARDUMIAN, ESQ. (State Bar No. 131411)
**LAW OFFICES OF PRINDLE, DECKER & AMARO, LLP**
P.O. BOX 22711
2   310 GOLDEN SHORE, 4TH FLOOR
LONG BEACH, CA 90801-5511
3   TELEPHONE:   (562) 436-3946
FAX NO. (562) 495-0564
4
Attorneys for Cross-Defendants, HOME SAVING TERMITE CONTROL, INC.,
5   and W.F. MORRIS

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF LOS ANGELES**

10

11   TIG INSURANCE COMPANY, a California        )   CASE NO. :   BC 173952
Corporation,                               )
12                                               )   Assigned for all purposes to Judge Richard
Plaintiff,                        )   Fruin, Department 15
13                                               )
vs.                                         )   **DESIGNATION OF EXPERT**
14                                               )   **WITNESSES OF CROSS-DEFENDANTS**
GARY SMOLKER, an individual, and ALICE )   **HOME SAVING TERMITE CONTROL,**
15   SMOLKER, an individual, and DOES 1-10,     )   **INC. and W. F. MORRIS**
inclusive,                                 )
16                                               )   (C.C.P. § 2034)
Defendants.                       )
17   _____ )   TRIAL DATE:        June 11, 2001
                                               )
18   AND ALL RELATED CROSS-ACTIONS.            )
                                               )
19   _____

20
            TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
21
            CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. and W. F. MORRIS
22
    hereby submit the following list of expert witnesses pursuant to <u>Code of Civil Procedure</u>  § 2034.
23
    Said experts shall be sufficiently familiar with the pending action to submit to a meaningful deposition
24
    concerning their opinions and testimony and its basis.
25

26                                                          1
GEY/Smolker/EXPERT.DES.DOCX
            **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE**
27           **CONTROL, INC. AND W.F. MORRIS**

28                                   EX D

1          1.       Dr. James Caplan; Cedars-Sinai Medical Group, 250 North Robertson Blvd., Suite 606,

2    Beverly Hills, CA 90211; (310) 385-3385.

3          2.       Howard Spielman, CIH; Health Science Associates, 10771 Noel St., Los Alamitos, CA

4    90720, (714) 220-3922.

5          3.       Ronald E. Gots, M.D., Ph.D; International Center for Toxicology and Medicine, 6001

6    Montrose Road, Suite 400, Rockville, MD    20852-4858, (301) 230-2999.

7          4.       James T. Long, M.D., Ph.D; 650 Moreno Avenue, Los Angeles, CA    90049,

8    (310) 395-7392;

9          5.       West Harrington, Harrington Construction Co., Inc., 22632 Golden Springs Dr., #215,

10   Diamond Bar, CA    91765, (909) 861-5452;

11         6.       Joel M. Cohen, CIH, The Cohen Group, 2555 Flores Street, Suite 500, San Mateo,

12   California 94403, (650) 349-9737;

13         7.       John M. Van Hooser, P. O. Box 610866, San Jose, California 95161-0866, (408)

14   536-0550;

15         8.       Dr. Rudolph H. Scheffrahn, University of Florida, 3205 College Avenue, Fort

16   Lauderdale, FL    33314, (954) 577-6312;

17         9.       Doug Fowler, Fowler Associates, Bayport Marina Plaza, 643 Bair Island Rd. , Suite 305

18   Redwood City, Ca;

19         10.      Any and all expert witnesses designated by all other parties.

20         11.      Cross-Defendants may call certain non-retained witnesses who may also offer

21   testimony, including issues of industry standards, custom and practice, due care, and/or health risks:

22              a.      Jerry Burke;

23              b.      Julian Convey;

24              c.      Mark Bruaski;

25              d.      Tom Minahan;

26

27

28

GEY/Smolker/EXPERT.DES.DOCX

**DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

| | | |
|---|---|---|
| 1 | e. | Brian P. Daly; |
| 2 | f. | Norma Martin; |
| 3 | g. | John A. Meador; |
| 4 | h. | Vinh Q. Pham; |
| 5 | i. | Doug Fowler; |
| 6 | j. | Gary Wnorowski; |
| 7 | k. | Greg Adams; |
| 8 | l. | Duane Schnabel; |
| 9 | m. | Jeffrey Humphreys; |
| 10 | n. | Evenor A. Masis; |
| 11 | o. | Wayne Morris; |
| 12 | p. | Corey Arentz; |
| 13 | q. | Rikk Thompson; |
| 14 | r. | Matthew Fredericks; |
| 15 | s. | David Gay; |
| 16 | t. | Josh Randall; |
| 17 | u. | Carolyn Newby; |
| 18 | v. | Jerry Kelley; |
| 19 | w. | Brent McCoy; |
| 20 | x. | Wayne Morris, Jr.; |
| 21 | y. | John Cervantes; |
| 22 | z. | Juan Limon; |
| 23 | aa. | Michael Block; and |
| 24 | bb. | Francis J. Offerman. |

25    11.    In addition, Cross-Defendants may also call certain non-retained witnesses who may

26

GEV/Smolker/EXPERT.DES.DOCX

3

27    **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

28

1    also offer opinion evidence, including   all of Cross-Complainants' treating physicians and medical

2    providers as non-retained experts.   Said witnesses may include:

3          a.    Dr. Seymour Besem;

4          b.    Dr. Alan Frankel;

5          c.    Dr. Howard Hodis;

6          d.    Dr. Thomas Horowitz;

7          e.    Dr. Carlton Lee;

8          f.    Dr. Glenn Gorlitsky;

9          g.    Dr. Bruce Edwards;

10         h.    Dr. Robert Merz;

11         i.    Dr. Letantia Bussell;

12         j.    Dr. Joshua Trabulis;

13         k.    Dr. Maoshing Ni;

14         l.    Dr. Nachman Brautbar;

15         m.    Dr. Clarke David Espy;

16         n.    Dr. John House;

17         o.    Dr. Marilou Terpenning;

18         p.    Dr. John S. Link;

19         q.    Dr. Jay Orringer;

20         r.    Dr. Armando Guilano;

21         s     Dr. Patricia Wolfson;

22         t.    Dr. Leslie Botnick;

23         u.    Dr. Cornelia Daly;

24         v.    Dr. Marna Geisler;

25         w.    Dr. Rodney Bluestone;

26                                                      4

GEY/Smolk/EXPERT.DES.DOCX

27    **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE
      CONTROL, INC. AND W.F. MORRIS**

28

1        x.      Dr. Suparna Jain;

2        y.      Dr. Catherine Fuller;

3        z.      Dr. Edward W. Malphus;

4        aa.    Dr. Frisca Yan-Go;

5        bb.    Dr. Robert Landaw;

6        cc.    Dr. Eugene Freed;

7        dd.    Dr. Philip Harber;

8        ee.    Dr. Joseph Fedoruk; and

9        ff.    All of Cross-Complainants' treating physicians and nurses.

10      Cross-Defendants reserve the right to call experts listed by or on behalf of, other parties to this

11 litigation and hereby incorporate by reference, all information supplied by other such parties in their list

12 of expert witnesses.   Furthermore, Cross-Defendants reserve all rights to call additional or

13 supplemental experts who are designated as provided for in Code of Civil Procedure § 2034.

14 DATED: April 25, 2001

                                  PRINDLE, DECKER & AMARO LLP

15

16

17                               By: _____

                                    GARY E. YARDUMIAN

18                                Attorneys for Cross-Defendants, HOME SAVING
                                  TERMITE CONTROL, INC., and W.F. MORRIS

19

20

21

22

23

24

25

26                                5

GEY/Smolkey/EXPERT.DES.DOCX

27    **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

28

<u>**DECLARATION OF GARY E. YARDUMIAN**</u>

1                   

2      I, Gary E. Yardumian, declare:

3      I am an attorney duly licensed to practice law in all courts of the State of California, and

4  am a partner in the law firm of Prindle, Decker & Amaro, attorneys of record for Cross-Defendants,

5  HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS.   As such, I have personal

6  knowledge of the files and pleadings in this matter, as well as the facts stated below. If called upon as a

7  witness, I could and would competently testify as follows.

8      1.      James L. Caplan, M.D., is a Board Certified pulmonologist and internal medicine

9  specialist, whose education, experience, and background are incorporated herein by reference through

10  his Curriculum Vitae, attached hereto.   Dr. Caplan performed an Independent Medical Examination of

11  Cross-Complainant Gary Smolker,   and reviewed his medical records.   Dr. Caplan is expected to

12  testify regarding Cross-Complainant's examination, review of medical records of Cross-Complainants,

13  their physical condition, treatment, and alleged damages; as well as the causation between the incident

14  and the alleged damages of both Cross-Complainants, the diagnosis, prognosis, and the reasonableness

15  of the care received by Cross-Complainants and the costs thereof.   Dr. Caplan will be sufficiently

16  familiar with this matter to submit to a meaningful oral deposition and to give trial testimony.   Dr.

17  Caplan's fee for deposition is $400.00 per hour, with a two hour minimum.

18      2.      Attached hereto is the Curriculum Vitae of John M. Van Hooser , whose education,

19  experience and qualifications are incorporated herein by reference, as described in the attached

20  curriculum vitae.   Mr. Van Hooser will be testifying regarding the pest control work performed by

21  Home Saving Termite Control, Inc. at the Pacific Villas condominiums; the general method and use of

22  desiccants as insecticides and pesticides; the custom, practice and industry of standard relating to the

23  use of desiccants in the pest control industry; the various processes and   applications for termite

24  treatments; and the practices, procedures, regulations, and policies of the Structural Pest Control Board

25  and its affiliate organizations, including the Department of Pesticide Regulation and the Environmental

26

GEY/Smolker/EXPERT.DES.DOCX

27  **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

28

1  Protection Agency.   Mr. Van Hooser will be sufficiently familiar with this case to submit to a

2  deposition and has agreed to provide meaningful testimony at trial. His fee for deposition is $200.00

3  per hour with a four hour minimum, and payment must be received from deposing counsel at the time

4  of the deposition.

5       3.    Howard B. Spielman, PE, CIH, CSP, is a Certified Industrial Hygienist,

6  Professional Engineer, Registered Environmental Health Specialist, Diplomate of the

7  American Academy of Industrial Hygiene, and a Certified Safety Professional with more than

8  30 years' experience.   Mr. Spielman has agreed to testify at trial and will be sufficiently

9  familiar with the pending action to submit to a deposition.   He is expected to testify regarding

10  (i)   the likely amount and sources of particulate and dust in Cross-Complainants' residence,

11  and to which the Smolkers have been exposed; (ii) opinions on indoor air quality;   (iii) the

12  chemical composition of such particulate and dust; and (iv) safety standards for such

13  particulate and dust.   Mr. Spielman's fee for deposition and trial testimony is $300 per hour.

14       4.    Ronald E. Gots, M.D., Ph.D., is a board certified surgeon, with a Ph.D. in

15  Pharmacology.   He is also a Certified Toxicologist.   His education, experience and qualifications are

16  incorporated herein by reference, as described in the attached curriculum vitae.   Dr. Gots has agreed

17  to testify at trial and will be sufficiently familiar with the pending action to submit to a

18  deposition. He is expected to testify regarding (i) the toxicological effects on the human body

19  of the allegedly toxic substances and toxins to which the Smolkers have been exposed; (ii)

20  the medical and scientific literature as it pertains to the toxicology of those substances, and

21  (iii) whether those substances caused and/or created any adverse health conditions to which

22  Cross-Complainants have been exposed, and the diagnosis and prognosis of same.   In

23  addition, he is expected to testify concerning any relationship between the allegedly toxic

24  substances at issue in this case and breast cancer.   Dr. Gots' fee for deposition testimony is

25  $1600.00, for up to four hours of deposition testimony, and must be paid in advance.   Any

26                                                        7

GEY/Smolker/EXPERT.DES.DOCX

27    **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE
       CONTROL, INC. AND W.F. MORRIS**

28

1    time beyond four hours will be charged at the rate of $400.00 per hour.

2        5.     James T. Long, M.D., Ph.D. is a board certified psychiatrist, with a Ph.D. in

3    Psychoanalysis.  His education, experience and qualifications are incorporated herein by reference,

4    as described in the attached curriculum vitae.   Dr. Long has agreed to testify at trial and will be

5    sufficiently familiar with the pending action to submit to a deposition.  He is expected to testify

6    regarding the alleged emotional distress suffered by Cross-Complainants as a result of

7    Cross-Defendants' actions, as well as Cross-Complainants' alleged emotional distress suffered as a

8    result of observing the physical and mental changes in their daughters brought about as a result of

9    Cross-Defendants' actions.  Dr. Long's fee for deposition is $350.00 per hour, with a two hour

10   minimum.

11        6.     Joel M. Cohen, MPH, CIH, is a Certified Industrial Hygienist, with a Masters of Public

12   Health.  His education, experience and qualifications are incorporated herein by reference, as

13   described in the attached curriculum vitae.   Mr. Cohen has agreed to testify at trial and will be

14   sufficiently familiar with the pending action to submit to a deposition.  He is expected to testify

15   regarding the condition of Cross-Complainants' premises, the interior wall voids, air pressure

16   relationships and differentials, the potential mobility of particles into the subject premises and/or the

17   living space, and the risk to human health in exposure to such particles.  His fee for deposition is

18   $275.00 per hour, with a two hour minimum, payable at the beginning of the deposition.

19        7.     West Harrington is a licensed general contractor for the states of California and Nevada.

20   His education, experience and qualifications are incorporated herein by reference, as described in the

21   attached curriculum vitae.   Mr. Harrington has agreed to testify at trial and will be sufficiently

22   familiar with the pending action to submit to a deposition.  He is expected to testify regarding the

23   scope and costs of any proposed repairs and/or remediation of Cross-Complainants' subject premises.

24   His fee for deposition is $250.00 per hour, with a four hour minimum.

25        8.     Rudolph H. Scheffrahn, Ph.D., is an associate professor at the University of Florida, and

26

8

**DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

27

28

1  has a doctorate in entomology.   His education, experience and qualifications are incorporated herein

2  by reference, as described in the attached curriculum vitae.    Dr. Scheffrahn has agreed to testify

3  at trial and will be sufficiently familiar with the pending action to submit to a deposition.   He is

4  expected to testify regarding the customary termite control practices; the efficacy of termite control

5  products, including desiccants, on pests; and the method and manner in which desiccants act to control

6  structure infesting termites.   His fee for deposition is $200.00 per hour.

7      9.      Cross-Defendants reserve the right to call any of Cross-Complainants' treating

8  physicians.

9      10.     Cross-Defendants reserve the right to call as expert witnesses any and all expert

10  witnesses designated by all of the parties, and to designate or de-designate any experts listed as

11  provided for in Code of Civil Procedure   § 2034.

12      I declare under penalty of perjury that the foregoing is true and correct and this declaration was

13  executed on this 25th day of April, 2001, in Long Beach, California.

14

15  ____

16  Gary E. Yardumian, Declarant

17

18

19

20

21

22

23

24

25

26

GEY/Smolkey/EXPERT.DES.DOCX

9

27  DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE

CONTROL, INC. AND W.F. MORRIS

28

### (PROOF OF SERVICE)

1

2  STATE OF CALIFORNIA              )
                                     ) ss.
3  COUNTY OF LOS ANGELES            )

4

5      I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

6

7      On **April 25, 2001**, I served the foregoing document described as:

8                    **DESIGNATION OF EXPERT WITNESSES**

9  on all interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

10            **SEE ATTACHED SERVICE LIST**

11      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with U.S. postal service on that same day with
12  postage thereon fully prepaid at Long Beach, California in the ordinary course of business.   I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter
13  date is more than one day after date of deposit for mailing in affidavit.

14      _xx_  **(By Mail)**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

15

16  _____      **(By Fax)**  I caused such document to be faxed at Long Beach, California, from Fax  No.(562) 495-0564 to Fax No. _____
17  at _____ directed to _____.   The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.   Pursuant to Rule 2005(I), I
18  caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

19  _____      **(By Personal Service)**   I caused such envelope to be delivered by hand to the addressee(s).

20      _xx_  **(State)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
21

22  _____  **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23      Executed on **April 25, 2001**, at Long Beach, California.

24
                                _____
25                                       M. ESTHER JUAREZ

26                                          10

GEY/Smolker/EXPERT.DES.DOCX

27  **DESIGNATION OF EXPERT WITNESSES OF CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS**

28

EXHIBIT E

6/14/2017                     Douglas Fowler Obituary - San Francisco, CA | San Francisco Chronicle

Obituaries

Legacy.com          OBITUARIES | FUNERAL HOMES | SEND FLOWERS | NEWS & ADVICE | MEMORIA

# DOUGLAS PANGBORN FOWLER

⌄ Obituary  ⟩ Condolences





Douglas Pangborn Fowler, PhD, CIH Doug entered into peace at his home on Orcas Island, WA, September 22, 2007 after succumbing to melanoma. His fiancée, Susan Ishida, was by his side. Doug was born in Walla Walla, WA, on August 21, 1937. He grew up in eastern Washington and later moved to Montana, where he graduated from Whitefish High School. He served a tour of duty in the Air Force. In 1964 he married Arlene Rankin. Later that year they welcomed their first child, Mark, and a second son, Eric in 1967. Eric passed away in 1995. After 26 years of marriage, Doug and Arlene divorced. Doug lived in the San Francisco Bay Area for 33 years and semi-retired to Orcas Island in 2002. Doug graduated with a BS in preventive medicine from the University of Washington in 1967. He received an M.S. in public health from UCLA in 1970. He earned his PhD in environmental health sciences, UC Berkeley in '81 with minors in biostatistics and mechanical engineering. Doug founded Fowler Associates, an occupational and environmental health services consulting firm in the SF Bay Area in 1982. He was a certified industrial hygienist and held academic appointments at San Jose State University, UC Berkeley and UCSF, where he was a member of the clinical faculty in the Department of Medicine. Doug was a distinguished visiting professor at the Iuliu Hateiganu University of Medicine and Pharmacy and a Visiting Professor at Babes-Bolyai University in Romania, where he volunteered his time. His many publications included peer-reviewed journal articles, book chapters, contributions to conference proceedings and major project reports. When his sons were young, Doug was the scoutmaster for their Boy Scout Troop. He served on the Board for Mateo Lodge, a support organization for the mentally ill. His hobbies included photography, woodworking, boating, reading, travel, horseback riding and performing arts. Doug earned a black belt in Judo and he played tuba in the Orcas Island Community Band. He is survived by his fiancée, Sue of Belmont CA; his former wife Arlene of Seattle, WA, their son, Mark of Summit NJ, daughter-in-law, Maureen, and grandchildren, Kayleigh, Christopher and Jeffrey. Doug's fourth grandchild is due in December. Friends reception service at the Alumni House ( ) California, Berkeley campus on October made in Doug's memory to the non-prof PO Box 50, Deer Harbor, WA 98243.

Published in San Francisco Chronicle on Sept. 30, 2007

## RESOURCES

📄 More Obituaries for Douglas Fowler

📄 Looking for an obituary for a different person with this name?



**Funeral Etiquett**
Expert advi do and say someone d

✦ancestry
Interested in the Fowler name?

Learn More

EX. E

6/14/2017
Douglas Fowler Obituary - San Francisco, CA | San Francisco Chronicle

## REMEMBER
Share memories or express condolences below.

THE GUEST BOOK IS EXPIRED

*"I have known Doug Fowler for over 30 years. He was a gentleman and the penultimate professional. The..."*

-Robert Archer
   **8 ENTRIES**

Please restore the Guest Book
to share in the life story for
DOUGLAS PANGBORN FOWLER

**RESTORE THE GUEST BOOK**

amZmZmZmZPwuOcnngxgBaH59pdLbeLiM09EFZAAAAAL8sqwAgBgAAlAYAAAIAAABb8vg
je8HENvk4x8YuN0NlAQoADoJTEFYMTozNzY1/bn=75625/referrer=http%3A%2F%2Fwww.

## RESOURCES

- **Send Funeral Flowers**
- **Donate to Charity**

## FIND ADVICE & SUPPORT

- **Funeral Etiquette**
- **How to Write a Sympathy Note**

< BACK TO TODAY'S OBITUARIES



PRIVACY POLICY | TERMS | CONTACT US | FAQ | © 2017 Legacy.com. All rights reserved.

≪ancestry
Interested in the Fowler name?

Learn More

1

**PROOF OF SERVICE**
*TIG Insurance Company v. Gary Smolker, et al.*
**Case No. BC173952**

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

5

6    On ⁷⁼³⁻, 2017, I served the foregoing document described as **CROSS-DEFENDANTS HOME SAVING TERMITE CONTROL, INC. AND W.F. MORRIS'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO BRING ACTION TO TRIAL WITHIN TWO YEARS OF MISTRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JACK C. NICK; AND [PROPOSED] ORDER** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

7

8

9

10    SEE ATTACHED SERVICE LIST

11    ☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

12

13

14

15    ☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

16

17

18    ☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

19

20    ☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

21    ☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23    ☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

24

25    Executed on ⁷⁻³⁻, 2017, at Long Beach, California.

26
                                                    KIM FINE

27

28

1

*TIG Insurance Company v. Gary Smolker, et al.*
*Case No. BC173952*

2

3

SERVICE LIST

4

Gary S. Smolker, Esq.                    ***Cross-Complainant, In pro per***
Smolker Law Firm

5

16055 Ventura Blvd., Suite 525
Encino, CA 91436-2609

6

Tel: No.: (818) 788-7290
Fax No.: (818) 990-9888

7

E-mail: GSmolker@aol.com

8

9

Peter Schwartz, Esq.                     ***Attorneys for Cross-Defendant, TRUCK***
Steven R. Inouye, Esq.                   ***INSURANCE EXCHANGE***

10

GORDON & REES, LLP
633 West Fifth Street, 52nd Floor

11

Los Angeles, CA 90071
Tel. No.: (213) 576-5019

12

Fax. No.: (213) 680-4470

13

David L. Hughes, Esq.                    ***Attorneys for Reliance Insurance Group***
BOOTH, MITCHEL & STRANGE, LLP

14

701 South Parker Street, Suite 6500
Orange, CA 92868

15

Tel. No.: (714) 480-8500
Fax No.: (714) 480-8533

16

17

Richard B. Wolf, Esq.                    ***Attorneys for Inter-Insurance Exchange of***
LEWIS, BRISBOIS, BISGARD & SMITH          ***Automobile Club***

18

633 W. Fifth Street, Suite 4000
Los Angeles, CA 90071

19

Tel No.: 213/ 250-1800

20

Jeffrey A. Charleston, Esq.              ***Attorneys for Dennis A. Babbit; Coregis Group,***
CHARLESTON, REVICH & WOLLITZ LLP          ***Inc.; Corgeis Insurance Co.; Dean &***

21

1925 Century Park East, Suite 1250       ***Associates; California Insurance Co.***
Los Angeles, CA 90067

22

Tel No: 310/551-7040
Fax No.: 310/203-9321

23

Mark Kincaid                             ***Associated Attorneys for Cross-Defendants***

24

Thomas Abbott                            ***HOME SAVING TERMITE CONTROL, INC.***
Kyle Briggs                              ***and W.F.MORRIS***

25

KINCAID & ASSOCIATES
1851 East First Street, Suite 900

26

Santa Ana, California 92705:
Telephone Number: (714) 955-6995

27

Fax Number: (714) 784-2546

28

**THIS IS YOUR CRS RECEIPT**

| INSTRUCTIONS |
|---|
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



**RESERVATION INFORMATION**

**Reservation ID:** **170512218790**
**Transaction Date:** June 30, 2017

**Case Number:** BC173952
**Case Title:** TIG INSURANCE COMPANY VS GARY SMOLKER ET AL
**Party:** HOME SAVING TERMITE CONTROL INC. (Cross-Defendant)

**Courthouse:** Stanley Mosk Courthouse
**Department:** 015
**Reservation Type:** **Other motion (not otherwise listed)**
**Reservation Type Description:** MOTION TO DISMISS
**Date:** 8/22/2017
**Time:** 08:30 am

**FEE INFORMATION (Fees are non-refundable)**

| Description | Fee |
|---|---|
| Reschedule Fee - Other motion (not otherwise listed) | $20.00 |
| **Total Fees:** Receipt Number: 1170630K0092 | **$20.00** |

**PAYMENT INFORMATION**

**Name on Credit Card:** Kenneth Prindle
**Credit Card Number:** XXXX-XXXX-XXXX-0537

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**

THIS IS YOUR CRS RECEIPT

| INSTRUCTIONS |
|---|
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



**RESERVATION INFORMATION**

| | |
|---|---|
| **Reservation ID:** | **170512218790** |
| **Transaction Date:** | May 12, 2017 |
| **Case Number:** | BC173952 |
| **Case Title:** | TIG INSURANCE COMPANY VS GARY SMOLKER ET AL |
| **Party:** | HOME SAVING TERMITE CONTROL INC. (Cross-Defendant) |
| **Courthouse:** | Stanley Mosk Courthouse |
| **Department:** | 15 |
| **Reservation Type:** | **Other motion (not otherwise listed)** |
| **Reservation Type Description:** | MOTION TO DISMISS |
| **Date:** | 6/19/2017 |
| **Time:** | 08:30 am |

**FEE INFORMATION (Fees are non-refundable)**

First Paper Fee:   Party asserts first paper was previously paid.

| Description | Fee |
|---|---|
| Other motion (not otherwise listed) | $60.00 |
| **Total Fees:** Receipt Number: 1170512K8506 | **$60.00** |

**PAYMENT INFORMATION**

| | |
|---|---|
| **Name on Credit Card:** | Kenneth Prindle |
| **Credit Card Number:** | XXXX-XXXX-XXXX-0537 |

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**