Page 1

1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3   Case No. 01-01139

4   - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   W.R. GRACE & CO., et al.,

8

9           Debtors.

10  - - - - - - - - - - - - - - - - - x

11

12                      United States Bankruptcy Court

13                      Robert N.C. Nix Sr. Federal Courthouse

14                      900 Market Street

15                      Philadelphia, PA 19107

16

17                      February 1, 2021

18                      11:47 AM

19

20

21  B E F O R E :

22  HON ASHELY M. CHAN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO - UNKNOWN

1    HEARING re Motion for Summary Judgement

2

3    HEARING re Motion for leave to file additional pleadings

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1   A P P E A R A N C E S :

2

3   PACHULSKI STANG ZIEHL & JONES LLP

4         Attorney for W.R. Grace & Co.

5         919 North Market Street, 17th Floor

6         Wilmington, DE 1980

7

8   BY:  JAMES E. O'NEILL, ESQ. (TELEPHONICALLY)

9

10   THE LAW OFFICES OF ROGER HIGGINS LLC

11         Attorney for W.R. Grace & Co.

12         516 N Ogden Avenue, Suite 136

13         Chicago, IL 60642

14

15   BY:  ROGER J. HIGGINS, ESQ. (TELEPHONICALLY)

16

17   ALSO APPEARING TELEPHONICALLY:

18   VIKTORIYA SHPIGELMAN

19   GARY S. SMOLKER, pro se

20

21

22

23

24

25

1               P R O C E E D I N G S

2               CLERK:  Good afternoon.  This is Judge Chan's 12

3     o'clock list for February 1st.  The matter before her is

4     W.R. Grace & Company.  Motion for summary judgment and

5     motion for leave to file additional pleadings.  Could

6     parties and counsel make their appearance, please?

7               MR. O'NEILL:  Good afternoon.  This is James

8     O'Neill, Pachulski Stang Ziehl & Jones, on behalf of W.R.

9     Grace.  And appearing with me this morning is my co-counsel

10    in this matter, Roger Higgins.  Also on the line for Grace

11    is our client, Victoria Spiegelman, the senior corporate

12    counsel of Grace.  And we also have our Declarant, Rosemarie

13    Lewis on the telephone today.  Thank you.

14              MR. SMOLKER:  I am here, too.  My name is Gary

15    Smolker.  I am the Claimant.

16              THE COURT:  Okay.  All right, well, can everyone

17    hear me okay?

18              MR. SMOLKER:  I can hear you okay.

19              THE COURT:  Okay, good.  So, I guess I would just

20    like to start this hearing with a bit of an unusual

21    announcement.  One of the immediate members in my family had

22    to be scheduled for an emergency procedure, so I'm actually

23    at the hospital right now.  And because of that, I'd like to

24    just try to make this hearing as efficient as possible.

25              I want to assure all of you that I've read all of

1   the pleadings that everyone has filed.  And I guess in order

2   to make this go as quickly as possible so we don't get

3   interrupted, what I'd like to do is I'd like to first ask

4   Mr. Smolker if there was anything that you want to add to

5   your argument in connection with your motion for additional

6   time to respond to summary judgment as well as your request

7   for additional discovery.

8           If there's anything that you have not already

9   included in any of your pleadings, I'd like to hear that

10  now.  But if you've already made the statement -- you know,

11  and I've read all about the various health issues you've

12  had, and the scams, and everything.  But is there anything

13  that you have not raised in any of your pleadings that you

14  would like me to consider?

15          MR. SMOLKER:  Yes, thank you very much.  I have

16  two statements.  One, I don't understand what you are

17  referring to when you say pleadings.  I have for various

18  status conferences, and in connection with asking for status

19  conferences I submitted various papers, and in those various

20  papers I stated the law regarding statute of limitations,

21  unfair competition and other matters that I didn't have time

22  to include in my opposition or in my request for additional

23  time.  And in my request for additional time, I wasn't given

24  enough time to make my motion for additional time, and I was

25  deprived of the opportunity of responding to what Grace

1    said.  And if things had gone according to what I thought

2    was the way they were supposed to go, I would've had 21 days

3    to fill in the blanks.

4         And I sent, on January 31st, a memo that contains

5    all the relevant law concerning statute of limitations.  And

6    the law is very clear that what Grace said about the statute

7    of limitations is completely wrong, and I'll get into that

8    in a second.  And, also, I would like to say that granting

9    Grace's motion would nullify an important policy adopted for

10   the benefit of the policy, which is safety, and that I put

11   in my declaration with all the pages that I filed that I

12   didn't have time to tie together for you that Grace failed

13   to register with the California Department of Pesticide

14   Regulation.  I gave you the Food & Ag code.  It failed to

15   register with the Environmental Protection Agency, and I

16   gave you the Federal Insecticide, Fungicide, and Rodenticide

17   Act, 7 U.SC., Section 136 et seq.

18        And I also told you that Judge Janus placed a

19   limit on the pleadings, which made it impossible for me to

20   say everything I wanted to.  And in the declaration I gave

21   you, most importantly, but I didn't have time to discuss it,

22   Exhibit 8.  Exhibit 8 is an order signed by the Court of

23   Appeals on January 3, 2020 that says in part:  "The only

24   issue is the procedural issue arising from the dismissal.

25   The merits of the case are not at issue at this time and the

1    Court will not entertain argument pertaining to those

2    issues."

3           So, in other words, the dismissal was not a

4    decision on the merits.  In fact, it was not allowed to be

5    discussed on the merits.  And even if the judge hadn't said

6    that, which all three justices did say that, when a case is

7    technically dismissed, it's not res judicata.  It's not a

8    dismissal on the merits.

9           So, when I spoke to Mr. Higgins and Mr. O'Neill at

10   our meet and confer, they said that their entire motion was

11   based on that it had been dismissed, which is an invalid

12   reason because that's not a decision on the merits.  And it

13   was expressly said by the Court of Appeals that they

14   wouldn't entertain any comment on the merits.  And that it

15   was because the statute of limitations for personal injury

16   had run, which is completely wrong.

17          And in my memo I give you all the code sections on

18   statute of limitations.  Statute of limitations for personal

19   injury or any case starts or commences when the complaint

20   naming the people are filed.  And that's the date it is.

21   They say because I amended my complaint, I got outside the

22   statute of limitations for personal injury.  And the law

23   also says that when -- and I have this in my January 31st

24   memo -- that for statute of limitations purposes -- excuse

25   me, I needed some water.  My throat is dry.

```
1              For statute of limitations purposes, the time

2     relates back to when the original complaint was filed if it

3     concerns the same parties and the same general facts, which

4     is exactly what this was.  And I also point out that my

5     claim is for personal injury to my body, which the statute

6     of limitations didn't run.  It's for injury to my personal

7     property, which has a different statute of limitations --

8     and as for injury to my real property, which has yet another

9     statute of limitations.

10             And it's for a product that's installed in the

11    building that causes damage to property, which has another

12    statute of limitations.  And that my claim is an unfair

13    competition law action, which has yet another statute of

14    limitations, which is four years, and that that four years

15    is the one that is applied regardless.  And I give youthe

16    code section and the case that says that.

17             So, in short, what Grace has done with first

18    ending it at 750 pages, which I had to look at and I thought

19    I would find things that were wrong with it and I did --

20    with Ms. Lewis' statement, for example, that the Court of

21    Appeals said in a sentence somewhere that Mr. Massa said

22    there's no problem in breathing it.  That's pure hearsay and

23    it's just submitted for the reason of, you know, getting

24    prejudice.  It's not admissible evidence.  And, actually,

25    there was a summary judgment motion which Grace brought and
```

1    lost, and I gave you the rulings of the trial judge on

2    Grace's summary judgment motion.  And the trial judge, Mr.

3    Fruin, found that Grace did not register its product with

4    the State of California Department of Pesticide Regulations

5    or with the federal government EPA and, therefore, it was

6    illegal.

7            Making things even worse is, in my mind, is, Grace

8    originally treated this as an -- and excuse me if I have the

9    terminology in bankruptcy wrong -- treated this is as a

10   substantial claim, meaning that it accepted that it had

11   liability.  The only question was how much.  And then later,

12   it never asked the Court for permission to amend its

13   objection.  But without getting leave to amend its

14   objection, it filed its motion for summary judgment which

15   contains an entirely new objection.  The entirely new

16   objection which wasn't in the original objection is the

17   statute of limitations and the effect of the dismissal of

18   the action.

19           So we have them proceeding without following the

20   right procedure.  If Grace had asked for permission to amend

21   its objection instead of just doing it, we could have nipped

22   the whole thing in the bud.  Instead, we ended up having

23   Grace file over a thousand pages and me in my naivete,

24   reading it line by line and finding all the faults with

25   everything that was being done and getting lost in the

1   details so that's -- I'm sorry I didn't have enough time to

2   put all the exhibits together and discuss them fully with

3   you.  And I've explained it was just impossible to absorb

4   the quantity of information presented and to extract from it

5   the story.

6          But the bottom line is, there's absolutely no

7   validity legally or factually to their motion for summary

8   judgment and it's only because of lack of time that I wasn't

9   able to tell that story better.  But in the declaration that

10  I did file which you did read I did go through it, and I did

11  say that Grace didn't -- it failed to register with the

12  California authority, failed to register with the federal

13  authorities, and I also gave you the -- Exhibit 8 which is

14  the order saying this is not about the merits of the case.

15  And also I gave you the food and ag code section so you can

16  see that this is illegal.

17          THE COURT:  Okay.  All right.  Well, thank you for

18  all of that Mr. Smolker.  I guess what I'd like to first do

19  is turn to your request that was made on January 15th.  And

20  just to clarify, when I said pleadings at the outset, all I

21  meant was, I have reviewed every filing that you've made in

22  connection with your claim and objection to summary judgment

23  and various related requests and I've also read, obviously,

24  W.R. Grace's.  So when I used the word pleading before I

25  just meant, you know, whatever you filed on the court

1    docket.  I have read all of that stuff.  And just to

2    streamline this, I'd like to first address your request for

3    additional time to either gather more exhibits, to get more

4    information, to submit a more thorough objection to the

5    summary judgment motion by Grace, as well as what appears to

6    be a request under Rule 56 for an opportunity for you to

7    sort of adjourn the summary judgment hearing in order to

8    allow you to take additional discovery on Grace or whoever

9    else you think might be appropriate.  So that's what I'm

10   going to address first, and then I'm going to -- why don't

11   we just start there.

12            I've read -- I've heard everything you just said

13   and I've read all of your papers, like I said, and

14   unfortunately, I'm going to be forced to deny that request

15   for two reason.  One, I don't believe that there's any

16   excusable neglect that would justify additional time for you

17   to file any more exhibits, affidavits, pleadings, or

18   anything in this case, because Grace did file their motion

19   for summary judgment on August 3rd, 2020, with an objection

20   deadline of August 17th, and you did file some kind of a

21   late partial response to that on August 18th and requested

22   that I give you additional time until November 5th.

23            When I held a hearing on September 17th, we agreed

24   that you would have until December 16th, 2020, to file your

25   supplemental summary judgment response.  On the eve of that,

1    as you'll recall, you asked for additional time and although

2    I was reluctant, I did give that to you under the condition

3    that no more extensions would be granted.  When you filed

4    your further supplemental summary judgment response, it

5    appeared that you then made another request for even more

6    time to file further information, and I had a hearing on

7    January 8th where I basically said that at that point, I

8    wasn't prepared to give you any more time.  You said that

9    you wanted to file something and perhaps have it heard

10   before the summary judgment hearing today.

11           You've now filed some documents.  Given the great

12   amount of time that you have had to respond to the summary

13   judgment motion filed by W.R. Grace, I don't think that

14   there's any need at this point for you to file anything

15   else.  And I think you're perhaps, you know, focused on

16   maybe facts that you think might help your case or your

17   opposition to summary judgment, when I think at this point,

18   all we really have is summary judgment on the -- your proof

19   of claim -- are legal arguments.  So for all those reasons,

20   I'm not going to find that there is excusable neglect here

21   to justify any more filings.  I think I've got a very good

22   picture of what your arguments are and what the facts are in

23   this case.

24           Furthermore with regard to any requests under

25   56(d) to take additional discovery and to delay the summary

1   judgment hearing, in order to do that, you needed to

2   identify what additional discovery information or facts are

3   needed and how if that information was disclosed those facts

4   would preclude summary judgment by creating a genuine issue

5   of material facts and why you were unable to obtain

6   discovery that you felt necessary to respond to that.

7           So for all those reasons, I will not be adjourning

8   the summary judgment hearing.  I don't think there's any

9   need to take additional discovery at this point.  And I

10  would like to turn now to the merits of the summary judgment

11  hearing which I heard you talk about and I'm actually in

12  agreement with you about some matters of that.  But, as I

13  said before, I believe that this is purely a legal argument.

14  So, I guess, Mr. Higgins, will you be responding on behalf

15  of W.R. Grace today?

16          MR. HIGGINS:  Yes, Your Honor, I am.

17          THE COURT:  Okay.  Okay.

18          MR. SMOLKER:  Your Honor, may I respond to

19  something you just said?

20          THE COURT:  If it's quick, you may.  Is it going

21  to be quick?

22          MR. SMOLKER:  Yes.  I did not file my original

23  objection late.  I called up the court helpline and asked

24  them how things worked, and the way it works is you do not

25  file things at the window.  You put them in a box, a

1    collection box, and then they -- court personnel in the

2    clerk's office collects it and then they file it.  My

3    document as my proof of service says and as I said, was

4    overnight delivered on time so it was not late.

5             The second thing I'd like to say is that the

6    immense amount time I had was taken up by the totally

7    irrelevant things I was making of a list of to talk about

8    and I just ran out of time and the tremendous number of

9    things I had to put together to send to you in order to show

10   you the entire story.  And I'm glad you agree with some of

11   the points because I think it's clear law that the decision

12   of the Court of Appeals is not on the merits and that they

13   have the statute of limitations wrong by the law.  And I'm

14   just sorry because I'm a bit of a perfectionist, and I just

15   felt really bad about not having time to fill the blanks,

16   and I did say in my --

17            THE COURT:  Don't feel -- yeah, yeah.  You

18   shouldn't feel bad at all.  I have like the best law clerk

19   in the history of mankind and she has done all of the

20   research on the legal arguments on motions for summary

21   judgment, so now I'd like to turn to Mr. Higgins.

22            So, Mr. Higgins, Grace makes two arguments in

23   connection with its summary judgment motion.  The first

24   argument is res judicata and the second one is the statute

25   of limitations.  After -- we looked at the case law that

1    you've cited.  I think we're inclined to agree with Mr.

2    Smolker that it doesn't appear that there was any decision

3    by the California State Court on the merits of Mr. Smolker's

4    claim against W.R. Grace.  It was simply that, you know, he

5    failed to take to trial the various claims that he had

6    against Grace.  So while he's barred by res judicata from

7    bringing those claims against Grace in state court, it was

8    not clear to us that he'd be barred from bringing those

9    claims against Grace in a different court.

10            But before I have you respond to that, I think we

11   found your other argument to be more persuasive depending on

12   the applicable statute of limitations.  So, Mr. Higgins,

13   when did you think that the statute of limitations started

14   to run?  You know, we were thinking that it could have been

15   as early as October 11th, 1996, when Mr. Smolker's

16   condominium area was first treated by termite control or

17   perhaps, you know, in October 10th of '97, when he filed his

18   cross complaint against Grace or at the least latest, it

19   seemed to us it would be November 4th, 1997, when he filed

20   his first amended complaint counter claim against Grace in

21   connection with various claims he had.

22            So when do you think the statute of limitations

23   began to run for Mr. Smolker, Mr. Higgins?

24            MR. HIGGINS:  Thank you, Your Honor.  I can

25   address the res judicata issue and the dismissal of this

```
1    case, but -- separately -- but let's focus on the statute of
2    limitations issue you requested.
3              THE COURT:  Yeah.
4              MR. HIGGINS:  Grace agrees that October 11th and
5    12th is the likely commencement of the running of the
6    statute of limitations because at that point under relevant
7    California law, all of the elements were either known or
8    suspected -- known to Mr. Smolker or suspected by Mr.
9    Smolker, i.e., the extermination had happened, clearly
10   everybody knew about that.  There's certainly statements in
11   Mr. Smolker's various complaints the there was discussion of
12   potential dangers in the -- in his fifth amended complaint
13   and in his first amended complaint -- looking to paragraph
14   16 of his 16th amended complaint, in particular.
15             Within a short period after October 11th and 12th,
16   Mr. Smolker began complaining of being poisoned by the
17   extermination to his neighbors, the (indiscernible), and
18   others.  We can find that in the fifth amended complaint,
19   paragraph 22.  After October --
20             THE COURT:  So Mr. Higgins, are you saying -- when
21   you say October 11th -- just to be clear -- you're saying
22   that in those amended complaints he was alleging that he was
23   complaining about these health issues back in October of
24   1996.  Is that what you're saying?
25             MR. HIGGINS:  Yes, Your Honor.  I think that --
```

1              THE COURT:  Okay.

2              MR. HIGGINS:  Here's what I would say, is, we

3     believe that October 11th -- or 11th and 12th, excuse me --

4     October 11th and 12th are the best dates --

5              THE COURT:  Of 1996?

6              MR. HIGGINS:  -- to fix -- of 1996 -- to fix to

7     the one-year statute of limitations.  I'll go into why it's

8     the one-year statute of limitations in just a moment.

9              But there are other facts to show -- to be adduced

10    from the first, fifth, -- first, second, and fifth amended

11    complaints which were attached to our initial summary

12    judgment motion to Ms. Lewis's declaration that show that

13    within a very, very short period after the extermination,

14    Mr. Smolker was complaining about ill effects of the

15    extermination.  There's evidence in the first amended

16    complaint that prior to -- in August of 1996 -- prior to the

17    extermination, there had been meetings by the homeowners'

18    association.  His then-wife Alice Graham, was the -- I

19    believe, the treasurer of the homeowners' association so

20    there was clear communication about all the relevant aspects

21    of the extermination even prior to the extermination itself.

22             But when you look at the post-October 11th and

23    12th period, you can see that, certainly within days or

24    weeks thereafter, Mr. Smolker is complaining to his

25    neighbors.  He's complaining to the extermination company

1    which is -- and in fact, the extermination company went in

2    on the 13th of December of 1996 to clean the place up -- to

3    clean the condominium up.

4          So that under sort of any theory I think based on

5    these facts that it was, as I said, October 11th or 12th,

6    maybe a few days or a couple of weeks after that, but I

7    think Grace believes on the balance of the facts that are

8    available to us in Mr. Smolker's own pleadings that October

9    11th and 12th is the starting date.

10         THE COURT:  Okay.  Good.  Now can I also turn your

11   attention to the various causes of action that existed at

12   the time of Grace's filing?  Now I know that, you know, he

13   filed various complaints and at one time, there was a -- you

14   know, there were various claims, but according to your

15   pleadings, I think that Grace believes that as of the

16   petition date, there were only three remaining claims that

17   had not yet been dismissed or dropped by Mr. Smolker, and

18   that would have been fraud which I believe you say has a

19   three-year statute of limitations; negligence which has a

20   one-year statute of limitations; and strict liability which

21   also has a one-year statute of limitation.

22         I know that there was a nuisance claim and I --

23         MR. HIGGINS:  Yeah.

24         THE COURT:  And you didn't mention it, but I know

25   that that was something that Mr. Smolker had -- so could you

1    first tell me what you believe the remaining claims to be in

2    existence as of the petition date, and then can you just

3    confirm that those are in fact that applicable statutes of

4    limitations?

5              MR. HIGGINS:  Yes.  Yes, Your Honor.  The best

6    exhibit for that is Exhibit 2 to Mr. Smolker's declaration

7    and -- which is an order that was entered by Judge Fruin

8    relating to this summary judgment motion and that was

9    entered on December 13th of 2000, okay.  So this is prior to

10   the petition date.

11             THE COURT:  2000 (indiscernible) yeah.

12             MR. HIGGINS:  Yeah, the -- yes, the petition date

13   was April 2nd, 2001, Your Honor.

14             THE COURT:  Yep.

15             MR. HIGGINS:  So if you look at the second page,

16   there is a --

17             THE COURT:  Okay.

18             MR. HIGGINS:  -- table there where the Court has

19   laid out -- it says, cross complaint (indiscernible) Gary

20   and Alice Smolker pled in their fifth amended cross

21   complaint the following causes of actions against the

22   parties who are moving for summary judgment and/or summary

23   adjudication.  Claim number 8 was strict liability to Grace

24   -- I'm ignoring all the parties other than Grace --

25             THE COURT:  Yeah, of course.  Of course, yeah,

1    yeah.

2                MR. HIGGINS:  Negligent -- something called

3    negligence per se towards Grace.  Then you had 13 which was

4    nuisance, 30 which was fraud, and 31 which was interference.

5    Now it is true that in the -- in Ms. Lewis's declaration, it

6    states that -- the 30th cause of action is fraud -- was

7    still alive, had not been dismissed by the Court.  But this

8    -- and that was an error, Your Honor.  My apologies for

9    that.  We did not have a copy of this order at the time.  We

10   were relying on the appellate court's opinion.  But when you

11   look at Judge Fruin's order on the 3rd page, it says, the

12   Court denies summary judgment to Grace.  Court grants

13   summary judgment to Grace -- excuse me -- the Court grants

14   Grace summary adjudication on the Smolker's 13th, that is

15   the nuisance; 30th, that is the fraud; and 31st causes of

16   action, that is the interference.

17                THE COURT:  Okay.

18                MR. HIGGINS:  And it said, the Court requires

19   further briefing as to the eighth cause of action which is

20   the strict liability.  So in Grace's view, the only causes

21   of action that are -- were -- still alive as of April 2nd,

22   2001, were number eight, strict liability, and number nine,

23   negligence, per se.  And so --

24                THE COURT:  Okay.  And both of those only have a

25   one-year statute of limitations?

1           MR. HIGGINS:  Both of those only have a one-year

2    statute of limitation under Section 340, parens 3, which is

3    the -- which was at the time, the 1996 California Code of

4    Civil Procedure -- was the applicable statute of

5    limitations.  So in Grace's view, the statute of limitations

6    began on -- began running on October 11th and 12th of 1996,

7    ran 'til October 11th and 12th, 1997.  And it's interesting

8    to note and I think you could go on inference from the fact

9    that Mr. Smolker filed his first cross-complaint on October

10   10th, 1997, one day before the period of limitations

11   expired.

12           THE COURT:  Okay.  Well, you know, at the very

13   latest, the statute of limitations would have to have run on

14   November 4th, 1997, but I think that there are good

15   arguments for it possibly to have started earlier.  However,

16   in light of the fact that Grace didn't file for bankruptcy

17   until 2001, I don't think we need to split hairs on the

18   precise starting date because I do agree that he certainly

19   was aware of it, certainly was suspicious, though that could

20   not possibly have been told by the discovery rules.

21           So, I guess, Mr. Higgins, where I'd like to -- my

22   last question for you is the following.  I'm now satisfied

23   that your statute of limitations argument, the second

24   argument appears to be a winner.  I really don't see any

25   other way around it.

1            We had concerns about your res judicata arguments,

2     along the lines of what Mr. Smolker had raised, which is

3     that if there had been an adjudication by the California

4     State Court on the merits of the claims, you know, that were

5     ultimately, you know, adjudicated by that court, then we

6     would have found that res judicata applied.

7            But the case law that we read that was in your

8     brief and that we independently researched basically

9     suggested that res judicata would only bar Mr. Smolker from

10    refiling those claims in a California State Court, and that

11    if the statute of limitations had not run out, he might have

12    been able to raise those same claims in a different court.

13           So my question to you is, since it appears to the

14    Court that you're going to win on the statute of

15    limitations, you know, did you want an opportunity to argue

16    that, you know, as a further ground that res judicata bars

17    Mr. Smolker from having this Court look at those claims.  I

18    raise that because there's certainly a possibility that my

19    order will be appealed.

20           And for purposes of appeal, while I'm going to

21    rule on the one -- you know, your second argument in favor

22    of Grace, at this point, I don't see persuasive case law

23    that would allow me to rule in Grace's favor with regard to

24    your first argument on the res judicata.  But if you wanted

25    an opportunity to brief that and if you think that there's

1    definitely case law out there that would allow me to find

2    that res judicata is an additional argument, regardless of

3    the fact that the merits weren't reached, I would allow you

4    to file that briefing.

5              So would you like additional time to submit

6    briefing or do you believe that we're probably right about

7    the fact that res judicata is not going to get you to where

8    you need to be and just hang your hat on the statute of

9    limitations argument.

10             MR. HIGGINS:  Your Honor, I would -- I think that

11   the -- what I would -- I think I can accomplish this by, if

12   you would bear with me just for a moment, at least making

13   the arguments here.

14             THE COURT:  Yeah, that's fine.  And I guess what I

15   would ask you, sir, just given the time that -- I'm not sure

16   how much time I have left for the hearing.

17             MR. HIGGINS:  Sure, sure.

18             THE COURT:  But if you did want to submit

19   additional briefing, I would be happy to consider a very

20   informal letter brief just identifying the cases that you'd

21   like us to look at if we somehow missed them.  I mean, I

22   think you understand my position on your argument.  So to

23   the extent that you have cases and argument that you could

24   just put together in a letter, I would be happy to consider

25   that before issuing my ruling.

1           MR. HIGGINS:  Thank you, Your Honor.  We will do

2    that additional briefing in a letter, and we will get that

3    to you as soon as we can.

4           THE COURT:  Okay, so let's do this.  Mr. Smolker,

5    I just want to turn to you, sir.  I want to make sure that

6    you understand what the Court is ruling.  We actually agree

7    with you, Mr. Smolker, about your res judicata argument.

8    It's a little shocking to me as a pro se litigant that

9    you're able to do all this, but it's impressive.

10           But on the statute of limitations argument, which

11    is the second argument that W.R. Grace raised in its motion

12    for summary judgment, it seems to the Court that the only

13    two claims that were in existence as of the date that W.R.

14    Grace filed for bankruptcy in April of 2001 were the

15    negligence claim that you had against them and your strict

16    liability claim.

17           Now, assuming that you and the Court are -- that

18    we're right about the fact that res judicata doesn't bar you

19    from making that argument before me, there is a one-year

20    statute of limitations that are applicable to both

21    negligence and strict liability.  And if that's the case, at

22    the very latest, I know that you knew that you were

23    potentially exposed to products that could have been harmful

24    to your health.  At the very latest, I know you know that as

25    of November 4th, 1997 because in your first amended

1    counterclaim against Grace, you specifically raised those

2    health issues that you were concerned about.

3              So if the statute of limitations run at the very

4    latest as of November 4th, 1997 and there's a one-year

5    statute of limitation for the strict liability and

6    negligence claim, that means that you were only permitted to

7    file those claims in a different court at the latest on

8    November 4th, 1998, which, of course, didn't happen.

9              So at this point, I'm going to be bound to follow

10   the law and enter an order granting W.R. Grace's motion for

11   summary judgment.

12             MR. SMOLKER:  Excuse me, Judge, can I comment on

13   that?

14             THE COURT:  Yes, you may, Mr. Smolker.

15             MR. SMOLKER:  I would say you're halfway there.

16   Business and Profession Code Section 17200, which is the

17   unfair competition law, says that any unlawful, unfair or

18   fraudulent business act or practice is actionable under the

19   unfair competition law; that's Business and Profession Code

20   Section 17200 et seq.  Unlawful covers business acts or

21   practices that violate any state or federal law.

22             I can give you a case on that: Charles J. Vacanti,

23   M.D., Inc. v. State Comp. Insurance Fund, 2001, 24 Cal. 4th

24   800, 827.  The statute of limitations for actions brought

25   under the unfair competition law is four years.  The

1    Business and Profession Code Section 17208.  The unfair

2    competition law four-year statute of limitations admits of

3    no exceptions, and thus applies to unfair competition

4    actions based on violations of statutes with shorter

5    limitation periods.  Any action that is an unfair

6    competition law cause of action is subject to the four-year

7    period of limitations created by that section.

8            I give your attention to a California Supreme

9    Court case, Cortez v. Purolator Air Filtration Products

10   Company in 2000, 23 Cal. 4th 163, 178 through 179.  All you

11   have to do is state that a federal law or a state law has

12   been violated and that you have been damaged.  It doesn't

13   matter what you title your cause of action.  All you have to

14   do is say that.  All the complaints say that a state law and

15   a federal law have been violated, and it gives you the state

16   law and the federal law and it gives you the testimony of

17   all the government officials that say it was violated.

18            So I would say it was violated, but in any event,

19   if not, it's just an issue.  So the statute of limitations

20   is four years because it's claimed in the allegations that a

21   federal law and a state law were violated and, as a result

22   of that, there was an injury.  So I think you ought to

23   consider that and read Business and Profession Code Section

24   17200 et seq. and the statute of limitations, which is

25   17208, and the Cortez v. Purolator case.

1          Now as to the fraud cause of action exist.  Judge

2     Janis, in all the papers you'll see, limited the number of

3     pages I could have in my pleadings.  And in my subsequent

4     amended complaints, I put that they're done under protest

5     and it's a violation of due process.  I was not allowed to

6     plead my cause of action.  I had so many people and so many

7     things to say and I was limited page-wise.

8          But, in any event the unfair competition law does

9     it.  Also, you focus on the personal injury.  My claim, if

10    you read the claim, is for property damage and personal

11    injury and there are different statute of limitations for

12    whether or not it's personal injury or strict liability for

13    ultra-hazardous activities causing injury to real property,

14    or strict liability action for causing injury to personal

15    property.  Real property or personal property.  They are

16    different than strict liability for personal injury.

17          So, they only gave you one statute of limitations,

18    which is for personal injury, in a case that includes injury

19    to real property, injury to personal property and unfair

20    competition.

21          THE COURT:  Okay, well, unfortunately, sir, I did

22    not see any surviving claim in the California State Court

23    for unfair competition or property damage, or anything else

24    like that.  The only claims that I saw surviving, as of the

25    date of the petition of Grace's filing, was the negligence

1    and strict liability.

2             MR. SMOLKER:  Well --

3             THE COURT:  That's what appears.  And to the

4    extent that, you know, you didn't have sufficient time or an

5    opportunity to plead other causes of action, you know,

6    unfortunately, if you had an issue with the way that the

7    State Court handled your claims, you referenced that you had

8    a due process violation there -- unfortunately, my hands are

9    tied.  You know, when you think that a state court has not

10   done something that it should have and it's violated your

11   due process rights, your only remedy at that point is to

12   take it up on appeal within the state government.

13            There's nothing, as a federal court, that I can do

14   to help you.  Even assuming that you're right and that there

15   were due process violations, you know, once you have those

16   claims in big court, any arguments, defenses,

17   (indiscernible), anything that you have there, objections,

18   they have to be raised and adjudicated within the state

19   court.  And I as, the federal court, am not permitted to

20   just jump in and say, well, you didn't do this.  Because

21   even if they did do something wrong, I don't have the

22   jurisdiction to do that.

23            MR. SMOLKER:  Your Honor, I won't argue with you

24   on that.

25            THE COURT:  Okay.

1          MR. SMOLKER:  But I will disagree with you.  I

2     just want to say that the interesting issue you've just

3     highlighted is what is the claim?  I say the claim isn't

4     measured by what they say the causes of actions were in the

5     complaint.  The claim is whatever the claim was.  The claim

6     was put forth in my claim.  I filed that 392 and I said, I

7     claim damages for injury to personal property, to property

8     and to person.  So, it --

9          THE COURT:  Right.  So, my recollection is that

10     your proof of claim was based upon the California State

11     Court litigation.  Like that it referenced that and in the

12     proof of claim it stated that the debt was incurred on

13     October 11, 1996.  That's what your proof of claim said,

14     based on my recollection.

15          MR. SMOLKER:  I don't have my proof of claim right

16     in front of me.  I don't think my proof of claim says it's

17     based on California litigation.  But, in any event, my proof

18     of claim is whatever my proof of claim was.

19          THE COURT:  Yeah.

20          MR. SMOLKER:  And I certainly show in my

21     allegations that my claim is illegal activity caused damage

22     and that is unfair competition.  I wish I had the --

23          THE COURT:  Okay, well, yeah, we will take -- rest

24     assured, we will take a further closer look at your proof of

25     claim, Mr. Smolker.  In the meantime, Mr. Higgins, when

1    would you like to submit your informal letter brief?  I'm

2    happy to give you whatever time that you may need.  Do you

3    want two weeks?  Three weeks?  What would you like?

4              MR. HIGGINS:  I think two weeks would be helpful,

5    Your Honor.

6              THE COURT:  Okay, Joan, on the docket can you note

7    that W.R. Grace will file a letter brief regarding the res

8    judicata argument?  Mr. Smolker, I think that the Court and

9    you are on the same page on that so I don't think I'll need

10   any further briefing from you on that.  I think that because

11   the merits were not adjudicated, we don't believe that res

12   judicata would bar Grace from bringing -- would bar you from

13   bringing that claim against Grace in front of me.

14             Okay, so after I get that pleading and take a

15   closer look at the proof of claim, we will issue an opinion,

16   an order in connection with everything that was discussed

17   today.  Any last questions or comments before we conclude

18   the hearing today?

19             MR. SMOLKER:  Yes, when I called the help line for

20   the Bankruptcy Court -- and, thankfully, they were very

21   helpful -- I asked for the docket and they said I couldn't

22   see the docket.  I had to be registered for something.  And

23   I wasn't registered and I didn't have time to figure out how

24   to register.

25             You told me at the first hearing that if I wanted

1    a transcript, I should ask the person recording this.  I

2    asked the person recording this and she told me that I

3    needed a form.  And she gave me the form number and she said

4    I could find it on the court website.  So, I went to the

5    court website and it's not -- that form is not on the court

6    website as being a form of the Delaware Bankruptcy Court.

7    Eventually I found it.

8            Then she told me who to call to make arrangements

9    to get the transcript, and I called those people and I paid

10   them my money, and then she told -- and all along I asked is

11   there a standing order so that there's only, you know, one

12   person that's the official reporter?  After I paid the

13   money, she called me and told me, or she emailed and told me

14   that there is a person that has a standing order and that

15   she would cancel my payment to whoever I paid to get the

16   transcripts.

17           Then I and an assistant who helped me called the

18   person we were supposed to call to get it and we could never

19   get through and we could never get the transcript.  And

20   after spending half a day on that, we decided to go

21   elsewhere.  So, it wasn't easy or possible yet to get the

22   transcript.

23           I asked Mr. Higgins could he tell me when he asks

24   for a transcript to just notify me that he asked for a

25   transcript, so I could ask for a transcript also.  He didn't

1    -- he wouldn't do that.  He told me go look at the docket

2    and it'll tell you what.

3            The end result of all this conversation is that a

4    lot of my time, should I need it, to organize and put this

5    stuff more clearly, was taken up with these unavoidable

6    things that I don't think were my creation.  And the time I

7    needed to clarify and fill in the blanks, as you say, and

8    show what would be proven, that was also taken up by this

9    COVID-19.  It took over a day trying to get through on the

10   website to get an appointment to get a COVID-19 shot.  And

11   then, of course, I had to go there and it was in a different

12   city and I had to find it.

13           And the time that you thought was reasonable, when

14   I first wanted to make my motion for having more facts, you

15   then decided -- and it was to be heard on the 24th, I

16   believe -- you then decided -- and I think it was on the

17   20th -- that you would collapse that and hear it today.  So,

18   that cut me out of all the time to do that.

19           So, I'm very frustrated as a perfectionist, not

20   having an opportunity to write something that would be

21   better.  But I do urge you to look at the claim, to realize

22   that the lawsuit does say that there was personal property

23   and real property and personal injury, and that the

24   complaints do say that Grace violated different laws, and as

25   a result of it violating these different laws, that I was

1    injured.

2         Anyway, I really appreciate you giving me the time

3    to say this.  Thank you.

4         THE COURT:  Sure.  All right.  Okay, so I think

5    we're done here.  Mr. Higgins, did you have anything to add

6    before I conclude today's hearing?

7         MR. SMOLKER:  Before -- how can I get a copy of

8    this transcript?  I'll ask Tasha again?

9         COURT REPORTER:  Judge, if I can interfere?

10        THE COURT:  Yes.

11        COURT REPORTER:  Transcripts are done by Veritext.

12   Veritext's phone number is 215-241-1000.  From my

13   understanding, the standing order requires me to send audio

14   to Veritext after every hearing.  So, from the last

15   hearings, they have been sent over, the three that was

16   requested.  So, you can contact Veritext for the three

17   transcripts that was requested and is now on the docket.

18   And then I'll be sending this audio order as soon as we're

19   done at the hearing.

20        MR. SMOLKER:  But do I just have to --

21        COURT REPORTER:  The contact person is Dion.

22        MR. SMOLKER:  Do I just -- well, last time I

23   couldn't get Dion.  Do I just have to -- and Dion said that

24   she didn't know the job number, she didn't know the account

25   number, she couldn't find it.  Do I just have to contact

1    Dion?  Is that all I have to do?

2              COURT REPORTER:  Then you just need to contact

3    Veritext and tell them that you're calling regarding a

4    standing order for W.R. Grace.

5              MR. SMOLKER:  Okay, thank you so much.

6              COURT REPORTER:  And they should be able to assist

7    you.

8              MR. SMOLKER:  Thank you so much.

9              COURT REPORTER:  You're welcome.

10              THE COURT:  All right, Mr. Higgins, anything from

11    you before we conclude today's hearing?

12              MR. HIGGINS: Nothing further, Your Honor.

13              THE COURT:  Okay.  Well, thank you all for

14    participating in today's hearing and I guess we'll talk to

15    you soon.  Thank you so much.

16              MR. SMOLKER:  Good luck on the surgery.  I hope

17    everything turns out.  Bye bye.

18              THE COURT:  Okay.  Thanks so much, Mr. Smolker.

19              MR. SMOLKER:  All right, bye bye.

20              THE COURT:  All right, Kristin, why don't you stay

21    on?  Okay.

22              (Whereupon these proceedings were concluded at

23    12:52 PM)

24

25

Page 35

1                          I N D E X

2

3                          RULINGS

4                                              Page        Line

5

6    Motion for summary judgment Granted        25          10

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 36

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 2, 2021

| & | | | |
| --- | --- | --- | --- |
| **&**   1:7 3:3,4,11 4:4 4:8 6:14 | **1997**   15:19 21:7 21:10,14 24:25 25:4 | **5** | **additional**   2:3 4:5 5:5,7,22,23,24 11:3,8,16,22 12:1 |

| & |
| --- |
| **&**   1:7 3:3,4,11 4:4 4:8 6:14 |

| 0 |
| --- |
| **01-01139**   1:3 |

| 1 |
| --- |
| **1**   1:17 |
| **10**   35:6 |
| **10th**   15:17 21:10 |
| **11**   29:13 |
| **11501**   36:23 |
| **11:47**   1:18 |
| **11th**   15:15 16:4 16:15,21 17:3,3,4 17:22 18:5,9 21:6 21:7 |
| **12**   4:2 |
| **12:52**   34:23 |
| **12th**   16:5,15 17:3 17:4,23 18:5,9 21:6,7 |
| **13**   20:3 |
| **136**   3:12 6:17 |
| **13th**   18:2 19:9 20:14 |
| **15th**   10:19 |
| **16**   16:14 |
| **163**   26:10 |
| **16th**   11:24 16:14 |
| **17200**   25:16,20 26:24 |
| **17208**   26:1,25 |
| **178**   26:10 |
| **179**   26:10 |
| **17th**   3:5 11:20,23 |
| **18th**   11:21 |
| **19**   32:9,10 |
| **19107**   1:15 |
| **1980**   3:6 |
| **1996**   15:15 16:24 17:5,6,16 18:2 21:3,6 29:13 |

| 1997 ... |
| --- |
| **1997**   15:19 21:7 21:10,14 24:25 25:4 |
| **1998**   25:8 |
| **1st**   4:3 |

| 2 |
| --- |
| **2**   19:6 36:25 |
| **2000**   19:9,11 26:10 |
| **2001**   19:13 20:22 21:17 24:14 25:23 |
| **2020**   6:23 11:19 11:24 |
| **2021**   1:17 36:25 |
| **20th**   32:17 |
| **21**   6:2 |
| **215-241-1000**   33:12 |
| **22**   16:19 |
| **23**   26:10 |
| **24**   25:23 |
| **24th**   32:15 |
| **25**   35:6 |
| **2nd**   19:13 20:21 |

| 3 |
| --- |
| **3**   6:23 21:2 |
| **30**   20:4 |
| **300**   36:22 |
| **30th**   20:6,15 |
| **31**   20:4 |
| **31st**   6:4 7:23 20:15 |
| **330**   36:21 |
| **340**   21:2 |
| **392**   29:6 |
| **3rd**   11:19 20:11 |

| 4 |
| --- |
| **4th**   15:19 21:14 24:25 25:4,8,23 26:10 |

| 5 |
| --- |
| **516**   3:12 |
| **56**   11:6 12:25 |
| **5th**   11:22 |

| 6 |
| --- |
| **60642**   3:13 |

| 7 |
| --- |
| **7**   6:17 |
| **750**   8:18 |

| 8 |
| --- |
| **8**   6:22,22 10:13 19:23 |
| **800**   25:24 |
| **827**   25:24 |
| **8th**   12:7 |

| 9 |
| --- |
| **900**   1:14 |
| **919**   3:5 |
| **97**   15:17 |

| a |
| --- |
| **able**   10:9 22:12 24:9 34:6 |
| **absolutely**   10:6 |
| **absorb**   10:3 |
| **accepted**   9:10 |
| **accomplish**   23:11 |
| **account**   33:24 |
| **accurate**   36:4 |
| **act**   6:17 25:18 |
| **action**   8:13 9:18 18:11 20:6,16,19 20:21 26:5,6,13 27:1,6,14 28:5 |
| **actionable**   25:18 |
| **actions**   19:21 25:24 26:4 29:4 |
| **activities**   27:13 |
| **activity**   29:21 |
| **acts**   25:20 |
| **add**   5:4 33:5 |

| additional ... |
| --- |
| **additional**   2:3 4:5 5:5,7,22,23,24 11:3,8,16,22 12:1 12:25 13:2,9 23:2 23:5,19 24:2 |
| **address**   11:2,10 15:25 |
| **adduced**   17:9 |
| **adjourn**   11:7 |
| **adjourning**   13:7 |
| **adjudicated**   22:5 28:18 30:11 |
| **adjudication**   19:23 20:14 22:3 |
| **admissible**   8:24 |
| **admits**   26:2 |
| **adopted**   6:9 |
| **affidavits**   11:17 |
| **afternoon**   4:2,7 |
| **ag**   6:14 10:15 |
| **agency**   6:15 |
| **agree**   14:10 15:1 21:18 24:6 |
| **agreed**   11:23 |
| **agreement**   13:12 |
| **agrees**   16:4 |
| **air**   26:9 |
| **al**   1:7 |
| **alice**   17:18 19:20 |
| **alive**   20:7,21 |
| **allegations**   26:20 29:21 |
| **alleging**   16:22 |
| **allow**   11:8 22:23 23:1,3 |
| **allowed**   7:4 27:5 |
| **amend**   9:12,13,20 |
| **amended**   7:21 15:20 16:12,13,14 16:18,22 17:10,15 19:20 24:25 27:4 |
| **amount**   12:12 14:6 |

announcement
  4:21
anyway  33:2
apologies  20:8
appeal  22:20
  28:12
appealed  22:19
appeals  6:23 7:13
  8:21 14:12
appear  15:2
appearance  4:6
appeared  12:5
appearing  3:17
  4:9
appears  11:5
  21:24 22:13 28:3
appellate  20:10
applicable  15:12
  19:3 21:4 24:20
applied  8:15 22:6
applies  26:3
appointment
  32:10
appreciate  33:2
appropriate  11:9
april  19:13 20:21
  24:14
area  15:16
argue  22:15 28:23
argument  5:5 7:1
  13:13 14:24 15:11
  21:23,24 22:21,24
  23:2,9,22,23 24:7
  24:10,11,19 30:8
arguments  12:19
  12:22 14:20,22
  21:15 22:1 23:13
  28:16
arising  6:24
arrangements
  31:8
ashely  1:22

asked  9:12,20
  12:1 13:23 30:21
  31:2,10,23,24
asking  5:18
asks  31:23
aspects  17:20
assist  34:6
assistant  31:17
association  17:18
  17:19
assuming  24:17
  28:14
assure  4:25
assured  29:24
attached  17:11
attention  18:11
  26:8
attorney  3:4,11
audio  33:13,18
august  11:19,20
  11:21 17:16
authorities  10:13
authority  10:12
available  18:8
avenue  3:12
aware  21:19

**b**

b  1:21
back  8:2 16:23
bad  14:15,18
balance  18:7
bankruptcy  1:1
  1:12,23 9:9 21:16
  24:14 30:20 31:6
bar  22:9 24:18
  30:12,12
barred  15:6,8
bars  22:16
based  7:11 18:4
  26:4 29:10,14,17
basically  12:7
  22:8

bear  23:12
began  15:23 16:16
  21:6,6
behalf  4:8 13:14
believe  11:15
  13:13 17:3,19
  18:18 19:1 23:6
  30:11 32:16
believes  18:7,15
benefit  6:10
best  14:18 17:4
  19:5
better  10:9 32:21
big  28:16
bit  4:20 14:14
blanks  6:3 14:15
  32:7
body  8:5
bottom  10:6
bound  25:9
box  13:25 14:1
breathing  8:22
brief  22:8,25
  23:20 30:1,7
briefing  20:19
  23:4,6,19 24:2
  30:10
bringing  15:7,8
  30:12,13
brought  8:25
  25:24
bud  9:22
building  8:11
business  25:16,18
  25:19,20 26:1,23
bye  34:17,17,19
  34:19

**c**

c  3:1 4:1 36:1,1
cal  25:23 26:10
california  6:13
  9:4 10:12 15:3
  16:7 21:3 22:3,10

26:8 27:22 29:10
  29:17
call  31:8,18
called  13:23 20:2
  30:19 31:9,13,17
calling  34:3
cancel  31:15
case  1:3 6:25 7:6
  7:19 8:16 10:14
  11:18 12:16,23
  14:25 16:1 22:7
  22:22 23:1 24:21
  25:22 26:9,25
  27:18
cases  23:20,23
cause  20:6,19
  26:6,13 27:1,6
caused  29:21
causes  8:11 18:11
  19:21 20:15,20
  28:5 29:4
causing  27:13,14
certainly  16:10
  17:23 21:18,19
  22:18 29:20
certified  36:3
chan  1:22
chan's  4:2
charles  25:22
chicago  3:13
cited  15:1
city  32:12
civil  21:4
claim  8:5,12 9:10
  10:22 12:19 15:4
  15:20 18:22 19:23
  24:15,16 25:6
  27:9,10,22 29:3,3
  29:5,5,5,6,7,10,12
  29:13,15,16,18,18
  29:21,25 30:13,15
  32:21

**claimant** 4:15
**claimed** 26:20
**claims** 15:5,7,9,21
18:14,16 19:1
22:4,10,12,17
24:13 25:7 27:24
28:7,16
**clarify** 10:20 32:7
**clean** 18:2,3
**clear** 6:6 14:11
15:8 16:21 17:20
**clearly** 16:9 32:5
**clerk** 4:2 14:18
**clerk's** 14:2
**client** 4:11
**closer** 29:24 30:15
**code** 6:14 7:17
8:16 10:15 21:3
25:16,19 26:1,23
**collapse** 32:17
**collection** 14:1
**collects** 14:2
**commencement** 16:5
**commences** 7:19
**comment** 7:14
25:12
**comments** 30:17
**communication** 17:20
**comp** 25:23
**company** 4:4
17:25 18:1 26:10
**competition** 5:21
8:13 25:17,19,25
26:2,3,6 27:8,20
27:23 29:22
**complaining** 16:16,23 17:14,24
17:25
**complaint** 7:19,21
8:2 15:18,20
16:12,13,14,18

17:16 19:19,21
21:9 29:5
**complaints** 16:11
16:22 17:11 18:13
26:14 27:4 32:24
**completely** 6:7
7:16
**concerned** 25:2
**concerning** 6:5
**concerns** 8:3 22:1
**conclude** 30:17
33:6 34:11
**concluded** 34:22
**condition** 12:2
**condominium** 15:16 18:3
**confer** 7:10
**conferences** 5:18
5:19
**confirm** 19:3
**connection** 5:5,18
10:22 14:23 15:21
30:16
**consider** 5:14
23:19,24 26:23
**contact** 33:16,21
33:25 34:2
**contains** 6:4 9:15
**control** 15:16
**conversation** 32:3
**copy** 20:9 33:7
**corporate** 4:11
**cortez** 26:9,25
**couldn't** 30:21
33:23,25
**counsel** 4:6,9,12
**counter** 15:20
**counterclaim** 25:1
**country** 36:21
**couple** 18:6
**course** 19:25,25
25:8 32:11

**court** 1:1,12 4:16
4:19 6:22 7:1,13
8:20 9:12 10:17
10:25 13:17,20,23
14:1,12,17 15:3,7
15:9 16:3,20 17:1
17:5 18:10,24
19:11,14,17,18,25
20:7,12,12,13,17
20:18,24 21:12
22:4,5,10,12,14
22:17 23:14,18
24:4,6,12,17 25:7
25:14 26:9 27:21
27:22 28:3,7,9,13
28:16,19,19,25
29:9,11,19,23
30:6,8,20 31:4,5,5
31:6 33:4,9,10,11
33:21 34:2,6,9,10
34:13,18,20
**court's** 20:10
**courthouse** 1:13
**covers** 25:20
**covid** 32:9,10
**created** 26:7
**creating** 13:4
**creation** 32:6
**cross** 15:18 19:19
19:20 21:9
**cut** 32:18

**d**

**d** 4:1 12:25 35:1
**damage** 8:11
27:10,23 29:21
**damaged** 26:12
**damages** 29:7
**dangers** 16:12
**date** 7:20 18:9,16
19:2,10,12 21:18
24:13 27:25 36:25
**dates** 17:4

**day** 21:10 31:20
32:9
**days** 6:2 17:23
18:6
**de** 3:6
**deadline** 11:20
**debt** 29:12
**debtors** 1:9
**december** 11:24
18:2 19:9
**decided** 31:20
32:15,16
**decision** 7:4,12
14:11 15:2
**declarant** 4:12
**declaration** 6:11
6:20 10:9 17:12
19:6 20:5
**defenses** 28:16
**definitely** 23:1
**delaware** 1:2 31:6
**delay** 12:25
**delivered** 14:4
**denies** 20:12
**deny** 11:14
**department** 6:13
9:4
**depending** 15:11
**deprived** 5:25
**details** 10:1
**didn't** 5:21 6:12
6:21 8:6 28:4,20
30:23 31:25 33:24
33:24
**different** 8:7 15:9
22:12 25:7 27:11
27:16 32:11,24,25
**dion** 33:21,23,23
34:1
**disagree** 29:1
**disclosed** 13:3
**discovery** 5:7 11:8
12:25 13:2,6,9

21:20
**discuss**  6:21 10:2
**discussed**  7:5
  30:16
**discussion**  16:11
**dismissal**  6:24 7:3
  7:8 9:17 15:25
**dismissed**  7:7,11
  18:17 20:7
**district**  1:2
**docket**  11:1 30:6
  30:21,22 32:1
  33:17
**document**  14:3
**documents**  12:11
**doing**  9:21
**don't**  5:2,16 28:21
  29:15,16 30:9,11
  32:6 34:20
**dropped**  18:17
**dry**  7:25
**due**  27:5 28:8,11
  28:15

**e**

**e**  1:21,21 3:1,1,8
  4:1,1 35:1 36:1
**earlier**  21:15
**early**  15:15
**easy**  31:21
**ecro**  1:25
**effect**  9:17
**effects**  17:14
**efficient**  4:24
**eight**  20:22
**eighth**  20:19
**either**  11:3 16:7
**elements**  16:7
**emailed**  31:13
**emergency**  4:22
**ended**  9:22
**enter**  25:10
**entered**  19:7,9

**entertain**  7:1,14
**entire**  7:10 14:10
**entirely**  9:15,15
**environmental**
  6:15
**epa**  9:5
**error**  20:8
**esq**  3:8,15
**et**  1:7 6:17 25:20
  26:24
**eve**  11:25
**event**  26:18 27:8
  29:17
**eventually**  31:7
**everybody**  16:10
**evidence**  8:24
  17:15
**exactly**  8:4
**example**  8:20
**exceptions**  26:3
**excusable**  11:16
  12:20
**excuse**  7:24 9:8
  17:3 20:13 25:12
**exhibit**  6:22,22
  10:13 19:6,6
**exhibits**  10:2 11:3
  11:17
**exist**  27:1
**existed**  18:11
**existence**  19:2
  24:13
**expired**  21:11
**explained**  10:3
**exposed**  24:23
**expressly**  7:13
**extensions**  12:3
**extent**  23:23 28:4
**extermination**
  16:9,17 17:13,15
  17:17,21,21,25
  18:1

**extract**  10:4

**f**

**f**  1:21 36:1
**fact**  7:4 18:1 19:3
  21:8,16 23:3,7
  24:18
**facts**  8:3 12:16,22
  13:2,3,5 17:9 18:5
  18:7 32:14
**factually**  10:7
**failed**  6:12,14
  10:11,12 15:5
**family**  4:21
**faults**  9:24
**favor**  22:21,23
**february**  1:17 4:3
  36:25
**federal**  1:13 6:16
  9:5 10:12 25:21
  26:11,15,16,21
  28:13,19
**feel**  14:17,18
**felt**  13:6 14:15
**fifth**  16:12,18
  17:10,10 19:20
**figure**  30:23
**file**  2:3 4:5 9:23
  10:10 11:17,18,20
  11:24 12:6,9,14
  13:22,25 14:2
  21:16 23:4 25:7
  30:7
**filed**  5:1 6:11 7:20
  8:2 9:14 10:25
  12:3,11,13 15:17
  15:19 18:13 21:9
  24:14 29:6
**filing**  10:21 18:12
  27:25
**filings**  12:21
**fill**  6:3 14:15 32:7
**filtration**  26:9

**find**  8:19 12:20
  16:18 23:1 31:4
  32:12 33:25
**finding**  9:24
**fine**  23:14
**first**  5:3 8:17
  10:18 11:2,10
  14:23 15:16,20
  16:13 17:10,10,15
  19:1 21:9 22:24
  24:25 30:25 32:14
**fix**  17:6,6
**floor**  3:5
**focus**  16:1 27:9
**focused**  12:15
**follow**  25:9
**following**  9:19
  19:21 21:22
**food**  6:14 10:15
**forced**  11:14
**foregoing**  36:3
**form**  31:3,3,5,6
**forth**  29:6
**found**  9:3 15:11
  22:6 31:7
**four**  8:14,14
  25:25 26:2,6,20
**fraud**  18:18 20:4
  20:6,15 27:1
**fraudulent**  25:18
**front**  29:16 30:13
**fruin**  9:3 19:7
**fruin's**  20:11
**frustrated**  32:19
**fully**  10:2
**fund**  25:23
**fungicide**  6:16
**further**  12:4,6
  20:19 22:16 29:24
  30:10 34:12
**furthermore**
  12:24

| g | | | |
|---|---|---|---|
| **g**  4:1 | 22:23 25:10 | **held**  11:23 | **impressive**  24:9 |
| **gary**  3:19 4:14 | **grace's**  6:9 9:2 | **help**  12:16 28:14 | **inclined**  15:1 |
| 19:19 | 27:25 | 30:19 | **include**  5:22 |
| **gather**  11:3 | **graham**  17:18 | **helped**  31:17 | **included**  5:9 |
| **general**  8:3 | **granted**  12:3 35:6 | **helpful**  30:4,21 | **includes**  27:18 |
| **genuine**  13:4 | **granting**  6:8 | **helpline**  13:23 | **incurred**  29:12 |
| **getting**  8:23 9:13 | 25:10 | **higgins**  3:10,15 | **independently** |
| 9:25 | **grants**  20:12,13 | 4:10 7:9 13:14,16 | 22:8 |
| **give**  7:17 8:15 | **great**  12:11 | 14:21,22 15:12,23 | **indiscernible** |
| 11:22 12:2,8 | **ground**  22:16 | 15:24 16:4,20,25 | 16:17 19:11,19 |
| 25:22 26:8 30:2 | **guess**  4:19 5:1 | 17:2,6 18:23 19:5 | 28:17 |
| **given**  5:23 12:11 | 10:18 13:14 21:21 | 19:12,15,18 20:2 | **inference**  21:8 |
| 23:15 | 23:14 34:14 | 20:18 21:1,21 | **informal**  23:20 |
| **gives**  26:15,16 | | 23:10,17 24:1 | 30:1 |
| **giving**  33:2 | h | 29:25 30:4 31:23 | **information**  10:4 |
| **glad**  14:10 | | 33:5 34:10,12 | 11:4 12:6 13:2,3 |
| **go**  5:2 6:2 10:10 | **hadn't**  7:5 | **highlighted**  29:3 | **initial**  17:11 |
| 17:7 21:8 31:20 | **hairs**  21:17 | **history**  14:19 | **injured**  33:1 |
| 32:1,11 | **half**  31:20 | **homeowners** | **injury**  7:15,19,22 |
| **going**  11:10,10,14 | **halfway**  25:15 | 17:17,19 | 8:5,6,8 26:22 27:9 |
| 12:20 13:20 22:14 | **handled**  28:7 | **hon**  1:22 | 27:11,12,13,14,16 |
| 22:20 23:7 25:9 | **hands**  28:8 | **honor**  13:16,18 | 27:18,18,19 29:7 |
| **good**  4:2,7,19 | **hang**  23:8 | 15:24 16:25 19:5 | 32:23 |
| 12:21 18:10 21:14 | **happen**  25:8 | 19:13 20:8 23:10 | **insecticide**  6:16 |
| 34:16 | **happened**  16:9 | 24:1 28:23 30:5 | **installed**  8:10 |
| **government**  9:5 | **happy**  23:19,24 | 34:12 | **insurance**  25:23 |
| 26:17 28:12 | 30:2 | **hope**  34:16 | **interesting**  21:7 |
| **grace**  1:7 3:4,11 | **harmful**  24:23 | **hospital**  4:23 | 29:2 |
| 4:4,9,10,12 5:25 | **hat**  23:8 | **hyde**  2:25 36:3,8 | **interfere**  33:9 |
| 6:6,12 8:17,25 9:3 | **hazardous**  27:13 | | **interference**  20:4 |
| 9:7,20,23 10:11 | **health**  5:11 16:23 | i | 20:16 |
| 11:5,8,18 12:13 | 24:24 25:2 | **i.e.**  16:9 | **interrupted**  5:3 |
| 13:15 14:22 15:4 | **hear**  4:17,18 5:9 | **identify**  13:2 | **invalid**  7:11 |
| 15:6,7,9,18,20 | 32:17 | **identifying**  23:20 | **irrelevant**  14:7 |
| 16:4 18:7,15 | **heard**  11:12 12:9 | **ignoring**  19:24 | **isn't**  29:3 |
| 19:23,24 20:3,12 | 13:11 32:15 | **il**  3:13 | **issue**  6:24,24,25 |
| 20:13,14 21:16 | **hearing**  2:1,3 4:20 | **illegal**  9:6 10:16 | 13:4 15:25 16:2 |
| 22:22 24:11,14 | 4:24 11:7,23 12:6 | 29:21 | 26:19 28:6 29:2 |
| 25:1 30:7,12,13 | 12:10 13:1,8,11 | **immediate**  4:21 | 30:15 |
| 32:24 34:4 | 23:16 30:18,25 | **immense**  14:6 | **issues**  5:11 7:2 |
| **grace's**  10:24 | 33:6,14,19 34:11 | **important**  6:9 | 16:23 25:2 |
| 18:12 20:20 21:5 | 34:14 | **importantly**  6:21 | **issuing**  23:25 |
| | **hearings**  33:15 | **impossible**  6:19 | |
| | **hearsay**  8:22 | 10:3 | |

**it'll** 32:2
**it's** 7:7,7 8:6,10
  8:23,24 27:12
  28:10 29:16 31:5
**i'd** 4:23 5:3,3,9
**i'll** 6:7 30:9 33:8
  33:18
**i'm** 4:22 30:1
  32:19
**i've** 4:25 5:11

**j**

**j** 3:15 25:22
**james** 3:8 4:7
**janis** 27:2
**january** 6:4,23
  7:23 10:19 12:7
**janus** 6:18
**joan** 30:6
**job** 33:24
**jones** 3:3 4:8
**judge** 1:23 4:2
  6:18 7:5 9:1,2
  19:7 20:11 25:12
  27:1 33:9
**judgement** 2:1
**judgment** 4:4 5:6
  8:25 9:2,14 10:8
  10:22 11:5,7,19
  11:25 12:4,10,13
  12:17,18 13:1,4,8
  13:10 14:21,23
  17:12 19:8,22
  20:12,13 24:12
  25:11 35:6
**judicata** 7:7 14:24
  15:6,25 22:1,6,9
  22:16,24 23:2,7
  24:7,18 30:8,12
**jump** 28:20
**jurisdiction** 28:22
**justices** 7:6
**justify** 11:16
  12:21

**k**

**kind** 11:20
**knew** 16:10 24:22
**know** 5:10 8:23
  10:25 12:15 15:4
  15:14,17 18:12,12
  18:14,22,24 21:12
  22:4,5,15,16,21
  24:22,24,24 28:4
  28:5,9,15 31:11
  33:24,24
**known** 16:7,8
**kristin** 34:20

**l**

**lack** 10:8
**laid** 19:19
**late** 11:21 13:23
  14:4
**latest** 15:18 21:13
  24:22,24 25:4,7
**law** 3:10 5:20 6:5
  6:6 7:22 8:13
  14:11,13,18,25
  16:7 22:7,22 23:1
  25:10,17,19,21,25
  26:2,6,11,11,14
  26:15,16,16,21,21
  27:8
**laws** 32:24,25
**lawsuit** 32:22
**leave** 2:3 4:5 9:13
**ledanski** 2:25 36:3
  36:8
**left** 23:16
**legal** 12:19 13:13
  14:20 36:20
**legally** 10:7
**letter** 23:20,24
  24:2 30:1,7
**lewis** 4:13
**lewis's** 17:12 20:5
**lewis'** 8:20

**liability** 9:11
  18:20 19:23 20:20
  20:22 24:16,21
  25:5 27:12,14,16
  28:1
**light** 21:16
**limit** 6:19
**limitation** 18:21
  21:2 25:5 26:5
**limitations** 5:20
  6:5,7 7:15,18,18
  7:22,24 8:1,6,7,9
  8:12,14 9:17
  14:13,25 15:12,13
  15:22 16:2,6 17:7
  17:8 18:19,20
  19:4 20:25 21:5,5
  21:10,13,23 22:11
  22:15 23:9 24:10
  24:20 25:3,24
  26:2,7,19,24
  27:11,17
**limited** 27:2,7
**line** 4:10 9:24,24
  10:6 30:19 35:4
**lines** 22:2
**list** 4:3 14:7
**litigant** 24:8
**litigation** 29:11,17
**little** 24:8
**llc** 3:10
**llp** 3:3
**look** 8:18 17:22
  19:15 20:11 22:17
  23:21 29:24 30:15
  32:1,21
**looked** 14:25
**looking** 16:13
**lost** 9:1,25
**lot** 32:4
**luck** 34:16

**m**

**m** 1:22
**m.d.** 25:23
**making** 9:7 14:7
  23:12 24:19
**mankind** 14:19
**market** 1:14 3:5
**massa** 8:21
**material** 13:5
**matter** 1:5 4:3,10
  26:13
**matters** 5:21
  13:12
**mean** 23:21
**meaning** 9:10
**means** 25:6
**meant** 10:21,25
**measured** 29:4
**meet** 7:10
**meetings** 17:17
**members** 4:21
**memo** 6:4 7:17,24
**mention** 18:24
**merits** 6:25 7:4,5
  7:8,12,14 10:14
  13:10 14:12 15:3
  22:4 23:3 30:11
**mind** 9:7
**mineola** 36:23
**missed** 23:21
**moment** 17:8
  23:12
**money** 31:10,13
**morning** 4:9
**motion** 2:1,3 4:4,5
  5:5,24 6:9 7:10
  8:25 9:2,14 10:7
  11:5,18 12:13
  14:23 17:12 19:8
  24:11 25:10 32:14
  35:6
**motions** 14:20

moving 19:22

**n**

n 3:1,12 4:1 35:1
36:1
n.c. 1:13
naivete 9:23
name 4:14
naming 7:20
necessary 13:6
need 12:14 13:9
21:17 23:8 30:2,9
32:4 34:2
needed 7:25 13:1
13:3 31:3 32:7
neglect 11:16
12:20
negligence 18:19
20:3,23 24:15,21
25:6 27:25
negligent 20:2
neighbors 16:17
17:25
never 9:12 31:18
31:19
new 9:15,15
nine 20:22
nipped 9:21
nix 1:13
north 3:5
note 21:8 30:6
notify 31:24
november 11:22
15:19 21:14 24:25
25:4,8
nuisance 18:22
20:4,15
nullify 6:9
number 14:8
19:23 20:22,22
27:2 31:3 33:12
33:24,25
ny 36:23

**o**

o 1:21 4:1 36:1
objection 9:13,14
9:15,16,16,21
10:22 11:4,19
13:23
objections 28:17
obtain 13:5
obviously 10:23
october 15:15,17
16:4,15,19,21,23
17:3,4,22 18:5,8
21:6,7,9 29:13
office 14:2
offices 3:10
official 31:12
officials 26:17
ogden 3:12
okay 4:16,17,18
4:19 10:17 13:17
13:17 17:1 18:10
19:9,17 20:17,24
21:12 24:4 27:21
28:25 29:23 30:6
30:14 33:4 34:5
34:13,18,21
old 36:21
once 28:15
opinion 20:10
30:15
opportunity 5:25
11:6 22:15,25
28:5 32:20
opposition 5:22
12:17
order 5:1 6:22
10:14 11:7 13:1
14:9 19:7 20:9,11
22:19 25:10 30:16
31:11,14 33:13,18
34:4
organize 32:4

original 8:2 9:16
13:22
originally 9:8
ought 26:22
outset 10:20
outside 7:21
overnight 14:4
o'clock 4:3
o'neill 3:8 4:7,8
7:9

**p**

p 3:1,1 4:1
pa 1:15
pachulski 3:3 4:8
page 19:15 20:11
27:7 30:9 35:4
pages 6:11 8:18
9:23 27:3
paid 31:9,12,15
papers 5:19,20
11:13 27:2
paragraph 16:13
16:19
parens 21:2
part 6:23
partial 11:21
participating
34:14
particular 16:14
parties 4:6 8:3
19:22,24
payment 31:15
people 7:20 27:6
31:9
perfectionist
14:14 32:19
period 16:15
17:13,23 21:10
26:7
periods 26:5
permission 9:12
9:20

permitted 25:6
28:19
person 29:8 31:1
31:2,12,14,18
33:21
personal 7:15,18
7:22 8:5,6 27:9,10
27:12,14,15,16,18
27:19 29:7 32:22
32:23
personnel 14:1
persuasive 15:11
22:22
pertaining 7:1
pesticide 6:13 9:4
petition 18:16
19:2,10,12 27:25
philadelphia 1:15
phone 33:12
picture 12:22
place 18:2
placed 6:18
plead 27:6 28:5
pleading 10:24
30:14
pleadings 2:3 4:5
5:1,9,13,17 6:19
10:20 11:17 18:8
18:15 27:3
please 4:6
pled 19:20
pm 34:23
point 8:4 12:7,14
12:17 13:9 16:6
22:22 25:9 28:11
points 14:11
poisoned 16:16
policy 6:9,10
position 23:22
possibility 22:18
possible 4:24 5:2
31:21

possibly 21:15,20
post 17:22
potential 16:12
potentially 24:23
practice 25:18
practices 25:21
precise 21:18
preclude 13:4
prejudice 8:24
prepared 12:8
presented 10:4
prior 17:16,16,21
  19:9
pro 3:19 24:8
probably 23:6
problem 8:22
procedural 6:24
procedure 4:22
  9:20 21:4
proceeding 9:19
proceedings
  34:22 36:4
process 27:5 28:8
  28:11,15
product 8:10 9:3
products 24:23
  26:9
profession 25:16
  25:19 26:1,23
proof 12:18 14:3
  29:10,12,13,15,16
  29:17,18,24 30:15
property 8:7,8,11
  27:10,13,15,15,15
  27:19,19,23 29:7
  29:7 32:22,23
protection 6:15
protest 27:4
proven 32:8
pure 8:22
purely 13:13
purolator 26:9,25

purposes 7:24 8:1
  22:20
put 6:10 10:2
  13:25 14:9 23:24
  27:4 29:6 32:4

**q**

quantity 10:4
question 9:11
  21:22 22:13
questions 30:17
quick 13:20,21
quickly 5:2

**r**

r 1:21 3:1 4:1 36:1
raise 22:12,18
raised 5:13 22:2
  24:11 25:1 28:18
ran 14:8 21:7
reached 23:3
read 4:25 5:11
  10:10,23 11:1,12
  11:13 22:7 26:23
  27:10
reading 9:24
real 8:8 27:13,15
  27:19 32:23
realize 32:21
really 12:18 14:15
  21:24 33:2
reason 7:12 8:23
  11:15
reasonable 32:13
reasons 12:19
  13:7
recall 12:1
recollection 29:9
  29:14
record 36:4
recording 31:1,2
referenced 28:7
  29:11
referring 5:17

refiling 22:10
regard 12:24
  22:23
regarding 5:20
  30:7 34:3
regardless 8:15
  23:2
register 6:13,15
  9:3 10:11,12
  30:24
registered 30:22
  30:23
regulation 6:14
regulations 9:4
related 10:23
relates 8:2
relating 19:8
relevant 6:5 16:6
  17:20
reluctant 12:2
relying 20:10
remaining 18:16
  19:1
remedy 28:11
reporter 31:12
  33:9,11,21 34:2,6
  34:9
request 5:6,22,23
  10:19 11:2,6,14
  12:5
requested 11:21
  16:2 33:16,17
requests 10:23
  12:24
requires 20:18
  33:13
res 7:7 14:24 15:6
  15:25 22:1,6,9,16
  22:24 23:2,7 24:7
  24:18 30:7,11
research 14:20
researched 22:8

respond 5:6 12:12
  13:6,18 15:10
responding 5:25
  13:14
response 11:21,25
  12:4
rest 29:23
result 26:21 32:3
  32:25
reviewed 10:21
right 4:16,23 9:20
  10:17 23:6 24:18
  28:14 29:9,15
  33:4 34:10,19,20
rights 28:11
road 36:21
robert 1:13
rodenticide 6:16
roger 3:10,15
  4:10
rosemarie 4:12
rule 11:6 22:21,23
rules 21:20
ruling 23:25 24:6
rulings 9:1 35:3
run 7:16 8:6
  15:14,23 21:13
  22:11 25:3
running 16:5 21:6

**s**

s 3:1,19 4:1
safety 6:10
satisfied 21:22
saw 27:24
saying 10:14
  16:20,21,24
says 6:23 7:23
  8:16 14:3 19:19
  20:11 25:17 29:16
scams 5:12
scheduled 4:22
se 3:19 20:3,23
  24:8

**second** 6:8 14:5
  14:24 17:10 19:15
  21:23 22:21 24:11
**section** 6:17 8:16
  10:15 21:2 25:16
  25:20 26:1,7,23
**sections** 7:17
**see** 10:16 17:23
  21:24 22:22 27:2
  27:22 30:22
**send** 14:9 33:13
**sending** 33:18
**senior** 4:11
**sent** 6:4 33:15
**sentence** 8:21
**separately** 16:1
**september** 11:23
**seq** 6:17 25:20
  26:24
**service** 14:3
**shocking** 24:8
**short** 8:17 16:15
  17:13
**shorter** 26:4
**shot** 32:10
**show** 14:9 17:9,12
  29:20 32:8
**shpigelman** 3:18
**signed** 6:22
**simply** 15:4
**sir** 23:15 24:5
  27:21
**smolker** 3:19 4:14
  4:15,18 5:4,15
  10:18 13:18,22
  15:2,23 16:8,9,16
  17:14,24 18:17,25
  19:20 21:9 22:2,9
  22:17 24:4,7
  25:12,14,15 28:2
  28:23 29:1,15,20
  29:25 30:8,19
  33:7,20,22 34:5,8

**smolker's** 15:3,15
  16:11 18:8 19:6
  20:14
**solutions** 36:20
**sonya** 2:25 36:3,8
**soon** 24:3 33:18
  34:15
**sorry** 10:1 14:14
**sort** 11:7 18:4
**specifically** 25:1
**spending** 31:20
**spiegelman** 4:11
**split** 21:17
**spoke** 7:9
**sr** 1:13
**standing** 31:11,14
  33:13 34:4
**stang** 3:3 4:8
**start** 4:20 11:11
**started** 15:13
  21:15
**starting** 18:9
  21:18
**starts** 7:19
**state** 9:4 15:3,7
  22:4,10 25:21,23
  26:11,11,14,15,21
  27:22 28:7,9,12
  28:18 29:10
**stated** 5:20 29:12
**statement** 5:10
  8:20
**statements** 5:16
  16:10
**states** 1:1,12 20:6
**status** 5:18,18
**statute** 5:20 6:5,6
  7:15,18,18,22,24
  8:1,5,7,9,12,13
  9:17 14:13,24
  15:12,13,22 16:1
  16:6 17:7,8 18:19

34:16,18,19
**statutes** 19:3 26:4
**stay** 34:20
**story** 10:5,9 14:10
**streamline** 11:2
**street** 1:14 3:5
**strict** 18:20 19:23
  20:20,22 24:15,21
  25:5 27:12,14,16
  28:1
**stuff** 11:1 32:5
**subject** 26:6
**submit** 11:4 23:5
  23:18 30:1
**submitted** 5:19
  8:23
**subsequent** 27:3
**substantial** 9:10
**sufficient** 28:4
**suggested** 22:9
**suite** 3:12 36:22
**summary** 2:1 4:4
  5:6 8:25 9:2,14
  10:7,22 11:5,7,19
  11:25 12:4,10,12
  12:17,18,25 13:4
  13:8,10 14:20,23
  17:11 19:8,22,22
  20:12,13,14 24:12
  25:11 35:6
**supplemental**
  11:25 12:4
**supposed** 6:2
  31:18
**supreme** 26:8
**sure** 23:15,17,17
  24:5 33:4

18:20,21 20:25
  21:2,4,5,13,23
  22:11,14 23:8
  24:10,20 25:3,5
  25:24 26:2,19,24
  27:11,17
**surgery** 34:16
**surviving** 27:22
  27:24
**suspected** 16:8,8
**suspicious** 21:19

**t**

**t** 36:1,1
**table** 19:18
**take** 11:8 12:25
  13:9 15:5 28:12
  29:23,24 30:14
**taken** 14:6 32:5,8
**talk** 13:11 14:7
  34:14
**tasha** 33:8
**technically** 7:7
**telephone** 4:13
**telephonically** 3:8
  3:15,17
**tell** 10:9 19:1
  31:23 32:2 34:3
**terminology** 9:9
**termite** 15:16
**testimony** 26:16
**thank** 4:13 5:15
  10:17 15:24 24:1
  33:3 34:5,8,13,15
**thankfully** 30:20
**thanks** 34:18
**that's** 7:12,20
  8:10,22 28:3
  29:13 31:12
**theory** 18:4
**there's** 5:8 8:22
  28:13 31:11
**thing** 9:22 14:5
**things** 6:1 8:19
  9:7 13:24,25 14:7
  14:9 27:7 32:6
**think** 11:9 12:13
  12:15,16,17,21
  13:8 14:11 15:1
  15:10,13,22 16:25

18:4,7,15 21:8,14
21:17 22:25 23:10
23:11,22 26:22
28:9 29:16 30:4,8
30:9,10 32:6,16
33:4
**thinking** 15:14
**thorough** 11:4
**thought** 6:1 8:18
32:13
**thousand** 9:23
**three** 7:6 18:16,19
30:3 33:15,16
**throat** 7:25
**tie** 6:12
**tied** 28:9
**time** 5:6,21,23,23
5:24,24 6:12,21
6:25 8:1 10:1,8
11:3,16,22 12:1,6
12:8,12 14:4,6,8
14:15 18:12,13
20:9 21:3 23:5,15
23:16 28:4 30:2
30:23 32:4,6,13
32:18 33:2,22
**title** 26:13
**today** 4:13 12:10
13:15 30:17,18
32:17
**today's** 33:6
34:11,14
**told** 6:18 21:20
30:25 31:2,8,10
31:13,13 32:1
**totally** 14:6
**transcribed** 2:25
**transcript** 31:1,9
31:19,22,24,25,25
33:8 36:4
**transcripts** 31:16
33:11,17

**treasurer** 17:19
**treated** 9:8,9
15:16
**tremendous** 14:8
**trial** 9:1,2 15:5
**true** 20:5 36:4
**try** 4:24
**trying** 32:9
**turn** 10:19 13:10
14:21 18:10 24:5
**turns** 34:17
**two** 5:16 11:15
14:22 24:13 30:3
30:4

### u

**u.s.** 1:23
**u.sc.** 6:17
**ultimately** 22:5
**ultra** 27:13
**unable** 13:5
**unavoidable** 32:5
**understand** 5:16
23:22 24:6
**understanding**
33:13
**unfair** 5:21 8:12
25:17,17,19,25
26:1,3,5 27:8,19
27:23 29:22
**unfortunately**
11:14 27:21 28:6
28:8
**united** 1:1,12
**unknown** 1:25
**unlawful** 25:17,20
**unusual** 4:20
**urge** 32:21

### v

**v** 25:23 26:9,25
**vacanti** 25:22
**validity** 10:7
**various** 5:11,17
5:19,19 10:23

15:5,21 16:11
18:11,13,14
**veritext** 33:11,14
33:16 34:3 36:20
**veritext's** 33:12
**victoria** 4:11
**view** 20:20 21:5
**viktoriya** 3:18
**violate** 25:21
**violated** 26:12,15
26:17,18,21 28:10
32:24
**violating** 32:25
**violation** 27:5
28:8
**violations** 26:4
28:15

### w

**w.r.** 1:7 3:4,11 4:4
4:8 10:24 12:13
13:15 15:4 24:11
24:13 25:10 30:7
34:4
**want** 4:25 5:4
22:15 23:18 24:5
24:5 29:2 30:3
**wanted** 6:20 12:9
22:24 30:25 32:14
**wasn't** 5:23 30:23
31:21
**water** 7:25
**way** 6:2 13:24
21:25 28:6
**website** 31:4,5,6
32:10
**weeks** 17:24 18:6
30:3,3,4
**welcome** 34:9
**went** 18:1 31:4
**we'll** 34:14
**we're** 33:5,18
**wife** 17:18

**wilmington** 3:6
**win** 22:14
**window** 13:25
**winner** 21:24
**wise** 27:7
**wish** 29:22
**won't** 28:23
**word** 10:24
**words** 7:3
**worked** 13:24
**works** 13:24
**worse** 9:7
**wouldn't** 7:14
32:1
**would've** 6:2
**write** 32:20
**wrong** 6:7 7:16
8:19 9:9 14:13
28:21

### x

**x** 1:4,10 35:1

### y

**yeah** 14:17,17
16:3 18:23 19:11
19:12,25,25 20:1
23:14 29:19,23
**year** 17:7,8 18:19
18:20,21 20:25
21:1 24:19 25:4
26:2,6
**years** 8:14,14
25:25 26:20
**yep** 19:14
**youthe** 8:15
**you're** 28:14 34:3
34:9
**you've** 5:10,11
29:2

### z

**ziehl** 3:3 4:8