FILED
2021 JUN 21 AM 10: 46
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Case No. 01-01139 (AMC) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| _____ | ) | Docket Nos. 929630 and 33231 |

## CLAIMANT GARY SMOLKER'S OPPOSITION TO W.R. GRACE & CO.'S (GRACE'S") REQUEST TO CANCEL JUNE 24, 2021 HEARING AND GARY SMOLKER'S REQUEST THAT ALTERNATIVELY THE COURT INSTEAD HEAR GARY SMOLKER'S EX PARTE APPLICATION FOR PROTECTIVE ORDER AND SANCTIONS AGAINST GRACE ATTORNEYS ROGER J. HIGGINS, JAMES O'NEILL, AND LAURA DAVIS JONES

### Summary of Factual Argument

As a result of the unethical conduct of GRACE'S attorneys Roger Higgins, James O'Neill, and Laura Davis Jones, Honorable Leonard P. Stark, United States District Court Judge was deprived of critical factual and legal information necessary to fully understand what is going on with respect to creating a reasonable briefing schedule for the pending appeal of this Court's March 16, 2021 ORDER.

As a result of not having such information, Judge Stark, inadvertently issued an obscene briefing schedule order on June 7, 2021.

In his June 7, 2021 ORDER, Judge Stark correctly noted that Gary Smolker ("SMOLKER") has ongoing housing difficulties, and that it is appropriate under the circumstances to allow a brief extension of the deadlines set forth in the Federal Rules of Bankruptcy Procedure 8009 and 8018 (a).

1

However Judge Stark was not fully informed of the housing difficulties being experienced by SMOLKER.

Judge Stark was not informed of pertinent California law.

Judge Stark was not informed of pertinent practical considerations.

Judge Stark was not informed of pertinent public policy considerations.

GRACE hijacked the meet and confer order that Judge Stark has made on May 21 by bulldozing both Judge Stark and SMOLKER with ex parte communications.

GRACE's attorneys' unethical actions made it impossible for Judge Stark to obtain the information Judge Stark needed to make a well-reasoned decision.

On May 27, GRACE attorneys filed a motion seeking a briefing schedule order. They ignored the fact that Judge Stark had issued an order directing the parties to meet and confer.

GRACE attorneys filed a motion seeking a briefing order schedule before the time the meet and confer between GRACE attorneys and SMOLKER was ordered to take place.

After May 27, GRACE attorneys unethically sent Judge Stark ex parte communications which falsely described SMOLKER, falsely described SMOLKER'S conduct, and made scurrilous accusations.

GRACE attorneys purposely maliciously created a false impression in their ex-parte communications with Judge Stark.

Briefly, here is what really happened:
- SMOLKER'S landlord on May 16, 2021 gave SMOLKER an illegal order to move out of SMOLKER'S rented premises.
- Smolker had/has been occupying those rented premises since June, 2015.
- Smolker was ordered to get out within 30 days of May 16, 2021.

2

Under California law, California Civil Code Section 1946.1, a landlord must give notice at least 60 days prior to a proposed date of termination of lease of rented residential property. Judge Stark was not given this information.

Through its bulldozing tactics GRACE made it impossible for SMOLKER to provide Judge Stark with information which would allow Judge Stark to bring what is going on into context.

GRACE made it important for SMOLKER to bring to Judge Stark's attention that as a matter of public policy in the State of California, expressed in California Civil Code Sections1946.1, it is understood as a matter of law that to give a residential tenant less than 60 days to find a new place to live is against public policy.

On June 3, 2021 SMOLKER and GRACE attorneys Roger Higgins and James O'Neill met telephonically to discuss the appellate briefing schedule. SMOLKER requested that GRACE agree to" standstill", that GRACE agree that the appellate court proceedings would "stand still" for six weeks to allow SMOLKER to locate, secure and move into new housing.

Prior to that meeting, SMOLKER had sent an email to Mr. Higgins and Mr. O'Neill, which states:

*"1. I must move myself and all my possessions out of the condominium unit I am renting from Dash Senter ASAP.*
*"2. GRACE should agree to a standstill until that is accomplished. If GRACE will agrees to standstill while I am trying to find a place to live permanently and moving into that abode, I will use my best efforts to find such a place ASAP. I estimate it will take me two to four weeks of devoted effort to find such a place and one week or two weeks to move all my stuff into that place."*

GRACE refused to agree to that.

SMOLKER asked GRACE attorneys to prepare a joint statement for both of us to agree on regarding what had transpired at the meet and confer which would set out each side's position and reasoning, and then let Judge Stark decide what to do.

GRACE attorneys Roger J. Higgins and James O'Neill refused to participate in preparing a joint statement of what transpired at the meet and confer stating both sides' positions on points of contentions and reasons.

3

GRACE attorneys apparently submitted two more ex parte letters to Judge Stark. I received one dated June 1 and another dated June 4, 2021. Both have notations, Filed/Date 6/4/21, Docket No. 11.

Both letters purport to state a history of what transpired after Judge Stark order the parties to meet and confer.

Two things jump out to anyone who takes time to read the massive amount of documentation GRACE attorneys filed in connection with their motion for scheduling order.

FIRST the June 1, 2021 letter from attorney Higgins to Judge Stark states, "The attachments to Mr. Smolker's two emails are a pair of letters regarding Mr. Smolker's insurance claim for his apartment. Together, they total more than 140 pages of information not relevant to the *Scheduling Motion,* this Court's order, or the appellate briefing schedule. Appellee would be happy to make them available to the Court upon request.

GRACE purports to summarize correspondence and to attach correspondence GRACE received, but leaves out over 140 pages of information GRACE claims is not relevant.

SECOND, in the June 4, letter to Judge Stark Mr. Higgins states that Mr. Higgins told Mr. Smolker Mr. Smolker could file his own proposed scheduling order pursuant to Fed. R. Bank. P. 8013 and other applicable rules: ***"Counsel for Appellee also advised Mr. Smolker that he was free to file his own proposed scheduling order pursuant to Fed. R. Bankr. P. 8013."***

That is an outright absolute lie. At the June 3, 2021 the only comment Mr. Higgins and Mr. O'Neill made regarding FRBP 8013 was that the time to file a response to their scheduling motion expired, there was no time left for me to file a response to the "Motion for Scheduling" they had filed on May 17, 2021.

Currently, section 49.99.2 A. of the Los Angeles Municipal Code prohibits residential evictions. It states that no owner shall endeavor to evict a residential tenant and then goes on and on. Section 49.99.2 B states "No owner shall endeavor to evict a residential tenant for a no-fault reason during the Local Emergency Period."

4

Judge Stark was not informed by GRACE'S attorneys that the City of Los Angeles is in a Local Emergency. As a result of GRACE'S bulldozing tactics, SMOLKER was not given the opportunity to inform Judge Stark that the City of Los Angeles is in a Local Emergency.

### **HAND WRITTEN NOTES**

Attached hereto are handwritten notes of a first draft of proposed "Findings of Facts and Conclusions of Law.

Attached hereto is a first draft of list of exhibits to be submitted to the court.

SMOLKER will present and submit final type written "Findings of Fact and Conclusions of Law", a final list of exhibits, and submit copies of the exhibits listed on that list, and a declaration which authenticate those exhibits and submit points and authorities in support of SMOLKER'S "Opposition to GRACE'S Motion to Cancel June 24, Hearing Date," and a typed full motion for ex parte relief by no later than Tuesday, June 22, 2021,

### **PICTURE AND MEASUREMENTS OF SMOLKER'S ABODE**

ACCURATE IMAGES OF SMOLKER'S ABODE AND MEASUREMENTS have been presented to this court – for this hearing.

See "Declaration of Lauren Elder in Support of Sanction Motion Gary Smolker requests be heard on June 24 2021.

### **STATEMENT OF RELIEF SOUGHT BY GARY SMOLKER IN EX PARTE MOTION GARY SMOLKER SEEKS TO HAVE HEARD ON JUNE 24, 2021 AT 12:00 P.M. BY HONORABLE ASHELY M. CHAN, UNITED STATES BANKRUTPCY JUDGE**

Movant Gary Smolker ("SMOLKER") seeks the following relief in an Ex Parte Motion SMOLKER seeks to have heard on June 24, 2021 at 12:00 p.m. by Honorable Ashely M. Chan, United States Bankruptcy Judge:

A PROPOSED ORDER IS SENT BY JUDGE CHAN TO HONORABLE LEONARD P. STARK, UNITED STATES DISTRICT COURT JUDGE WHICH STATES:

## PROPOSED ORDER

IT IS HEREBY ORDERED THAT:

1. W. R. Grace & Co. ("GRACE") and its attorneys shall file no further pleadings or letters in the United States Bankruptcy Court for the District of Delaware in Case No. 01-01139-AMC for sixty days following the filing of this ORDER except for filing objections to claims for reimbursement periodically filed by SMOLKER seeking reimbursement of additional living expenses incurred by SMOLKER as a result of SMOLKER temporarily staying in the Courtyard by Marriott.

2. Judge Chan shall set a hearing on any objections filed by GRACE or its attorneys. At the conclusion of the hearing, Honorable Ashely M. Chan, United Sates Bankruptcy Judge shall forward proposed findings of fact and conclusions of law to Honorable Leonard P. Stark, United States District Court Judge.

3. SMOLKER shall periodically file claims in the United States Bankruptcy Court for the District of Delaware for reimbursement of additional living expenses incurred as a result of temporarily living in the Courtyard by Marriott in Woodland Hills, California, with supporting documentation.

4. SMOLKER'S CLAIM for reimbursement of amounts spent on eating out at restaurants in the time period May 27, 2021 through June 16, 2021 in the amount of $2,261.33 is approved in its entirety.

5. SMOLKER'S CLAIM for reimbursement of amount paid to Courtyard by Marriott for staying there during the time period May 27, through June 2, 2021 in the amount of $1,212.68 is approved in its entirety.

6. GRACE attorneys Roger J. Higgins, James O'Neill, and Laura Davis Jones shall promptly pay to SMOLKER the aggregate total sum of $3,474.01.

7. SMOLKER shall periodically file claims for reimbursement of costs incurred as a result of temporarily residing in the Courtyard by Marriott in the United States Bankruptcy Court.

8. GRACE attorneys Roger J. Higgins, James O'Neill, and Laura Davis will either promptly make payment to SMOLKER of the total amount stated by SMOLKER as being additional living expenses as a result of temporarily staying in the Courtyard by Marriott or file an objection to such claim in the United States Bankruptcy Court.

9. The United States Bankruptcy Court Judge Presiding in this case, shall hold a hearing on any such objection and then forward proposed findings of fact and conclusions of law to Honorable Leonard P. Stark, United States District Judge.

_____

Honorable Leonard P. Stark
United States District Court Judge


---------------------

ABOVE IS a "Proposed Order" to be sent by Honorable Ashely M. Chan, United States Bankruptcy Court Judge to Honorable Leonard P. Stark.

That "ORDER" is the relief sought in SMOLKER'S EX PARTE MOTION


Dated: June 17, 2021          Respectfully submitted,

                              *[signature: Gary Smolker]*
                              Gary Smolker, In Pro per
                              Cell Phone: 310-749-9735
                              Office Phone: 818-788-790
                              Email: GSmolker@aol.com
                              Gary Smolker
                              16055 Ventura Blvd., Suite 525
                              Encino, CA 91436

7

Claimant Gary Smolker's
Proposed Findings of Fact
and Conclusions of Law

[Proposed] Findings of Fact

Claimant Gary Smolker ("SMOLKER") submits the following proposed findings of fact.

in Case 01-01139-AMC

1. Claimant SMOLKER does not consent to the ~~bankruptcy court~~ entry of final orders or judgments by the bankruptcy court.

2. On August 3, 2020 W.R. Grace & Co., et al. ("GRACE") filed a "Motion for Summary Judgment," SMOLKER was notified "Objection Deadline: August 17, 2020, at 4:00 p.m." Docket 33154

3. On March 16, 2021, Honorable Ashely M. Chan, United States Bankruptcy Judge, filed an Opinion in Case 01-01139-AMC, Doc 33246.

4. On March 16, 2021, Honorable Ashely M. Chan, United States Bankruptcy Judge filed an ORDER ~~for~~ in Case 01-01139-AMC. Doc 33217

5. On or about ~~March~~ March 27, 2021 ~~Eckelmont~~ SMOLKER filed a "Notice of Appeal and Statement of Election", an "Affidavit of Service" and ~~appeal~~ filing fee check in the amount of $298.00 payable to Clerk, United States Bankruptcy Court, in the USBC for District of Delaware.

6. On March 29, 2021, John A. Cerino, Clerk of the Court for the United States District Court for the District of Delaware filed a "NOTICE OF DOCKETING" stating "A Notice of Appeal of the following order of the Bankruptcy Court dated March 16, 2021 was docketed in the District Court on March 29, 2021: Order Granting Debtor's Motion for Summary Judgment"

7. On May 2, 2021 an ORDER ordering, "Within 14 (fourteen) days of this Order, the parties are directed to confer and submit a proposed scheduling order to govern briefing on

p.3

on the merits of this appeal = signed by Honorable Leonard P. Stark, United States District Judge was filed in Case 1:21-cv-00460-LPS ≠ in the United States District Court for the District of Delaware as Document 6.

8. On May 21, 2021, the same day Judge Stark's ORDER was filed, GRACE attorney Roger Higgins sent SMOCKER an email at 8:19 A.M. (East Coast Time) ~~containing/forwarding a copy of Judge Stark's order dated the same day, and attaching which better sets forth a proposed briefing schedule. A copy of Mr. Higgins May 21 email is attached as Exhibit A~~ in which proposed a briefing schedule. Grace's May 21, 2021 letter also contained a copy of Judge Stark's May 21, 2021 order.

9. On May 25, 2021, GRACE attorney Higgins sent SMOCKER another email in which Mr. Higgins stated: "I am following up on the District Court's order for you and my clients, Grace to confer regarding the appellate briefing schedule. I look forward to your responding to at your earliest convenience."

~~the merits of this appeal.~~

~~By email~~

10. On May 25, 2021 SMOCKER responded to Mr. Higgins correspondence earlier the same day: "Mr. O'Neill, I am in receipt of your email (copy below) and attached ORDER. There is no need for you to follow up on the District Court Order that we meet and confer regarding the appellate briefing schedule or the need for me to file a Designation of Record on Appeal and Statement of Issues on Appeal. I will respond to the District Court's ORDER at my earliest convenience. I will file my Designation of Record on Appeal and Statement of ISSUES on Appeal as soon as practical." through its attorneys Roger J. Higgins, Laura Davis Jones and James E. O'Neill

11. On May 27, 2021 GRACE filed a pleading titled "Appellee's Request for Briefing Schedule" in the United States District Court for the District of Delaware for C.A. No. 21-460-LPS Docket No. 9.

12. By email on May 28, 2021, SMOCKER requested that GRACE withdraw the "Motion for Scheduling Order" filed by GRACE on 5/27/01. Mr. Smocker's ~~email~~

p. 5

May 28, 2021 email states: "Mr. O'Neill, Ms. Jones and Mr. Higgins:" I request your client W.R. Grace & Co. et al. ("GRACE") withdraw the "Motion for Scheduling Order filed by GRACE on 05/27/21." In my May 25, 2021 email to Mr. O'Neill and Mr. Higgins, I stated: "I will respond to the District Court's Order at my earliest convenience." I did not refuse to meet and confer."

13. By return email on May 28, 2021 GRACE attorney Higgins stated, "Grace is not willing at this time to withdraw its motion." and set forth an argument in an attempt justify GRACE's refusal to withdraw its "Motion for Scheduling Order."

14. By email dated May 31, 2021 SMOLKER notified GRACE attorneys Higgins, Jones and O'Neill that GRACE attorneys did not accurately state what is stated in writing in SMOLKER's May 25 email and notified GRACE attorneys that SMOLKER is deeply involved in responding to an emergy situation, perhaps a life threatening emergy situation, and that SMOLKER on May 16, 2021 SMOLKER had been given one month notice to move out of his domicile, and that currently SMOLKER is living in a small

p. 6

states:

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | ORDER signed by Honorable Leonard P. Stark, United States District Judge in Case 1:21-cv-00460-LPS Document 6 Filed 05/21/21 |
| 2 | GRACE "Motion for Scheduling Order" filed 5/27/2021 in Case No. 1:21-cv-00460-LPS as Docket No. 9 in the United States District Court for the District of Delaware |
| 3. | May 28, 2021 Request from SMOLKER to GRACE that GRACE withdraw the "Motion for Scheduling Order" filed by GRACE on 5/27/2021 |
| 4. | May 28, 2021 return email from GRACE attorney Roger J. Higgins in response to SMOLKER's request that GRACE withdraw its "Motion for Scheduling Order" |
| 5. | May 31, 2021 email from SMOLKER to GRACE attorney |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., *et al.*, | : | Chapter 11 |
| | : | |
| Reorganized Debtors. | : | Bankr. Case No. 01-01139-AMC |
| | : | |
| GARY SMOLKER, | : | |
| | : | |
| Appellant, | : | Civ. No. 21-460-LPS |
| v. | : | |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | |
| | : | |
| Appellees. | : | |

## ORDER

Having considered the Recommendation (D.I. 3) issued by Chief Magistrate Judge Thynge on April 29, 2021, recommending that the Court withdraw this appeal from mandatory mediation; and upon consideration of the Objections to Recommendation (D.I. 4) filed by *pro se* appellant Gary Smolker ("Appellant"); and upon consideration of Appellant's Motion for Extension of Time (D.I. 5) to file further objections to the Recommendation; and it appearing that mediation at this stage would not be a productive exercise or worthwhile use of judicial resources,

IT IS HEREBY ORDERED that:

1. The Objections to Recommendation are OVERRULED.

2. The Motion for Extension of Time is DENIED.

3. The Recommendation is ACCEPTED.

2. Within 14 (fourteen) days of this Order, the parties are directed to confer and submit a proposed scheduling order to govern briefing on the merits of this appeal.

*[signature]*
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

EXHIBIT "1"

ORDER filed 05/21/21
in the United
States District Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Case No. 01-01139 (AMC) (Jointly Administered)

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Blvd., Suite 525, Encino, CA 91436. On June 17, 2021, I served the following attached document:

**CLAIMANT GARY SMOLKER'S OPPOSITION TO W.R. GRACE & CO'S (GRACE'S) REQUEST TO CANCEL JUNE 24, 2021 HEARING DATE, etc.**

X  Via Email on:


Roger J. Higgins – rhiggins@rogerhigginslaw.com
James E. O'Neill – joneill@pszjlaw.com
Laura Davis Jones – ljones@pszjlaw.com


**X** BY FEDERAL EXPRESS: ORGINAL SENT FOR FILING WITH THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE VIA FEDERAL EXPRESS OVERNIGHT MAIL

United State Bankruptcy Court for the District of Delaware
Office of the Clerk
824 Market Street
Wilmington, Delaware 19801


Executed on June 17, 2021, 2021 at Encino, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*[signature]*
Sabrina Jones

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2021 JUN 21 AM 10: 46
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Case No. 01-01139 (AMC) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| _____ | ) | Docket Nos. 929630 and 33231 |

**STATEMENT OF RELIEF SOUGHT BY GARY SMOLKER IN EX PARTE MOTION GARY SMOLKER SEEKS TO HAVE HEARD ON JUNE 24, 2021 AT 12:00 P.M. BY HONORABLE ASHELY M. CHAN, UNITED STATES BANKRUTPCY JUDGE**

Movant Gary Smolker ("SMOLKER") seeks the following relief in an Ex Parte Motion SMOLKER seeks to have heard on June 24, 2021 at 12:00 p.m. by Honorable Ashely M. Chan, United States Bankruptcy Judge:

A PROPOSED ORDER IS SENT BY JUDGE CHAN TO HONORABLE LEONARD P. STARK, UNITED STATES DISTRICT COURT JUDGE WHICH STATES:

<u>PROPOSED ORDER</u>

IT IS HEREBY ORDERED THAT:

1. W. R. Grace & Co. ("GRACE") and its attorneys shall file no further pleadings or letters in the United States Bankruptcy Court for the District of Delaware in Case No. 01-01139-AMC for sixty days following the filing of this ORDER except for filing objections to claims for reimbursement periodically filed by SMOLKER seeking reimbursement of additional living expenses incurred by

1

SMOLKER as a result of SMOLKER temporarily staying in the Courtyard by Marriott.

2. Judge Chan shall set a hearing on any objections filed by GRACE or its attorneys. At the conclusion of the hearing, Honorable Ashely M. Chan, United Sates Bankruptcy Judge shall forward proposed findings of fact and conclusions of law to Honorable Leonard P. Stark, United States District Court Judge.

3. SMOLKER shall periodically file claims in the United States Bankruptcy Court for the District of Delaware for reimbursement of additional living expenses incurred as a result of temporarily living in the Courtyard by Marriott in Woodland Hills, California, with supporting documentation.

4. SMOLKER'S CLAIM for reimbursement of amounts spent on eating out at restaurants in the time period May 27, 2021 through June 16, 2021 in the amount of $2,261.33 is approved in its entirety.

5. SMOLKER'S CLAIM for reimbursement of amount paid to Courtyard by Marriott for staying there during the time period May 27, through June 2, 2021 in the amount of $1,212.68 is approved in its entirety.

6. GRACE attorneys Roger J. Higgins, James O'Neill, and Laura Davis Jones shall promptly pay to SMOLKER the aggregate total sum of $3,474.01.

7. SMOLKER shall periodically file claims for reimbursement of costs incurred as a result of temporarily residing in the Courtyard by Marriott in the United States Bankruptcy Court.

8. GRACE attorneys Roger J. Higgins, James O'Neill, and Laura Davis will either promptly make payment to SMOLKER of the total amount stated by SMOLKER as being additional living expenses as a result of temporarily staying in the Courtyard by Marriott or file an objection to such claim in the United States Bankruptcy Court.

9. The United States Bankruptcy Court Judge Presiding in this case, shall hold a hearing on any such objection and then forward proposed findings of fact and conclusions of law to Honorable Leonard P. Stark, United States District Judge.

_____
Honorable Leonard P. Stark
United States District Court Judge

---------------------

ABOVE IS a "Proposed Order" to be sent by Honorable Ashely M. Chan, United States Bankruptcy Court Judge to Honorable Leonard P. Stark.

That "ORDER" is the relief sought in SMOLKER'S EX PARTE MOTION.

Date: June 17, 2021          Respectfully submitted,

*[signature: Gary Smolker]*

_____
Gary Smolker, Claimant In Pro Per
Cell Phone: (310) 749-9735
Office Phone: (818) 788-7290
E-mail: GSmolker@aol.com

Gary Smolker
16055 Ventura Blvd., Suite 525
Encino, CA. 91436
USA

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Case No. 01-01139 (AMC) (Jointly Administered)

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Blvd., Suite 525, Encino, CA 91436. On June 17, 2021, I served the following attached document:

**Statement of Relief Sought by Gary Smolker in Ex Parte Motion Gary Smolker Seeks to have heard on June 24, 2021 at 12:00 p.m. by Honorable Ashely M. Chan, United States Bankruptcy Judge**

**X** Via Email on:

Roger J. Higgins – rhiggins@rogerhigginslaw.com
James E. O'Neill – joneill@pszjlaw.com
Laura Davis Jones – ljones@pszjlaw.com

**X** BY FEDERAL EXPRESS: ORGINAL SENT FOR FILING WITH THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE VIA FEDERAL EXPRESS OVERNIGHT MAIL

United State Bankruptcy Court for the District of Delaware
Office of the Clerk
824 Market Street
Wilmington, Delaware 19801

Executed on June 17, 2021, 2021at Encino, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Sabrina Jones