**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (AMC) |
| ) | (Jointly Administered) |
| Reorganized Debtor. ) | |
| ) | Hearing Date: June 24, 2021, at 12:00 p.m. ET |
| ) | Related document: 33215, 92630, 33231, 33232, and 32233 |

**REPLY IN SUPPORT OF THE REORGANIZED DEBTOR'S REQUEST TO CANCEL JUNE 24, 2021 HEARING**

Mr. Smolker's Opposition does not raise any argument as to why the June 24, 2021 hearing should not be canceled.[2] Instead, the Opposition seeks affirmative relief which this Court should not grant and raises issues over which this Court has no jurisdiction. What's more, Mr. Smolker has filed several additional pleadings (the "Untimely Pleadings") in support of both the Opposition and a putative sanctions motion that he plans to file on or about June 22, 2021, for hearing at the June 24, 2021—a filing that, to the extent it occurs, would appear to violate the Fed. R. Bankr. P. 9011(c) 21-day notice requirement, among many other rules.

The Reorganized Debtor therefore requests the Court:

- Overrule the Opposition to the extent that it raises no issue as to why the June 24 hearing date should not be canceled as to the sanctions motion that Mr. Smolker never filed;

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

[2] On June 21, 2021, *the Claimant Gary Smolker's Opposition to W.R. Grace & Co.'s (Grace's") Request to Cancel June 24, 2021 Hearing and Gary Smolker's Request That Alternatively the Court Instead Hear Gary Smolker's Ex Parte Application for Protective Order and Sanctions Against Grace Attorneys Roger J. Higgins, James O'Neill, and Laura Davis Jones* (the "Opposition") was docketed [Docket no. 33233].

All capitalized terms not defined in this reply (the "Reply") shall have the meaning ascribed to them in the Reorganized Debtor's *Request to Cancel June 24, 2021 Hearing* [Docket no. 33231], filed June 4, 2021 (the "Original Motion").

- Deny with prejudice the relief sought in the Opposition to the extent that it requests that the Reorganized Debtor be barred from filing further pleadings in this Court, because Mr. Smolker has no matter actively pending before this Court;

- Deny with prejudice the relief sought in the Opposition to the extent that it requests that the Reorganized Debtor be barred from filing further pleadings in the District Court, because this Court has no jurisdiction over that matter;

- Deny with prejudice the relief sought in the Opposition for reimbursement from the Reorganized Debtor's counsel for certain living expenses, because the request: (i) is devoid of any legal or factual support for such a request; and (ii) violates Fed. R. Bankr. P. 9011;

- Deny as untimely the relief sought in any pleadings docketed after the filing of this Reply and prior to the June 24 hearing, including but not limited to the putative sanctions motion referenced in the Opposition; and

- Enter its order as a final order.

In light of Mr. Smolker's Untimely Pleadings, the prospect of Mr. Smolker filing a sanctions motion that would violate Fed. R. Bankr. P. 9011, and relief requested in the Opposition, the Reorganized Debtor now believes that a hearing will be required. Therefore, the Reorganized Debtor requests that the June 24 hearing go forward.

### THE UNTIMELY PLEADINGS

1. On June 21, 2021, the following Untimely Pleadings were docketed:

- *Declaration of Lauren Elder In Support of Sanction Motion Gary Smolker Requests Be Heard on June 24, 2021*, dated June 16, 2021 [Docket no. 33232] (the "Elder Declaration"), filed in support of the Opposition;

- *Federal Rules of Bankruptcy Procedure, Rule 7008 Notice: Pleader Gary Smolker Does Not Consent to Entry of Final Orders or Judgments of the Bankruptcy Court with respect to W.R. Grace & Co.'s Pending Motion to Cancel June 24, 2021 Hearing Date*, dated June 16, 2021 [Docket no. 33232] (the "Rule 7008 Notice re Hearing Date");

- *Federal Rules of Bankruptcy Procedure, Rule 7008 Notice: Pleader Gary Smolker Does Not Consent to Entry of Final Orders or Judgments of the Bankruptcy Court with respect to Gary Smolker's Ex-Parte Application/Motion for Protective Order and Imposition [sic] Of Sanctions on W.R. Grace & Co. Attorneys Roger J. Higgins, Laura Davis Jones, and James E. O'Neill* [Docket no. 33232] (the "Rule 7008 Notice re Unfiled Sanctions Motion"); and

- *Statement of Relief Sought by Gary Smolker in Ex Parte Motion Gary Smolker Seeks to Have Heard on June 24, 2021 at 12:00 P.M. By Honorable Ashely M. Chan, United States*

*Bankrutpcy* [sic] *Judge*, dated June 17, 2021 [Docket no. 33233] (the "Statement"), which was docketed together with the Opposition.[3]

## THE RELIEF REQUESTED IN THE OPPOSITION SHOULD BE DENIED

2.      Mr. Smolker's Opposition is effectively a motion seeking sanctions that is disguised as a response to the Original Motion.  The Reorganized Debtor requests the Court deny with prejudice all of the relief sought in the Opposition for the reasons set forth in this Reply.[4]

### *Opposition Does Not Address Why Hearing Originally Should Have Been Canceled*

3.      As a threshold matter, the Opposition does not oppose the Reorganized Debtor's *Request to Cancel June 24, 2021 Hearing* [Docket no. 33231]—which was an attempt by the Reorganized Debtor to do what Mr. Smolker should have done: timely request the Court cancel the June 24 hearing, because Mr. Smolker did not timely file his threatened sanctions motion. *Request for Hearing Date for Motion Seeking a Court Order*, docketed March 15, 2021 [Docket no. 33215].  Indeed, the Opposition is entirely bereft of any support for the hearing going forward on that basis.  Thus, solely as to Mr. Smolker's long-threatened, but as yet unfiled sanctions motion, the Court should be canceling the June 24 hearing.

4.      But of course, Mr. Smolker has complicated matters by filing his four Untimely Pleadings, threatening to improperly file a ***different*** sanctions motion on June 22, 2021, for hearing

---

[3]   Counsel for the Reorganized Debtor received copies of these four pleadings on June 16-17, 2021, via e-mail correspondence from Mr. Smolker.

[4]   Although Mr. Smolker is acting *pro se* before this Court, he is apparently admitted to the State Bar of California. *See* http://members.calbar.ca.gov (accessed June 21, 2021).  As such, Mr. Smolker should be viewed as subject to the rules of this Court on a more heightened basis than the typical non-lawyer *pro se* litigant.  *See*, *e.g.*, *Advanced Multilevel Concepts, Inc. v. Bukstel*, No. 11-3718, 2014 U.S. Dist. LEXIS 169884, at *35 n.11 (E.D. Pa. 2014) (quoting *In re Heard*, 106 B.R. 481, 484 (Bankr. N.D. Ohio 1989) ("Even when an attorney represents himself in a pro se capacity, he does not lose the aura of an officer of the court")).

on June 24, 2021, and improperly requesting in his Opposition a potpourri of relief that this Court cannot grant. The Reorganized Debtor therefore respectfully submits that the June 24 hearing must now go forward in order to deal with Mr. Smolker's unseemly and untimely pleadings.

*The Opposition Addresses Matters Not Before This Court*

5. The Opposition in large part addresses matters that are currently before the United States District Court for the District of Delaware (the "District Court") in the appeal of this Court's March 16 Order, captioned *Smolker v. W. R. Grace, Inc., et al.*, Civ. No. 21-460-LPS (Stark, J.) (D. Del. 2021) (the "Appeal"). To date, Mr. Smolker has yet to make any filing in the District Court addressing any of these matters. Moreover, he has missed his 7-day window of opportunity to object to the District Court's June 7, 2021 *Order* setting a briefing schedule in the Appeal. Appeal Docket [D.I. 12] (the "Appeal Scheduling Order"); Fed. R. Bankr. P. 8013(b).

6. Notwithstanding Mr. Smolker's failure to timely pursue his dissatisfaction with the Appeal Scheduling Order in the District Court, his Opposition seems to request that this Court address matters relating to entry of that order—which of course this Court cannot do as these matters are not within its jurisdiction. *Main Line Fed. Sav. & Loan Ass'n. v. Tri-Kell, Inc*., 721 F.2d 904, 906 (3d Cir. 1983) (internal citations omitted) ("Filing a notice of appeal automatically transfers jurisdiction" from the trial court to the appellate court).

7. Mr. Smolker also states in his Opposition that he wants this Court to forbid the Reorganized Debtor from filing any "further pleadings or letters" with this Court for a period of sixty days. Opposition at 6 (form of proposed order); Statement (same). This Court cannot grant any such relief, because Mr. Smolker has no matters currently pending before this Court.[5] And to

---

[5] The Reorganized Debtor's records indicate that Mr. Smolker filed a single proof of claim no. 387, which this Court has disallowed in its March 16, 2021 Order [Docket no. 33217]. *In re W. R. Grace & Co., et al.*, 636 B. R.

the extent that Mr. Smolker is requesting this Court stay the Reorganized Debtor from making any filings in the Appeal pending before the District Court, this Court likewise simply does not have the jurisdiction to do so. *Id.*; 28 U.S.C. § 158(a) (source of District Court jurisdiction over Appeal).

***Mr. Smolker's Request to Enjoin the Reorganized Debtor from Filing Pleadings Is Fatally Deficient***

8. But even if this Court had jurisdiction over Mr. Smolker's request to enjoin the Reorganized Debtor, that request must still fail. Indeed, as a motion for injunctive relief, the Opposition fails to comply with the requirement found in Fed. R. Bankr. P. 7001(7) that an adversary proceeding must be commenced in order to seek any such injunctive relief. What's more, the Opposition does not make it clear whether Mr. Smolker is seeking a temporary restraining order under Fed. R. Civ. P. 65(b) or merely a temporary injunction pursuant to Fed. R. Civ. P. 65(a). Finally, the Opposition makes no effort to comply with the various notice and time-to-file requirements found in the Local Rules. *See* Fed. R. Bankr. P. 9006; Del. Bankr. LR 9006-1; Fed. R. Bankr. P. 9014(b).

9. But even if Mr. Smolker were to cure such procedural defects, his relief must still be denied. The Opposition and the Elder Declaration are utterly devoid of any evidence whatsoever that the Reorganized Debtor's motion practice before this Court has affected Mr. Smolker in any way whatsoever—particularly as the sole relevant filing of the Reorganized Debtor before this Court was the Original Motion, which sought to do what Mr. Smolker should have done—cancel the June 24 hearing. Moreover, Mr. Smolker's present housing problems so fulsomely described in the Elder Declaration have no connection to the Reorganized Debtor's chapter 11 case. The Opposition thus fails to carry Mr. Smolker's burden of having to make "a

---

217 at 2021 Bankr. LEXIS 601, *13 (Bankr. D. Del. 2021). Mr. Smolker is not party to any other matters still pending in the Grace chapter 11 case.

clear showing of immediate irreparable injury" before this Court can entertain imposing any injunctive relief. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980).

10. For all of these reasons, this Court should deny with prejudice Mr. Smolker's request to enjoin the Reorganized Debtor from filing pleadings in the Bankruptcy Court.

*The Court Should Deny the Opposition's Reimbursement Request*

11. The Opposition also requests the Court approve "reimbursement of additional living expenses" and "amounts spent on eating out at restaurants." Opposition at 6-7 (Proposed Order). The Opposition further requests the Court set up a process by which Mr. Smolker can submit further claims for reimbursement. *Id*. at 6-7. The Opposition provides no factual basis for such reimbursement, nor does it provide any legal basis for Mr. Smolker being entitled to any such reimbursement. What's more, the form of these requests and the timing of the filing of the Opposition violate a broad range of federal and local rules of bankruptcy and civil procedure.

12. As a preliminary matter, the Opposition is not styled as a motion for relief. *See, e.g.*, Fed. R. Bankr. P. 9013; Del. Bankr. LR 9013-1(b) (requirement for motion for relief). Moreover, the Opposition, insofar as Mr. Smolker seeks to go forward with it at the June 24 hearing, violates federal bankruptcy and civil procedure rules and the Local Rules of this Court as to the timing of when motions must be filed. *See*, *e.g.*, Fed. R. Bankr. P. 9006; Del. Bankr. LR 9006-1; Fed. R. Bankr. P. 9014(b).

13. The Opposition is also procedurally deficient on more substantive grounds. For example, the Opposition does not contain any legal basis on which Mr. Smolker could assert any claim, which violates Rule 11(b). Fed. R. Bankr. P. 9011(b)(2). Moreover, the Opposition does not provide any factual predicate on which it could state a claim, thereby violating another Rule 11(b) prong. Fed. R. Bankr. P. 9011(b)(3). The Opposition cites the Elder Declaration as support

for his reimbursement claim.  But as discussed above, neither the Opposition nor the Elder Declaration adduce any evidence to tie Mr. Smolker's reimbursement claim (which apparently arises from his unsettled living situation) to the Grace bankruptcy case in any way.  To make matters worse, Mr. Smolker's own communications indicate that he is seeking compensation from his insurer for the very same reimbursement claims.  L. Elder E-Mail Correspondence to statefarmfireclaims@statefarm.com et al., dated June 10, 2021, attached hereto as Exhibit A.[6]

14. Third, the requested relief specifically targets counsel for the Reorganized Debtor, and not the Reorganized Debtor itself.  In so doing, the Opposition apparently is serving as a makeshift motion for sanctions.  As such, it violates Fed. R. Bankr. P. 9011(c).  In particular, Mr. Smolker has not given the 21-day notice required by Fed. R. Bankr. P. 9011(c)(1) to anyone, nor has he identified to the Reorganized Debtor or its counsel any particular "challenged paper, claim, defense, allegation, or denial" that could become subject to sanctions.  The Opposition also violates Fed. R. Bankr. P. 9011(b)(2) and (3) by failing to provide a factual basis for seeking sanctions and by failing to provide a legal basis for any such sanctions.

15. Moreover, the Reorganized Debtor submits that the Opposition may itself violate Fed. R. Bankr. P. 9011(b)(1) in that it may have been "presented for an improper purpose" in view of its unsubstantiated allegations and pejorative nature.  *Compare* Opposition *with* Appeal Docket (*Appellee's Request for Briefing Schedule* [D.I. 9]; *Letter to Honorable Leonard S. Stark from Roger J. Higgins Regarding Request for Briefing Schedule* [D.I. 10]; *Supplemental Letter to The Honorable Leonard P. Stark from Roger J. Higgins, Esquire Regarding Request for Briefing*

---

[6] Ms. Elder's June 10 e-mail correspondence had a zip file attached to it, apparently showing views of Mr. Smolker's apartment.  Counsel for the Reorganized Debtor was unable to access this file.  It is not clear whether the pictures attached to the Elder Declaration are copies of some or all of the pictures contained on the zip file.

*Schedule* [D.I. 11]). Moreover, the Reorganized Debtor has incurred unnecessary expense in the drafting of this Reply.

16. To make matters worse, the Reorganized Debtor has already incurred burdensome costs in having filed the Original Motion in the first place. As discussed in the Original Motion, Mr. Smolker acknowledged at a June 3 "meet and confer" on the Appeal briefing schedule the need to cancel the June 24 hearing, because he had not timely filed the sanctions motion to heard at the hearing. Original Motion at 2. He subsequently refused in writing to cancel the hearing. *Id*. at Exhibit C. Such behavior on Mr. Smolker's part, especially when viewed in the context of the Opposition's requested relief, the contemporaneous filing of the Untimely Pleadings, and the threatened filing of a sanctions motion on June 22, 2021, in an apparent violation of the Fed. R. Bankr. P. 9011(c) 21-day requirement, is tantamount to harassment of the Reorganized Debtor and its counsel—all because Mr. Smolker is apparently unhappy with the Appeal Briefing Schedule (over which this Court of course has no jurisdiction). Opposition *passim*.

### THE COURT HAS THE AUTHORITY TO ENTER FINAL ORDERS

17. Finally, the Reorganized Debtor wishes to bring to the Court's attention two notices, the Rule 7008 Notice re Hearing Date and the Rule 7008 Notice re Unfiled Sanctions Motion. The Rule 7008 Notice re Hearing Date states in relevant:

> Claimant Gary S. Smolker does not consent to the Bankruptcy Court making a final order on W.R. Grace & Co.'s pending motion to Cancel June 24, 2021 Hearing Date.

[Docket no. 33232]. The Rule 7008 Notice re Unfiled Sanctions Motion states in relevant part:

> Movant Gary S. Smolker does not consent to the Bankruptcy Court making a final order on his soon to be filed ex parte motion for protective order and imposition of sanctions on attorneys Roger J. Higgins, Laura Davis Jones, and James O'Neill

[Docket no. 33232].

18. Fed. R. Bankr. P. 7008 states in relevant part:

> In an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court.

The Notes of Advisory Committee on 2016 Amendments state in relevant part:

> The amended rule calls for the pleader to make a statement regarding consent, whether or not a proceeding is termed non-core. … The bankruptcy judge will then determine the appropriate course of proceedings under Rule 7016.

19. Fed. R. Bankr. P. 9014(c) states in relevant part that Fed. R. Bankr. P. 7008 does not apply to contested matters. The Original Motion commenced a contested matter, and the Opposition was filed in response thereto. *See, e.g.*, 10 COLLIER ON BANKRUPTCY ¶ 9014.01 (16th 2021) (defining contested matters). The Reorganized Debtor respectfully submits that the Court may overrule both Rule 7008 Notices on the basis that Fed. R. Bankr. P. 7008 simply does not apply in to this contested matter.

20. Moreover, the Reorganized Debtor respectfully submits that entering a final order regarding the June 24 hearing, whether to cancel it as requested in the Original Motion or to proceed in light of the subject matter of the Opposition, the filing of the Untimely Pleadings, and the threatened filing of a sanctions motion on or about June 22, 2021 (which filing would likely violate Fed. R. Bankr. P. 9011(c)) is a matter of docket control that is well within this Court's discretion. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (internal citation omitted) ("matters of docket control … are committed to the sound discretion of the district court").

21. Finally, the Court may enter final orders as to contempt proceedings in light of its inherent powers. *In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 422 (Bankr. D. Del. 2014) (internal citation omitted). As discussed above, the Opposition seeks injunctive relief and compensation in a form that implicates both Fed. R. Bankr. P. 9011(c) and this Court's inherent powers. The

Reorganized Debtor therefore respectfully submits that this Court may enter final orders resolving the Original Motion's request to cancel the June 24 hearing and the Rule 7008 Notice re Unfiled Sanctions Motion.

## CONCLUSION

22.   The Reorganized Debtor respectfully requests the Court enter a final order:

- Overruling the Opposition as to the June 24 hearing date;

- Denying with prejudice the Opposition as to the request to enjoin the Reorganized Debtor from filing pleadings in either the Bankruptcy Court or in the District Court Appeal; and

- Denying with prejudice Mr. Smolker's request for reimbursement from the Reorganized Debtor's counsel.

## NOTICE

Notice of this Response has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Gary S. Smolker. In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor respectfully seeks the entry of an order granting relief as to the June 24, 2021 hearing and denying the relief sought in the Opposition as may be appropriate.

Dated: June 21, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
(312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**