# EXHIBIT A

**Form of Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) Re docket no. _____ |
| | ) Hearing Agenda item no. _____ |
| | ) |

**ORDER: (I) ENFORCING AGAINST RUNE KRAFT THE PLAN AND CONFIRMATION CLAIM PRECLUSION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS; and (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED *KRAFT V. CHEVRON CORP. ET AL.*, CASE NO. 2:21-CV-00575-DJH (THE "<u>ARIZONA-CHEVRON LITIGATION</u>")**

Upon consideration of the *Reorganized Debtor's Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned <u>Kraft v. Chevron Corp. et al.</u>, Case No. 2:21-cv-00575-DJH (the "<u>Arizona-Chevron Litigation</u>")* [Docket No. 332\*\*] (the "<u>Motion</u>"); it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estates, its creditors, and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") is the sole remaining Reorganized Debtor and Case No. 01-1139 is the sole remaining open Grace Chapter 11 Case. All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, the Court makes the following FINDINGS OF FACT:

1. The distribution of estate assets (the "December 2006 Court-Ordered Distribution") authorized in the *Order Authorizing Trustee to Make Distribution of Net Proceeds from Sale of Estate Property*, entered on December 22, 2006 [Docket no. 148], *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "December 2006 Estate Asset Distribution Order") is the same transaction as the transaction alleged (the "Complaint's Asserted December 2006 Grace Transaction") in the complaint filed by Mr. Kraft (the "Complaint") naming Grace as a defendant in the matter pending in the United States District Court for the District of Arizona, Phoenix Division (the "Arizona District Court") captioned *Kraft v. Chevron Corp. et al.*, Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation").

2. Mr. Kraft does not have any cognizable claims that he may assert in the Complaint arising from or related to the December 2006 Court-Ordered Distribution and the Complaint's Asserted December 2006 Grace Transaction, because (i) Realia, Inc. ("Realia"), had no such claims to assign to him, as all such claims were property of the bankruptcy estate in the now-closed chapter 7 case captioned *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "Realia Chapter 7 Case"), and (ii) there were no distributions of bankruptcy estate property to Realia pursuant to 11 U.S.C. § 726(a)(6) prior to the termination of the Realia Chapter 7 Case on or about February 2, 2012.

3. Solely to the extent that Mr. Kraft could have, or could have had, cognizable claims arising from or related to the December 2006 Court-Ordered Distribution and the Complaint's Asserted December 2006 Grace Transaction, any such claims would be Administrative Expense Claims, whether held or once held by Realia, Mr. Kraft, or otherwise (the "Kraft December 2006 Transaction Administrative Expense Claims").

4. The Plan and Confirmation Order discharged all Kraft December 2006 Transaction Administrative Expense Claims.

5. The Plan and Confirmation Order preclude and forevermore bar Mr. Kraft from asserting in any forum whatsoever any and all Kraft December 2006 Transaction Administrative Expense Claims.

6. Mr. Kraft was on actual notice that the Complaint's claims arising from or related to the Complaint's Asserted December 2006 Grace Transaction and the December 2006 Court-Ordered Distribution were not cognizable, and to the extent that Mr. Kraft was not on actual notice that any such claims were not cognizable, he failed to take reasonable preparatory steps prior to filing the Complaint to ascertain that the Complaint's allegations did not violate applicable rules of civil and bankruptcy procedure.

7. Prior to filing his Complaint in the Arizona-Chevron Litigation, Mr. Kraft did not have objective knowledge or belief that the Complaint's allegations were well-grounded in fact or law.

8. Mr. Kraft does not have an objectively reasonable expectation that any further investigation or discovery would yield any evidentiary support for the factual contentions set forth in the Complaint.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the local rules of the Court are satisfied by such notice.

Based upon the foregoing findings of facts, it is hereby ORDERED that:

A. The Motion is granted in its entirety.

B. Mr. Kraft is ordered to file a pleading (a "<u>Dismissal Pleading</u>") no later than seven (7) days from the date entry of this Order seeking an entry of an order by the Arizona District Court dismissing the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation (the "<u>Dismissal Order</u>").

C. Mr. Kraft is barred from taking any other action in the Arizona-Chevron Litigation involving or otherwise pertaining to the Reorganized Debtor except for filing the Dismissal Pleading and taking all actions necessary to obtain entry of the Dismissal Order.

D. Within seven (7) days after entry of the Dismissal Order by the Arizona District Court, Mr. Kraft shall file a notice with this Court with a copy of the Dismissal Order attached thereto.

E. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the Dismissal Pleading, and any motion for sanctions brought against Mr. Kraft.

F.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2021

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge