**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | Hearing Date: August 26, 2021, at 10:00 a.m. |
| | ) | Objection Deadline: July 21, 2021 at 4:00 p.m. |

**DECLARATION OF VIKTORIYA M. SHPIGELMAN IN SUPPORT OF THE REORGANIZED DEBTOR'S MOTION FOR AN ORDER: (I) ENFORCING AGAINST RUNE KRAFT THE PLAN AND CONFIRMATION CLAIM PRECLUSION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS; and (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED <u>KRAFT V. CHEVRON CORP. ET AL.</u>, CASE NO. 2:21-CV-00575-DJH (THE "<u>ARIZONA-CHEVRON LITIGATION</u>")**

| | |
|---|---|
| COUNTY OF HOWARD | ) |
| | ) ss. |
| STATE OF MARYLAND | ) |

Viktoriya M. Shpigelman, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am Viktoriya M. Shpigelman, Senior Corporate Counsel for Grace, the above-captioned Reorganized Debtor. All facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by employees of and/or professionals retained by the Reorganized Debtor, and on my experience and knowledge of Grace's businesses. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This declaration is filed in support of the Reorganized Debtor's *Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the*

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") is the sole remaining "<u>Reorganized Debtor</u>," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "<u>Grace Chapter 11 Case</u>").

*Matter Captioned <u>Kraft v. Chevron Corp. et al.</u>, Case No. 2:21-cv-00575-DJH (the "<u>Arizona-Chevron Litigation</u>")* (the "<u>Motion</u>"), which was filed concomitantly herewith.

### I.    MR. KRAFT AND THE TRANSFEROR ENTITIES WERE NOT CREDITORS IN THE GRACE CHAPTER 11 CASE

2.   The Reorganized Debtor conducted a search of its books and records to see whether Mr. Kraft, Kraft Legal, or any of the Assignor Entities were creditors or claimants in the Grace Chapter 11 Cases or otherwise parties to the Grace Chapter 11 Case.  None of them were listed in the Reorganized Debtor's books and records.[2]

### II.    THE COMPLAINT'S ASSERTED DECEMBER 2006 GRACE TRANSACTION

3.   The Complaint refers to an alleged transaction that the Complaint asserts occurred in December 2006 (the "<u>Complaint's Asserted December 2006 Grace Transaction</u>").  There is insufficient information on the face of the Complaint for Grace to identify a candidate transaction in its books and records.  As discussed in the Motion, the Reorganized Debtor is still undertaking an investigation of the December 2006 Court-Ordered Distribution, and it has yet to confirm that any receipt of monies was made in respect thereof.

### III.    *IN RE REALIA, INC.*, CASE NO. 2:05-BK-15022-RTB (BANKR. D. 2005)

4.   Attached hereto as exhibits are copies of certain items from a closed chapter 7 case:

   a. Docket as of June 28, 2021, for a closed chapter 7 case captioned *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Ariz. December 13, 2005) (the "<u>Realia Chapter 7 Docket</u>"), obtained by counsel for the Reorganized Debtor, a copy of which is attached hereto as <u>Exhibit A</u>.

   b. *North American Serv. Holdings, Inc. v. Erick M. Black, L. L. C. (In re Realia, Inc.)*, No. AZ-11-1334-JuPaD, 2012 Bankr. LEXIS 1083 (B.A.P. 9th Cir. Feb. 24, 2012)

---

[2]  The Assignor Entities comprise Realia, Inc., a Delaware corporation, Concreteworks, Inc., a Delaware corporation, Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation, Pacific Real Estate Holdings, Inc., a Delaware corporation, North American Service Holdings, Inc., a Delaware corporation, and Kraft Americas Holdings, Inc., a Delaware corporation, which are referred to in Complaint ¶ 2.

(the "NASH-Realia Appeal"), obtained from LEXIS on June 28, 2021, by counsel for the Reorganized Debtor, and attached hereto as Exhibit B.

c. *Trustee's Amended Second Application for Authority to Make Distribution of Net Proceeds from Sale of Estate Property*, filed on November 22, 2006 [Docket no. 144], *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "Distribution Application"), obtained on June 28, 2021, by counsel for the Reorganized Debtor from the Realia Chapter 7 Docket, a copy of which is attached hereto as Exhibit C.

d. *Order Authorizing Trustee to Make Distribution of Net Proceeds from Sale of Estate Property*, entered on December 22, 2006 [Docket no. 148], *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "December 2006 Estate Asset Distribution Order"), obtained on June 28, 2021, by counsel for the Reorganized Debtor from the Realia Chapter 7 Docket, a copy of which is attached hereto as Exhibit D.

These documents are referred to in the Motion as the "Realia Chapter 7 Docket Items."

## IV.   RELEVANT ARIZONA LITIGATION DOCKET AND RELATED ITEMS

5.   Attached hereto as exhibits are a copy of the Arizona Court's LR Civ. P. 5.4 and copies of certain docket items obtained from the Arizona Litigation docket maintained by the Arizona District Court.

a. LR Civ. P. 5.4 adopted by the Arizona Court, a copy of which was obtained by counsel for the Reorganized Debtor from the Arizona District Court's website on June 25, 2021, attached hereto as Exhibit E.

b. The Complaint, as served on or about May 24, 2021, to the Reorganized Debtor, a copy of which is attached hereto as Exhibit F.

c. The docket in the Arizona-Chevron Litigation, captioned *Kraft v. Chevron Corp., et al.*, No. 2:21-cv-00575-DJH (D. Ariz. April 2, 2021) ("Arizona-Chevron Litigation Docket"), obtained by counsel for the Reorganized Debtor on June 22, 2021, a copy of which is attached hereto as Exhibit G.

These three documents are the "Arizona-Chevron Litigation Docket Items."

## V.   E-MAIL CORRESPONDENCE COMMUNICATIONS

6.   Attached hereto are e-mail correspondence items from counsel for the Reorganized Debtor to Mr. Kraft and e-mail correspondence items from Mr. Kraft to counsel for the Reorganized Debtor. Copies of each of these items was obtained from the Outlook e-mail system

of the law firm of one of the counsel for the Reorganized Debtor. The Motion requests the Court take judicial notice of each of these documents:

a. Executed *Waiver of Service*, attached to R. Roman e-mail correspondence, dated May 24, 2021, attached hereto as Exhibit H.

b. R. Roman e-mail correspondence and I. Aronson e-mail correspondence regarding extension of time until July 23, 2021, attached hereto as Exhibit I.

c. R. Higgins e-mail correspondence to R. Kraft, attaching thereto a letter from Mr. Higgins to Mr. Kraft, dated June 25, 2021, attached hereto as Exhibit J.

d. R. Kraft e-mail correspondence to R. Higgins, dated June 25, 2021, attached hereto as Exhibit K.

e. R. Higgins e-mail correspondence to R. Kraft, dated June 25, 2021, attached hereto as Exhibit L.

f. R. Kraft e-mail correspondence to R. Higgins, dated June 25, 2021, attached hereto as Exhibit M.

g. R. Higgins e-mail correspondence to R. Kraft, dated June 28, 2021 (without attachment), attached hereto as Exhibit N.

h. R. Kraft e-mail correspondence to R. Higgins, dated July 8, 2021, attached hereto as Exhibit O.

i. R. Higgins e-mail correspondence to R. Kraft, dated July 8, 2021, (without attachment), attached hereto as Exhibit P.

j. R. Kraft e-mail correspondence to R. Higgins, dated July 8, 2021, attached hereto as Exhibit Q.

k. R. Higgins e-mail correspondence to R. Kraft, dated July 8, 2021 (without attachment), attached hereto as Exhibit R.

These documents are referred to in the Motion as the "Relevant Correspondence."

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Viktoriya M. Shpigelman
Senior Corporate Counsel, Legal
W. R. Grace & Co.

**EXHIBIT LIST**

A. Docket as of June 28, 2021, for a closed chapter 7 case captioned *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Ariz. December 13, 2005) (the "Realia Chapter 7 Docket"), obtained by counsel for the Reorganized Debtor.

B. *North American Serv. Holdings, Inc. v. Erick M. Black, L. L. C. (In re Realia, Inc.)*, No. AZ-11-1334-JuPaD, 2012 Bankr. LEXIS 1083 (B.A.P. 9th Cir. Feb. 24, 2012) (the "NASH-Realia Appeal"), obtained from LEXIS on June 28, 2021, by counsel for the Reorganized Debtor.

C. *Trustee's Amended Second Application for Authority to Make Distribution of Net Proceeds from Sale of Estate Property*, filed on November 22, 2006 [Docket no. 144], In re Realia, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "Distribution Application"), obtained on June 28, 2021, by counsel for the Reorganized Debtor from the Realia Chapter 7 Docket.

D. *Order Authorizing Trustee to Make Distribution of Net Proceeds from Sale of Estate Property*, entered on December 22, 2006 [Docket no. 148], *In re Realia, Inc.*, Case No. 2:05-bk-15022-RTB (Bankr. D. Az. December 13, 2005) (the "December 2006 Estate Asset Distribution Order"), obtained on June 28, 2021, by counsel for the Reorganized Debtor from the Realia Chapter 7 Docket.

E. LR Civ. P. 5.4 adopted by the Arizona Court, a copy of which was obtained by counsel for the Reorganized Debtor from the Arizona District Court's website on June 25, 2021.

F. The Complaint, as served on or about May 24, 2021, to the Reorganized Debtor.

G. The docket in the Arizona-Chevron Litigation, captioned *Kraft v. Chevron Corp., et al.*, No. 2:21-cv-00575-DJH (D. Ariz. April 2, 2021) ("Arizona-Chevron Litigation Docket"), obtained by counsel for the Reorganized Debtor on June 22, 2021.

H. Executed *Waiver of Service*, attached to R. Roman e-mail correspondence, dated May 24, 2021.

I. R. Roman e-mail correspondence and I. Aronson e-mail correspondence regarding extension of time until July 23, 2021.

J. R. Higgins e-mail correspondence to R. Kraft, attaching thereto a letter from Mr. Higgins to Mr. Kraft, dated June 25, 2021.

K. R. Kraft e-mail correspondence to R. Higgins, dated June 25, 2021.

L. R. Higgins e-mail correspondence to R. Kraft, dated June 25, 2021.

M. R. Kraft e-mail correspondence to R. Higgins, dated June 25, 2021

N. R. Higgins e-mail correspondence to R. Kraft, dated June 28, 2021 (without attachment).

2

O.      R. Kraft e-mail correspondence to R. Higgins, dated July 8, 2021.

P.      R. Higgins e-mail correspondence to R. Kraft, dated July 8, 2021 (without attachment).

Q.      R. Kraft e-mail correspondence to R. Higgins, dated July 8, 2021.

R.      R. Higgins e-mail correspondence to R. Kraft, dated July 8, 2021 (without attachment).