<u>**Exhibit R**</u>

**R. Higgins e-mail correspondence to R. Kraft, dated July 8, 2021 (without attachment)**

# Roger Higgins

| | |
|---|---|
| **From:** | Roger Higgins |
| **Sent:** | Thursday, July 8, 2021 12:19 PM |
| **To:** | rk@kraft.legal |
| **Cc:** | ryan.roman@akerman.com |
| **Subject:** | RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation"). |
| **Attachments:** | Grace Confirmation Order.pdf |

Mr. Kraft,

My client is willing to give you until **_4:00 pm ET, tomorrow, July 9, 2021_**, to respond to me in writing that you will file a "Dismissal Pleading" seeking an order of the Arizona District Court dismissing my client with prejudice from the Arizona-Chevron Litigation.

In your e-mail, you misunderstand the nature of Grace's chapter 11 case. Grace emerged from chapter on February 3, 2014. The confirmation order is res judicata as to you. It discharges your claims asserted in your complaint, which appear to have arisen in December 2006.

As I warned you this morning, if you do not file a Dismissal Pleading – and so inform me in writing **_by 4:00 pm ET, tomorrow, June 9, 2021_**, my client will file a motion in the United States Bankruptcy Court for the District of Delaware seeking to enforce the confirmation order's discharge and claim preclusion and bar provisions.

That motion will also seek a finding of the Bankruptcy Court that you violated Fed. R. Civ. P. 11(b)/Fed. R. Bankr. P. 9011(b) as to my client when you filed your complaint.

Finally, please note that I attached a copy of my June 28 e-mail correspondence to my e-mail to you earlier today. That e-mail explains the indisputable publication notice to you.

Here is the text of that e-mail, which should help explain my client's position

> Mr. Kraft,
>
> I am writing in response to your second e-mail correspondence of June 25, 2021. Please find attached a copy of the confirmation order, as you requested. This is a publicly available document that may be obtained from the Grace chapter 11 docket maintained by the Delaware Bankruptcy Court.
>
> To answer your question regarding notice to you, the confirmation order contains explicit actual and publication notice provisions. According to Grace's books and records, there is no record of you having filed a claim or otherwise participated in the chapter 11 case. The same is true for the entities you assert assigned the claims to you. Therefore, you and those entities are bound by the publication notice provisions of the confirmation order. The Grace chapter 11 docket maintained by the Delaware Bankruptcy Court contains the relevant certificates verifying requisite publication notice.
>
> As to the scope of the provisions discharging Administrative Expense Claims and precluding all creditors, whether previously known or unknown, from asserting such claims after the May 5, 2014 Administrative Claims Bar Date, there is no exception for RICO claims.
>
> Therefore, you are bound by the confirmation order and the chapter 11 plan.
>
> You must file a "Dismissal Pleading" no later than July 7, 2021. You must inform me in writing no later than July 2, 2021, of your intent to do so.
>
> If you do not, Grace reserves the right to file a motion in the Delaware bankruptcy court seeking an order compelling you to do so.
>
> If you take any action in the Arizona Litigation other than to file a Dismissal Pleading, Grace reserves the right, as I have previously explained, to file a motion in the Delaware Bankruptcy Court seeking sanctions.

1

Please confirm to me in writing (via e-mail correspondence will be acceptable) that you will not take any action in the Arizona Litigation involving Grace other than to file a Dismissal Pleading.

Finally, you mentioned that you are offering to "interact … about specific facts" in the complaint relevant to Grace.

If you have documents relevant to Grace and the alleged December 2006 transaction, I would appreciate your sending them to me via e-mail correspondence at your earliest opportunity.

In closing, I appreciate your prompt response to both my letter of this Friday morning, and my e-mail correspondence of Friday afternoon. As I mentioned earlier in the e-mail correspondence, I urge you to confirm to me in writing at (via e-mail correspondence will be acceptable) that you will not take any action in the Arizona Litigation involving Grace other than to file a Dismissal Pleading.

Warmest Regards.  R

Roger J. Higgins
**THE LAW OFFICES OF ROGER HIGGINS, LLC**
516 N. Ogden Ave
Suite 136
Chicago, IL 60642
United States
Tel:    (312) 480-1984
e-mail:  rhiggins@rogerhigginslaw.com

www.rogerhigginslaw.com

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

---

**From:** Rune Kraft <rk@kraft.legal>
**Sent:** Thursday, July 8, 2021 10:19 AM
**To:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Cc:** ryan.roman@akerman.com
**Subject:** RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation").

Mr. Higgins,

No, I did not receive the June 28 email.

Paragraph 8 of the Complaint states:

> W.R. Grace & Company, a Connecticut company, is based in Columbia, Maryland. The Defendant has received property it had no lawful rights to receive from a case under title 11, which are offenses involving fraud connected with a case under title 11 and "specified unlawful activity" listed in section 18 U.S.C. § 1961(D).

<u>**W.R. Grace & Company cannot file Chapter 11 to keep property it obtained because of fraud it committed in a title 11 case.**</u>

➢ Provide me with case law that says otherwise.

I suggest that we stipulate to extending the time for us to interact about the issues that concern you. If necessary, let's file a joint motion for clarification at the relevant court that issued the order.

By the way, you did not send me proof of serving my companies with the referenced order, or any motions you filed related to the referenced order.

Thanks,

Rune Kraft



Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
302 408 1000
rk@kraft.legal
https://kraft.legal/

---

**From:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Sent:** Thursday, July 8, 2021 12:28 PM
**To:** rk@kraft.legal
**Cc:** ryan.roman@akerman.com
**Subject:** RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation").

Mr. Kraft,

On June 28, I sent you the attached e-mail correspondence with a copy of the confirmation order attached. Did you receive it?

Please note that my letter of June 25 requested that you inform me on or before July 2 of your intent to file a pleading dismissing my client, Grace, from the Arizona-Chevron Litigation.

Please inform me in writing (e-mail correspondence will suffice) by the end of today whether you intend to promptly file such a pleading.

Otherwise, my client will file a motion seeking to enforce the confirmation order. The motion will also seek the court's findings that you have violated Fed. R. Civ. P. 11(b)/Fed. R. Bankr. P. 11(b) by your having filed the complaint in the Arizona-Chevron Litigation.

Warmest Regards. R

Roger J. Higgins
THE LAW OFFICES OF ROGER HIGGINS, LLC
516 N. Ogden Ave
Suite 136
Chicago, IL 60642
United States
Tel:     (312) 480-1984
e-mail:    rhiggins@rogerhigginslaw.com

www.rogerhigginslaw.com

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

**From:** Rune Kraft <rk@kraft.legal>
**Sent:** Thursday, July 8, 2021 9:20 AM
**To:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Cc:** ryan.roman@akerman.com
**Subject:** FW: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona Litigation").

Mr. Higgins,

Please be informed that we had some problems with our email system since June 25th because of a system upgrade.

Therefore, if you tried to send me emails, please resend them.

Thanks,

Rune Kraft



Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
302 408 1000
rk@kraft.legal
https://kraft.legal/

---

**From:** Rune Kraft <rk@kraft.legal>
**Sent:** Friday, June 25, 2021 6:39 PM
**To:** 'Roger Higgins' <rhiggins@rogerhigginslaw.com>
**Cc:** 'ryan.roman@akerman.com' <ryan.roman@akerman.com>
**Subject:** RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona Litigation").

Mr. Higgins,

This is a RICO action against W.R. Grace & Co. The holding in *Daily* is simple: "money obtained by fraud is not dischargeable in bankruptcy".

I am happy to interact with you about the specific facts and issues of law contained in the Complaint.

I am also happy to review the order you reference.

And while you are at it, proof of serving my companies with the referenced order, or any motions you filed related to the referenced order.

Thanks,

Rune

**From:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Sent:** Friday, June 25, 2021 4:48 PM
**To:** rk@kraft.legal
**Cc:** ryan.roman@akerman.com
**Subject:** RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona Litigation").

Mr. Kraft,

The facts of the *Daily* case differ significantly from those present in this matter, and the holding is therefore not relevant. Moreover, there is nothing in the complaint you filed to support your allegation.

Finally, the Plan and Confirmation Order specifically contemplate meritless allegations of the type asserted against my client, W. R. Grace & Co. ("Grace") in your complaint. In particular, the Plan and Confirmation Order preclude and forever bar you from asserting any such Administrative Expense Claim against Grace in any forum, whether the Arizona District Court, the Delaware Bankruptcy Court, or otherwise:

> based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date.

Plan Art. 8.1.1.

Please be further advised that, as discussed in my letter of earlier today, if you take any action in the Arizona Litigation other than filing a motion seeking dismissal of Grace with prejudice, Grace reserves the right seek entry of an order by the Delaware Bankruptcy Court imposing sanctions on you for any such violations of the Confirmation Order, including but not limited to attorneys' fees and other expenses arising from Grace's enforcement of the Confirmation Order. *See In re Continental Airlines, Inc.*, 236 B.R. 318 (Bankr. D. Del. 1999) (imposing sanctions for civil contempt in violation of a chapter 11 plan confirmation order).

Warmest Regards.  R

Roger J. Higgins
**THE LAW OFFICES OF ROGER HIGGINS, LLC**
516 N. Ogden Ave
Suite 136
Chicago, IL 60642
United States
Tel:    (312) 480-1984
e-mail:  rhiggins@rogerhigginslaw.com
                    www.rogerhigginslaw.com

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

**From:** Rune Kraft <rk@kraft.legal>
**Sent:** Friday, June 25, 2021 12:28 PM
**To:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Cc:** ryan.roman@akerman.com
**Subject:** RE: Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona Litigation").

Mr. Higgins,

W.R. Grace & Co. obtained money by fraud and, therefore, not dischargeable in bankruptcy e.g. *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995).

Thanks,

Rune



Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
302 408 1000
rk@kraft.legal
https://kraft.legal/

**From:** Roger Higgins <rhiggins@rogerhigginslaw.com>
**Sent:** Friday, June 25, 2021 12:49 PM
**To:** rk@kraft.legal; Ingrid.Aronson@Kraft.Legal
**Cc:** ryan.roman@akerman.com
**Subject:** Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona Litigation").

Mr. Kraft:

Please find attached my letter requesting that you file the appropriate pleading or pleadings to dismiss my client, W. R. Grace & Co., and any and all affiliates with prejudice from the litigation captioned *Kraft v. Chevron Corp. et al*., Case No. 2:21-cv-00575-DJH.

I look forward to your confirming no later than July 2, 2021, that you will file the appropriate pleading or pleadings no later than July 7, 2021.

Please do not hesitate to contact me if you have any questions.

Warmest Regards.  R

Roger J. Higgins
**THE LAW OFFICES OF ROGER HIGGINS, LLC**
516 N. Ogden Ave
Suite 136
Chicago, IL 60642
United States
Tel:    (312) 480-1984
e-mail:   rhiggins@rogerhigginslaw.com
                                    www.rogerhigginslaw.com

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.