**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) Hearing Date: August, 26, 2021, at 10:00 a.m. |
| | ) Objection Deadline: July 27, 2021 at 4:00 p.m. |

**APPENDIX TO MOTION FOR AN ORDER: (I) ENFORCING AGAINST RUNE KRAFT THE PLAN AND CONFIRMATION CLAIM PRECLUSION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS; AND (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED <u>KRAFT V. CHEVRON CORP. ET AL.</u>, CASE NO. 2:21-CV-00575-DJH (THE "<u>ARIZONA-CHEVRON LITIGATION</u>")**

This "<u>Appendix</u>" is filed in support of the *Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against The Reorganized Debtor in the Matter Captioned <u>Kraft v. Chevron Corp. et al.</u>, Case No. 2:21-Cv-00575-DJH (The "<u>Arizona-Chevron Litigation</u>")* (the "<u>Motion to Enforce</u>"), filed contemporaneously herewith, specifically to bring to this Court's attention the well-documented history of Rune Kraft's "abusive" litigation tactics and the fact that at least two different courts have deemed him to be a "vexatious litigant". As discussed in the Motion to Enforce, the Reorganized Debtor requests this Court take judicial notice of the exhibits attached to this Appendix solely for that purpose.

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") is the sole remaining "<u>Reorganized Debtor</u>," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "<u>Grace Chapter 11 Case</u>"). Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Enforce.

DOCS_DE:235292.1 91100/001

**INTRODUCTION**

Not surprisingly, many of the courts before which Mr. Kraft has appeared have imposed various filing and other restrictions on him. The litigation in these various matters appears in large part to be related to a failed acquisition of a company, in which Mr. Kraft was found by the California District Court in the Inland Concrete Litigation (defined below) to have unlawfully acted as a broker. As discussed below, Mr. Kraft was deemed a "vexatious litigant" in the Inland Concrete Litigation. The Inland Concrete Litigation resulted in a judgment against Mr. Kraft, which was being enforced by Old Castle (defined below) as recently as April 2021.

Mr. Kraft then commenced the Old Castle Litigation (defined below) against the putative buyer, Old Castle (defined below), in the failed transaction in the Inland Concrete Litigation. Old Castle was also the party enforcing the judgment in the Inland Concrete Litigation. Mr. Kraft was a defendant in the Gainey Ranch Litigation (defined below), which has been playing out in both state and federal court. In that litigation, the plaintiff was seeking unpaid assessments regarding a condominium Mr. Kraft was alleged to have owned, and subsequently added a foreclosure claim. The state court in the Gainey Ranch Litigation deemed Mr. Kraft to be a "vexatious litigant." Mr. Kraft subsequently sued all of the judges and justices in the Gainey Ranch Litigation, a lawsuit that was dismissed on June 28, 2021.

In the Hatch Litigation (defined below), Old Castle sought to enforce the Inland Concrete Litigation judgment against Mr. Kraft in the United States District Court for the District of New Mexico (the "New Mexico District Court"). The New Mexico District Court imposed filing restrictions on Mr. Kraft during the course of that litigation.

I. **MR. KRAFT HAS BEEN DECLARED A "VEXATIOUS LITIGANT" FOR HIS ACTIVITIES IN THE INLAND CONCRETE LITIGATION AND OLD CASTLE LITIGATION**

1. From approximately 2010 until as late as 2018, Mr. Kraft was litigating against various parties to a failed acquisition of a company called Inland Concrete Enterprises, Inc. ("Inland Concrete") by another company, Old Castle Precast Inc. ("Old Castle"), as well as at least one other failed transaction involving a company called Pre-Con Products, Inc. ("Pre-Con"). This litigation ultimately produced two orders, one of which declared Mr. Kraft to be a vexatious litigant, and the second of which enforced the first order after Mr. Kraft was found to have violated it.

    **A.**    **The Inland Concrete Litigation**

2. The first litigation (the "Inland Concrete Litigation") commenced in March 2010, in the United States District Court for the Central District of California (the "California District Court"), before Judge Fairbank, when Inland Concrete, Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan ("Inland Concrete ESOP") and other entities filed a complaint in a diversity action sounding in contract and fraud against Kraft Americas, L.P. ("KALP"), and Mr. Kraft, which arose from a failed acquisition transaction. *See Inland Concrete Enters., Inc. v. Kraft Ams. LP*, No. cv-10-1776-VBF(OPx), 2010 U.S. Dist. LEXIS 150590 (C.D. Cal. July 6, 2010) (the "2010 Inland Judgment Opinion"), a copy of which was obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit A. As explained in another opinion issued as part of the Inland Concrete Litigation, Mr. Kraft and KALP were related entities. *Inland Concrete Enters. v. Kraft*, 318 F.R.D. 383 (C.D. Cal. 2016) (the "August 2016 Inland Concrete Opinion"), a copy of which was obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit B. Apparently, Mr. Kraft and KALP also acted unlawfully as brokers in the transaction. *Id.* at 394.

3.      In 2011, California District Court entered a default judgment against KALP and Mr. Kraft in terms of liability, but did not accept Inland Concrete's allegations as to damages. *Id.* Judge Fairbank made findings of breach of fiduciary duty against Mr. Kraft and KALP, and also found that Mr. Kraft had "created and presented his own letter of intent," which apparently purported to change the terms of the transaction at issue, and may have contributed to the parties' failure to consummate the transaction. *Id.* at 394. The court later awarded $3 million to the Inland Concrete Plaintiffs, and held Mr. Kraft and KALP "jointly and severally liable" for that amount. *Id.* at 395. Post-judgment interest was subsequently added by the court's August 2, 2011 order. *Id.* at 396.

4.      During the course of the Inland Concrete Litigation, Judge Fairbank found that Mr. Kraft and KALP had "committed intentional spoliation." *Id.* at 387-88. This finding included Mr. Kraft's apparent creation of "his own letter of intent" referenced above, which the plaintiffs did not see until trial. *Id.* at 388. Mr. Kraft was also found to have had a computer and its associated hard drive destroyed, which may have contained relevant evidence as to the creation of the letter of intent and other discovery matters. *Id.* at 388-93.

5.      In 2015, Mr. Kraft filed a motion for relief from that judgment. *Id.* Judge Fairbank denied that motion on two grounds. First, Mr. Kraft never appealed the 2011 judgment, and second, the motion for relief was untimely pursuant to Fed. R. Civ. P. 60(c). *Id.* at 396 *et seq*. In that motion, Mr. Kraft sought among other relief, a finding of the court that Inland Concrete's counsel had deceived the court on a range of issues, including who allegedly forged what evidence. *Id.* at 397-99. Mr. Kraft also alleged that Inland Concrete's counsel had "made or caused to be made false and misleading representations" that led the court to find that Mr. Kraft had intentionally committed spoliation. *Id.* at 399-401. Third, Mr. Kraft alleged that Inland Concrete

had withheld evidence. *Id.* at 401-02. Mr. Kraft further asserted that Inland Concrete had misled the court regarding whether he and KALP were related parties. *Id.* at 402-03. Mr. Kraft also made a number of other assertions in support of his Rule 60 motion, among which were unfounded allegations that Inland Concrete's counsel had violated certain rules regarding the citation of an unpublished opinion. *Id.* at 404-06.

6.      The California District Court held that none of these assertions were grounds for reopening the Inland Concrete Litigation, and it dismissed Mr. Kraft's motion to reopen the Inland Concrete Litigation matter with prejudice. *Id.* at 422.

7.      An earlier opinion, the 2010 Inland Judgment Opinion, lists all of the opinions rendered in the Inland Concrete Litigation, the Old Castle Litigation, and the Hatch Litigation (which is discussed below in § II-III, except for the April 2021 10th Circuit Hatch Opinion by the Court of Appeals for the Tenth Circuit. *See* Exh. A; *Kraft v. Hatch*, Nos. 20-2062, 20-2122, 2021 U.S. App. LEXIS 12102 (10th Cir. Apr. 23, 2021) (the "April 2021 10th Circuit Hatch Opinion"), obtained on July 4, 2021, from LEXIS by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit C.) The 2010 Inland Judgment Opinion also denied motions by Mr. Kraft objecting to the judgment rendered in the Inland Concrete Litigation.

   **B.     The Old Castle Litigation**

8.      In a related litigation matter, referred to herein as the "Old Castle Litigation," which was also docketed in the California District Court, Mr. Kraft claimed that Old Castle had breached a confidentiality agreement and misappropriated trade secrets in the same transaction at issue in the Inland Concrete Litigation. *Id.* at 387 n. 2 (Old Castle and Inland Concrete Litigation matters were related); *Kraft Ams., LP v. Oldcastle Precast, Inc.*, No. LA CV12-03681 JAK (Ex), 2013 U.S. Dist. LEXIS 202537 (C.D. Cal. Dec. 18, 2013) (the "December 2013 Old Castle Opinion"), a copy of which was obtained on June 27, 2021, from LEXIS by counsel for the Reorganized

Debtor, and a copy of which is attached hereto as Exhibit D. Judge Kronstadt, the California District Court judge presiding over the matter, dismissed KALP's complaint on summary judgment, due to the expiry of the relevant limitations period. December 2013 Old Castle Opinion at *33-*49. In the opinion, Judge Kronstadt found that Mr. Kraft was KALP's "duly authorized representative in … [KALP's] dealings with" Old Castle. *Id.* at *2.

9. The December 2013 Old Castle Opinion also discussed a discovery dispute between KALP and Old Castle, wherein Judge Kronstadt noted that Judge Fairbank in the Inland Concrete Litigation had found that KALP and Mr. Kraft "had unlawfully acted as brokers" in the transaction at issue. *Id.* at *10-11; August 2016 Inland Concrete Opinion at 394.

10. As discussed in the next section, in 2015, Mr. Kraft tried to reopen both the Old Castle Litigation and the Inland Concrete Litigation with a new complaint. The matter was assigned to Judge Fairbank, who declared Mr. Kraft to be a "vexatious litigant," as discussed in the next section.

### C.   The Vexatious-Litigant Orders Arising From the Inland Concrete and Old Castle Litigations

#### *1.   The First Vexatious-Litigant Order*

11. In early 2015, Mr. Kraft sought to file a new complaint in a new litigation matter (the "First Vexatious-Litigant Order Litigation") against Inland Concrete and Old Castle, relating to the failed sale transaction and the by-then closed Inland Concrete and Old Castle Litigation matters. *Order Granting Defendants' Motion to Declare Plaintiff Rune Kraft to be a Vexatious Litigant and Imposing Pre-Filing Restrictions on Him*, at 4, *Kraft v. Old Castle PreCast Inc., et al.*, No. 2:15-cv-00701-VBF, filed March 24, 2016 [Docket No. 40] (C.D. Cal. 2016) (the "First Vexatious-Litigant Order"), obtained on July 10, 2021, by counsel for the Reorganized Debtor from the No. 2:15-cv-00701-VBF docket maintained by the California District Court, and a copy

of which is attached hereto as <u>Exhibit E</u>. On March 24, 2016, Judge Fairbank, who had presided over the Inland Concrete Litigation, entered the First Vexatious Litigant Order, in which she declared Mr. Kraft to be a "vexatious litigant." In no small part, Judge Fairbank's declaration arose from her findings that "Kraft had fabricated documents and willfully destroyed a computer hard drive which was a potential source of discovery material," and that Mr. Kraft and KALP had a "high degree of fault" with such destruction and fabrication of evidence. *Id.* at 4, 8. The conduct described in the First Vexatious-Litigant Order appears to be the same conduct described in the August 2016 Inland Concrete Opinion. *Id.* at p.3-9; August 2016 Inland Concrete Opinion at 387-88. In May 2011, a magistrate judge recommended and Judge Fairbank imposed sanctions on Mr. Kraft and KALP for that conduct. *Id.* at 11-12.

12. Judge Fairbank also found that Mr. Kraft had failed to comply with Fed. R. Civ. P. 34 regarding certain document discovery, based upon which the Judge imposed a sanction of $6,142.50. *Id.* at p. 2. Much of the rest of the First Vexatious-Litigant Order reviews the matters discussed in the August 2016 Inland Concrete Opinion regarding the Inland Concrete Litigation before Judge Fairbank and the December 2013 Old Castle Opinion regarding the Old Castle Litigation before Judge Kronstadt. Finally, Judge Fairbank's First Vexatious-Litigant Order analyzed the motion of Inland Concrete and Old Castle seeking the court's declaration that Mr. Kraft was a vexatious litigant. *Id.* at 18-26. Judge Fairbank did not declare KALP to be a vexatious litigant. *Id.* at 26.

13. The First Vexatious-Litigant Order imposed certain pre-filing restrictions on Mr. Kraft, including but not limited to requiring him to "first obtain advance written authorization" from one of two California District Court judges before he could seek to "reopen any concluded action, or seek relief from judgment in any action in this Court or in any other court against" a

potpourri of defendants in the Old Castle Litigation.  The First Vexatious-Litigant Order also imposed other filing restrictions on Mr. Kraft.  *Id*. at 30-33.

### *2.     The Second Vexatious-Litigant Order*

14.     On August 28, 2018, the California District Court entered an order in yet another litigation matter commenced by Mr. Kraft (referred to herein as the "Second Vexatious-Litigant Order Litigation"), which stated that Mr. Kraft had filed a motion in the First Vexatious-Litigant Order Litigation requesting the court reconsider the First Vexatious-Litigant Order.  *Order Finding that Kraft Willfully Violated the March 24, 2016 Vexatious-Litigant Order*, No. 2:18-cv-06971-VBF [Docket No. 15] (the "Second Vexatious-Litigant Order", obtained on July 10, 2021, by counsel for the Reorganized Debtor from the No. 2:18-cv-06971-VBF docket maintained by the California District Court, and a copy of which is attached hereto as Exhibit F, at 2.  On April 6, 2017, Judge Fairbank entered an order in the First Vexatious-Litigant Order Litigation, which denied Mr. Kraft's Motion.  *Id.*  The First Vexatious-Litigant Order thus remained in force.  *Id.*

15.     Notwithstanding this order, Mr. Kraft in 2018 filed yet another complaint in the California District Court, thereby commencing the Second Vexatious-Litigant Order Litigation, which named Inland Concrete and Old Castle (among others, including two lawyers from the law firm that had represented those entities in the respective Inland Concrete and Old Castle Litigations). Judge Fairbank found that Mr. Kraft did not comply with the First Vexatious-Litigant Order in so doing.  *Id.* at 3-4.  Judge Fairbank ordered the 2018 complaint stricken, and advised Mr. Kraft that the court would find Mr. Kraft in contempt of court if he further violated the First Vexatious-Litigant Order.  *Id.* at 4.

### D. Old Castle Motion for Renewal and Enforcement of Judgment in Inland Concrete Litigation

16. On April 21, 2021, an affiliate of Old Castle ("Old Castle Infrastructure") filed an application for renewal and enforcement of the judgment rendered in the 2010 Inland Judgment Opinion. *Inland Concrete Enters., Inc. v. Rune Kraft & Kraft Ams. LP.*, LA CV 10-01776-VBF-OPx, 2021 U.S. Dist. LEXIS 115649, at * (C.D. Cal. June 19, 2021) (the "June 2021 Old Castle Opinion"), a copy of which was obtained by counsel for the Reorganized Debtor on June 28, 2021, a copy of which is attached hereto as Exhibit G. On June 8, 2021, Old Castle Infrastructure filed an *Application to Renew and Enforce Judgment*, purporting to correct deficiencies in the April 21 filing. *Id*. at *4. Mr. Kraft filed a motion to strike the judgment. Judge Fairbank denied that motion, and determined after Mr. Kraft engaged in further motion practice that "all of Kraft's arguments challenging the judgment … were barred by the doctrine of res judicata." *Id.* at *5. In the attached order, Judge Fairbank granted Old Castle Infrastructure's June 8 Application. *Id.*

## II. MR. KRAFT WAS A VEXATIOUS LITIGANT IN THE GAINEY RANCH LITIGATION

17. On September 15, 2015, the "Gainey Ranch Litigation" commenced, when Gainey Ranch Community Association ("Gainey Ranch") filed a complaint in the McDowell Mountain Justice Court, naming Mr. Kraft and an entity named Trancycle. *Gainey Ranch Cmty. Ass'n v. Kraft*, 2017 U.S. Dist. LEXIS 157254 (D. Az. Sept. 26, 2017) (the "2017 Gainey Ranch Remand Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit H, at *1-*2. The Gainey Ranch Litigation has generated at least eight separate opinions, including one filed on June 28, 2021.[2]

---

[2] A search on July 4, 2021, on LEXIS, using the search terms "kraft w/10 gainey w/3 ranch" yielded a list of eight opinions, the latest of which was an opinion entered on June 28, 2021, which dismissed a case filed by Mr. Kraft against various judges and justices in the Gainey Ranch Litigation. *Kraft v. Arizona*, No. CV-20-02004-PHX-SPL, 2021 U.S. Dist. LEXIS 120204 (D. Ariz. June 28, 2021) (the "Arizona District Court June 28, 2021

18. The complaint alleged that Mr. Kraft and Trancycle had breached contractual obligations to pay past-due assessments and late fees relating to a property at the Gainey Ranch Community. *Id.* at *1. The matter was subsequently transferred in September 2016 to Maricopa County Superior Court (the "Maricopa State Court"). *Id.* at *2. Gainey Ranch then added a foreclosure claim and named additional defendants, including Inland Concrete ESOP and Old Castle. *Id.* at *2-*3.

19. On June 30, 2017, Mr. Kraft filed a motion to remove the Gainey Ranch Litigation from the Maricopa State Court to the Arizona District Court, based on the allegation that he and co-defendants Island Concrete and Old Castle were not Arizona residents and that the amount in controversy would eventually exceed $75,000. *Id.* at 3-4. The Arizona District Court dismissed Mr. Kraft's removal motion, because the amount in controversy did not exceed $75,000, and that there was no diversity of citizenship. *Id*.

20. Mr. Kraft filed a motion for reconsideration. The Arizona District Court denied Mr. Kraft's motion for reconsideration. *Gainey Ranch Cmty. Ass'n v. Kraft*, No. CIV 17-2092-PHX-MHB, 2017 U.S. Dist. LEXIS 183551 (D. Ariz. Oct. 20, 2017) (the "October 2017 Gainey Ranch Remand Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit J.

21. Mr. Kraft filed more pleadings with the Arizona District Court, seeking for a second time to remove the Gainey Ranch Litigation to the Arizona District Court. *Gainey Ranch Cmty. Ass'n v. Kraft*, No. CV-17-03947-PHX-JJT, 2017 U.S. Dist. LEXIS 181591 (D. Ariz. Nov. 2, 2017) (the "November 2017 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by

---

Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit I.

counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit K. The Arizona District Court dismissed these new pleadings without waiting for responsive pleadings from Gainey Ranch. *Id.* at *1. The court further ordered that:

> Further attempts to remove the case without demonstrating a relevant change in circumstances may result in sanctions.

*Id.* at *3.

22. On September 27, 2017, one day after the Arizona District Court issued its 2017 Gainey Ranch Remand Opinion. Gainey Ranch filed applications for default judgment, which the Maricopa State Court subsequently set for hearing. *Gainey Ranch Cmty. Ass'n v. Kraft,* No. 1 CA-CV 18-0179, 2019 Ariz App. Unpub. LEXIS 394 * (Ct. App. Mar. 28, 2019) (the "2019 Arizona Appellate Opinion"), obtained from LEXIS on July 5, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit L. Mr. Kraft did not appear, and the default became effective on October 11, 2017. A hearing as to damages was scheduled before the Maricopa State Court on October 25, 2017. 2019 Arizona Appellate Opinion at *4. Evidence was taken from Gainey Ranch that damages now totaled $78,879.39, including more than $60,000 for legal fees. *Id*.

23. Mr. Kraft engaged in motion practice after this hearing, and the Maricopa State Court denied them forthwith. *Id.* at *5-*6. After yet further motion practice, the Maricopa State Court "designated Kraft as a vexatious litigant for purpose of this lawsuit. *Id.* at *7. Despite being so designated, Mr. Kraft filed further motions, and the Maricopa State Court found these pleadings "lacked substantial justification" and were "offered for the purpose of harassment and delay." *Id*. The court then placed restrictions on Mr. Kraft's ability to file further pleadings in the litigation. *Id*.

24. Mr. Kraft timely appealed, and the Arizona Appellate Court eventually filed its 2019 Arizona Appellate Opinion. *Id*. The Arizona Appellate Court found that, for reasons set forth in its opinion, the Maricopa State Court "did not abuse its discretion by designating Kraft a vexatious litigant for purposes of the current lawsuit." *Id.* at *16. The court also upheld the trial court's default judgment. *Id*.

25. Notwithstanding his loss before the Arizona Appellate Court, related litigation continued in the Arizona District Court. *Kraft v. Williams*, No. CV-19-05181-PHX-JJT, 2019 U.S. Dist. LEXIS 174601 (D. Ariz. Oct. 7, 2019) (the "October 2019 Williams Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit M. In this opinion, the Arizona District Court gave Mr. Kraft specific directions about responding to the defendant's motion to dismiss. *Id*. On November 25, 2019, the Arizona District Court filed an opinion granting defendant's motion to dismiss Mr. Kraft's complaint. *Kraft v. Williams*, No. CV-19-05181-PHX-JJT, 2019 U.S. Dist. LEXIS 205289 (D. Ariz. Nov. 25, 2019) (the "November 2019 Williams Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit N. The defendant had also requested the Arizona District Court award sanctions and designate Mr. Kraft a vexatious litigant. *Id.* at 10. The court awarded fees to defendant, but declined to designate Mr. Kraft as a vexatious litigant. *Id*. The court did, however, refer to the First and Second Vexatious-Litigant Orders entered by Judge Fairbank of the California District Court, in warning Mr. Kraft that the court would "revisit the matter if … [Mr. Kraft] file[d] groundless claims against Defendant in the future." *Id*. At *10.

26. Mr. Kraft subsequently filed a 100-page complaint against Gainey Ranch and other defendants, alleging RICO violations, thereby commencing still another litigation matter in the

Arizona District Court, which has to date generated two separate opinions.³ *Kraft v. Gainey Ranch Cmty. Ass'n*, No. CV-19-05697-PHX-JJT, 2020 U.S. Dist. LEXIS 117789 (D. Ariz. July 6, 2020) (the "July 2020 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit O; *Kraft v. Gainey Ranch Cmty. Ass'n*, No. CV-19-05697-PHX-JJT, 2021 U.S. Dist. LEXIS 27704 (D. Ariz. Feb. 12, 2021) (the "February 2021 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit P. In the first opinion, the Arizona District Court denied Mr. Kraft's motion seeking the judge's recusal. July 2020 Gainey Ranch Opinion. The court also found that Mr. Kraft's original RICO complaint:

> Assert[s] a business or property interest that was harmed, it also fails to allege the very existence of a business or property right under state law that could be harmed by Defendants' pattern of racketeering as alleged.

*Id*. at *7. The opinion further admonished Mr. Kraft to comply with all local rules in future filings, and holding out the possibility that sanctions could be imposed on Mr. Kraft for any failure to comply with those rules. *Id.* at *8.

27. Mr. Kraft subsequently amended his complaint, which the Arizona District Court ultimately dismissed with prejudice, because Mr. Kraft's RICO allegations failed to state a claim, as required by Fed. R. Civ. P. 12(b)(6). February 2021 Gainey Ranch Opinion at *4-*7. The court declined to deem Mr. Kraft as a vexatious litigant. *Id.* at *7-*9. But the court did rule that defendants were entitled to attorneys' fees pursuant to Fed. R. Civ. P. 11, 42 U.S.C. § 1988, and A.R.S. §12-349. The court noted that the complaint at issue "baselessly accused Defendants of serious criminal conduct" for which Mr. Kraft offered no support. *Id.*

---

³   "RICO" being the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 *et seq*.

28.     This did not end the Gainey Ranch Litigation, for Mr. Kraft subsequently filed a complaint in a "new civil suit against the judges and justices who presided over the original lawsuit against him." *Kraft v. Arizona*, No. CV-20-02004-PHX-SPL, 2021 U.S. Dist. LEXIS 120204 (D. Ariz. June 28, 2021) (the "Arizona District Court June 28, 2021 Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit Q, at *2.  The Arizona District Court dismissed Mr. Kraft's lawsuit against those judges and justices under the *Rooker-Feldman* and judicial immunity doctrines. *Id*. at *9-10.

### III.     THE NEW MEXICO DISTRICT COURT IMPOSED FILING RESTRICTIONS ON MR. KRAFT IN THE HATCH LITIGATION

29.     In a March 2020 opinion, the United States District Court for the District of New Mexico (the "New Mexico District Court") stated in relevant part that:

> In the summer of 2015, counsel for Oldcastle initiated a case in the District of New Mexico, *Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan v. Kraft Americas*, No. 1:15-mc-33-WJ ("Garnishment Action"), by registering the judgment from the [Inland Concrete Litigation] …

*Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 52035 (D.N.M. Mar. 25, 2020) (the "March 2020 Hatch Opinion"), obtained on July 4, 2021, from LEXIS by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit R, at *2.  The New Mexico District Court further stated that, on March 30, 2018, Mr. Kraft filed a complaint naming two attorneys of the Hatch Law Firm, LLC, which represents Old Castle in the New Mexico state court Garnishment Action, as defendants, asserting five causes of action.  The New Mexico District Court dismissed that action due to a lack of subject-matter jurisdiction. *Id.* at *3-*4.  On July 16, 2019, Mr. Kraft commenced a new action, captioned *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG (the "Hatch Litigation"), with many of the same causes of action as the now-dismissed prior action.

*Id.* at *7.  The court dismissed the second action, and imposed filing restrictions on Mr. Kraft due to his "abusive history."  *Id.* at *17-*20.

30. Mr. Kraft subsequently filed a motion for reconsideration, in response to which the New Mexico District Court entered an *Order to Show Cause*.  *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 65920 (D.N.M. Apr. 14, 2020) (the "April 2020 Hatch Opinion"), obtained on July 4, 2021, from LEXIS by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit S, at *1.  Mr. Kraft filed an objection to the *Order to Show Cause*.  The court overruled Mr. Kraft's objection, and enjoined Mr. Kraft from making further filings in the Hatch Litigation except to object to the order entered in conjunction with its opinion and to file an appeal of that order.  *Id.* at *5.  Mr. Kraft was also "enjoined from initiating further litigation in this Court." *Id.* at *5-*6.

31. Mr. Kraft filed an objection to the order entered in conjunction with the April 2020 Hatch Opinion, which the court overruled.  *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 91796 (D.N.M. May 26, 2020) (the "May 2020 Hatch Opinion"), a copy of which was obtained on July 4, 2021, from LEXIS by counsel for the Reorganized Debtor, and a copy of which is attached hereto as Exhibit T.  Mr. Kraft appealed the order entered in conjunction with the May 2020 Opinion, as well the order entered in conjunction with the April 2020 Opinion and the order entered concomitant with the March 2020 Opinion.  The Court of Appeals for the Tenth Circuit modified the filing restrictions somewhat, but otherwise affirmed the district court's two rulings.  April 2021 10th Circuit Hatch Opinion, Exh. C.

WHEREFORE, the Reorganized Debtor submits this Appendix in support of the Motion to Enforce.

| | |
|---|---|
| Dated:  July 13, 2021 | THE LAW OFFICES OF ROGER HIGGINS, LLC<br>Roger J. Higgins<br>516 N. Ogden Ave.<br>Suite 136<br>Chicago, IL 60642<br>Telephone: (312) 666-0431<br><br>And<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899-8705<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>Co-Counsel for the Reorganized Debtor |

**[remainder of this page is intentionally left blank]**

**APPENDIX EXHIBIT LIST**

These exhibits are referred to in the Motion to Enforce as the "Other Court Docket Items."

A. *Inland Concrete Enters., Inc. v. Kraft Ams. LP*, No. cv-10-1776-VBF(OPx), 2010 U.S. Dist. LEXIS 150590 (C.D. Cal. July 6, 2010) (the "2010 Inland Judgment Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

B. *Inland Concrete Enters. v. Kraft*, 318 F.R.D. 383 (C.D. Cal. 2016) (the "August 2016 Inland Concrete Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

C. *Kraft v. Hatch*, Nos. 20-2062, 20-2122, 2021 U.S. App. LEXIS 12102 (10th Cir. Apr. 23, 2021) (the "April 2021 10th Circuit Hatch Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

D. *Kraft Ams., LP v. Oldcastle Precast, Inc.*, No. LA CV12-03681 JAK (Ex), 2013 U.S. Dist. LEXIS 202537 (C.D. Cal. Dec. 18, 2013) (the "December 2013 Old Castle Opinion"), obtained from LEXIS on June 27, 2021, by counsel for the Reorganized Debtor.

E. *Order Granting Defendants' Motion to Declare Plaintiff Rune Kraft to be a Vexatious Litigant and Imposing Pre-Filing Restrictions on Him*, at 4, *Kraft v. Old Castle PreCast Inc., et al.*, No. 2:15-cv-00701-VBF, filed March 24, 2016 [Docket No. 40] (C.D. Cal. 2016) (the "First Vexatious-Litigant Order"), obtained on July 10, 2021, by counsel for the Reorganized Debtor from the No. 2:15-cv-00701-VBF docket maintained by the California District Court.

F. *Order Finding that Kraft Willfully Violated the March 24, 2016 Vexatious-Litigant Order*, No. 2:18-cv-06971-VBF [Docket No. 15] (the "Second Vexatious-Litigant Order", obtained on July 10, 2021, by counsel for the Reorganized Debtor from the No. 2:18-cv-06971-VBF docket maintained by the California District Court.

G. *Inland Concrete Enters., Inc. v. Rune Kraft & Kraft Ams. LP.*, LA CV 10-01776-VBF-OPx, 2021 U.S. Dist. LEXIS 115649, at * (C.D. Cal. June 19, 2021) (the "June 2021 Old Castle Opinion"), obtained by counsel for the Reorganized Debtor on June 28, 2021.

H. *Gainey Ranch Cmty. Ass'n v. Kraft*, 2017 U.S. Dist. LEXIS 157254 (D. Az. Sept. 26, 2017) (the "2017 Gainey Ranch Remand Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

I. *Kraft v. Arizona*, No. CV-20-02004-PHX-SPL, 2021 U.S. Dist. LEXIS 120204 (D. Ariz. June 28, 2021) (the "Arizona District Court June 28, 2021 Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

J. *Gainey Ranch Cmty. Ass'n v. Kraft*, No. CIV 17-2092-PHX-MHB, 2017 U.S. Dist. LEXIS 183551 (D. Ariz. Oct. 20, 2017) (the "October 2017 Gainey Ranch Remand Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

K.  *Gainey Ranch Cmty. Ass'n v. Kraft*, No. CV-17-03947-PHX-JJT, 2017 U.S. Dist. LEXIS 181591 (D. Ariz. Nov. 2, 2017) (the "November 2017 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

L.  *Gainey Ranch Cmty. Ass'n v. Kraft,* No. 1 CA-CV 18-0179, 2019 Ariz App. Unpub. LEXIS 394 * (Ct. App. Mar. 28, 2019) (the "2019 Arizona Appellate Opinion"), obtained from LEXIS on July 5, 2021, by counsel for the Reorganized Debtor.

M.  *Kraft v. Williams*, No. CV-19-05181-PHX-JJT, 2019 U.S. Dist. LEXIS 174601 (D. Ariz. Oct. 7, 2019) (the "October 2019 Williams Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

N.  *Kraft v. Williams*, No. CV-19-05181-PHX-JJT, 2019 U.S. Dist. LEXIS 205289 (D. Ariz. Nov. 25, 2019) (the "November 2019 Williams Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

O.  *Kraft v. Gainey Ranch Cmty. Ass'n*, No. CV-19-05697-PHX-JJT, 2020 U.S. Dist. LEXIS 117789 (D. Ariz. July 6, 2020) (the "July 2020 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

P.  *Kraft v. Gainey Ranch Cmty. Ass'n*, No. CV-19-05697-PHX-JJT, 2021 U.S. Dist. LEXIS 27704 (D. Ariz. Feb. 12, 2021) (the "February 2021 Gainey Ranch Opinion"), obtained from LEXIS on June 25, 2021, by counsel for the Reorganized Debtor.

Q.  *Kraft v. Arizona*, No. CV-20-02004-PHX-SPL, 2021 U.S. Dist. LEXIS 120204 (D. Ariz. June 28, 2021) (the "Arizona District Court June 28, 2021 Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

R.  *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 52035 (D.N.M. Mar. 25, 2020) (the "March 2020 Hatch Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

S.  *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 65920 (D.N.M. Apr. 14, 2020) (the "April 2020 Hatch Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.

T.  *Kraft v. Hatch*, No. 1:19-cv-00646-RB-CG, 2020 U.S. Dist. LEXIS 91796 (D.N.M. May 26, 2020) (the "May 2020 Hatch Opinion"), obtained from LEXIS on July 4, 2021, by counsel for the Reorganized Debtor.