EXHIBIT A

**2010 Inland Judgment Opinion**


Neutral
As of: July 4, 2021 3:38 PM Z

# *Inland Concrete Enters., Inc. v. Kraft Ams. Lp*

United States District Court for the Central District of California

July 6, 2010, Decided; July 6, 2010, Filed

CV 10-1776-VBF(OPx)

**Reporter**
2010 U.S. Dist. LEXIS 150590 *

Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan, et al. -v- Kraft Americas LP, et al.

**Subsequent History:** Motion denied by, Without prejudice, Sanctions allowed by *Inland Concrete Enters. v. Kraft Ams. LP, 2011 U.S. Dist. LEXIS 162790 (C.D. Cal., Jan. 7, 2011)*

Motion denied by, Without prejudice *Inland Concrete Enters. v. Kraft Americas LP, 2011 U.S. Dist. LEXIS 162793 (C.D. Cal., Feb. 3, 2011)*

Motion granted by, Sanctions allowed by *Inland Concrete Enters. v. Kraft Ams. LP, 2011 U.S. Dist. LEXIS 162794 (C.D. Cal., Feb. 3, 2011)*

Summary judgment granted, in part, summary judgment denied, in part by *Inland Concrete Enters. v. Kraft Ams. Lp, 2011 U.S. Dist. LEXIS 162791 (C.D. Cal., Mar. 25, 2011)*

Magistrate's recommendation at *Inland Concrete Enters., Inc. v. Kraft Am., 2011 U.S. Dist. LEXIS 162795 (C.D. Cal., May 12, 2011)*

Motion granted by, in part, Motion denied by, in part, Judgment entered by *Inland Concrete Enters., Inc. v. Kraft Ams. LP, 2011 U.S. Dist. LEXIS 162792 (C.D. Cal., June 22, 2011)*

Related proceeding at *Kraft Ams., LP v. Oldcastle Precast, Inc., 2012 U.S. Dist. LEXIS 68527 (C.D. Cal., May 16, 2012)*

Later proceeding at *Inland Concrete Enters. v. Kraft Ams. L.P., 2015 U.S. Dist. LEXIS 180334 (C.D. Cal., July 6, 2015)*

Motion denied by *Inland Concrete Enters. v. Kraft Ams., LP, 2015 U.S. Dist. LEXIS 199238, 2015 WL 13885374 (C.D. Cal., July 28, 2015)*

Motion granted by *Inland Concrete Enters. v. Kraft Ams. LP, 2016 U.S. Dist. LEXIS 99003 (C.D. Cal., Apr. 6, 2016)*

Related proceeding at *Calmat Co. v. Oldcastle Precast, Inc., 2016 U.S. Dist. LEXIS 139359 (D.N.M., Oct. 5, 2016)*

Motion denied by *Inland Concrete Enters. v. Kraft, 2017 U.S. Dist. LEXIS 11682, 2017 WL 345879 (C.D. Cal., Jan. 24, 2017)*

Motion denied by *Inland Concrete Enters. v. Kraft, 2017 U.S. Dist. LEXIS 233265, 2017 WL 11573694 (C.D. Cal., Oct. 5, 2017)*

Related proceeding at *Kraft v. Hatch, 2018 U.S. Dist. LEXIS 67099 (D.N.M., Apr. 20, 2018)*

Related proceeding at, Dismissed by, Summary judgment denied by, Motion denied by, Motion granted by, Request denied by, As moot *Kraft v. Hatch, 2020 U.S. Dist. LEXIS 52035, 2020 WL 1450543 (D.N.M., Mar. 25, 2020)*

Motion granted by, in part, Motion denied by, in part, Request granted, in part, Request denied by, in part, in part *Inland Concrete Enters. v. Rune Kraft & Kraft Ams. Lp, 2021 U.S. Dist. LEXIS 115649 (C.D. Cal., June 19, 2021)*

## Core Terms

personal jurisdiction, subject matter jurisdiction, lack of personal jurisdiction, federal question, exercise of jurisdiction, declaratory judgment, motion to dismiss, citizenship, contacts

**Counsel:** [*1] For Inland Concrete Enterprises Inc Employee Stock Ownership Plan, Nicolas L Saakvitne, as Trustee of the Inland Concrete Enterprises Inc Employee Stock Ownership Plan, Inland Concrete Enterprises Inc, a California corporation, Plaintiffs: Jessica R Medina, Joseph Charles Faucher, Trucker Huss, San Francisco, CA USA; Michael A Vanic, Ryan Salsig, Drinker Biddle and Reath LLP, Los Angeles, CA USA.

For Kraft Americas LP, a Limited Partnership, Rune Kraft, an individual, Defendants: Daniel M Noveck, Law Offices of Daniel Noveck, Beverly Hills, CA USA; Susan M Barilich,

Susan Barilich PC, Glendale, CA USA.

Rune Kraft, an individual, Defendant, Pro se, c o Kraft Americas LP, Wilmington, DE USA.

For Kraft Americas LP, a Limited Partnership, Counter Claimant: Daniel M Noveck, Law Offices of Daniel Noveck, Beverly Hills, CA USA; Susan M Barilich, Susan Barilich PC, Glendale, CA USA.

For Inland Concrete Enterprises Inc Employee Stock Ownership Plan, Inland Concrete Enterprises Inc, a California corporation, Counter Defendants: Jessica R Medina, Michael A Vanic, Ryan Salsig, Drinker Biddle and Reath LLP, Los Angeles, CA USA; Joseph Charles Faucher, Trucker Huss, San Francisco, CA USA.

**Judges:** HONORABLE VALERIE [*2] BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE.

**Opinion by:** VALERIE BAKER FAIRBANK

# Opinion

CIVIL MINUTES -- GENERAL

**PROCEEDINGS (IN CHAMBERS): COURT ORDER RE DEFENDANT RUNE KRAFT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DKT. 13); OSC RE SUBJECT MATTER JURISDICTION**

### I. Motion To Dismiss For Lack Of Personal Jurisdiction

Pursuant to *Rule 78 of the Federal Rules of Civil Procedure* and *Local Rule 7-15*, the Court finds that this matter is appropriate for decision without oral argument. **The hearing set on this Motion for July 12, 2010 at 1:30 p.m. is hereby vacated and the matter is taken off calendar**.

The Court has received, read, and considered Defendant Rune Kraft's Motion To Dismiss For Lack Of Personal Jurisdiction ("Motion")(dkt. 13), the Opposition of Plaintiffs Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan, Nicholas L. Saakvitne, and Inland Concrete Enterprises, Inc. ("Plaintiffs") (dkt. 22), the Reply (dkt. 24), and related papers.

The Court hereby DENIES the Motion as explained below in this Order.

### A. Background

Defendants Kraft Americas, L.P. and Rune Kraft ("Defendants") facilitated a sale of Plaintiff Inland Concrete Enterprises, Inc. ("Inland Inc.") to a third party (the "Transaction"). Plaintiffs seek declarations from the Court that [*3] Defendants are not entitled to any fees in connection with the Transaction (Compl. ¶¶ 90; 96), or that certain fees are limited by ERISA (Compl. ¶ 94(i)). Plaintiffs also claim damages because Defendants allegedly breached their fiduciary duty by, among other things, not optimizing the Transaction for the benefit of Plaintiffs. Compl. ¶ 101(a). Defendant Rune Craft now moves for his dismissal for lack of personal jurisdiction.

### B. Standard

When a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)*. The plaintiff bears the burden of establishing that the court has personal jurisdiction over each defendant. *Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)* (per curiam). That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant. *Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)*. The uncontroverted allegations in the plaintiff's complaint must be taken as true. *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)*. Conflicts between the facts contained in declarations submitted by the two sides must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *See Mattel, Inc. v. Greiner and Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003)*.

California permits [*4] the exercise of personal jurisdiction to the full extent permitted by due process. *See Cal. Code Civ. P. § 410.10*. Therefore, whether this Court has personal jurisdiction over Defendant Kraft depends on whether the Plaintiffs have shown sufficient minimum contacts between Defendant Kraft and the state of California for purposes of general or specific jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)*.

### C. Analysis

Plaintiffs do not assert that Defendant Kraft is subject to this Court's general personal jurisdiction, only its specific jurisdiction. The Ninth Circuit employs a three-pronged test for analyzing specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of satisfying the first two prongs [*5] of the test. *Id.* If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *Id.*

Plaintiffs satisfies their burden of showing purposeful availment or direction and relatedness. For example, Defendant Kraft initially called the President of Inland Inc. in California to inquire if Inland Inc. was for sale, and followed up on the inquiry with subsequent calls and emails. Opp. at 8:6-17. In July 2007, Defendant Kraft visited the Inland Inc. offices in California on several occasions in connection with the Transaction. Opp. at 8:21-9:3. Defendant Kraft prepared a letter of intent, presented it to Plaintiffs, and Plaintiff Saakvitne signed it. Opp. at 9:4-24. After the letter was signed, Defendant Kraft made multiple additional visits to Inland Inc.'s facilities in California in connection with the Transaction. Opp. at 9:28-10:3. In addition to the physical visits to California, Defendant Kraft sent hundreds of emails and made many additional telephone calls to Plaintiffs in California. Opp. at 10:4-10. It is these contacts made by Defendant Rune Kraft with California that [*6] serve as a primary basis for Plaintiffs' Complaint.

Defendant Kraft attempts to rely on the "fiduciary shield doctrine" to assert that the Court does not have personal jurisdiction over him because all actions he took in connection with the Transaction were taken in his official capacity on behalf of Kraft Americas L.P. or Vicarea Real Estate, Inc., both of which are separate legal entities organized under the laws of a different state. Mtn. at 5-6; 8:14-25. Defendant's arguments are unavailing.

The existence of a state-created corporate form does not create a due process limit on personal jurisdiction. Davis v. Metro Productions, Inc., 885 F.2d 515, 521 (9th Cir. 1989). The court is to analyze the contacts of the individual at issue. *Id.* That those contacts may have been initiated by an individual only in an "official capacity" does not bar personal jurisdiction over the individual. *Id.*; see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n. 13, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)("*w*e today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity"); *Epic Communications, Inc. v. Richwave Technology, Inc., 179 Cal. App. 4th 314, 330, 101 Cal. Rptr. 3d 572 (2009)*("Some jurisdictions have held otherwise, adopting a 'fiduciary shield' doctrine to exempt some foreign agents from local jurisdiction, but these holdings have been criticized and explicitly rejected in other jurisdictions, [*7] including California."). Because the substantial California contacts made by Defendant Kraft himself serve as the basis of this action, this Court has jurisdiction over him.[1]

Further, Defendant Kraft does not carry his burden to show that the exercise of jurisdiction would be unreasonable. Defendant Kraft has traveled to California multiple times in connection with the Transaction and has not provided any legal authority for why the exercise of jurisdiction would be unreasonable in a case such as his.

### D. Conclusion

Plaintiffs have met their burden of establishing Defendant Kraft's purposeful direction or availment and the relatedness of Defendant's California activities to this action; Defendant Kraft has failed to carry his burden to show that the exercise of jurisdiction would not be reasonable. Accordingly, Defendant Kraft's Motion is DENIED.

### II. OSC Re Subject Matter Jurisdiction

The Court hereby sets and Order To Show Cause regarding why this case should not be dismissed for lack of subject matter jurisdiction on the non-appearance calendar for August 9, 2010 at 1:30 p.m. Plaintiffs shall file a response to the OSC no later than July 19, 2010 addressing the matters discussed [*8] below in this Order and providing any additional information necessary for this Court to assess

---

[1] Defendant Kraft also asserts that the court must have in personam jurisdiction over the defendant with respect to each cause of action. Rep. at 5:17-23. Although Defendant Kraft has disclaimed any right to collect personally on the contract, his disclaimer does not affect the breach of fiduciary duty cause of action, for which there is personal jurisdiction over Defendant Kraft. *See* Opp. 22. If the Court is required to exercise its supplemental jurisdiction as to the contract causes of action for declaratory relief, the Court decides to do so at this time. *See* Data Disc, Inc. v. Systems Tech. Associates, Inc., 557 F.2d 1280, 1289 n. 8 (9th Cir. 1977).

whether it has subject matter jurisdiction. Defendants may file a response no later than July 26, 2010, and Plaintiffs may file a reply no later than August 2, 2010. Failure to adequately respond to the OSC may result in dismissal for lack of subject matter jurisdiction.

### A. Analysis

Plaintiffs assert that subject matter jurisdiction over this action is proper under 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1331 (federal question). Compl. ¶ 1. However, Plaintiffs' allegations fail to establish the Court's subject matter jurisdiction on either basis.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986)*. In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists. *Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)*.

### B. Diversity Jurisdiction

In attempting to invoke this Court's diversity jurisdiction, Plaintiffs must show (1) that there is complete diversity of citizenship between the parties and (2) that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of a partnership or other unincorporated entity is the citizenship of its partners or members. *See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004)* (it [*9] is an "accepted rule" that "a partnership. . . is a citizen of each State or foreign country of which any of its partners is a citizen").

Defendant Kraft Americas, L.P. is alleged to be a limited partnership organized under the laws of Delaware. Compl. ¶ 6. However, Plaintiff does not allege the citizenship of all partners of Kraft Americas, L.P. For instance, Defendant Kraft's Motion To Dismiss For Lack Of Personal Jurisdiction states that Vicarea Real Estate, Inc. is a partner in Kraft Americas, L.P. (*see* Mtn. 3:8-9). Plaintiffs do not allege the citizenship of Vicarea Real Estate, Inc., or any other potential partners of Kraft Americas, L.P.

### C. Federal Question Jurisdiction

In attempting to invoke this Court's federal question jurisdiction, Plaintiffs must show that the action arises under the Constitution, laws, or treaties of the United states. 28 U.S.C. § 1331. In declaratory relief actions, whether the claim "arises under" federal law is determined by the nature of the underlying coercive claim — i.e., the claim that the declaratory judgment defendant may assert against the declaratory judgment plaintiff. Schwarzer et al., *Cal. Prac. Guide: Fed. Civil Pro. Before Trial*, § 10:16 (The Rutter Group 2010); [*10]  *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 103 (1983)*("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

Here, the underlying potential coercive claim for breach of contract does not appear to arise under federal law. Federal question jurisdiction does not exist where the claim is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Schwarzer et al., *Cal. Prac. Guide: Fed. Civil Pro. Before Trial*, § 2:121 (The Rutter Group 2010); *Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974)*. It appears that ERISA only arises as a potential defense or limitation to a potential breach of contract claim asserted against declaratory judgment plaintiffs, which is not sufficient to confer federal question jurisdiction.

**End of Document**