**E**XHIBIT **F**

**Second Vexatious-Litigant Order**

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

### CIVIL MINUTES -- GENERAL

**Case No.**     LA CV 18-06971-VBF         **Dated: Tuesday, August 28, 2018**

**Title:**     *Rune Kraft, Plaintiff v. Joseph C. Faucher*, *R. Bradford Huss, OldCastle Precast, Inc. (a Washington corporation), Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan, J. Marc Fosse, Robert R. Gower, Clarissa A. Kang, Elizabeth Loh, Kevin E. Nolt, Mary E. Powell, Tiffany N. Santos, Robert F. Schwartz, Benjamin F. Spater, Nicholas J. White, Clerk of Court of C.D. Cal. in her official capacity, Clerk of Court of Ninth Circuit in her official capacity, U.S. District Judge Fairbank, U.S. Magistrate Judge Parada, U.S. Circuit Judge McKeown, U.S. Circuit Judge Watford, and U.S. Circuit Judge Friedland, Defendants*

---

**PRESENT:**     HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

       Stephen Montes Kerr                            N/A

       Courtroom Deputy                            Court Reporter

Attorney Present for Petitioner: N/A         Attorney Present for Respondent: n/a

**PROCEEDINGS (in chambers):**     **ORDER**     **Finding that Kraft Willfully Violated the March 24, 2016 Vexatious-Litigant Order;**

                                                 **Striking the Complaint as Unauthorized;**

                                                 **Warning that Future Violations of Said Order May Lead to Monetary Sanctions;**

                                                 **Terminating the Action (JS-6)**

       **On March 24, 2016, this Court issued an Order declaring plaintiff Rune Kraft**

**("Kraft") to be a vexatious litigant** based in large part on litigation misconduct that included his willful destruction of material evidence, fabrication of material evidence, and refusal to comply with discovery obligations. *See* Case No. LA CV 15-00701-VBF-AS ("15-701"), CM/ECF Document ("Doc") 46 ("the vexatiousness ruling"). It does not appear that Kraft ever appealed to the Ninth Circuit from the vexatiousness ruling.

On April 6, 2017, the Court issued an Order (15-701 Doc 64) denying Kraft's ensuing motion for reconsideration of the vexatiousness ruling. On June 6, 2017, Kraft filed a motion to extend his time in which to file a notice of appeal to the Circuit from this Court's refusal to reconsider the vexatiousness ruling (15-701 Doc 71). By Order issued June 29, 2017, this court denied Kraft's request to extend the appeal deadline, finding the request timely (Doc 73 at 4) but meritless (Doc 73 at 4-8). It does not appear that Kraft ever appealed to the Ninth Circuit from the Order denying reconsideration of the vexatiousness ruling.

Accordingly, this Court's March 24, 2016 Vexatious-Litigant Order (15-701 Doc 46) remains in force. By the terms of that Order,

> **Before Rune Kraft may file any new action,** seek to re-open any concluded action, or seek relief from judgment in any action **in this Court or in any other court against Inland Concrete Enterprises Inc., the Inland Concrete Enterprises Inc. Employee Stock Ownership Plan**, Nicholas Saakvitne as Trustee of the Inland Concrete Enterprises Inc. Employee Stock Ownership Plan, Oldcastle Precast Inc., **and/or against any** subsidiary or parent **corporation, owner, officer, employee, agent, or attorney of any of the aforesaid parties, Rune Kraft must first obtain advance written authorization from Judge Fairbank or Judge Kronstadt**, "upon such showing of evidence supporting the claims [or motion] as the judge may require", *Bowen v. Vazquez*, 2009 WL 1158954, *2 (C.D. Cal. Apr. 24, 2009) . . . .

Doc 46 at 30-31 (footnote omitted, some boldface added). *Cf. David v. Merritt*, 2012 WL 2071806, *4 (N.D. Cal. June 8, 2012) (Charles Breyer, J.) (after declaring plaintiff a vexatious

litigant, the court stated that it would grant a future application for leave to file "only if, upon review of the proposed pleading, the Court determines that it complies with [Fed. R. Civ. P.] 8, that the factual allegations are colorable, and that the allegations state a claim . . . .").

The complaint names Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan ("Inland") and Oldcastle Precast, Inc. ("Oldcastle"), which were among Rune Kraft's adversaries in C.D. California case numbers LA CV 10-01776-VBF-AS and LA CV 15-00701-VBF-OP, and in state court.[1] The complaint also names Charles C. Faucher and Bradford Huss, attorneys whose law firm represented Oldcastle and Inland in both LA CV 10-01776-VBF and LA CV 15-00701-VBF. The Vexatious-Litigant Order required Kraft to obtain advance written authorization from the undersigned Judge or Judge Kronstadt before filing this complaint. So far as the record discloses, Kraft did not request such authorization. Filing the complaint without authorization was a violation of the Vexatious-Litigant Order.

**In addition, the Vexatious-Litigant Order provided that, "When making any request to any court for leave to file as required by this Order, Rune Kraft SHALL FILE with that court contemporaneously a copy of this full Order."** *Accord AT&T Mobility, LLC v. Yeager*, 2018 WL 1576036, *5 (E.D. Cal. Mar. 30, 2018) ("*Yeager*") (Kimberly Mueller, J.) (after declaring party to be a vexatious litigant, court ordered that "[w]hen requesting permission to file a new case or motion *in pro per* in this district, Mrs. Yeager must (1) attach a copy of this order; (2) attach a declaration under penalty of perjury averring that the proposed filing is neither frivolous nor made in bad faith; and (3) furnish security . . . ."). The transferor judge, the Honorable Laurel Beeler, issued an Order to Show Cause (Doc 6) and then a 28 U.S.C. Section 1404(a) Transfer Order (Doc 9); neither Order mentions Kraft filing a copy of the Vexatious-Litigant Order or otherwise alerting her to the Order's existence and

---

[1] A partnership with a relation to Mr. Kraft named Kraft Americas, L.P. ("KALP") was the plaintiff in *KALP v. Giamarra Bros. Fruit Co., Inc., et al.*, No. LA CV 12-03681-JAK-E (C.D. Cal.), an action to which Oldcastle was also a party. But Kraft himself was not a party to that action.

-3-

1 substance, and the docket does not show that Kraft filed the Vexatious-Litigant Order as the
2 Order itself required. That was another violation of the Vexatious-Litigant Order.

3 **Consequently, meaningful enforcement of the Vexatious Litigant Order requires,**
4 **at a minimum, that the complaint be stricken.** *Accord Yeager*, 2018 WL 1576036 at *5
5 (after listing the pre-filing restrictions imposed on a vexatious litigant, court stated that "[i]f
6 any of the preceding requirements is not met, the Court may disregard [her] proposed filing.").

7 Finally, the Court finds that Kraft willfully disobeyed the Vexatious-Litigant Order.
8 That Order clearly and emphatically set forth his responsibilities with regard to future filings
9 regarding the listed entities. The Court advises Mr. Kraft that further violation of the
10 Vexatious-Litigant Order will lead the Court to consider imposing a monetary sanction against
11 him, holding him in contempt of Court, or taking other lawful action to punish and deter
12 repeated willful non-compliance with a Court Order.

### ORDER

15 The document denominated as Rune Kraft's **Complaint [Doc #1] is STRICKEN**.
16 This action is **TERMINATED (JS-6)**.
17 Any Fed. R. Civ. P. 59(e) motion for reconsideration must be filed within twenty-eight
18 calendar days from the date of this Order.[2]
19 IT IS SO ORDERED.

_____
VALERIE BAKER FAIRBANK
Senior United States District Judge

---

[2] "This Court has no discretion to extend the deadline for Rule 59(e) motions." *Guzman v. Montgomery*, 2018 WL 3853944, *1 n.1 (C.D. Cal. Aug. 9, 2018). "Federal Rule of Civil Procedure 6(b)(2) provides that 'a court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b).'" *De Adams v. Hedgpeth*, 2015 WL 114163, *1 (C.D. Cal. Jan. 7, 2015); *see also Carter v. US*, 973 F.2d 1479, 1488 (9th Cir. 1992), *cert. denied*, – U.S. –, 137 S. Ct. 843 (2017).