## Exhibit G

**June 2021 Old Castle Opinion**



Neutral

As of: June 28, 2021 1:10 AM Z

## *Inland Concrete Enters., Inc. v. Rune Kraft & Kraft Ams. Lp*

United States District Court for the Central District of California, Western Division

June 19, 2021, Decided; June 19, 2021, Filed

LA CV 10-01776-VBF-OPx

**Reporter**

2021 U.S. Dist. LEXIS 115649 *

Inland Concrete Enterprises, Inc. et al., Plaintiffs, v. Rune Kraft & Kraft Americas LP, Defendants (Application of Oldcastle Infrastructure, Inc., a Washington corporation, Judgment Creditor)

**Prior History:** *Inland Concrete Enters., Inc. v. Kraft Ams. Lp, 2010 U.S. Dist. LEXIS 150590 (C.D. Cal., July 6, 2010)*

## Core Terms

motion for relief, JUDGMENT-DEBTOR, filings, motions, lack of jurisdiction, judgment creditor, awarding, doctrine of res judicata, application for renewal, compensatory damages, fraud upon the court, vexatious litigant, motion to dismiss, failure to raise, motion to strike, attorney's fees, fee award, judgment-creditor, plaintiffs', challenges, purporting, Directing, Subpoena

**Counsel:** **[*1]** For Inland Concrete Enterprises Inc Employee Stock Ownership Plan, Plaintiff, Counter Defendant: Kevin Andrews Hoang, LEAD ATTORNEY, Suttell and Hammer PS, Bellevue, WA; Ronald P Slates, LEAD ATTORNEY, Ronald Slates Law Offices APC, Los Angeles, CA; Joseph Charles Faucher, Trucker Huss, Encino, CA.

For Nicolas L Saakvitne, as Trustee of the Inland Concrete Enterprises Inc Employee Stock Ownership Plan, Plaintiff: Joseph Charles Faucher, Trucker Huss, Encino, CA; Ronald P Slates, LEAD ATTORNEY, Ronald Slates Law Offices APC, Los Angeles, CA.

For Inland Concrete Enterprises Inc, a California corporation, Plaintiff, Counter Defendant: Kevin Andrews Hoang, LEAD ATTORNEY, Suttell and Hammer PS, Bellevue, WA; Joseph Charles Faucher, Trucker Huss, Encino, CA; Ronald P Slates, LEAD ATTORNEY, Ronald Slates Law Offices APC, Los Angeles, CA.

Rune Kraft, an individual, Defendant, Pro se, Washington, DC.

**Judges:** VALERIE BAKER FAIRBANK, UNITED STAETS DISTRICT JUDGE.

**Opinion by:** VALERIE BAKER FAIRBANK

## Opinion

### CIVIL MINUTES -- GENERAL

**Proceedings (in chambers): Order Granting Application to Renew Judgment (Doc 338) and Directing Clerk to Issue Doc 338-3**

**Denying Judgment-Debtor's Motions (Docs 339, 341, and 342)**

**On June 22, 2011, this [*2] Court entered default judgment awarding plaintiffs $3 million in compensatory damages for which defendants Rune Kraft and Kraft Americas L.P. were and are jointly and severally liable.** See CM/ECF Document ("Doc") 248. The Court issued an August 2, 2011 Order (Doc 256) granting plaintiffs' application for $552,623 in attorney fees, which the defendants did not oppose.

The Court did not hear from defendant/judgment-debtor Rune Kraft for about three and half years after issuing the judgment. Nor did Kraft appeal the judgment or fee award to the United States Court of Appeals. Kraft made multiple deficient or inappropriate post-judgment filings, leading to Notices of Deficiency rejecting his filings in June 2015, July 2015, September 2016, October 2016, November 2016, December 2017, January 2018, and April 2018 (Docs 271, 272, 273, 306, 309, 311, 323, 324, 327, 328) and on other occasions.

Kraft validly filed a motion for relief from judgment pursuant to *Fed. R. Civ. P. 60(b)* in July 2015, more than four years after entry of judgment. After full briefing, **the Court dismissed Kraft's motion for relief from judgment (as**

time-barred and barred by failure to raise the same issues on appeal by Order issued August [*3] 24, 2016 (Doc 304). The Court denied Kraft's ensuing reconsideration motion by Orders issued September 29, 2017 and October 5, 2017 (Docs 319 and 320). Kraft did not appeal the dismissal of his *Rule 60(b)* motion or the denial of his *Rule 59(e)* denial to the Ninth Circuit.

## DESIGNATION OF JUDGMENT-DEBTOR KRAFT AS VEXATIOUS LITIGANT

In a related case, C.D. Cal. LA CV 15-00701-VBF, this Court granted a motion to declare Rune Kraft to be a vexatious litigant by Order issued March 24, 2016 (Doc 430). He remains subject to the findings made and the pre-filing restrictions imposed by that Order.

## 2021 PROCEEDINGS REGARDING RENEWAL OF 2011 JUDGMENT

On April 1, 2021, Washington corporation Oldcastle Infrastructure, Inc., filed an application for renewal and enforcement of judgment (Doc 334), which the Clerk's Office rejected by Notice issued April 2, 2021 (Doc 335).

On June 8, 2021, Oldcastle Infrastructure, Inc., filed Document #337, a *Federal Rule of Civil Procedure Rule 69* Notice Acknowledging that a March 15, 2013 written agreement assigned to Oldcastle Infrastructure, Inc., all of the other plaintiffs' interest in the June 21, 2011 Judgment (awarding $3,000,000 in compensatory damages) and the June 22, 2011 Order Awarding $552,623 in Attorneys' Fees. [*4] See Doc 337 at 3 and Doc 337 Exs. 1 and 2.

Also on June 8, 2021, Oldcastle Infrastructure filed an Application to Renew and Enforce Judgment (Doc 338), purporting to correct the defects identified by the Clerk's Notice. Oldcastle Infrastructure explains that it is the successor of plaintiff Oldcastle Precast, Inc., a Washington corporation that no longer exists, see Doc 338 at 2; the Court will hereafter refer to Oldcastle Infrastructure, Inc., as judgment creditor.

On June 8 and 9, 2021, Kraft filed a motion to strike judgment creditor Oldcastle's filings (Doc 340), a motion for subpoena (Doc 341), a motion to dismiss for lack of jurisdiction (Doc 342), and a motion to find fraud upon the court (Doc 343). Kraft reiterates his 2015 position that the judgment was void due to lack of jurisdiction; he does not contend that the assignment of the judgment to Oldcastle Infrastructure, Inc., was otherwise invalid.

By Order issued June 10, 2021 (Doc 345), the Court denied Kraft's motion to strike the judgment-creditor's June 8, 2021 filings. Out of an abundance of caution, the June 10, 2021 Order directed the judgment-creditor to file a brief responding to Kraft's motions.

On further scrutiny, [*5] there is no need to wait for a response brief from the judgment creditor because **the record establishes beyond cavil that Kraft's latest challenges to the decade-old judgment are barred by his failure to raise any of these arguments on appeal. For an explanation, the Court directs Kraft to its August 24, 2016 Order dismissing his *Fed. R. Civ. P. 60(b)* motion for relief from judgment (Doc 304 at pages 31 through 36)**.

The Court further determines that all Kraft's arguments challenging the judgment, including the allegation of fraud on the court and the alleged lack of subject-matter jurisdiction, are barred by the doctrine of res judicata. Neither Kraft's motions nor his June 18, 2021 "Objection" purports to assert any challenge to the judgment that he did not raise and could not have raised in his 2015 motion for relief from judgment. Nor does Kraft cite authority for the notion that the doctrine of res judicata does not apply when it is a jurisdictional objection that a party seeks to re-litigate.

## ORDER

**The Application for Renewal of Judgment [Doc #338] is GRANTED**.

**The Clerk's Office SHALL ISSUE the proposed order at Document #338-3, entitled "Clerk's Notice of Renewal of Judgment and Attorney Fee Award."**

**[*6] The following three motions filed by Judgment-Debtor Rune Kraft are DENIED**:

**Motion for Issuance of Subpoena [Doc #339]**

**Motion to Dismiss for Lack of Jurisdiction [Doc #341]**

**Motion for a Finding of Fraud Upon the Court [Doc #342]**

The Clerk **SHALL E-MAIL this order to Rune Kraft at rkkalp@aol.com**, in addition to sending it to his record address by USPS first-class paper mail.

IT IS SO ORDERED.

/s/ Valerie Baker Fairbank

VALERIE BAKER FAIRBANK

2021 U.S. Dist. LEXIS 115649, *6

Senior United States District Judge

---

**End of Document**