**E<small>XHIBIT</small> J**

**October 2017 Gainey Ranch Opinion**


Neutral
As of: June 25, 2021 11:13 PM Z

# *Gainey Ranch Cmty. Ass'n v. Kraft*

United States District Court for the District of Arizona

October 20, 2017, Decided; October 20, 2017, Filed

CIV 17-2092-PHX-MHB

**Reporter**
2017 U.S. Dist. LEXIS 183551 *

*Gainey* Ranch Community Association, an Arizona-nonprofit corporation; and The Pavilions Council of Co-owners, an Arizona non-profit organization, Plaintiff, vs. *Rune Kraft*, an individual; Trancycle; Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan; Oldcastle Precast, Inc.; John Does and Jane Does I through X; Black Corporations I through X; and White Partnerships I through X, Defendants.

**Prior History:** *Gainey Ranch Cmty. Ass'n v. Kraft, 2017 U.S. Dist. LEXIS 157254 (D. Ariz., Sept. 26, 2017)*

## Core Terms

reconsideration motion, diversity of citizenship, lack subject matter jurisdiction, amount in controversy, newly discovered evidence, intervening change, rare circumstances, initial decision, controlling law, fail to meet, clear error, reconsideration, assertions, manifestly, parties, unjust

**Counsel:** [*1] For *Gainey* Ranch Community Association, An Arizona non-profit corporation, Pavillions Council of Co-Owners, An Arizona non-profit corporation, Plaintiffs: Beth Mulcahy, Lauren Ashleigh Vie, Paige Elizabeth Marks, LEAD ATTORNEYS, Mulcahy Law Firm PC, Phoenix, AZ.

*Rune Kraft*, An individual, Defendant, Pro se, Wilmington, DE.

**Judges:** Michelle H. Burns, United States Magistrate Judge.

**Opinion by:** Michelle H. Burns

## Opinion

**WO**

**ORDER**

Pending before the Court is Defendant *Rune Kraft*'s Motion for Reconsideration of the Court's Order granting Plaintiffs' motion to remand this matter to Maricopa County Superior Court (Doc. 25.)

On February 26, 2017, the Court, after considering the arguments raised by the parties in their briefing, found that this matter lacked subject matter jurisdiction, granted Plaintiffs' motion to remand, and ordered that this matter be remanded back to Maricopa County Superior Court. In its Order, the Court first addressed the amount in controversy finding that "[t]he amounts in controversy as set forth in Plaintiffs' amended complaint and motion to remand is less than $75,000.00." The Court stated, "[t]his Court is not required to consider speculation as to how that amount will vary in deciding this jurisdictional [*2] issue." Thus, the Court concluded that Defendant Kraft failed to meet his burden of proving the amount in controversy requirement necessary to establish subject matter jurisdiction.

The Court then addressed the diversity of citizenship requirement. The Court found that based on documentation provided by Plaintiffs in support of their motion, all parties to this action are citizens of Arizona. The Court also found that other than his "bare assertions," Defendant Kraft failed to provide any evidence regarding diversity of citizenship. The Court stated that, "[t]he unsupported assertions in Defendant Kraft's Response are insufficient to establish diversity of citizenship."

Accordingly, the Court found that Defendant Kraft failed to meet his burden of demonstrating that the amount in controversy in this matter exceeds $75,000.00, or that there is diversity of citizenship, and concluded that it lacks subject matter jurisdiction to preside over this action.

The Court will ordinarily deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable

diligence." **[*3]** *LRCiv 7.2(g)(1)*; see *School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)* (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Motions for reconsideration should be granted only in rare circumstances, and should not be used for the purpose of asking a court "to rethink what the court had already thought through — rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Neither may a motion to reconsider "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)*, nor repeat any argument previously made in support of or in opposition to a motion, see *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003)*. Mere disagreement with a previous order is an insufficient basis for reconsideration. See *Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988)*.

The Court has reviewed Defendant Kraft's argument and finds that he fails to satisfy the standards for reconsideration. Defendant has not presented newly discovered evidence, shown the Court committed clear error or the initial decision was manifestly unjust, or revealed an intervening change in controlling law. The Court has already considered the **[*4]** issues Defendant raises in his motion and found that it lacks subject matter jurisdiction over the matter. Defendant has not demonstrated that this is one of the rare circumstances where a motion for reconsideration should be granted.

Accordingly,

**IT IS ORDERED** that Defendant *Rune Kraft*'s Motion for Reconsideration of the Court's Order granting Plaintiffs' motion to remand this matter to Maricopa County Superior Court (Doc. 25) is **DENIED**.

DATED this 20th day of October, 2017.

/s/ Michelle H. Burns

Michelle H. Burns

United States Magistrate Judge

**End of Document**