EXHIBIT L

**2019 Arizona Appellate Opinion**


Neutral
As of: July 5, 2021 11:30 PM Z

# *Gainey Ranch Cmty. Ass'n v. Kraft*

Court of Appeals of Arizona, Division One

March 28, 2019, Filed

No. 1 CA-CV 18-0179

**Reporter**
2019 Ariz. App. Unpub. LEXIS 394 *; 2019 WL 1412150

GAINEY RANCH COMMUNITY ASSOCIATION, et al., Plaintiffs/Appellees, v. RUNE KRAFT, Defendant/Appellant.

**Notice:** THIS DECISION IS SUBJECT TO FURTHER APPELLATE REVIEW. MOTIONS FOR RECONSIDERATION OR PETITIONS FOR REVIEW TO THE ARIZONA SUPREME COURT MAY BE PENDING. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.
 NOT FOR OFFICIAL PUBLICATION.

UNDER *ARIZONA RULE OF THE SUPREME COURT 111(c)*, THIS DECISION IS NOT PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

**Prior History: [*1]** Appeal from the Superior Court in Maricopa County. No. CV2017-000765. The Honorable David W. Garbarino, Judge Pro Tempore.

*Gainey Ranch Cmty. Ass'n v. Kraft, 2017 U.S. Dist. LEXIS 157254 (D. Ariz., Sept. 26, 2017)*

**Disposition:** AFFIRMED.

## Core Terms

superior court, default judgment, default, vexatious litigant, filings, entry of default, asserting, attorney's fees, default hearing, federal court, designating, documents, neglect, merits, costs, amended complaint, motion to dismiss, leave of court, remand order, proceedings, challenges, motions

**Counsel:** Mulcahy Law Firm PC, Phoenix, By Beth E. Mulcahy, Paige Holton, Lauren Vie.

Mandel Young PLC, Phoenix, By Robert A. Mandel, Co-Counsel for Plaintiffs/Appellees.

Rune Kraft, Wilmington, DE, Defendant/Appellant.

**Judges:** Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

**Opinion by:** Kent E. Cattani

## Opinion

### MEMORANDUM DECISION

**CATTANI**, Judge:

P1 Rune Kraft appeals from the superior court's adverse rulings in a homeowners' association suit against him for breach of contract and foreclosure based on unpaid assessments. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

P2 Gainey Ranch Community Association and The Pavilions Council of Co-Owners are homeowners' associations (master and sub-association, respectively; collectively, the "HOAs") for planned communities in Scottsdale. All properties within the planned communities are required to pay periodic assessments to the homeowners' associations.

P3 In August 2015, Gainey Ranch filed a complaint in justice court against Kraft and Kraft's closely-associated **[*2]** entity Transcycle. The complaint alleged that Kraft and/or Transcycle owned a property within the planned community and had failed to pay required assessments. Kraft answered the complaint, generally denying all allegations.

P4 The case eventually went to a bench trial, and the justice court held Transcycle in default, no one having appeared to represent the entity. The court also dismissed the complaint against Kraft based on evidence that Kraft had transferred ownership to Transcycle before any assessments became delinquent. Over Kraft's objection, the court ruled that the

Case 01-01139-AMC    Doc 33244-12    Filed 07/13/21    Page 3 of 6

Page 2 of 5
2019 Ariz. App. Unpub. LEXIS 394, *2

dismissal would be without prejudice.

P5 After those rulings but before judgment was entered, Gainey Ranch discovered that the continuously-accruing damages had surpassed the justice court's $10,000 jurisdictional limit, and the justice court granted a request to transfer the case to superior court. *See* Ariz. Const. art. 6, § 32(C); *see also* *Ariz. Rev. Stat. ("A.R.S.") § 22-201(B)*. The justice court concurrently entered a judgment of dismissal without prejudice as to Kraft.

P6 Gainey Ranch then moved to amend the complaint in superior court, as relevant here, to add The Pavilions as a plaintiff, increase the amount of damages to more than $40,000 (as of the time of amendment), add **[*3]** a foreclosure count, and re-add Kraft as a defendant.[1] Noting that the dismissal as to Kraft was without prejudice, the HOAs explained that the amended complaint re-added Kraft as a defendant because further investigation showed that both Kraft and Transcycle were record owners of the property. The superior court granted the motion, and the HOAs filed the amended complaint on March 30, 2017. With leave of court (granted after multiple unsuccessful service attempts), the HOAs served Kraft and Transcycle with the amended complaint by alternative means on June 8, 2017.

P7 Meanwhile, both before and after service of the amended complaint, Kraft filed several variously-captioned documents asserting that the case against him had already been fully resolved at trial in justice court, accusing the HOAs of fraud on the court, and seeking to unwind the transfer from justice court to superior court. The superior court struck or denied these filings, and in mid-June expressly ordered Kraft to file an answer to the complaint by June 30, 2017.

P8 Instead, on June 30, Kraft filed a petition for removal to federal court. On September 26, 2017, the district court found that it lacked subject matter jurisdiction **[*4]** (insufficient amount in controversy as well as lack of complete diversity of citizenship, *see* *28 U.S.C. § 1332(a)*), and remanded the case to superior court.

P9 One day after the remand order, the HOAs filed applications for default, and the superior court issued orders that the default proceedings would be heard by Commissioner Garbarino. Kraft did not respond, and the default became effective 10 business days later, on October 11. *See* *Ariz. R. Civ. P. 55(a)(4)*, *6(a)(2)*.

P10 Because Kraft had appeared in the matter, the HOAs then noticed a default hearing for October 25, 2017. *See* *Ariz. R. Civ. P. 55(b)(1)(A)*, *(b)(1)(C)(ii)*, *(b)(2)(A)*. In response, Kraft sought to vacate the default hearing, asserting that the case remained in federal court (remand order notwithstanding) because he had filed a motion for reconsideration of the remand. The district court denied the motion for reconsideration that same day, and the superior court declined to vacate the default hearing.

P11 Kraft appeared telephonically at the default hearing. The court took testimony and heard argument from both sides regarding the HOAs' calculation of damages in the amount of $78,879.39 (unpaid assessments of $14,394, late fees of $3,781.94, administrative fees of $195, and legal fees and costs totaling $60,508.45) and **[*5]** took the matter under advisement.

P12 The next day—before the superior court had rendered a ruling on awardable damages—Kraft filed a second petition to remove the case to federal court. Over the next week, Kraft filed three more documents in superior court generally challenging the propriety of the completed default hearing, asserting among other arguments that the case remained subject to federal jurisdiction, the superior court had previously prohibited any filings, the superior court had denied the application for entry of default, the HOAs' allegations were false and fraudulent, and Kraft had timely and adequately contested the case. After the federal district court again remanded the case, the superior court addressed and dismissed all of Kraft's objections to the default proceedings. The court also issued an under advisement ruling from the default hearing, limiting the portion of attorney's fees that could be pursued against Kraft personally. Consistent with that ruling, the HOAs then filed their application for attorney's fees and supporting affidavit.

P13 Thereafter, on November 28, 2017, Kraft filed an answer to the first amended complaint. He concurrently filed a motion to **[*6]** dismiss and a document captioned "Objection," urging that he had already prevailed on the merits after trial in justice court. The next day, Kraft filed two more documents raising many of the same issues presented in his challenges to the default hearing. In the wake of these filing, the HOAs moved to designate Kraft a vexatious litigant under *A.R.S. § 12-3201*.

P14 The superior court denied all of Kraft's arguments either on the merits or as immaterial in the wake of entry of default, struck his answer and motion to dismiss, and entered a judgment for foreclosure, as well as a personal judgment

---

[1] The amended complaint also added as defendants two judgment creditors of Kraft and Transcycle who held a judgment lien against the property. The HOAs later entered a stipulated judgment as to lien priority with those judgment creditors, who are not parties to this appeal.

against Kraft and Transcycle for $56,133.65 ($18,370.94 in delinquent assessments and fees, $36,403.00 in attorney's fees, and $1,359.71 in costs).

P15 Kraft then filed a motion to set aside the default judgment, again arguing that he had won a final judgment on the merits after trial in justice court, that he had properly and timely defended the action, and that the allegations of the complaint were false. At the same time, he filed three other documents asserting variously that the superior court had deprived him of an opportunity to be heard, that the federal court retained jurisdiction of the case, and that **[*7]** he had timely responded to the complaint given previous superior court orders prohibiting filings and purportedly denying the HOAs' application for entry of default. Two days later, he filed a motion to strike the application for entry of default on some of the same bases.

P16 At this point, the superior court designated Kraft a vexatious litigant for purposes of this lawsuit. The court recounted that Kraft's filings were "not . . . well grounded" and repeatedly "restyle[d] and restate[d] claims" in an attempt to relitigate matters previously resolved against him. The court found Kraft's filings lacked substantial justification and were offered for the purpose of harassment and delay, and thus ordered that Kraft seek leave of court before filing any new motions or pleadings.

P17 After two more filings from Kraft, the court denied the motion to set aside the default judgment along with Kraft's various other motions. Without seeking leave of court, Kraft then filed six more documents (characterized as motions or requests) reasserting several of the arguments referenced above. Kraft also timely appealed after denial of his motion to set aside the default judgment.

## DISCUSSION

P18 Kraft appeals **[*8]** from the default judgment entered against him, the superior court's denial of his motion to set aside the default judgment, and the court's order designating him a vexatious litigant. We address each contention in turn.

### I. Default Judgment.

P19 When a defendant does not plead or otherwise defend within the time required by the Arizona Rules of Civil Procedure, the plaintiff may apply for entry of default. *Ariz. R. Civ. P. 55(a)*. Default is entered when the application is filed with the clerk of the court and becomes effective 10 days later, unless the defendant pleads or otherwise defends during that period. *Ariz. R. Civ. P. 55(a)(4)*, *(5)*. As relevant here, the court conducts a hearing to determine the amount of damages, then enters a default judgment. *Ariz. R. Civ. P. 55(b)(2)(A), (D)(ii)*.

P20 A default judgment is not independently appealable unless the default was not authorized by *Rule 55* or the appeal addresses a jurisdictional question. *Hirsch v. Nat'l Van Lines, Inc., 136 Ariz. 304, 311, 666 P.2d 49 (1983)*. Instead, the primary remedy for an allegedly erroneous default judgment is a motion to set aside based on the grounds for relief from judgment under *Rule 60(b)*, an avenue that Kraft pursued. *See Ariz. R. Civ. P. 55(c)*; *Hirsch, 136 Ariz. at 311*.

P21 Accordingly, to the extent Kraft challenges the superior court's jurisdiction, we consider the argument as an appeal from the default judgment itself, **[*9]** over which we have jurisdiction under *A.R.S. § 12-2101(A)(1)*. We address Kraft's other claims of error as challenges to the denial of his motion to set aside the default judgment. We have jurisdiction over this facet of the appeal under *A.R.S. § 12-2101(A)(2)*.

**A. Direct Appeal from the Default Judgment**.

P22 Kraft's core contention is that the superior court lacked jurisdiction to render judgment because the justice court had already held trial and resolved the case in his favor by entering a judgment of dismissal. Even assuming a prior adjudication on the merits would create a jurisdictional defect rather than simply a claim-preclusive effect, *but see In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source, 212 Ariz. 64, 69-70, ¶ 14, 127 P.3d 882 (2006)*, Kraft's argument fails because the dismissal was (explicitly, and over Kraft's objection) *without prejudice*.

P23 "An order of dismissal without prejudice is not a final determination of the controversy on its merits, and is no bar to the prosecution of another suit timely commenced, founded upon the same cause of action." *State ex rel. Hess v. Boehringer, 16 Ariz. 48, 51, 141 P. 126 (1914)*; see also *Workman v. Verde Wellness Ctr., Inc., 240 Ariz. 597, 600, ¶ 7, 382 P.3d 812 (App. 2016)* (acknowledging that dismissal without prejudice "is not a final judgment because the plaintiff can refile the action"). Even after the justice court dismissed the case against Kraft due to a suggestion that Kraft had transferred the property when the **[*10]** assessments were current, because the dismissal was without prejudice, the HOAs remained free to amend their complaint (with leave of court) to reassert claims against Kraft once further investigation supported their allegation that Kraft remained a record owner of the property when assessments became delinquent.

Case 01-01139-AMC    Doc 33244-12    Filed 07/13/21    Page 5 of 6

Page 4 of 5
2019 Ariz. App. Unpub. LEXIS 394, *10

**B. Denial of Motion to Set Aside the Default Judgment**.

P24 After default judgment is entered, the defaulting party may seek to set aside the judgment on any basis justifying relief from judgment. *See* Ariz. R. Civ. P. 55(c), 60(b). Although Kraft's briefing does not use this framework, we construe his arguments as assertions that the judgment should have been set aside due to "mistake, inadvertence, surprise, or excusable neglect" or under the catch-all provision for "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(1), (6).

P25 To set aside a default judgment based on excusable neglect, the defendant must show (1) excusable neglect that explains the failure to timely defend, (2) a prompt and diligent request for relief from the judgment, and (3) a meritorious defense to the underlying complaint. Ariz. R. Civ. P. 60(b)(1); Hirsch, 136 Ariz. at 309; *see also* Richas v. Superior Court, 133 Ariz. 512, 515, 652 P.2d 1035 (1982) (noting that the rule requires "'excusable neglect,' not 'unexplained neglect'"). Neglect is "excusable" for these **[*11]** purposes if a reasonably prudent person might have acted in the same manner under the circumstances. City of Phoenix v. Geyler, 144 Ariz. 323, 331-32, 697 P.2d 1073 (1985). The catch-all ground requires a showing of extraordinary hardship or injustice, and it encompasses only reasons outside the grounds for relief enumerated in Rule 60(b)(1)-(5). Davis v. Davis, 143 Ariz. 54, 57, 691 P.2d 1082 (1984). We review the court's denial of the motion to set aside on these bases for an abuse of discretion. *See* Ezell v. Quon, 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645 (App. 2010).

P26 Kraft asserts that he complied with the requirement to "plead or otherwise defend" by filing a motion to dismiss in federal court in conjunction with his first removal petition. But no motion to dismiss appears in the superior court's record before entry of default, and Kraft offers no authority for relying on a document filed solely in a forum that lacked subject matter jurisdiction as an adequate defense to an action. Moreover, Kraft offers no excuse for not at the very least promptly refiling any such answer or other defense after the federal court remanded the case to superior court.

P27 Kraft claims he should have been afforded additional time to answer the complaint after the federal court's September 26, 2017 remand order (which also summarily denied his motion to dismiss), and that the HOAs' application for entry **[*12]** of default (filed the day after the remand order) was thus premature. *See* Ariz. R. Civ. P. 12(a)(2)(A) (extending the time for filing a responsive pleading for 10 days after notice of denial of a motion to dismiss). But Kraft failed to meet even the extended deadline he now proposes. Even after the application for entry of default—which itself provides a 10-day grace period to file an answer or other defense, *see* Ariz. R. Civ. P. 55(a)(5)—Kraft did not file any answer or defense for more than two months.

P28 Kraft further argues that a scheduling order issued July 14, 2017, which set a status conference for October 27 and prohibited new motions until that time, prevented him from timely defending the action. But the court previously ordered Kraft to answer the complaint by June 30, a deadline that had already passed by the time of the July 14 order.

P29 Kraft also asserts that the default proceedings were improper because the superior court denied the HOAs' application for entry of default. But the superior court did not do so. To support his interpretation, Kraft relies on a selectively-edited excerpt from the superior court's minute entry order: quoting that "no action will be taken . . . on the above referenced document(s)," but omitting **[*13]** the operative language that "no action will be taken *by this division*." (Emphasis added.) As the superior court previously explained, the order on which Kraft relies said nothing about granting or denying the application, but rather advised the parties that any resulting default hearing would be held before Commissioner Garbarino, not the superior court judge (Judge Gass) otherwise assigned to the case.

P30 Additionally, Kraft faults the superior court for denying his motion to set aside without providing findings of fact or conclusions of law. But Kraft never requested such findings or conclusions, and the court was not required to provide them in ruling on the motion to set aside. *See* Ariz. R. Civ. P. 52(a)(3), 55(c), 60(b). Moreover, Kraft's motion to set aside largely reiterated arguments that he had previously raised, and the court's prior rulings had already addressed most of the arguments in substantial detail.

P31 Finally, Kraft asserts that the default judgment should have been set aside because Commissioner Garbarino, who presided over the default proceedings, should have disqualified himself. According to Kraft, "Kraft and the companies that he is involved with, have multiple ongoing disputes" with Commissioner **[*14]** Garbarino's former employer (the legal wing of a national title insurance company), which Kraft claims requires disqualification due to an unspecified "personal bias or prejudice" under Rule 2.11(A)(1) of the Arizona Code of Judicial Ethics. But Kraft fails to specify any proceeding in which Commissioner Garbarino appeared as an attorney against him (or was otherwise involved) and fails to detail any basis for his allegation of bias. The court thus did not abuse its discretion by denying disqualification and by declining to set aside the default judgment.

## II. Vexatious Litigant.

P32 Kraft also challenges the superior court's ruling designating him a vexatious litigant, arguing that the court failed to specify any filing made for purposes of harassment or without substantial justification. Because a vexatious litigant order is in effect a grant of injunctive relief, we have jurisdiction under A.R.S. § 12-2101(A)(5)(b). See Madison v. Groseth, 230 Ariz. 8, 13, ¶ 16 n.8, 279 P.3d 633 (App. 2012). As a grant of injunctive relief, we review the order for an abuse of discretion. See Flying Diamond Airpark, LLC v. Meienberg, 215 Ariz. 44, 47, ¶ 9, 156 P.3d 1149 (App. 2007); see also De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

P33 If a pro se litigant in a noncriminal case engages in "vexatious conduct," the superior court is authorized to designate that person a "vexatious litigant," meaning the person is required to seek leave of **[*15]** court before filing new pleadings, motions, or other documents. A.R.S. § 12-3201(A)-(C); see also Madison, 230 Ariz. at 14, ¶ 17. "Vexatious conduct" includes "[u]nreasonably expanding or delaying" the proceedings, taking positions "without substantial justification," and the "[r]epeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation." A.R.S. § 12-3201(E)(1)(b), (c), (f). The litigant must be afforded notice and an opportunity to oppose the order, and the court must adequately explain the basis for its determination. Madison, 230 Ariz. at 14, ¶ 18.

P34 Here, the superior court's designation had ample support. As the court described, Kraft's filings repeatedly "rehash[ed]" issues that had already been addressed. For instance, Kraft argued in at least 12 different filings that the justice court had previously rendered a final judgment on the merits (an argument he pursues again on appeal), and the superior court denied that argument at least five different times. Similarly, Kraft repeatedly claimed that the federal court retained jurisdiction over the case, even after remand. See 28 U.S.C. § 1447(d) (stating that remand orders are "not reviewable on appeal or otherwise"); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (preclusion of review applies to remand based on lack **[*16]** of subject-matter jurisdiction); Seedman v. U.S. Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988) ("This language [in § 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court."). And he claimed in at least seven different filings (and again on appeal) that default was never entered against him, even though the court repeatedly explained to the contrary. Accordingly, the superior court did not abuse its discretion by designating Kraft a vexatious litigant for purposes of the current lawsuit.

## III. Attorney's Fees and Costs on Appeal.

P35 The HOAs seek an award of attorney's fees and costs on appeal under the terms of the declarations governing the properties in the planned communities. As the declarations provide for recovery of all collection costs, including attorney's fees, we award the HOAs their costs and reasonable attorney's fees incurred on appeal upon compliance with ARCAP 21.

## CONCLUSION

P36 The judgment and the vexatious litigant order are affirmed.

---

**End of Document**