## Exhibit N

**November 2019 Williams Opinion**

 Neutral

As of: July 4, 2021 3:46 PM Z

# *Kraft v. Williams*

United States District Court for the District of Arizona

November 25, 2019, Decided; November 25, 2019, Filed

No. CV-19-05181-PHX-JJT

**Reporter**

2019 U.S. Dist. LEXIS 205289 *; 2019 WL 6310253

Rune Kraft, Plaintiff, v. Scott E. Williams, et al., Defendants.

**Prior History:** *Kraft v. Williams, 2019 U.S. Dist. LEXIS 174601 (D. Ariz., Oct. 7, 2019)*

## Core Terms

domicile, diversity jurisdiction, eviction action, federal law, diversity, subject matter jurisdiction

**Counsel:** [*1] Rune Kraft, Plaintiff, Pro se, Wilmington, DE.

For Scott E Williams, Defendant: Scott Edward Williams, LEAD ATTORNEY, Williams Zinman & Parham PC, Scottsdale, AZ.

**Judges:** Honorable John J. Tuchi, United States District Judge.

**Opinion by:** John J. Tuchi

## Opinion

**WO**

**ORDER**

At issue is Defendant Scott Williams's Motion to Dismiss (Doc. 18, Mot.), to which Plaintiff filed a Response (Doc. 23, Resp.) and Defendant filed a Reply (Doc. 28, Reply). For the reasons that follow, the Court grants Defendant's Motion.

## I. BACKGROUND

This case arises out of an eviction action against Plaintiff in 2018. In 2015, the Gainey Ranch Community Association ("HOA") filed a lawsuit in the McDowell Mountain Justice Court against Plaintiff for failure to pay his HOA fees on the property he occupied ("the property"). (Mot. at 2.) That case continued for two years before being transferred to Maricopa County Superior Court. Twice, Plaintiff attempted to remove the case to federal court under a theory of diversity jurisdiction. Both times, the case was remanded for lack of diversity. (Mot. at 2 & Exs. 2-4.) In 2017, the Superior Court entered a foreclosure judgment against Plaintiff. (Mot. at 3 & Ex. 5.)

On October 18, 2018, a Sheriff's Deed was issued [*2] to the HOA, deeding the property to Maricopoly, LLC. Maricopoly filed an eviction action against Plaintiff on November 20, 2018. Scott Williams, the sole named Defendant in the present case, served as Maricopoly's counsel of record in the eviction action. (Mot. at 3 & Ex. 9.) Plaintiff defaulted in that action and default judgment was entered against him on December 4, 2018. Plaintiff filed four unsuccessful motions to vacate the judgement, as well as an appeal of those motions, which was also dismissed. (Mot. at 3 & Ex. 10.)

Plaintiff now brings three causes of action—all of which he titles "Injunctive Relief"—against Defendant, asking the Court to declare (1) the default judgment in the eviction action void; (2) EQX Technologies as owner of the property; and (3) Plaintiff's entitlement to live in the property. Throughout the Complaint, Plaintiff also alludes to violations of the *Due Process Clause of the Fourteenth Amendment* and the *Racketeer Influenced and Corrupt Organizations Act ("RICO")*, see *18 U.S.C. §§ 1961 et seq.*

Plaintiff asserts that he "resides outside the United States and has a business office in Wilmington, Delaware" and that Defendant resides in Scottsdale, Arizona. (Doc. 1, Compl. at 1; Resp. at 2.) Defendant now moves under *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)* to [*3] dismiss the claims against him.

## II. LEGAL STANDARD

### A. 12(b)(1)

2019 U.S. Dist. LEXIS 205289, *3

"A motion to dismiss for lack of subject matter jurisdiction under *Rule 12(b)(1)* may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)* (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979))*. "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill, 594 F.2d at 733*; *see also Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005)* ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990)*.

**B. 12(b)(6)**

*Rule 12(b)(6)* is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)*. A dismissal under *Rule 12(b)(6)* for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)*. When analyzing a complaint under *Rule 12(b)(6)*, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009)*. Legal conclusions [*4] couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig., 610 F.3d 1103, 1108 (9th Cir. 2010)*. On a *Rule 12(b)(6)* motion, *Rule 8(a)* governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*.

Where a plaintiff alleges fraud or misrepresentation, however, *Rule 9(b)* imposes heightened pleading requirements. Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)* (quoting *Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997))*. The heightened pleading requirements of *Rule 9(b)* apply even where "fraud is not a necessary element of a claim." *Vess, 317 F.3d at 1106*. So long as a plaintiff alleges a claim that "sounds in fraud" or is

"grounded in fraud," *Rule 9(b)* applies. *Id.* "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the *Rule 9(b)* requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Id.*

**III. ANALYSIS**

Federal courts are limited in the types of cases they can hear. The two most common exercises of subject matter jurisdiction involve [*5] either a controversy between citizens of different states (diversity jurisdiction) or a question of federal law (federal question jurisdiction). *See 28 U.S.C. §§ 1331, 1332*. Plaintiff asserts the existence of both.

**A. Diversity Jurisdiction**

The party asserting diversity jurisdiction must demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *28 U.S.C. § 1332*. Diversity jurisdiction requires complete diversity of citizenship and "is not available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 366, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)*. Individuals are deemed to be citizens of the state in which they are domiciled. *See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)*. A person is "domiciled" when he has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986)*. "A person's old domicile is not lost until a new one is acquired." *Id.* Once established, a person's domicile is presumed to continue "unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin., 736 F.3d 880, 885-86 (9th Cir. 2013)*. The individual seeking to rebut the presumption of established domicile has the burden of production of evidence demonstrating his changed domicile. *See Lew, 797 F.2d at 751*.

Defendant submitted [*6] evidence that, on several prior occasions, this Court determined Plaintiff was a citizen of Arizona for purposes of diversity. In Plaintiff's removals of his HOA foreclosure action, this Court used Plaintiff's Arizona address and property located in Arizona to determine his Arizona domicile. (Mot. Ex. 3 at 2.) When Plaintiff filed multiple motions for reconsideration, the Court reaffirmed its previous finding, stating that Plaintiff had not presented new evidence by which the Court could find diversity of citizenship. (Mot. Ex. 4 at 2.)

Once again, Plaintiff has produced no evidence to support the claim that he is no longer domiciled in Arizona. Rather, he submits unsubstantiated and unsupported statements that he "resides outside the United States."[1] (Resp. at 2.) Aside from the prior court Orders determining Plaintiff is a citizen of Arizona, the only other evidence in the record is Plaintiff's stipulation that he maintains a current Arizona driver's license. (Reply Ex. 1.)

Plaintiff has failed to satisfy both his burden of production necessary to rebut his previously established domicile of Arizona, and his burden of proof to establish diversity of citizenship. The Court therefore **[\*7]** finds that Plaintiff is a citizen of Arizona. As Defendant is also a citizen of Arizona, the parties are not diverse and the Court cannot exercise diversity jurisdiction in this case.[2]


## B. Federal Question Jurisdiction

Federal courts have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*. A claim arises under federal law if either (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)*.

Plaintiff's three labeled causes of action all seek declaratory relief. Plaintiff correctly acknowledges that the *Declaratory Judgment Act, 28 U.S.C. §§ 2201-02*, "does not confer an independent basis for federal jurisdiction." (Resp. at 2.) However, also scattered throughout the Complaint and Response are allegations that Defendant violated the *Due Process Clause* and RICO. Although pled haphazardly, Plaintiff has alleged violations of federal law over which the Court must exercise federal question jurisdiction. The Court will therefore evaluate Plaintiff's claims under Defendant's 12(b)(6) **[\*8]** Motion.


## C. Failure to State a Claim

The *Due Process Clause* "forbids the *State* itself to deprive

---

[1] In addition, the Delaware address Plaintiff provided is a business that does not accept service on behalf of Plaintiff. (Mot., Ex. 13.)

[2] The parties also dispute whether the $75,000 amount in controversy is satisfied. However, because the parties lack diversity of citizenship, the Court need not reach the issue of amount in controversy.

individuals of life, liberty, or property without due process of law." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 196, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)* (emphasis added). It was "intended to prevent government" from abusing its power or employing it as an instrument of oppression. *Id.* An individual can assert a Due Process claim against a private actor only if there is such a "close nexus between the State and the challenged action" that the private behavior may be fairly attributed to the state itself. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001)*. Here, Defendant is a private attorney. His sole relation to Plaintiff is that he was the attorney of record in Plaintiff's eviction action. Plaintiff has alleged no facts to support that Defendant is either (1) a State actor, or (2) a private actor with a "close nexus" to the State. Accordingly, Plaintiff fails to state a Due Process claim under *Rule 12(b)(6)*.

*Section 1964 of RICO* provides a private right of action for a plaintiff who has suffered injury to property because of a defendant's violation of *18 U.S.C. § 1962*. *Section 1962(c)* prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate commerce, to conduct, or participate, directly or indirectly, in the conduct of such enterprise's **[\*9]** affairs through a pattern of racketeering activity." Thus, in addition to alleging an effect on interstate commerce, Plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 647, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008)*.

Defendant Williams is the only named Defendant in the action, whose only relationship to Plaintiff is, again, that he represented Maricopoly in the eviction action against Plaintiff. The Complaint's only factual allegation even tangentially relating to Defendant is the allegation that Plaintiff was not served in his eviction action. Plaintiff then states "Defendants" do not own the property and that by unlawfully "forcing" Plaintiff out of the property, Defendants have violated various criminal statutes, including those prohibiting mail and wire fraud. The Complaint then repeatedly and conclusorily recites various provisions and elements of a RICO claim. This falls far short of *Rule 8*'s pleading standards, let alone the heightened standards required for fraud under *Rule 9*. Accordingly, Plaintiff fails to state a cause of action under RICO's civil enforcement provision.

As the Court cannot exercise diversity jurisdiction over the matter, Plaintiff's Complaint can survive **[\*10]** only if he states a plausible claim for relief under the federal Constitution or federal statutes. Plaintiff has not done so.

Because Defendant was merely an attorney for the party opposing Plaintiff in a prior action—whose result has been upheld on numerous occasions by several courts—the Court finds that Plaintiff will be unable to cure the defects in his Complaint. *See* *Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)* (noting that leave to amend should not be given when a complaint's defects cannot be cured).

### D. Fees and Sanctions

Defendant requests an award of sanctions against Plaintiff in the form of attorneys' fees and a designation from this Court that Plaintiff is a vexatious litigant. The Court agrees that Plaintiff is eligible for fees under both *Rule 11* and *A.R.S. § 12-349*, which permits the Court to award reasonable fees and expenses against a party who brings a claim without substantial justification. However, the Court does not find it appropriate at this time to issue an Order declaring Plaintiff a vexatious litigant or enjoining him from filing suit without prior authorization. The Court may revisit the matter if Plaintiff files groundless claims against Defendant in the future. At that time, the Court may also refer to the relevant orders **[*11]** from the Central District of California and the Maricopa County Superior Court that Defendant refers to in his Motion.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 18).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Speedy Hearing and Motion to Compel Local Attorneys to Produce Specific Things for the Purpose of Resolving this Controversy Speedily (Doc. 24).

**IT IS FURTHER ORDERED** that Defendant has 21 days from the date of this Order to file its fee application in compliance with *LRCiv 54.2*.

Dated this 25th day of November, 2019.

/s/ John J. Tuchi

Honorable John J. Tuchi

United States District Judge

**End of Document**

Roger Higgins