**E**XHIBIT **P**

**February 2021 Gainey Ranch Opinion**

 Neutral

As of: June 25, 2021 9:09 PM Z

# Kraft v. Gainey Ranch Cmty. Ass'n

United States District Court for the District of Arizona

February 12, 2021, Decided; February 12, 2021, Filed

No. CV-19-05697-PHX-JJT

**Reporter**
2021 U.S. Dist. LEXIS 27704 *; 2021 WL 535527

Rune Kraft, Plaintiff, v. Gainey Ranch Community Association, et al., Defendants.

**Prior History:** Kraft v. Gainey Ranch Cmty. Ass'n, 2020 U.S. Dist. LEXIS 117789, 2020 WL 3639983 (D. Ariz., July 6, 2020)

## Core Terms

allegations, amended complaint, contractual right, vexatious litigant, attorney's fees, sanctions, lawsuit

**Counsel:** [*1] Rune Kraft, Plaintiff, Pro se, Wilmington, DE.

For Gainey Ranch Community Association, Karen Epstein, Jim Funk, Charlene A Cruz, Maureen Martha Connolly, Marion Elizabeth Mulcahy, Paige Elizabeth Marks, Lauren Ashleigh Vie, Defendants: Beth Mulcahy, Lauren Ashleigh Vie, LEAD ATTORNEYS, Mulcahy Law Firm PC, Phoenix, AZ.

**Judges:** Honorable John J. Tuchi, United States District Judge.

**Opinion by:** John J. Tuchi

## Opinion

**WO**

**ORDER**

At issue is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (MTD, Doc. 57), to which Plaintiff filed a Response (Resp., Doc. 59), and Defendants filed a Reply (Doc. 60). Defendants additionally request that the Court declare Plaintiff a vexatious litigant. Because Plaintiff has failed to state a claim against Defendants, the Second Amended Complaint will be dismissed.

**I. BACKGROUND**

Plaintiff's original Complaint was 102 pages long and alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., as well as the predicate acts of wire fraud, mail fraud, obstruction of justice, and conspiracy to commit money laundering. The Court dismissed the original Complaint for lack of standing but granted Plaintiff leave to amend. The Court expressly instructed Plaintiff [*2] that his amended complaint should comply with Federal Rules of Civil Procedure 8. (Doc. 40 at 4-5.) Plaintiff subsequently filed a First Amended Complaint that was 105 pages, which the Court struck because it did not comply with Rule 8. (Doc. 53 at 1-2.) Now, Plaintiff has filed a Second Amended Complaint ("SAC") that is 61 pages and contains the same claims and many of the same allegations. The Court has already summarized Plaintiff's allegations in its previous Order but will briefly do so again here. (Doc. 40 at 2-3.)

Plaintiff owned property that was part of the Gainey Ranch Community Association ("Gainey Ranch HOA"). In 2011, he sold the property but alleges that he maintained a contractual right to use the property for his business. (SAC at 4.) In 2015, the HOA brought a lawsuit and foreclosure action against Plaintiff in McDowell Mountain Justice Court for the collection of a lien for unpaid HOA fees, late fees, and attorneys' fees, which was then removed to Maricopa County Superior Court, Case No. CV 2017-000765. (SAC at 6; MTD at 3.) In 2017, the Superior Court found in favor of Gainey Ranch HOA and entered a foreclosure judgment against Plaintiff. (MTD at 3, Ex. 1.) Maricopoly, LLC subsequently purchased the property at a Sheriff's Sale and received the property [*3] through a Sheriff's Deed on October 18, 2018. (MTD at 3, Ex. 3.) Over the next two years, the Arizona Court of Appeals and Arizona Supreme Court affirmed the Superior Court's decision, dismissing Plaintiff's multiple appeals. (MTD at 4, Exs. 4-5.) The Gainey Ranch HOA ultimately recorded a satisfaction of Judgment and Release of Lien with

the Maricopa County Recorder's office on January 3, 2020. (MTD at 4, Exs. 6-7.)

Plaintiff brought this action against **Gainey** Ranch HOA and numerous individuals, including **Gainey** Ranch HOA board members, employees, and the attorneys who represented **Gainey** Ranch HOA in the previous lawsuit. He alleges that Defendants used the mail, wires, and legal process to partake in a conspiracy involving various types of misconduct in the Superior Court foreclosure matter, including filing fraudulent documents, making knowingly false statements to the court, and other serious transgressions. Plaintiff alleges that these actions constitute predicate acts that form the basis for a RICO claim under RICO's private right of action, *18 U.S.C. § 1964(c)*.

## II. LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under *Rule 12(b)(6)*, the well-pled factual allegations are taken as true and construed in **[*4]** the light most favorable to the nonmoving party. *Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009)*. Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig., 610 F.3d 1103, 1108 (9th Cir. 2010)*.

A dismissal under *Rule 12(b)(6)* for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)*. "While a complaint attacked by a *Rule 12(b)(6)* motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555* (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Twombly, 550 U.S. at 570*). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly, 550 U.S. at 556* (quoting *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))*.

## III. ANALYSIS

Plaintiff's Second Amended Complaint, similar to his first two complaints, contains a host of unsupported, conclusory allegations **[*5]** that fail to state a claim for relief.

### A. RICO Claim Fails as a Matter of Law

The Court previously explained that Plaintiff did not have standing to sue under *18 U.S.C. § 1964(c)* because Plaintiff sold the property at issue in 2011, so there was not an identifiable property right that was harmed (Doc. 40 at 4-5.) Plaintiff amended the original Complaint to allege that he maintained a contractual right to use the property after selling it, which constitutes a property right that was subsequently harmed by Defendants' conduct. (SAC at 4.)

"To have standing under *§ 1964(c)*, a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008)*. "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." *Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005)*.

Plaintiff fails to allege sufficient facts to illustrate the existence of his contractual right to use the property or show how the contractual right was harmed. Plaintiff's allegations regarding his contractual interest in **[*6]** the property post-2011 consist of statements such as "Plaintiff has contractual rights to use the Property." (SAC at 9.) Plaintiff further calculates that he suffered damages of $1,000 for each day he was deprived of his use of the property (SAC at 9.) However, Plaintiff does not allege any additional facts as to his contractual right to use the property or how he made $1,000 per day through this contractual right. These conclusory statements alone are insufficient at the pleading stage. *See Iqbal, 556 U.S. at 678* (pleading that contains "naked assertions devoid of further factual enhancement" will not survive motion to dismiss); *Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005)*. Plaintiff therefore cannot fulfill either prong under *Canyon Cty., 519 F.3d at 972*. Because Plaintiff has not alleged harm to a property interest, Plaintiff lacks standing to bring a RICO claim under *§ 1964(c)* and his claim thus fails as a matter of law.

Even if Plaintiff had alleged facts illustrating that he had standing, his RICO claim would still fail because the allegations that form the basis of the predicate acts are likewise unsupported, conclusory statements. Throughout the Second Amended Complaint, Plaintiff alleges Defendants

committed mail fraud, wire fraud, and obstruction of justice by conspiring to falsify documents [*7] and lie to the court in *Gainey* Ranch HOA's lawsuit against Plaintiff in Maricopa County Superior Court. (SAC at 39-41.) Plaintiff further alleges that Defendants engaged in money laundering due to the "transfer of funds" to the bank accounts of entities who were part of the fraudulent scheme. (SAC at 56.) However, Plaintiff fails to allege any facts showing these allegations to be true, such as allegations identifying the falsified or fraudulent information submitted to the Superior Court or identifying even one entity that received money as part of the fraudulent scheme. Plaintiff's vague, conclusory statements are insufficient to state a claim and shall be dismissed as a matter of law. See *Iqbal, 556 U.S. at 678*.

### B. Defendants' Request to Deem Plaintiff a Vexatious Litigant is Denied

Defendants request that the Court declare Plaintiff a vexatious litigant and screen all of Plaintiff's future filings against Defendants in all courts. (MTD at 8.) Although Plaintiff's multiple pleadings have contained a variety of frivolous claims, the Court will deny this request. Declaring an individual a vexatious litigant is an "extreme remedy" and should only be done where it is narrowly tailored and other sanctions are inadequate. See *De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 2015)*; *Ringgold-Lockhart v. Cty. of L.A., 761 F.3d 1057, 1062 (9th Cir. 2014)*. Defendants declined to address the multiple factors [*8] the Ninth Circuit considers when determining whether a litigant is vexatious.[1]

---

[1] The Ninth Circuit has articulated the following requirements for finding a litigant vexatious: "(1) plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *Reiner v. Graiwer, 2015 U.S. Dist. LEXIS 175833, 2015 WL 9999191 at *11 (C.D. Cal. Nov. 25, 2015)* (citing *De Long, 912 F.2d at 1147-49*).

When analyzing the third and fourth factors, Courts often examine "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good[-]faith expectation of prevailing (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Kraft v. Old Castle Precast, Inc., 2016 U.S. Dist. LEXIS 183082 at *39-40*

Rather, they pointed to the multiple iterations of Plaintiff's frivolous complaints in the current litigation, and that Maricopa County Superior Court as well as the Central District of California have previously declared Plaintiff to be a vexatious litigant. (MTD at 2.) While those decisions illustrate that there is precedent of other courts finding Plaintiff's actions warranted extreme sanctions, they are distinguishable for multiple reasons.

The Court need not go through each factor of the Ninth Circuit test. Plaintiff's behavior in this litigation meets some of the factors but fails to meet others, and importantly, other sanctions are adequate to address Plaintiff's actions. Defendants cite *Kraft, 2016 U.S. Dist. LEXIS 183082 at *1* and the Maricopa Superior Court's decision in the previous case between Mr. Kraft and Defendants, Case No. CV 2017-000765, as support for deeming Plaintiff vexatious. However, in *Kraft*, Plaintiff had committed serious discovery violations and previously filed five other related lawsuits against the defendants in both federal and state courts. *Id.* at 5-9, 45-47. And, in the Maricopa County Superior Court action, the court's sanctions only applied [*9] to Mr. Kraft's filings in that specific matter. (MTD Ex. 2 at 2.) Here, the current lawsuit is the only one that Mr. Kraft has filed against Defendants in any court, Mr. Kraft has not committed any serious discovery violations, and Defendants request sanctions that would extend beyond the current matter. Because the Central District of California and Maricopa Superior Court decisions are not instructive and Defendants did not otherwise provide sufficient support for their request, the Court declines to declare Plaintiff a vexatious litigant.

Plaintiff, however, should not take this Court's refusal to deem him vexatious as a sign that the Court believes he has acted appropriately in this litigation. Plaintiff repeatedly failed to abide by the Court's instructions and levied serious, unsupported accusations against Defendants that wasted both the Court's and Defendants' time and resources.

### C. Defendants are Entitled to Attorneys' Fees

Defendants request attorneys' fees under *A.R.S. § 12-349*, *Fed. R. Civ. P. 11*, and *42 U.S.C. § 1988*. The Court agrees that attorneys' fees are appropriate in this matter. Plaintiff had multiple opportunities to revise his complaints based on the Court's orders and Defendants' motions. Rather than revise accordingly [*10] to state a coherent claim, Plaintiff filed multiple iterations of the complaint that had the same issues and baselessly accused Defendants of serious criminal

---

*(C.D. Cal. Mar. 24, 2016)* (citing *Ringgold-Lockhart, 761 F.3d at 1062*).

conduct. Therefore, Defendants are entitled to seek reasonable attorneys' fees and costs and may submit an application for fees and costs that complies with the applicable rules.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice (Doc. 57).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment dismissing this case and to close this matter.

**IT IS FURTHER ORDERED** that Defendant shall file any application for fees within 14 days of the date of this order.

Dated this 12th day of February, 2021.

/s/ John J. Tuchi

Honorable John J. Tuchi

United States District Judge

**End of Document**