## Exhibit  R

**March 2020 Hatch Opinion**

 Positive
As of: July 4, 2021 3:56 PM Z

# *Kraft v. Hatch*

United States District Court for the District of New Mexico

March 25, 2020, Filed

No. 1:19-cv-00646-RB-CG

**Reporter**

2020 U.S. Dist. LEXIS 52035 *; 2020 WL 1450543

RUNE KRAFT, Plaintiff, v. JESSE CLARK HATCH, STANLEY N. HATCH, and DOES 1-10, Defendants.

**Subsequent History:** Objection overruled by, Sanctions allowed by *Kraft v. Hatch, 2020 U.S. Dist. LEXIS 65920, 2020 WL 1864846 (D.N.M., Apr. 14, 2020)*

Objection overruled by *Kraft v. Hatch, 2020 U.S. Dist. LEXIS 91796 (D.N.M., May 26, 2020)*

Affirmed by *Kraft v. Hatch, 2021 U.S. App. LEXIS 12102, 2021 WL 1590004 (10th Cir., Apr. 23, 2021)*

**Prior History:** *Inland Concrete Enters., Inc. v. Kraft Ams. Lp, 2010 U.S. Dist. LEXIS 150590 (C.D. Cal., July 6, 2010)*

## Core Terms

cause of action, Garnishment, asserts, restrictions, electronic, declaratory judgment, declare, filings, Interpleader, purported, district court, federal question, Injunctive, enjoin, notice, motion for leave, courts, statute of limitations, summary judgment, federal law, first cause, subject-matter, declaratory, surreplies, documents, initiated, motions, orders, speedy, Reply

**Counsel: [*1]** Rune Kraft, Plaintiff, Pro se, Wilmington, DE.

For Jesse Clark Hatch, Stanley N. Hatch, Defendants: Charles J. Vigil, LEAD ATTORNEY, Rodey Dickson Sloan Akin & Robb, P.A., Albuquerque, NM; Leslie McCarthy Apodaca, LEAD ATTORNEY, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, NM.

**Judges:** ROBERT C. BRACK, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT C. BRACK

## Opinion

**MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE**

Because this is the fourth case in this Court involving Plaintiff Rune Kraft, the Court begins by reviewing the prior related cases.

**The California Case**

In 2010, Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan ("Inland") filed a complaint against Mr. Kraft and others in the United States District Court for the Central District of California. *See Inland Concrete Enters., Inc. Emp. Stock Ownership Plan v. Kraft Ams.*, No. 2:10-cv-01776-VBF-OP (C.D. Cal.) ("California Case"). The Court in the California Case entered a judgment against Kraft Americas and Rune Kraft for $3,000,000 and later awarded Inland $552,623 in attorney fees. *See* Doc. 1 at 9, 12, filed July 8, 2015, in *Inland Concrete Enters., Inc. Emp. Stock Ownership Plan v. Kraft Americas*, No. 1:15-mc-33-WJ (D.N.M.). **[*2]** On January 5, 2015, Inland assigned its interest in the judgment and attorney fees to Oldcastle Precast, Inc. ("Oldcastle"). *See* Doc. 1-1 at 1 in No. 1:15-mc-33-WJ.

**The Garnishment Action**

In the summer of 2015, counsel for Oldcastle initiated a case in the District of New Mexico, *Inland Concrete Enterprise, Inc. Employee Stock Ownership Plan v. Kraft Americas*, No. 1:15-mc-33-WJ ("Garnishment Action"), by registering the judgment from the United States District Court for the Central District of California and filing an application for a writ of garnishment on the ground that CalMat Co. in Santa Fe holds or controls money and/or property belonging to Kraft. *See* Doc. 3 in the Garnishment Action. Oldcastle is represented in the Garnishment Action by the Hatch Law Firm, LLC. The two named Defendants in the case now before the Court, Jesse Clark Hatch and Stanley N. Hatch, are attorneys with

the Hatch Law Firm, LLC.

**The Interpleader Case**

CalMat then filed a complaint in interpleader against Oldcastle, Plaintiff, and others requesting that the Court direct CalMat to pay the proceeds into the registry of the Court and declare the rights of the defendants with respect to the proceeds. *See Calmat* **[\*3]** *Co. v. Oldcastle Precast Inc.*, No. 1:16-cv-26-KG-JHR (D.N.M.) ("Interpleader Case"). The Hatch Law Firm represented Oldcastle in the Interpleader Case.

*Kraft I*

On March 30, 2018, Rune Kraft, proceeding *pro se*, initiated a new case by filing a Complaint for Declaratory and Injunctive Relief, Doc. 1, setting forth five causes of action. *See Kraft v. Hatch*, No. 1:18-cv-00302-JAP-KK (D.N.M.) ("*Kraft I*"). The first cause of action alleged that the then-Clerk of Court, Matt Dykman, violated Kraft's constitutional rights because the Clerk did not serve Kraft with the orders and motions filed in the Garnishment Action as required by the Federal Rules of Civil Procedure regarding service. Kraft asked the Court to declare that the orders issued in the Garnishment Action are invalid. The remaining causes of action sought declaratory and injunctive relief regarding Oldcastle and its attorneys, Jesse Clark Hatch and Stanley N. Hatch, the attorneys who initiated the Garnishment Action.

The Court concluded that the Clerk properly served orders and motions pursuant to the Federal Rules of Civil Procedure and dismissed the first cause of action. *See Doc. 4 at 3-4, filed April 20, 2018, in *Kraft I.* The **[\*4]** Court then dismissed the case because it did not have subject-matter jurisdiction over the remaining causes of action stating:

> The Court will dismiss the case because it does not have subject-matter jurisdiction over the remaining causes of action. *See Fed. R. Civ. P. 12(h)(3)* ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Kraft seeks declaratory judgments and injunctions pursuant to *28 U.S.C. §§ 2201* and *2202* which allow the Court to "declare the rights and other legal relations of any interested party seeking such declaration" and to grant "[f]urther necessary or proper relief based on a declaratory judgment." "The *Declaratory Judgment Act* does not extend the jurisdiction of federal courts; it only enlarges the range of remedies available." *Prier v. Steed, 456 F.3d 1209, 1212 (10th Cir. 2006)* (citing *Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.*

*Ct. 876, 94 L. Ed. 1194 (1950))*. "Power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Id.*

Kraft alleges that the Court has federal question jurisdiction pursuant to *28 U.S.C. § 1331*. Kraft does not allege that the Court has diversity jurisdiction over this matter.

> District courts have original federal question jurisdiction over complaints that contain a claim that arises under federal law. In actions for declaratory judgment, **[\*5]** however, the position of the parties is often reversed: the plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant. It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996)* (citations omitted). Accordingly, federal question jurisdiction in this case turns on whether there would be federal question jurisdiction over a well-pleaded complaint that Defendants may bring against Kraft.

The remaining causes of action are against Defendants Jesse Clark Hatch and Stanley N. Hatch, who are the attorneys representing Oldcastle in the garnishment proceeding, No. 15mc33 WJ, and seek declarations that Oldcastle is not a party, that there was no contract between Kraft and Inland, that claims based on a purported contract between Kraft and Inland are barred by the statute of limitations, and that Inland suffered no damages. The second, fourth and fifth causes of action also seek to enjoin Defendants Jesse Hatch and Stanley **[\*6]** Hatch from "us[ing] this Court to decide the merits of a dispute or of particular issues representing Oldcastle," and "from asserting any claims based on the purported December 17, 2007 transaction." Complaint at 25-26.

It does not appear that any potential suits by Defendants Jesse Hatch and Stanley Hatch would arise under federal law. While they are attorneys representing Oldcastle, there are no facts in the record suggesting that Defendants Jesse Hatch and Stanley Hatch would have any potential claims against Kraft. The Court need not look to the nature of any anticipated claims of Oldcastle

and Inland because they are not defendants in this declaratory judgment action. *See* Complaint at 1-2.

Doc. 4 at 4-6 in *Kraft I*. The Court concluded that there was no independent basis for jurisdiction over the remaining causes of action that would allow the Court to issue declaratory judgments.

The Court later denied Plaintiff's motions to set aside judgment and for reconsideration. *See* Docs. 14; 17 in *Kraft I*. Plaintiff did not appeal the Court's rulings in *Kraft I*.

### *Kraft II*

On July 16, 2019, Plaintiff initiated this case, "*Kraft II*," by filing a Complaint for Declaratory Judgment and Injunctive [*7] Relief against Defendants Jesse Clark Hatch and Stanley N. Hatch. (*See* Doc. 1.) The Complaint in this case asserts seven causes of action, which are discussed below. Many of those causes of action are essentially the same causes of action Plaintiff asserted in *Kraft I*.

### First Cause of Action

The first cause of action seeks an order of this Court declaring that the default judgment entered in the California Case "is void as the statute of limitations had expired." (*Id.* ¶ 109.) For comparison, in *Kraft I*:

> The fourth cause of action asserts that any claims Oldcastle may have against Kraft based on a purported oral contract are barred by the statute of limitations. Kraft asks the Court to declare that any claims based on a purported oral contract between Inland and Kraft are barred by the statute of limitations and to enjoin Oldcastle's attorneys from asserting any claims based on a purported December 17, 2007 transaction. *See* Complaint at 18, 26.

Doc. 4 at 3 in *Kraft I*.

### Second Cause of Action

The second cause of action asserts that California law applies to the December 17, 2007 transaction that was the subject of the California Case, that California law requires that such a transaction requires [*8] a written contract, and that there was no written contract. Plaintiff asserts that the Court in the California Case lacked subject matter jurisdiction and asks the Court in this case to enjoin Defendants "from asserting any claims based on the purported December 17, 2007

transaction." (Doc. 1 ¶¶ 17-18, 115-117.) For comparison, in *Kraft I*, the third cause of action alleges that no contract was formed because "California law required a broker contract to be in writing and . . . no written contract exists." Doc. 1 at 17, ¶ 76 in *Kraft I*.

### Third Cause of Action

The third cause of action asserts that no contract was formed because "the three elements for a contract to be valid (an offer; acceptance of that offer; and consideration) were missing," and it seeks a "judgment declaring that no contract was formed between the parties" in the California Case. (Doc. 1 ¶ 119.) For comparison, in *Kraft I*, the third cause of action asserted that a contract was never formed because "the three elements for a contract to be valid (an offer; acceptance of that offer; and consideration) were missing." Doc. 1 at 17, ¶ 76 in *Kraft I*. The third cause of action in *Kraft I* further asserted:

> The third cause of [*9] action asserts that even if Oldcastle is a party as Inland's successor, there was no contract between Kraft and Inland. Kraft seeks a declaratory judgment that there was no contract between Kraft and Inland. *See* Complaint at 17, 25.

Doc. 4 at 2 in *Kraft I*.

### Fourth Cause of Action

The fourth cause of action seeks an order declaring that Inland, the plaintiff in the California Case, suffered no injury and consequently, the Court in the California Case lacked subject matter jurisdiction because Inland did not have standing. (Doc. 1 ¶¶ 123-24.) Plaintiff also asks the Court to permanently enjoin Defendants "from asserting any claims based on the purported December 17, 2007 transaction." (*Id.* at 21.) For comparison, in *Kraft I*:

> The fifth and final cause of action asserts that Oldcastle does not have standing because it did not suffer an injury in fact caused by Kraft. Kraft asks the Court to declare that Inland suffered no damages and did not have a broker contract. Kraft also asks the Court to enjoin Oldcastle's attorneys from asserting any claims based on a purported December 17, 2007 transaction. *See* Complaint at 22-23, 26.

Doc. 4 at 3 in *Kraft I*.

### Fifth Cause of Action

The fifth cause of action, "Fraud **[\*10]** upon the court — the six forgeries," states: "The six electronic files the Inland ESOP's attorneys received from Rune Kraft as part of discovery in [the California Case] did not contain the anomalies portrayed in court filings." (Doc. 1 ¶ 127.) Plaintiff asks the Court to "[d]eclare that the presentation of fraudulent evidence, and the failure to correct the false impressions created, was fraud upon the [California] court, and orders issued based on such conduct are invalid." (*Id.* at 21.)

## Sixth Cause of Action

The sixth cause of action, "Fraud upon the court — not a party litigant," asserts that because Oldcastle is not a party litigant in the Garnishment Action, "Defendants are representing somebody who is not a party litigant." (*Id.* ¶¶ 92-94.) Plaintiff asks the Court to "[d]eclare that Oldcastle Precast, Inc. is not a party-litigant and the Defendants cannot use this court to decide the merits of a dispute or of particular issues representing Oldcastle Precast, Inc." (*Id.* at 21.)

## Seventh Cause of Action

The seventh cause of action asserts that Defendants "did not serve court filings as required by FRCP and the rules of this Court" in the Garnishment Action and asks the Court to declare that their "actions **[\*11]** violated *FRCP 5 (b)* and *D.N.M. LR-Civ. 5.1(a)*, and orders based on the violations are invalid." (*Id.* ¶¶ 102, 137, at 22.) In *Kraft I*:

> The first cause of action alleges that the Clerk of Court, Matt Dykman, violated Kraft's constitutional rights because the Clerk did not serve Kraft with the orders and motions filed in the case No. 15mcv33 WJ as required by the Federal Rules of Civil Procedure regarding service. Kraft asks the Court to declare that the orders issued in No. 15mc33 WJ are invalid. *See* Complaint at 25.

Doc. 4 at 2 in *Kraft I*.

## Motion to Dismiss

Defendants move the Court to dismiss this case "because the Complaint fails to allege or establish subject-matter jurisdiction." (Doc. 11 at 1.) They argue that the case should be dismissed for lack of subject matter jurisdiction for the same reasons the Court dismissed *Kraft I*.

In his Response, Plaintiff asserts seven times that "[t]his is a civil action arising under the [Constitution or laws of the United States]" as the United States District Court for the District of New Mexico, an Article III Court, is being used by the Defendants as "a conduit of theft." (*See* Doc. 13 ¶ 3 (because using the federal district court as a conduit of theft is unconstitutional), ¶ **[\*12]** 13 (because Inland has not suffered an injury in fact), ¶ 16 (because there was no written contract), ¶ 17 (because, under California law, oral broker contracts are not allowed and the statute of limitations had expired), ¶ 18 (because forged electronic files were used in the California Case), ¶ 19 (because Oldcastle is not a party litigant), ¶ 20 (because Defendants did not serve Plaintiff papers that Defendants filed in the Garnishment Action).) Plaintiff asserts that "[t]his action is consistent with the purpose of the Declaratory Judgment Act," that the Complaint "presents an actual controversy," and that "Plaintiff has constitutional standing." (*Id.* ¶¶ 5-7.) Plaintiff does not, however, address the Court's analysis and ruling in *Kraft I*.

The Court dismisses this action for lack of subject-matter jurisdiction. As stated by the Court in *Kraft I*, and quoted above, the Declaratory Judgment Act does not extend the jurisdiction of federal courts, it only enlarges the range of remedies available. When a plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant, as is the case here, there is federal question jurisdiction if the potential suit by the declaratory **[\*13]** judgment defendant would arise under federal law. Here, Plaintiff seeks declaratory judgments as a defense to the Garnishment Action filed by Defendants on behalf of Oldcastle. Defendants' only involvement in this matter is as counsel for Oldcastle in the Garnishment Action. Plaintiff has not set forth, and the Court has not found, any facts indicating that Defendants, as counsel for Oldcastle in the Garnishment Action, would have any potential claims against Plaintiff that would arise under federal law.

**Motion for Leave to File Surreply**

Plaintiff filed a motion for leave to file a surreply seeking "a fair opportunity to respond to the new issues" raised by Defendants in their Reply to their Motion to Dismiss. (Doc. 20 at 1.) Plaintiff does not identify the new issues allegedly raised in Defendants' Reply and, after reviewing Defendants' Reply, the Court does not find any new issues raised by Defendants. The Court denies Plaintiff's motion for leave to file a surrreply.

**Motion for Summary Judgment**

Plaintiff filed a motion for summary judgment on the same day that he filed his Complaint. (Doc. 2.) Because it is dismissing this case for lack of jurisdiction, the Court will

also deny Plaintiff's [*14] motion for summary judgment.

**Motion to Allow Electronic Filing**

Plaintiff requests permission to electronically file and serve his documents and states that he is "able to comply with the equipment and rule requirements governing electronic filing." (Doc. 28.) No responses opposing the motion to allow electronic filing have been filed. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (November 2019) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information . This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering [*15] to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised December 2019).

**Motion for Electronic Noticing**

The Court denies Plaintiff's motion for electronic noticing as moot because once Plaintiff becomes a CM/ECF participant, CM/ECF will generate and send a Notice of Electronic filing via email.

**Motion for Speedy Adjudication**

Plaintiff "requests a speedy adjudication" based on *Federal Rule of Civil Procedure 57* which states in part: "The court may order a speedy hearing of a declaratory-judgment action." Because the Court is dismissing this case, it denies Plaintiff's motion for speedy adjudication as moot. (Doc. 30.)

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989)* (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully [*16] tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986)*. "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati, 878 F.2d at 353* (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id. at 354*. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See* id.

*Landrith v. Schmidt, 732 F.3d 1171, 1174 (10th Cir. 2013)*.

**Litigant's Abusive History**

In the California Case, the Court declared Plaintiff to be a vexatious litigant, imposed pre-filing restrictions on Plaintiff, and found that Plaintiff "had fabricated documents and willfully destroyed a computer hard drive which was a potential source of [*17] discovery material." (*See* Doc. 16-1 at 1, 4.)

In the Garnishment Action, the Court stayed proceedings pending the outcome of the Interpleader Case. *See* Doc. 23 in the Garnishment Action. Plaintiff continued to file documents in the Garnishment Action despite the Court reminding the parties twice that the proceedings in the Garnishment Action had been stayed. The Court struck Plaintiff's filings in the Garnishment Action and ordered the Clerk to not accept for filing any documents from Plaintiff until the Interpleader Case is resolved. *See* Doc. 36 in the Garnishment Action.

In the Interpleader Case, the Court dismissed Plaintiff on his own motion and later granted summary judgment in Oldcastle's favor, declaring its entitlement to the royalty payments. The Tenth Circuit dismissed Plaintiff's appeal of the summary judgment order for lack of standing because he was not a party when the order was issued. *See* Doc. 244-1 in

the Interpleader Case. The Tenth Circuit noted:

> Although he was no longer a party and the district court had instructed him not to file further pleadings on behalf of the Kraft entities, Mr. Kraft flooded the court with filings that continued to challenge the default judgment [*18] [in the California Case] while accusing the other parties of misconduct; those filings engendered responses, replies, surreplies, and even replies to surreplies. He also purported to represent KAHI as its authorized officer. The district court advised Mr. Kraft that he had no basis for further participation in any capacity and warned him that continued filings on behalf of an entity would result in sanctions . . . . We note that Mr. Kraft violated the district court's order by filing a pleading on KAHI's behalf within a matter of days. The district court later imposed filing restrictions on him.

Doc. 244-1 at 4 in the Interpleader Case.

In *Kraft I* Plaintiff claimed that his constitutional rights were violated because he was not served as required by the Federal Rules of Civil Procedure. The Court dismissed that cause of action after explaining that the Federal Rules concerning service apply only if there is no state statute specifically applicable to service of garnishments and that the State of New Mexico has specific rules for service of garnishment. Doc. 4 at 3 in *Kraft I*. The Court dismissed the remaining causes of action for lack of jurisdiction. Despite the Court explaining that [*19] the State of New Mexico's "garnishment rule trumps federal rules," Plaintiff subsequently filed a motion to set aside judgment and a motion to reconsider, both of which argue, in part, the Plaintiff was not properly served. The Court denied both motions. Plaintiff did not appeal the *Kraft I* rulings to the Tenth Circuit.

Plaintiff then filed *Kraft II* and asserts almost identical causes of action as he did in *Kraft I*. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

### Proposed Filing Restrictions

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a

licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing. [*20]

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

### Opportunity to Be Heard

Plaintiff is ordered to show cause within 14 days from the date of this order why the Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

### IT IS ORDERED that:

(i) Defendants Jesse Clark Hatch and Stanley N. Hatch's Motion to Dismiss Complaint for Declaratory and Injunctive Relief Due to Lack of Subject Matter Jurisdiction and Request to Stay (Doc. 11), filed August 28, 2019, is **GRANTED**. This case is **DISMISSED without prejudice**.

(ii) [*21] Plaintiff's Motion for Summary Judgment (Doc. 2), filed July 16, 2019, is **DENIED**.

(iii) Plaintiff's Motion for Leave to file Sur-reply (Doc. 20), filed September 25, 2019, is **DENIED**.

(iv) Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 28), filed October 21, 2019, is **GRANTED**.

(v) Plaintiff's Request by Non-Prisoner Pro Se Party for Electronic Noticing (Doc. 29), filed October 21, 2019, is **DENIED as moot**.

(vi) Plaintiff's Request for Speedy Adjudication (Doc. 30), filed October 21, 2019, is **DENIED as moot**.

(vii) Within 14 days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect 14 days from the date of this

2020 U.S. Dist. LEXIS 52035, *21

order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/ Robert C. Brack

ROBERT C. BRACK

SENIOR U.S. DISTRICT JUDGE

---

**End of Document**