Rune Kraft
   rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
   302 408 1000

FILED
2021 JUL 16 PM 1:56
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPCTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (AMC)<br>(Jointly Administered) |
| Reorganized Debtors. | The Honorable Ashely M. Chan |
| | Hearing Date: August 26, 2021, at 10:00 a.m.<br>Objection Deadline: July 27, 2021, at 4:00 p.m. |
| | **RESPONSE TO MOTION FOR AN ORDER: (I) ENFORCING AGAINST RUNE KRAFT THE PLAN AND CONFIRMATION CLAIM PRECLUSION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS; AND (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED KRAFT V. CHEVRON CORP. ET AL., CASE NO. 2:21-CV-00575-DJH (THE "ARIZONA-CHEVRON LITIGATION")** |

## Affidavit of Rune Kraft

I, Rune Kraft, based on personal knowledge, declare:

On June 25, 2021, I was contacted by attorneys for W.R. Grace & Co., a Connecticut corporation ("W.R. Grace"). Since that time, about 20 emails have been exchanged.

I informed the attorneys that they could resolve this matter very simply: identify any legal authority that is inconsistent with *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995), which holds that money obtained by fraud is not dischargeable in an 11 U.S.C. proceeding. This Ninth Circuit standard is also consistent with 11 U.S.C. § 523(a)(2) and (4). The attorneys, since June 25, 2021, have never provided the requested legal authority.

In the action before the U.S. District Court for the District of Arizona, Case No. CV-21-00575-PHX-DJH, W.R. Grace is accused of making false representations in writing and committing actual fraud for the purpose of obtaining money and property.

> W.R. Grace & Company, a Connecticut company, is based in Columbia, Maryland. The Defendant has received property it had no lawful rights to receive from a case under title 11, which are offenses involving fraud connected with a case under title 11 and "specified unlawful activity" listed in section 18 U.S.C. § 1961(D).
>
> Doc. 1, Complaint, Paragraph 8

W.R. Grace is accused of: one act of mail fraud - 18 U.S.C. § 1961(1)(B) Predicate Acts (18 U.S.C. § 1341)(Predicate Act 8), two acts of money laundering 18 U.S.C. § 1961(1)(B) Predicate Acts (18 U.S.C. § 1956(a))(Predicate Acts 37 and 38); one act of monetary transactions in property derived from specified unlawful activity 18 U.S.C. § 1961(1)(B) Predicate Acts (18 U.S.C. § 1957(a))(Predicate Act 74), one act of bank fraud 18 U.S.C. § 1961(1)(B) Predicate Acts (18 U.S.C. § 1344(1))(Predicate Act 93, one act of bank fraud 18 U.S.C. § 1961(1)(B) Predicate Acts (18 U.S.C. § 1344(2))(Predicate Act 107) and taking part in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. §§ 1961-1968.

Neither I nor any assignor of claims to me has been served with any motions and/or orders related to this action. And neither I nor any assignor of claims to me has taken any part in this action prior to the instant motion.

I am competent to testify to the facts set forth in this declaration and declare under the penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct.

DATED this 15th day of July 2021.

_____
Rune Kraft

## The Motion of W.R. Grace & Co. is Frivolous

It is clear from the plain text of the complaint in Case No. CV-21-00575-PHX-DJH that W.R. Grace is accused of making false representations in writing and committing actual fraud for the purpose of obtaining money and property.

Based on *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995), money obtained by fraud is not dischargeable in an 11 U.S.C. proceeding. This Ninth Circuit standard is also consistent with 11 U.S.C. § 523(a)(2) and (4).

## *Res Judicata* Does Not Apply

The term "res judicata" was precisely described by the Supreme Court of the United States in *Taylor v. Sturgell*, 553 U. S. 880 (2008).

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." 5 Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U. S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748–749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U. S. 147, 153–154 (1979).
>
> [5] These terms have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as "merger" and "bar," while issue preclusion encompasses the doctrines once known as "collateral estoppel" and "direct estoppel." See *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U. S. 75, 77, n. 1 (1984).
>
> *Taylor v. Sturgell*, 553 U. S. 880 (2008) at 892

Thus, pursuant to the Supreme Court claim preclusion and issue preclusion are to be collectively referred to as "res judicata."

This case is based on civil relief under 18 U.S.C. §§ 1961 et seq. which has never been litigated against W.R. Grace and/or any of the other Defendants in Case No. CV-21-00575-PHX-DJH. Therefore, "claim preclusion" does not apply.

As to "issue preclusion" [1], there are four essential elements to decide if issue preclusion applies: 1) the former judgment must be valid and final; 2) the same issue is being brought; 3) the issue is essential to the judgement; 4) the issue was actually litigated. As it relates to Arizona, in *Chaney Building Co. v. City of Tucson* 148 Ariz. 571, 573 (1986) the Supreme Court of Arizona explained:

> Under the doctrine of *res judicata,* a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed.2d 1122 (1955); *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.,* 26 Ariz.App. 204, 206, 547 P.2d 56, 58 (1976). Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp., supra,* 26 Ariz. App. at 209, 547 P.2d at 61; *Moore Drug Co. v. Schaneman,* 10 Ariz.App. 587, 589, 461 P.2d 95, 97 (1969); Restatement (Second) of Judgments § 27.
>
> When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. Restatement (Second) of Judgments § 27 comment d. However, in the case of a judgment entered by confession, consent or default, none of the issues is actually litigated. *Id.,* comment e. A judgment entered by stipulation is called a consent judgment, *Cochise Hotels v. Douglas Hotel Operating Co.,* 83 Ariz. 40, 47, 316 P.2d 290, 295 (1957), and may be conclusive, with respect to one or more issues, if the parties have entered an agreement manifesting such intention. § 27 comment e. Because the issues involved in the Kulseth dispute were never actually litigated, one of the prerequisites to giving a judgment collateral estoppel effect is patently absent. Nothing is adjudicated between parties to a stipulated dismissal. *See* James, "Consent Judgments as Collateral Estoppel," 108 U.Pa.L.Rev. 173, 192 (1959) (a consent judgment involves neither a finding nor a concession that either party has been negligent or free from negligence).

*Chaney Building Co. v. City of Tucson* 148 Ariz. 571, 573 (1986)

---

[1] The Ninth Circuit recognizes that for issue preclusion, the federal court looks to the law of the state in which the judgment was entered. *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018).

RESPONSE TO MOTION                                                                                       4

The litigation and related judgment entered in this action did not include Kraft and/or any of his assignors. "Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit". *Chaney Building Co. v. City of Tucson.*

## Kraft Has at No Point in Any Court Anywhere Engaged in Any Wrongdoings. Such Portrayals Are Trumped Up Slander.

W.R. Grace's attorneys have been alluding to Kraft being vexatious. However, the claims that he has brought against the Defendants in Case No. CV-21-00575-PHX-DJH was never litigated in Case No. CV10-1776 VBF-OP, and derivative cases; and Case No. CV 2017-000765. The Defendants in Case No. CV10-1776 VBF-OP are not parties in, and there are no facts and issues of law that are being litigated in Case No. CV10-1776 VBF-OP and derivative cases, and Case No. CV 2017-000765 that would bar Plaintiff based on claim preclusion and/or issue preclusion from bringing claims against the Defendants in Case No. CV-21-00575-PHX-DJH for violations of the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. §§ 1961-1968. *Res judicata*" cannot be applied. *Taylor v. Sturgell,* 553 U. S. 880 (2008) at 892

Through their reference to Case No. CV10-1776 VBF-OP and derivative cases W.R. Grace's attorneys have perpetuated malicious portrayals of Kraft. None of this is true, it is all false and fraudulent. Plaintiff has at no point in any court anywhere engaged in any wrongdoings. Such portrayals are trumped up slander. The orders/judgments issued in Case No. CV10-1776 VBF-OP and derivative cases, and Case No. CV 2017-000765 are legal nullities because they were issued by courts that lacked jurisdiction. And all issues related to Case No. CV10-1776 VBF-OP and derivative cases, and Case No. CV 2017-000765 are subject to ongoing litigation.

Respectfully submitted on this 15th day of July 2021.

_____

Plaintiff

RESPONSE TO MOTION                                                                  5