**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) **Related Documents: 33242, 33243, 33244, and 33245** |
| | ) |

**REPLY IN SUPPORT OF THE REORGANIZED DEBTOR'S MOTION TO
ENFORCE THE CONFIRMATION ORDER AGAINST RUNE KRAFT**

Mr. Kraft's Response to the Motion to Enforce does not contradict the central premise of the Motion to Enforce:[2] Mr. Kraft violated the Confirmation Order and Plan discharge and injunctive provisions—as well as the Bankruptcy Code section 1141(d)(1)(A) discharge and section 524(a) injunction—by filing the Complaint, which asserted entirely unsupported allegations of fraud by Grace arising from the Complaint's Asserted December 2006 Grace Transaction. As discussed more fully in the Motion to Enforce, that transaction is one and the same as the December 2006 Court-Ordered Transaction, which was authorized by the Arizona Bankruptcy Court in its December 2006 Estate Asset Distribution Order entered in the Realia Chapter 7 Case. Based upon Mr. Kraft's own Complaint, as well as the array of evidence adduced

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "Grace Chapter 11 Case"). The Grace Chapter 11 Case and the 61 now-closed jointly administered chapter 11 cases are referred to herein as the "Grace Chapter 11 Cases." The *Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation")*, filed July 13, 2021 [Docket No. 33242], is the "Motion to Enforce." Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Enforce.

[2]    Mr. Kraft's "Response" is the *Response to Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; AND (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation")*, filed July 16, 2021 [Docket No. 33245]. The "Affidavit" is found at p. 2 of the Response.

by the Reorganized Debtor, that transaction occurred long prior to the January 31, 2011 entry of the Confirmation Order.  The discharge and injunctive provisions of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141 therefore apply to the Complaint's Asserted December 2006 Grace Transaction.

Moreover, the Response adduces no evidence to support the Complaint's entirely unsupported fraud allegations.  Indeed, the Response is entirely silent on the gravamen of the Motion to Enforce:

- Mr. Kraft has not offered even a scintilla of evidence to support his Complaint's allegations against Grace, whether of fraud or any other alleged wrongdoing;

- Mr. Kraft's silence on the conclusion reached in the Motion to Enforce that the Complaint's Asserted December 2006 Grace Transaction and the December 2006 Court-Ordered Distribution are one and the same transaction effectively serves as an admission that the Reorganized Debtor was correct in reaching that conclusion;

- Realia had no claim relating to or arising from the Complaint's Asserted December 2006 Grace Transaction (and, perforce, the December 2006 Court-Ordered Distribution) to assign to Mr. Kraft;

- Even if Realia could have assigned such a claim to him, both Realia and Mr. Kraft are barred as a matter of law from collaterally attacking the Arizona Bankruptcy Court's December 2006 Estate Asset Distribution Order *some fifteen years after that order was entered*; and

- Even if the doctrine of *res judicata* did not bar Realia and Mr. Kraft from collaterally attacking the December 2006 Estate Asset Distribution Order, the Plan, the Confirmation Order and Bankruptcy Code sections 524 and 1141 discharge any pre-confirmation claims that Realia and Mr. Kraft might have had, and enjoin him from asserting those claims in any forum whatsoever.

Based upon the overwhelming weight of evidence and the plain language of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141, this Court should enter an order substantially in the form attached as <u>Exhibit A</u> to the Motion to Enforce, compelling Mr. Kraft to promptly dismiss his Complaint with prejudice as to Grace.

## THE BALSER DECLARATION

1.      The *Declaration of Justin D. Balser in Support of the Reorganized Debtor's Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al.,* Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation"), filed contemporaneously herewith (the "Balser Declaration"), is incorporated by reference as if fully set forth herein.  The Balser Declaration summarizes activity in the Arizona-Chevron Litigation in the weeks since the Reorganized Debtor filed its Motion to Enforce.

## LEGAL ANALYSIS

2.      Mr. Kraft's Response reinforces the need for this Court to enter an order as soon as practicable enforcing the discharge and injunctive provisions of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141, and requiring Mr. Kraft to promptly dismiss Grace with prejudice from the Arizona-Chevron Litigation.

## I.      THERE IS NO FRAUD: THE COMPLAINT'S ASSERTED DECEMBER 2006 GRACE TRANSACTION AND THE DECEMBER 2006 COURT-ORDERED DISTRIBUTION ARE ONE AND THE SAME TRANSACTION

3.      As discussed in the Motion to Enforce, Mr. Kraft's Complaint was deceptive and incomplete in its description of the Complaint's Asserted December 2006 Grace Transaction. Indeed, the Complaint baldly asserted allegations of fraud and misrepresentation without providing any of the particularity required by Fed. R. Civ. P. 9(b).  *Aphton Corp. v. Sonafi Pasteur (In re Aphton Corp.)*, 423 B.R. 76, 85, n.15 (Bankr. D. Del. 2010) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).  The Motion to Enforce, after considerable investigation by the Reorganized Debtor and its counsel, identified the December 2006 Estate Asset Distribution Order entered in the Realia Chapter 7 Case as the source of

authority for the December 2006 Court-Ordered Distribution to Grace.  Motion to Enforce at ¶¶ 19-22, 49-51.

4.      Not surprisingly, there is nothing in the Realia Chapter 7 Docket or the December 2006 Estate Asset Distribution Order that intimates even the merest whiff of fraud or malfeasance—which is why Mr. Kraft's Complaint simply cannot state its fraud allegations with even the slightest of particularity.  The December 2006 Court-Ordered Distribution was nothing more than a garden-variety distribution of estate proceeds to the holder of a valid judgment lien.  Motion to Enforce at ¶¶ 19-20, 22, 49-51; Distribution Application, Shpigelman Decl. Exh. C.[3]

5.      Mr. Kraft's Response fails to address these indisputable facts.  Instead, it merely reiterates without citing to any evidence whatsoever that "[I]t is clear from the plain text of the complaint … that … Grace is accused of making false representation in writing and committing actual fraud for the purpose of obtaining money and property."  Response at 3.  Thus Mr. Kraft has still failed to comply with Fed. R. Civ. P. 9(b), which means that his Complaint as to Grace is subject to dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  *United States ex rel. Pilecki-Simko v. Chubb Inst.*, 443 F. App'x 754, 760 n.17 (3d Cir. 2011); *Indus. Enters. of Am. v. Tabor Acad. (In re Pitt Penn Holding Co.)*, Nos. 09-11475 (BLS), 11-51879, 2011 Bankr. LEXIS 3554, at *12-13 (Bankr. D. Del. 2011).

6.      What's more, such a failure to address the fact of the December 2006 Court-Ordered Distribution is under the circumstances tantamount to an admission by Mr. Kraft that the distribution is the same transaction as the Complaint's Asserted December 2006 Grace

---

[3]   The Reorganized Debtor is continuing its investigation into the December 2006 Court-Ordered Distribution.  The Reorganized Debtor has been able to identify what appears to be a judgment lien placed on the Lemoore Property (as identified in the Distribution Application) in favor of the Reorganized Debtor and which formed the basis of the distribution requested in the Distribution Applications.  But due to its age, the details of that lien are not available online.

Transaction.  Fed. R. Evid. 801 (Notes of Advisory Committee on Rules § (d)(2)(B)) ("Under established principles an admission may be made by adopting or acquiescing in the statement of another"); *see also* Fed. R. Evid. 301 ("party against whom presumption is directed has the burden for producing evidence to rebut that presumption").  But such silence is to be expected, for there was no fraud committed in the December 2006 Court-Ordered Distribution.  Realia Chapter 7 Docket, *passim*.  Mr. Kraft therefore had no business naming Grace as a defendant in the Complaint.  What's more, as discussed in the next section, Mr. Kraft was further precluded from naming Grace as a defendant in the Complaint, because: (i) the December 2006 Estate Asset Distribution Order is *res judicata* as to both Realia and Mr. Kraft; and (ii) Realia had no claim against Grace relating to the Complaint's Asserted December 2006 Grace Transaction to assign to Mr. Kraft in the first place.

## II.    THE DECEMBER 2006 ESTATE ASSET DISTRIBUTION ORDER IS *RES JUDICATA* AS TO MR. KRAFT—AND REALIA HAD NO CLAIM TO ASSIGN TO MR. KRAFT

7.    Mr. Kraft's Response misapprehends the *res judicata* issue.  Response at 3-4.  The December 2006 Estate Asset Distribution Order is *res judicata* as to Mr. Kraft.  As discussed in the Motion to Enforce, Mr. Kraft was intimately involved with the Realia Chapter 7 Case.  *Id*. at ¶¶ 49-52.  Mr. Kraft has adduced no evidence to the contrary.  He is therefore bound by the December 2006 Estate Asset Distribution Order.  *Id*.  But even if Mr. Kraft, himself, was not privy (which he was) and thus so bound, Realia is bound by that order.  In other words, any assignee of Realia's claims against Grace—such as Mr. Kraft—is equally as bound by that order as Realia.  *Id*. at ¶ 50; *see also* 9 CORBIN ON CONTRACTS § 51.1 (2021) (internal citation omitted) ("the rights of the assignee can rise no higher than those of the assignor").

8.      But any such discussion is entirely theoretical as a practical matter, because Realia had no claim against Grace to assign to Mr. Kraft by virtue of the Realia Chapter 7 Case.  Motion to Enforce at ¶¶ 47-48.  Mr. Kraft did not address this issue in his Response.

III.    **MR. KRAFT FAILED TO ADDRESS PUBLICATION NOTICE OF THE GRACE CHAPTER 11 CASES, THE CONFIRMATION ORDER, AND THE EFFECTIVE DATE**

9.      Mr. Kraft seems to aver in his Affidavit that neither he nor Realia nor any of the other Assignor Entities were served with actual notice of the Grace Chapter 11 Cases, the entry of the Confirmation Order, or the occurrence of the Effective Date.  Response at 2.  That statement may well be entirely accurate insofar as it goes.  Indeed, Mr. Kraft and his Assignor Entities were quintessentially unknown creditors as to Grace and its affiliate Debtors during the pendency of the Grace Chapter 11 Cases.  Motion to Enforce at ¶ 24, 56-57.

10.     But Mr. Kraft in his Affidavit and Response completely ignores the corollary that was also discussed in the Motion to Enforce—which is that he and each of the Assignor Entities— and all other unknown creditors—are bound by the Confirmation Order because publication notice thereof was adequate as to them.  Mr. Kraft furthermore cannot now attack the adequacy of such publication notice because that issue is *res judicata* as to him and his Assignor Entities.  Motion to Enforce at ¶ 59 (citing Confirmation Order at ¶ 1; *Dorset v. Am. Home Mortg. Serv. (In re Dorset)*, Nos. 08-12339 (BLS), 11-53860 (BLS), 2012 Bankr. LEXIS 5137, at *6 (Bankr. D. Del. 2012) (quoting *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989) (confirmation order is "*res judicata* as to all issues decided or which could have been decided at the hearing on confirmation")).  Mr. Kraft thus cannot argue that he did not receive adequate notice of the Plan, the Confirmation Order, and the Administrative Expense Claims Bar Date.  Motion to Enforce at ¶ 58-61.

**IV.**     **THE *DAILY* CASE IS INAPPOSITE—THE CONFIRMATION ORDER AND SECTION 1141(D)(1)(A) DISCHARGED ANY CLAIM REALIA AND MR. KRAFT MAY HAVE HAD**

11.     Mr. Kraft asserted in his Response that a 1995 Ninth Circuit decision, *In re Daily*, 47 F.3d 365 (9th Cir. 1995), is applicable as to this matter.  He is wrong.  The *Daily* case involved section 523(a)(2), which applies only to individuals and not to corporations.  *Id*. at 366.  Moreover, the facts in that case involve actual, proven fraud, and not merely Mr. Kraft's entirely unsupported allegations of fraud.  *Id*. at 366-67.

12.     As one court in this jurisdiction recently put it:

> "[A] corporate debtor's discharge in a chapter 11 case is generally all encompassing." 8 COLLIER ON BANKRUPTCY ¶ 1141.05[1][b] (16th ed. 2021); *see also In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start."). Exceptions to discharge are limited in chapter 11 cases involving corporate debtors. See 11 U.S.C. § 1141(d). A creditor asserting the non-dischargeability of a debt bears the burden of proof to establish entitlement to discharge by a preponderance of the evidence. *Cohn*, 54 F.3d at 1114 (citing *Grogan v. Garner*, 498 U.S. 279, 287-88, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)). "Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Cohn*, 54 F.3d at 1113.
>
> "*A preconfirmation debt is dischargeable unless it falls within an express exception to discharge*." *Fed. Commc'ns Comm'n v. NextWave Pers. Commc'n's Inc.*, 537 U.S. 293, 303, 123 S. Ct. 832, 154 L. Ed. 2d 863 (2003).

*Mallinckrodt PLC v. City of Rockford (In re Mallinckrodt PLC)*, Nos. 20-12522, 21-50428 (JTD), 2021 Bankr. LEXIS 1601, at *10 (Bankr. D. Del. June 16, 2021) (emphasis added).

13.     Mr. Kraft has offered no credible legal theory as to why the discharge and injunctive provisions of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141 should not be enforced, nor has he adduced any credible evidence in support of any such theory. Therefore, this Court should enter an order enforcing the Confirmation Order without further ado.

## CONCLUSION

14.    Mr. Kraft's Response accomplished one goal, which was to further reinforce the Motion to Enforce's inexorable conclusion that Mr. Kraft violated the discharge and injunctive provisions of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141 by filing his Complaint naming Grace as a defendant as to claims arising prior to the confirmation date of January 31, 2011.  This Court should address Mr. Kraft's egregious violation of the Confirmation Order by enforcing the order and compelling Mr. Kraft to dismiss Grace with prejudice from the Arizona-Chevron Litigation.

## NOTICE

15.    Notice of this Reply has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Rune Kraft.  In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor requests the Court enter an order substantially in the form attached to the Motion to Enforce, enforcing the discharge and injunctive provisions of the Plan, the Confirmation Order, and Bankruptcy Code sections 524 and 1141.

Dated:  August 3, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP


*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**