IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | Hearing Date: August 26, 2020, at 10:00 a.m. |
| | ) | Objection Deadline: NA |

## SUPPLEMENTAL DECLARATION OF JUSTIN D. BALSER IN FURTHER SUPPORT OF THE REORGANIZED DEBTOR'S MOTION FOR ORDER: (I) ENFORCING THE PLAN AND CONFIRMATION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIM AGAINST RUNE KRAFT; (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED *KRAFT V. CHEVRON CORP. ET AL.*, CASE NO. 2:21-CV-00575-DJH (THE "ARIZONA-CHEVRON LITIGATION")

| | |
|---|---|
| COUNTY OF DENVER | ) |
| | ) ss. |
| STATE OF COLORADO | ) |

Justin D. Balser, after being duly sworn according to law, deposes and says:

I am over the age of 18 and competent to testify. I am Justin D. Balser, a litigation partner in the Denver office of the law firm of Akerman LLP. I represent W. R. Grace & Co. in the litigation matter pending in the United States District Court for the District of Arizona, captioned *Kraft v. Chevron Corp. et al.*, Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation"). All facts set forth in this Declaration are based on my personal knowledge and on information supplied to me by employees of and/or professionals retained by Grace. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

59513784;1

supplemental declaration is filed in further support of the Reorganized Debtor's *Motion for Order: (I) Enforcing the Plan and Confirmation Bars to Post-Bar Date Assertion of Administrative Expense Claim Against Rune Kraft; (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH* (the "Arizona-Chevron Litigation") (the "Motion to Enforce"), filed July 13, 2021 [Docket No. 33242] and the Reorganized Debtor's reply in support thereof (the "Reply").[2]

### THE ARIZONA-CHEVRON LITIGATION

1. Attached hereto as Exhibit 1 is a copy of the Arizona-Chevron Litigation docket (the "Arizona-Chevron Litigation Docket"), current as of August 16, 2021. Since the filing of my previous declaration, there have been two developments in the Arizona-Chevron Litigation.

***Oppositions to Motions to Dismiss [DE 53, 54, 55, and 56] and Opposition to Request for Judicial Notice [DE 57]***

2. On August 9, 2021, Mr. Kraft filed oppositions to each of the pending motions to dismiss.

3. That same day, Mr. Kraft also filed his opposition to defendant CEMEX, Inc.'s request for judicial notice. Mr. Kraft's response to the request for judicial notice takes the form of a sworn affidavit from Mr. Kraft stating that the Minute Order dated March 24, 2016 from Case No. CV-15-00701-VBF "is fraudulent." He alleges that "the Court's description of the facts never happened." He goes on to allege that several rulings and orders in a series of cases are also fraudulent. *See* [DE 57], a copy of which is attached hereto as **Exhibit A**.

---

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Enforce.

59513784;1

*Order to Show Cause [DE 58] and Rule 26(f) Report [DE 59]*

4. On August 11, 2021, the Court issued an Order to Show Cause as to why the parties did not file their Joint Rule 26(f) Report pursuant to the Court's Order Setting Scheduling Conference. The Court noted that the pending motion to stay did not constitute good cause for failing to file the report. [DE 58]. The parties promptly filed their Joint Rule 26(f) Report the following day. [DE 59]. *See* [DE 59], a copy of which is attached hereto as **Exhibit B**.

*Order Granting Motion to Stay and Second Order to Show Cause Directed at Mr. Kraft [DE 60] and Response Thereto [DE 61]*

5. On August 13, 2021, the Court granted the motion to stay [DE 48] and ordered that, within 14 days of the Order, "a licensed attorney shall appear on behalf of the corporate entities, or Plaintiff shall show cause as to why any claims related to unrepresented corporate entities should not be dismissed." [DE 60]. The Court further ordered that "Plaintiff shall not file any filings while this matter is stayed, other than as ordered herein." *Id*.

6. The next day, on August 14, 2021, Mr. Kraft filed his response to the Order to Show Cause. [DE 61], a copy of which is attached hereto as **Exhibit C**. In it, Mr. Kraft argues that he filed his claims in his individual capacity after such claims were assigned to him by the corporate entities. Mr. Kraft further states that he intends to file a writ of mandamus with the United States Court of Appeal for the Ninth Circuit if the Court does not permit him to proceed in his individual capacity.

**[remainder of page left intentionally blank]**

7.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Justin D. Balser*

Justin D. Balser
Partner
Akerman LLP