## EXHIBIT A

*Plaintiff's Response Memorandum in Opposition to Defendant Cemex, Inc Request For Judicial Notice* **[DE 57]**

1  Rune Kraft
     rk@kraft.legal
2  Kraft Legal | United States
3  108 West 13th Street
   Wilmington, Delaware 19801
4    302 408 1000

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rune Kraft,
        Plaintiff,

vs.

Chevron Corporation, et al.,
        Defendants.

Case No. CV-21-00575-PHX-DJH

The Honorable Diane J. Humetewa

**PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT CEMEX, INC.'S REQUEST FOR JUDICIAL NOTICE (DOC. 30)**

# Affidavit of Rune Kraft

I, Rune Kraft, based on personal knowledge, declare:

The Minute Order dated March 24, 2016, from Case No. CV-15-00701-VBF is fraudulent. Plainly, the Court's description of the facts never happened. Further, the order rests on orders/judgments issued in Case No. CV10-1776 VBF-OP, which are legal nullities because they were issued by a court that lacked jurisdiction. I submitted a motion for a subpoena to be issued to address these malicious portrayals. See Doc. 31. The controversy is subject to ongoing litigation.

The Statement of Decision dated March 9, 2018, from Case No. CV-16-04479-JFW-SSX is incorrect. The controversy is subject to ongoing litigation.

The Ruling dated January 17, 2018, from Case No. CV2017-000765 is fraudulent. Further, the ruling is a legal nullity because the court lacked jurisdiction. The controversy is subject to ongoing litigation.

The Decision dated March 28, 2019, from Case No. 1 CA-CV 18-0179 is fraudulent. Further, the ruling is a legal nullity because the court lacked jurisdiction. The controversy is subject to ongoing litigation.

The Order dated November 25, 2019, Case No. CV-19-05181-PHX-JJT is wrong, and the matter is subject to ongoing litigation.

The Order dated February 12, 2021, Case No. CV-19-5697-PHX-JJT is wrong, and the matter is subject to ongoing litigation.

I am competent to testify to the facts set forth in this declaration and declare under the penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct.

DATED this 9th day of August 2021.

_____
Rune Kraft

In the Ninth Circuit, defendants typically have two tools available to ask a court to consider in connection with a motion to dismiss information outside the four corners of a complaint. First, a defendant may file a request for judicial notice under Rule 201 of the Federal Rules of Evidence to ask the court to consider material outside of the complaint, so long as the material meets the definition set forth in Federal Rule Evidence 201 as "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Second, under the incorporation by reference doctrine, a district court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). This doctrine seeks to prevent plaintiffs from selectively quoting only portions of documents on which their claims are based.

The application of these tools was addressed in a published Ninth Circuit opinion, *Khoja v. Orexigen Therapeutics*, Case No. 16-56069 (9th Cir. 2018), in which the panel noted a "concerning pattern in securities cases" in which "overuse" of the doctrines of incorporation by reference and judicial notice has resulted in the dismissal of securities suits at the pleading stage based on materials outside of the complaint. (Order at 15.)

In a decision issued on August 13, 2018, a unanimous three-judge panel affirmed in part and reversed in part the district court's dismissal of a securities fraud action, concluding that "the district court abused its discretion by improperly considering materials outside of the Complaint." (Order at 4.)

The plaintiff brought a putative class action against defendant biotechnology company Orexigen and its officers, alleging that the defendants made material misrepresentations and omissions in violation of the Securities Exchange Act of 1934 based on the company's disclosure of early results from a study of its new drug. The defendants moved to dismiss the complaint and requested judicial notice of 22 documents or, alternatively, that the district court treat those documents as incorporated into the complaint. The district court granted the request with respect to 21 of 22 documents. The court also granted the defendants' motion to dismiss. The plaintiff appealed.

RESPONSE MEMORANDUM IN OPPOSITION TO CEMEX     2

In concluding that the district court abused its discretion by considering some of those documents, the panel noted "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." (*Id*. at 15.) The panel stated that this trend of "unscrupulous use of extrinsic documents" at the pleading stage creates a risk "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." (*Id*.) "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." (*Id*. at 16.)

As to the judicially noticed facts, while the district court stated "it would not 'take notice of the truth of the facts cited' within the exhibit" (*Id*. at 17), it took judicial notice of three documents: a transcript of an investors' conference call, a medical report about the drug at issue, and the historical record of the company's patent application for the drug. The panel concluded that certain facts from the medical report and the transcript should not have been judicially noticed because there existed "reasonable dispute" as to what the documents established. *(Id*. at 17-22.) As to the transcript, the panel held that it was "improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the transcript establishes." (*Id*. at 19 (quotation omitted).) However, the panel concluded that the date of the conference call could be properly noticed from the transcript. (*Id*. at 18.) The appellate court similarly concluded that the court did not abuse its discretion in taking notice of the patent application, as the court only relied on the application for the date of the application.

The panel also reviewed the documents the district court incorporated by reference, including blog posts and news articles, analyst reports, SEC filings and attachments. In concluding that the district court abused its discretion in incorporating by reference at least seven of these documents, the panel noted that "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim" and "what inferences a court may draw from an incorporated documents should also be approached with caution." (*Id*. at 24.) Specifically, the appellate court concluded that the district court abused its discretion because the complaint's reference to the

RESPONSE MEMORANDUM IN OPPOSITION TO CEMEX — 3

documents were not "sufficiently extensive" or the documents did not "form the basis of any claim in the Complaint." (*Id.* at 26.) Notably, the panel concluded that the trial court appropriately incorporated by reference some of the disputed documents that were mentioned extensively in the complaint.

The *Khoja* opinion cautions of the "overuse" of these methods and the resulting inefficiency from the court's perspective.

The Defendant's request for judicial notice comprises deceptions, obfuscations, lies, false statements. See above affidavit.

Thus, the Defendant is abusing and overusing the doctrines of judicial notice by piling on volumes of exhibits to their motion making the briefing needlessly unwieldy and demanding the court's "precious time" to review. (*Id.* at 30-31.)

Pursuant to Federal Rules of Evidence, Rule 201(e), if the court is inclined to take judicial notice, Plaintiff requests an opportunity to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.

Respectfully submitted on this 9th day of August 2021.

_____
Plaintiff