<u>**EXHIBIT B**</u>

**Joint Rule 26(f) Report [DE 59]**

Rune Kraft
rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
302 408 1000
*Plaintiff*

Counsel for Defendants listed below

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br>         Plaintiff,<br><br>vs.<br><br>Chevron Corporation, et al.,<br>         Defendants. | Case No. CV-21-00575-PHX-DJH<br><br>The Honorable Diane J. Humetewa<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Rune Kraft ("Plaintiff") and Defendants Chevron Corporation, CEMEX, Inc., Lehigh Hanson, Inc., ORIX Financial Services, Inc., and W. R. Grace & Co. (collectively, "Defendants") hereby submit this Joint Case Management Plan pursuant to

Rules 16 and 26(f)(3), Federal Rules of Civil Procedure, and the Court's Orders of May 24, 2021 (Doc. 13) and August 11, 2021 (Doc. 58).

**RESPONSE TO SHOW CAUSE ORDER**

On August 11, 2021, the Court directed as follows: "IT IS ORDERED the parties shall show cause as to why they did not file their Joint Rule 26(f) Report ("Report") pursuant to the Court's Order Setting Scheduling Conference (Doc. [13]). A pending Motion to Stay does not establish good cause to not file the Report. The parties shall file the Report with the Court no later than 3:00 p.m. on August 12, 2021."

In short, the parties believed that the pending Motion to Stay together with the pending motions to dismiss would obviate the need to file the Report. The parties apologize for this misunderstanding and seek to address it by filing the Rule 26(f) Report that follows.

**1.    LIST OF PARTIES**

<u>Remaining Parties</u>

- Rune Kraft – Plaintiff, assignee of Realia, Inc., a Delaware corporation, Concreteworks, Inc., a Delaware corporation, Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation, Pacific Real Estate Holdings, Inc., a Delaware corporation, North American Service Holdings, Inc., a Delaware corporation, and Kraft Americas Holdings, Inc.

- Chevron Corporation ("Chevron")

- CEMEX, Inc. ("CEMEX")

- Lehigh Hanson, Inc. ("Lehigh Hanson"),

- ORIX Financial Services, Inc. ("ORIX"). ORIX Financial Services, Inc. is a wholly owned subsidiary of ORIX Corporation USA, a Delaware corporation. ORIX Corporation is the parent company of ORIX Corporation USA and is publicly traded on the New York Stock Exchange under the ticker symbol IX and on the Tokyo Stock Exchange bearing securities code

8591. ORIX Corporation does not have a parent corporation and no publicly traded corporation owns 10% or more of its stock.

- W. R. Grace & Co. ("Grace")
- Cunningham & Associates Real Estate, LLC
- Kaweah River Rock Company

Dismissed Parties *See* July 7, 2021 Order (Doc. 17)

- California State Board of Equalization (an entity of the State of California)
- Eric M Black LLC (a California limited liability company)
- French Camp LLC (a California limited liability company)
- International Credit Recovery Incorporated (a California company)
- Mitchell Brown General Engineering Incorporated (a California company)
- Alroy J Oliver (a California resident)
- James Oliver (a California resident)
- Larry P Oliver (a California resident)
- Richard D Oliver (a California resident)
- San Joaquin Sand & Gravel (a California company)
- Silvas Oil Company Incorporated (a California corporation)
- Tulare County Superior Court (an entity of the State of California)
- Unknown Parties (named as: DOES 1-10 (Inclusive))
- Valley Pacific Investments (a California based business entity)
- Valley Pacific Petroleum Services Incorporated (a California corporation)
- Valley Pacific Petroleum Systems Incorporated (a California corporation)
- Acclaim Credit Technologies (a Califronia corporation); and
- Burr Commercial Properties (a California corporation)

Plaintiff has asked that several of these Defendants be added as Defendants. Doc. 31 at 4 and 5.

2. **NATURE OF THE CASE**

Plaintiff's Statement

This is an action for: civil relief under 18 U.S.C. §§ 1961 et seq., which gives this court authority pursuant to 18 U.S.C § 1964 (a); relief under the California Cartwright Act (Sections 16600 et seq. of the California Business & Professions Code); relief under the California Unfair Practices Act (Section 17000 et seq. of the California Business & Professions Code). This action is also between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $ 75,000. Thus, the district court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. FRCP 8(a)(l).

Plaintiff has a legal entitlement to business relations and property rights unhampered by schemes prohibited by the RICO predicate statutes, 18 U.S.C. §§ 1962(c), 1961(1), and the California antitrust and unfair practices statutes, Sections 16600 et seq. and of Section 17000 e seq. of the California Business & Professions Code. FRCP 8(a)(2).

Plaintiff seeks to have the district court order: ( 1) that any transactions, including derivative transactions that has injured Plaintiff in his business and property are invalidated based on the district court's authority pursuant to 18 U.S.C. § 1964 (a); and (2) that the Plaintiff shall recover threefold the damages he has sustained, and the cost of the suit based on 18 U. S. C. § 1964 (c) and California Bus. & Prof. Code§§ 16750(a), 17070,17082. FRCP 8(a)(3).

4

**Plaintiff takes strong exception to the Defendants' portrayals of him, as <u>he has never engaged in any wrongdoing at any courts, anywhere, at any time</u>**, *e.g.*, Doc. 31 at 1 to 4. All of the referenced cases are subject to ongoing litigation.

Defendants' Statement

Several courts have declared Plaintiff to be a vexatious litigant and others have sanctioned him for filing frivolous lawsuits. This is not surprising based on a review of Plaintiff's Complaint here. Although he is not a lawyer, in this case Plaintiff is attempting to represent seven corporations pro se, and he impermissibly asserts claims on their behalf against over twenty other individuals and corporations.

Plaintiff's Complaint is scattershot and unintelligible. But it appears that Plaintiff attempts to allege Racketeer Influenced and Corrupt Organization Act ("RICO") claims against Defendants, loosely based on wide-ranging, unrelated activities—essentially all occurring in California—over decades, concerning the California cement market, California diesel fuel sales, and a lawsuit in Tulare County California.

As a threshold matter, the Defendants believe this case should be dismissed because Plaintiff may not represent corporations pro se. Indeed, Plaintiff has been threatened with sanctions, contempt, and referral to the New Mexico State Bar for attempting to represent entities pro se, just like he is trying to do here.

Defendants' additional grounds for dismissal are summarized below and discussed more fully in their Motions to Dismiss.

- Chevron's motion to dismiss seeks dismissal based on Federal Rules 12(b)(3) (improper venue), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim). (Doc. 19).

5

- ORIX's motion to dismiss seeks dismissal based on Federal Rules 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), and 12(b)(6). (Doc. 23).

- Lehigh Hanson's motion to dismiss seeks dismissal based on Federal Rules 12(b)(2), 12(b)(3), and 12(b)(6). (Doc. 26).

- CEMEX's motion to dismiss seeks dismissal based on Federal Rules 12(b)(3) and 12(b)(6) (Doc. 29).

- Defendant Grace states that, by naming Grace as a defendant in this action for alleged conducting dating back to December 2006, Plaintiff is in violation of the discharge and injunctive provisions of the Plan and Confirmation Order in the Chapter 11 bankruptcy action styled *In re: W. R. Grace & Co., et al.*, Case No. 01-01139 (AMC) (D. Del. Bankr.) (the "Grace Chapter 11 Case"). On July 13, 2021, Grace filed its Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice his Complaint Against the Reorganized Debtor in the Matter Captioned *Kraft v. Chevron Corp., et al.*, Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation") (the "Motion to Enforce") and a copy of the Motion to Enforce and other ancillary documents were filed with this Court on July 14, 2021 [ECF No. 38]. The Motion to Enforce is now fully briefed and a hearing is set for August 26, 2021 in the Grace Chapter 11 Case. Grace's participation in the Rule 26(f) Scheduling Conference is without waiver of its arguments in the Motion to Enforce and Grace expressly reserves the right to raise arguments, pursuant to Fed. R. Civ. P. 12 and otherwise, in the event that the court in the Grace Chapter 11 Case does not grant the Motion to Enforce or otherwise enjoin Plaintiff from pursuing his claims against Grace in this action.

3. **JURISDICTION**

Subject Matter Jurisdiction:

Plaintiff's Statement

- Plaintiff has alleged subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

Defendants' Statement

- Defendant ORIX filed a Rule 12(b)(1) motion seeking to dismiss Plaintiff's claims asserted against ORIX based on this Court's lack of subject matter

6

jurisdiction. (Doc. 23 ). ORIX's position is that the Plaintiff's claims against ORIX are barred under the Rooker-Feldman doctrine because the claims against ORIX are simply attempts to "appeal" a state court ruling from the Tulare County Superior Court in California, and a party disappointed by a decision of a state court cannot seek relief from the state court decision in federal district court.

- Although the Defendants do not agree that Plaintiff has sufficiently stated a RICO claim, they acknowledge that this Court has subject matter jurisdiction over RICO claims. The Defendants also acknowledge that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Personal Jurisdiction:

Plaintiff's Statement.

- Plaintiff believes that the Court has personal jurisdiction over all the Defendants.

- Personal jurisdiction, unlike subject-matter jurisdiction, is an area of Federal law that provides this Court with wide latitude. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) at 702, 703, 704 and 705.

- The Complaint alleges that some of the defendants reside in this judicial district, and a substantial part of the events in furtherance of the conspiracy to keep Plaintiff out of the market for concrete in the relevant market took place in this district. Therefore, venue is proper in this judicial district based on 28 U.S.C. § 1391(b)(1) and (2).

- As to Defendant ORIX, the records of the Arizona Corporation Commission show that Defendant Orix conducts business in Arizona and is subject to the Court's jurisdiction. 28 U.S.C. § 1391(b)(3). Also, Orix is accused of taking part in a conspiracy and engaging in money laundering, making 18 U.S.C § 1956(i)(2). Plaintiff has filed an opposition to its motion to dismiss. *See* Doc. 54.

- As to Defendant Lehigh Hanson, it has 53 corporate entities registered with the Arizona Corporation Commission. It is the ultimate parent company for all of these corporate entities and the actions of Defendant Lehigh Hanson amount to a legal submission to this judicial district. Plaintiff has filed an opposition to its motion to dismiss. *See* Doc. 55.

- As to Defendant Chevron Corporation, it is accused of taking part in a conspiracy and engaging in money laundering, making 18 U.S.C § 1956(i)(2) applicable.

7

Defendants' Statement.

- Defendant ORIX and Lehigh Hanson do not believe this Court has personal jurisdiction and have filed motions to dismiss under Federal Rule 12 (b)(2). *See* Docs. 23 and 26.

- Defendant Chevron Corporation has no presence in Arizona and conducts no business in the state. It is not "at home" in Arizona and not subject to personal jurisdiction in this Court. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Chevron Corporation appears here only for the anticipated expedient disposition of this lawsuit and by appearing without moving to dismiss for lack of personal jurisdiction in no way implies that any basis exists for the Court to exercise personal jurisdiction over Chevron.

4. **STATUS OF SERVICE**

Plaintiff's Statement

- Cunningham & Associates Real Estate, LLC ("Cunningham"): Plaintiff has filed a Declaration stating that Defendant Cunningham was served on June 17, 2021. (Doc. 14). Cunningham has not appeared in this case.

- Kaweah River Rock Company ("Kaweah"): Plaintiff has filed a Declaration stating Defendant Kaweah waived service on May 6, 2021. (Doc. 11). Kaweah has not appeared in this case.

- As to Chevron, The Prentice-Hall Corporation is an entity designated to accept service of process on its behalf. Doc. 14 at 1 and Doc. 50 at 4. At most, Plaintiff committed an inadvertent mistake and/or error by serving The Prentice-Hall Corporation at its office in Phoenix as opposed to Wilmington. And Plaintiff communicated with Hewitt Pate, Arjun Agarwal and Melissa Brown Sladden of Chevron's Legal Department, and all officers of the court. They all received the Summons; Complaint; Civil Cover Sheet; and Order of April 5, 2021 (Doc. 7). See Doc. 50 at 5. If needed, Plaintiff will remedy the service of process grievance.

Defendants' Statement

- Chevron has not been sufficiently served in violation of Federal Rule of Civil Procedure 4, as explained more fully in Chevron's Motion to Dismiss. (Doc 19), pp. 7-8.

5.   **AMENDMENTS**

<u>Plaintiff's Statement</u>: Plaintiff has filed seven motions seeking to add eight new Defendants, including Chevron U.S.A. Inc. (Docs. 34, 39-44).

<u>Defendants' Statement</u>

- Chevron Corporation has opposed Plaintiff's Motion to Add Chevron U.S.A. as a party. (Doc. 49).

- Defendants believe that this Court should defer ruling on the Plaintiff's Motions to add Parties until ruling on the motions to dismiss because the motions to dismiss will likely render the motions to add moot.

6.   **ANTICIPATED MOTIONS**

<u>Plaintiff's Statement</u>: Plaintiff has filed Motions to Add Parties described in paragraph 5 above.

<u>Defendants' Statement</u>: Defendants have filed Motions to Dismiss described in Paragraph 2 above, which will be fully briefed by August 24, 2021. If the case is not dismissed, the Defendants anticipate filing dispositive motions.

7.   **MAGISTRATE**

The Parties do not consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

8.   **RELATED CASES**

<u>Plaintiff's Statement</u>:

- Plaintiff's *qui tam* action against the cement cartel is ongoing.

- Plaintiff firmly believes that his qui tam action has to date been adjudicated in violation of the governing statutes and *stare decisis*, which he has asked the Ninth Circuit to voluntarily acknowledge and correct.

- The Ninth Circuit has yet to rule on two motions he has submitted.

- And if not he will be filing a *writ of mandamus*

9

Defendants' Statement:

- *United States v. CalPortland Construction,* No. 16-CV-04479-JFW-SSX, 2018 WL 6262877 (C.D. Cal. Mar. 9, 2019), *aff'd sub nom. Kraft v. CalPortland Construction*, 801 Fed. App'x 547 (9th Cir. Apr. 15, 2020) – The Ninth Circuit affirmed the California Central District Court's dismissal of Mr. Kraft's False Claims Act case against CEMEX, Lehigh Hanson, and other defendants. Kraft has twice requested the Ninth Circuit rule on an Emergency Motion which would allow him to prosecute his claims, and in his Emergency Motion states that the False Claims Act defendants are running a cartel and that the case concerns the sale of cement. This litigation is discussed further in Lehigh Hanson's Motion to Dismiss (Doc 26) at pp. 2-3, and in CEMEX's Motion to Dismiss (Doc 29) at pp. 11-12.

9. **INITIAL DISCLOSURES**

The Parties request that they be permitted to exchange Federal Rule of Civil Procedure 26(a) Initial Disclosures thirty days after the Court rules on Defendants' pending motions to dismiss if Plaintiff's claims survive dismissal.

10. **DISCOVERY PROCEDURES FOR ELECTRONICALLY STORED INFORMATION**

The Parties request that they be permitted to confer and file an amended Joint Case Management Plan addressing electronically stored information within thirty days of the Court's ruling on Defendants' pending motions to dismiss if Plaintiff's claims survive dismissal.

11. **ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES**

The Parties have not identified any specific issues relating to the attorney-client and work product privileges. If any privileges are asserted during discovery, the Parties will withhold or redact privileged information and prepare privilege logs pursuant to the Federal Rules of Civil Procedure, the Local Rules, and applicable law.

12. **NECESSARY DISCOVERY**

Until the Motions to Dismiss and Motions to Add Parties are decided, it is unknown what, if any, Parties and claims will remain and it is difficult to determine the nature and scope of discovery that will be needed to prepare for trial. The Parties, therefore, request that they be permitted to file an amended Joint Case Management Plan addressing discovery within thirty days of the Court's ruling on Defendants' pending motions to dismiss if Plaintiff's claims survive dismissal.

13. **SCHEDULE**

Until the Motions to Dismiss and Motions to Add Parties are decided, it is unknown what, if any, Parties and claims will remain and it is difficult to determine the schedule. The Parties, therefore, request that they be permitted to file an amended Joint Case Management Plan addressing the schedule within thirty days of the Court's ruling on Defendants' pending motions to dismiss if Plaintiff's claims survive dismissal.

14. **JURY TRIAL**

Plaintiff has not requested a jury trial, at this time; Defendants reserve all rights to a trial by jury.

15. **ESTIMATED LENGTH OF TRIAL**

Until the Motions to Dismiss and Motions to Add Parties are decided, it is unknown what, if any, Parties and claims will remain and it is difficult to determine the length of a potential trial. The Parties, therefore, request that they be permitted to file an amended Joint Case Management Plan addressing the estimated length of a trial within thirty days of the

11

Court's ruling on Defendants' pending motions to dismiss if Plaintiff's claims survive dismissal.

16. **SETTLEMENT PROSPECTS**

The Parties believe that prospects for settlement at this time are uncertain and will be informed by the Court's rulings on Defendants' pending motions to dismiss.

17. **PROPOSED RULE 16 SCHEDULING ORDER**

The Parties have proposed a Rule 16 Scheduling Order for the Court's consideration, attached hereto as Exhibit A.

18. **REQUEST FOR GUIDANCE ON INITIAL CASE MANAGEMENT CONFERENCE**

The schedule currently reflects an Initial Case Management Conference on August 17, 2021. Neither the Plaintiff nor the Defendants who have appeared reside in the District, and given the increasing number of COVID Delta variant cases, request to participate by phone or Zoom, unless the Court continues the Conference pending resolution of Defendants' Motions to Dismiss.

RESPECTFULLY SUBMITTED this 12th day of August, 2021 by

/s/ *Rune Kraft (with permission)*
Rune Kraft
rk@kraft.legal
Kraft Legal I United States
108 West 13th Street
Wilmington, Delaware 19801
302 408 1000
*Plaintiff*

/s/ *Ed Fernandes (with permission)*
Edward F. Fernandes (*pro hac vice*)
**KING & SPALDING LLP**
500 W. 2nd Street

Austin, Texas 78701
Telephone: 512.457.2000
Fax: 512.457.2100
efernandes@kslaw.com

-and-

Erich J. Almonte (*pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, Texas 77002
Telephone: 713.751.3200
Fax: 713.751.3290
ealmonte@kslaw.com

*Attorneys for Defendant Chevron Corporation*

/s/ *Mitchell Turbenson*
Brian Schulman (016008)
*SchulmanB@ballardspahr.com*
Mitchell Turbenson (033278)
*TurbensonM@ballardspahr.com*
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

*Attorneys for Defendant ORIX Financial Services, Inc.*

/s/ *Vince Farhat (with permission)*
Vince Farhat (*pro hac vice*)
*VFarhat@jmbm.com*
Justin A. Anderson (*pro hac vice*)
*JAnderson@jmbm.com*
**JEFFER MANGELS BUTLER & MITCHELL LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Cory L. Braddock (024668)
*CBraddock@swlaw.com*
**SNELL & WILMER LLP**
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004

*Attorneys for Defendant CEMEX, Inc.*

/s/ *Jacob R. Sorensen (with permission)*
Jacob R. Sorensen (*pro hac vice*)
*Jake.Sorensen@pillsburylaw.com*
John M. Grenfell (*pro hac vice*)
*John.Grenfell@pillsburylaw.com*
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

*Attorneys for Defendant Lehigh Hanson, Inc.*

/s/ *Justin D. Balser   (with permission)*
Justin D. Balser (027850)
justin.balser@akerman.com
**AKERMAN LLP**
1900 Sixteenth Street, Suite 950
Denver, Colorado 80202

*Attorneys for Defendant W. R. Grace & Co.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br><br>    Plaintiff,<br><br>v.<br><br>Chevron Corporation, a Delaware corporation, et al.,<br><br>    Defendants. | No. 2:21-cv-00575-DJH<br><br>**PROPOSED RULE 16 SCHEDULING ORDER** |

On August 12, 2021, the parties filed their Rule 26(f) Joint Report (Doc. ___). On the basis of that joint report, and in accordance with Rule 16(b)(1) of the Federal Rules of Civil Procedure,

**IT IS ORDERED** as follows:

1. The Parties will confer and file an Amended Joint Case Management Plan, if necessary, within thirty (30) days after the Court rules on the pending motions to dismiss. (Docs. 19, 23, 26 and 29). The Parties will attach a proposed Rule 16 Scheduling Order as an exhibit to the Amended Joint Case Management Plan.

2. <u>Sanctions for Failure to Meet Deadlines</u>. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions.

3. <u>Briefing Requirements</u>.

    a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

      b. Citations in support of any assertion in the text shall be included in the text, not the footnotes.

**TAKE NOTICE** that the deadlines contained herein are real. Pursuant to the Civil Justice Reform Act of 1990 the Court is obligated to facilitate civil cases in a manner which reduces delay of adjudication. The Court expects the parties to adhere to the case management schedule as well as to the Federal Rules of Civil Procedure and Local Rules. Requests to extend deadlines shall be made only under extraordinary circumstances; *settlement negotiations do not constitute extraordinary circumstances.*