## Exhibit C

**Response to the Order to Show Cause [DE 61]**

Rune Kraft
  rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
  302 408 1000

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Rune Kraft,
          Plaintiff,

vs.

Chevron Corporation, et al.,
          Defendants.

Case No. CV-21-00575-PHX-DJH

The Honorable Diane J. Humetewa

**PLAINTIFF'S RESPONSE MEMORANDUM TO ORDER TO SHOW CAUSE (DOC. 60)**

## The Plaintiff in This Action is An Individual

The sole plaintiff in this action is an individual.

> Rune Kraft ("Kraft") is based outside the United States and manages and develops businesses and assets globally. Realia, Inc., a Delaware corporation, Concreteworks, Inc., a Delaware corporation, Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation, Pacific Real Estate Holdings, Inc., a Delaware corporation, North American Service Holdings, Inc., a Delaware corporation, and Kraft Americas Holdings, Inc., a Delaware corporation, have assigned their claims related to this matter to Kraft.

> Doc. 1 at ¶ 2.

## As an Assignee Plaintiff is Representing His Proprietary Interests

The assignment of their claims related to this matter to Kraft by Realia, Inc., a Delaware corporation, Concreteworks, Inc., a Delaware corporation, Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation, Pacific Real Estate Holdings, Inc., a Delaware corporation, North American Service Holdings, Inc., a Delaware corporation, and Kraft Americas Holdings, Inc., a Delaware corporation is Plaintiff's property.

In this action, as an assignee Plaintiff is representing his proprietary interests.

## Plaintiff's Right to Represent His Proprietary Interests Rests on Both a Federal Statute and *Stare Decisis*

The right of a party to a legal action to represent his or her own cause has long been recognized in the United States, and even predates the ratification of the Constitution. The right is currently codified in 28 U.S.C. § 1654.

The Supreme Court's analysis in *Faretta v. California*, 422 U.S. 806 (1975) is to the point.

> In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day

before the Sixth Amendment was proposed, provided that, "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of . . . counsel. . . ." The right is currently codified in 28 U.S.C. § 1654.

*Faretta* 422 U.S. at 813 and 814

This Court's past recognition of the right of self-representation, the federal court authority holding the right to be of constitutional dimension, and the state constitutions pointing to the right's fundamental nature form a consensus not easily ignored. "[T]he mere fact that a path is a beaten one," Mr. Justice Jackson once observed, "is a persuasive reason for following it." [Footnote 13] We confront here a nearly universal conviction, on the part of our people, as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so.

*Faretta* 422 U.S. at 818

The Founders believed that self-representation was a basic right of a free people. Underlying this belief was not only the anti-lawyer sentiment of the populace, but also the "natural law" thinking that characterized the Revolution's spokesmen. *See* P. Kauper, The Higher Law and the Rights of Man in a Revolutionary Society, a lecture in the American Enterprise Institute for Public Policy Research series on the American Revolution, Nov. 7, 1973, extracted in 18 U. of Mich.Law School Law Quadrangle Notes, No. 2, p. 9 (1974). For example, Thomas Paine, arguing in support of the 1776 Pennsylvania Declaration of Rights, said:
"Either party . . . has a natural right to plead his own cause; this right is consistent with safety; therefore it is retained; but the parties may not be able, . . . therefore, the civil right of pleading by proxy, that is, by a council, is an appendage to the natural right [of self-representation]. . . ."
Thomas Paine on a Bill of Rights, 1777, reprinted in 1 Schwartz 316.

*Faretta* 422 U.S. at Footnote 40

The U.S. Judiciary Act, the Code of Conduct for United States Judges, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the Federal Rules of Appellate Procedure address the rights of the self-represented litigant in several places.

## A Stance by This Court That Plaintiff Cannot Represent His Own Cause Would Violate *Stare Decisis*

Plaintiff has standing to assert the injuries in fact suffered by these corporate entities based on the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor. See, *e. g., Vermont Agency of Natural Resources* v. *United States ex rel. Stevens,* 529 U. S. 765, 769 (2000); *Poller* v. *Columbia Broadcasting System, Inc.,* 368 U. S. 464, 465 (1962); *Automatic Radio Mfg. Co.* v. *Hazeltine Research, Inc.,* 339 U. S. 827, 829 (1950); *Hubbard* v. *Tod,* 171 U. S. 474, 475 (1898)—and also suits by subrogees, who have been described as "equitable assign[ees]," L. Simpson, Law of Suretyship 205 (1950); see, *e. g., Vimar Seguros y Reaseguros, S. A.* v. *M/V Sky Reefer,* 515 U. S. 528, 531 (1995); *Musick, Peeler & Garrett* v. *Employers Ins. of Wausau,* 508 U. S. 286, 288 (1993).

## Notice to the Court – Kraft's *Qui Tam* Action Against the Cement Cartel Is Solely Stalled Because of This Legal Issue, Which Plaintiff Is Convinced He Is Correct About, Based on *Stare Decisis*

This is a legal issue that the cement cartel's attorneys have been riding and is the sole reason Kraft's *qui tam* action is stalled.

Similarly, to the *qui tam* action, Kraft prefers to prosecute these claims against the cement cartel, and its conspirators, himself.

## If the Court is Unsure, Plaintiff Suggests that the Court Stays the Case, and Kraft will Immediately File a *Writ of Mandamus* at the Ninth Circuit

As the Court has been informed, Plaintiff is ready to file a *writ of mandamus* at the Ninth Circuit related to this issue. Doc. 55 at 2. Doc. 56 at 2. Doc. 59 at 9.

If the Court is unsure, Plaintiff suggests that the Court stays the case, and he will immediately file a *writ of mandamus* at the Ninth Circuit.

Respectfully submitted on this 14th day of August 2021.

_____

Plaintiff