IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | Hearing Date: August 26, 2020, at 10:00 a.m. |
| | ) | Objection Deadline: NA |

**DECLARATION OF JUSTIN D. BALSER IN SUPPORT OF THE REORGANIZED DEBTOR'S MOTION FOR ORDER: (I) ENFORCING THE PLAN AND CONFIRMATION BARS TO POST-BAR DATE ASSERTION OF ADMINISTRATIVE EXPENSE CLAIM AGAINST RUNE KRAFT; (II) COMPELLING RUNE KRAFT TO DISMISS WITH PREJUDICE HIS COMPLAINT AGAINST THE REORGANIZED DEBTOR IN THE MATTER CAPTIONED *KRAFT V. CHEVRON CORP. ET AL.*, CASE NO. 2:21-CV-00575-DJH (THE "<u>ARIZONA-CHEVRON LITIGATION</u>")**

COUNTY OF DENVER    )
                    ) ss.
STATE OF COLORADO   )

Justin D. Balser, after being duly sworn according to law, deposes and says:

1. I am over the age of 18 and competent to testify. I am Justin D. Balser, a litigation partner in the Denver office of the law firm of Akerman LLP. I represent W. R. Grace & Co. in the litigation matter pending in the United States District Court for the District of Arizona, captioned *Kraft v. Chevron Corp. et al.*, Case No. 2:21-cv-00575-DJH (the "<u>Arizona-Chevron Litigation</u>"). All facts set forth in this Declaration are based on my personal knowledge and on information supplied to me by employees of and/or professionals retained by Grace. If called upon to testify, I could and would testify competently to the facts and opinions contained herein. This

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "<u>Grace</u>") is the sole remaining "<u>Reorganized Debtor</u>," and Case No. 01-1139 is the sole remaining open chapter 11 case.

59203378;2

declaration is filed in support of the Reorganized Debtor's *Motion for Order: (I) Enforcing the Plan and Confirmation Bars to Post-Bar Date Assertion of Administrative Expense Claim Against Rune Kraft; (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH* (the "Arizona-Chevron Litigation") (the "Motion to Enforce"), filed July 13, 2021 [Docket No. 33242] and the Reorganized Debtor's reply in support thereof (the "Reply"), filed contemporaneously herewith.[2]

### THE ARIZONA-CHEVRON LITIGATION

2. Attached hereto as Exhibit 1 is a copy of the Arizona-Chevron Litigation docket (the "Arizona-Chevron Litigation Docket"), current as of August 4, 2021. Since the filing of the Motion to Enforce, there have been a number of developments in the Arizona-Chevron Litigation.

***Dismissal of As-Yet Unserved Defendants [DE 17 (paperless order)]***

3. Following the filing of the Complaint on April 2, 2021, the Court entered an order on April 7, 2021 [DE 8] directing the Clerk of Court to terminate any defendant that have not been served by July 6, 2021.

4. On July 1, 2021, Mr. Kraft sought an extension of time to serve unserved defendants, which the Court denied that same day, finding that Mr. Kraft failed to establish[] good cause for the extension, or provide[] any legal basis to do so. ...." *See* [DE 16].

5. Subsequently, on July 7, 2021, the Court, pursuant to the its April 7, 2021 Order [DE 8] directing the Clerk of Court to terminate any or all defendants without further notice or order from the Court, entered a paperless order dismissing all yet-unserved defendants. This includes the following: California State Board of Equalization; Eric M Black LLC; French Camp

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Enforce.

LLC; International Credit Recovery Incorporated; Mitchell Brown General Engineering Incorporated; Alroy J. Oliver; James Oliver; Larry P. Oliver; Richard D. Oliver; San Joaquin Sand & Gravel; Silvas Oil Company Incorporated; Tulare County Superior Court; Unknown Parties (named as: Does 1-10 inclusive); Valley Pacific Investments; Valley Pacific Petroleum Services Incorporated; Valley Pacific Petroleum Systems Incorporated; Acclaim Credit Technologies; and Burr Commercial Properties.

6. As a result of this Order, in addition to W. R. Grace & Co., the following defendants remain in the action (1) Chevron Corporation; (2) Cunningham & Associates Real Estate, LLC; (3) Kaweah River Rock Company; (4) Orix Financial Services, Inc.; (5) CEMEX, Inc.; and (6) Lehigh Hanson, Inc.

7. Mr. Kraft filed a motion for reconsideration [DE 21] of the Orders denying a motion for extension of time to serve summons and complaint [DE 16] and dismissing defendants for failure to serve them within the time required by Fed. R. Civ. P. 4(m) [DE 17]. In the motion for reconsideration, Mr. Kraft argues that the pandemic constitutes good cause for the extension of time because there have been articles and notices issued to the public for everyone to do what they can to minimize personal interactions, and that he has done so by requesting waivers of service which he has not received.

8. Mr. Kraft also filed a supplemental motion for reconsideration [DE 32] advising the Court that one of the unserved defendants (San Joaquin Sand & Gravel) had returned a waiver of service to Mr. Kraft but his email system was malfunctioning and he did not receive it. That defendant was subsequently dismissed by the Court for failure to serve. Following the entry of the Court's dismissal order, the defendant's counsel refused to send a copy of the waiver of service back to Mr. Kraft and is instead taking the position that they are now dismissed from the action.

9. On July 13, 2021, the Court denied the motion for reconsideration [DE 21] finding that Mr. Kraft had "not established any of the factors for reconsideration."

***Motions to Dismiss [DE 19, 23, 26, and 29]***

10. Defendant Chevron Corp. filed a motion to dismiss [DE 19] which highlights the fact that several courts have declared Mr. Kraft to be a vexatious litigant and others have sanctioned him for filing frivolous lawsuits. The motion also argues that the Court should dismiss the Complaint because:

- Mr. Kraft is not an attorney and may not represent corporations pro se.

- The entity Mr. Kraft claims to have served is not authorized to receive service of process on behalf of Chevron and, therefore, he has not properly served Chevron, and the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 4(m) and this Court's April 7, 2021 Order [DE 8]. Alternatively, Chevron argues that the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5).

- Venue is not proper under 28 U.S.C. § 1391 because as pleaded, only one of the 24 Defendants is a resident of Arizona, and it appears all the alleged events underlying the Complaint occurred in California. Chevron argues that for these reasons, venue is improper in Arizona and the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3).

- The Complaint is incoherent and does not give Chevron fair notice of the claims against it and the grounds they rest on. For this reason, Plaintiff failed to state a claim for which relief can be granted, and the Court should dismiss the Complaint pursuant Fed. R. Civ. P. 12(b)(6).

11. Defendant Orix Financial Services Inc. filed a motion to dismiss for lack of jurisdiction and failure to state a claim [DE 23]. The motion states that Mr. Kraft has been deemed a vexatious litigant by many courts, and argues the Court should dismiss Mr. Kraft's complaint because it is legally deficient given that:

- It fails to allege any facts establishing the Court's personal jurisdiction over Orix;

- The Court lacks subject matter jurisdiction over the request to adjudicate a state court's decisions; and

59203378;2

- It fails to allege facts supporting any cognizable claim against Orix that is not time-barred.

12. Defendant Lehigh Hanson filed a motion to dismiss for lack of jurisdiction, improper venue, and failure to state a claim [DE 26]. A declaration in support of the motion was also filed [DE 28]. In addition to stating that the motion joins in the arguments for dismissal of the other Defendants, to the extent those arguments applicable to Lehigh, the motion argues that Mr. Kraft's complaint should be dismissed because Mr. Kraft fails to allege:

- Any basis for which an Arizona court could assert personal jurisdiction over Lehigh;
- Any basis for which venue could lie in this Court; and
- A claim against Lehigh (or any other Defendant).

13. Defendant CEMEX Inc. also filed a motion to dismiss [DE 29]. The motion argues that the complaint should be dismissed because:

- Mr. Kraft cannot proceed pro se for claims assigned to him by various business entities;
- It does not allege facts sufficient or with requisite particularity to plausibly allege a claim under RICO;
- A California Federal Judge already dismissed with prejudice the same claims against CEMEX that are before the Court in this Action or, alternatively, the Court should dismiss because venue is not proper in Arizona;
- The complaint does not show how the alleged RICO violations caused Mr. Kraft any harm; and
- The time to bring a RICO claim has expired.

14. A request for Judicial Notice was filed by defendant CEMEX Inc. in support of its motion to dismiss. [DE 30]. The request asks the Court to take notice of various court orders and filings in state and federal court dismissing Mr. Kraft's complaints (including those against CEMEX) and declaring Mr. Kraft a vexatious litigant.

***Motion to Enforce***

15. On July 14, 2021, Grace made a limited appearance [DE 36] in the Arizona-Chevron Litigation solely for the purpose of filing a copy of the Motion to Enforce [DE 38].

16. On July 14, 2021, Mr. Kraft sent e-mail correspondence to me, stating in relevant part, "I am happy to extend the time for you to file anything at this court until we get the issues related to your Chapter 11 proceeding in Delaware resolved." R. Kraft e-mail correspondence, dated July 14, 2021, attached hereto as Exhibit 2.

17. On July 16, 2021, Mr. Kraft filed a copy of his Response in the Arizona-Chevron Litigation [DE 47].

***Miscellaneous Matters***

18. After Chevron filed its motion to dismiss, in which it argued in part that Mr. Kraft named the wrong party, Mr. Kraft filed a motion to substitute Chevron U.S.A. Inc., a Pennsylvania corporation, in place of defendant Chevron Corporation, a Delaware corporation [DE 24]. The motion states that, after reviewing Chevron's motion to dismiss stating as grounds that Chevron Corp., who Mr. Kraft attempted to serve, cannot accept service, he believes that Chevron U.S.A. should be substituted for Chevron Corp. However, Mr. Kraft subsequently withdrew this motion [DE 33] and then moved to add Chevron U.S.A. Inc. as a party [DE 34].

19. On July 27, 2021, Chevron Corp. filed a response in opposition [DE 49] to Mr. Kraft's motion to add Chevron U.S.A. as a party, arguing that such an amendment would be futile for the reasons set forth in Chevron Corp.'s motion to dismiss.

20. On July 28, 2021, Mr. Kraft filed a reply [DE 50] in support of his motion to add Chevron U.S.A. as a party.

21. Mr. Kraft also filed a "motion for specific relief" [DE 31] in which he complains that the various defendants' filings has "besmirch[ed]" his "good name". He goes on to include

an affidavit regarding certain alleged facts involving the Inland Concrete matter and asks that the Court issue a subpoena "to enter into the records of the Court" various documents pertaining to Inland Concrete. Finally, he asks the Court, if not inclined to grant his motion for reconsideration regarding the dismissal of the unserved parties, to add those parties back in pursuant to the Court's own authority.

22. Mr. Kraft also filed several motions to add parties (Nathan Crum, Grant Crum, Eric M. Black, John R. Silvas, Bruce Tschannen, and Kenneth W. Talley) [DE 39-44].

23. On July 27, 2021, defendants Chevron Corp., CEMEX, Inc., Lehigh Hanson, Inc. and ORIX Financial Services, Inc. filed an unopposed motion to stay discovery pending resolution of their motions to dismiss [DE 48].

24. Finally, on July 28, 2021, Mr. Kraft filed a document titled "Objection – Why is the Court Obstructing and Delaying Plaintiff's Efforts to Get the Right Parties Before the Court, As Soon As Possible? The Adjudication is Wholly Inconsistent With FRCP 1" [DE 51].

**[remainder of page left intentionally blank]**

25. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Justin D. Balser
Partner
Akerman LLP

59203378;2