# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) **Related Document: 33256. 33257** |
| | ) |

**THE REORGANIZED DEBTOR'S EMERGENCY MOTION FOR AN ORDER FINDING THAT RUNE KRAFT IS IN CONTEMPT OF THIS COURT BY HAVING WILLFULLY AND KNOWINGLY VIOLATED THIS COURT'S CONFIRMATION ORDER AND ITS ORDER OF AUGUST 26, 2021 [DOCKET NO. 33256] BY FILING A MOTION FOR AN ARTICLE III COURT'S REVIEW OF THIS COURT'S AUGUST 26 ORDER**

On August 27, 2021, after an exchange of e-mail correspondence with counsel for the Reorganized Debtor, which put Mr. Kraft on actual notice of the entry of this Court's *Order*, entered August 26, 2021 [*Docket no. 33256*] (the "August 26 Order"), Mr. Kraft filed his *Motion for the Article III Court to Review the Order Issued by the Article I Court* in the Arizona District Court [AZ Ct. DI 73], a copy of which is attached hereto as Exhibit B (the "Arizona Article III Motion").[2] In so doing, Mr. Kraft willfully and knowingly violating this Court's August 26 Order, which states in relevant part:[3]

> Kraft is barred from taking any other action in the Arizona Chevron
> Action involving or otherwise pertaining to Grace except for filing
> the pleading seeking Grace's dismissal from the Arizona Chevron

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "Grace Chapter 11 Case").

[2] The Arizona-Chevron Litigation pending in the United States District Court for the District of Arizona (the "Arizona District Court") is captioned *Kraft v. Chevron Corp. et al.*, Case No. 2:21-cv-00575-DJH (D. AZ). Docket numbers in that litigation are identified in this Motion as follows: [AZ Ct. DI **].

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Motion for an Order: (I) Enforcing Against Rune Kraft the Plan and Confirmation Claim Preclusion Bars to Post-Bar Date Assertion of Administrative Expense Claims; and (II) Compelling Rune Kraft to Dismiss With Prejudice His Complaint Against the Reorganized Debtor in the Matter Captioned Kraft v. Chevron Corp. et al., Case No. 2:21-cv-00575-DJH (the "Arizona-Chevron Litigation")*, filed July 13, 2021 [Docket No. 33242] (the "Motion to Enforce").

DOCS_DE:235881.1 91100/001

>Action and any other actions necessary to have Grace dismissed
>from the Arizona Chevron Action.

August 26 Order at ¶ 31.  Mr. Kraft's filing of his Article III Motion has also willfully and knowingly violated the Confirmation Order (§§ VI.A.1, VI.A.2).  What's more, Mr. Kraft's filing willfully and knowingly violates the August 13, 2021 *Order* [AZ Ct. DI 60] of the Arizona District Court dated August 13, 2021, a copy of which is attached hereto as Exhibit C, which prohibits Mr. Kraft from making further filings in the Arizona District Court while the Arizona-Chevron Litigation is stayed.

In view of Mr. Kraft's knowing and willful violation of this Court's orders, the Reorganized Debtor respectfully submits that this Court could well impose sanctions on Mr. Kraft to prevent such gross violations of this Court's orders in the future.  *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis added) ("a court may hold a creditor in civil contempt for violating a discharge order if there is ***no fair ground of doubt as to whether the order barred the creditor's conduct***.  In other words, civil contempt may be appropriate if there is ***no objectively reasonable basis*** for concluding that the creditor's conduct might be lawful).  The Reorganized Debtors are nonetheless refraining from seeking such sanctions now in the hope that Mr. Kraft will obey the Court's August 26 Order and dismiss the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation without further ado.

The Reorganized Debtor does, however, reserve the right to seek such sanctions if Mr. Kraft does not promptly seek dismissal of his Complaint as required by the August 26 Order.

For all of the foregoing reasons and as further discussed in this Motion, the Reorganized Debtor requests entry of an order substantially in the form attached hereto as Exhibit A, finding that Mr. Kraft is in willful and knowing contempt of this Court in having filed his Arizona Article III Motion, and requiring Mr. Kraft to: (i) promptly withdraw his Arizona Article III Motion, and

(ii) obey the August 26 Order by promptly filing a pleading in the Arizona District Court seeking dismissal with prejudice as to the Reorganized Debtor of his Complaint and his Article III Motion.

In support of this Motion, the Reorganized Debtor states:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.[4]

2. The predicates for this Motion are 11 U.S.C. §§ 105, 524, and 1141, Fed. R. Bankr. P. 7001, 7004, 7012, 8001, 9006, 9008, 9014, 9020, and 9024, and Del. Bankr. LR 9006-1, 9011-4, and 9013-1.

## FACTUAL PREDICATE

3. The facts of this matter are straight-forward and indisputable. This Court's August 26 Order requires Mr. Kraft to file a pleading in the Arizona District Court seeking dismissal of his Complaint with prejudice as to the Reorganized Debtor within seven days after entry of that order. *Id*. at ¶ 31.a. The August 26 Order also prohibits Mr. Kraft from making any other filings pertaining to Grace in the Arizona District Court. *Id*. at ¶ 31.b. The Confirmation Order similarly prohibits Mr. Kraft from filing the Arizona Article III Motion, albeit as part of a complete and general ban on all filings asserting claims discharged in the above-captioned Chapter 11 Case:

> All Entities shall be precluded and forever barred from asserting against the Debtors and the Reorganized Debtors, or their assets, properties, or interests in property any other or further Claims, Plan

---

[4] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

> Claims, or Demands based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal basis therefor were known or existed prior to the Effective Date, except as expressly provided in the Plan.

Confirmation Order § VI.A.1.  The Confirmation Order further states in relevant part:

> With respect to any debts discharged by operation of law under §§ 524(a) and 1141 of the Bankruptcy Code, ***the discharge*** of the Debtors ***operates as an injunction against the*** commencement or ***continuation of an action***, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the Debtors.

*Id*. at § VI.A.2 (emphasis added).

4. On August 26, 2021, the August 26 Order was served on Mr. Kraft via e-mail correspondence and next-day mail. *Certificate of Service* [Docket no. 33257]. On the same day, counsel for the Reorganized Debtor also sent Mr. Kraft e-mail correspondence attaching the August 26 Order and a copy of the relevant docket entry. R. Higgins E-Mail Correspondence, dated August 26, 2021, a copy of which is attached hereto (without attachment) as Exhibit D. Mr. Kraft responded later that afternoon, acknowledging his "disagreement" with the Court's order. R. Kraft E-Mail Correspondence, dated August 26, 2021, a copy of which is attached hereto as Exhibit E.

5. On August 27, 2021, Mr. Kraft sent e-mail correspondence to counsel for the Reorganized Debtor, in which he stated in relevant part: "I will be filing a motion today for the Article III court to review the order issued by the Article I court yesterday." R. Kraft E-Mail Correspondence, dated August 27, 2021, attached hereto as Exhibit F. Counsel for the Reorganized Debtor responded to Mr. Kraft, warning him that if he were to file such a motion in the Arizona District Court or elsewhere, the Reorganized Debtor reserved the right to file a motion seeking a finding of civil contempt from this Court. R. Higgins E-Mail Correspondence, dated

August 27, 2021, attached hereto as Exhibit E. Mr. Kraft responded shortly thereafter, stating "I will be filing the motion." R. Kraft E-Mail Correspondence, dated August 27, 2021, attached hereto as Exhibit F.

6. Late on August 27, 2021, Mr. Kraft filed his Arizona Article III Motion.

**LEGAL ANALYSIS**

*This Court Has Subject-Matter and Personal Jurisdiction to Enter a Final Order Enforcing Its Orders*

7. It is indisputable that, as this Court stated in its August 26 Order: "bankruptcy courts plainly have jurisdiction to enforce their own injunctions." *Id*. at ¶ 16 (citing *Citizens Against Corp. Crime, LLC v. Lennar Corp. (In re Landsource Cmtys. Dev., LLC)*, 612 B.R. 484, 495 (D. Del. 2020); *In re Continental Airlines, Inc.*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"). More to the point, enforcement of this Court's Confirmation Order and the August 26 Order is a core proceeding, which means that this Court can—and should—enter a final order enforcing those orders. *In re Weiand Auto. Indus.*, 612 B.R. 824, 855 (Bankr. D. Del. 2020) ("Statutory law provides that a matter involving a Discharge Injunction is a core proceeding"); *In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 261 (Bankr. D. Del. 2017) ("[B]ankruptcy judges can enter final orders in … [core] proceedings subject to appeal to the district court").

8. At oral argument at the August 26, 2021 hearing on the Motion to Enforce, Mr. Kraft for the first time raised the specter of the *Stern* and *Marathon Pipeline* Supreme Court cases and their progeny for the proposition that this Court cannot enter a final order enforcing the

Confirmation Order.[5]  Mr. Kraft renewed that argument in his Arizona Article III Motion.  Mr. Kraft is wrong as a matter of law.  The only issue before this Court is enforcement of the two orders, both of which ultimately derive their authority from 11 U.S.C. § 1141(d)(1) and 11 U.S.C. § 524(a).  There is no state common law claim at issue, and there is no otherwise unrelated third party against whom such a state common law claim is to be asserted.  The Confirmation Order and August 26 Order and their respective injunctions are being enforced directly against Mr. Kraft, a putative claimant who is trying to assert a discharged claim in a court other than this Court.  Therefore, as the Court of Appeals for the Third Circuit has held, the Supreme Court's rulings in *Stern*, *Northern Pipeline*, and *Granfinanceria* are inapposite to the matter before this Court of it enforcing its own orders and injunctions.  *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Cir. 2013) (citing, explaining, and distinguishing *Stern v. Marshall*, 564 U.S. 462 (2011); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)).

9. In his Arizona Article III Motion, Mr. Kraft is also now for the first time attempting to argue that this Court does not have personal jurisdiction over him.  *Id*. at 1.  Mr. Kraft did not raise the issue of whether this Court had personal jurisdiction over him either in his Response [Docket no. 33245] to the Reorganized Debtor's Motion to Enforce or at oral argument at the August 26 hearing.  [Docket no. 33255].  By failing to raise this argument in his Response, Mr. Kraft waived his right to pursue the matter.  Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(h)(1); *see also In re Harlow Props., Inc.*, 56 B.R. 794, 799 (B.A.P. 9th Cir. 1985) (internal citation

---

[5] In its August 26 Order, this Court refused to consider Mr. Kraft's new arguments, including those regarding *Stern* and *Marathon Pipeline*, which the Court "found difficult to follow," because they were not raised in his Response. August 26 Order at ¶ 17 n.3.  These arguments are still not properly before this Court.  But the Reorganized Debtor is addressing them now to forestall Mr. Kraft's inapposite argument on the point.

omitted) ("The defense of lack of personal jurisdiction is waived unless raised in a preliminary motion or in the first responsive pleading"); *Ruffing v. Wipro Ltd.*, No. 20-5545, 2021 U.S. Dist. LEXIS 59190, at *8 n.3 (E.D. Pa. 2021) (same).  But even if he had somehow reserved the argument, it would have been of no moment.  Under applicable bankruptcy procedure rules, this Court has personal jurisdiction over Mr. Kraft, because service of the Motion to Enforce was properly made pursuant to Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004, and the applicable Local Rules of this Court.  *Certificate of Service*, filed on July 13, 2021 [Docket no. 33242-3].  Such service is "effective to establish personal jurisdiction over" Mr. Kraft.  Fed. R. Bankr. P. 7004(f); *see also In re HNRC Dissolution Co.*, No. 02-14261, 2018 Bankr. LEXIS 1739, at *9 (Bankr. E.D. Ky. 2018) (citing *Tipton v. Adkins (In re Tipton)*, 257 B.R. 865, 870 (Bankr. E.D. Tenn. 2000)) (explaining the interrelationship between bankruptcy rules 9014(b) and 7004 and the effect of nationwide service in establishing personal jurisdiction in the context of enforcing a bankruptcy court order in a contested matter).

*Mr. Kraft Is in Civil Contempt of This Court*

10. In order to be found in civil contempt of this Court, three elements must be established.  First, there must be a valid order of the Court in existence.  Second, the person to be charged with contempt must have actual knowledge of that order.  Finally, the person to be charged must have disobeyed the order.  *In re Continental Airlines, Inc.*, 236 B.R. 318, 330 (Bankr. D. Del. 1999).  The Supreme Court has since heightened the standard for this Court to find a person in civil contempt:

> a court may hold a creditor in civil contempt for violating a discharge order *if there is no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate *if there is no objectively reasonable basis* for concluding that the creditor's conduct might be lawful.

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis added).  It is also worth noting that, while willfulness is not a necessary element to a finding of civil contempt, it is certainly relevant to the nature of the sanctions to be imposed.  *In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 423 n.43 (Bankr. D. Del. 2014) (citing *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148 (3d Cir. 1994)).

11.     Here, the Confirmation Order and the August 26 Order both clearly prohibit Mr. Kraft from filing his Arizona Article III Motion.  The Confirmation Order is more general in prohibiting any prosecution whatsoever of discharged claims.  By contrast, the August 26 Order is very specific in permitting Mr. Kraft to file only a pleading to dismiss Grace with prejudice from the Arizona-Chevron Litigation and expressly prohibiting any other filings pertaining to Grace.  Confirmation Order at §§ VI.A.1, VI.A.2; August 26 Order at ¶ 31.

12.     Mr. Kraft was clearly on actual notice of this Court's entry of the August 26 Order.  He received both e-mail and next-day mail service, and counsel for the Reorganized Debtor also sent Mr. Kraft a copy of the order.  *Certificate of Service* [Docket no. 33257]; R. Higgins 8/26 E-Mail Correspondence, Exhibit D.  Mr. Kraft responded to counsel, acknowledging receipt of the order.  R. Kraft 8/26 E-Mail Correspondence, Exhibit E.  The third element was satisfied when Mr. Kraft violated this Court's orders by filing the Arizona Article III Motion.

13.     The Reorganized Debtor respectfully submits that the *Taggart* standard of "no fair ground of doubt" and "no objective reasonable basis" has also been met.  First and foremost, this Court's August 26 Order leaves no "fair ground of doubt' about whether Mr. Kraft was barred from filing the Arizona Article III Motion.  The order was clear on the point:  Mr. Kraft was prohibited from doing so.  Second, there is no "objective reasonable basis" on which Mr. Kraft could collaterally attack the Confirmation Order and the August 26 Order in the Arizona District

Court.[6]  Indeed, Mr. Kraft has only very limited options under applicable law regarding the August 26 Order, and the Confirmation Order is *res judicata* as to him.  *See supra* n.6.

14.     Finally, Mr. Kraft knowingly and willfully violated this Court's orders.  On August 27, 2021, Mr. Kraft informed counsel for the Reorganized Debtor that he intended to his Arizona Article III Motion.  Exhibit F.  Counsel for the Reorganized Debtor put Mr. Kraft on notice that it would seek a finding of civil contempt from this Court if he did so.  Exhibit G.  Mr. Kraft deliberately ignored that warning.  Exhibit H.  Such a violation of this Court's August 26 Order could not be more knowing and willful.

15.     In light of Mr. Kraft's willful and knowing violation of this Court's orders, the Reorganized Debtor respectfully requests this Court order Mr. Kraft to promptly withdraw his Arizona Article III Motion and file a pleading seeking dismissal of the Complaint with prejudice as to the Reorganized Debtor within the timeframe set forth in the August 26 Order.  As discussed above, the Reorganized Debtor reserves the right to move for sanctions if Mr. Kraft further violates this Court's orders.

## NO PRIOR MOTION

16.     The Reorganized Debtor has not filed with this or any other court any prior motion seeking the relief sought herein.

---

[6]   It is also worth remembering that the Confirmation Order and its injunctive provisions are *res judicata* as to Mr. Kraft in any action in the Arizona District Court, which means that the non-final status of the August 26 Order is no green light to Mr. Kraft to file a pleading in the Arizona District Court such as the Arizona Article III Motion. *Hostforweb Inc. v. Frank*, No. 20-CV-378-RGA-MPT, 2021 U.S. Dist. LEXIS 37171, at *29 n.107 (D. Del. 2021) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979))) ("Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties … based on the same cause of action.").

## **NOTICE**

17. Notice of this Reply has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Rune Kraft. In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor requests the Court enter an order substantially in the form attached hereto: (i) finding that Mr. Kraft is in willful and knowing contempt of this Court by reason having willfully and knowingly violated the injunctive provisions of the August 26 Order and the Confirmation Order by filing the Arizona Article III Motion in the Arizona District Court; (ii) further ordering Mr. Kraft to comply with the provisions of the August 26 Order; and (iii) granting such other relief as may be appropriate.

Dated:  August 31, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**