# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,¹<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 01-01139 (AMC)<br>(Jointly Administered)<br><br>Related Documents: 33256, 33265 and 33266<br><br>Hearing Date:  October 1, 2021, at 11:00 a.m.<br>Objection Deadline:  September 24, 2021 at 4:00 p.m. |

**THE REORGANIZED DEBTOR'S MOTION FOR AN ORDER FINDING THAT RUNE KRAFT IS IN CONTEMPT OF THIS COURT BY WILLFULLY AND KNOWINGLY VIOLATING THIS COURT'S CONFIRMATION ORDER AND ITS ORDERS OF AUGUST 26, 2021 [DOCKET NO. 33256] AND SEPTEMBER 8, 2021 [DOCKET NO. 33265] AND IMPOSING SANCTIONS**

Rune Kraft has been nothing less than contumacious in his flagrant and continuing violation of this Court's Confirmation Order and its more recently entered orders specifically directing Mr. Kraft to comply with the Confirmation Order's injunction against the continued assertion of claims discharged as of the Effective Date.² First and foremost, Mr. Kraft has yet to file a pleading in the Arizona-Chevron Litigation dismissing Grace with prejudice from that matter—despite two separate orders specifically directing him to do so.³ August 26 Order at

---

¹ W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "Grace Chapter 11 Case").

² The "Arizona-Chevron Litigation" pending in the United States District Court for the District of Arizona (the "Arizona District Court") is captioned *Kraft v. Chevron Corp. et al.*, Case No. 2:21-cv-00575-DJH (D. AZ). Docket numbers in that litigation are identified in this Motion as follows: [AZ Ct. DI **].

Capitalized terms not defined herein shall have the meaning ascribed to them in *The Reorganized Debtor's Emergency Motion for an Order Finding That Rune Kraft Is in Contempt of This Court by Having Willfully and Knowingly Violated This Court's Confirmation Order and Its Order of August 26, 2021 [Docket No. 33256] by Filing a Motion for an Article III Court's Review of This Court's August 26 Order*, filed on August 31, 2021 [Docket no. 33259] (the "First Contempt Motion").

³ The August 26 Order is now a final and nonappealable order, as Mr. Kraft has not filed a notice of appeal. Grace Chapter 11 Case Docket, *passim*.

DOCS_DE:236137.1 91100/001

¶ 31.a; September 8 Order at ¶ D;[4] *see also* Exhibit B hereto, a copy of the docket in the Arizona-Chevron Litigation from September 4, 2021, through September 17, 2021 (the "Arizona-Chevron Litigation Docket").  Second, he has refused to file a "pleading seeking to withdraw his Arizona Article III Motion within two (2) days of entry of this Order."  September 8 Order at ¶ B; *see also* Exhibit B, Arizona-Chevron Litigation Docket.[5]  Third, he is willfully disobeying this Court's September 8 Order, August 26 Order, and Confirmation Order by continuing to flout this Court's jurisdiction over him, as evidenced by his September 9, 2021 e-mail communication to counsel for the Reorganized Debtor, which states in relevant part that "[t]he litigation at the Article III court against W.R. Grace & Co. will proceed.  And if necessary that litigation will continue at the Ninth Circuit, and the Supreme Court."  R. Kraft E-Mail Correspondence dated September 9, 2021, a copy of which is attached hereto as Exhibit D.  Moreover, Mr. Kraft's application for default judgment filed on September 13, 2021, in the Arizona-Chevron Litigation further established his continued refusal to obey this Court's orders.  *Application For Entry of Default Against Defendant W.R. Grace & Co.* [DI 83] (the "9/13 Application for Default"), a copy of which is attached hereto as Exhibit G.

On these incontrovertible facts, as further elucidated in this Motion, this Court should once again find Mr. Kraft in civil contempt for his continued and flagrant violation of this Court's orders.  *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis added) ("a court may hold a creditor in civil contempt for violating a discharge order if there is ***no fair ground of doubt as to***

---

[4] This Court's *Order Finding That Rune Kraft Is in Contempt of This Court by Having Willfully and Knowingly Violated This Court's Confirmation Order and Its Order of August 26, 2021 [Docket No. 33256] by Filing His Motion For An Article III Court's Review Of This Court's August 26 Order*, entered September 8, 2021 [Docket no. 33265] is the "September 8 Order."

[5] The Article III Motion is attached as Exhibit B to the Reorganized Debtor's First Civil Contempt Motion.

*whether the order barred the creditor's conduct*. In other words, civil contempt may be appropriate if there is *no objectively reasonable basis* for concluding that the creditor's conduct might be lawful"); *see also In re Vaso Active Pharms., Inc.*, 514 B.R. 416, 422-23 (Bankr. D. Del. 2014).

In the First Contempt Motion, the Reorganized Debtor did not seek sanctions in the hope that Mr. Kraft would comply with this Court's orders when confronted with the reasons why this Court has properly exercised personal jurisdiction over him. *See* First Contempt Motion at ¶ 9. Unfortunately, Mr. Kraft has yet to see the error of his ways—and his continued contempt is imposing further, and entirely unwarranted, fees and costs on the Reorganized Debtor. Therefore, the Reorganized Debtor is now seeking sanctions in the form of a per diem fine of $1,000 per day, to be imposed on Mr. Kraft commencing two days after this Court enters an order granting the relief set forth in this Motion, and ceasing on the day on which Mr. Kraft complies with the September 8 Order. The Reorganized Debtor is seeking this sanction on Mr. Kraft at this time, because it is "the least coercive sanction … reasonably calculated to win [his] compliance" with this Court's Confirmation Order, August 26 Order, and September 8 Order. *Vaso Pharms.*, 514 B.R. at 423 (quoting *In the Matter of Grand Jury Impaneled January 21, 1975*, 529 F.2d 543, 551 (3rd Cir. 1976)). This proposed sanction, if imposed by this Court, would permit Mr. Kraft to hold—in the words of the Supreme Court—in his own pocket the keys to this prison of his own making. Indeed, Mr. Kraft may escape this prison at any time of his choosing. All he must do is comply with this Court's orders, thereby purging himself of his contempt. *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994).[6]

---

[6] As discussed further in this Motion, the Reorganized Debtor recognizes that Mr. Kraft still may not purge his contempt by filing a dismissal pleading and withdrawing his Article III Motion. The Reorganized Debtor

For all of the foregoing reasons and as further discussed in this Motion, the Reorganized Debtor requests entry of an order substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), finding that Mr. Kraft is in willful and knowing contempt of this Court by having refused to obey this Court's September 8 Order, and imposing on him sanctions in the form of a per diem fine of $1,000 per day, commencing two days after entry of the Order and continuing until such time as he complies with that order by promptly filing two pleadings in the Arizona District Court, one seeking dismissal with prejudice as to the Reorganized Debtor of his Complaint, and the other withdrawing his Article III Motion and his 9/13 Application for Default.

In support of this Motion, the Reorganized Debtor states:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.[7]

2. The predicates for this Motion are 11 U.S.C. §§ 105, 524, and 1141, Fed. R. Bankr. P. 7001, 7004, 7012, 8001, 9006, 9008, 9014, 9020, and 9024, and Del. Bankr. LR 9006-1, 9011-4, and 9013-1.

---

therefore reserves the right to seek further sanctions to further "ratchet up" the consequences of Mr. Kraft's willful disobedience of this Court's orders. *See* Grace Chapter 11 Case September 8, 2021 Hrg. Trans. at 6:14.

[7] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**FACTUAL PREDICATE**

3.  As with the First Contempt Motion, the facts of this matter continue to be straight-forward, self-evident, and irrefutable. This Court's September 8 Order required Mr. Kraft to complete two actions in order to purge himself of his contempt: (i) filing a pleading in the Arizona District Court seeking dismissal of his Complaint with prejudice as to the Reorganized Debtor in compliance with the August 26 Order; and (ii) filing a pleading seeking withdrawal of his Article III Motion within two days after entry of that order. *Id*. at ¶ B. On September 8, 2021, the Reorganized Debtor served the September 8 Order on Mr. Kraft via e-mail correspondence and next-day mail. *Certificate of Service* [Docket no. 33266]. On the same day, counsel for the Reorganized Debtor also sent Mr. Kraft e-mail correspondence attaching the September 8 Order and a copy of the relevant docket entry. R. Higgins E-Mail Correspondence, dated September 8, 2021, a copy of which is attached hereto (without attachment) as Exhibit C. On September 9, 2021, Mr. Kraft responded, stating in relevant part that he intends to continue to ignore this Court's orders, and further stating that he intends to continue to litigate in the Arizona Court, and appeal all the way to the Supreme Court if necessary. Exhibit D.

4.  On September 10, 2021, the Reorganized Debtor out of an abundance of caution filed in the Arizona-Chevron Litigation an opposition to Mr. Kraft's Article III Motion (the "Article III Opposition"), a copy of which is attached hereto (without Exhibit C thereto) as Exhibit E. *See also* First Contempt Motion at ¶ 6. The Article III Opposition requests the Arizona Court deny the Article III Motion.

5.  On September 12, 2021, Mr. Kraft filed a reply in support of his Article III Motion, once again misapprehending how the federal rules of bankruptcy procedure operate to establish personal jurisdiction over him. *See Reply in Support of Plaintiff's Motion for the Article III Court to Review the Order Issued by the Article I Court* ("Article III Reply"), a copy of which is attached

hereto as Exhibit F. Mr. Kraft also failed to address the fact that he waived his right to contest the personal jurisdiction issue by filing his July 14, 2021 response to the Reorganized Debtor's Motion to Enforce. Fed. R. Bankr. P. 7012(b); Article III Opposition at ¶ 5; First Contempt Motion at ¶ 9; *see also In re Harlow Props., Inc.*, 56 B.R. 794, 799 (B.A.P. 9th Cir. 1985) (citing Fed. R. Bankr. P. 7012(b)) ("The defense of lack of personal jurisdiction is waived unless raised in a preliminary motion or in the first responsive pleading").

6. On September 13, 2021, Mr. Kraft filed two pleadings. The first was the 9/13 Application for Default, attached hereto as Exhibit G. The second pleading was styled *Objection. 9.13.2021* [DI 84] (the "9/13 Kraft Objection), a copy of which is attached hereto as Exhibit H. Th Kraft 9/13 Objection includes, among other assertions an *ad hominem* attack against the judge presiding over the Arizona-Chevron Litigation. *Id*. at 4-5.

7. The Arizona-Chevron Litigation Docket, attached hereto as Exhibit B, establishes that Mr. Kraft has violated the September 8 Order by having to failed to timely file a pleading seeking dismissal with prejudice of the Reorganized Debtor from the Arizona-Chevron Litigation. That docket also establishes that Mr. Kraft further violated the September 8 Order by not timely withdrawing his Article III Motion.

## RELIEF REQUESTED

8. The Reorganized Debtor requests the Court enter the Order substantially in the form attached hereto as Exhibit A:

- Ordering Mr. Kraft to: (i) file a pleading in the Arizona District Court seeking to withdraw his Arizona Article III Motion and his 9/13 Application for Default; and (ii) comply with the requirement set forth in August 26 Order ¶ 31.a to file a pleading in the Arizona District Court seeking dismissal of the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation; and

- Compelling Mr. Kraft, commencing two (2) days after entry of this Order, to pay to the Clerk of the Court the sum of $1,000 per day for each day elapsing until he has complied with each of the Order's mandates.

The Reorganized Debtor further requests that entry of the proposed Order not prejudice the Reorganized Debtor's right to seek further sanctions for Mr. Kraft's continued violation, and any subsequent violations, of the Confirmation Order, the August 26 Order, the September 8 Order, this Order, or any other orders of this Court.

### LEGAL ANALYSIS

*This Court Has Jurisdiction to Enforce Its Order and to Impose Sanctions on Mr. Kraft*

9. This Court plainly has the jurisdiction to enforce its own injunctions. August 26 Order at ¶ 16 (internal citations omitted). Bankruptcy Code section 105(a) states in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). As another bankruptcy court in this jurisdiction stated:

> While … [section 105(a)] does not give the power to "create substantive rights that would otherwise be unavailable under the Bankruptcy Code," it gives the court "general equitable powers … insofar as those powers are applied in a manner consistent with the Code." As a result, bankruptcy courts frequently find parties in civil contempt under the authority granted within this provision.

*In re Vaso Active Pharms., Inc.*, 514 B.R. at 421 (internal citations omitted). The *Vaso* court further stated that "[f]ederal courts … also have an additional inherent power to police by sanctioning parties who have 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'." *Id*. at 422 (internal citations omitted). As discussed in this Motion, the facts of this matter establish that Mr. Kraft has been doing just that—contumaciously acting in bad faith for the oppressive reason of seeking unspecified damages from Grace in a patently frivolous litigation

allegedly based upon a transaction that occurred approximately fifteen years ago pursuant to an order of another bankruptcy court.  August 26 Order at ¶¶ 10, 12-14, and 30.

*Mr. Kraft Is in Civil Contempt of This Court*

10. In order for this Court to find Mr. Kraft in civil contempt, three elements must be established by "clear and convincing" evidence.  *Vaso Pharms*. at 422 (internal citations omitted).  First, there must be a valid order of the Court in existence.  Second, the person to be charged with contempt must have actual knowledge of that order.  Third, the person to be charged must have disobeyed the order.  *In re Continental Airlines, Inc.*, 236 B.R. 318, 330 (Bankr. D. Del. 1999); *Vaso Pharms*. at 422 (internal citations omitted).  Finally, as the *Vaso* court stated, parties facing civil contempt should be given "fair warning" that their conduct could be found in contempt.  *Id*. (internal citation omitted).

11. The Supreme Court has since heightened the standard for this Court to find a party in civil contempt:

> a court may hold a creditor in civil contempt for violating a discharge order *if there is no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate *if there is no objectively reasonable basis* for concluding that the creditor's conduct might be lawful.

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis added).  It is also worth noting that, while willfulness is not a necessary element to a finding of civil contempt, it is certainly relevant to the nature of the sanctions to be imposed.  *Vaso Pharms.*, 514 B.R. at 423 (internal citation omitted).

12. Here, the evidence is incontrovertible, and it far more than satisfies the "clear and convincing" standard of proof required for a court to find a party in civil contempt.  *Id*. at 422.  The September 8 Order was the second order of this Court enforcing the Confirmation Order's injunctive provisions.  Its directive to Mr. Kraft is clear and unequivocal.  *Id*. at ¶ D.  Second, Mr.

Kraft was clearly on actual notice of this Court's entry of the order. He received both e-mail and next-day mail service. *Certificate of Service* [Docket no. 33266]. Counsel for the Reorganized Debtor also sent Mr. Kraft a copy of the order. R. Higgins 9/8 E-Mail Correspondence, <u>Exhibit C</u>. Mr. Kraft responded to counsel, acknowledging receipt of the order. R. Kraft 9/9 E-Mail Correspondence, <u>Exhibit D</u>. The third element was satisfied when Mr. Kraft violated this Court's orders by failing to timely file a pleading in the Arizona-Chevron Litigation seeking dismissal with prejudice of the Reorganized Debtor from that litigation.[8] <u>Exhibit B</u>, Arizona-Chevron Litigation Docket. In fact, Mr. Kraft is still actively seeking a judgment against the Reorganized Debtor in the Arizona-Chevron Litigation—in flagrant disregard of this Court's orders, and all the while complaining about the Arizona-Chevron Litigation trial judge. *See* <u>Exhibit G</u>, 9/13 Application for Default; <u>Exhibit H</u>, 9/13 Objection. Finally, Mr. Kraft was on clear and present notice of the Reorganized Debtor's intent to seek the imposition of some form of sanctions on him if he did not purge himself of his contempt by complying with the September 8 Order. *See* First Contempt Motion at Introduction and ¶¶ 5 and 15; September 8 Order at ¶ E. The inarguable facts of this matter more than meet the "clear and convincing" standard required for this Court to find Mr. Kraft in civil contempt of this Court for violating the September 8 Order. *Vaso Pharms.*, 514 B.R. at 422.

13.    The Reorganized Debtor respectfully submits that, as with Mr. Kraft's violation of the August 26 Order, the *Taggart* standard of "no fair ground of doubt" and "no objective reasonable basis" has also been met by the more than "clear and convincing" evidence of Mr. Kraft's willful failure to obey the September 8 Order. *Taggart*, 139 S. Ct. at 1799; *Vaso Pharms.*,

---

[8]    Mr. Kraft also violated the September 8 Order by failing to withdraw his Article III Motion.

514 B.R. at 422.  First and foremost, this Court's September 8 Order leaves no "fair ground of doubt" about whether Mr. Kraft was required to file a pleading dismissing the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation—and was likewise required to withdraw his Article III Motion.  Second, there is no "objective reasonable basis" on which Mr. Kraft may argue that this Court cannot enforce the Confirmation Order against him.  August 26 Order *passim*; *Vaso Pharms.*, 514 B.R. at 421-22.  Moreover, Mr. Kraft has no legal basis upon which to assert that this Court does not have either the subject matter or personal jurisdiction to enforce the Confirmation Order, the August 26 Order, or the September 8 Order.  August 26 Order at ¶ 16 (internal citations omitted) ("bankruptcy courts plainly have jurisdiction to enforce their own injunctions"); September 8 Order at ¶¶ 4-7 (findings of fact supporting First Contempt Motion); First Contempt Motion at ¶ 9 (Court has personal jurisdiction over Mr. Kraft); Fed. R. Civ. P. 12(b); Fed. R. Bankr. P. 7012(b).

***This Court Should Impose a Sanction "Reasonably Calculated" to Motivate Mr. Kraft to Comply with the September 8 Order***

14. This Court may impose sanctions on Mr. Kraft due to his continuing violation of this Court's Confirmation Order, August 26 Order, and September 8 Order.  But as the *Vaso* court stated:

> [T]he Third Circuit advises courts to "apply the least coercive sanction … reasonably calculated to win compliance with its orders."  If compliance is not forthcoming, the initial penalty may be increased, or a new penalty appropriate under the circumstances may be selected.

*Vaso Pharms.*, 514 B.R. at 423 (quoting *In re Grand Jury*, 529 F.2d at 551).  This Court nonetheless has wide discretion to consider the type of sanctions to be imposed, because as the Third Circuit has also stated, the "framing of sanctions for civil contempt is committed to the sound

discretion of the trial court." *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992) (citing internal citations omitted).

15. In its First Contempt Motion, the Reorganized Debtor obeyed these precepts by requesting the Court find Mr. Kraft in contempt due to his continued violation of the Confirmation Order and the August 26 Order—without asking the Court to impose any sanction in the hope that Mr. Kraft would comply the September 8 Order, thereby ending this contested matter. The Court also complied with these precepts by entering its September 8 Order, in which it found Mr. Kraft was in contempt but imposed no sanctions pending Mr. Kraft's future compliance. Mr. Kraft has since, however, adamantly refused to comply with the September 8 Order. *See* Exhibit B, Arizona-Chevron Litigation Docket; Exhibit D (Mr. Kraft's written refusal to comply with the September 8 Order); Exhibit F, Article III Reply; Exhibit G, 9/13 Application for Default; Exhibit H, 9/13 Objection. This leaves the Reorganized Debtor with no choice but to request this Court impose a sanction "reasonably calculated" to motivate Mr. Kraft to promptly comply with the September 8 Order.

16. To be clear, the Reorganized Debtor seeks to end Mr. Kraft's patently frivolous litigation. August 26 Order at ¶¶ 10, 12-14 & 30. In view of Mr. Kraft's obstinate refusal to comply with this Court's September 8 Order and its other orders, his willfully incorrigible refusal to recognize that this Court has properly exercised personal jurisdiction over him, and his equally forward insistence in the face of overwhelming evidence that the Confirmation Order's discharge and injunctive provisions somehow do not apply to him, some sort of coercive sanction is required. The Reorganized Debtor respectfully submits that such a coercive sanction must be forward-looking and sufficiently large enough to motivate Mr. Kraft to abandon his intransigence in as short an order as possible. The Reorganized Debtor therefore recommends that this Court impose

such a forward-looking sanction on Mr. Kraft in the form of a per diem fine of $1,000 per day, payable to the Clerk of the Court, commencing two days after entry of the proposed Order, and accruing until such time as Mr. Kraft has complied with that Order. *See Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994) ("civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard"); *Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Coercive sanctions … look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience"); *In re Markus*, 619 B.R. 552, 573 (Bankr. S.D.N.Y. 2020) ("Compelling payment to the Clerk of the Court is within the inherent authority of the Bankruptcy Court and falls well within the remand order of the District Court"); *see also, e.g.*, *Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC*, Civil Action No. 07-1053, 2011 U.S. Dist. LEXIS 39496, at *28-29 (W.D. Pa. Apr. 12, 2011) (imposing progressive sanctions for civil contempt including a daily fine of $1,000 and potential incarceration until contemnor furnished discovery responses); *Carpenters Health & Welfare Fund of Phila. & Vicinity v. Special Servs. for Bus. & Educ., Inc.*, No. 09-CV-4701, 2011 U.S. Dist. LEXIS 58771, at *7 (E.D. Pa. May 31, 2011) (among other sanctions, $1,000 per diem fine until contemnor turned over documents and payment pursuant to an earlier order of the court); *Beautyman v. Laurent*, No. 17-5804, 2021 U.S. Dist. LEXIS 64695, at *6-7 (E.D. Pa. Apr. 2, 2021) (Per diem sanction of $100 per day imposed for contempt beginning on date certain, and continuing "for each day … [the contemnor] continues to fail to respond to … [the other party's] Interrogatories"); *cf. McDonald's Corp. v. Victory Inv.*,

727 F.2d 82, 87 (3d Cir. 1984) (daily fine predicated on past acts of contempt was found to be more akin to a sanction for criminal contempt when daily fine was imposed for period prior to entry of contempt order and contemnor had purged his contempt by complying with the contempt order the day the order was entered).

17. The Reorganized Debtor respectfully submits that, in view of what the Third Circuit has stated regarding the form of coercive, forward-looking sanctions for civil contempt, as well as what other courts facing similarly intransigent parties have imposed as forward-looking sanctions, this proposed per diem fine permits a contemnor such as Mr. Kraft "to purge the contempt and obtain his release" from the daily fine simply by complying with this Court's orders and obtaining a dismissal of Grace with prejudice from the Arizona-Chevron Litigation without further ado. *Bagwell*, 512 U.S. at 828. To put it another way, the imposition of such a daily fine would mean that Mr. Kraft "'carries the keys of his prison in his own pocket'," which means that he can free himself any time he wants. *Id*.

18. Should Mr. Kraft fail to comply with the proposed Order imposing such a daily fine (the third order of this Court specifically directed at Mr. Kraft), the Reorganized Debtor reserves the right to "ratchet up" the coercion, either through a higher per diem fine or potentially through a requirement that Mr. Kraft attend a hearing of this Court in person to explain why he continues to be in contempt of this Court. September 8, 2021 Hrg. Trans. at 6:14; *Vaso Pharms*., 514 B.R. at 426. The Reorganized Debtor further reserves the right to seek compensatory sanctions. Thus far, it has incurred fees well in excess of $100,000 enforcing the Confirmation Order against Mr. Kraft. Such fees continue to mount with the filing of this Motion, and they will only climb further if Mr. Kraft continues to defy this Court with his senseless litigation over an utterly imaginary cause of action. *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992) (internal citation omitted)

("Compensatory sanctions … must not exceed the actual loss suffered by the party that was wronged"). Finally, the Reorganized Debtor further reserves the right to seek the Court's order to have the United States Marshal bring Mr. Kraft before the Court for incarceration as a last resort. *Id.*; *see also In re Miller*, No. 05-16155, 2007 Bankr. LEXIS 4144, 2007 WL 4322541, at *4 (Bankr. E.D. Pa. Dec. 11, 2007) ("[E]nhanced economic penalties for continued disobedience is adequate as a starting point but with the understanding that there will be a short window for compliance after which incarceration shall result."); *In re May Day Movers, LLC*, No. 20-02621-NPO, 2021 Bankr. LEXIS 1331, at *11-12 (Bankr. S.D. Miss. Jan. 13, 2021) (citing *In re Miller*) ("coercive incarceration is the most severe sanction available for civil contempt, most courts impose incarceration as a last resort").

## NO PRIOR MOTION

19. The Reorganized Debtor has not filed with this or any other court any prior motion seeking the relief sought herein.

## NOTICE

20. Notice of this Reply has been given to: (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Rune Kraft. In light of the nature of the relief requested, the Reorganized Debtor submits that no further notice is required.

**[remainder of this page is intentionally left blank]**

WHEREFORE, the Reorganized Debtor requests the Court enter an order substantially in the form attached hereto: (i) finding that Mr. Kraft is in continuing, willful, and knowing contempt of this Court by reason of having failed to: (a) file an appropriate pleading in the Arizona-Chevron Litigation seeking dismissal of Grace with prejudice in direct violation of this Court's September 8 Order, its August 26 Order, and the Confirmation Order, and (b) file a pleading seeking dismissal of the Article III Motion and the 9/13 Application for Default; (ii) imposing a per diem fine on Mr. Kraft of $1,000 per day, commencing two days after entry of the proposed Order, and continuing until such time as he complies with this Court's order and files such an appropriate pleading; and (iii) granting such other relief as may be appropriate.

Dated: September 17, 2021

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
Telephone: (312) 666-0431

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Reorganized Debtor

**[remainder of this page is intentionally left blank]**