## E<small>XHIBIT</small> A

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | **Re docket no. _____** |
| | ) | **Hearing Agenda item no. _____** |

**ORDER FINDING THAT RUNE KRAFT IS IN CONTEMPT OF THIS COURT BY WILLFULLY AND KNOWINGLY VIOLATING THIS COURT'S CONFIRMATION ORDER AND ITS ORDERS OF AUGUST 26, 2021 [DOCKET NO. 33256] AND SEPTEMBER 8, 2021 [DOCKET NO. 33265] AND IMPOSING SANCTIONS**

Upon consideration of the *Reorganized Debtor's Emergency Motion for an Order Finding That Rune Kraft Is in Contempt of This Court By Willfully and Knowingly Violating This Court's Confirmation Order and Its Orders of August 26, 2021 [Docket No. 33256] and September 8, 2021 [Docket No. 33265] and Imposing Sanctions* [Docket No. 332**] (the "Motion"); it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estates, its creditors, and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances;

---

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining Reorganized Debtor and Case No. 01-1139 is the sole remaining open Grace Chapter 11 Case. All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and after due deliberation and sufficient cause appearing therefor, the Court makes the following FINDINGS OF FACT:

1. This Court's *Order*, entered September 8, 2021 [Docket no. 33265] (the "September 8 Order") requires Mr. Kraft to file a pleading in the Arizona District Court seeking to ["]withdraw his Arizona Article III Motion within two (2) days of entry" of that order, and further requires Mr. Kraft to "comply with the requirement set forth in August 26 Order ¶ 31.a to file a pleading in the Arizona District Court seeking dismissal of the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation."

2. As of the date of entry of this Order, Mr. Kraft has not filed a pleading seeking to withdraw his Article III Motion.

3. As of the date of entry of this Order, Mr. Kraft has not filed a pleading in the Arizona-Chevron Litigation seeking to dismiss the Reorganized Debtor with prejudice from that action.

4. Mr. Kraft had actual knowledge of the entry of the September 8 Order.

5. Mr. Kraft had actual knowledge of the entry of the August 26 Order.

6. Mr. Kraft's filing of his *Application For Entry of Default Against Defendant W.R. Grace & Co.* [DI 83] (the "9/13 Application for Default") in the Arizona-Chevron Litigation violated the August 26 Order (¶ 31.b).

7. Mr. Kraft had no "fair ground of doubt" that his failure to comply with the September 8 Order directly violates that order and is a continuing violation of this Court's Confirmation Order and August 26 Order.

8.     Mr. Kraft had no "objectively reasonable basis for concluding" that failing to comply with the September 8 Order does not violate that order and is not a continuing violation of this Court's Confirmation order and August 26 Order.

9.     Mr. Kraft acted willfully and knowingly in failing to comply with the September 8 Order, the Confirmation Order, and the August 26 Order.

Based upon the foregoing findings of facts, it is hereby ORDERED that:

A.     The Motion is granted in its entirety.

B.     Rune Kraft shall: (i) file a pleading (the "Article III Withdrawal Pleading") in the Arizona District Court seeking to withdraw his Arizona Article III Motion; and (ii) comply with the requirement set forth in August 26 Order ¶ 31.a to file a pleading (the "Dismissal Pleading") in the Arizona District Court seeking dismissal of the Reorganized Debtor with prejudice from the Arizona-Chevron Litigation.

C.     Commencing two (2) days after entry of this Order, Mr. Kraft shall pay to the Clerk of the Court the sum of $1,000 per day for each day elapsing until he has complied with ¶ B of this Order.

D.     Entry of this Order shall not prejudice the right of the Reorganized Debtor to seek sanctions for a violation of this Order or new or continued violations of the Confirmation Order, the August 26 Order, and the September 8 Order, or violations of any other orders of this Court.

E.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order, the September 8 Order and August 26 Order, the filing of the Article III Withdrawal Pleading and Dismissal Pleading, and any subsequent motion for sanctions brought against Mr. Kraft.

F.        This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Fed. R. Bankr. P. 7062, Fed. R. Bankr. P. 9014 or otherwise.

Dated: _____, 2021

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge