# EXHIBIT F

**Kraft Reply in Support of Article III Motion [DI 82]**

Rune Kraft
 rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
 302 408 1000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br>        Plaintiff,<br><br>vs.<br><br>Chevron Corporation, et al.,<br>        Defendants. | Case No. CV-21-00575-PHX-DJH<br><br>The Honorable Diane J. Humetewa<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR THE ARTICLE III COURT TO REVIEW THE ORDER ISSUED BY THE ARTICLE I COURT (DOC. 72)** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

1.  INTRODUCTION ……………………………………..…………………..… 1

2.  FACTS AND PROCEDURAL BACKGROUND ………..…………….…….. 2

    2.1  Status Quo Prior to the Conspiracy, Sham and Fraudulent Transactions …. 2

    2.2  The Conspiracy, Sham and Fraudulent Transactions ……………………… 2

    2.3  The Lawsuit …………………………………………………………….…... 2

3.  ARGUMENT …………………….……………………………..…………....….. 3

    3.1  Federal Courts, Be It Article I Courts or Article III Courts, Obtain
         Personal Jurisdiction Over Persons and Make Them Parties, Through
         the Issuance of a Summons by the Court, Followed by the Service of
         the Summons and a Complaint. W.R. Grace & Co. Has to Date Not
         Undertaken That Required Procedural Step and the Orders from
         the Article I Court Are Nullities Because of Lack of Personal
         Jurisdiction……………………………………………………………….…… 3

    3.2  Kraft Has Informed the Article I Court in Delaware That He Objects
         To Any and All of W.R. Grace & Co.'s Activities Directed Against
         Him at the Article I Court, Which Includes All Procedural Mechanisms
         Used in Such Pursuits, Whether Defined as Contested or Adversarial…..… 6

    3.3  To the Extent that W.R. Grace & Co. Seeks to Adjudicate This
         Controversy at an Article I Court, that Premise Is Unconstitutional.
         Article III Of the Constitution Provides That the Judicial Power of
         the United States May Be Vested Only in Courts Whose Judges
         Enjoy the Protections Set Forth in That Article…………………….……… 6

    3.4  Article I Courts Are Administrators of Claims Made by Creditors
         Against Debtors. Plaintiff Has Never Been a Creditor and a Party in
         W.R. Grace & Co.'s Title 11 Proceeding in Delaware……………..……… 7

    3.5  The Premise That You Can Use One Title 11 Case to Get Away
         with Committing Fraud in Another Title 11 Case Is Perverse, And
         Violates *Stare Decisis*, Serially. …………………………………………... 8

    3.6  W.R. Grace & Co. Is a Thriving Business and This Action Is About
         an Ongoing Conspiracy …………………………………………..……... 11

4.  CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Almendarez-Torres v. United States*,
523 U.S. 224, 237 (1998) ………………………………………………….…. 10

*Ardestani v. INS*,
112 S. Ct. 515, 519 (1991) ……………………………………………… 8, 9

*Beach v. Ocwen Federal Bank*,
523 U.S. 410, 417 (1998) …………………………………………………….. 10

*Caron v. United States*,
524 U.S. 308, 315 (1998) …………………………………………………….. 11

*Clinton v. City of New York*,
524 U.S. 417, 429 (1998) …………………………………………………….. 11

*Cohen v. de la Cruz*,
523 U.S. 213 (1998) ……………………………………………………….. 8

*Connecticut Nat'l Bank v. Germain*,
112 S. Ct. 1146, 1149 (1992) …………………………………………………. 9

*Deal v. United States*,
508 U.S. 129, 132 (1993) …………………………………………………..…. 10

*Estate of Cowart v. Nicklos Drilling Co.*,
112 S. Ct. 2589, 2594 (1992) ……………………………………………..…. 9

*Griffin v. Oceanic Contractors, Inc.*,
458 U.S. 564, 574 (1982) ………...…………………………………………... 11

*Gustafson v. Alloyd Co.*,
513 U.S. 561, 574 (1995) …………………………………………………….. 11

*Hohn v. United States*,
524 U.S. 236, 249 (1998) …………………………………………………….. 11

*In re Harlow Props., Inc.*,
56 B.R. 794, 799 (B.A.P. 9th Cir. 1985) ……………………………………… 5

# TABLE OF AUTHORITIES
(continued)

**Page**

*INS v. Elias-Zacarias*,
   112 S. Ct. 816 (1992) ………………………………………………….…… 9

*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir.1982) ………………………………………………….. 5

*Kawaauhau v. Geiger*,
   523 U.S. 57, 62 (1998) ……………………………………………………….. 11

*King v. St. Vincent's Hospital*,
   112 S. Ct. 570, 574 (1991) ………………………………………………….…… 9

*Lexecon Inc. v. Milberg Weis Bershad Hynes & Lerach*,
   523 U.S. 26, 35 (1998) …………………………………………………………....... 10

*Mackey v. Lanier Collection Agency & Service, Inc.*,
   486 U.S. 825, 837 (1988) …………………………………………………….…... 11

*Northern Pipeline v. Marathon Pipe Line*,
   458 U.S. 50 (1982) …………………………………………………………….…… 6

*Palestine Information Office v. Shultz*,
   853 F.2d 932, 938 (D.C. Cir. 1988) …………………………………………………... 9

*Regions Hospital v. Shalala*,
   522 U.S. 448, 460 n.5 (1998) ………………………………………………….…… 10

*Richards v. United States*,
   369 U.S. 1 (1962) …………………………………………………………….….... 9

*Rubin v. United States*,
   449 U.S. 424, 430 (1981) ……………………………………………………….….. 9

*Ruffing v. Wipro Ltd.*,
   No. 20-5545, 2021 U.S. Dist. LEXIS 59190, at *8 n.3 (E.D. Pa. 2021) ……………... 5

*Ruhrgas AG v. Marathon Oil Co. et al.*,
   526 U.S. 574 (1999) ……………………………………………………………….. 5

# TABLE OF AUTHORITIES
(continued)

**Page**

*Salinas v. United States*,
    522 U.S. 52, 57 (1997) …………………………………………………….. 9, 10

*South Dakota v. Yankton Sioux Tribe*,
    522 U.S. 329, 347 (1998) ……………………………………………….… 11

*Stern v. Marshall*,
    564 U.S. 462 (2011) …………………………………………………….… 6

*Textron Lycoming Reciprocating Engine Div., v. Automobile Workers*,
    523 U.S. 653, 657 (1998) ……………………………………………….… 10

*United Scenic Artists v. NLRB*,
    762 F.2d 1027, 1032 n. 15 (D.C. Cir. 1985) …………………………..…… 9

*United States v. Heirs of Boisdore*,
    8 How. 113, 122 (1849) ……………………………………………….….... 10

*United States v. Albertini*,
    472 U.S. 675, 680 (1985) ……………………………………………….…. 10

*United States v. James*,
    478 U.S. 597, 604 (1986) …………………………………………………..  8

*United States v. Jin Fuey Moy*,
    241 U.S. 394, 401 (1916) …………………………………………………. 10

*United States Nat. Bank of Ore. v. Independent Ins. Agents of America, Inc.*,
    508 U.S. 439, 455 (1993) ……………………………………………….… 10

**STATUTES**

18 U.S.C. §§ 1961 et seq …………………………………………….……… passim

18 U.S.C. § 1961(1)(D) ………………………………..…………………..… passim

18 U.S.C. § 1964 (a) …………………………………………………………. 2

18 U.S.C. § 1964 (c) ………………………………………………………….. 2

# TABLE OF AUTHORITIES
## (continued)

| | Page |
|---|---|
| 28 U.S.C. § 157(b)(2)(C) | 6 |
| California Business & Professions Code §§ 16600 et seq. | 1 |
| California Business & Professions Code § 16750(a) | 2 |
| California Business & Professions Code §§ 17000 et seq. | 1 |
| California Business & Professions Code § 17070 | 2 |
| California Business & Professions Code § 17082 | 2 |

**RULES**

| | |
|---|---|
| Federal Rules of Bankruptcy Procedure, Rule 7004 | 3 |
| Federal Rules of Bankruptcy Procedure, Rule 9014 | 3 |
| Federal Rules of Civil Procedure, Rule 4 | 3 |
| Local Rules, U.S. Bankruptcy Court District of Delaware, Rule 1007-2 | 4 |
| Local Rules, U.S. Bankruptcy Court District of Delaware, Rule 1015-1 | 4 |
| Local Rules, U.S. Bankruptcy Court District of Delaware, Rule 3003-1 | 4 |
| Local Rules, U.S. Bankruptcy Court District of Delaware, Rule 3022-1 | 5 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Collier on Bankruptcy (16th ed. 2010) | 7 |

## 1. INTRODUCTION

The plaintiff in this action invoked the jurisdiction of an Article III court by seeking civil relief under 18 U.S.C. §§ 1961 et seq., relief under the California Cartwright Act (Sections 16600 et seq. of the California Business & Professions Code) and relief under the California Unfair Practices Act (Section 17000 et seq. of the California Business & Professions Code) based on injuries to his business and property caused by ongoing fraudulent schemes.

The operative complaint (Doc. 1) alleges that various defendants are engaging in an ongoing conspiracy for the purpose of keeping him out of the concrete market in Tulare County, Kings County and Fresno County, California (the "relevant market"), including by taking and using his property. Kraft sued numerous parties allegedly involved in the ongoing conspiracy, the sham transactions, and the fraudulent transactions. At this time, several named defendants have not yet been served with the summons and complaint. Some defendants have filed motions to dismiss. Some defendants, including defendant W.R. Grace & Co., have failed to plead or otherwise defend as required by FRCP 12(a)(1).

Essentially, W.R. Grace & Co. argues that Plaintiff cannot bring this action against it because it is a reorganized debtor from a Chapter 11 case that was initiated on April 2, 2001, as a result of asbestos claims, and concluded on February 3, 2014, with a Joint Plan of Reorganization.

Plaintiff asserts that nowhere in the Constitution does an Article I court receive the authority to adjudicate the claims he has brought against W.R. Grace & Co. at this Article III court. As to the issue of binding him to the Joint Plan of Reorganization, he contends that he could not "vote and object to the Plan" in 2002 and/or 2009 when he knew of his injury in 2017, and that the Article I court has no jurisdiction over him. He further doubts that Congress intended for corporations to be able to avoid 18 U.S.C. § 1961(1)(D) through another case under title 11. Plainly, such a premise hollows out this federal criminal statute with the perverse consequence of using one title 11 case to get away with committing fraud in another title 11 case. Finally, he maintains that W.R. Grace & Co. is a thriving business listed on the New York Stock Exchange with a market capitalization of $ 4.62 billion, and that this global specialty chemical and materials company, which is about to go private in a $ 7 billion transaction, is part of ongoing conspiracy.

## 2. FACTS AND PROCEDURAL BACKGROUND

### 2.1 Status Quo Prior to the Conspiracy, Sham and Fraudulent Transactions

Plaintiff's companies perfected a low-cost system for manufacturing concrete and delivering it to their customers' construction sites. Plaintiff had operations at 8 locations and had a business plan for expanding to 30 additional locations where he expected to quickly obtain a minimum 20% market share as the lowest cost producer in the region. Complaint ¶ 32.

### 2.2 The Conspiracy, Sham and Fraudulent Transactions

The California cement market is dominated by the multiple U.S. subsidiaries of three large families of affiliated companies headed by the parent company of Defendant Cemex, Cemex S.A.B. de C.V. ("Cemex"), a Mexican corporation, the parent company of Defendant Lehigh Hanson, Heidelberg Cement AG, a German corporation, and Taiheiyo Cement Corporation, a Japanese corporation (together, the "cement cartel"). The members of the cement cartel have combined to unreasonably restrain trade in the sale of cement to concrete manufacturers that are unaffiliated with the cartel ("independent concrete producers"). Complaint ¶ 33. Plaintiff believes that the defendants who committed wrongdoings in this judicial district, described in Section 4.3 of the Complaint, were lured by the cement cartel to take part in a conspiracy to keep Plaintiff out of the concrete market in the relevant market. Therefore, the wrongful acts committed by the non-cement cartel members in this action are entangled with the Defendant Cemex's and Defendant Lehigh Hanson's operation of the cement cartel. Sections 4.1, 4.3, 5 and 6 of the Complaint.

### 2.3 The Lawsuit

On April 2, 2021, Kraft filed the underlying lawsuit against the defendants "and DOES" to have the district court order: (1) that any transactions, including derivative transactions that has injured Plaintiff in his business and property are invalidated based on the district court's authority pursuant to 18 U.S.C. § 1964 (a); and (2) that the Plaintiff shall recover threefold the damages he has sustained, and the cost of the suit based on 18 U.S.C. § 1964 (c) and California Bus. & Prof. Code §§ 16750(a), 17070, 17082. Doc. 1. In July some defendants filed motions to dismiss under Rule 12(b) and W.R. Grace & Co. initiated a contested matter proceeding at the Article 1 court.

# 3. ARGUMENT

**3.1 Federal Courts, Be It Article I Courts or Article III Courts, Obtain Personal Jurisdiction Over Persons and Make Them Parties, Through the Issuance of a Summons by the Court, Followed by the Service of the Summons and a Complaint. W.R. Grace & Co. Has to Date Not Undertaken That Required Procedural Step and the Orders from the Article I Court Are Nullities Because of Lack of Personal Jurisdiction.**

Kraft has to date not been served with a summons and complaint from the Article I court that administered W.R. Grace & Co.'s title 11 proceeding in Delaware from April 2, 2001 to February 3, 2014. United States Bankruptcy Court for the District of Delaware, In re W.R. Grace & Co. *et al.*, Bankruptcy No. 01-1139 (JKF).

The rules governing how an Article I court establishes personal jurisdiction over a person are the same as at an Article III court. Federal Rules of Bankruptcy Procedure, Rule 7004 is based on Federal Rules of Civil Procedure, Rule 4.

Plaintiff's motion declares:

> I have never submitted a proof of claim in this action. I have never been a creditor in this action. I have never taken part in any of the activities that have taken place at this **Article I court**.

> Doc. 73 at 2

Federal Rules of Bankruptcy Procedure, Rule 9014 states:

> Rule 9014. Contested Matters
> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

> Federal Rules of Bankruptcy Procedure, Rule 9014

The rule applies to parties, "the party against whom relief is sought". FRBP 9014

A party is a person who is under the personal jurisdiction of a court, which requires the issuance of a summons, followed by the service of the summons and a complaint or the execution of a waiver of service. Kraft is not a party in W.R. Grace & Co.'s title 11 case in Delaware: he

submitted no claims, the court never issued a summons, no complaint was filed, and there was no service of a summons or the execution of a waiver of service.

The Local Rules for the United States Bankruptcy Court District of Delaware consistently references "party" and "parties" and has a process for persons who want to become parties, *e.g.*:

> Rule 1007-2 List of Creditors/Mailing Matrix.
>
> (a) In all voluntary cases, the debtor shall file with the petition a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures.
>
> Rule 1007-2, Delaware Bankruptcy Court
>
> Rule 1015-1 Joint Administration of Cases Pending in the Same Court. An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.
>
> Rule 1015-1, Delaware Bankruptcy Court
>
> Rule 3003-1 Proofs of Claim in Chapter 11 Cases.
> (a) Claims Agent Appointed. Any entity filing a proof of claim in a chapter 11 case shall file the original and one (1) copy of the proof of claim with the claims agent and shall serve a copy on the trustee, if any, unless the claims agent accepts claims electronically, in which case only the electronically filed claim shall be submitted.
> (b) No Claims Agent Appointed. Any entity filing a proof of claim in a chapter 11 case, where there is no claims agent appointed, shall file the proof of claim with the Clerk's Office.
> (i) When filing a paper claim, the entity shall file the original proof of claim and one (1) copy and shall serve a copy on the trustee, if any. Any entity that files a proof of claim by mail and wishes to receive a clocked-in copy by return mail must include an additional copy of the proof of claim and a self-addressed, postage-paid envelope.
> (ii) Claims submitted through a court-approved electronic claims filing system are considered the original proof of claim. Additional copies for the Clerk and trustee are not required. Electronic claims shall be served on the debtor, if *pro se*.
>
> Rule 3003-1, Delaware Bankruptcy Court

1  Kraft never participated in any of these procedural due process of law sequences.

2  And Kraft also never participated in the Joint Plan of Reorganization:

>   Rule 3022-1 Closing of Chapter 11 Cases
>   (a) Motion. Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.
>   (b) Service. A motion for the entry of a final decree shall be served upon the debtor, the trustee, if any, the United States Trustee, all official committees and all creditors who have filed a request for notice under Fed. R. Bankr. P. 2002 and Local Rule 9013-1, at least twenty-one (21) days prior to the hearing on the motion.
>   (c) Final Report. The debtor (or trustee, if any) shall file a final report and account on or before fourteen (14) days prior to the hearing on any motion to close the case.
>   (d) Discharge. In a case in which the debtor is an individual, upon completion of plan payments, debtor and debtor's counsel shall file with the Court a motion for entry of a discharge and a Certification, substantially in the form of Local Form 104A, in order to comply with 11 U.S.C. § 1141 and obtain a discharge.

Rule 3022-1, Delaware Bankruptcy Court

W.R. Grace & Co. cites *In re Harlow Props., Inc.*, 56 B.R. 794, 799 (B.A.P. 9th Cir. 1985), but that ruling states that "Without service in conformity with Bankruptcy Rule 7004, the court had no personal jurisdiction. *See, Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir.1982) (applying Federal Rule of Civil Procedure 4)".

And it also cites *Ruffing v. Wipro Ltd.*, No. 20-5545, 2021 U.S. Dist. LEXIS 59190, at *8 n.3 (E.D. Pa. 2021) when in that case the court proclaimed that serving a summons or filing a waiver pf service establishes personal jurisdiction.

Both case law citations made by W.R. Grace & Co. unequivocally supports Kraft's legal position. Kraft has never been served with a summons and complaint from the Article I court and the Article I court does not have personal jurisdiction over him.

The Article I court lacks jurisdiction and thus the power to do anything. Jurisdiction is power to declare the law, and without jurisdiction the judges cannot proceed at all in any cause. *Ruhrgas AG v. Marathon Oil Co. et al.*, 526 U.S. 574 (1999).

The orders issued by the Article I court are nullities. Docs. 73-1 and 78-1.

**3.2 Kraft Informed the Article I Court in Delaware That He Did Not Consent to Any and All of W.R. Grace & Co.'s Activities Directed Against Him at the Article I Court, Which Includes All Procedural Mechanisms Used in Such Pursuits, Whether Defined as Contested or Adversarial.**

As shown in the motion, Kraft informed the Article I court that he objected to all of W.R. Grace & Co.'s activities directed against him at the Article I court, which includes all procedural mechanisms used in such pursuits, whether defined as contested or adversarial. Document 73, Affidavit of Rune Kraft.

**3.3 To the Extent that W.R. Grace & Co. Seeks to Adjudicate This Controversy at an Article I Court, that Premise Is Unconstitutional. Article III Of the Constitution Provides That the Judicial Power of the United States May Be Vested Only in Courts Whose Judges Enjoy the Protections Set Forth in That Article.**

Before this court is a common law tort claim.

Article III of the Constitution provides the judicial power to adjudicate such claims to Article III judges, not bankruptcy judges or Article I judges.

> Although the history of this litigation is complicated, its resolution ultimately turns on very basic principles. Article III, §1, of the Constitution commands that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." That Article further provides that the judges of those courts shall hold their offices during good behavior, without diminution of salary. *Ibid.* Those requirements of Article III were not honored here. The Bankruptcy Court in this case exercised the judicial power of the United States by entering final judgment on a common law tort claim, even though the judges of such courts enjoy neither tenure during good behavior nor salary protection. We conclude that, although the Bankruptcy Court had the statutory authority to enter judgment on Vickie's counterclaim, it lacked the constitutional authority to do so.

*Stern v. Marshall*, 564 U.S. 462 (2011)

Further see *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982). A bankruptcy judge may issue a final judgment in a proceeding only if the matter both "meets Congress' definition of a core proceeding *and* arises under or arises in title 11", adding that although the Supreme Court had concluded that 28 U.S.C. § 157(b)(2)(C) permitted the bankruptcy court to enter final judgment, Article III of the Constitution did not.

**3.4 Article I Courts Are Administrators of Claims Made by Creditors Against Debtors. Plaintiff Has Never Been a Creditor and a Party in W.R. Grace & Co.'s Title 11 Proceeding in Delaware.**

Bankruptcy judges are Article I judges whose offices are created under the U.S. Constitution, Article 1m § 8, which authorizes Congress to constitute tribunals inferior to the Supreme Court. Bankruptcy courts are referred to as "legislative courts" as opposed to Article III courts that derive their powers from Article III of the Constitution.

There are differences between Article III judges and bankruptcy judges and their service on the bench. Article III judges have lifetime tenure, and their compensation cannot be diminished. The President appoints Article III judges, and the Senate confirms them. Bankruptcy judges, however, serve for 14 years and can be removed from office for incompetence, misconduct, neglect of duty, or physical or mental disability. Moreover, a bankruptcy judge's salary is determined under § 225 of the Federal Salary Act of 1967. Unlike district court judges, bankruptcy judges do not enjoy lifetime tenure for good behavior or salary protection.

District courts have original jurisdiction over all bankruptcy cases and adversary proceedings. District courts may "refer" bankruptcy cases to bankruptcy judges and generally do so through "orders of reference." As such, bankruptcy judges are considered an arm of the district court and can only hear cases that a district court refers to them. Stated differently, bankruptcy courts have no independent jurisdiction to consider bankruptcy matters other than what flows from district court. Bankruptcy judges may rely on statutory authority from Title 28 of the United States Code, the Bankruptcy Code (Title 11 of the United States Code), the Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and any local rules the court may adopt in rendering their decisions. Like district court judges, bankruptcy judges may formulate federal common law. Bankruptcy courts are known as courts of equity, although a bankruptcy judge's equitable powers are limited to those conferred by a statute.

W.R. Grace & Co.'s assets came under the jurisdiction of the Article I court upon the initiation of the Chapter 11 filing on April 2, 2001. The core of the federal bankruptcy power is the restructuring of debtor-creditors relations. Collier on Bankruptcy ¶3.02[2], p. 3–26, n. 5 (16th ed. 2010).

The Article I court lost that jurisdiction on February 3, 2014, with a Joint Plan of Reorganization.

Plaintiff's motion declares:

> I have never submitted a proof of claim in this action. I have never been a creditor in this action. I have never taken part in any of the activities that have taken place at this **Article I court**.

Doc. 73 at 2

### 3.5 The Premise That You Can Use One Title 11 Case to Get Away with Committing Fraud in Another Title 11 Case Is Perverse, And Violates *Stare Decisis*, Serially.

The Article I court in Delaware is essentially proclaiming … "hey, have you committed a criminal violation in a title 11 proceeding, file for bankruptcy in Delaware because we will pardon such conduct".

Really?

Further, the Supreme Court has unambiguously stated "We, however, will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure" *Cohen v. de la Cruz*, 523 U.S. 213 (1998).

Plaintiff highly doubts Congress intended for corporations to be able to use one title 11 case to get away with committing fraud in another title 11 case. Such a statutory interpretation of 18 U.S. Code § 1961(1)(D), which makes any offense involving fraud connected with a case under title 11 a crime, violates *stare decisis*.

18 U.S. Code § 1961(1)(D) declares:

> As used in this chapter— (1) "racketeering activity" means (D) any offense involving fraud connected with a case under title 11.

18 U.S. Code § 1961(1)(D)

Pursuant to *stare decisis*, priority is to be afforded to the statutory text and its plain meaning. "The starting point in statutory interpretation is 'the language [of the statute] itself.'" *Ardestani v. INS*, 112 S. Ct. 515, 519 (1991) (quoting *United States v. James*, 478 U.S. 597, 604 (1986). "The 'strong presumption' that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstance' * * * when a contrary legislative

8

REPLY IN SUPPORT OF PLAINTIFF'S MOTION (DOC. 72)
Case No. CV-21-00575-PHX-DJH

intent is clearly expressed." *Ardestani* (citations omitted). "When we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." *King v. St. Vincent's Hospital*, 112 S. Ct. 570, 574 (1991) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)). "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 112 S. Ct. 2589, 2594 (1992). "It is the duty of the courts to enforce the judgment of the Legislature, however much we might question its wisdom or fairness. Often we have urged the Congress to speak with greater clarity, and in this statute it has done so. If the effects of the law are to be alleviated, that is within the province of the Legislature." *Estate of Cowart*. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (citations omitted).

Pursuant to *stare decisis*, statutes are to be construed by giving words their ordinary meaning. "In construing statutes, 'we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *INS v. Elias-Zacarias*, 112 S. Ct. 816 (1992) (quoting *Richards v. United States*, 369 U.S. 1 (1962)). Accord *Ardestani*. It is a "basic principle of statutory construction that words are ordinarily to be given their 'plain meaning.'" *Palestine Information Office v. Shultz*, 853 F.2d 932, 938 (D.C. Cir. 1988). Although neither the statute nor the governing regulation defines "reimbursement", it is well-established that "'words should be given their common and approved usage.'" *United Scenic Artists v. NLRB*, 762 F.2d 1027, 1032 n. 15 (D.C. Cir. 1985).

In principle, the Article I court in Delaware is proclaiming, we have the power to pardon criminal conduct, which violates *stare decisis*. "Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language. Only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." *Salinas v. United States*, 522 U.S. 52, 57 (1997) (internal quotation marks, citations, and brackets omitted). "No rule of construction, however, requires that a penal statute be strained and distorted in order to exclude conduct clearly intended to be within its scope." *Salinas*

9

(quotation omitted). "If we do our job of reading the statute whole, we have to give effect to this plain command, * * * even if doing that will reverse the longstanding practice under the statute and the rule * * *." *Lexecon Inc. v. Milberg Weis Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (citations omitted). "The language is straightforward, and with a straightforward application ready to hand, statutory interpretation has no business getting metaphysical." *Lexecon*. Where statutory meaning is clear, court need not "resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417 (1998).

Pursuant to *stare decisis*, statutes should be construed to avoid constitutional issues. "'Statutes should be construed to avoid constitutional questions, but this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature.'" *Salinas* (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)). "As Justice Holmes said long ago: 'A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.'" *Almendarez-Torres v. United States*, 523 U.S. 224, 237 (1998) (quoting *United States v. Jin Fuey Moy*, 241 U.S. 394, 401 (1916)).

Pursuant to *stare decisis*, statutes should be construed as a whole. ""In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."" *Regions Hospital v. Shalala*, 522 U.S. 448, 460 n.5 (1998) (quoting *United States Nat. Bank of Ore. v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 455 (1993), and *United States v. Heirs of Boisdore*, 8 How. 113, 122 (1849)). It is a "central tenet of interpretation" that "a statute is to be considered in all its parts when construing any one of them." *Lexecon*.

Pursuant to *stare decisis*, statutes should be construed in context. "[I]t is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" *Textron Lycoming Reciprocating Engine Div., v. Automobile Workers*, 523 U.S. 653, 657 (1998) (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993)).

Pursuant to *stare decisis*, statutes should be construed to avoid surplusage. "[T]he Court avoids interpreting statutes in a way that 'renders some words altogether redundant.'" *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 347 (1998) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 574 (1995). "'[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.'" *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) (quoting *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837 (1988)). "We are reluctant to adopt a construction making another statutory provision superfluous." *Hohn v. United States*, 524 U.S. 236, 249 (1998).

The law as pronounced by the Article I court in Delaware produce absurd and bizarre results, which violate *stare decisis*. "Rather than read the saving clause in a manner that eviscerates the agreement in which it appears, we give it a sensible construction that avoids this absurd conclusion." *South Dakota* (internal quotation marks omitted). [Where either of two alternate readings of statute creates incongruities, the Court declines to adopt reading that yields "bizarre" result contrary to a likely and rational congressional policy.] *Caron v. United States*, 524 U.S. 308, 315 (1998). "Acceptance of the Government's new-found reading of [the statutory provision] 'would produce an absurd and unjust result which Congress could not have intended.'" *Clinton v. City of New York*, 524 U.S. 417, 429 (1998) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 574 (1982)).

Thus, the Article I court's premise, if you are a corporation the text of 18 U.S. Code § 1961(1)(D) becomes meaningless if you have and/or initiate another case under title 11, perverts the work of Congress, and is a premise that violates *stare decisis*, in succession.

### 3.6 W.R. Grace & Co. Is a Thriving Business and This Action Is About an Ongoing Conspiracy

W.R. Grace & Co. is a thriving business listed on the New York Stock Exchange with a market capitalization of $ 4.62 billion. https://www.nyse.com/quote/XNYS:GRA

It is about to go private in a $ 7 billion transaction. https://investor.grace.com/news/news-details/2021/Standard-Industries-Holdings-to-Acquire-Grace/default.aspx

This action is about an ongoing conspiracy.

## 4. CONCLUSION

The Court should either disregard the Order or order the Article I court to stop interfering with this action.

Respectfully submitted on this 12th day of September 2021.

_____

Plaintiff