# E<small>XHIBIT</small> H

**Objection. 9.13.2021 [DI 84]**

1  Rune Kraft
      rk@kraft.legal
2  Kraft Legal | United States
3  108 West 13th Street
   Wilmington, Delaware 19801
4    302 408 1000

5

6
                    UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA

8

9  Rune Kraft,                          Case No. CV-21-00575-PHX-DJH
10           Plaintiff,
                                        The Honorable Diane J. Humetewa
11 vs.

12 Chevron Corporation, et al.,         **OBJECTION. 9.13.2021**
13           Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

1. INTRODUCTION ………………………………….……..………………..… 1

2. FACTS AND PROCEDURAL BACKGROUND ………..…...…………....…. 1

    2.1 Status Quo Prior to the Conspiracy, Sham and Fraudulent Transactions …. 1

    2.2 The Conspiracy, Sham and Fraudulent Transactions ………………………. 1

    2.3 The Lawsuit …………………………………………………………………... 2

3. THE OBJECTIONS ……………………….……………….…...…………….....… 2

    3.1 The Singular Purpose of This Court Is to Resolve Controversies………….. 2

    3.2 Federal Rules of Civil Procedure, Rule 1 Commands United States District Courts to Resolve Controversies by Construing, Administering and Employing These Rules to Secure the Just, Speedy, and Inexpensive of Every Action and Proceeding ……………………………………….. 3

    3.3 The Article III Judge Maybe Portrayed as a "Rising Star" In the Federal Judicial Apparatus, But the Public Has No Use for Her Grandstanding Manners and Making the Controversy About Her Perceived Powers, Rather Than Earnestly and in Good Faith Discharging the Lawful Powers of the United States District Court and Working Towards Resolving the Controversy…………………………………………………… 4

4. CONCLUSION ………..……………..………………………...……………...….. 5

# TABLE OF AUTHORITIES
**Page**

**CASES**

*Bankers Trust Co v Mallis,*
　　435 US 381 (1978) ………………………………………………………………………. 3

*Nelson v Adams USA, Inc,*
　　529 US 460, 465 (2000) ………………………………………………………………… 3

**STATUTES**

18 U.S.C. §§ 1961 et seq ………………………………………………………..……….. 1

18 U.S.C. § 1964 (a) …………………………………………………………………….. 2

18 U.S.C. § 1964 (c) …………………………………………………………………….. 2

California Business & Professions Code §§ 16600 et seq. ……………………………….…… 1

California Business & Professions Code § 16750(a) …………………………………….. 2

California Business & Professions Code §§ 17000 et seq. ……………………………….… 1

California Business & Professions Code § 17070 …………………………………………. 2

California Business & Professions Code § 17082 ………………………………………... 2

**RULES**

Federal Rules of Civil Procedure, Rule 1 ……………………………………………………… 3

# 1. INTRODUCTION

The plaintiff in this action invoked the jurisdiction of an Article III court by seeking civil relief under 18 U.S.C. §§ 1961 et seq., relief under the California Cartwright Act (Sections 16600 et seq. of the California Business & Professions Code) and relief under the California Unfair Practices Act (Section 17000 et seq. of the California Business & Professions Code) based on injuries to his business and property caused by ongoing fraudulent schemes.

The operative complaint (Doc. 1) alleges that various defendants are engaging in an ongoing conspiracy for the purpose of keeping him out of the concrete market in Tulare County, Kings County and Fresno County, California (the "relevant market"), including by taking and using his property. Kraft sued numerous parties allegedly involved in the ongoing conspiracy, the sham transactions, and the fraudulent transactions. At this time, several named defendants have not yet been served with the summons and complaint. Some defendants have filed motions to dismiss. Some defendants have failed to plead or otherwise defend as required by FRCP 12(a)(1).

# 2. FACTS AND PROCEDURAL BACKGROUND

### 2.1 Status Quo Prior to the Conspiracy, Sham and Fraudulent Transactions

Plaintiff's companies perfected a low-cost system for manufacturing concrete and delivering it to their customers' construction sites. Plaintiff had operations at 8 locations and had a business plan for expanding to 30 additional locations where he expected to quickly obtain a minimum 20% market share as the lowest cost producer in the region. Complaint ¶ 32.

### 2.2 The Conspiracy, Sham and Fraudulent Transactions

The California cement market is dominated by the multiple U.S. subsidiaries of three large families of affiliated companies headed by the parent company of Defendant Cemex, Cemex S.A.B. de C.V. ("Cemex"), a Mexican corporation, the parent company of Defendant Lehigh Hanson, Heidelberg Cement AG, a German corporation, and Taiheiyo Cement Corporation, a Japanese corporation (together, the "cement cartel"). The members of the cement cartel have combined to unreasonably restrain trade in the sale of cement to concrete manufacturers that are

unaffiliated with the cartel ("independent concrete producers"). Complaint ¶ 33. Plaintiff believes that the defendants who committed wrongdoings in this judicial district, described in Section 4.3 of the Complaint, were lured by the cement cartel to take part in a conspiracy to keep Plaintiff out of the concrete market in the relevant market. Therefore, the wrongful acts committed by the non-cement cartel members in this action are entangled with the Defendant Cemex's and Defendant Lehigh Hanson's operation of the cement cartel. Sections 4.1, 4.3, 5 and 6 of the Complaint.

**2.3 The Lawsuit**

On April 2, 2021, Kraft filed the underlying lawsuit against the defendants "and DOES" to have the district court order: (1) that any transactions, including derivative transactions that has injured Plaintiff in his business and property are invalidated based on the district court's authority pursuant to 18 U.S.C. § 1964 (a); and (2) that the Plaintiff shall recover threefold the damages he has sustained, and the cost of the suit based on 18 U.S.C. § 1964 (c) and California Bus. & Prof. Code §§ 16750(a), 17070,17082. Doc. 1. In July some defendants filed motions to dismiss under Rule 12(b) and one defendant efforted to have the matter adjudicated at an Article 1 court.

### 3. THE OBJECTIONS

**3.1  The Singular Purpose of This Court Is to Resolve Controversies.**

Article III, Section 2, Clause 1 of the Constitution states:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

Article III, Section 2, Clause 1 of the United States Constitution

The singular purpose of this court is to resolve controversies, which the Court has shown consistently and continuously no interest in.

**3.2 Federal Rules of Civil Procedure, Rule 1 Commands United States District Courts to Resolve Controversies by Construing, Administering and Employing These Rules to Secure the Just, Speedy, and Inexpensive of Every Action and Proceeding.**

Rule 1 of Federal Rules of Civil Procedure states:

> Scope and Purpose
>
> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

As the Supreme Court has stated: "[t]he Federal Rules of Civil Procedure are to be construed to secure the just, speedy, and inexpensive determination of every action," See *Bankers Trust Co v Mallis*, 435 US 381, 386–87 (1978), quoting FRCP 1. See also *Nelson v Adams USA, Inc*, 529 US 460, 465 (2000).

FRCP 1 was amended in 2015 with the following Committee Notes:

> Committee Notes on Rules—2015 Amendment
>
> Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with — and indeed depends upon — cooperative and proportional use of procedure.
> This amendment does not create a new or independent source of sanctions. Neither does it abridge the scope of any other of these rules.

At every single point and whenever an opportunity has presented itself, the Court has sought to insert obstacles to resolve the controversy:

1. Plaintiff communicated to the court that he had been acting cautiously and responsibly in serving all the defendants due to the global pandemic conditions, and he asked for a 30-day extension to serve some of the defendants. The Court responded no. That issue would have been resolved 1.5 months ago, and due to the Court's stance, it is still not resolved. Bringing all the right parties before the Court as speedily as possible is obviously essential to resolving the controversy.

2. Plaintiff communicated to the court that his use of the court is both a constitutional right and statutory law, and rests on *stare decisis*. The Court responded no. That issue should never even have been brought into this action. Allowing Plaintiff to make court filings, enter facts and apply law to the facts, is obviously fundamental to resolving the controversy.

3. In the meantime, none of the Defendants have to date entered a single fact into the records of the Court to refute Plaintiff's claims against them. Rather, they have been preoccupied with trying to slander Plaintiff's good name and bringing in false, fraudulent and irrelevant matters. The Court responded: "let's stir the pot". Making the controversy about the controversy is obviously foundational to resolving the controversy.

The conduct by the Article III court is wholly inconsistent with Rule 1 of Federal Rules of Civil Procedure

**3.3 The Article III Judge Maybe Portrayed as a "Rising Star" In the Federal Judicial Apparatus, But the Public Has No Use for Her Grandstanding Manners and Making the Controversy About Her Perceived Powers, Rather Than Earnestly and in Good Faith Discharging the Lawful Powers of the United States District Court and Working Towards Resolving the Controversy.**

To date, the Article III judge assigned to this case has neither demonstrated any interest in working towards resolving the controversy, nor the competency and ability to tackle the legal issues before the Court. Rather, she has demonstrated an attitude of petulance and pretentiousness i.e., "let me show you have much power I now have and how I can mess around with this controversy".

The matter before the Court is controversy. The judicial powers of the Court should be applied towards resolving the controversy, not providing a stage for the Article III judge to show off.

That the Article III judge is a Native American and were reportedly considered by President Donald Trump to fill the Supreme Court vacancies of both Justice Antonin Scalia and Justice Ruth Bader Ginsburg, [Diane Humetewa - Wikipedia](https://en.wikipedia.org/wiki/Diane_Humetewa), is irrelevant and does not provide any basis for the use of her Article III powers in the manner that she does.

Instead, her conduct in this action raise, how in the world did she come on any "short lists for Supreme Court of the United States vacancies? She has not demonstrated a judicial demeanor

befitting an Article III judge, which in America are persons with enormous powers, at least temporarily. And she has not established the mental prowess to understand and decide the to date basic and elementary issues of law before her.

## 4. CONCLUSION

The Article III judge has made a complete mess of this action, and the conduct is totally unacceptable to Plaintiff, and anybody who comes before this Court with controversies and value their time.

Respectfully submitted on this 13th day of September 2021.

_____

Plaintiff