Autry Earl Barney
517 Cherry Ave.
Jackson, Alabama 36545-3607

**FILED**

2021 DEC -9 AM 9:36

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

December 3, 2021

United States Bankruptcy Court
824 Market Street North, 3rd Floor
Wilmington, DE 19801

PLAINTIFF

(251)-589-9661
CIVIL ACTION NO. 01-1139

WRG Asbestos PI Trust
P.O. Box 1390
Wilmington, DE 19899-1390
(800)708-8925

DEFENDANT

PLAINTIFF ORDER MOTION FOR SETTLEMENT RELIEF

RE: WRG Asbestos PI Trust Claim No. 38553519

To whom it concern:

Pursuant to Sections 524(g) and Section 101(5) of the Bankruptcy Code. The Bankruptcy Court or the District Court, shall have exclusive jurisdiction over any matter arising under the Bankruptcy Code. Any matter arising in or related to the Chapter 11 Case, the Plan or the WRG Asbestos PI Trust.

The Bankruptcy Court made a ruling that this trust WRG Asbestos PI Trust. To pay for all asbestos exposure. This trust is giving me the run around.

Respectfully Submitted,
Autry Earl Barney Pro Se.

*Autry Earl Barney pro Se.*

## CERTIFICATR OF SERVICE

This is to certify that I, Autry Earl Barney, have this day mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing document to the following with notice to counsel:

Philip E. Milch
CAMPBELL and LEVINE
310 Grant Street, Suite 1700
Pittsburgh, PA 15219-2399

Roger J. Higgins
THE LAW OFFICES OF ROGER HIGGINS, LLC
516 N. Ogden Avenue
Suite 136
Chicago, IL 60642
(312)480-1984

James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302)652-4100

This the __3__ day of __December__, __2021__

*Autry Earl Barney pro se*
AUTRY EARL BARNEY PRO SE.

Autry Earl Barney
517 Cherry Ave.
Jackson, Alabama 36545-3607
(251)589-9661

222 Delaware Avenue, Suite 1620  
Wilmington, DE 19801  
Telephone: 302-426-1900  
Facsimile: 302-426-9947

MARLA R. ESKIN • meskin@camlev.com

Attorneys at Law

January 5, 2021

The Honorable Ashley M. Chan  
United States Bankruptcy Judge  
824 Market Street North, 3rd Floor  
Wilmington, DE 19801

Re: In re: W.R. Grace & Co., et al., Reorganized Debtors  
Chapter 11 - Case No. 01-1139 (AMC)  
Letter Motion filed by Autry Earl Barney at Docket No. 33170

Dear Judge Chan:

This firm represents the WRG Asbestos PI Trust (the "Trust"). We are in receipt of the letter motion (the "Letter") filed by Mr. Autry Earl Barney on December 3, 2020 at docket number 33170. Attached to the Letter is a copy of the WRG Asbestos PI Trust Proof of Claim Form (the "Claim Form"). We are also in receipt of the "Notice of Telephonic Status Hearing on January 8, 2021, at 10:00 A.M. Before the Honorable Ashley M. Chan" (the "Hearing"), which was filed at docket number 33171.

We are writing to confirm that Mr. Barney has submitted a claim with the Trust. The claim was timely reviewed pursuant to the WRG Asbestos PI Trust Distribution Procedures. On December 9, 2020, based upon that initial review, a letter was sent to Mr. Barney advising that certain sections of the Claim Form were not completed. Later, on **December 31, 2020**, this firm sent a follow up letter to Mr. Barney, advising of additional deficiencies.

The undersigned plans to participate in the Hearing and will be available to address any questions from Your Honor.

Respectfully submitted,

Marla. R. Eskin

MRE/mth

cc: Mr. Autry Earl Barney (Via Federal Express)

{C1142134.1}

CERTIFICATE OF SERVICE

I, Autry Earl Barney, do hereby certify that I have this day mailed by United States mail, postage prepaid, and by Certified mail, Return Receipt Requested, a true and correct copy of the foregoing Notice to WRG Asbestos PI Trust, P.O. Box 1390, Wilmington, Delaware 19899-1390

Dated, this January 4, 2021

By *Autry Earl Barney Pro Se.*
Autry Earl Barney /Pro Se.

Autry Earl Barney
517 Cherry Ave.
Jackson, AL 36545-3607
(251)589-9661

WRG Asbestos PI Trust

Affidavit of Exposure

State of Alabama

Claimant SSN: 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

County of Clarke

1. My name is <u>Autry Earl Barney</u> I am over the age of 18 and I am legally competent to make the factual assertions set forth

2. I worked as a <u>Shipfitter</u> at the jobsites listed below during the time periods indicated.

    a. <u>Ingalls Shipbuilding</u>, <u>Pascagoula</u>, <u>MS</u> from 1/1972 <u>12/31/1982, 2/28/1988.</u>

3. In the course of my employment during the year set forth above, I was exposed to the following asbestos containing product supplied, manufactured, sold, <u>Vermiculite Insulation</u>, <u>Zonolite Insulation</u>.

*Autry Earl Barney*
Signature of Claimant

NOTARY

STATE OF Alabama

COUNTY OF Clarke

I Christi K. Few a Notary Public in and for the County and State aforesaid, do hereby certify that--------------known to me to be the person(s) whose name(s) is are signed to the foregoing document, bearing date the 4th day of January 20 21, have this day before me acknowledged same to be their free and voluntary act and deed.

Given under my hand this 4th day of January, 20 21

*Christi K. Few*
NOTARY PUBLIC

My commission Expires: 1-17-2024

310 Grant Street, Suite 1700
Pittsburgh, PA  15219-2399
Telephone:  412-261-0310
Facsimile:  412-261-5066

**Philip E. Milch** • pmilch@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

May 20, 2021

Mr. Autry Earl Barney
517 Cherry Avenue
Jackson, AL 36545-3607

        Re:    WRG Asbestos PI Trust
                  Case No. 01-1139

Dear Mr. Barney,

    We are in receipt of your letter dated May 11, 2021 directed to the WRG Asbestos PI Trust. Unfortunately, your claim was not timely filed with the Trust.

                                    Sincerely,

                                    Philip E. Milch

PEM/hlp

cc:    Mary Ellen Nickel

1700 Grant Building
Pittsburgh, PA 15219-2399
Telephone: 412-261-0310
Facsimile: 412-261-5066

**Shannon M. Clougherty** • sclougherty@camlev.com

# Campbell & Levine, LLC
Attorneys at Law

December 31, 2020

**Via Federal Express**
Mr. Autry Earl Barney
517 Cherry Avenue
Jackson, AL 36545

                Re:   W.R. Grace ("WRG") Asbestos PI Trust Claim 38553519

Dear Mr. Barney:

      This Law Firm represents the WRG Asbestos PI Trust (the "Trust"). We received your letter to the United States Bankruptcy Court for the District of Delaware (the "Court") dated November 25, 2020 and docketed by the Court on December 3, 2020 enclosing a proof of claim form for the claim that you filed with the Trust on June 15, 2020 (Claim 38553519).

      You filed your claim with the Trust on June 15, 2020. The Delaware Claims Processing Facility (the "DCPF") reviewed your claim in the ordinary course in accordance with the provisions of the WRG Asbestos PI Trust Distribution Procedures (the "TDP"), and sent a letter to you on December 9, 2020 explaining that your claim is currently deficient.

      First, your claim is currently deficient for failure to identify the specific WRG asbestos-containing product to which you were allegedly exposed. To cure this deficiency, please provide an affidavit, deposition testimony, other sworn statement, or other meaningful and credible evidence that identifies the WRG asbestos-containing product that you allege caused your injury. You must also state that you were exposed to the product for at least six months prior to December 31, 1982. Section 5.7(b)(3) of the TDP requires that the evidence that you rely upon to support your Trust claim be both meaningful and credible in order for you to qualify for compensation from the Trust.

      Second, the proof of claim form alleges that you were exposed to asbestos through washing your father's clothing from 1960 to 1971 when your father worked as a shipfitter at Ingalls Shipbuilding in Pascagoula, Mississippi ("Ingalls") from 1960 to 1988. However, your affidavit in the claim file addresses your personal occupational asbestos exposure while you worked as a shipfitter at Ingalls from 1972 to 1988. To enable the DCPF to fully review your claim, you must complete and provide separate sections of the proof of claim form for your own occupational exposure and your secondary exposure through doing your father's laundry.

December 31, 2020
Page 2

    Enclosed with this letter are the DCPF's December 9, 2020 letter to you explaining the foregoing and the information you need to provide to resolve these issues, and a blank proof of claim form for you to complete for your personal occupational exposure to asbestos.

    Finally, Section 5.1(a)(2) of the TDP sets forth the statute of limitations rules governing claims filed with the Trust. Under that Section, your claim should have been filed within three (3) years of the Trust's Initial Claims Filing Date, or by February 25, 2018. Since you did not file your claim until June 15, 2020, it is the Trust's position that it was not timely filed. Unless you can prove your claim was timely filed, or that the statute of limitations was otherwise tolled, this claim will not be approved as it violates the statute of limitations provisions of the TDP.

    If you are unable to provide any further information to resolve these deficiencies, you may request that the Trust deny your claim at this time, so that you may pursue Alternative Dispute Resolution ("ADR") of the Trust's determinations pursuant to the TDP's ADR rules.

    If you would like to discuss further, please contact me.

                             Sincerely,

                             Shannon M. Clougherty

SMC
cc: David Salzman (via email dsalzman@camlev.com)
Enclosures

**Delaware Claims Processing Facility**

December 9, 2020

Autry E. Barney
517 Cherry Avenue
Jackson, AL 36545

RE: W.R. Grace (WRG) claim # 38553519

Dear Mr. Barney:

I am writing in regard to the claim you have filed with the W.R. Grace Asbestos Personal Injury Trust (the "Trust"). You have elected to file this claim as Disease Level III, *Asbestosis/Pleural Disease*.

Your claim is currently deficient with the following code:

**737:** *Company Product was not Specified, is Generic or is Not Recognized*

The affidavit you signed on June 10, 2020 indicates exposure to WRG products, but does not identify a specific product. Please provide an affidavit, deposition or other sworn statement which identifies the specific WRG asbestos-containing product(s) to which you were exposed while working at Ingalls Shipbuilding. Please note that your affidavit must specify that you were exposed to the product for at least six months prior to 12/31/1982.

Currently, your exposure and your father's exposure at Ingalls Shipbuilding are combined on the same exposure page. These exposures must be listed separately. Please complete an exposure section to reflect only the dates that you personally worked at this site. You may provide your father's exposure at this site in a separate exposure section. An amended exposure section is enclosed for this purpose.

Please provide the Trust with the additional information at your earliest convenience. Please note that until the Trust receives the additional information as indicated above, this claim cannot be reviewed any further. If you have any additional questions, please do not hesitate to contact us.

Sincerely,

Mary Ellen Nickel
Director of Claimant Relations
1007 North Orange Street
Wilmington, Delaware 19801
mnickel@delcpf.com

Encl.

**WRG ASBESTOS PI TRUST**
**PROOF OF CLAIM FORM**

**(Part 3, continued)**

1. Site/Plant/Ship where Exposure Occurred:

    If the site is on the Grace approved site list, enter the Site Code from Exhibit A (available on website):
    Approved Site Code **(see Exhibit A):** _____

    If a Site Code is entered, please skip to question 2, otherwise provide:

    Name of Ship/Plant/Site of Exposure: __Ingalls Shipbuilding__

    City: __P.O. Box 149,__

    State/Province: __Pascagoula, MS 39567__

    Country: __U.S.A.__

    If this exposure involved products manufactured, sold, supplied, produced, specified, selected, distributed, or in any way marketed by Grace, or for which Grace is responsible, identify the products and provide the evidentiary basis for the claim that these products were at that site:

    _____
    _____

2. Date Exposure began: __01__ /__1972__    Date Exposure ended: __02__ /__1988__
    (month)  (year)                                         (month)  (year)

3. Occupation at time of Exposure (*e.g.*, Boilermaker, Laborer, etc.):

    _____

4. Industry in which Exposure occurred: __30__ **(Industry codes listed below)**

    If Code 37 - Other, please describe: _____

| Industry Codes | |
|---|---|
| 10. Asbestos mining | 24. Petrochemical |
| 11. Aerospace/aviation | 25. Insulation |
| 12. Asbestos abatement | 27. Railroad |
| 13. Automobile/mechanical friction | 30. Shipyard-construction/repair |
| 16. Chemical | 31. Textile |
| 17. Construction | 32. Tire & rubber |
| 18. Iron/steel | 33. Utilities |
| 19. Longshore | 34. Asbestos products manufacturing |
| 20. Maritime | 36. Building occupant/bystander |
| 21. Military | 37. Other |
| 23. Non-asbestos products manufacturing | |

{C0372463.1}
Page 5

WRG ASBESTOS PI TRUST
PROOF OF CLAIM FORM

5. **Significant Occupational Exposure (SOE)** If the injured party's occupation does not appear on the list of Presumptive SOE Occupations Ratings (available at www.wrgraceasbestostrust.com), please skip to question 6. If it does appear on the list, indicate circumstances of exposure to asbestos products or activities (check all applicable):

   ☒   The injured party handled raw asbestos fibers on a regular basis

   ☒   The injured party fabricated asbestos-containing products such that the injured party in the fabrication process was exposed on a regular basis to raw asbestos fibers

   ☒   The injured party altered, repaired or otherwise worked with an asbestos-containing product such that the injured party was exposed on a regular basis to asbestos fibers

   ☒   The injured party was employed in an industry or occupation such that the injured party worked on a regular basis in close proximity to workers who did one or more of the above three activities

   ☐   None of the above

6. If the injured party's occupation *does not* appear on the list of Presumptive SOE Occupations Ratings, or "None of the above" was checked in question 5 above, provide a description of how the injured party was exposed to asbestos at each relevant site.

   _____

   _____


7. **Grace Exposure.** Every claimant must submit evidence of exposure to Grace asbestos products or activities. **For claimants whose exposure is described in clause (ii) of the definition of Grace Exposure on page 5 herein ("Libby Claimants") and who are not claiming occupational exposure at the Libby Mine or Mill, check box 6 below and move directly to section 7(c).**

   a. To demonstrate exposure to Grace products or activities, check the applicable box below. If you check box 5, answer question 7(b). If any of the first four boxes are checked, proceed to question #8. Provided, however if box #1 is checked and there is no date on the site list, question 7(b) must be answered. (check one box only)

      ☐ 1. The site in question 1 is on the Grace approved site list, and the injured party worked there during the appropriate time period (if there is no date on the site list, please answer the question 7(b) below); or

      ☐ 2. Claimant's answer to question 1 is the injured party's personal identification of exposure to Grace's asbestos products/activities; or

      ☐ 3. Claimant's answer to question 1 otherwise identifies Grace's asbestos products/activities at this site (e.g. coworker affidavit), and also identifies the injured party by name; or

      ☐ 4. The answer to question #1 provides evidence that Grace's asbestos products or activities were at this site and further sets forth that the injured party worked at this site within a year of having demonstrated that the asbestos products or activities were present at the site;

**WRG ASBESTOS PI TRUST**
**PROOF OF CLAIM FORM**

☐ 5. None of the above apply and the injured party is not a Libby Claimant; or

☐ 6. Claimant is alleging exposure to (a) asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana or (b) asbestos, asbestos-containing winchite asbestos or asbestos-containing vermiculite ore from Lincoln County, Montana during transport or use prior to the completion of a finished product at an expansion plant.

b. If the box 5 was checked, or if box 1 was checked and there is no date on the site list, provide a description of the injured party's exposure to the type of asbestos products or activities that you have attributed to Grace at this site:

_____
_____
_____
_____

c. If box 6 was checked, provide a description of the injured party's exposure to asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana. For exposures within Lincoln County, please provide the location(s) of exposure (ex. home or business address) and state the relevant time period for each location. For transport or use exposures, please provide the exposure site and a description of the injured party's exposure including occupation, if relevant. Attached additional sheets if necessary.

_____
_____
_____
_____

8. If this exposure is in support of *Exposure to an Occupationally Exposed Person* from Part 4 hereunder, please enter the name of the occupationally exposed individual:

_____  _____  _____
(Last)                          (First)                         (MI)

{C0372463.1}

**WRG ASBESTOS PI TRUST**
**PROOF OF CLAIM FORM**

**(Part 3, continued)**

1. Site/Plant/Ship where Exposure Occurred:

   If the site is on the Grace approved site list, enter the Site Code from Exhibit A (available on website):
   Approved Site Code **(see Exhibit A)**: _____

   If a Site Code is entered, please skip to question 2, otherwise provide:

   Name of Ship/Plant/Site of Exposure: <u>Scott Paper</u>

   City: <u>Mobile,</u>

   State/Province: <u>Alabama</u>

   Country: <u>U.S.A.</u>

   If this exposure involved products manufactured, sold, supplied, produced, specified, selected, distributed, or in any way marketed by Grace, or for which Grace is responsible, identify the products and provide the evidentiary basis for the claim that these products were at that site:

   _____
   _____

2. Date Exposure began: <u>12 /1960</u>   Date Exposure ended: <u>12/1969</u>
   (month)  (year)                        (month)  (year)

3. Occupation at time of Exposure (*e.g.*, Boilermaker, Laborer, etc.):

   _____

4. Industry in which Exposure occurred: <u>37</u>   **(Industry codes listed below)**

   If Code 37 - Other, please describe: _____

| **Industry Codes** | |
|---|---|
| 10. Asbestos mining | 24. Petrochemical |
| 11. Aerospace/aviation | 25. Insulation |
| 12. Asbestos abatement | 27. Railroad |
| 13. Automobile/mechanical friction | 30. Shipyard-construction/repair |
| 16. Chemical | 31. Textile |
| 17. Construction | 32. Tire & rubber |
| 18. Iron/steel | 33. Utilities |
| 19. Longshore | 34. Asbestos products manufacturing |
| 20. Maritime | 36. Building occupant/bystander |
| 21. Military | 37. Other |
| 23. Non-asbestos products manufacturing | |

{C0372463.1}
Page 5

**WRG ASBESTOS PI TRUST**
**PROOF OF CLAIM FORM**

5. **Significant Occupational Exposure (SOE)** If the injured party's occupation does not appear on the list of Presumptive SOE Occupations Ratings (available at www.wrgraceasbestostrust.com), please skip to question 6. If it does appear on the list, indicate circumstances of exposure to asbestos products or activities (check all applicable):

  ☐ The injured party handled raw asbestos fibers on a regular basis

  ☐ The injured party fabricated asbestos-containing products such that the injured party in the fabrication process was exposed on a regular basis to raw asbestos fibers

  ☐ The injured party altered, repaired or otherwise worked with an asbestos-containing product such that the injured party was exposed on a regular basis to asbestos fibers

  ☐ The injured party was employed in an industry or occupation such that the injured party worked on a regular basis in close proximity to workers who did one or more of the above three activities

  ☐ None of the above

6. If the injured party's occupation *does not* appear on the list of Presumptive SOE Occupations Ratings, or "None of the above" was checked in question 5 above, provide a description of how the injured party was exposed to asbestos at each relevant site.

   I wash my father cloth I was exposed from 12/1960 to 12/1969

7. **Grace Exposure.** Every claimant must submit evidence of exposure to Grace asbestos products or activities. **For claimants whose exposure is described in clause (ii) of the definition of Grace Exposure on page 5 herein ("Libby Claimants") and who are not claiming occupational exposure at the Libby Mine or Mill, check box 6 below and move directly to section 7(c).**

   a. To demonstrate exposure to Grace products or activities, check the applicable box below. If you check box 5, answer question 7(b). If any of the first four boxes are checked, proceed to question #8. Provided, however if box #1 is checked and there is no date on the site list, question 7(b) must be answered. (check one box only)

      ☐ 1. The site in question 1 is on the Grace approved site list, and the injured party worked there during the appropriate time period (if there is no date on the site list, please answer the question 7(b) below); or

      ☐ 2. Claimant's answer to question 1 is the injured party's personal identification of exposure to Grace's asbestos products/activities; or

      ☐ 3. Claimant's answer to question 1 otherwise identifies Grace's asbestos products/activities at this site (e.g. coworker affidavit), and also identifies the injured party by name; or

      ☐ 4. The answer to question #1 provides evidence that Grace's asbestos products or activities were at this site and further sets forth that the injured party worked at this site within a year of having demonstrated that the asbestos products or activities were present at the site;

{C0372463.1 }
Page 6

**WRG ASBESTOS PI TRUST**
**PROOF OF CLAIM FORM**

☐ 5. None of the above apply and the injured party is not a Libby Claimant; or

☐ 6. Claimant is alleging exposure to (a) asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana or (b) asbestos, asbestos-containing winchite asbestos or asbestos-containing vermiculite ore from Lincoln County, Montana during transport or use prior to the completion of a finished product at an expansion plant.

b. If the box 5 was checked, or if box 1 was checked and there is no date on the site list, provide a description of the injured party's exposure to the type of asbestos products or activities that you have attributed to Grace at this site:

_____
_____
_____

c. If box 6 was checked, provide a description of the injured party's exposure to asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana. For exposures within Lincoln County, please provide the location(s) of exposure (ex. home or business address) and state the relevant time period for each location. For transport or use exposures, please provide the exposure site and a description of the injured party's exposure including occupation, if relevant. Attached additional sheets if necessary.

_____
_____
_____

8. If this exposure is in support of *Exposure to an Occupationally Exposed Person* from Part 4 hereunder, please enter the name of the occupationally exposed individual:

<u>Barney</u>            <u>Sampson</u>       ____
   (Last)                  (First)         (MI)