# EXHIBIT A

DOCS_DE:237452.1 91100/001

Edward Fernandes (*pro hac vice*)
efernandes@kslaw.com
**KING & SPALDING LLP**
500 West 2nd Street
Suite 1800
Austin, Texas 78701
Telephone: 512.457.2030
Fax: 512.457.2100
Erich J. Almonte (*pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, Texas 77002
Telephone: 713.751.3200
Fax: 713.751.3290
ealmonte@kslaw.com

*ATTORNEYS FOR DEFENDANT
CHEVRON CORPORATION*

Brian Schulman (016008)
*SchulmanB@ballardspahr.com*
Mitchell Turbenson (033278)
*TurbensonM@ballardspahr.com*
**BALLARD SPAHR LLP**
1 East Washington St., Suite 2300
Phoenix, AZ 85004-2555

*ATTORNEYS FOR
DEFENDANT ORIX
FINANCIAL SERVICES, INC.*

Vince Farhat (*pro hac vice*)
*VFarhat@jmbm.com*
Justin A. Anderson (*pro hac vice*)
*JAnderson@jmbm.com*
**JEFFER MANGELS BUTLER
& MITCHELL LLP**
1900 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067
Cory L. Braddock (024668)
*CBraddock@swlaw.com*
**SNELL & WILMER LLP**
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004

*Attorneys for Defendant
CEMEX, Inc.*

Jacob R. Sorensen (*pro hac vice*)

1  Jake.Sorensen@pillsburylaw.com
   John M. Grenfell (*pro hac vice*)
2  John.Grenfell@pillsburylaw.com
   **PILLSBURY WINTHROP**
3  **SHAW PITTMAN LLP**
   Four Embarcadero Center, 22nd
4  Floor
   San Francisco, CA 94111
5
6  ***Attorneys for Defendant Lehigh
   Hanson, Inc.***
7
8
9              IN THE UNITED STATES DISTRICT COURT
10                  FOR THE DISTRICT OF ARIZONA
11 Rune Kraft                        No. CV-21-00575-PHX-DJH
12              Plaintiff,
13      vs.                          **DEFENDANTS' JOINT RESPONSE
                                     TO PLAINTIFF'S MOTION TO
14 Chevron Corporation, a Delaware   ALTER OR AMEND THE
   corporation, et al.,              JUDGMENT BASED ON RULE 59(e)
15                                   (DOC. 96)**
              Defendants.
16
17
18      Defendants Chevron Corporation, ORIX Financial Services, Inc., CEMEX, Inc.,
19 and Lehigh Hanson, Inc. ("Defendants") file this Response to Plaintiff Rune Kraft's
20 ("Kraft") Motion to Alter or Amend the Judgment Based on Rule 59(e) (Doc. 96),
21
22 respectfully showing the Court as follows.
23                          **INTRODUCTION**
24      The Court should strike Kraft's Motion because it violates this Court's Order
25
26 prohibiting him from further filings (Doc. 60), and because he continues to insult this Court
27 and attack the integrity of the judiciary. Should the Court choose not to strike Kraft's
28

2

Motion, the Court should deny it because Kraft fails to justify alteration or amendment under Rule 59(e) by failing to address the central issue underlying the dismissal of his lawsuit: that he cannot circumvent the rule requiring corporations to be represented by licensed counsel by taking a purported assignment of the corporations' claims.

## ARGUMENTS AND AUTHORITIES

### I.      Kraft's Filing Should be Stricken Because It Violates the Court's Order and Levies Attacks on the Court.

On August 13, 2021, the Court stayed the proceedings and prohibited Kraft from filing any papers during the stay unless otherwise ordered. Doc. 60. The Court never lifted the stay. The Court should strike Kraft's Motion because it violates the Court's Order.

In addition, the Court should strike Kraft's Motion for its lack of civility and attacks on the integrity of the judiciary. Several times already, Kraft has levied shocking insults against the Court. *See* Docs. 84 at 7, 90 at 2. Here, Kraft accuses the Court of dishonesty, "scheming" with counsel for Defendants, and fraud (Mot. at 10); lying, "a single-handed devotion to obstruct justice through deceptions, obfuscations, lies and false statements…" (*id.* at 11); and misconduct, lying, malice, and collusion with Defendants (*id*. at 12). The Court need not permit these insults. *See Zal v. Steppe,* 968 F.2d 924, 928 (9th Cir. 1992), *citing Sacher v. United States,* 343 U.S. 1, 9, (1952) ("[I]t is the right of . . . every litigant to press his claim….But if the ruling is adverse, it is not [his] right to resist it or to insult the judge…."); *see also In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) ("Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be

tolerated, not even from a pro se litigant.").

Indeed, such incivility and attacks on judicial integrity justify striking Kraft's motion, independent of his violation of the Court's Order. *See, e.g., Tabi v. Regents & Trs. of Santa Ana Coll.*, 2021 WL 1192002 at *9 (C.D. Cal. Mar. 5, 2021) (threatening to strike uncivil filing) *citing Koehl v. Bernstein,* 740 F.3d 860, 863 (2d Cir. 2014) (dismissal for "offensive, abusive and insulting language" directed at judge).

## II. The Court Should Deny Kraft's Motion Because it Fails to Justify Amendment or Alteration Under Rule 59(e).

Alternatively, the Court should deny Kraft's Motion because he fails to justify alteration or amendment under Federal Rule of Civil Procedure 59(e). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Because none of these circumstances has occurred here, amendment or alteration is not appropriate. The Court should deny Kraft's Motion.[1]

In his rambling motion, Kraft raises a smorgasbord of rules, statutes, and case law. But not a single one addresses the Court's reasoning for dismissal of his lawsuit: Kraft "failed to obtain counsel as ordered (Doc. 60) and Plaintiff may not circumvent the longstanding rule requiring corporations to appear through counsel by a purported

---

[1] Kraft cites a First Circuit decision concerning the Court's power to alter or amend a judgment, which differs from the Ninth Circuit's standard. *See* Mot. at 6. But the Court should deny Kraft's Motion under the First Circuit standard, as well, for the same reasons discussed above.

4

assignment of the corporations' claims." Doc. 95 at 5. He has offered no newly-discovered evidence on this issue; he has not demonstrated that the court committed clear error or made a manifestly unjust decision; and there has been no intervening change in controlling law on this issue. The Court's decision was based on longstanding precedent that corporations must appear through counsel, and that a purported assignment of claims does not permit Kraft to circumvent that rule. Because Kraft has failed to even address this holding, let alone demonstrate clear error or manifest injustice, the Court should deny Kraft's Motion.

## CONCLUSION

This Court should strike Kraft's Motion for violating the Court's prohibition on further filings and because of its incivility and attacks on the integrity of the judiciary. If the Court chooses not to strike Kraft's Motion, the Court should deny it because Kraft fails to justify amendment or alteration under Rule 59(e).

DATED this 30th day of December 2021

*/s/* Edward F. Fernandes
Edward F. Fernandes (*pro hac vice*)
**KING & SPALDING LLP**
500 W. 2nd Street
Austin, Texas 78701
Telephone: 512.457.2000
Fax: 512.457.2100
efernandes@kslaw.com

-and-

Erich J. Almonte (*pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana, Suite 4100
Houston, Texas 77002
Telephone: 713.751.3200
Fax: 713.751.3290

ealmonte@kslaw.com

**ATTORNEYS FOR DEFENDANT CHEVRON CORPORATION**

/s/ *Mitchell Turbenson (with permission)*
Brian Schulman (016008)
*SchulmanB@ballardspahr.com*
Mitchell Turbenson (033278)
*TurbensonM@ballardspahr.com*
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

**ATTORNEYS FOR DEFENDANT ORIX FINANCIAL SERVICES, INC.**

/s/ *Vince Farhat (with permission)*
Vince Farhat (*pro hac vice*)
*VFarhat@jmbm.com*
Justin A. Anderson (*pro hac vice*)
*JAnderson@jmbm.com*
**JEFFER MANGELS BUTLER & MITCHELL LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Cory L. Braddock (024668)
*CBraddock@swlaw.com*
**SNELL & WILMER LLP**
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004

**Attorneys for Defendant CEMEX, Inc.**

/s/*Jacob R. Sorensen (with permission)*
Jacob R. Sorensen (*pro hac vice*)
*Jake.Sorensen@pillsburylaw.com*
John M. Grenfell (*pro hac vice*)
*John.Grenfell@pillsburylaw.com*
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

**Attorneys for Defendant Lehigh Hanson, Inc.**

1

2      **<u>CERTIFICATE OF SERVICE</u>**

3            I hereby certify that a true and correct copy of the above and foregoing pleading has

4    been electronically filed on this 30th day of December, 2021, with the Clerk of the Court

5    using CM/ECF, which will automatically send a copy via the Court's CM/ECF on all

6    counsel of record.

7
                                                    /s/ Erich J. Almonte
8                                                   Erich J. Almonte

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft | No. CV-21-00575-PHX-DJH |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e)** |
| Chevron Corporation, a Delaware corporation, et al., | |
| Defendants. | *(The Honorable Diane J. Humetewa)* |

The Court, having considered Plaintiff's Motion to Alter or Amend the Judgment Based on Rule 59(e), Defendants Chevron Corporation, ORIX Financial Services, Inc., CEMEX, Inc., and Lehigh Hanson, Inc.'s Response to Plaintiff's Motion to Alter or Amend the Judgment Based on Rule 59(e), and all other briefs and supporting papers, holds as follows.

The Court hereby DENIES Plaintiff's Motion to Alter or Amended the Judgment Based on Rule 59(e).