# EXHIBIT A

Rune Kraft
  rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
  302 408 1000

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Rune Kraft,
          Plaintiff,

vs.

Chevron Corporation, et al.,
          Defendants.

Case No. CV-21-00575-PHX-DJH

The Honorable Diane J. Humetewa

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANTS' RESPONSE FILED AS DOC. 97.**

# TABLE OF CONTENTS

1. INTRODUCTION …………………………………………..………………..…   1

2. ARGUMENT …………..………………..……………………….……………….   2

  2.1 Defendants' Argument that Plaintiff Cannot Apply Rule 59(e)
      to Ask the Court to Rectify Its Own Mistakes in the Period
      Immediately Following the Entry of Judgment Is Barred by
      *Stare Decisis* …………………………………..…………………………   2

  2.2 Defendants' Argument that Plaintiff's Use of the English
      Language Is Offensive to the Presiding Judge, Thus Justifying
      Striking His Motion, Is Barred by *Stare Decisis*………...........……………   4

  2.3 Because It Is Uncontestable that the Adjudication of This
      Action Has Been Unconstitutional, Prejudicial, and Formed On
      Clear Error of Law, Serially, Defendants Neither Factually Nor
      Legally Contest That. Therefore, Plaintiff's Motion Comports
      With Rule 59(e) and Securely Rests on *Stare Decisis*…………..………...   7

3. CONCLUSION ........................................................................................   9

i

## 1. INTRODUCTION

In his opening brief, plaintiff explained that pursuant to the Constitution, a federal statute, and *stare decisis* he can use this court to bring claims based on property and rights that he owns. As to the claims assigned to him, those claims are also property and rights he owns. Under the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor, he stands precisely in the shoes of the assignors. Defendants' response brief, Doc. 97, fails to address these arguments, conceding that plaintiff is likely to prevail on the merits of his motion.

Rather than meeting plaintiff's arguments head-on, defendants mischaracterize the Rule 59(e) motion, ignoring both its plain language and controlling Supreme Court precedent. Although defendants style their response as "lack of civility", "attacks on the integrity of the judiciary", "levied shocking insults against the Court", or "attacks on judicial integrity", their only real argument is this Court's Order prohibiting him from further filings (Doc. 60). These arguments do not withstand scrutiny. The Order *cannot* be implemented constitutionally because the court lacks the statutory and constitutional authority to deny plaintiff his preference of prosecuting the claims himself. Further, defendants ignore Rule 59(e), which alone justify relief. And there is no question that under the Supreme Court precedent defendants ignore, plaintiff has standing, and his claims are ripe.

The most notable feature of the defendants' response is that it significantly narrows the disputed issues before the Court by failing to contest what plaintiff said in his motion. The response leaves the following critical points unaddressed:

*The merits of Kraft's constitutional arguments.* Despite using only 3 of its allotted 17 pages, the defendants fail to muster a substantive defense of the adjudication's constitutionality.

*The federal statute's plain language.* The defendants focus on the Court's Order (Doc. 60), while distorting, once again, the operative complaint. Doc. 1 at 1 shows that the plaintiff in this action is one party, an individual. No corporations are listed as plaintiffs. No other individuals are listed as plaintiffs. Plaintiff is thus not representing any corporations, and or anybody else, he is representing himself. In particular, defendants never address 28 U.S.C. § 1654: "in all the courts

1

of the United States, the parties may plead and manage their own causes personally or by the assistance of . . . counsel. . . ." The federal statute directs the Court with clarity.

*The Federal Rules of Civil Procedure.* It is undisputed that the Court has repeatedly defied Federal Rules of Civil Procedure established to secure the just, speedy, and inexpensive determination of every action and proceeding. Yet the defendants artfully avoid committing to a concrete interpretation of the rules. That wholly ignores the federal rules' clearly expressed intent.

*Binding precedent.* The defendants cite 6 cases. 4 of them have no applicability to this action, and the remaining 2 supports plaintiff's motion, while ignoring the controlling cases plaintiff relies on in support of his motion.

*The Order's effect.* Being forced to appeal the order to the Ninth Circuit will cause delays and substantially add to plaintiff's business and property injuries. The defendants offer no response to this argument or the cases establishing it.

*The detailed factual record.* Plaintiff has filed a complaint, explaining in detail the concrete injuries to his business and property. The defendants fail to address this evidence, with proof of their own or otherwise. Instead, it discusses plaintiff's use of language only at the highest possible level of abstraction, and wrongly concludes that no harm exists.

For all these reasons, and as explained below in further detail, the Court should grant this motion and enter the requested relief.

## 2. ARGUMENT

### 2.1 Defendants' Argument that Plaintiff Cannot Apply Rule 59(e) to Ask the Court to Rectify Its Own Mistakes in the Period Immediately Following the Entry of Judgment Is Barred by *Stare Decisis*

Throughout their brief, defendants mischaracterize the text of Rule 59(e), essentially arguing that the rule can and should be read to have no substantive effect at all.

Rule 59(e) simply provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FRCP 59(e).

Plaintiff cited *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445 (1982) and the standard that a party can ask the court to vacate or set aside the judgment in its entirety, or request

2

modification or correction of only some aspects of the judgment based on substantive judicial error. In this ruling's Footnote 11, the Supreme Court noted: Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C. p. 491; 5 F.R.D. 433, 476 (1946).

The right to be heard must necessarily embody a right to file motions and pleadings essential to present claims and raise relevant issues. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Willner v. Committee on Character*, 373 U.S. 96 (1963)

"Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula." *United States v. Wood*, 299 U.S. 123 (1936). "A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end, no man can be a judge in his own case, and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This Court has said, however, that "Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law."" *In re Murchison*, 349 U.S. 133 (1955) citing *Tumey v. Ohio*, 273 U.S. 510 (1927).

"Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But, to perform its high function in the best way, justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11 (1954)

Defendants' argument that plaintiff cannot apply Rule 59(e) to ask the Court to rectify its own mistakes in the period immediately following the entry of judgment ring hollow in light of the rule's plain text and clearly expressed purpose and is barred by *stare decisis*.

3

## 2.2 Defendants' Argument that Plaintiff's Use of the English Language Is Offensive to the Presiding Judge, Thus Justifying Striking His Motion, Is Barred by *Stare Decisis*

The most striking about defendants' response is that it seeks to confuse offenses to the presiding judge's sensibilities with obstruction to the administration of justice.

A party that charges improper adjudication by the presiding judge must be entitled under law to assert the allegation of improper adjudication and to undertake to substantiate it by reference to the officer's words and conduct.

That such a charge is offensive because an affront is inherent in the issue of improper adjudication raised does not render the charge impermissible so long as the words used are in no way offensive in themselves. *Holt v. Virginia*, 381 U.S. 131 (1965).

The words used in plaintiff's court filings are plain English, in no way offensive in themselves and wholly appropriate to charge improper adjudication by the presiding judge. And pursuant to *stare decisis*, even the use of offensive words alone is not a threat to the administration, e.g. *In Re Little*, 404 U.S. 553 (1972). A pro se petitioner stated in closing argument that the trial court was biased against him, that he was a political prisoner and also called the judge a " 'M---- F----' ", with the Supreme Court concluding that the words lacked a threat to the administration of justice. While it cited language from a First Amendment case, *Craig v. Harney*, 331 U.S. 367 (1947), the Court's holding was based on a different Constitutional provision, the Due Process Clause, citing *Holt*.

"Trial courts . . . must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." *Brown* v. *United States,* 356 U.S. 148, 153 (1958).

"Judges are supposed to be men of fortitude, able to thrive in a hardy climate." *Craig* v. *Harney,* 331 U.S. 367, 376 (1947).

The defendants cite *Zal v. Steppe,* 968 F.2d 924, 928 (9th Cir. 1992) inappropriately. The case was about an attorney who had been imprisoned (Steppe was a prison warden represented by the California Attorney General) for contempt of court and the district court's denial of his habeas corpus petition. Mr. Zal, the attorney, represented seven abortion protestors who were charged with criminal trespass. In the course of the adjudication, the judge, through evidentiary orders,

asked him not to use a series of words to portray the act of abortion, the persons performing the procedure, and the place where the procedure was performed. Mr. Zal was held in contempt twenty times for asking witnesses, in the presence of a jury, questions such as: "Are you familiar with those facilities where two persons go in and only one person comes out alive?", "How do you feel about making a living off the blood of babies?", "Are your paychecks bloodstained?", "How long have you been in the baby-killing business?", "Does the oath you have taken to tell the truth mean anything to someone who is in the baby killing business?". Obviously, this case citation is inapplicable to this case.

Mr. Zal asserted as his defense the rights he has under the First Amendment, which the Ninth Circuit rejected citing *Sacher v. United States,* 343 U.S. 1, 9, (1952), which is also referenced by the defendants. *Sacher* was about Rule 42(a) of the Federal Rules of Criminal Procedure, which allows a trial judge, upon the occurrence in his presence of a contempt, immediately and summarily to punish it if, in his opinion, delay will prejudice the trial. If he believes the exigencies of the trial require that he defer judgment until its completion, he may do so without extinguishing his power. There had been a nine-months trial of eleven Communist Party leaders on charges of violating the Smith Act, which makes it an offense to advocate or belong to a group that advocated the violent overthrow of the government. The core of the charges was that the defendants had 'joined in a willful, deliberate, and concerted effort to delay and obstruct the trial of United States v. Foster et al., C 128—87, (9 F.R.D. 367) for the purpose of causing such disorder and confusion as would prevent a verdict by a jury on the issues raised by the indictment; and for the purpose of bringing the Court and the entire Federal judicial system into general discredit and disrepute, by endeavoring to divert the attention of the Court and jury from the serious charge against their clients of a conspiracy in substance to teach and advocate the overthrow of the Government of the United States by force and violence, by attacking the Presiding Judge and all the Judges of this Court, the jury system in this District, the Department of Justice of the United States, the President of the United States, the police of New York City, and the public press of New York and other cities.' During the trial, defense counsel, in the presence of the jury and in the face of repeated warnings from the trial judge persisted in a course of conduct that was highly contemptuous and that tended to disrupt and delay the trial and possibly

5

to cause a mistrial. Upon receiving the verdict of the jury at the conclusion of the trial, the trial judge, without further notice or hearing, immediately filed a certificate under Rule 42(a) of the Federal Rules of Criminal Procedure summarily finding such counsel guilty of criminal contempt and sentencing them to imprisonment. Again, clearly this case citation is not applicable to this case.

The defendants cite *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000), which is not to the point on any issues before the court. The case was about the denial of a motion to recuse, which is reviewable only by way of a mandamus petition. Judge Posner took exception to Beverly Mann having made disparaging remarks about the judges of the Seventh Circuit Court of Appeals in connection with her mandamus petition, and he labeled her conduct "unprofessional behavior". The Seventh Circuit denied the petition declaring that a judicial misconduct complaint could not be used to seek further review of a judge's decision, noting that the judge's decision she was unhappy with had already been subject to and ruled on by an appellate court.

The defendants cite an order from *Tabi v. Regents & Trs. of Santa Ana Coll*., 2021 WL 1192002 at *9 (C.D. Cal. Mar. 5, 2021) which is about Mr. Tabi visiting Santa Ana College to engage in free speech activities, including voter registration and circulating California ballot measures. On the campus the college has created a "free speech area" and Mr. Tabi had apparently shown up one day and started his activities outside of this designated space, and this resulted in a confrontation when the police arrived and told him that they would escort him to the designated space. Evidently this escalated to the point that Mr. Tabi, who is black, found the experience with the police officers "humiliating, degrading, and insulting" and that the officers "needed to put [plaintiff] in his 'rightful place' – as a third[-]class individual in a racist society" – before "they could permit [plaintiff] to engage in any type of activity at Santa Ana College[.]" In the complaint Mr. Tabi writes that when he "attempted to collect his property, which included a table, chair, umbrella, and several posters, the officers threatened to arrest him if he did not remove his property in a single trip. The officers then followed plaintiff to his vehicle and informed plaintiff he was banned from campus." In follow up court filings Mr. Tabi has referred to the district judge, magistrate judge and opposing counsel as racists. At this time, it is unclear to Kraft where this

case stands as the referenced order permitted Mr. Tabi to file an amended complaint. Again, the defendants' case citation is unacceptable.

*Koehl v. Bernstein,* 740 F.3d 860, 863 (2d Cir. 2014) is cited in the *Tabi* order, and by the defendants. This case is about a prisoner serving a New York State sentence not receiving necessary medical treatment during his incarceration and punishing him for his efforts to secure such treatment. That the defendants included this case is puzzling to Kraft because the case supports his position. As detailed in the ruling: "The offending conduct for which the sanction was imposed was not Koehl's accusations that the Magistrate Judge was biased against him, but rather his offensive, abusive, and insulting language. *See Koehl v. Bernstein,* No. 10 Civ. 3808 (S.D.N.Y. Aug. 16, 2012) (adopting the Magistrate Judge's "recommend[ation] that [Koehl's] case ... be dismissed with prejudice ... as a sanction for [Koehl's] repeated use of very abusive language")".

*Koehl* then proclaims, which is entirely consistent with Kraft's legal position:

> A party or attorney that seeks a judicial officer's disqualification by reason of bias must be entitled under law to assert the allegation of bias and to undertake to substantiate it by reference to the officer's words and conduct. At least absent aggravating circumstances, the mere making of such assertions, standing alone, cannot be deemed actionable misconduct on the part of a litigant or attorney. *See United States v. Cooper,* 872 F.2d 1, 3-4 (1st Cir.1989)

**2.3 Because It Is Uncontestable that the Adjudication of This Action Has Been Unconstitutional, Prejudicial, and Formed On Clear Error of Law, Serially, Defendants Neither Factually Nor Legally Contest That. Therefore, Plaintiff's Motion Comports With Rule 59(e) and Securely Rests on *Stare Decisis.***

The defendants never address, factually or legally, and thus concede that the adjudication of this action has been unconstitutional, prejudicial, and formed on clear error of law, serially. The reason is simple, this is uncontestable.

This omission concedes the merits. See, e.g., L.R. 7.2(i) ("A motion may be summarily disposed of if the opposing party fails to file a response; *Sunbelt Rentals, Inc. v. Victor,* 2014 WL 492364, at *9 n.7 (N.D. Cal. Feb. 5, 2014); *Angeles v. U.S. Airways, Inc.,* 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession."); *In re Online DVD*

7

*Rental Antitrust Litig.*, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond on the merits is "viewed as grounds for waiver or concession of the argument").

Defendants fail to mention, much less distinguish, controlling precedents such as *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529–30 (1935) (Congress is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested), *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 559 (2012) (the Necessary and Proper Clause does not license the exercise of any great substantive and independent powers beyond those specifically enumerated), *Printz v. United States*, 521 U.S. 898, 918–19 (1997) (the Tenth Amendment explicitly preserves the "residuary and inviolable sovereignty" of the states), *Bond v. United States*, 564 U.S. 211, 222 (2011) (the independent power of the States [] serves as a check on the power of the Federal Government: by denying any one government complete jurisdiction over all the concerns of public life, federalism protects the liberty of the individual from arbitrary power.), *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (Federal Rules of Civil Procedure are to be construed to secure the just, speedy, and inexpensive determination of every action), *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens,* 529 U. S. 765, 769 (2000) (the assignee of a claim has standing to assert the injury in fact suffered by the assignor).

And district judges cannot act as pitchers and batters, they are limited to acting as objective umpires calling balls and strikes. [1] At Article III courts, and in the American justice system, the parties "frame the issues for decision" while the courts take the role of "neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). As the Supreme Court noted "'[C]ourts are essentially passive instruments of government.' *United States v. Samuels*, 808 F. 2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in denial of reh'g en banc). They 'do not, or should not, sally forth each day looking for wrongs to right.'" *United States v. Sineneng-Smith*, No. 19–67 (U.S. May 7, 2020), slip op at 4. "Our system is designed around the premise that [parties represented by competent counsel] know what is best for them and are

---

[1] Alan M. Dershowitz, *Judges are Umpires, Not Ringmasters*, WALL ST. J. (May 13, 2020, 12:29 PM) https://www.wsj.com/articles/judges-areumpires-not-ringmasters-11589387368

responsible for advancing the facts and argument entitling them to relief."  Id. at 7 (internal citations omitted).

Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) is cited by the defendants and the authority exactly supports plaintiff's motion: Amendment or alteration is appropriate under Rule 59(e) if "the district court committed clear error or made an initial decision that was manifestly unjust".

Also see: School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D.Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir.1988).

Plaintiff's Rule 59(e) motion presents no new legal theories as he has consistently maintained in his court filings that: he has constitutional and statutory standing; he is acting based on a federal statute enacted by Congress; his contracts with the Delaware corporations are legal and cannot be disturbed by this Court; Federal Rules of Civil Procedure have not been followed; both the Court and the defendants have lied about the complaint, which perverts the standard for evaluating complaints; and that Federal Rules of Evidence do not allow what has occurred to date in this action.

However, the motion presents arguments to support plaintiff's legal theories for the purpose of convincing the court that judicial mistakes have been committed.

Judicial mistakes have been committed because the adjudication violates the Constitution, a federal statute and stare decisis.

In the Ninth Circuit, a Rule 59(e) motion may be brought on the basis of judicial mistakes. Liberty Mutual Insurance Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982).

## 3. CONCLUSION

For the foregoing reasons, the Court should enter the requested relief of vacating the judgment in its entirety.

Respectfully submitted on this 6th day of January 2022.

_____

Plaintiff