# EXHIBIT B

Rune Kraft
 rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
 302 408 1000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Rune Kraft,
        Plaintiff,

vs.

Chevron Corporation, et al.,
        Defendants.

Case No. CV-21-00575-PHX-DJH

The Honorable Diane J. Humetewa

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.**

# TABLE OF CONTENTS

1. INTRODUCTION ……………………………………….…………….… 1

2. ARGUMENT …………..………………..………………………………. 1

    2.1 As to This Action, W.R. Grace & Co. Is As a Matter of Law In Default and Cannot Make Any Court Filings Other Than a Motion to Set Aside Default …………………………………………………………………….. 1

    2.2 As to This Motion, W.R. Grace & Co. Has Waived Any Arguments……… 2

    2.3 As to The Article I Court in Delaware…………………………………… 3

        2.3.1 It Does Not Have Personal Jurisdiction Over Plaintiff. The Orders are Legal Nullities and Violate *Stare Decisis*...……..……… 3

        2.3.2 It Does Not Have the Judicial Power to Adjudicate Any Controversy and All Such Activities Violate *Stare Decisis*………… 6

        2.3.3 It Does Not Have the Judicial Power to Pardon Criminal Acts, Regardless Of When and Where the Acts Were Committed, and All Such Pursuits Violate *Stare Decisis*………..... 7

    2.4 W.R. Grace & Co. Is a Thriving Business and This Action Is About an Ongoing Conspiracy ……………………………………….….. 11

3. CONCLUSION ................................................................................................ 11

i

## 1. INTRODUCTION

In this action W.R. Grace & Co. ("Grace") has failed to plead or otherwise defend as required by Rule 12(a)(1). Plaintiff has shown that by affidavit, which required the clerk to enter its default. At this time, again as a matter of law, Grace cannot make any court filings other than a motion to set aside default. Grace's response (Doc. 98) is thus unlawful and should be disregarded in its entirety. If that was not enough, its response completely ignores plaintiff's arguments in his opening brief. This failure to respond on the merits is grounds for waiver or concession of the arguments. Instead, Grace asserts that plaintiff cannot bring this action against it because it is a reorganized debtor from a Chapter 11 case that was initiated on April 2, 2001, as a result of asbestos claims, and concluded on February 3, 2014, with a Joint Plan of Reorganization. Grace is wrong. First the Article I court has never had personal jurisdiction over plaintiff because he never submitted a claim, and he has never been served with a summons and complaint. Second, nowhere in the Constitution does an Article I court receive the authority to adjudicate any controversy. And third, in this action Grace is accused of violating federal criminal statutes. The Article I court does not have the power to pardon criminal acts, regardless of when and where the acts were committed. Finally, Grace is a thriving business that just went private in a $ 7 billion transaction, and this global specialty chemical and materials company is part of ongoing conspiracy.

## 2. ARGUMENT

### 2.1 As to This Action, W.R. Grace & Co. Is As a Matter of Law In Default and Cannot Make Any Court Filings Other Than a Motion to Set Aside Default

Grace executed a waiver of the service of summons on May 24, 2021, as shown in Doc. 12, and failed to plead or otherwise defend as required by FRCP 12(a)(1). Plaintiff has shown by affidavit that Grace has failed to plead or otherwise defend, Doc. 92-1, and has filed an application for entry of default. Doc. 92. The clerk should have entered Grace's default as the text of Rule 55(a) is explicit: "the clerk must enter the party's default". As a matter of law Grace is in default and cannot make any court filings, other than a motion to set aside default.

1

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

### 2.2  As to This Motion, W.R. Grace & Co. Has Waived Any Arguments

Grace's response declines to defend the adjudication of this action or rebut the Rule 59(e) motion's arguments. This omission concedes the merits. See, e.g., L.R. 7.2(i) ("A motion may be summarily disposed of if the opposing party fails to file a response; *Sunbelt Rentals, Inc. v. Victor*, 2014 WL 492364, at *9 n.7 (N.D. Cal. Feb. 5, 2014); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession."); *In re Online DVD Rental Antitrust Litig.*, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond on the merits is "viewed as grounds for waiver or concession of the argument").

Defendant fails to mention, much less distinguish, controlling precedents such as *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529–30 (1935) (Congress is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested), *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 559 (2012) (the Necessary and Proper Clause does not license the exercise of any great substantive and independent powers beyond those specifically enumerated), *Printz v. United States*, 521 U.S. 898, 918–19 (1997) (the Tenth Amendment explicitly preserves the "residuary and inviolable sovereignty" of the states), *Bond v. United States*, 564 U.S. 211, 222 (2011) (the independent power of the States [] serves as a check on the power of the Federal Government: by denying any one government complete jurisdiction over all the concerns of public life, federalism protects the liberty of the individual from arbitrary power.), *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) (Federal Rules of Civil Procedure are to be construed to secure the just, speedy, and inexpensive determination of every action), *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens,* 529 U. S. 765, 769 (2000) (the assignee of a claim has standing to assert the injury in fact suffered by the assignor).

Grace's concession of the merits has fatal consequences for its response. Why must plaintiff wait for the action to have to go up to the Ninth Circuit? Likewise, with respect to the balance of harms and public interest, there are obviously harms in blocking a person with constitutional and statutory standing from using the court to obtain relief, and a public interest in implementing or enforcing these rights.

2

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON
RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

### 2.3 As to The Article I Court in Delaware.

#### 2.3.1 It Does Not Have Personal Jurisdiction Over Plaintiff. The Orders are Legal Nullities and Violate *Stare Decisis*

Kraft has to date not been served with a summons and complaint from the Article I court that administered W.R. Grace & Co.'s title 11 proceeding in Delaware from April 2, 2001 to February 3, 2014. United States Bankruptcy Court for the District of Delaware, In re W.R. Grace & Co. *et al.*, Bankruptcy No. 01-1139 (JKF).

The rules governing how an Article I court establishes personal jurisdiction over a person are the same as at an Article III court. Federal Rules of Bankruptcy Procedure, Rule 7004 is based on Federal Rules of Civil Procedure, Rule 4.

Plaintiff's affidavit declares:

> I have never submitted a proof of claim in this action. I have never been a creditor in this action.
>
> Attached affidavit

Federal Rules of Bankruptcy Procedure, Rule 9014 states:

> Rule 9014. Contested Matters
>
> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
>
> Federal Rules of Bankruptcy Procedure, Rule 9014

The rule applies to parties, "the party against whom relief is sought". FRBP 9014

A party is a person who is under the personal jurisdiction of a court, which requires the issuance of a summons, followed by the service of the summons and a complaint or the execution of a waiver of service. Kraft is not a party in W.R. Grace & Co.'s title 11 case in Delaware: he submitted no claims, the court never issued a summons, no complaint was filed, and there was no service of a summons or the execution of a waiver of service.

3

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON
RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

The Local Rules for the United States Bankruptcy Court District of Delaware consistently references "party" and "parties" and has a process for persons who want to become parties, *e.g.*:

> Rule 1007-2 List of Creditors/Mailing Matrix.
>
> (a) In all voluntary cases, the debtor shall file with the petition a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures.
>
> Rule 1007-2, Delaware Bankruptcy Court
>
> Rule 1015-1 Joint Administration of Cases Pending in the Same Court. An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.
>
> Rule 1015-1, Delaware Bankruptcy Court
>
> Rule 3003-1 Proofs of Claim in Chapter 11 Cases.
>
> (a) Claims Agent Appointed. Any entity filing a proof of claim in a chapter 11 case shall file the original and one (1) copy of the proof of claim with the claims agent and shall serve a copy on the trustee, if any, unless the claims agent accepts claims electronically, in which case only the electronically filed claim shall be submitted.
>
> (b) No Claims Agent Appointed. Any entity filing a proof of claim in a chapter 11 case, where there is no claims agent appointed, shall file the proof of claim with the Clerk's Office.
>
> (i) When filing a paper claim, the entity shall file the original proof of claim and one (1) copy and shall serve a copy on the trustee, if any. Any entity that files a proof of claim by mail and wishes to receive a clocked-in copy by return mail must include an additional copy of the proof of claim and a self-addressed, postage-paid envelope.
>
> (ii) Claims submitted through a court-approved electronic claims filing system are considered the original proof of claim. Additional copies for the Clerk and trustee are not required. Electronic claims shall be served on the debtor, if *pro se*.
>
> Rule 3003-1, Delaware Bankruptcy Court

4

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

Kraft never participated in any of these procedural due process of law sequences.

And Kraft also never participated in the Joint Plan of Reorganization:

>Rule 3022-1 Closing of Chapter 11 Cases
>
>(a) Motion. Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.
>
>(b) Service. A motion for the entry of a final decree shall be served upon the debtor, the trustee, if any, the United States Trustee, all official committees and all creditors who have filed a request for notice under Fed. R. Bankr. P. 2002 and Local Rule 9013-1, at least twenty-one (21) days prior to the hearing on the motion.
>
>(c) Final Report. The debtor (or trustee, if any) shall file a final report and account on or before fourteen (14) days prior to the hearing on any motion to close the case.
>
>(d) Discharge. In a case in which the debtor is an individual, upon completion of plan payments, debtor and debtor's counsel shall file with the Court a motion for entry of a discharge and a Certification, substantially in the form of Local Form 104A, in order to comply with 11 U.S.C. § 1141 and obtain a discharge.

Rule 3022-1, Delaware Bankruptcy Court

Pursuant to *In re Harlow Props., Inc.*, 56 B.R. 794, 799 (B.A.P. 9th Cir. 1985) "Without service in conformity with Bankruptcy Rule 7004, the court had no personal jurisdiction. *See, Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir.1982) (applying Federal Rule of Civil Procedure 4)".

As stated in *Ruffing v. Wipro Ltd.*, No. 20-5545, 2021 U.S. Dist. LEXIS 59190, at *8 n.3 (E.D. Pa. 2021) serving a summons or filing a waiver pf service establishes personal jurisdiction.

The Article I court lacks jurisdiction and thus the power to do anything. Jurisdiction is power to declare the law, and without jurisdiction the judges cannot proceed at all in any cause. *Ruhrgas AG v. Marathon Oil Co. et al.*, 526 U.S. 574 (1999).

If a court acts "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such

5

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

judgments or sentences are considered in law as trespassers." *Elliott v. Lessee of Piersol*, 26 U.S. 328, 1 Pet. 328 (1828).

A void judgment or order is one which, from its inception, was a complete nullity and without legal effect. This is a universal standard in America's legal system. E.g. see Black's Law Dictionary, Sixth Edition, page 1574: Void judgment.

The orders issued at the Article I court as to plaintiff are not voidable, but void due to the court's lack of personal jurisdiction.

The orders issued by the Article I court are legal nullities.

### 2.3.2 It Does Not Have the Judicial Power to Adjudicate Any Controversy and All Such Activities Violate *Stare Decisis*

Kraft has informed the Article I court that he objects to all of Grace's activities directed against him at the Article I court, which includes all procedural mechanisms used in such pursuits, whether defined as contested or adversarial. See attached affidavit.

Before this court is a common law tort claim.

Article III of the Constitution provides the judicial power to adjudicate such claims to Article III judges, not bankruptcy judges or Article I judges.

> Although the history of this litigation is complicated, its resolution ultimately turns on very basic principles. Article III, §1, of the Constitution commands that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." That Article further provides that the judges of those courts shall hold their offices during good behavior, without diminution of salary. *Ibid.* Those requirements of Article III were not honored here. The Bankruptcy Court in this case exercised the judicial power of the United States by entering final judgment on a common law tort claim, even though the judges of such courts enjoy neither tenure during good behavior nor salary protection. We conclude that, although the Bankruptcy Court had the statutory authority to enter judgment on Vickie's counterclaim, it lacked the constitutional authority to do so.

*Stern v. Marshall*, 564 U.S. 462 (2011)

Further see *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982). A bankruptcy judge may issue a final judgment in a proceeding only if the matter both "meets Congress' definition of a core proceeding *and* arises under or arises in title 11", adding that although the

6

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON
RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

Supreme Court had concluded that 28 U.S.C. § 157(b)(2)(C) permitted the bankruptcy court to enter final judgment, Article III of the Constitution did not.

### 2.3.3 It Does Not Have the Judicial Power to Pardon Criminal Acts, Regardless Of When and Where the Acts Were Committed, and All Such Pursuits Violate *Stare Decisis*

Bankruptcy judges are Article I judges whose offices are created under the U.S. Constitution, Article 1m § 8, which authorizes Congress to constitute tribunals inferior to the Supreme Court. Bankruptcy courts are referred to as "legislative courts" as opposed to Article III courts that derive their powers from Article III of the Constitution.

There are differences between Article III judges and bankruptcy judges and their service on the bench. Article III judges have lifetime tenure, and their compensation cannot be diminished. The President appoints Article III judges, and the Senate confirms them. Bankruptcy judges, however, serve for 14 years and can be removed from office for incompetence, misconduct, neglect of duty, or physical or mental disability. Moreover, a bankruptcy judge's salary is determined under § 225 of the Federal Salary Act of 1967. Unlike district court judges, bankruptcy judges do not enjoy lifetime tenure for good behavior or salary protection.

District courts have original jurisdiction over all bankruptcy cases and adversary proceedings. District courts may "refer" bankruptcy cases to bankruptcy judges and generally do so through "orders of reference." As such, bankruptcy judges are considered an arm of the district court and can only hear cases that a district court refers to them. Stated differently, bankruptcy courts have no independent jurisdiction to consider bankruptcy matters other than what flows from district court. Bankruptcy judges may rely on statutory authority from Title 28 of the United States Code, the Bankruptcy Code (Title 11 of the United States Code), the Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and any local rules the court may adopt in rendering their decisions. Like district court judges, bankruptcy judges may formulate federal common law. Bankruptcy courts are known as courts of equity, although a bankruptcy judge's equitable powers are limited to those conferred by a statute.

W.R. Grace & Co.'s assets came under the jurisdiction of the Article I court upon the initiation of the Chapter 11 filing on April 2, 2001. The core of the federal bankruptcy power is

7

the restructuring of debtor-creditors relations. Collier on Bankruptcy ¶3.02[2], p. 3–26, n. 5 (16th ed. 2010). The Article I court lost that jurisdiction on February 3, 2014, with a Joint Plan of Reorganization.

Plaintiff's affidavit declares:

> I have never submitted a proof of claim in this action. I have never been a creditor in this action.

Attached affidavit

The premise before the Article I court in Delaware is that it has the judicial power to pardon criminal acts.

However, plaintiff categorically rejects this idea. No Article I court has the authority to pardon criminal acts, regardless of when and where the acts were committed.

The Supreme Court has unambiguously stated "We, however, will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure" *Cohen v. de la Cruz*, 523 U.S. 213 (1998).

Plaintiff highly doubts Congress intended for corporations to be able to use one title 11 case to get away with committing fraud in another title 11 case. Such a statutory interpretation of 18 U.S. Code § 1961(1)(D), which makes any offense involving fraud connected with a case under title 11 a crime, violates *stare decisis*.

18 U.S. Code § 1961(1)(D) declares:

> As used in this chapter— (1) "racketeering activity" means (D) any offense involving fraud connected with a case under title 11.

18 U.S. Code § 1961(1)(D)

Pursuant to *stare decisis*, priority is to be afforded to the statutory text and its plain meaning. "The starting point in statutory interpretation is 'the language [of the statute] itself.'" *Ardestani v. INS*, 112 S. Ct. 515, 519 (1991) (quoting *United States v. James*, 478 U.S. 597, 604 (1986). "The 'strong presumption' that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstance' * * * when a contrary legislative intent is clearly expressed." *Ardestani* (citations omitted). "When we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." *King v.*

8

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

*St. Vincent's Hospital*, 112 S. Ct. 570, 574 (1991) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)). "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 112 S. Ct. 2589, 2594 (1992). "It is the duty of the courts to enforce the judgment of the Legislature, however much we might question its wisdom or fairness. Often we have urged the Congress to speak with greater clarity, and in this statute it has done so. If the effects of the law are to be alleviated, that is within the province of the Legislature." *Estate of Cowart*. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (citations omitted).

Pursuant to *stare decisis*, statutes are to be construed by giving words their ordinary meaning. "In construing statutes, 'we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *INS v. Elias-Zacarias*, 112 S. Ct. 816 (1992) (quoting *Richards v. United States*, 369 U.S. 1 (1962)). Accord *Ardestani*. It is a "basic principle of statutory construction that words are ordinarily to be given their 'plain meaning.'" *Palestine Information Office v. Shultz*, 853 F.2d 932, 938 (D.C. Cir. 1988). Although neither the statute nor the governing regulation defines "reimbursement", it is well-established that "'words should be given their common and approved usage.'" *United Scenic Artists v. NLRB*, 762 F.2d 1027, 1032 n. 15 (D.C. Cir. 1985).

In principle, the Article I court in Delaware is proclaiming, we have the power to pardon criminal conduct, which violates *stare decisis*. "Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language. Only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." *Salinas v. United States*, 522 U.S. 52, 57 (1997) (internal quotation marks, citations, and brackets omitted). "No rule of construction, however, requires that a penal statute be strained and distorted in order to exclude conduct clearly intended to be within its scope." *Salinas* (quotation omitted). "If we do our job of reading the statute whole, we have to give effect to this plain command, * * * even if doing that will reverse the longstanding practice under the statute

9

and the rule * * *." *Lexecon Inc. v. Milberg Weis Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (citations omitted). "The language is straightforward, and with a straightforward application ready to hand, statutory interpretation has no business getting metaphysical." *Lexecon*. Where statutory meaning is clear, court need not "resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417 (1998).

Pursuant to *stare decisis*, statutes should be construed to avoid constitutional issues. "'Statutes should be construed to avoid constitutional questions, but this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature.'" *Salinas* (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)). "As Justice Holmes said long ago: 'A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.'" *Almendarez-Torres v. United States*, 523 U.S. 224, 237 (1998) (quoting *United States v. Jin Fuey Moy*, 241 U.S. 394, 401 (1916)).

Pursuant to *stare decisis*, statutes should be construed as a whole. "'"In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."'" *Regions Hospital v. Shalala*, 522 U.S. 448, 460 n.5 (1998) (quoting *United States Nat. Bank of Ore. v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 455 (1993), and *United States v. Heirs of Boisdore*, 8 How. 113, 122 (1849)). It is a "central tenet of interpretation" that "a statute is to be considered in all its parts when construing any one of them." *Lexecon*.

Pursuant to *stare decisis*, statutes should be construed in context. "[I]t is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" *Textron Lycoming Reciprocating Engine Div., v. Automobile Workers*, 523 U.S. 653, 657 (1998) (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993)).

Pursuant to *stare decisis*, statutes should be construed to avoid surplusage. "[T]he Court avoids interpreting statutes in a way that 'renders some words altogether redundant.'" *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 347 (1998) (quoting *Gustafson v. Alloyd Co.*, 513

10

U.S. 561, 574 (1995). "'[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.'" *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) (quoting *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837 (1988)). "We are reluctant to adopt a construction making another statutory provision superfluous." *Hohn v. United States*, 524 U.S. 236, 249 (1998).

The law as pronounced by the Article I court in Delaware produce absurd and bizarre results, which violate *stare decisis*. "Rather than read the saving clause in a manner that eviscerates the agreement in which it appears, we give it a sensible construction that avoids this absurd conclusion." *South Dakota* (internal quotation marks omitted). [Where either of two alternate readings of statute creates incongruities, the Court declines to adopt reading that yields "bizarre" result contrary to a likely and rational congressional policy.] *Caron v. United States*, 524 U.S. 308, 315 (1998). "Acceptance of the Government's new-found reading of [the statutory provision] 'would produce an absurd and unjust result which Congress could not have intended.'" *Clinton v. City of New York*, 524 U.S. 417, 429 (1998) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 574 (1982)).

Thus, the Article I court's premise, if you are a corporation the text of 18 U.S. Code § 1961(1)(D) becomes meaningless if you have and/or initiate another case under title 11, perverts the work of Congress, and is a premise that violates *stare decisis*, in succession.

### 2.4 W.R. Grace & Co. Is a Thriving Business and This Action Is About an Ongoing Conspiracy

W.R. Grace & Co. is a thriving business that just went private in a $ 7 billion transaction.

[W. R. Grace & Co. - Standard Industries Completes Acquisition of Grace](#)

This action is about an ongoing conspiracy.

### 3. CONCLUSION

For the foregoing reasons, the Court should enter the requested relief of vacating the judgment in its entirety.

11

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

Respectfully submitted on this 6th day of January 2022.

_____

Plaintiff

12

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON
RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.
Case No. CV-21-00575-PHX-DJH

Rune Kraft
  rk@kraft.legal
Kraft Legal | United States
108 West 13th Street
Wilmington, Delaware 19801
  302 408 1000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br>          Plaintiff,<br><br>vs.<br><br>Chevron Corporation, et al.,<br>          Defendants. | Case No. CV-21-00575-PHX-DJH<br><br>The Honorable Diane J. Humetewa<br><br>**AFFIDAVIT OF RUNE KRAFT IN SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT BASED ON RULE 59(e). REPLY TO DEFENDANT'S RESPONSE FILED AS DOC. 98.** |

# Affidavit of Rune Kraft

I, Rune Kraft, based on personal knowledge, declare:

I have never been served with a summons and complaint from the Article I court that administered W.R. Grace & Co.'s title 11 proceeding in Delaware from April 2, 2001 to February 3, 2014. United States Bankruptcy Court for the District of Delaware, In re W.R. Grace & Co. *et al.*, Bankruptcy No. 01-1139 (JKF).

I have never submitted a proof of claim in the action.

I have never been a creditor in the action.

On August 26, 2021, I informed the court that I did not consent to any and all of W.R. Grace & Co.'s activities directed against me at the Article I Court, including all procedural mechanisms used in such pursuits, whether defined as contested or adversarial.

I am competent to testify to the facts set forth in this declaration and declare under the penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct.

DATED this 6th day of January 2022.

*[signature]*

Rune Kraft

---

1

AFFIDAVIT OF RUNE KRAFT
Case No. CV-21-00575-PHX-DJH