**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | **Re: D.I. 33330** |
| | ) | |
| | ) | **Hearing Date: October 21, 2024 @ 2:00 p.m. (ET)** |
| _____ ) | | **Obj. Deadline: October 8, 2024 @ 4:00 p.m. (ET)** |

**ANDERSON MEMORIAL HOSPITAL'S RESPONSE AND
OBJECTION TO MOTION SEEKING ENTRY OF A FINAL DECREE
<u>CLOSING THE CHAPTER 11 CASE OF W.R. GRACE & CO.</u>**

Creditor Anderson Memorial Hospital ("**AMH**") submits this response and objection to the Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co. ("**Final Decree Motion**," D.I. 33330) filed by W.R. Grace & Co. ("**Grace**" or "**Reorganized Debtor**"). While the Final Decree Motion represents that "there are no unresolved adversary proceedings to which Grace is party, and there are no unresolved matters to be administered in the Grace Chapter 11 Case," (DI. 33330 at ¶16), the AMH claims remain unresolved. Accordingly, AMH respectfully requests that the Final Decree Motion be denied, or that entry of a final decree be suspended until the AMH claims are resolved. In support, AMH states:

1.       The history of the litigation between AMH and Grace spans more than three decades. For present purposes, AMH provides a very abbreviated summary relevant to the instant Final Decree Motion. Additional background is set forth in AMH's Motion to Alter or Amend Order Denying Motion for Class Certification and for Entry of Scheduling Order and Granting Related Relief ("**Motion to Alter**," D.I. 31812), and in AMH's Brief in Support of Motion for Class Certification ("**Class Certification Brief**," D.I. 32624).

2.      AMH, in accordance with the claims procedures established in this case, filed an individual proof of claim for its hospital building ("**Hospital Claim**") and two Class Claims, one on behalf of South Carolina building owners and the other on behalf of all building owners, who suffered property damage for which Grace is liable, on whose behalf AMH had filed a class action in South Carolina in 1992 (collectively, "**AMH's Claims**"). (*See* D.I. 19987).

3.      On May 29, 2008, this Court entered an Order denying AMH's motion for class certification ("**Certification Order**," D.I. 18821). Rather than expunging the Class Claims, however, the Court at Grace's request placed them "in suspense" instead. (D.I. 21257). When AMH appealed the Certification Order, the District Court and Third Circuit Court of Appeals, at Grace's urging, ruled that the Certification Order was interlocutory and non-final, and therefore not subject to appeal. *In re W.R. Grace & Co.*, No. 08-4829 (3d Cir. 2009).

4.      The Court conducted a confirmation hearing on Grace's Chapter 11 Plan in late 2009 and entered an Order confirming the Plan in 2011 (D.I. 26289). The Plan became effective on February 3, 2014 after all pending appeals of the Confirmation Order, including AMH's, had been decided or resolved.

5.      Grace's Chapter 11 Plan classifies AMH's Claims as "Bar Date Claims." (D.I. 26368-22). Grace objected to all Bar Date Claims (D.I. 9315), but AMH's Claims have never been settled or adjudicated.

6.      On March 5, 2014, AMH filed its Motion to Alter, seeking to have the Court revisit the Certification Order and grant certification on behalf of AMH's proposed class. The Court directed the parties to submit further briefing (D.I. 32560), and AMH accordingly submitted its Class Certification Brief on September 8, 2015.

2

7.      After the Motion to Alter was briefed and argued, this Court on August 25, 2016 issued an Opinion and Order (D.I. 32771 & 32772) denying AMH's Motion to Alter without prejudice and directing the parties to mediation. In the Opinion, the Court determined, *inter alia*, that Section I of the Property Damage Case Management Order ("**PD CMO**") which was attached as Exhibit 25 to the Plan outlines the adjudication procedure for AMH's Claims. Section I of the PD CMO provides:

> I. The procedures with respect to Class 7A Asbestos claims filed prior to the March 2003 Bar Date shall be as follows:
> A. Unresolved Asbestos PD Bar Date Claims, other than Asbestos PD Claims (i) which have been disallowed and/or expunged, and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective Date will be adjudicated in accordance with Amended Order Setting Various Deadlines Regarding Objections to Class 7A Asbestos Property Damage ("PD") Claims ....
> B. With respect to any and all Class 7A Asbestos PD Claims which were filed as of the March 2003 Bar Date and (i) which have been disallowed and/or expunged by the Bankruptcy Court and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective date:
> 1. The appeals shall proceed to completion.
> 2. The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008).
> 3. Claims for which appeals are successful, resulting in reversal of the Bankruptcy Court order(s) disallowing and expunging the claims ... or denying class certification, shall be remanded to the Bankruptcy Court ....

8.      Simultaneously with the Opinion, the Court issued an Order that (a) denied AMH's Motion to Alter without prejudice; and (b) directed Grace and AMH to enter into mediation to explore amicable resolutions for AMH's individual property damage claim against Grace. (D.I. 32772).

9.      AMH sought to appeal the Opinion and Order. On March 30, 2018, the District Court issued a Memorandum Order granting Grace's motion to dismiss the appeal, adopting Grace's arguments that (a) the appeal was interlocutory because orders granting or denying class certification are "inherently interlocutory," and (b) the confirmed Plan requires AMH to litigate its individual claim to final judgment before it can appeal the denial of class certification. (Case No. 1:16-cv-00799-LPS, D.I. 22). On further appeal, the Third Circuit Court of Appeals on October 3, 2019 affirmed the District Court's dismissal on the grounds that AMH was required to adjudicate its individual claim before pursuing the class claims. (Case No. 18-1960).

10.      Since the Third Circuit affirmed the dismissal of AMH's appeal of the Opinion and Order, Grace has failed to take steps to (a) mediate AMH's Hospital Claim; or (b) adjudicate AMH's Hospital Claim. As a result, the Hospital Claim remains unresolved, and AMH's ability to pursue the Class Claims, including appeal of the Certification Order, remains suspended by the absence of a final appealable order on the Hospital Claim.

11.      As Grace represents in the Final Decree Motion, one of the considerations set forth in the advisory notes to Fed. R. Bankr. P. 3022 in determining whether a case has been "fully administered" is whether "all motions, contested matters, and adversary proceedings have been finally resolved." The conditions for entry of a final decree have not been satisfied, as AMH's Claims have not been finally resolved.

**WHEREFORE**, AMH respectfully submits that the Motion for Final Decree should be denied, or that the entry of a Final Decree should be suspended until all of AMH's Claims are finally resolved.

4

Dated: October 8, 2024
      Wilmington, Delaware

Respectfully submitted,

**FERRY JOSEPH**

*/s/ Rick S. Miller*
Rick S. Miller (DE 3418)
1521 Concord Pike Ste. 202
Wilmington, DE 19803
Phone: (302) 575-1555
Email: rmiller@ferryjoseph.com

     -and-

**KOZYAK TROPIN & THROCKMORTON, LLP**
David L. Rosendorf (admitted *pro hac vice*)
FL Bar No. 996823
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Tel:    (305) 372-1800
Email: dlr@kttlaw.com

*Counsel for Anderson Memorial Hospital*

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (AMC) |
| | ) | |
| Reorganized Debtor. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I, Rick S. Miller, hereby certify that, on October 8, 2024, I caused a true and correct copy of the foregoing *Anderson Memorial Hospital's Response and Objection to Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co.* to be served by CM/ECF electronic notification on all parties registered to receive electronic notice through the Court's system and via email upon the parties listed below:

Roger J. Higgins
The Law Offices of Roger Higgins, LLC
516 N. Ogden Ave, Suite 136
Chicago, IL 60642
rhiggins@rogerhigginslaw.com

*Counsel for the Reorganized Debtor*

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
PO. Box 8705
Wilmington, DE 19899-8705
ljones@pszjlaw.com
joneill@pszjlaw.com

*Counsel for the Reorganized Debtor*

Dated: October 8, 2024
      Wilmington, Delaware

Respectfully submitted,

**FERRY JOSEPH**

*/s/ Rick S. Miller*

Rick S. Miller (DE 3418)
1521 Concord Pike Ste. 202
Wilmington, DE 19803
Phone: (302) 575-1555
Email: rmiller@ferryjoseph.com


     -and-


**KOZYAK TROPIN & THROCKMORTON, LLP**
David L. Rosendorf (admitted *pro hac vice*)
FL Bar No. 996823
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Tel:    (305) 372-1800
Email: dlr@kttlaw.com

*Counsel for Anderson Memorial Hospital*

7