<u>**EXHIBIT A**</u>

<u>**Form of Order**</u>

4927-9671-2883.1 91100.001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG W. R. GRACE & CO. (ON BEHALF OF ITSELF, ITS AFFILIATE REORGANIZED DEBTORS, AND THE CLASS 7A ASBESTOS PD TRUST) AND ANDERSON MEMORIAL HOSPITAL, ALLOWING CLAIM NO. 11008, AND DISALLOWING CLAIMS NOS. 9911 AND 9914**

Upon consideration of the *Motion Seeking Approval of the Settlement Agreement by and Among W. R. Grace & Co. (on behalf of itself, its Affiliate Reorganized Debtors, and the Class 7A Asbestos PD Trust) and Anderson Memorial Hospital, Allowing Claim No. 11008, and Disallowing Claims Nos. 9911 and 9914* (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estate, its creditors, and all other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The Motion is granted in its entirety.

2.      The *Settlement Agreement by and Among W. R. Grace & Co. (on behalf of itself, its Affiliate Reorganized Debtors, and the WRG Asbestos Property Damage Settlement Trust) and Anderson Memorial Hospital Resolving Claims Nos. 9911, 9914, and 11008* (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit I, is approved in its entirety.

3.      Pursuant to the *Case Management Order for Class 7A Asbestos PD Claims*, filed as Exhibit 24 to the *Effective Date Documents* [Docket no. 31657], Claim no. 11008 (the "AMH Individual Claim"), filed by Anderson Memorial Hospital ("AMH"), is Allowed in the amount of $2.95 million (the "Settlement Amount").  Payment of the Settlement Amount shall be made in accordance with ¶ 3 of the Settlement Agreement once this Order has become final and non-appealable.

4.      Pursuant to the terms of the Plan and the Settlement Agreement, no interest shall be payable on the Settlement Amount.

5.      This Court's order filed on May 28, 2008, captioned *In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008), is a final and non-appealable order.

---

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in Settlement Agreement, and if not defined therein, then as defined in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket no. 26368] (the "Plan").

4927-9671-2883.1 91100.001

6. Pursuant to the findings set forth in this Court's opinion and order, captioned *In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008), AMH is the sole Claimant for Claims nos. 9911 and 9914 (the "Duplicate AMH PD Claims").

7. Pursuant to the *Case Management Order for Class 7A Asbestos PD Claims*, filed as Exhibit 24 to the *Effective Date Documents* [Docket no. 31657], the Duplicate AMH PD Claims are Disallowed as duplicative of the AMH Individual Claim.

8. The following pleadings are deemed withdrawn with prejudice as to the Claims:

   a. *Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm Speights & Runyan (Substantive)* [Docket no. 9311], filed on September 1, 2005;

   b. *Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims* [Docket no. 9315], filed on September 1, 2005;

   c. *Response of Speights & Runyan to Debtors' Thirteenth Omnibus Objection* [Docket no. 9607], *Speights & Runyan's Response to Debtors' Brief in Support of 13 Omnibus Objection Seeking the Disallowance and Expungement of 1900 Claims* [Docket no. 10001], each filed on October 21, 2005;

   d. *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket no. 10267, 10293], and *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket no. 10502], each filed on October 22, 2005; and

   e. *Anderson Memorial Hospital's Further Memorandum in Opposition to the Debtor's Thirteenth Omnibus Objection: Ratification of Authority by Claimants* [Docket no. 11709], filed on February 3, 2006.

9. The *Response and Objection to Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co.* [Docket no. 33331], filed by AMH on October 8, 2024, is deemed withdrawn with prejudice.

10. Grace and the Reorganized Debtors are authorized to take all actions that may be necessary to implement the Settlement Agreement, including but not limited to directing their claims agents to update the claims register to reflect the Allowance of the AMH Individual Claim

3

in the Settlement Amount ($2.95 million), the Disallowance of the Duplicate AMH PD Claims, and all actions relating to the payment of the Settlement Amount on the terms and conditions set forth in the Settlement Agreement.

11. Nothing in this Order shall affect any Claim which may in the future be filed by any claimant (other than AMH) against the Class 7A Asbestos PD Trust pursuant to the PD CMO.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Claims and the Settlement Agreement.

14. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, or 9014 of or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Dated: _____, 2026

_____

Honorable Ashely M. Chan
Chief Judge,
United States Bankruptcy Court

4

**EXHIBIT 1**

**Settlement Agreement**

DE:4907-6356-8818.1 91100.001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (AMC) |
| | ) (Jointly Administered) |
| Reorganized Debtor. | ) |
| | ) |
| | ) |

**SETTLEMENT AGREEMENT BY AND AMONG W. R. GRACE & CO. (ON BEHALF OF ITSELF, ITS AFFILIATE REORGANIZED DEBTORS, AND THE CLASS 7A ASBESTOS PD TRUST) AND ANDERSON MEMORIAL HOSPITAL RESOLVING CLAIMS NOS. 9911, 9914, AND 11008**

This Settlement Agreement, including all attachments and exhibits (the "Settlement Agreement") is made and entered into as of this 3rd day of June, 2026, by and between Grace, on behalf of itself, the Reorganized Debtors (as defined herein), and the Asbestos PD Trust, acting by and through the Class 7A Trustee (as defined herein), and Anderson Memorial Hospital (variously, "AMH" or the "Claimant") acting by and through its duly authorized representative or counsel.

**STATEMENT OF FACTS**

**WHEREAS**, on or about December 23, 1992, AMH's counsel, then known as Speights & Runyan, filed a complaint in South Carolina state court (the "State Court"), captioned *Anderson Memorial Hospital v. W. R. Grace, et al.*, Case no. 92-CP-25-279 (Ct. Com. Pl., Hampton Cty, South Carolina, Dec. 23, 1992) (the "South Carolina AMH Litigation"), seeking among other relief certification of a nationwide class of private building owners alleging asbestos property damage;

**WHEREAS**, on August 12, 1994, the State Court struck the alleged asbestos property damage claims of out-of-state residents, pursuant to its order of that date;

---

[1]    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case (the "Chapter 11 Case").

**WHEREAS**, AMH subsequently filed amended complaints seeking to certify a much smaller class consisting just of South Carolina building owners;

**WHEREAS**, on April 2, 2001 (the "Petition Date"), Grace and 61 Debtor Affiliates each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The South Carolina AMH Litigation was stayed pursuant to 11 U.C.C. § 362;

**WHEREAS**, prior to the Petition Date the State Court did not certify any class seeking relief for alleged asbestos property damage;

**WHEREAS**, on April 22, 2002, The Bankruptcy Court entered the Bar Date Order, which set March 31, 2003, (the "Claims Bar Date") as the date by which Claimants were to file proofs of claim for Asbestos PD Claims and certain other types of Claims;

**WHEREAS**, on March 31, 2003, Claimant timely filed Claims nos. 9911 (copy attached hereto as Exhibit B), 9914 (copy attached hereto as Exhibit C), and 11008 (copy attached hereto as Exhibit D), followed by numerous supplements between 2005 and 2007 (together, the "Claims," as defined herein);

**WHEREAS**, on September 1, 2005, Grace filed the *Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm Speights & Runyan (Substantive)* [Docket no. 9311] ("Omnibus Objection 13"), which objected to the Allowance of each of the Claims.  On the same day, the Debtors also filed the *Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims* [Docket no. 9315] ("Omnibus Objection 15," which together with Omnibus Objection 13 are the "Claims Objections"), which once again objected to the Allowance of each of the Claims;

**WHEREAS**, on October 21, 2005, Claimants filed their *Response of Speights & Runyan to Debtors' Thirteenth Omnibus Objection* [Docket No. 9607], and *Speights & Runyan's Response*

*to Debtors' Brief in Support of 13 Omnibus Objection Seeking the Disallowance and Expungement of 1900 Claims* [Docket No. 10001];

**WHEREAS**, on October 22, 2005, Claimants filed their *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket No. 10267, 10293] and their *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket No. 10502];

**WHEREAS**, on February 3, 2006, AMH filed the Further Memorandum in Opposition to the Debtor's Thirteenth Omnibus Objection: Ratification of Authority by Claimants [Docket No. 11709];

**WHEREAS**, on December 6, 2007, the District Court filed an opinion and order holding that the notice given under the notice program authorized by the Bar Date Order was sufficient as to both known and unknown Asbestos PD Claimants. *Mission Towers v. Grace*, 2007 U.S. Dist. LEXIS 89913 (D. Del. Dec. 6, 2007)) (hereinafter, *Mission Towers*"); *see also In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008) (hereinafter, the "*2008 Class Certification Denial*"") (denying class certification for Asbestos PD Claims); *In re W. R. Grace & Co.*, 563 B.R. 150 (Bankr. D. Del. 2016) (hereinafter "*Plum Creek*") (denying Plum Creek leave to late file an Asbestos PD Claim);

**WHEREAS**, on May 29, 2008, the Bankruptcy Court filed an opinion and order denying AMH class certification "with prejudice." *2008 Class Certification Denial*, 389 B.R. at 380 for, *inter alia*, failing to meet the rule's numerosity requirement. The Bankruptcy Court further held that permitting a class to include potential Claimants who had not timely filed Asbestos PD Claims prior to the Claims Bar Date would "would operate to negate the bar date … [and] would provide certain claimants with the opportunity to file late claims despite the bar date and without having

3

to establish excusable neglect [internal citation omitted] … and would nullify the notice program which entailed substantial effort and expense." *Id.*, 389 B.R. at 379;

WHEREAS, on January 31, 2011, the Court issued its *Memorandum Opinion Regarding Objections to Confirmation of First Amended Joint Plan of Reorganization and Recommended Supplemental Findings of Fact and Conclusions of Law* [Docket no. 26154] and Recommended Findings of Fact, Conclusions of Law and Order Regarding Confirmation of First Amended Joint Plan of Reorganization as Modified Through December 23, 2010 [Docket no. 26155].  On February 15, 2011, the Court issued its Order Clarifying Memorandum Opinion and Order Confirming Joint Plan as Amended Through December 23, 2010 [Docket no. 26289] (collectively with Docket Nos. 26154 and 26155, the "Confirmation Order");

WHEREAS, on the Effective Date (February 3, 2014), the Reorganized Debtors substantially consummated the transactions contemplated by the Plan and emerged from chapter 11. *Notice of Occurrence of The Effective Date of The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W. R. Grace and Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders As Modified Through December 23, 2010*, dated February 13, 2014 [Docket no. 31732].  As of the Effective Date and pursuant to Plan Art. 3.1.7, 7.3.3, and 8.1.3, the sole recourse for Asbestos PD Claims became the Asbestos PD Trust. Additionally, Plan Art., 8.1.5 provided in relevant part that "the Reorganized Debtors and their Representatives shall be fully and finally discharged of any liability or obligation on a Disallowed Claim";

WHEREAS, on the Effective Date, the PD CMO was filed as Exhibit 24 to the *Effective Date Documents* [Docket no. 31657].  The PD CMO provides in relevant part that the AMH

4

Individual Claim must be resolved prior to the resolution of the Duplicate AMH PD Claims (with the latter remaining inactive until the former Claim is resolved);

**WHEREAS**, on the Effective Date, the *Deferred Payment Agreement (Class 7A)*, was filed as Exhibit 15 to the *Effective Date Documents* [Docket no. 31657];

**WHEREAS**, on the Effective Date, the Asbestos PD Trust Agreement was filed as Exhibit 2 to the *Effective Date Documents* [Docket no. 31657].  Asbestos PD Trust Agreement § 2.1.(d) provides in relevant part that on and after the Effective Date the "Reorganized Debtors shall, in their sole discretion, and on behalf of the PD Trust, prosecute and defend all proceedings initiated under the PD CMO";

**WHEREAS**, On March 5, 2014, AMH filed its *Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion For Class Certification and For Entry of Scheduling Order and Granting Related Relief* [Docket no. 31812] (the "AMH Motion to Alter or Amend").

**WHEREAS**, on October 10, 2014, Grace-Conn. and the Asbestos PD Trust entered into the Deferred Payment Agreement (PD);

**WHEREAS,** on August 25, 2016, Judge Carey handed down its decision, *In re W. R. Grace & Co.*, 556 B.R. 113 (Bankr. D. Del. 2016), denying the AMH Motion to Alter or Amend.

**WHEREAS**, on October 3, 2019, the United States Court of Appeals for the Third Circuit handed down its decision, *In re W. R. Grace & Co.*, 778 Fed. Appx. 202 (3d Cir. 2019), affirming the 2016 Bankruptcy Court decision.  The Court of Appeals held in relevant part that "the Bankruptcy Court and District Court, respectively, concluded that 'AMH is bound by … [the PD CMO] to adjudicate its individual claim before commencing its class claims'." *Id.* at 203;

**WHEREAS**, on September 17, 2024, Grace filed its Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co. [Docket no. 33330];

5

**WHEREAS**, on October 8, 2024, AMH filed its Response and Objection to Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co. [Docket no. 33331] (the "Case Closing Objection");

**WHEREAS**, Grace has denied and continues to deny all allegations of liability, wrongdoing, or violations of law or breaches of duty and has asserted and continues to assert that the Claims have no substance in fact or law and that Grace has meritorious defenses to the Claims;

**WHEREAS**, Grace has agreed to enter into this Settlement Agreement because it is in the best interest of itself, its Affiliate Reorganized Debtors, and the Asbestos PD Trust to avoid further expense, inconvenience and the distraction of expensive, burdensome and protracted litigation over the Claims' merit and value;

**WHEREAS**, the Claimant and Grace, on behalf of the Asbestos PD Trust, desire to settle and resolve the Claims and have engaged in productive settlement discussions directed towards that end;

**WHEREAS**, the Claimant and Grace have investigated the facts of the Claims;

**WHEREAS**, Grace has reviewed, analyzed and assessed the Claims, and the Claimant has provided Grace with information and documents regarding the Claims;

**WHEREAS**, Grace and the Claimant have concluded that a settlement in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interest of the Claimant and Grace, its Affiliate Reorganized Debtors, and the Asbestos PD Trust;

**WHEREAS**, Claimant agrees, as part of the consideration set forth in this Settlement Agreement, that it shall not appeal the 2008 Class Certification Denial, and further agrees that the 2008 Class Certification Denial order is final and nonappealable as a result thereof;

**WHEREAS**, Claimant agrees that it is the sole Claimant named in the Duplicate AMH Claims (nos. 9911 and 9914);

**WHEREAS**, Claimant agrees that, as part of the consideration set forth in this Settlement Agreement, the Duplicate AMH PD Claims shall be disallowed by the Bankruptcy Court as provided for in the form of Order attached hereto as Exhibit A; and

**NOW**, **THEREFORE**, the Parties enter into this Settlement Agreement.

### DEFINITIONS

A.    "2008 Class Certification Denial" means that certain opinion and order filed by the Bankruptcy Court May 29, 2008, and captioned *In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008).

B.    "AMH Individual Claim" means Claim no. 11008.   Collectively, the AMH Individual Claim and the Duplicate AMH PD Claims are the "Claims."

C.    "AMH Motion to Alter or Amend" has the meaning ascribed thereto in the Statement of Facts.

D.    "Approval Motion" has the meaning ascribed thereto in ¶ 10.

E.    "Asbestos PD Trust Agreement" means the *WRG Asbestos Property Damage Settlement Trust Agreement*, entered into effective as of the Effective Date by Grace, the Class 7A Trustee, and the other trustees of the Class 7 Asbestos PD Trust, filed as Exhibit 2 to the Effective Date Documents [Docket no. 31657].

F.    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

G.     "Bar Date Order" means the Bankruptcy Court's Order As to All Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims: (I) Approving Case

7

Management Schedule, (Il) Establishing Bar Date, (III) Approving Proof Of Claim Forms and (IV) Approving Notice Program [Docket no. 1963], entered on April 22, 2002.

H.      "Case Closing Objection" has the meaning ascribed in the Statement of Facts.

I.      "Chapter 11 Case" has the meaning ascribed thereto in n. 2 of this Settlement Agreement.

J.      "Claim" has the meaning ascribed to thereto in Plan Art. 1.1.75,

K.      "Claimant" has the meaning ascribed thereto in the Preamble.

L.      "Claimant's Counsel" means Speights & Solomons PC.

M.      "Claims Bar Date" was March 31, 2003, as set in the Bar Date Order.

N.      "Claims Objections" has the meaning ascribed thereto in the Statement of Facts.

O.      "Class 7A Asbestos PD Trust" means the WRG Asbestos Property Damage Settlement Trust, a Delaware statutory trust, established pursuant to section 524(g) of the Bankruptcy Code and in accordance with the Asbestos PD Trust Agreement (as that term is defined in the Plan), which administers Class 7A Claims pursuant to the Plan, the Asbestos PD Trust Agreement, the Deferred Payment Agreement (PD), and the PD CMO.

P.      "Class 7A Claim" means an Asbestos PD Claim against the Class 7A Asbestos PD Trust.

Q.      "Class 7A Trustee" means the trustee appointed to administer the Class 7A Claims pursuant to the Asbestos PD Trust Agreement.

R.      "Deferred Payment Agreement (PD)" means the *Amended and Restated Deferred Payment Agreement (Class 7A PD)*, entered into on October 14, 2014, by Grace-Conn. and thel, copy of which is attached hereto as Exhibit .

S.      "District Court" means the United States District Court for the District of Delaware.

8

T.      "Duplicate AMH PD Claims" means Claims nos. 9911 and 9914, filed by AMH on March 31, 2003.

U.      "Effective Date" was February 3, 2014.

V.      "Grace-Conn" means W. R. Grace & Co.-Conn.

W.      "Order" means the order entered by the Bankruptcy Court approving this Settlement Agreement, Allowing the AMH Individual Claim and Disallowing the Duplicate AMH PD Claims, which shall be substantially in the form attached hereto as Exhibit A.

X.      "Parties" means Claimant and Grace, on behalf of itself, its Affiliate Reorganized Debtors, and the Class 7A Asbestos PD Trust (each, separately, a "Party") as the parties to this Agreement.

Y.      "PD CMO" means the *Case Management Order for Class 7A Asbestos PD Claims*, filed as Exhibit 24 to the Effective Date Documents [Docket no. 31657].

Z.      "Person" includes, without limitation, any individual, corporation, partnership, limited liability company, governmental authority, firm, association or other entity.

AA.     "Petition Date" is April 2, 2001, as defined in the Statement of Facts.

BB.     "Plan" is the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010 [Docket no. 26368].

CC.     "Reorganized Debtors" has the meaning ascribed thereto in Plan Art. 1.182.

DD.     "Settlement Amount" is $2.95 million, and shall not include any interest accruing on that amount.

9

EE.   "South Carolina AMH Litigation" has the meaning ascribed thereto in the Statement of Facts.

Other terms defined herein shall have the meanings given in this Settlement Agreement, or if not defined in this Settlement Agreement, such terms shall have the meanings ascribed thereto in the Plan.  Any word or term used in this Agreement that is not defined herein shall have the meaning given to that word or term in the Bankruptcy Code.  The rules of construction in 11 U.S.C. § 102 and Fed. R. Bankr. P. 9001 shall apply to the construction of this Settlement Agreement.

### TERMS AND CONDITIONS OF THE SETTLEMENT

1.     **Settlement**.  Grace (on behalf of itself, its Affiliate Reorganized Debtors, and the Class 7A Asbestos PD Trust) and Claimant agree that upon entry of the Order and the Order thereafter becoming final and nonappealable:

a)  Pursuant to the procedures set forth below in ¶ 2 (Immediate Payment of Settlement Amount), Grace shall pay the Settlement Amount ($2.95 million) to the Class 7A Trustee on behalf of the Class 7A Asbestos PD Trust, and the Class 7A Trustee shall in turn disburse the Settlement Amount to Claimant.

b)  Claimant and its counsel agree that: (i) AMH will not pursue any further appeal of the *2008 Class Certification Denial* decision, (ii) the concomitant order should now be considered final and non-appealable; (iii) the sole remaining Claimant for the two Duplicate AMH PD Claims is AMH, which is consistent with this Court's holding in the *2008 Class Certification Denial*, 389 B.R. at 376; and (iv) as a result of the foregoing, this Court should Disallow the Duplicate AMH PD Claims in the form of Order attached hereto on the grounds that they duplicate the relief sought in the now-Allowed AMH Individual Claim.

c) Claimant and Claimant's counsel agree that the Allowance of the AMH Individual Claim and the Disallowance of the Duplicate AMH PD Claims conforms to the requirements of the PD CMO.

d) Claimant and Claimant's counsel agree that that it is the law of the case in the Chapter 11 Case, based on the *Mission Towers*, *2008 Class Certification Denial*, *Plum Creek*, other decisions filed in the Chapter 11 Case, and any appeals of any of the foregoing, that publication notice was effective as to all unknown claimants with potential Asbestos PD Claims.

e) Claimant shall, within fourteen (14) days of the Order becoming final and non-appealable, file appropriate pleadings in the South Carolina AMH Litigation to dismiss AMH's complaint with prejudice.

f) Claimant agrees that its Case Closing Objection shall be deemed withdrawn with prejudice upon entry of the Order, and that to the extent necessary, AMH will support entry of a final decree closing the Chapter 11 Case.

g) Claimant and Claimant's counsel agree that the PD CMO provide for the treatment of Asbestos PD Claims filed on or after the date of entry of the Order.

h) Claimant consents to a statement being made in the Approval Motion that it supports entry of the Order.

2. **Immediate Payment of Settlement Amount**.  Notwithstanding ¶ 2(a) of the Deferred Payment Agreement (PD), within two (2) business days after the Order becomes final and nonappealable, Grace shall transfer the Settlement Amount ($2.95 million) to the Class 7A Trustee for the Class 7A Asbestos PD Trust for disbursement to Claimant.  The Class 7A Asbestos PD Trustee shall disburse the Settlement Amount to the trust account of counsel to Claimant within

11

two (2) business days after receipt of same from Grace. No interest shall be payable on the Settlement Amount.

3. **Tax Matters**. The Class 7A Trustee for the Class 7A Asbestos PD Trust shall issue a Form 1099-MISC to counsel to Claimant.

### CONFIDENTIALITY AND RELEASE

4. **Confidentiality**. The terms of this Settlement Agreement shall remain confidential until the Approval Motion is filed with the Bankruptcy Court. Subject to ¶ 10 below, Grace (on behalf of itself, its Affiliate Reorganized Debtors, and the Class 7A Asbestos PD Trust) shall coordinate on the timing of the filing of the Approval Motion pursuant to Fed. R. Bankr. P. 9019 seeking the Bankruptcy Court's approval of this Settlement Agreement with an Order substantially in the form attached hereto. Nothing herein shall preclude either Party from (a) making any public disclosure of the settlement which is determined by such Party in good faith to be required by law; or (b) disclosing the fact of this settlement as distinguished from disclosing the Settlement Amount so long as the terms of the Settlement Agreement are kept confidential as provided for in this paragraph.

5. **Release by Claimant**. Subject to ¶ 13 and except for the rights, entitlements, and obligations created by, arising under, or available to Claimant with respect to this Settlement Agreement, Claimant agrees that it has no further Claims against Class 7A Asbestos PD Trust. Claimant further agrees that it will have no further recourse to Grace (or its Affiliate Reorganized Debtors) for any further Asbestos PD Claims or any other Claims, and that any and all such Claims are deemed discharged pursuant to Plan Art. 8.1.1 (Discharge of the Debtors and Related Discharge Injunction) and 8.1.3 (Discharge of Liabilities to Holders of Asbestos PD Claims).

### REPRESENTATIONS AND WARRANTIES

6.      **Good Faith and Fairness**.  Each of the Parties represents and warrants that: (a) this Settlement Agreement is entered into in good faith; (b) no conflicts of interest exist on its part; and (c) in its opinion, the Settlement Amount represents fair consideration for the Claim Allowed and released herein.

7.      **Voluntary Agreement**.  Each of the Parties represents and warrants to each other and acknowledges that it has entered into this Settlement Agreement voluntarily: (a) only after first obtaining the legal and professional advice which it believes is appropriate and necessary and determining, in its respective judgment, that the Parties' best interests are served by entering into this Settlement Agreement; and (b) without relying on any statements, representations or inducements by each other, except as expressly set forth herein.

8.      **Authority**.  Subject to the entry of the Court's entry of the Order substantially in the form attached hereto as Exhibit A approving this Settlement Agreement, each Party represents and warrants that: (a) it has taken all actions and secured the consents of all Persons necessary to authorize the execution of this Settlement Agreement and related documents and the performance of the acts necessary to fulfill the terms and conditions of this Settlement Agreement; and (b) it is fully authorized to enter into and execute this Settlement Agreement.

9.      **No Prior Assignments of Claim or Claims Objections**.  The Parties represent and warrant to the other and acknowledge that each has not assigned or transferred any claim or right it might have against the other respecting the Claims or the Claims Objections to any third party.

### NOTICE AND APPROVAL

10.     **Prompt Approval**.  Grace shall promptly seek judicial approval of the settlement embodied in this Settlement Agreement by filing the necessary motion with the Bankruptcy Court ("Approval Motion") for entry of the Order substantially in the form attached hereto as Exhibit A.

11.     **All Other Necessary Actions**.  Upon execution of this Settlement Agreement, the Reorganized Debtors are authorized to take all other necessary actions not enumerated above to effectuate the terms and conditions of this Settlement Agreement.

12.     **Cooperation by the Parties**.  Pending the Court's determination of the Approval Motion and consummation of this Agreement, the Parties: (a) shall act in good faith and in conformity with the terms of this Agreement and shall use their reasonable best efforts to seek and support its approval; and (b) shall not act or fail to act in a manner that will deprive the other Party of the benefits and bargains embodied in this Agreement.

**TERMINATION**

13.     **Termination Generally**.  This Settlement Agreement shall terminate and shall have no further force and effect *if, and only if*, this Settlement Agreement is disapproved in whole or in part by an order entered by the Court or by any appellate court, which disapproval shall constitute termination effective upon the docketing of such order without further notice or action by any Party, unless otherwise mutually agreed to by the Parties.

14.     **Effect of Termination, and Parties' Rights Upon Termination**.  If this Settlement Agreement is terminated according to its terms: (a) this Settlement Agreement shall thereupon become null and void and have no further force and effect for any purpose (except as stated herein with respect to the survival of certain terms and rights of the Parties following termination); (b) the Settlement Agreement, its contents, and all negotiations and proceedings of any nature connected therewith shall be without prejudice to the rights of the Parties which accrued on or before March 16, 2026; (c) Claimant  may take any and all actions to allow and enforce the Claims (including the estimation or adjudication of the Claims in an amount greater than the Settlement Amount) against the Class 7A Asbestos PD Trust, and Grace, pursuant to Asbestos PD Trust Agreement § 2.1.(d) and the PD CMO may renew its prosecution of the Claims Objections

(or may prosecute an estimation proceeding respecting the Claims), in each case as if this Settlement Agreement never existed; and (d) this Settlement Agreement shall not constitute or be admissible as evidence in any respect, in any action or proceeding in the Chapter 11 Case or in any other forum, of, among other things, the allowable amount or the maximum amount of the Claims. Upon termination of the Settlement Agreement, neither Party shall be deemed in any way to have waived, released, compromised, discontinued, dismissed, or otherwise settled any claims, rights, entitlements or defenses of any nature relating to the Claims or the Claims Objections as they existed on March 16, 2026.  The PD CMO shall govern any further litigation between the Parties relating to the Claims or the Claims Objections.

15.     **Survival of Provisions**.  The following paragraphs of this Settlement Agreement, ¶ 4 (Confidentiality), ¶ 16 (governing law provisions), ¶ 17 (Settlement Agreement Not Operative As A Choice of Substantive Law Respecting the Claims), and ¶ 24 (Use of This Settlement Agreement), shall survive termination of this Settlement Agreement.

### MISCELLANEOUS

16.     **Governing Law**.  Except to the extent governed by federal bankruptcy law, this Settlement Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the internal laws of the State of Delaware (without regard to its principles of conflicts of law) regardless of the domicile of any Party, and this Settlement Agreement will be deemed for such purposes to have been made, executed, and performed in the State of Delaware.  Any disputes, controversies, or claims arising out of this Settlement Agreement, including but not limited to, the interpretation and/or enforcement thereof, shall be determined exclusively by the Bankruptcy Court, which retains jurisdiction for those purposes.  This Settlement Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

17. **Settlement Agreement Not Operative As A Choice of Substantive Law Respecting the Claims**.  Nothing contained in this Settlement Agreement shall affect, constitute a determination or agreement concerning, or operate as a choice of laws or substantive provisions of law, or the application thereof, with respect to the extent, validity or amount of any Claim.

18. **Complete Resolution of Disputes**.  Subject to the provisions for termination of this Settlement Agreement according to its terms, each Party represents that: (a) it understands and agrees that this Settlement Agreement is a full, final, and complete release solely with respect to the matters released herein; (b) this Settlement Agreement may be pleaded as an absolute and final bar to any suit or suits pending or which may hereinafter be filed or prosecuted by any one or more of the Parties or anyone claiming, by, through or under any one or more of the Parties in respect of any of the matters released herein; (c) no recovery on account of the matters released herein may hereafter be had by any of the Parties except to the extent of the rights created by or arising under this Settlement Agreement.

19. **Exhibits**.  The Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

20. **No Third Party Beneficiaries**.  Nothing contained herein shall confer upon or give to any third Person other than the Parties hereto and their respective affiliates, successors, trustees, administrators or assigns, any rights or remedies under or by reason of this Settlement Agreement. Except as expressly provided in this Settlement Agreement, the Parties specifically disavow any intention to create rights in third parties under or in relation to this Settlement Agreement.

21. **Headings**.  Headings, captions and titles used in this Agreement are inserted only for convenience and for reference purposes.  They are not intended in any way to define, limit, expand, or describe the scope of this Settlement Agreement or the intent of any provision.

16

22.     **Counterparts**.  This Settlement Agreement may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The Parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

23.     **Costs**.  Each party shall bear its own costs and fees, *provided*, *however*, that costs incurred by the Class 7A Asbestos PD Trust shall be subject to the treatment set forth in the Deferred Payment Agreement (PD).

**USE OF THIS AGREEMENT**

24.     **Limitations on Use and Effect of this Settlement Agreement**.  Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Settlement Agreement or for one Party to enforce the provisions of this Settlement Agreement, neither this Settlement Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Settlement Agreement, to negotiate, effectuate, consummate or carry out this Settlement Agreement, or to prosecute the Approval Motion and obtain entry of the Order, shall be used, construed, offered or received by any Person in any action or proceeding, whether in this Chapter 11 Case or in any other forum for any purpose whatsoever, including, but not limited to:

a)  in, or in connection with, an estimation proceeding under 11 U.S.C. § 502(c);

b)  as, or deemed to be, a presumption, concession or admission concerning, or as evidence of, any point of fact or law, of any alleged fault, wrongdoing or liability whatsoever, or of the truth of any allegations or statements made by the respective Party (including its professionals, experts or consultants) in the Claims Objections filed by the Reorganized Debtors, any responses filed by the Claimant, or in any other pleadings, papers or documents filed with respect to the Claims, any

17

objections to the Claims, or any other claims asserted against Grace or objections thereto; or

c) as, or deemed to be, a presumption, concession, or admission by Grace, or as evidence, that Grace's products are to be found or have been identified as present in any of the Claimant's buildings or other facilities.

### BINDING EFFECT

25.  **Settlement Agreement Supersedes All Prior Agreements, Understandings, and Amendments**.  This Settlement Agreement supersedes all prior agreements or understandings, written or oral, among Grace and the Claimant relating to the Claims, including but not limited to the e-mail correspondence of Grace's counsel, dated March 12, 2026, and the e-mail correspondence of AMH's counsel, dated March 16, 2026, confirming an agreement in principle as to the Claims.  This Settlement Agreement incorporates the Parties' entire understanding of this transaction.  This Settlement Agreement may be amended or supplemented only by a written instrument signed by both of the Parties.

26.  **Remedies for Breach**.  In the event of a breach of this Settlement Agreement, the sole and exclusive remedy of the Parties shall be to enforce the terms of this Settlement Agreement.

27.  **Binding Agreement**.  This Settlement Agreement shall be binding upon and inure to the benefit of each of the Parties, and their respective affiliates, successors, trustees, administrators and assigns, and all other Persons acting on behalf of or at the direction or control of a Party.

28.  **No Waiver**.  No term or condition of this Settlement Agreement shall be deemed to have been waived, nor shall there be an estoppel against the enforcement of any provision of this Settlement Agreement, except by a written instrument executed by the Party charged with such waiver or estoppels.  No such written waiver shall be deemed a continuing waiver unless

18

specifically stated therein and such waiver shall operate only as to the specific term or condition waived and not for the future or as to any other act than that specifically waived.

29.  **Condition to Effectiveness of Agreement**.  The effectiveness of this Settlement Agreement is subject to the entry of the Order as a final and nonappealable order.

**RETENTION OF JURISDICTION**

30.  **Retention of Jurisdiction**.  The Bankruptcy Court shall retain jurisdiction over the Claims, this Settlement Agreement, and the Order.

**[remainder of this page is intentionally left blank]**

**IT IS HEREBY AGREED**:

**FOR W. R. GRACE & CO.**

Michael J. Brown
Chief Financial Officer
W. R. Grace & Co.
7500 Grace Dr.
Columbia, MD 2104

**FOR THE CLASS 7A ASBESTOS
PD TRUST**

Richard B. Schiro
Class 7A Trustee
WRG Asbestos Property Damage Settlement Trust

**FOR ANDERSON MEMORIAL
HOSPITAL**

A. Gibson Solomons
Speights & Solomons PC
200 Jackson Avenue East
P.O. Box 685
Hampton, SC  29924

Counsel to Anderson Memorial Hospital

**[remainder of this page is intentionally left blank]**

20

IT IS HEREBY AGREED:

FOR W. R. GRACE & CO.

<table>
<tr><td></td><td>Michael J. Brown<br>Chief Financial Officer<br>W. R. Grace & Co.<br>7500 Grace Dr.<br>Columbia, MD 2104</td></tr>
</table>

FOR THE CLASS 7A ASBESTOS
PD TRUST

*Richard B Schiro, Trustee*

Richard B. Schiro
Class 7A Trustee
WRG Asbestos Property Damage Settlement Trust

FOR ANDERSON MEMORIAL
HOSPITAL

A. Gibson Solomons
Speights & Solomons PC
200 Jackson Avenue East
P.O. Box 685
Hampton, SC  29924

Counsel to Anderson Memorial Hospital

[remainder of this page is intentionally left blank]

20

**IT IS HEREBY AGREED**:

 **FOR W. R. GRACE & CO.**

_____

Michael J. Brown
Chief Financial Officer
W. R. Grace & Co.
7500 Grace Dr.
Columbia, MD 2104

 **FOR THE CLASS 7A ASBESTOS
 PD TRUST**

_____

Richard B. Schiro
Class 7A Trustee
WRG Asbestos Property Damage Settlement Trust

 **FOR ANDERSON MEMORIAL
 HOSPITAL**

*A. Gibson Solomons ♪♪♪*
_____

A. Gibson Solomons
Speights & Solomons PC
200 Jackson Avenue East
P.O. Box 685
Hampton, SC  29924

Counsel to Anderson Memorial Hospital

**[remainder of this page is intentionally left blank]**

20

EXHIBIT A

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG W. R. GRACE & CO. (ON BEHALF OF ITSELF, ITS AFFILIATE REORGANIZED DEBTORS, AND THE CLASS 7A ASBESTOS PD TRUST) AND ANDERSON MEMORIAL HOSPITAL, ALLOWING CLAIM NO. 11008, AND DISALLOWING CLAIMS NOS. 9911 AND 9914**

Upon consideration of the Motion Seeking Approval of the Settlement Agreement by and Among W. R. Grace & Co. (on behalf of itself, its Affiliate Reorganized Debtors, and the Class 7A Asbestos PD Trust) and Anderson Memorial Hospital, Allowing Claim No. 11008, and Disallowing Claims Nos. 9911 and 9914 (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estate, its creditors, and all other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having

---

[1]   W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:[2]

1.      The Motion is granted in its entirety.

2.      The *Settlement Agreement by and Among W. R. Grace & Co. (on behalf of itself, its Affiliate Reorganized Debtors, and the WRG Asbestos Property Damage Settlement Trust) and Anderson Memorial Hospital Resolving Claims Nos. 9911, 9914, and 11008* (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit I, is approved in its entirety.

3.      Pursuant to the *Case Management Order for Class 7A Asbestos PD Claims*, filed as Exhibit 24 to the *Effective Date Documents* [Docket no. 31657], Claim no. 11008 (the "AMH Individual Claim"), filed by Anderson Memorial Hospital ("AMH"), is Allowed in the amount of $2.95 million (the "Settlement Amount"). Payment of the Settlement Amount shall be made in accordance with ¶ 3 of the Settlement Agreement once this Order has become final and non-appealable.

4.      Pursuant to the terms of the Plan and the Settlement Agreement, no interest shall be payable on the Settlement Amount.

5.      This Court's order filed on May 28, 2008, captioned *In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008), is a final and non-appealable order.

---

[2]   Capitalized terms not defined herein shall have the meaning ascribed to them in Settlement Agreement, and if not defined therein, then as defined in the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders as Modified Through December 23, 2010* [Docket no. 26368] (the "Plan").

2

6. Pursuant to the findings set forth in this Court's opinion and order, captioned *In re W. R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008), AMH is the sole Claimant for Claims nos. 9911 and 9914 (the "Duplicate AMH PD Claims").

7. Pursuant to the *Case Management Order for Class 7A Asbestos PD Claims*, filed as Exhibit 24 to the *Effective Date Documents* [Docket no. 31657], the Duplicate AMH PD Claims are Disallowed as duplicative of the AMH Individual Claim.

8. The following pleadings are deemed withdrawn with prejudice as to the Claims:

   a. *Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm Speights & Runyan (Substantive)* [Docket no. 9311], filed on September 1, 2005;

   b. *Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims* [Docket no. 9315], filed on September 1, 2005;

   c. *Response of Speights & Runyan to Debtors' Thirteenth Omnibus Objection* [Docket no. 9607], *Speights & Runyan's Response to Debtors' Brief in Support of 13 Omnibus Objection Seeking the Disallowance and Expungement of 1900 Claims* [Docket no. 10001], each filed on October 21, 2005;

   d. *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket no. 10267, 10293], and *Response to Debtors' Fifteen Omnibus Objection (Substantive) to Asbestos Property Damage Claims* [Docket no. 10502], each filed on October 22, 2005; and

   e. *Anderson Memorial Hospital's Further Memorandum in Opposition to the Debtor's Thirteenth Omnibus Objection: Ratification of Authority by Claimants* [Docket no. 11709], filed on February 3, 2006.

9. The *Response and Objection to Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W.R. Grace & Co.* [Docket no. 33331], filed by AMH on October 8, 2024, is deemed withdrawn with prejudice.

10. Grace and the Reorganized Debtors are authorized to take all actions that may be necessary to implement the Settlement Agreement, including but not limited to directing their claims agents to update the claims register to reflect the Allowance of the AMH Individual Claim

in the Settlement Amount ($2.95 million), the Disallowance of the Duplicate AMH PD Claims, and all actions relating to the payment of the Settlement Amount on the terms and conditions set forth in the Settlement Agreement.

11.     Nothing in this Order shall affect any Claim which may in the future be filed by any claimant (other than AMH) against the Class 7A Asbestos PD Trust pursuant to the PD CMO.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Claims and the Settlement Agreement.

14.     Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, or 9014 of or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Dated: _____, 2026


_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

4

## EXHIBIT B

**Claim no. 9911**

# WR Grace

SR00000606 ■

## Property Damage

### Index Sheet

Claim Number:   00009911

Receive Date:   03/31/2003

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

Firm Number:   00131

Firm Name:   Speights & Runyan

Attorney Number:   00227

Attorney Name:   Daniel A Speights

Zip Code:   29924

Cover Letter Location Number:   SR00000606

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |
| **Other** | ☐ Non-Standard Form | |
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

Box/Batch: WRPD0007/WRPD0026

Document Number: WRPD001253 ■

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

ANDERSON MEMORIAL HOSPITAL (SEE ATTACHED)

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*     *MI*  *Last*

*First*     *MI*  *Last*

**GENDER:**  ☐ MALE   ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*     *State (Province)*  *Zip Code (Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

SPEIGHTS & RUNYAN

**Name of Attorney:**

AMANDA     G  STEINMEYER

*First*     *MI*  *Last*

**Mailing Address:**

P O BOX 685 - 200 JACKSON AVENUE EAST

*Street Address*

HAMPTON     SC  29924

*City*     *State (Province)*  *Zip Code (Postal Code)*

**Telephone:**

(803) 943-4444

*Area Code*

REC'D MAR 3 1 2003

9276101

**SERIAL #**

WR Grace      PD.7.26.1253
00009911
SR=606

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1.  What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

    `VARIOUS LOCATIONS`
    *Street Address*

    `WORLDWIDE`
    *City*

    `UNITED STATES`
    *Country*

    State (Province)    Zip Code (Postal Code)

2.  Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

    ☒ Yes      ☐ No

3.  Do you currently own the property listed in Question 1, above?

    ☒ Yes      ☐ No

4.  When did you purchase the property?   ☐☐ - ☐☐ - ☐☐☐   **VARIOUS**
    Month   Day   Year

5.  What is the property used for (check all that apply)
    - ☐ Owner occupied residence
    - ☐ Residential rental
    - ☒ Commercial
    - ☐ Industrial   Specify: _____
    - ☐ Other   Specify: _____

6.  How many floors does the property have?   ☐☐☐   **VARIOUS**

7.  What is the approximate square footage of the property?   ☐☐☐☐☐☐☐   **VARIOUS**

8.  When was the property built?
    - ☒ Before 1969
    - ☒ 1969 - 1973
    - ☐ After 1973

9.  What is the structural support of the property?
    - ☒ Wood frame
    - ☒ Structural concrete
    - ☒ Brick
    - ☒ Steel beam/girder
    - ☐ Other   Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes      ☐ No

    9276102                                        **SERIAL #**

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | |
|---|---|---|
| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

   ☒ Yes        ☐ No

   If yes, please specify the dates and descriptions of such renovations.

| | | |
|---|---|---|
| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

   ☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

   ☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

   • If you checked Category 1 in question 12, complete Section C.
   • If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

   ☐ Monokote-3 fireproofing insulation

   ☒ Other        Specify: SEE ATTACHED

   (For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

   Year        ☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

   Year        ☒ Don't know.

9276103                                                          SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes     ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

SEE ATTACHED

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2003
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

SEE ATTACHED

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2003
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ATTACHED

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes     ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

SEE ATTACHED

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes     ☐ No

9276104                                        **SERIAL #**

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | SEE ATTACHED |
|---|---|---|
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes     ☐ No     **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No  **NOT APPLICABLE**

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
|---|---|---|
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes     ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
|---|---|---|
| Year | Description | |
| Year | Description | |

9276105

**SERIAL #**

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1      2      3      4      5

6      7      8      9      10

## PART 4:  ASBESTOS LITIGATION AND CLAIMS

### A.  INTRODUCTION

1.  Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

    ☐ No

    ☒ Yes – lawsuit

    ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2.  Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

    ☐ No

    ☒ Yes – lawsuit

    ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

    *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

    *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B.  LAWSUITS

1.  Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

    a.  Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL

    b.  Court where suit **originally** filed: HAMPTON SC
        *County/State*        Docket No.: 92CP25279

    c.  Date filed: 12 - 23 - 1992
        *Month   Day   Year*

    ---

    a.  Caption

    b.  Court where suit **originally** filed:
        *County/State*        Docket No.:

    c.  Date filed:
        *Month   Day   Year*

    ---

    a.  Caption

    b.  Court where suit **originally** filed:
        *County/State*        Docket No.:

    c.  Date filed:
        *Month   Day   Year*

    (Attach additional pages if necessary.)

9276109                                         SERIAL #

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

a. Description of claim:

b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐
   Month   Day   Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   Name of Entity

---

a. Description of claim:

b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐
   Month   Day   Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   Name of Entity

---

a. Description of claim:

b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐
   Month   Day   Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   Name of Entity

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER     03 – 30 – 2003
                                                 Month  Day  Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

SERIAL #

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

**Response to PART-1- NAME:**

ANDERSON MEMORIAL HOSPITAL ON BEHALF OF ALL BUILDINGS ENCOMPASSED IN ITS CLASS ACTION COMPLAINT.  ATTACHED TO THIS CLAIM IS A NON-EXHAUSTIVE LISTS OF BUILDINGS OR BUILDING OWNERS KNOWN AS OF THIS DATE.  CLAIMANT RESERVES THE RIGHT TO SUPPLEMENT THIS CLAIM AS ADDITIONAL BUILDINGS OR BUILDING OWNERS ARE LOCATED OR COME FORWARD.

**Response to Question 13 (Specify):**

SURFACE TREATMENT, INCLUDING BUT NOT LIMITED TO FIREPROOFING, ACOUSTICAL PLASTER, TEXTURE, MASONRY FILL, OR OTHER ASBESTOS-CONTAING PRODUCTS.

**Response to Question 17:**  The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property.  As indicated in its response, the Claimant does not know of any such specific documents at this time.  The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property.  In addition, this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer.  Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue.  Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

**Response to Question 19:**  Refer to Question 17 Response.

**Response to Question 21:**  Refer to Question 17 Response.

**Response to Question 23:**  Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product.  There is insufficient time to locate all such documents that might be called for in Question 22.  To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects.  Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

EXHIBIT C

Claim no. 9914

# WR Grace

Property Damage

Index Sheet

SR00000606

Claim Number:   00009914

Receive Date:   03/31/2003

## Multiple Claim Reference

Claim Number _____

☐ MMPOC   Medical Monitoring Claim Form

☐ PDPOC   Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐        Amended

Claim Number _____

☐ MMPOC   Medical Monitoring Claim Form

☐ PDPOC   Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐        Amended

## Attorney Information

Firm Number:   00131

Firm Name:   Speights & Runyan

Attorney Number:   00227

Attorney Name:   Daniel A Speights

Zip Code:   29924

Cover Letter Location Number:   SR00000606

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |

**Other**

☐ Non-Standard Form

☐ Amended

☐ Post-Deadline Postmark Date

## PART 1:  CLAIMING PARTY INFORMATION

NAME:

ANDERSON MEMORIAL HOSPITAL (SEE ATTACHED)

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):          F.E.I.N. (Business Claimants)

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

*First*                                                   *MI   Last*

*First*                                                   *MI   Last*

GENDER:  ☐ MALE    ☐ FEMALE

Mailing Address:

*Street Address*

*City*                                                   *State        Zip Code*
                                                         *(Province)  (Postal Code)*

*Country*

## PART 2:  ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

SPEIGHTS & RUNYAN

Name of Attorney:

AMANDA                     G STEINMEYER
*First*                    *MI   Last*

Mailing Address:

P O BOX 685 - 200 JACKSON AVENUE EAST
*Street Address*

HAMPTON                                     SC    29924
*City*                                      *State   Zip Code*
                                            *(Province)  (Postal Code)*

Telephone:

(803) 943-4444    ■
*Area Code*

REC'D MAR 3 1 2003

9 2 7 6 1 0 1                              SERIAL #

WR Grace    PD.7.26.1256
00009914
SR=606

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

VARIOUS LOCATIONS
*Street Address*

STATEWIDE                                            SC
*City*                                               *State*      *Zip Code*
                                                     *(Province)* *(Postal Code)*

UNITED STATES
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

    ☒ Yes        ☐ No

3. Do you currently own the property listed in Question 1, above?

    ☒ Yes        ☐ No

4. When did you purchase the property?    ☐☐ - ☐☐ - ☐☐☐☐    **VARIOUS**
                                          *Month   Day   Year*

5. What is the property used for (check all that apply)
    ☐ Owner occupied residence
    ☐ Residential rental
    ☒ Commercial
    ☐ Industrial    Specify: [_____]
    ☐ Other         Specify: [_____]

6. How many floors does the property have?    ☐☐☐    **VARIOUS**

7. What is the approximate square footage of the property?    ☐☐☐☐☐☐☐    **VARIOUS**

8. When was the property built?
    ☒ Before 1969
    ☒ 1969 - 1973
    ☐ After 1973

9. What is the structural support of the property?
    ☒ Wood frame
    ☒ Structural concrete
    ☒ Brick
    ☒ Steel beam/girder
    ☐ Other    Specify: [_____]

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes        ☐ No

9 2 7 6 1 0 2                                    **SERIAL #**

239276-1 - 2/3

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |

| Year | | Description | |

| Year | | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes        ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |

| Year | | Description | |

| Year | | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • **If you checked Category 1 in question 12, complete section C.**
> • **If you checked Category 2 in question 12, complete section D.**

## C. Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other        Specify: SEE ATTACHED

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | | ☒ I did not install the product(s) |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year | | ☒ Don't know. |

9276103                                                           **SERIAL #**

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

SEE ATTACHED

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2003
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

SEE ATTACHED

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2003
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ATTACHED

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

SEE ATTACHED

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes ☐ No

9276104 **SERIAL #⌋**

239276-1 - 3/3

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | SEE ATTACHED |
| | Description | |
| Year | | |
| | Description | |
| Year | | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes   ☐ No   **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes   ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes   ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
| | Description | |
| Year | | |
| | Description | |
| Year | | |

9276105                                    **SERIAL #**

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1    2    3    4    5

6    7    8    9    10

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No

☒ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☐ No

☒ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a. Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL

b. Court where suit **originally filed**: HAMPTON SC
*County/State*   Docket No.: 92CP25279

c. Date filed: 12 - 23 - 1992
*Month   Day   Year*

a. Caption

b. Court where suit **originally filed**:
*County/State*   Docket No.:

c. Date filed:
*Month   Day   Year*

a. Caption

b. Court where suit **originally filed**:
*County/State*   Docket No.:

c. Date filed:
*Month   Day   Year*

(Attach additional pages if necessary.)

9276109                                    **SERIAL #**

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐  ■
                 Month  Day  Year

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
            *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
                 Month  Day  Year             ■

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
             *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
                 Month  Day  Year

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
             *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT   AMANDA G. STEINMEYER

Date: 03 - 30 - 2003
        Month  Day  Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9276110

**SERIAL #**

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

**Response to PART-1- NAME:**

ANDERSON MEMORIAL HOSPITAL ON BEHALF OF ALL BUILDINGS ENCOMPASSED IN ITS CERTIFIED CLASS ACTION.

**Response to Question 13 (Specify):**

SURFACE TREATMENT, INCLUDING BUT NOT LIMITED TO FIREPROOFING, ACOUSTICAL PLASTER, TEXTURE, MASONRY FILL, OR OTHER ASBESTOS-CONTAING PRODUCTS.

**Response to Question 17:** The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property. As indicated in its response, the Claimant does not know of any such specific documents at this time. The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property. In addition, this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer. Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue. Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

**Response to Question 19:** Refer to Question 17 Response.

**Response to Question 21:** Refer to Question 17 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not

only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.