**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (AMC) |
| | ) | (Jointly Administered) |
| Reorganized Debtor. | ) | |
| | ) | **Re: Docket No. 33330** |

**FINAL DECREE CLOSING THE CHAPTER 11 CASE OF W. R. GRACE & CO.**

Upon consideration of the *Motion Seeking Entry of a Final Decree Closing the Chapter 11 Case of W. R. Grace & Co. ("Grace")* (the "Motion"), it appearing that the relief requested is in the best interests of the Reorganized Debtor, its estate, its creditors, and all other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter an order consistent with Article III of the United States Constitution; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that

1. The Motion is granted in its entirety.

2. The Grace Chapter 11 Case is hereby closed effective as of the date of entry of this final decree (the "Final Decree").

[1] W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") is the sole remaining "Reorganized Debtor," and Case No. 01-1139 is the sole remaining open chapter 11 case.

3. Entry of this Final Decree is without prejudice to the rights of Grace or any other party-in-interest to seek to reopen the Grace Chapter 11 Case; _provided_, _however_, that if Grace reopens the Grace Chapter 11 Case to file an Asbestos PD Claim Discharge Motion, as that term is defined in the *Updated Case Management Order for Class 7A Asbestos PD Claims* [Docket No. 31657-24], Grace shall pay the fee pursuant to 28 U.S.C. § 1930(a)(3) to reopen the Grace Chapter 11 Case, as well as any fees that come due and owing pursuant to 28 U.S.C. § 1930(a)(6); and _provided further_ that the Grace Chapter 11 Case need not be reopened for the purpose of either the Asbestos PI Trust or the Asbestos PD Trust (as those terms are defined in the Plan) filing their respective audited annual reports or any similar ministerial pleadings or documents, and the Clerk of Court shall accept the filing of all such annual reports and similar ministerial pleadings or documents on the docket of the Grace Chapter 11 Case without need for further action by either the Asbestos PI Trust or the Asbestos PD Trust.

4. Entry of the Final Decree shall not affect any open adversary proceedings associated with the Grace Chapter 11 Case.

5. The Clerk of the Court shall enter this Final Decree on the Grace Chapter 11 Case docket, which shall thereafter be marked as "Closed."

6. Pursuant to Del. Bankr. L. R. 2002-l(f)(ix), within 28 days of entry of this Final Decree, the claims agent retained in the Grace Chapter 11 Case shall: (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a Final Claims Register in the Grace Chapter 11 Case.

7. Upon completion of the actions set forth in ¶ 6 hereof, the claims and noticing services shall be deemed terminated. Thereafter, the claims agent shall have no further obligations

to this Court, the Reorganized Debtor, its Estate, or any other party-in-interest with respect to the claims and noticing services in this chapter 11 case.

8. If the claims agent receives any mail regarding the Reorganized Debtor, its Estate, or any of the other affiliate Reorganized Debtors and their Estates after entry of this Final Decree, the claims agent will collect and forward such mail to the Reorganized Debtor no less frequently than monthly.

9. To the extent not already paid, the fees required to be paid to the U.S. Trustee by Grace-Conn. pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by Grace and Grace-Conn. no later than 30 days after entry of this Final Decree.

10. No later than 30 days after entry of this Final Decree, Grace shall file a final post-confirmation report for the period ending as of the date of entry hereof.

11. Grace and the notice and claims agent, are authorized to take all actions not specifically enumerated herein that may be necessary to undertake the relief granted in this Final Decree.

12. The fines imposed on Rune Kraft by this Court's *Order Finding That Rune Kraft Is in Contempt of This Court by Having Willfully and Knowingly Violated This Court's Confirmation Order and Its Order of August 26, 2021 [Docket No. 33256] by Filing His Motion for an Article III Court's Review of This Court's August 26 Order* [Docket No. 33274] (the "October 1 Order") shall cease accruing as of the date of entry of this Final Decree and the requirement in the October 1 Order to pay all such fines is suspended, *provided*, *however*, that if Mr. Kraft seeks to reopen the Arizona Chevron Action (as that term is defined in the Court's *Order* [Docket No. 33256], filed on August 26, 2021) or otherwise seeks to prosecute against Grace or its affiliate Reorganized Debtors any claims

discharged pursuant to the Plan, then: (a) within 10 days of the date of any notice of the reopening of the Grace Chapter 11 Case for the purpose of enforcing the injunctive provisions of the Plan and Confirmation Order against Mr. Kraft, he will be required to pay all fines imposed by the October 1 Order which accrued through the date of this Final Decree but were not previously paid; and (b) without any further order of this Court fines would begin accruing pursuant to the October 1 Order from the date of the reopening of the Grace Chapter 11 Case through the date of the initial hearing on any violation by Mr. Kraft of the injunctive provisions in the Plan and Confirmation Order.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Rules are satisfied by such notice.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Final Decree and shall retain jurisdiction over the Grace-Conn. Chapter 11 Case pursuant to Plan Art. 10.

15. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, or 9014 of or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

Dated: Sept. 15, 2026

Honorable Ashely M. Chan
United States Bankruptcy Judge