# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (KG) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | **Re: Docket Nos. 32772, 32771, 18821** |

## <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that Anderson Memorial Hospital, a creditor, by and through

its undersigned counsel, and pursuant to 28 U.S.C. §158(a), Rules 8002 and 8003 of the Federal

Rules of Bankruptcy Procedure and Del. Bankr. L.R. 8003-1, hereby appeals: (a) from the Order

dated August 25, 2016 [Docket No. 32772] entered by the Honorable Kevin J. Carey and the

Opinion related to the Order, entered August 25, 2016 [Docket No. 32771] denying Anderson

Memorial Hospital's Motion to Alter or Amend Order Denying Class Certification (attached

together hereto as **Exhibit A**); and (b) from the Order dated May 29, 2008 [Docket No. 18821]

entered by the Honorable Judith K. Fitzgerald and the Opinion related to the Order, entered May

29, 2008 [Docket No. 18821] Denying With Prejudice Motion of Anderson Memorial Hospital

For Class Certification (attached together hereto as **Exhibit B**) in the above-captioned

bankruptcy case.

The names of all parties to the Orders and Opinions appealed from and the names,

addresses and telephone number of their respective attorneys are as follows:

| PARTY | ATTORNEYS |
|---|---|
| **REORGANIZED DEBTORS** | Laura Davis Jones, Esq.<br>James E. O'Neill, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 652-4100<br><br><br>John Donley, Esq.<br>Adam Paul, Esq.<br>Lisa G. Esayian, Esq.<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000 |
| **PROPERTY DAMAGE FUTURE CLAIMANTS' REPRESENTATIVE** | Alan B. Rich, Esquire<br>Attorney and Counselor<br>4244 Renaissance Tower<br>1201 Elm Street<br>Dallas, Texas 75270<br>(214) 744-5100 |

Dated: September 8, 2016                    FERRY JOSEPH, P.A.


                                            /s/ Theodore J. Tacconelli
                                            Theodore J. Tacconelli (No. 2678)
                                            824 Market Street, Suite 1000
                                            P.O. Box 1351
                                            Wilmington, DE 19899
                                            (302) 575-1555
                                            Local Counsel for Anderson Memorial
                                            Hospital

                                                   -and-

                                            David L. Rosendorf, Esq.
                                            KOZYAK TROPIN &
                                            THROCKMORTON, P.A.
                                            2525 Ponce de Leon, 9th Floor
                                            Coral Gables, FL 33134
                                            (305) 372-1800
                                            Counsel for Anderson Memorial
                                            Hospital

                                                   -and-

                                            Daniel A. Speights, Esq.
                                            A. Gibson Solomons, Esq.
                                            SPEIGHTS & RUNYAN
                                            200 Jackson Avenue East
                                            P.O. Box 685
                                            Hampton, SC 29924
                                            (803) 943-4444
                                            Counsel for Anderson Memorial
                                            Hospital

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | (Jointly Administered) |
| W.R. GRACE & CO., *et al.*,[1] |  |
|  | Case No. 01-01139 (KJC) |
| Reorganized Debtors. | (D.I. 31812,32771 ) |

## ORDER

AND NOW, this 25th day of August, 2016, upon consideration of Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification (D.I. 31812), the responses thereto, and after two hearings on notice, for the reasons set forth in the foregoing Opinion, it is hereby **ORDERED** that:

(1) Anderson Memorial Hospital's Motion to Alter or Amend Order Denying Motion for Class Certification is **DENIED** without prejudice;

(2) Anderson Memorial Hospital and Grace **ENTER INTO MEDIATION** to explore amicable resolutions for Anderson Memorial Hospital's individual property damage claim against Grace; and

(3) given the reassignment of the main case to Judge Gross, further proceedings

---

[1] The Reorganized Debtors are W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W.R. Grace & Co.-Conn. ("Grace-Conn.").

regarding mediation and otherwise should be directed to Judge Gross's chambers.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc: James E. O'Neill, Esquire[2]

---

[2] Counsel shall serve a copy of this Order and the accompanying Opinion upon all interested parties and file a Certificate of Service with the Court.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| W.R. GRACE & CO., *et al.*,[1] | ) | |
| | ) | Case No. 01-01139 (KJC) |
| Reorganized Debtors. | ) | (D.I. 31812) |
| | ) | |

## OPINION[2]

## BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

On May 29, 2008, Judge Fitzgerald, once designated as a visiting judge in this district,

issued a Memorandum Opinion and Order (the "May 2008 Decision")[3] denying Anderson

Memorial Hospital's ("AMH") Motion for Class Certification. Before the Court is the AMH's

Motion to Alter or Amend that Order (D.I. 31812). For the reasons that follow, I will deny

AMH's Motion without prejudice and order the parties to mediation.[4]

## BACKGROUND

In 2001, W.R. Grace & Co., *et al.* ("Grace") filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code. In 2002, Judge Fitzgerald issued a bar date order (D.I. 1960),

fixing March 31, 2003, as the deadline to file all present asbestos property damage claims

("Asbestos PD Claims"). Prior to the bar date, AMH filed an individual Asbestos PD proof of

---

[1] The Reorganized Debtors are W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. or "Grace") and W.R. Grace & Co.-Conn. ("Grace-Conn.").

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and § 157(a). This contested matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (B).

[3] *In re W.R. Grace & Co.*, 389 B.R. 373 (Bankr. D. Del. 2008), D.I. 18821.

[4] Upon Judge Fitzgerald's retirement from the Bench, this case was assigned to the undersigned. By Order dated August 16, 2016 (D.I. 32763), this case, among others, was transferred to Judge Gross. By Order dated August 17, 2016 (D.I. 32764), Judge Gross directed that matters I was holding under advisement at the time of reassignment would remain with me until disposition.

claim and two class proofs of claim, one for South Carolina building owners and one for claimants without geographic specification, whose buildings are allegedly contaminated with asbestos.[5] In October 2005, AMH filed a Motion for Class Certification (D.I. 10014), which Judge Fitzgerald denied with prejudice in the May 2008 Decision. Judge Fitzgerald ruled that AMH's putative class did not meet the Rule 23(a) numerosity requirement and Rule 23(b) superiority requirement.[6] AMH's motion to the district court to grant leave to appeal was denied,[7] and the U.S. District Court for the District of Delaware subsequently denied AMH's motion to reconsider its decision.[8] The Third Circuit declined to review the district court's denial to grant leave to appeal because it did not have jurisdiction to review the district court's discretionary review of a bankruptcy judge's interlocutory order.[9] Judge Fitzgerald confirmed Grace's chapter 11 plan (the First Amended Joint Plan, or "Plan")[10] in January 2011 (the "Confirmation Order," D.I. 26155), which was affirmed by the district court in 2012 and by the Third Circuit in 2013.[11] The Plan became effective in February 2014 (the "Effective Date").

AMH filed the instant motion to alter or amend the May 2008 Decision denying class certification and to grant discovery on numerosity of the putative class. A hearing was held on the motion on April 15, 2015. I issued an order on May 5, 2015, denying AMH's discovery request and directing the parties to submit briefs on the class certification issue (D.I. 32560). A second hearing was held on June 15, 2016. AMH seeks to include in its class anyone who has not

---

[5] AMH's Mot. to Alter or Amend 13-14, D.I. 31812.
[6] *In re W.R. Grace & Co.*, 389 B.R. at 376, 378-79.
[7] *In re W.R. Grace & Co.*, 2008 WL 4234339 (D. Del. Sept. 4, 2008).
[8] *In re W.R. Grace & Co.*, 398 B.R. 368 (D. Del. 2008).
[9] *In re W.R. Grace & Co.*, No. 08-4829, Doc. No. 00319944293 (3d Cir. Nov. 5, 2009).
[10] D.I. 20666. Throughout, I will refer to the page numbers of the Plan itself.
[11] *In re W.R. Grace & Co.*, 446 B.R. 96 (Bankr. D. Del. 2011), *aff'd* 475 B.R. 34 (D. Del. 2012), *aff'd* 729 F.3d 332 (3d Cir. 2013).

filed an Asbestos PD Claim by the bar date, either because of neglect, lack of actual notice, or because their claim has not yet accrued.[12]

### DISCUSSION

Two issues are before the Court: the first is whether the Plan and the Case Management Order for Class 7A Asbestos PD Claims ("PD CMO") attached to the plan bar AMH from having its denial of class certification reconsidered. The second is whether AMH has made a satisfactory showing for reconsideration of the May 2008 Decision under the appropriate legal standard.

### (a) The Plan and PD CMO

The PD CMO (D.I. 20668-25) was attached to the Plan, but was updated shortly before the Plan became effective in February 2014 (D.I. 31657-24), to account for the passage of time. The original and the updated version are almost identical, with updates to reflect only the change of presiding judge and the resolution of claims within that period.[13] According to the Plan, the PD CMO is defined as "Exhibit 25 of the Exhibit Book,"[14] and the Exhibit Book is defined as "exhibits to the Disclosure Statement, the Plan, and/or other Plan Documents."[15] According to the PD CMO, "[it] provides procedures for the resolution of *all* Class 7A Asbestos PD Claims (other than Class 7A Asbestos PD Claims that have been Allowed as of the Effective Date),"[16]

---

[12] *See* AMH Mot. for Class Certification 2; AMH Mot. to Alter or Amend 4-5; AMH's Reply Br. for Mot. to Alter or Amend 3-5, D.I. 32503; AMH's Reply Br.to Grace's Resp. 2, D.I. 32671. AMH has changed the definition of its proposed class a few times, but, consistent with its explanation in the briefs and at oral argument, it seems to be seeking a class including: (1) "Accrued Claims," which are supposedly claims that were not filed before the bar date; (2) "Gap Claims," which are supposedly claims that accrued post-petition, but pre-confirmation; and (3) "Future Claims," which are supposedly claims that do not accrue until after confirmation.

[13] For the remainder of this opinion, I will refer solely to pages of the updated PD CMO, D.I. 31657-24.

[14] Plan 19-20.

[15] *Id.* at 24.

[16] PD CMO 1 (emphasis added).

namely all unresolved Asbestos PD Claims.

Section I of the PD CMO outlines the adjudication procedure for Asbestos PD Claims filed before the bar date and Section II outlines the adjudication procedure for Asbestos PD Claims filed after the bar date.[17] As AMH filed its individual and class claims before the bar date and those claims remain unresolved, AMH claims fall within Section I. Section I provides:

    I.    The procedures with respect to Class 7A Asbestos claims filed prior to the March 2003 Bar Date shall be as follows:

        A.  Unresolved Asbestos PD Bar Date Claims, other than Asbestos PD Claims (i) which have been disallowed and/or expunged, and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective Date will be adjudicated in accordance with Amended Order Setting Various Deadlines Regarding Objections to Class 7A Asbestos Property Damage ("PD") Claims . . . .

        B.  With respect to any and all Class 7A Asbestos PD Claims which were filed as of the March 2003 Bar Date and (i) which have been disallowed and/or expunged by the Bankruptcy Court and for which the Holders of such Asbestos PD Claims have filed appeals, which appeals are pending as of the Effective Date; or (ii) as to which class certification has been denied and an appeal from such denial of class certification is pending as of the Effective date:

           1.  The appeals shall proceed to completion.

           2.  The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008).

           3.  Claims for which appeals are successful, resulting in reversal of the Bankruptcy Court order(s) disallowing and expunging the claims . . . or denying class certification, shall be remanded to the Bankruptcy Court . . . .[18]

---

[17] *Id.* at 1-6.
[18] *Id.* at 1-2.

Section II of the PD CMO then provides the procedures for Unresolved Class 7A Asbestos PD Claims other than those in Section I, namely those filed after the bar date.[19] Section II claimants must file a proof of claim with the Asbestos PD Trust and include information about circumstances related to excusable neglect.[20] Notably, Section II stipulates that class action claims "shall *not* be permitted" for post-bar date claims.[21] However, neither the original PD CMO nor the updated PD CMO was signed by the Court. At the June 15, 2016, hearing, the parties provided no explanation as to why this was the case.[22]

AMH makes three arguments about why the Plan or the PD CMO does not bar its instant motion. First, AMH argues that the PD CMO was never entered by the Court apart from its inclusion in the plans, and thus is not binding. Second, AMH argues that its claims do not fall within subsection B of Section I because, as the Third Circuit declined to review the district court's discretionary decision in 2009, AMH's appeal for its denial of class certification was no longer "pending" by the February 2014 Effective Date. Third, AMH argues that the PD CMO is merely a sequencing and scheduling order that can still be amended by the Court at this time.

In response, Grace argues that, first, even though the PD CMO was not signed, it was effectively entered because the language in the Plan and the Certification Order makes the PD CMO part of the Plan. Therefore, the PD CMO became binding on the parties when the Plan was confirmed and became effective. Grace points to the following language in the Plan and the Confirmation Order for support: (1) Plan § 1.4 provides that "Each of the Plan Documents is an

---

[19] *Id.* at 2.
[20] *Id.* at 2-6.
[21] *Id.* at 5 (emphasis added).
[22] 6/15/16 Tr. 34:20-35:6, 47:3-6, D.I. 32707.

integral part of this Plan and is hereby incorporated by reference and made a part of this Plan";[23]
(2) the "Plan" is defined as "the First Amended Joint Plan of Reorganization . . . *and the exhibits
and schedules to the foregoing*";[24] (3) "Plan Documents" is defined as "the Plan, the Exhibit
Book, the Disclosure Statement, *all exhibits in the Exhibit Book,* and the Plan Supplement,"[25]
which includes Exhibit 25, the PD CMO; and (4) the Confirmation Order provides that "the
Plan . . . *and all exhibits* and schedules thereto as amended to the date hereof are CONFIRMED
*in each and every respect*."[26] Grace argues that, because Section II provides that no class action
is permitted for post-bar date claims, AMH is barred from including post-bar date claimants in its
class. In response to AMH's second argument, that its claims do not fall within Section I.B. of
the PD CMO, Grace argues that AMH's appeal of the order denying the Motion for Class
Certification is "still pending." In support of this argument, Grace cites to relevant language in
the Plan Documents and to Black's Law Dictionary for an expansive definition of the word
"pending." Grace argues that because an action is pending from its inception until the final
judgment, and there has been no final judgment, only interlocutory orders, on AMH's motion for
class certification, AMH's appeal is still "pending." Finally, as to AMH's third argument, Grace
argues that the procedures set forth in the PD CMO are integral to the Plan because they help
achieve equality and fairness between different claimants, and that, unlike dates set for an oral
argument or other court proceedings that are subject to scheduling changes, the procedures in the
PD CMO cannot be altered after plan confirmation.

---

[23] Plan 41-42.
[24] *Id.* at 31 (emphasis added).
[25] *Id.* (emphasis added).
[26] Confirmation Order 9 (emphasis added).

Grace's argument is persuasive. The Plan and the Confirmation Order, in their relevant parts cited above, clearly contemplate the PD CMO as an integral part of the Plan. The Plan, with the PD CMO as an exhibit, was affirmed by the district court and the Third Circuit, became effective in February 2014 and is binding on AMH. Therefore, pursuant to Section II of the PD CMO, AMH should not be permitted to initiate a class action for PD claimants who did not file their claims by the bar date.

Further, Section I.B.2 of the PD CMO specifically discusses AMH's claims: AMH's class claims "shall remain inactive unless and until there is a final, appealable order with respect to [AMH's] individual claim."[27] While I do not find Grace's interpretation of the word "pending" persuasive, I find the above language to be highly significant. To the contrary of what AMH argues, the PD CMO is much more than a sequencing and scheduling order; it provides the mechanism for ongoing adjudication of unresolved PD Claims after plan confirmation and has significant implications to the estate. As part of the Plan that was confirmed, affirmed, and became effective, AMH is bound by the PD CMO to adjudicate its individual claim before commencing its class claims.

### (b) Motion to Reconsider

Putting aside whether the PD CMO is part of the Plan that bars AMH from including post-bar date claims in its class, AMH did not offer sufficient evidence or reason for this Court to alter or amend Judge Fitzgerald's May 2008 Decision denying class certification. AMH's motion to alter or amend class certification under Fed. R. Civ. P. 23(c)(1)(C) is inherently a motion to reconsider the May 2008 Decision.

---

[27] PD CMO 2.

Fed. R. Civ. P. 59, as made applicable by Fed. R. Bankr. P. 9023, governs motions for reconsideration. A motion to alter or amend a judgment under Rule 59(e) must be grounded upon: "(1) an intervening change in controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct clear error of law or to prevent manifest injustice."[28] A party may not relitigate issues the Court has already decided, nor should parties make additional arguments which should have been made prior to judgment.[29] As a result, "finality of judgment and conservation of judicial resources dictate that Rule 59(e) [motions] be sparingly granted."[30]

AMH makes a host of arguments about factual and legal errors that Judge Fitzgerald made and subsequent developments after the May 2008 Decision, which allegedly warrant its reconsideration.[31] AMH's main arguments are that, first, the Third Circuit's *Frenville* reversal and the U.S. District Court for the District of Delaware's decision in *California Department of General Services* created thousands of present PD claimants in need of representation. Second, AMH argues that Judge Fitzgerald mistakenly believed that there was sufficient notice to PD

---

[28] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[29] *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (holding that a motion for reconsideration based upon a new, alternate theory was "a classic attempt at a 'second bite at the apple'").

[30] *Skretvedt v. E.I. DuPont de Nemours & Co.*, 2009 WL 1649495, at *2 (D. Del. June 12, 2009) (citing *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992)).

[31] In addition to AMH's main arguments, I also considered AMH's other arguments. First, AMH argues that Judge Fitzgerald mistakenly believed that class membership was limited to those who filed individual claims. This alleged legal error does not warrant reconsideration because AMH already had the opportunity to raise this argument in its original motion for class certification. *See* AMH's Final Br. in Supp. of Class Certification for the Worldwide Class 8, D.I. 16530. Second, AMH argues that Grace admitted that class membership is not limited to those who filed individual claims in its brief. To the contrary, AMH misinterpreted Grace's brief; Grace was distinguishing that position rather than supporting it. *See* Grace's Br. in Opp'n to AMH's Mot. to Reconsider Denial of Mot. for Leave to Appeal 11, *In re W.R. Grace & Co.*, 398 B.R. 368 (D. Del. 2008) (No. 08-110), D.I. 13. Third, AMH argues that Judge Fitzgerald mistakenly believed that AMH's motion for class certification was untimely because AMH did not file the motion until after it filed the class claims. Regardless of the accuracy of this argument, Judge Fitzgerald based the May 2008 Decision on the merits of numerosity and superiority, not on the (un)timeliness of the motion. Fourth, AMH argues that Judge Fitzgerald's appointment of a Property Damage Future Claimants Representative evidences a correction of her own previously mistaken belief that there are no such thing as future claims. AMH's citations to relevant parts of the record do not indicate Judge Fitzgerald believed that there were no future claims.

claimants, but that there was not because Grace did not give the claimants actual notice. Third, AMH argues that PD claimants are treated unequally compared to Zonolite Attic Insulation (or "ZAI," another type of Grace product) claimants, because a ZAI class was certified without a bar date. Fourth, plan confirmation presents "an entirely new landscape" because class certification at this point would no longer prolong the case.

The first three arguments rehash prior arguments that were considered and denied by either Judge Fitzgerald, the district court, or the Third Circuit. The last argument is not a sufficiently significant development to warrant reconsideration of the May 2008 Decision. Therefore, AMH's motion to alter or amend the May 2008 Decision will be denied.

First, AMH argues that, due to the reversal of *Frenville*,[32] the Plan does not discharge Gap Claims,[33] and that, absent certification of the AMH class, Gap Claimants with unaccrued claims at the time of bar date are subject to insufficient due process. The Third Circuit already addressed this argument, ruling that "AMH does not contend that its due process rights have been violated by the Plan, nor could it," and that it lacked standing to raise due process concerns for Gap Claimants because "litigants in federal court are [generally] barred from asserting the constitutional rights of others."[34] Additionally, AMH argues that the district court decision *Cal.*

---

[32] *Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.)*, 744 F.2d 332, 337 (3d Cir. 1984) (holding that a claim does not arise until a right to payment arises under state law), *overruled by Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 125 (3d Cir. 2010) (holding that a claim arises when an individual is exposed *pre-petition* to a product or other conduct giving rise to an injury, which underlies a "right to payment."); *see also Wright v. Owens Corning*, 679 F.3d 101, 109 (3d Cir. 2012) (expanding *Grossman's* determination of when a claim arises to include "post-petition, pre-confirmation exposure to a debtor's conduct or product . . . ."). I have previously addressed this line of cases in *In re New Century TRS Holdings*, 2013 WL 5231456, at *11-14 (Bankr. D. Del. Sept. 17, 2013).

[33] *See supra* note 12.

[34] *In re W.R. Grace & Co.*, 729 F.3d 332, 340 n.5 (3d Cir. 2013) (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000)).

*Dep't of Gen. Servs.*,[35] released after the May 2008 Decision, is a change in controlling law that warrants reconsideration of that decision. Although the district court disagreed with Judge Fitzgerald's reasoning in ruling that the statute of limitations does not run until there is actual contamination,[36] Judge Fitzgerald had already considered this possibility and assumed AMH's contention to be accurate at the time of the May 2008 Decision.[37] Therefore, neither the *Frenville* reversal nor the *Cal. Dep't of Gen. Servs.* decision qualifies as a change in law that merits reconsideration because AMH has previously raised and lost these arguments.

Second, AMH argues that Judge Fitzgerald made a factual error in believing that there was sufficient notice to PD claimants, whereas, in reality, Grace did not give the claimants actual notice. This exact argument was raised by AMH when it sought leave to appeal the denial of class certification to the district court and the district court already held the bar date notice program to be sufficient and appropriately executed.[38]

Third, AMH argues that PD claimants are treated unequally compared to ZAI claimants, because a ZAI class was certified without a bar date but the PD class was not certified and is subject to the bar date. The Third Circuit, in affirming Grace's Plan in 2013, already rejected AMH's argument about unequal treatment. The court held that that the distinction between

---

[35] *Cal. Dep't of Gen. Servs. v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 418 B.R. 511 (D. Del. 2009).

[36] *Id.* at 532.

[37] Judge Fitzgerald wrote, "we note that in the statute of limitations context S[peights] & R[unyan] on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run. *Assuming without deciding*, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact." *In re W.R. Grace & Co.*, 389 B.R. 373, 376 n.7 (Bankr. D. Del. 2008) (emphasis added).

[38] *See In re W.R. Grace & Co.*, 398 B.R. 368, 374 (D. Del. 2008). "Notice was provided to property damage claimants, and actual notice was given to '200,000 known asbestos claimants.'" *Id.* "Notified property damage claimants included 'all named parties to the handful of property damage cases pending when Grace filed its bankruptcy petition, and all known personal injury and property damage lawyers.'" *Id.* (quoting *Mission Towers v. W.R. Grace, et al.*, 2007 WL 4333817, at *1 (D. Del. Dec. 6, 2007). "This Court has previously determined that publication notice was appropriate." *Id.* (citing *Mission Towers*, 2007 WL 4333817, at *4).

treatment of AMH Class 7A PD Claims and treatment of ZAI claims was "immaterial," because ZAI claims are in a different class—Class 7B.[39]

Finally, AMH argues that circumstances have changed now because Grace's Plan has been confirmed and Judge Fitzgerald's concern that class certification would "needlessly prolong" the case no longer exists. Notably, this was only a secondary consideration for Judge Fitzgerald.[40] The May 2008 Decision denying AMH's class certification was based primarily upon the absence of numerosity, which Judge Fitzgerald found to be dispositive.[41] Judge Fitzgerald went on to "further illustrate the impropriety and inadvisability of certifying a class" by concluding that the Rule 23(b) requirement of superiority was also absent.[42] As all class certifications need to satisfy both Rule 23(a) and 23(b) requirements,[43] her decision was sufficiently grounded in the absence of numerosity and superiority. Therefore, AMH's argument about the change of circumstances does not warrant reconsideration of her decision.

## CONCLUSION

For the reasons set forth above, I conclude that the Case Management Order for Class 7A Asbestos P[roperty]D[amage] Claims is part of Grace's Plan, which has been confirmed and affirmed by the district court and the Third Circuit. AMH is bound by the PD CMO to adjudicate its individual claim before commencing its class claims, and is barred from including post-bar

---

[39] *See In re W.R. Grace & Co.*, 729 F.3d at 345.
[40] *See In re W.R. Grace & Co.*, 389 B.R. at 380. "*Additionally*, the motion for class certification proposes opt-out election which . . . would defeat the purpose of certifying a class in the context of this case." *Id.* (emphasis added) "*Finally*, certification of the class would needlessly prolong this case . . . ." *Id.* (emphasis added).
[41] *Id.* at 376 ("With respect to Rule 23(a), we address only numerosity as we find that to be dispositive."). AMH also recognizes that numerosity was the basis of her ruling. 6/15/16 Tr. 40:1-2 ("[I]t's clear that her ruling was based on numerosity. . . . [T]hat's almost her exact words.").
[42] *In re W.R. Grace & Co.*, 389 B.R. at 378.
[43] *See* Fed. R. Civ. P. 23(a) and (b).

-11-

date claims in its class action. Further, AMH's arguments regarding the change in controlling

law as well as perceived factual and legal errors do not warrant reconsideration of Judge

Fitzgerald's May 2008 Decision because they are a combination of previously lost arguments

and subsequent, but not sufficiently material, developments after the decision. The Motion to

Alter or Amend Order Denying Class Certification will be denied.

     An appropriate Order follows.


BY THE COURT:


KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT


Dated: August 25, 2016


-12-

# EXHIBIT "B"

1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Related to: DN 10014, 11245, 11547, 16540 |
|  | ) |  |
|  | ) |  |

## ORDER OF COURT DENYING WITH PREJUDICE MOTION OF
## ANDERSON MEMORIAL HOSPITAL FOR CLASS CERTIFICATION

**AND NOW**, this 29th day of May,  2008, for the reasons stated in the foregoing

Memorandum Opinion, it is hereby **ORDERED** that the Motion of Anderson Memorial Hospital

for Class Certification is **DENIED with prejudice**.

It is **FURTHER ORDERED** that in the event the following list does not include all who

should receive notice of the entry of the foregoing Memorandum Opinion an this Order,  Debtors

shall serve the additional parties in interest.

*Judith K. Fitzgerald*          jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

1

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.

4

Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC 20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX 75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX 75219

Peter Van N. Rockwood

5

Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Related to: Doc. No. 10014, Motion of |
|  | ) | Anderson Memorial Hospital for Class |
|  | ) | Certification |
|  | ) |  |
|  | ) |  |

MEMORANDUM OPINION[1]

Before the court is the Motion of Anderson Memorial Hospital ("Anderson Memorial")

for Class Certification. The definition of the class requested in this case specifically excludes

schools, colleges, government buildings and claimants represented by other counsel. (Transcript

of 7/5/07 at 176, 11, Doc. No. 16422.) Specifically, the motion states:

> Anderson seeks to certify an opt-out class action on behalf of itself
> and the class of other property owners whose buildings were, are
> or will be contaminated with asbestos fibers released from
> asbestos-containing surfacing materials for which the Debtors are
> legally responsible including, but not limited to, those claims
> identified in Exhibit A.[2] The class would explicitly exclude any
> building for which a property damage claim is currently pending in
> this bankruptcy not listed on Exhibit A.

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of
law.

[2]The reference is to Exhibit A to Doc. No. 10014, Motion of Anderson Memorial
Hospital for Class Certification.

1

Motion of Anderson Memorial Hospital for Class Certification, Doc. No. 10014, at 2.[3]  The

requested class is to be an opt-out class and includes South Carolina building owners and non-

South Carolina claimants whose buildings are allegedly contaminated with asbestos.

     For the reasons which follow, we find that  Anderson Memorial has not satisfied the

numerosity requirement of Fed.R.Civ.P. 23(a), made applicable to bankruptcy proceedings by

Fed.R.Bankr.P. 7023(a), and we will deny the motion.

**Background**

     The Debtors ("Grace") were involved in the manufacture of asbestos-containing

surfacing treatment from 1938 through 1978.  On December 23, 1992, Anderson Memorial,

represented by Speights & Runyan ("S&R"), filed a class action in a South Carolina state court

against Grace and a number of other former manufacturers of asbestos-containing surfacing

materials on behalf of certain building owners (hereafter "Anderson Memorial building

owners").  In 1994, the South Carolina Circuit Court issued an order striking out-of-state class

members from the Anderson Memorial Complaint based upon the South Carolina "Door Closing

Statute."  Thereafter, the South Carolina action proceeded only as to in-state buildings.

     On February 9, 2001, in state court in South Carolina, S&R filed an "Emergency Petition

For a Rule to Show Cause Why a Conditional Class Should Not Be Certified Against W.R.

Grace."  The South Carolina court granted S&R's petition for emergency relief *ex parte*,

---

    [3]Motion of Anderson Memorial Hospital for Class Certification, Doc. 10014, at 2.  The
introductory paragraph of the motion asks for certification of "a class action on behalf of
[Anderson Memorial Hospital] and other similarly situated property owners whose buildings
contain or used to contain the asbestos-containing surfacing materials for which the Debtors are
responsible including many of those for which Anderson, through its counsel, have filed proofs
of claim for in this bankruptcy." *Id.* at 1.

conditionally certifying the South Carolina class.  In granting the petition, the court rejected any

notion that a final certification was inevitable, and clarified that the action had no precedential

value as to what the court would ultimately find, had absolutely no influential value, and was

issued only under exigent circumstances.[4]

Grace filed a voluntary petition in bankruptcy in this court on April 2, 2001.  In a letter to

counsel dated May 7, 2001, the South Carolina judge directed counsel for Anderson Memorial

Hospital to draft an order to provide for certification of a class only as to three remaining

defendants and not as to Grace due to the bankruptcy stay applicable to Grace.  Doc. No. 13186,

Appendix in Further Support of Debtors' Opposition to Anderson Memorial's Motion for Class

Certification, at Tab 5.  The South Carolina court entered a final Order of Certification on June

29, 2001, which did not include Grace.  *Id.* at Tab 6.  Thus, there is no pre- or postpetition

Anderson Memorial class certified as to Grace.  Moreover, the class, as certified against three

other defendants by the state court, applies only to buildings within the State of South Carolina.

On April 22, 2002, the Bankruptcy Court approved an extensive Notice Program and set

March 31, 2003, as the bar date for asbestos property damage claims.  No one appealed the

order.  In June of 2002, the Asbestos Property Damage Committee (hereafter "PD Committee"),

of which Daniel Speights of S&R is a member and co-chairman, filed a motion seeking

abatement of the requirement in the Bar Date Notice that counsel of record for asbestos property

damage  claimants either (1) certify that they notified their clients of the bar date by transmitting

to them the proof of claim package or (2) give names and addresses to Grace so Grace could

notify them directly.  *See* Doc. Nos. 2269, 2274.  After a hearing, and over Grace's objection, the

---

[4]The exigency apparently was the imminent filing of Grace's bankruptcy.

PD Committee's request was granted. *See* Order at Doc. No. 2745. *See also* Doc. No. 2394,

Agenda for July 22, 2002; Doc. No. 2469 (docket notation of hearing held July 22, 2002);

Transcript of 7/22/02 hearing, Doc. No. 2503, at 98-105.

Over 4,000 individual property damage claims were filed before the expiration of the bar

date. S&R filed approximately 3,000 of those claims. These 3,000 claims included two class

proofs of claim.[5] *See, e.g.*, Transcript of January 26, 2006, Doc. No. 11707 at 59-60. As a result

S&R's withdrawal of claims, this court's expungement of other claims, S&R's lack of authority

to file claims on behalf of certain claimants, *see Mission Towers v. W.R. Grace*, 2007 WL

4333817 at *1 (D. Del. 2007), and the definition of "class" provided by Anderson Memorial

which excluded schools, colleges, certain governmental buildings and claimants represented by

counsel other than S&R, only that of Anderson Memorial, is for a South Carolina building. Doc.

No. 16540 at 6.[6]

## Rule 23(a)

To obtain class certification the claimant must meet the elements of Fed.R.Civ.P. 23(a)

and (b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 7023. Rule 23(a) requires (1)

numerosity, (2) commonality, (3) typicality, and (4) adequate representation as prerequisites to a

class action. If the requirements of Rule 23(a) are met, the claimant must meet one of the Rule

---

[5]At a hearing in February of 2002 this court directed that before any class proofs of claim
were filed a motion to certify a class had to be filed. Transcript of 2/25/02, Doc. No. 1793, at
104, 107-08. Although Daniel Speights of S&R was present in court, *see id.* at 101, S&R filed
two class proofs of claim, 9911 and 9914, on behalf of "worldwide" and "statewide" Anderson
Memorial building owners. The motion to certify a class was not filed until October of 2005,
over two and a half years past the bar date. Doc. No. 10014.

[6]Various orders and docket entries provide the history and details of withdrawals and
expungement. *See generally* Doc. Nos. 10961, 11025, 11080, 11245, 16422, 16540.

4

23(b) standard  before a class can be certified.  With respect to Rule 23(a), we address only numerosity as we find that to be dispositive.[7]  Anderson Memorial failed to meet the requirements of Rule 23.

Numerosity requires a finding that a class representative be appointed only if joinder of all members of the class would be impracticable.  *In re First Interregional Equity Corp.,* 227 B.R. 358, 367 (Bankr.D.N.J. 1998); Fed.R.Civ.P. 23; Fed.R.Bankr.P. 9023.  "Impracticability does not mean impossibility but only the difficulty or inconvenience of joining all members of the class."  *Id.* at 367-68, *quoting  Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406 (D.N.J. 1990).  In this case, the property damage claim creditor universe is known because the notice of the bar date was so extensive (over 8700 property damage claimants were served and international publication notice was made)[8] there are not enough claims left to constitute a numerous base in the first place.  Of the approximately 3,000 claims originally filed by S&R only 158[9] remained when these matters were briefed in August of 2007, over 80 of them were not part of the putative class, and only one was a South Carolina claim.  *See* Debtors' Post-Hearing Brief in Opposition to Anderson Memorial's Class Certification Motion, Doc. No.

---

[7]Adequate representation is not at issue with respect to the class certification motion. With respect to commonality and typicality, we note that in the statute of limitations context S&R on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run. Assuming, without deciding, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact.

[8]In addition to the known property damage claimants, actual notice went to approximately "200,000 known asbestos claimants." *Mission Towers v. W.R. Grace*, 2007 WL 4333817 at *1 (D. Del. 2007).

[9]This number has since been reduced substantially by additional disallowance proceedings and by settlements which have been approved or of which the court has been advised and that are in the process of documentation.

16540, at 17-18. If we follow the lead of the South Carolina court which limited class

certification to South Carolina buildings, there would be only one claimant. This court cannot

conclude that one claim satisfies the numerosity requirement. Even at 158 claims, the number is

certainly manageable in a bankruptcy context.

Although the Anderson Memorial motion seeks to expand the class beyond buildings

located in South Carolina (provided that the claimants do not have other counsel or do not

involve government, schools or college buildings), we have been presented with no persuasive

authority or argument to show (1) how the bar date can or ought to be by-passed in this case so

that claimants who did not file a proof of claim by the bar date of March 31, 2003, could now

participate in a class proof of claim, a motion for which was filed over two years[10] after the bar

---

[10]We note it is now approximately five years after the bar date. We also note Anderson
Memorial's argument that the motion to certify could not be filed until Debtors objected to the
claim. *See In re Charter Co.,* 876 F.2d, 866, 874 (11th Cir. 1989), *cert. dismissed* 496 U.S. 944
(1990). In the context of this case, however, we find that argument to be wholly devoid of
merit. At a hearing in 2002 the necessity of and requirement for a class action was debated at
length. In an effort to address the issue in a timely manner which would advance the bankruptcy
case, the court ordered a motion to certify the class to be filed. *See* note 5, *supra. See also*
Transcript of 2/25/02, Doc. No. 1793. There is no time requirement stated within which Rule 23
must be invoked in a bankruptcy context. *In re Charter Co.,* 876 F.2d at 894. The court is
clearly able to set forth a process by which to adjudicate disputed issues and did so in this case.
Therefore, even if Grace had not filed an objection to claim, this court, in controlling its docket
and attempting to orchestrate an orderly process, ordered such a motion to be filed if anyone
intended to file a class proof of claim.
    We also note that there was no basis in this case for Anderson Memorial to assume that
Debtors would accept the class proof of claim, a factor which distinguishes this case from *In re
Charter Co.* 876 F.2d at 876 and n.13. Initially Attorney Speights said a motion to certify a
class did not need to be filed because the class had been certified against Grace in the South
Carolina action. Transcript of 2/25/02, Doc. No. 1793, at 53. He also said that he would not be
filing a class claim. *Id.* at 54. Later at that same hearing, *id.* at 97-98, this court directed that a
motion to certify a class be filed which would obviate the need to examine whether a class was
certified in state court. This court agreed with other courts that individual proofs of claim do not
need to be filed before a class proof of claim can be filed, thus overruling Grace's request for

(continued...)

date and three years after the court ordered a motion to be filed; (2) why the extensive notice

procedures already utilized in the case are insufficient or would be substantially enhanced by a

class certification and notice process; or (3) why any remaining claims cannot be timely

adjudicated through the property damage case management process already established and

working in this case.   Absent persuasive analysis on these points, with which we have not been

provided, and given the resolution of several thousand property damage claims without a class

claim, we do not find a basis for numerosity.  We find that the numerosity requirement is not met

and class certification is not warranted under Rule 23(a).

**Rule 23(b)**

Notwithstanding the fact that Rule 23(a) elements were not established by Anderson

Memorial, we will address Rule 23(b) requirements in order to further illustrate the impropriety

and inadvisability of certifying a class in this case.  If Rule 23(a) is met, the claimant must also

establish that one of the three elements of Rule 23(b) be met.  Rule 23(b) provides:

> An action may be maintained as a class action if the
> prerequisites of subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual
> members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to
> individual members of the class which would establish
> incompatible standards of conduct for the party opposing the class,
> or

---

[10](...continued)
such a requirement, but directed that a motion to file a class proof of claim had to be filed. *See*
Transcript of 2/25/02, Doc. No. 1793, at 99-111. *See also In re First Interregional Equity Corp.*,
227 B.R. 358, 371 (Bankr.D.N.J. 1998)(court held that a requirement that a class be limited to
those who had filed individual claims was "illogical and contrary to most important class action
policy considerations")(citations omitted).  This order on the record occurred eleven months
before the March 2003 bar date.  No motion was filed until October of 2005, despite the fact that
Attorney Speights was in the courtroom when the oral order requiring the motion was issued.

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include:  (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

That is, the claimant must show either that (1) prosecution of separate actions by or against individual class members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for the opposing party or which would be dispositive of the interests of nonparties or would impair or impede the nonparties' ability to protect their interests, (2) that the party opposing the class has acted or refused to act in a way "generally applicable to the class" so that final relief with respect to the class as a whole is appropriate, or (3) the court finds that questions of law or fact common to the class members predominate over questions affecting only individual members and that a class action is a superior method for the "fair and efficient adjudication of the controversy."

Regarding factors (1) and (2), there has been no showing of a risk of inconsistent adjudications or that adjudications with respect to individual class members would be dispositive

8

of the interests of other claimants nor has Grace engaged in conduct in this case that would

make class relief appropriate. There have been objections to claims which have been vigorously

contested and claimants' rights have not been affected by the absence of a class action

mechanism.

Thus, the only relevant criterion is factor (3), whether a class action is a superior method

for "the fair and efficient adjudication of the controversy" with respect to the claims sought to be

included in the class action. *See In re Kaiser Group Intern., Inc.,* 278 B.R. 58, 67 (Bankr.D.Del.

2002). We find that it is not.

Anderson Memorial asserts that common issues exist such as whether (1) asbestos-

containing surfacing materials are hazardous, (2) asbestos fibers are released under foreseeable

uses, (3) Grace tested for fiber release potential, and (4) duties to building owners were owed or

breached. A class action format is not conducive to resolution of issues such as whether a Grace

product is in place in any claimant's building or whether a specific state's statute of limitations

has run[11] inasmuch as those questions cannot be resolved without reference to each claim or to

smaller sets of claims. Furthermore, a class action is not a superior method of resolving the

claims objections in this case. In fact, claims objections have been and continue to be addressed

on a claimant-by-claimant basis or in smaller groups of claims with related issues or facts, and

---

[11]The statute of limitations issues are *sub judice* regarding numerous claims and have
been adjudicated or otherwise resolved as to others.

few remain to be decided.[12]  Furthermore, the ultimate issue before us with respect to this motion

cannot be decided in a vacuum; i.e., without reference to the bar date.

Most of the claims, including the S&R claims, have already been addressed either by a

ruling by this or an appellate court, by settlement, or by S&R withdrawing claims.  Others are

pending decision by this court.[13]  As to unfiled claims, the class action process sought by

Anderson Memorial would operate to negate the bar date.  A class action would provide certain

claimants with the opportunity to file late claims despite the bar date[14] and without having to

establish excusable neglect pursuant to *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*

*Partnership*, 507 U.S. 380 (1993), and  would nullify the notice program which entailed

substantial effort and expense.  Under the notice program actual notice was given to known

---

[12]In its motion Anderson Memorial asserted that a class action is a superior method because Grace failed to give individual notice of the bar date to claimants which it knew had Grace asbestos-containing products in their buildings.  This was addressed (and rejected) by the District Court for the District of Delaware in *Mission Towers v. Grace*, 2007 WL 43332817 (D.Del. 2007).

[13]The exact number changes as matters are resolved.  Recently, the court has been advised that additional property damage  claims have settled.  Still others remain in mediation or are to be scheduled for mediation.

[14]The District Court for the District of Delaware found the notice program sufficient and stated that a debtor does not have to "search out each conceivable or possible creditor and urge that person or entity to make a claim against it."  *Mission Towers v. Grace*, 2007 WL 43332817 (D.Del. 2007), *quoting Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995), *cert. denied* 517 U.S. 1137 (1996).  Certifying a class in this instance would have the effect of overriding the decision of the District Court in *Mission Towers v. Grace* where the court noted that counsel for claimants, including S&R, had the responsibility for notifying their clients of the bar date and had the responsibility for notifying Grace of additional creditors known to counsel but not to Grace. *Mission Towers, supra,* at *8.

property damage claimants and publication notice was extensive. *See Mission Towers v. Grace*,

2007 WL 4333817 (D.Del. 2007)(court found notice under the notice program sufficient).[15]

Additionally, the motion for class certification proposes an opt-out election which,

although required to satisfy due process concerns where individual damages are involved, would

defeat the purpose of certifying a class in the context of this case. That is, a claimant who did

not file a timely claim but who would be a member of the class if certified could opt out of the

class and then assert an independent late claim, thereby effecting another end run around the bar

date. In that respect, class certification would adversely affect the bankruptcy proceedings by

permitting those who missed the bar date and who received at least publication notice to

interpose claims into this case, without establishing the excusable neglect standard expressed in

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See*

*generally In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr.S.D.N.Y.2007). Furthermore,

---

[15]*See also* Doc. No. 1665, Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and of the Notice Program. That motion laid out the terms of the Notice Program and provided, with respect to unknown claimants, that notice would be provided to them in the following ways:

> by publication notice . . . . Upon entry of the Bar Date Order,
> Debtors will implement a comprehensive publication notice
> program that will include providing notice to areas where claims
> have arisen or where potential claimants may now be located
> including: (i) the entire United States of America; (ii) Canada; (iii)
> Guam; (iv) Puerto Rico; and (v) the U.S. Virgin Islands.
> Publication notice will be disseminated using the following forms:
> (a) newspapers; (b) magazines; (c) trade and professional
> publications; (d) television (network and cable); and (e) web sites.

*See* Doc. No. 1960, Claims Bar Date Notice Order dated April 22, 2002. The Notice Program that was approved did not include television ads.

certifying the class as a world-wide class would substantially alter the South Carolina state court order which excluded non-South Carolina claims.

We also note that certifying a class could result in inclusion of claims that S&R has been adjudicated to have had no authority to file. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007).

Finally, certification of the class would needlessly prolong this case which was filed nearly seven years ago and which has been hard fought every step of the way by all constituent bodies. The remaining property damage claims that were timely filed and subject to objections are pending before this court for resolution and decisions will issue in the near future. The property damage issues have been litigated since 2002, starting with the bar date notice litigation, and it is time to put them to rest in the most efficient way possible. In this case, that course is not through a class proof of claim process which was sought in an untimely fashion despite a direct order of this court, which would defeat the bar date, to the detriment of the Debtors' estates and all other creditors, and which would effectively authorize S&R to file claims on behalf of those for whom it was determined to have had no authority. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007),

An appropriate order will be entered.*

DATE: May 29, 2008

*Judith K. Fitzgerald*
jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

* In the event the following list does not include all who should receive notice, Debtors shall serve the additional parties in interest.

cc:    David M. Bernick
Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witmeyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.
Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

16

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE 19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE 19801

## <u>CERTIFICATE OF SERVICE</u>

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of the foregoing Notice of Appeal was made on September 8, 2016 upon the following parties in the manner indicated:

### <u>BY HAND DELIVERY</u>

Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801

### <u>BY FIRST CLASS MAIL</u>

John Donley, P.C.
Lisa G. Esayian, Esq.
Adam C. Paul, Esq.
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, Illinois 60654

Alan B. Rich, Esquire
Attorney and Counselor
4244 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

Under penalty of perjury, I declare that the foregoing is true and correct.

 /s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)