## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>        Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 10813 and 10825** |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>        Debtors. | Case No. 04-11300 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 9338 and 9347** |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>        Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 10351 and 10363** |
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>        Debtors. | Case No. 00-03837 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 21106 and 21120** |
| In re:<br><br>UNITED STATES MINERAL PRODUCTS COMPANY,<br><br>        Debtor. | Case No. 01-02471 (KG)<br><br>Chapter 11<br><br>**Re: Docket Nos. 4094 and 4106** |

| | |
|---|---|
| In re:<br><br>USG CORPORATION, *et al.*,<br><br>        Debtors. | Case No. 01-02094 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 12711 and 12723** |
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>        Debtors. | Case No. 01-01139 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 32718 and 32738** |

**REPLY OF HONEYWELL INTERNATIONAL INC.
TO RESPONSES OF UNIDENTIFIED "CLAIMANTS" IN OPPOSITION
TO MOTION OF HONEYWELL INTERNATIONAL INC.
FOR ACCESS TO RULE 2019 EXHIBITS**

Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby submits this reply to the *Responses in Opposition to Honeywell International Inc. and Ford Motor Company's Motion for Access to Rule 2019 Exhibits*[1] (collectively, the "Responses") filed on behalf of certain "Claimants" (the "Claimants"), and respectfully states as follows:[2]

**PRELIMINARY STATEMENT**

1.    Each argument in the Responses was wholly rejected by Judge Stark in his well-reasoned District Court opinion, and must be rejected here too on the same facts and for the same reasons. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 298 (D. Del. 2013) (hereinafter, "*Motions for Access*").

---

[1] Case No. 00-4471, Docket No. 10825; Case No. 04-11300, Docket No. 9347; Case No. 02-10429, Docket No. 10363; Case No. 00-3837, Docket No. 21120; Case No. 01-2471, Docket No. 4106; Case No. 01-2094, Docket No. 12723; Case No. 01-1139, Docket No. 32738.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits* filed in these chapter 11 cases on June 30, 2016 (the "Access Motion").

2

**I.      Honeywell Has Standing to Seek Access to the 2019 Exhibits**

2.      The Claimants argue that Honeywell and Ford Motor Company (collectively, the "Moving Parties") lack standing to seek access to the 2019 Exhibits because "they have little connection to the debtors" in these Chapter 11 Cases.  Responses, p. 1.  The Claimants further assert that Honeywell's reliance on the Third Circuit case *Pansy v. Borough of Stroudsburg* is misplaced because *Pansy* "allowed a newspaper access to a confidentiality agreement," "in part because the matter involved the press and a politician."  Responses, p. 1.

3.      Regardless of their connection to the debtors in the Chapter 11 Cases, the Moving Parties have standing as members of the public to seek access to the 2019 Exhibits.  In order to have standing to seek access to judicial records, a member of the public need only demonstrate that an obstacle prevents it from accessing a judicial record.  *Pansy*, 23 F.3d at 777.  *See also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 & n. 12 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030 (1989); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 354 (11th Cir. 1987); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978); *City of Hartford v. Chase*, 733 F. Supp. 533, 534 (D. Conn. 1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991).

4.      The 2019 Orders constitute an "obstacle," and therefore Honeywell has standing to seek access to them.  This conclusion was already reached by the Delaware District Court in *Motions for Access*, which held that a member of the public had standing to seek access to the 2019 Exhibits under identical facts and in these same Chapter 11 Cases.  488 B.R. 281, 294-95 (D. Del. 2013).

5.      Citing *Pansy*, the District Court in *Motions for Access* stated "[t]he Third Circuit has 'routinely found, as have other courts, that third parties have standing to challenge protective

3

orders and confidentiality orders in an effort to obtain access to information or judicial proceedings.'" 488 B.R. at 294–95 (citing *Pansy*, 23 F.3d at 777). Notably, the District Court did not find that *Pansy* should be limited to that case's specific facts (as the Claimants suggest here). Instead, the District Court found *Pansy* directly applicable to the relief sought (access to the 2019 Exhibits), and held that the movant had standing because the movant was a member of the public and the 2019 Orders posed an obstacle to accessing to the 2019 Exhibits. The same result must obtain here as well, as the facts are the same.

## II. The Moving Parties Have a Presumptive Right of Access to the Information Contained in the 2019 Exhibits

6. The Claimants assert that the Moving Parties are not entitled to access the 2019 Exhibits because (i) the information contained in the 2019 Exhibits "is of a sensitive nature and contains the personal information of dozens of individuals including medical histories and social security numbers," (ii) "the [M]oving [P]arties have failed to address why they need such documents but instead suggest that the claims filed are somehow not legitimate," and (iii) the release of the information contained in the 2019 Exhibits "circumvents state court actions and the rules provided for by state to request the information." Response, p. 2.

7. In response to the foregoing arguments, Honeywell hereby incorporates by reference in its entirety the *Reply of Honeywell International Inc. to Objection of the North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to Honeywell's Motion for Access to Rule 2019 Exhibits* filed concurrently herewith.

**CONCLUSION**

8. For the foregoing reasons, Honeywell respectfully requests that this Court overrule the Responses and grant such other relief the Court deems just and proper.

Dated: September 13, 2016
Wilmington, Delaware

    POLSINELLI PC

    */s/ Justin Edelson*
    Justin Edelson (Del. Bar No. 5002)
    222 Delaware Avenue, Suite 1101
    Wilmington, Delaware 19801
    Telephone: (302) 252-0920
    Facsimile: (302) 252-0921

    -AND-

    MCDERMOTT WILL & EMERY LLP
    Peter John Sacripanti *(admitted pro hac vice)*
    John J. Calandra *(admitted pro hac vice)*
    Darren Azman *(admitted pro hac vice)*
    340 Madison Avenue
    New York, New York 10173-1922
    Telephone: (212) 547-5400
    Facsimile: (212) 547-5444

    *Attorneys for Honeywell International Inc.*