**Exhibit B**

Order Granting Access to 2019 Exhibits (*Garlock*)



FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 20 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GARLOCK SEALING TECHNOLOGIES, LLC,** *et al.* | **Case No. 10-31607** |
| Debtors. | **Jointly Administered** |

## CONSENT ORDER GRANTING
## ACCESS TO RULE 2019 FILINGS

THIS MATTER initially came before the Court for hearing on April 17, 2014 (the "Hearing"), with respect to a portion of the relief sought by *Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation"* [Dkt. Nos. 3377, 3378] (the "Ford Motion for Access"),[1] filed by Ford Motor Company ("Ford") on March 14, 2014, which relief was also sought by the Joinder of Honeywell International Inc.

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Ford Motion for Access. By order dated April 11, 2014, the Court severed that portion of the Ford Motion for Access seeking access to Rule 2019 Filings from the portion of the Ford Motion for Access seeking public access to sealed estimation evidence and transcripts, which the Court initially denied. (*See* Dkt. No. 3525). Accordingly, this Order addresses only the Movants' right of access to the Rule 2019 Filings.

to Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation," dated March 24, 2014 [Dkt. No. 3409], Volkswagen Group of America, Inc.'s Joinder in and Statement in Support of Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation," dated March 24, 2014 [Dkt. No. 3413], the Joinder of Crane Co. in Ford Motor Company's Motion for Access, dated March 25, 2014 [Dkt. No. 3424], the Joinder of Resolute Management, Inc. and the AIG Member Companies in Ford Motor Company's Motion for Access, dated March 27, 2014 [Dkt. No. 3437], Mt. McKinley Insurance Company's and Everest Reinsurance Company's Joinder in Ford Motor Company's Motion for Access and, in the Alternative, Motion to Unseal Evidence of "Demonstrable Misrepresentation," dated April 4, 2014 [Dkt. No. 3496] (collectively, the "Joinders").[2]

Following briefing and the Hearing, an order granting the Ford Motion for Access and the Joinders was entered on May 6, 2014 (the "Original 2019 Access Order"), [Dkt. No. 3618]. However, that order was stayed and, on July 9, 2014, vacated and replaced in its entirety in response to the Motion for Reconsideration filed by the Official Committee of Asbestos Personal Injury Claimants (the "Committee"). [Dkt. No. 3670.] In place of the Original 2019 Access Order, this Court entered the "Amended 2019 Access Order". [Dkt. No. 3855] Following entry of the Amended 2019 Access Order, Honeywell International Inc. filed a motion with respect to the Amended 2019 Access Order, [Dkt. No. 3884], and an order was entered (the "Honeywell Order") [Dkt. No. 3911].

Based upon the Ford Motion for Access as it relates to the Rule 2019 Filings, the Joinders, the objection filed thereto by the Committee and others timely joining in the

---

[2] The parties that filed Joinders will be referred to herein collectively with Ford as the "Movants."

2

Committee's objection, the statements and arguments of counsel at the Hearing; the Motion for Reconsideration and the objections filed thereto by the Movants, the statements and arguments of counsel at the hearing on the Motion for Reconsideration; the Court's finding that Ford provided appropriate notice of the Ford Motion for Access and that no other or further notice is required [*see* Dkt. No. 3553], and by agreement of the parties, it is hereby ORDERED, ADJUDGED, and DECREED that the Ford Motion for Access as it relates to the Rule 2019 Filings is GRANTED, that the Rule 2019 Filings are public records available for examination pursuant to 11 U.S.C. § 107(a), that none of the exceptions to 11 U.S.C. § 107(a) apply thereto, and that the Amended 2019 Access Order, [Dkt. No. 3855], and the Honeywell Order, [Dkt. No. 3911] are, in their entirety, hereby VACATED and replaced with this Order.

**IT IS HEREBY ORDERED** that, except as expressly set forth below, Movants are entitled to access, inspect, copy and receive copies of, during the Clerk's normal business hours, any and all of the Rule 2019 Filings, including the accompanying exhibits, filed with the Court in compliance with the Order Requiring Filing Of Statements Pursuant To Fed. R. Bankr. 2019, dated October 25, 2010 [Dkt. No. 631] and/or the Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, dated March 16, 2012 [Dkt. No. 2037] (collectively, the "Rule 2019 Order"), regardless of how such filings and exhibits are maintained;

**IT IS FURTHER ORDERED** that the Movants did not seek, and are accordingly not entitled to access, inspect, copy, or receive any forms of agreement or instruments whereby the filing law firms were empowered to act on behalf of their clients, including any exemplars thereof, that were submitted as part of the Rule 2019 Filings pursuant to paragraph 1 of the Rule 2019 Order (the "2019 Retention Agreements") and, in the event any such 2019 Retention Agreement(s) are inadvertently provided to the Movants, the Movants shall not review any such

2019 Retention Agreement(s), shall promptly destroy any such 2019 Retention Agreement(s), and shall not provide any of them to any person or entity, or use any of them for any purpose whatsoever;

**IT IS FURTHER ORDERED** that the Movants are entitled to copy the last four (4) digits only of any social security number contained in the Rule 2019 Filings, and to the extent that the Movants receive any portion of any social security number other than the last four (4) digits, the Movants shall not review such additional digits, shall promptly redact such additional digits, and shall not provide them to any person or entity or use them for any purpose whatsoever;

**IT IS FURTHER ORDERED** that counsel for Garlock Sealing Technologies, LLC (the "Debtor") is authorized to make and deliver to Movants' counsel electronic copies of any Rule 2019 Filings in Debtor's possession (excluding the first five digits of social security numbers, if any, contained in such exhibits and excluding any 2019 Retention Agreements), provided that Movants reimburse the estate for any reasonable fees and expenses incurred in making and delivering such copies;

**IT IS FURTHER ORDERED** that Movants shall be free to use, transfer, or publish the Rule 2019 Filings without restriction, notwithstanding any prior order of this Court, provided that: (1) the redactions ordered herein have been made and (2) such use, transfer, or publication is otherwise in accordance with applicable law, rules, and regulations;

**IT IS FURTHER ORDERED** that this Order does not constitute a determination regarding either the relevance or admissibility of the Rule 2019 Filings or the information therein in any judicial or other proceeding, or the standing of any person including, without limitation, the Movants, the Debtor, or the Committee, to object on these grounds in any such proceeding,

4

and all parties' (and non-parties') rights, claims, defenses, and arguments with respect to such issues are preserved; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to interpret, apply, and enforce this Order to the full extent permitted by law.

*This Order has been signed electronically.*           United States Bankruptcy Court
*The judge's signature and court's seal appear*
*at the top of the Order.*

62252390_1

5