# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACANDS, INC.,<br><br>            Debtor. | Case No. 02-12687 (KG)<br><br>Chapter 11<br><br>**Re: Docket Nos. 3776 and 3780** |
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>            Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 10839 and 10843** |
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>            Debtor. | Case No. 03-10495 (KG)<br><br>Chapter 11<br><br>**Re: Docket Nos. 3527 and 3531** |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>            Debtors. | Case No. 04-11300 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 9360 and 9364** |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>            Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket Nos. 10376 and 10380** |

| | |
|---|---|
| In re: | Case No. 00-03837 (KG) |
| OWENS CORNING, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 21133 and 21137** |
| In re: | Case No. 01-02471 (KG) |
| UNITED STATES MINERAL PRODUCTS COMPANY, | Chapter 11 |
| Debtor. | **Re: Docket Nos. 4119 and 4123** |
| In re: | Case No. 01-02094 (KG) |
| USG CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 12737 and 12742** |
| In re: | Case No. 01-01139 (KG) |
| W.R. GRACE & CO., *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 32752 and 32756** |

**SUPPLEMENTAL OBJECTION OF HONEYWELL INTERNATIONAL INC. TO MOTION OF THE NORTH AMERICAN REFRACTORIES COMPANY ASBESTOS PERSONAL INJURY SETTLEMENT TRUST ADVISORY COMMITTEE TO APPOINT JUDGE FITZGERALD AS A RULE 2019 EXPERT AND REFEREE**

Honeywell International Inc. ("<u>Honeywell</u>"), by and through its undersigned counsel, hereby submits this supplemental objection[1] to the *Emergency Motion of the North American*

---

[1] This supplemental objection is submitted in response to the Court's request during the telephonic scheduling conference held in the above-captioned cases on August 23, 2016 (the "<u>Scheduling Conference</u>"). The Court set September 13, 2016 as the deadline for filing this supplemental objection. The NARCO TAC granted Honeywell an extension of time to file supplemental objections to and through September 20, 2016.

*Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee to (1) Consolidate and Continue Hearings and (2) Appoint Rule 2019 Expert and Referee* (the "Request"),[2] and respectfully states as follows:

1.	The NARCO TAC asks this Court to appoint Judge Fitzgerald as a "Rule 2019 Expert and Referee" in connection with the Access Motions (a "Referee").  During the Scheduling Conference on August 23, 2016, the NARCO TAC clarified that its Request contemplates Judge Fitzgerald serving "as a court-appointed expert for report and recommendation."  Exhibit A, Scheduling Conference Tr. 25:11-12.

2.	Notably, the NARCO TAC also stated that "if Judge Fitzgerald *for whatever reason* is unable or unwilling to accept the appointment we would withdraw the [Request]."  Exhibit A, Scheduling Conference Tr. 25:6-8 (emphasis added).  In other words, the NARCO TAC is judge shopping.  It wants Judge Fitzgerald – and only Judge Fitzgerald – to make recommendations to the Court regarding the Access Motions.

3.	On August 24, 2016, the Court requested that Judge Fitzgerald state her opinion as to whether she would be conflicted in serving as a Referee.[3]  Judge Fitzgerald responded on September 7, 2016.[4]

---

[2] Case No. 02-12687, Docket No. 3776; Case No. 00-4471, Docket No. 10839; Case No. 03-10495, Docket No. 3527; Case No. 04-11300, Docket No. 9360; Case No. 02-10429, Docket No. 10376; Case No. 00-3837, Docket No. 21133; Case No. 01-2471, Docket No. 4119; Case No. 01-2094, Docket No. 12737; Case No. 01-1139, Docket No. 32752.

[3] Case No. 02-12687, Docket No. 3791; Case No. 00-4471, Docket No. 10856; Case No. 03-10495, Docket No. 3544; Case No. 04-11300, Docket No. 9376; Case No. 02-10429, Docket No. 10393; Case No. 00-3837, Docket No. 21149; Case No. 01-2471, Docket No. 4134; Case No. 01-2094, Docket No. 12754; Case No. 01-1139, Docket No. 32770.

[4] Case No. 02-12687, Docket No. 3796; Case No. 00-4471, Docket No. 10861; Case No. 03-10495, Docket No. 3549; Case No. 04-11300, Docket No. 9382; Case No. 02-10429, Docket No. 10398; Case No. 00-3837, Docket No. 21155; Case No. 01-2471, Docket No. 4139; Case No. 01-2094, Docket No. 12759; Case No. 01-1139, Docket No. 32780.

4. In her response, Judge Fitzgerald wrote, "[d]espite my view that there is no conflict, *I have concerns* relating to the NARCO mediation." (Emphasis added.) Specifically she said, "[i]f any party to the NARCO mediation is *not comfortable* with my serving as a referee for the Court, *I believe it would be very difficult for me to help the parties achieve a resolution*." (Emphasis added).

5. Insofar as Honeywell has objected, and is obviously uncomfortable with Judge Fitzgerald serving as the Referee here, Honeywell requested that the NARCO TAC withdraw the Request in light of Judge Fitzgerald's above-quoted statement that she did have "concerns" and that it would be "difficult" for her to "achieve a resolution." But, having apparently determined that Judge Fitzgerald would be favorable to the NARCO TAC, the NARCO TAC declined to withdraw its Request.

6. As is perfectly obvious by now to the Court, Honeywell is <u>deeply uncomfortable</u> with Judge Fitzgerald serving as a Referee for a number of reasons.

7. First, Honeywell already had informal conversations with Judge Fitzgerald and her colleagues *regarding* the Access Motions. These conversations involved issues *directly* implicated by the NARCO TAC's objections to the Access Motions, including the *merits* of the Access Motions.[5] Upon information and belief, the NARCO TAC has had similar informal discussions with Judge Fitzgerald on these issues.

8. There was nothing wrong with these *ex parte* communications. The terms applicable to the NARCO mediation specifically allow for *ex parte* communications with Judge Fitzgerald as to issues that touch the NARCO Trust, and indeed such communications are encouraged and have facilitated resolution of several issues.

---

[5] To be clear, these communications went beyond the issue of whether Judge Fitzgerald would be conflicted in serving as a Referee.

- 4 -

9.      That said, insofar as the NARCO mediation parties have had such *ex parte* conversations, Honeywell is uncomfortable with Judge Fitzgerald being tasked with making *recommendations* to this Court regarding the very issues already discussed with her, particularly in a proceeding that would involve 15 other parties who were <u>not</u> party to the NARCO mediation or the *ex parte* communications and from whom those communications must remain confidential (per the parties' mediation agreement).

10.     Second, insofar as the seven-month mediation with Judge Fitzgerald is subject to a confidentiality agreement, a significant amount of confidential information has already been exchanged between the NARCO mediation parties and Judge Fitzgerald.  It would be a practical impossibility for Judge Fitzgerald not to consider or to somehow compartmentalize this confidential information that she was given while wearing her NARCO mediation "hat" in forming conclusions and providing recommendations to this Court under a "Referee" hat.  This is especially true in light of the overlapping issues and the *ex parte* communications that have occurred between the NARCO mediation parties and Judge Fitzgerald relating to the Access Motions.  Moreover, Honeywell would be deprived of the right to oppose the arguments and points made by the NARCO TAC to Judge Fitzgerald in those *ex parte* discussions.

11.     Third, appointing Judge Fitzgerald as a Referee in this matter would discourage the open and candid discussions that the NARCO mediation parties have had to date with Judge Fitzgerald.  The nature of these discussions has been invaluable to the progression of the mediation process.  Introducing 15 additional parties into a separate process that has overlapping issues with the NARCO mediation would no doubt have a chilling effect on these discussions.

12.     For the reasons set forth in Honeywell's initial objection to the Request and this supplemental objection, the statements made by the parties and the Court during the Scheduling

Conference, and Judge Fitzgerald's response to the Court, Honeywell respectfully requests that the Court deny the Request and proceed to adjudication of the Access Motions.

Dated: September 20, 2016
      Wilmington, Delaware

POLSINELLI PC

*/s/ Justin Edelson*
Justin Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(admitted pro hac vice)*
John J. Calandra *(admitted pro hac vice)*
Darren Azman *(admitted pro hac vice)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International Inc.*