**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ACANDS, INC., <br><br>       Debtor. | Case No. 02-12687 (KG) <br><br> Chapter 11 |
| In re: <br><br> ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, <br><br>       Debtors. | Case No. 00–04471 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |
| In re: <br><br> COMBUSTION ENGINEERING, INC., <br><br>       Debtor. | Case No. 03-10495 (KG) <br><br> Chapter 11 |
| In re: <br><br> THE FLINTKOTE COMPANY, *et al.*, <br><br>       Debtors. | Case No. 04–11300 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |
| In re: <br><br> KAISER ALUMINUM CORPORATION, *et al.*, <br><br>       Debtors. | Case No. 02–10429 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |

17799809v.1

| | |
|---|---|
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>            Debtors. | Case No. 00–03837 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>UNITED STATES MINERAL PRODUCTS COMPANY,<br><br>            Debtor. | Case No. 01–02471 (KG)<br><br>Chapter 11 |
| In re:<br><br>USG CORPORATION, *et al.*,<br><br>            Debtors. | Case No. 01–02094 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>            Debtors. | Case No. 01–01139 (KG)<br><br>Chapter 11<br><br>Jointly Administered |


**OBJECTION AND JOINDER OF FORD MOTOR COMPANY TO HONEYWELL INTERNATIONAL INC.'S OBJECTION TO THE MOTION OF THE NARCO TAC TO APPOINT RULE 2019 EXPERT AND REFEREE**

Ford Motor Company ("Ford"), by and through its undersigned counsel, hereby files this Joinder to *Honeywell International Inc.'s* ("Honeywell") Objection (as supplemented contemporaneously herewith),[1] and its own Objection to the Motion of the Trust Advisory Committee of the North American Refractories Company Asbestos Personal Injury Trust ("NARCO TAC") to appoint former bankruptcy judge, Judith K. Fitzgerald, to serve as a "Rule 2019 expert and confidential mediator" (the "Request"),[2] in regard to Honeywell and Ford's Motions for Public Access, which were filed in the above-named bankruptcies (the "Motions for Public Access").[3] The Motions for Public Access seek disclosure of the statements and exhibits submitted in these cases pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019 Exhibits"), and assert their rights, as members of the public, to these public records. In support of its Objection, Ford respectfully states as follows:

1. The Request asks this Court to refer these motions to former Judge, Judith K. Fitzgerald, "as a Rule 2019 expert and referee to assist this Court in resolving the Motions" for Public Access to the Rule 2019 Exhibits, an *ad hoc* and *pro hac vice* mediator/magistrate judge of sorts. *See* Aug. 23, 2016 Tr. at 25:11–12 (suggesting that former-Judge Fitzgerald be appointed to prepare a "report and recommendation"). As a threshold matter, the Request raises concerns under 28 U.S.C. § 377(m)(2), prohibiting recall of former bankruptcy judges who have returned to private practice.

---

[1] Case No. 04-11300-KG, Dkt. No. 9364 (Aug. 5, 2016). All Docket Numbers references herein are to this case unless otherwise noted.
[2] Dkt. Nos. 9360 (Aug. 4, 2016), 9362 (Aug. 4, 2016). This filing is in response to Court's request for supplemental briefing, made at the August 23, 2016 conference. The NARCO TAC granted Ford an extension of seven days, to September 20, in which to make this filing.
[3] Dkt. Nos. 9338 (June 30, 2016), 9939 (July 6, 2016).

1

2.      In any event, on September 8, Judge Fitzgerald, by letter, expressed her "concerns relating to the NARCO mediation" and to her service as a mediator of the Motions for Public Access, noting that "[i]f any party to the NARCO mediation is not comfortable with my serving as a referee for the Court" in this matter, "it would be very difficult for me to help the parties achieve a resolution."  Ltr. of J. Fitzgerald to J. Gross, Dkt. No. 9382.

3.      As a member of the public asserting its presumptive rights of access to judicial records, Ford objects to being involuntarily shuttled into a mediation before a mediator who is currently assisting Honeywell and the NARCO TAC on matters in which Ford has no legal interest.  On information and belief, parties to the mediation before Judge Fitzgerald have confided in her, in her capacity as mediator, information that may influence a reasonable person's views of the parties and the dispute, including numerous *ex parte* communications, over an extended period of time.

4.      Nor are the First Amendment, the common law right of access to judicial records, the Bankruptcy Code, or the Bankruptcy Rules fit subjects for expert assistance, being well within this Court's expertise.[4]  This analysis is not a particularly subtle one, as Congress's adoption of Section 107 of the Bankruptcy Code,[5] "displaced the common law right of access"—with its numerous exceptions, balancing test, and broad judicial discretion—in favor of a statutory right of access, with a few exceptions and no discretion.[6]

5.      Similarly, the 2019 Orders require no Delphic wisdom or augury, but may be interpreted by judges other than former-Judge Fitzgerald, like any other legal order or authority.

---

[4] *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone" to find the governing law.).
[5] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §§ 233, 234, 119 Stat. 23, 74–75 (Apr. 20, 2005).
[6] *In re Roman Catholic Archbishop of Port. in Ore.* (*Father M. v. Various Tort Claimants*), 661 F.3d 417, 431 (9th Cir. 2011); *see In re Neal* (*Neal v. The Kansas City Star*), 461 F.3d 1048, 1053 (8th Cir. 2006) (same); *In re Gitto Global Corp.*(*Gitto v. Worcester Tel. & Gazzette Corp.*), 422 F.3d 1, 9–10 (1st Cir. 2005) (same).

Consultation with Judge Fitzgerald on what she *meant* or how she *intended* the words to apply would be improper,[7] and contrary to the principle that courts speak only through their orders, one that is "[b]asic to the operation of the judicial system . . . ."[8] Even a contemporaneous statement from the bench and written opinion will not be permitted to modify the terms of the written order.[9] Nor is Judge Fitzgerald's presumed knowledge of the facts and circumstances prevailing when the 2019 Orders were entered of value in deciding this motion; "[e]ven if the initial sealing was justified, when there is a subsequent motion to remove such a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail."[10] Thus, there is no reason to set former Judge Fitzgerald up as a quasi-federal agency with primary jurisdiction over her prior orders, as NARCO TAC requests, particularly given that her decisions on public access rights have been in error. (Dkt. No. 9382 (Sept. 8, 2016) at 2).

6. Moreover, given the clarity of the applicable law and pertinent facts,[11] and the intransigence of those opposing public access, Ford holds out no hope for compromise on these Motions. Thus, the appointment of a mediator would be a waste of resources and accomplish only delay in vindicating the public's rights, thereby exacerbating already irreparable harm.[12]

---

[7] *See In re El Paso Refinery, L.P.*, 220 B.R. 37, 47 (Bankr. W.D. Tex. 1998) ("It is of course, the task of any judge to interpret the prior orders of another judge, a task which is viewed primarily as a question of law. This court has not conferred with Judge Monroe[, the other judge,] regarding his intentions, and such a consultation would, in this court's view, be entirely inappropriate . . . .").

[8] *In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 694 (B.A.P. 6th Cir. 2005) (quoting *Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C.*, 741 F.2d 41, 44 (4th Cir. 1984)).

[9] *See Murdaugh Volkswagen*, 741 F.2d at 44; *accord Friedland v. Zickefoose*, 538 F. App'x 122, 124 n.4 (3d Cir. 2013).

[10] *Miller v. Indiana Hosp.*, 16 F.3d 549, 551–52 (3d Cir. 1994).

[11] *In re Mots. for Access of Garlock Sealing Techns. LLC*, 488 B.R. 281 (D. Del. 2013).

[12] *See Doe v. Pub. Citizen*, 749 F.3d 246, 272–73 (4th Cir. 2014) ("[T]he public and press generally have a contemporaneous right of access to court documents and proceedings . . . ."); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224 (6th Cir. 1996) ("'[E]ach passing day may constitute a separate and cognizable infringement of the First Amendment'" (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers))).

7.  Nor should the rights of public access to judicial records be adjudicated in secret, as the NARCO TAC suggests.[13] These rights, rooted in the principle of open judicial proceedings,[14] create a presumption in favor of public access to judicial proceedings and documents,[15] and extend, in this Circuit, to all "pretrial motions of a nondiscovery nature."[16] Given the public's rights, blanket sealing of this civil proceeding adjudicating the public's right of access is improper absent a compelling showing, supported by findings.[17] That this secrecy would be effectuated by shuttling the parties into a court-ordered, unconsented to, alternative dispute mechanism makes no difference.[18] Here no overriding interest has been asserted that can be protected only by this mode of proceeding, and no showing has been made.

8.  Nor should this Court extend the restrictions imposed (with Garlock's consent) upon the use of the Rule 2019 Exhibits in *In re Motions for Access*, 488 B.R. at 302, and implemented initially by then-Judge Fitzgerald.[19] Such restrictions run counter to the First Amendment's prohibition on prior restraints.[20] "[T]he entry of a prior restraint on publication [is] one of the most extraordinary remedies known to our jurisprudence" and constitute "the most serious and the least tolerable infringement on First Amendment rights."[21] Accordingly, a party may be ordered not to "publish[] lawfully obtained, truthful information about a matter of public

---

[13] *See Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986) (rejecting the suggestion that "[i]n the name of encouraging settlement," the Third Circuit would "countenance what are essentially secret judicial proceedings," including with "motions filed and orders entered that were kept secret, direct contravention of the open access to judicial records that the common law protects.").
[14] *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).
[15] *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).
[16] *Leucadia, Inc. v. Applied Extrusion Techns., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).
[17] *See Publicker Industries*, 733 F.2d at 1071.
[18] *See, e.g., Delaware Coalition for Open Gov't, Inc. v. Strine*, 733 F.3d 510 (3d Cir. 2013) (holding that the First Amendment's right of access required that arbitrations operated under the Court's auspices be open to the public).
[19] *See* (Dkt. No. 9346 at ¶¶ 5, 16 & n.15, ¶¶ 16–21, 56–60).
[20] *See Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653, 2665 (2011) ("An individual's right to speak is implicated when information he or she possesses is subjected to 'restraints on the way in which the information might be used' or disseminated." (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984)); *Alexander v. United States*, 509 U.S. 544, 550, 553 n.2 (1993) ("Temporary restraining orders" or, as here, "permanent injunctions," being "court orders that actually forbid speech activities," "are classic examples of prior restraints").
[21] *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976).

17799809v.1

significance" and contained in a public record "'only when narrowly tailored to a state interest of the highest order.'"[22] As the Third Circuit has recognized, "[t]he applicability and importance of these interests" in speech "are not lessened because they are asserted by a private party to advance its own interests in pursuing its lawsuits," and not by the institutional press,[23] nor resolved for others and all time by the entry of an initial order.[24]

## CONCLUSION

For the reasons set forth above and in Honeywell's Objection, which Ford hereby joins, this Court should: 1) deny the request to remove the question of public access to these judicial records from the ordinary judicial processes and public scrutiny; 2) review de novo the propriety of public access and the terms on which the Rule 2019 Exhibits are available to the public; 3) grant Ford access to the same, free of restrictions not shown to be justified under the First Amendment and other applicable law, and 4) such other relief the Court deems just and proper.

Dated: September 20, 2016
       Wilmington, Delaware

FORD MOTOR COMPANY

Respectfully submitted by:

*/s/ Christian J. Singewald*
Christian J. Singewald (DE 3542)
James S. Yoder (DE 2643)
WHITE AND WILLIAMS LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899–0709
Telephone: 302.467.4510
Facsimile: 302.467.4547
Email: singewald@whiteandwilliams.com

---

[22] *Ostergren v. Cuccinelli*, 615 F.3d 263, 276 (4th Cir. 2010) (quoting and applying *Florida Star v. B.J.F.*, 491 U.S. 524, 533 (1989)); *see also United States v. Smith*, 123 F.3d 140, 155 & n.17 (3d Cir. 1997) (noting that the Court could not bar either members of the public or parties to a proceeding from disseminating sealed materials, once received. "Under prior restraint law, orders prohibiting the . . . publishing [of] information already in [one's] possession are strongly disfavored.").
[23] *Bank of America*, 800 F.2d at 345.
[24] *See Miller*, 16 F.3d at 551–52.

5

17799809v.1

K. Elizabeth Sieg (Admitted *Pro Hac Vice*)  
McGUIREWOODS LLP  
Gateway Plaza  
800 East Canal Street  
Richmond, Virginia 23219  
Telephone: (804) 775-1000  
Facsimile: (804) 698-2255  
Email: bsieg@mcguirewoods.com  

*Counsel to Ford Motor Company*