# EXHIBIT B

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Lisa G. Esaylan
To Call Writer Directly:
312 861-2226
lesaylan@kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 660-0663

December 13, 2006

**VIA FIRST-CLASS MAIL AND E:MAIL**

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924

Re:    *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

In response to your request during our December 7, 2006 conference call, I am enclosing W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production.  I am also sending our responses and objections to you via e-mail.  Please do not hesitate to contact me if you have any questions.

Sincerely,

Lisa D. Esayian

Lisa G. Esayian

LGE
Enclosures

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

*12/13/06*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

RECEIVED
DEC 18 2006
SPEIGHTS & RUNYAN

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | **Chapter 11** |
| | ) | |
| Debtors. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| | ) | Related Docket Nos: 13588, 13651 |

### W. R. GRACE & CO.'S RESPONSES AND OBJECTIONS TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 AMENDED REQUESTS FOR PRODUCTION

### PRELIMINARY STATEMENT

1.    As W.R. Grace & Co. ("Grace") has repeatedly argued in pleadings and at hearings in this case, because of the record in these bankruptcy proceedings and the rulings of this Court, Anderson Memorial *cannot* meet Rule 23's requirements, for at least the following reasons:

(a)    This Court has ruled that the Debtors' notice program was appropriate, and, thus, the identities of all claimants who lodged property damage claims with this Court are known; and

(b)    Through motion practice, there are now only 637 PD claimants before this Court, and only three South Carolina claimants, and thus Rule 23's numerosity and superiority requirements cannot be satisfied.

2.    Nonetheless, Speights & Runyan, on behalf of Anderson Memorial, continues to seek costly, overbroad, irrelevant discovery that would have no bearing on class certification issues even if class certification was still a plausible outcome in this case.

3.    Given the current posture of this case, Anderson Memorial's pending discovery requests are even more inappropriate than the discovery served by its counsel in December 2005. Nonetheless, in an effort resolve these discovery issues once and for all, Grace herein provides detailed responses and objections to each of the pending document requests.

### FACTUAL BACKGROUND REGARDING ANDERSON'S DISCOVERY REQUESTS

1.    On October 21, 2005, based on alleged inadequacies in Grace's Court-approved notice and bar date program, Speights & Runyan filed a motion on behalf of Anderson Memorial Hospital seeking certification of a *worldwide* class of property damage claimants. (Dkt. No.

10014) Then, on December 13, 2005, Speights served on Grace multiple requests for documents and deposition testimony ostensibly related to the motion for class certification. Grace promptly moved for a protective order. (Dkt. No. 11365) Those discovery requests and motion for protective order remained unresolved while the parties pursued negotiations regarding a consensual plan of reorganization.

2.    Then, at the September 2006 omnibus hearing, Speights indicated his desire to pursue this discovery. The Court turned to Grace's motion for a protective order at the October 23, 2006 omnibus hearing. Calling Speights' discovery requests a "fishing expedition," the Court ordered Speights to "narrow the scope." (10/23/2006 Hrg. Tr. at 76-78) The Court also ordered Speights to connect the discovery requests to the legal requirements for class certification. (*Id.* at 23 ("I think his point is that you need to show me how it's relevant to a specific element of Rule 23, and I agree with that."); *see also id.* at 80))

3.    The next week, on October 30, 2006, Speights served Amended Requests for Production to the Debtors ("Amended Requests for Production") on Grace. However, contrary to the Court's instructions, Speights failed to narrow the requests for production and tie them to specific Rule 23 requirements for class certification. Of course, this would be impossible to do, given that no class can be certified in this case in light of Grace's extensive notice program and the discrete number of still-remaining property damage claimants.

4.    Therefore, Grace again sought a protective order. (Dkt. No. 13588) In its November 6, 2006 motion, Grace pointed out that, "given the extent to which Anderson class certification issues have been substantially narrowed," the requests "seek information that has no bearing on the decision that this Court must make regarding whether to certify an Anderson class." (*Id.* at 1) Grace objected to the requests as irrelevant, extremely burdensome and overbroad, purporting to impose obligations that exceed the permissible scope of discovery under the Federal Rules of Civil Procedure and calling for privileged information. (*Id.* at 4-5) Speights filed a response on November 13, 2006. (Dkt. 13651) On November 20, 2006, the Court indicated that it would review the parties' submissions on Grace's motion for a protective order and either rule or schedule further argument. (11/20/2006 Hrg. Tr. at 106)

5.    Per Speights' request, on December 7, 2006 the parties held a meet and confer conference call to discuss the Amended Requests for Production. To narrow the discovery dispute and facilitate a prompt resolution of Anderson Memorial's motion for class certification, and as Grace had indicated at the November 20 omnibus hearing, Grace agreed to withdraw its challenges in these bankruptcy proceedings to Speights & Runyan's adequacy as class counsel and Anderson Memorial's adequacy as a putative class representative. Likewise, to resolve these issues once and for all, Grace also agreed to comply with Speights' request that it provide responses and objections to the Amended Requests for Production. (Speights also served deposition notices but, at his request, at this time Grace is responding only to the requests for production.)

## FACTUAL AND LEGAL BASES FOR GRACE'S RESPONSES AND OBJECTIONS

1.     Through Anderson Memorial's discovery requests, Speights has managed to delay the class certification hearing—and the inevitable denial of class certification—for more than a year. Enough is enough. Anderson Memorial's motion for class certification is ripe to be heard.

2.     This Court has repeatedly rejected the central premise of the motion for class certification—and Anderson Memorial's *only* argument in support of Rule 23's superiority requirement—by finding clearly and unequivocally that Grace's notice program was appropriate, and resolved long ago. (10/23/2006 Hrg. Tr. at 67; 8/21/2006 Hrg. Tr. at 274 ("I mean, I can't reopen issues that have been adjudicated for three years after a notice program and millions of dollars have gone out.")) Because this Court has repeatedly recognized that Grace's notice program was thorough, the "universe of claims" is limited to the claims already before this Court. (10/23/2006 Hrg. Tr. at 67 ("So the universe of claims is going to be the proofs of claim filed in the Court."); *see also* 11/20/2006 Hrg. Tr. at 89 ("At this point in time we've had a proof of claim bar date. So, I don't think the class can be expanded beyond the proofs of claim that have been filed, and those are the problems I'm facing, Mr. Speights.")))

3.     The number of Speights claims in this bankruptcy has plummeted, as a result of the claims objections process, from roughly 3,000 to only 166 U.S. claims and 97 Canadian claims. Only *three* South Carolina claims remain, and they are all related to Anderson Memorial Hospital.[1]  Thus, Speights simply cannot satisfy Rule 23's superiority and numerosity requirements. For these reasons, as the Court has stated on multiple occasions, there is no need for class certification given the record in this case. (*See, e.g.,* 1/26/2006 Hrg. Tr. at 75 ("And frankly, at this point there just aren't enough [property damage claims] that I can see that it requires a class. So that's where I'm coming from. I don't see how a class is going to advance the cause of the bankruptcy at this point in time."); 8/21/2006 Hrg. Tr. at 282 ("I don't see a need for class certification. The bar date is passed, and we're down to, I don't know, 600 and some claims and based on where we started that's a manageable number in this case."); 10/23/2006 Hrg. Tr. at 69 ("But if we're down to, seriously, 180 [Speights] claims, if in fact that's the case, I'm not sure where we're going, because I just can't see where the numerosity issue is going to be satisfied, even if all the other elements of Rule 23 are met."); 11/20/2006 Hrg. Tr. at 88 ("I just don't see how three claims is going to be too many to try.")))

4.     This record confirms that Anderson Memorial's Amended Requests for Production seek information that is not even remotely relevant to its pending motion for class certification. Most of Anderson Memorial's requests relate to a putative asbestos property damage class action that Speights filed fourteen years ago, in South Carolina, in which Anderson Memorial was the named plaintiff. The South Carolina suit has no bearing whatsoever on class certification here. The Court has reviewed the orders entered in South Carolina and has concluded that "[t]here is no final certification as to Grace, and the conditional one at this point in time is irrelevant because it was not finally certified," (8/21/2006 Hrg. Tr. at 281), and that

---

[1]     These three remaining South Carolina claims are: 9914 (Anderson Memorial Hospital, "Various Locations Statewide South Carolina"); 11008 (Anderson Memorial Hospital) and 9911 (Anderson Memorial Hospital, "Various Locations Worldwide").

the conditionally certified class was limited to claims for buildings located in South Carolina. (*Id.*) Discovery relating to the South Carolina case is also unnecessary because Speights has already obtained and provided to the Court the record from the South Carolina class certification proceedings. (11/20/2006 Hrg. Tr. at 47) ("It appears that what I got is a complete copy of the entire file in South Carolina.").

5.      Despite having numerous opportunities to articulate a connection between Anderson Memorial's document requests and the specific issues that this Court must resolve in order to decide its motion for class certification, Speights has not done so. That is because he cannot. The three South Carolina claims remaining in this bankruptcy are the only claims that matter for purposes of class certification. To the extent that the Amended Requests for Production seek factual information relating to putative class members in Anderson Memorial's South Carolina case, or other property damage claims that were never filed in this bankruptcy proceeding despite the notice program and bar date, that information is totally irrelevant to the pending motion for class certification. Discovery related to the *merits* either of property damage claims in the South Carolina case or in this bankruptcy is even further off-base and is barred by United States Supreme Court precedent. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

6.      Remarkably, Speights has indicated that certain of the Amended Requests for Production target Grace's internal evaluations of Anderson Memorial's South Carolina class action. (11/20/2006 Hrg. Tr. at 44) ("What is Grace saying within its own structure about whether we need to settle this case? What are the merits of this case? Does it meet the requirements? Can we concede this issues?") While Speights wants to find out "[w]hat Grace said about the certification issues behind the scenes" and use this information against Grace to support his motion for class certification (10/23/2006 Hrg. Tr. at 29), Speights' litigation tactic is patently improper. Not only are Grace's impressions regarding the South Carolina case irrelevant to class certification here, but they are also protected by the work product doctrine and the attorney-client privilege. (*Id.* at 90 ("I'm a little confused about what the relevance would be as to what Grace thought about the Court's order."); 96 ("I don't think you're entitled to attorney work product. I don't think you're entitled to privileged documents.")) Moreover, as Grace explained in its supplemental brief regarding Federal Rule of Evidence 408 (Dkt. No. 13630), statements made in the course of settlement negotiations are inadmissible and not discoverable. *See also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("Without a [settlement] privilege, parties would more often than not forego negotiations for the relative formality of a trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.").

7.      Despite the fact that *none* of Speights' document requests are relevant to class certification in light of the record in this case, two of his requests—Requests 5 and 6—in part seek factual information that may be relevant to Anderson Memorial's *individual* claim. Without conceding that any merits discovery is appropriate, as discussed further below in its specific responses to Requests 5 and 6, Grace will search for and produce, to the extent that it exists, non-privileged pre-bankruptcy factual documents responsive to these two requests.

## GENERAL OBJECTIONS

1.      Grace objects to the definitions and instructions contained in Anderson Memorial Hospital's Amended Requests for Production to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26 and 34 and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

2.      Grace objects to the Amended Requests for Production to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure.

3.      Grace incorporates by reference the above Introduction and objects to the Amended Requests for Production as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence relevant to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.

4.      Grace objects to the Amended Requests for Production because they are not tied to the requirements for class certification in accordance with the Court's October 23, 2006 directive to Daniel Speights of Speights & Runyan.

5.      Grace objects to the Amended Requests for Production as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that they call for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

6.      Grace objects to the Amended Requests for Production as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence to the extent that they call for information relating to statements that Grace or its representatives allegedly made during the course of settlement negotiations in Anderson Memorial's South Carolina class action or any other matter. *See* Fed. R. Evid. 408; *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).

7.      To the extent that any of the Amended Requests for Production call for information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to those requests as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence.  For purposes of Anderson Memorial's class certification motion in this bankruptcy proceeding, Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.

8.      To the extent any of the Amended Requests for Production call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory

privileges or otherwise immune from discovery (collectively, "Privileged Information"), Grace hereby claims such privilege or privileges. Accordingly, Grace objects to the production of privileged information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

9.     Grace objects to the Amended Requests for Production to the extent that they ask Grace to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Grace (including subsidiaries or affiliates) if disclosed to competitors. Grace will not produce such documents absent an appropriate protective order or confidentiality agreement.

10.     Grace's partial response to any request for production of documents is not a waiver of its objection or right to object to any additional, supplemental, or further requests for production of documents or part thereof, but is instead volunteered in an effort to resolve potential discovery disputes. Additionally, Grace's production of a document or documents in response to any of the requests for production is not a waiver of Grace's objection to the production of additional documents.

11.     Grace objects to the Amended Requests for Production to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Grace's possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Grace further objects to all Requests for Production on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Grace to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Grace's responses to these Requests for Production do not include or incorporate such information.

12.     Except where otherwise specified, Grace will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular request for production.

13.     Grace objects to producing documents already in Speights & Runyan's or Anderson Memorial Hospital's possession, custody, or control or that are publicly available.

14.     Neither the fact that Grace has responded to these Amended Requests for Production (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Amended Requests for Production (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceeding. Further, no response by Grace to any request for production (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

15.     Grace reserves the right to make future motions and objections relating to these Amended Requests for Production at any subsequent stage of this action, including, but not

limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Grace reserves the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Grace further reserves the right to object to the admissibility of any evidence based on the responses to these Amended Requests for Production.

16.    The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSES

1.    **All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.**

RESPONSE:  Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence related to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

2.    **All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.**

RESPONSE:  Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

3.    **All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.**

RESPONSE:  Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.  To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.  Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

4.    **All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.**

RESPONSE:  Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.  To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.  Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

5.    **All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.**

RESPONSE:  Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.  To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.  Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections and/or the General Objections above, Grace will

search for and produce, to the extent they exist, pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital and responsive to this request, but does not concede their relevance to class certification.

**6.    All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.**

RESPONSE:  Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.  Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.  Subject to and without waiving these objections and/or the General Objections above, Grace will search for and produce, to the extent they exist, pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital and responsive to this request, but does not concede their relevance to class certification.

**7.    All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.**

RESPONSE:  Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.  Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**8.    All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**9.    All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**10.    All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.**

RESPONSE:  Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**11.    All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.**

RESPONSE:  Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal

requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**12.    All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**13.    All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

14. **All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace objects to this request because documents related to settlement negotiations are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

15. **All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

16. **Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Respectfully Submitted:

Dated: December 13, 2006

*Lisa D. Esayian*

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Michael T. Dierkes

200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Counsel for the Debtors and Debtors in
Possession

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket Nos:  13588, 13651 |

## CERTIFICATE OF SERVICE

I, Lisa G. Esayian, hereby certify that on December 13, 2006, I caused a true and correct

copy of W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's

October 30, 2006 Amended Requests for Production to be served via first class mail and

electronic mail on Daniel A. Speights, Speights & Runyan, 200 Jackson Avenue, East, P.O. Box

685, Hampton, South Carolina  29924, dspeights@speightsrunyan.com.


Dated:  December 13, 2006

Lisa G. Esayian
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael T. Dierkes
To Call Writer Directly:
312 861-2353
mdierkes@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

January 17, 2007

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924

Re:    *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

        Grace is producing the enclosed documents (Bates G133283-133302) in response to requests 5 and 6 of Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production. In its December 13, 2006 Responses and Objections, Grace agreed, subject to certain objections, to search for and produce, to the extent they exist, pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital and responsive to these requests. As stated in its Responses and Objections, Grace does not concede the relevance of such documents to class certification. Grace is continuing to search for other documents that could be responsive to these requests. Please do not hesitate to contact me if you have any questions.

                Sincerely,

                *Michael R. Dierkes*

                Michael T. Dierkes

Enclosures

RECEIVED
JAN 19 2007
SPEIGHTS & RUNYAN

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

INVOICE

W. R. GRACE & CO

**GRACE**

**ZONOLITE**

CONSTRUCTION PRODUCTS DIVISION
62 WHITTEMORE AVE., CAMBRIDGE, MASS. 02140

139593

PLEASE REMIT
WITH COPY OF INVOICE
TO:
P.O. BOX 98160
CHICAGO, ILLINOIS 60690

9-28-72      16-057      2-039-045          916 611 114      10-206

PICK UP                    30306    KEAHEY                          10-57

SOLD TO:

FRANK ULMER LUMBER CO.
P. O. BOX 8476 STA. A
GREENVILLE, S. C. 29604

SMITH PLASTERING CO.
GREENVILLE, S. C.

FOR:    ANDERSON HOSPITAL JOB

| | | | | |
|---|---|---|---|---|
| 50 | 50 | BAGS ZONOLITE MK (41-06-01-1-19) | 2.40 | $ 120.00 |

ST# 23-00403

30086835

x      2.40

10-26-72

G133283

**GRACE**    CONSTRUCTION PRODUCTS DIVISION
62 WHITTEMORE AVE., CAMBRIDGE, MASS. 02140

P.O. BOX 96160
CHICAGO, ILLINOIS 60690

28-73    16-057    2-039-045    616 611 114    10-286

CK UP    30306    KEANEY    10-57

SOLD 9    FRANK ULMER LUMBER CO.
P. O. BOX 8476 STA. A
GREENVILLE, S. C. 29604

SHIP TO    SMITH PLASTERING CO.
GREENVILLE, S. C.

FOR:  ANDERSON HOSPITAL JOB

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | | |
|---|---|---|---|---|
| 50 | 50 | BAGS ZONOLITE MK (41-06-01-1-19) | 2.40 | $ 120.00 |

ST# 23-00403

X    $ 2.40    CASH DISCOUNT ALLOWED IF PAID BY 10-26-7

☐ NO CASH DISCOUNT - NET 30 DAYS

Use of the above goods shall be an acceptance of the conditions of sale on the reverse side hereof as the only conditions subject to the terms and conditions.

G133284

R. Grace & Co.
ittemore Avenue, Cambridge, Mass. 02140

**GRACE**

G/82

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693

D-U-N-S 04-827-2637

| OICE DATE | INVOICE NO. | LOCATION | ROUTE | ZONE | OUR ORDER NUMBER | EXT ORDER NO AND DATE |
|---|---|---|---|---|---|---|
| /82 | 16-842 | 2-039-045 | 516 611 114 | 16-3521 | 2585 |
| UP | | 19792 | KEARNEY | | | 3 |

OLD TO:  METRIC CONST. CO.
P.O. BOX 1567
ANDERSON, SC 29622

ANDERSON HOSPITAL

| QUANTITY | | | | | |
|---|---|---|---|---|---|
| 100 | BAGS MONO-KOTE 41-GS-04-1-11 | | 8.44 | $ 844.00 |
| | | | 49 S.T. | 25.00 |
| | | | | $ 695.50 |

| 25 19TH PROB. NET 30TH PROX. | 42.20 | 10/10/82 |

TO AVOID DELAY REFER ...

SALESMAN

G133285

truction Products Division
Grace & Co.
temore Avenue, Cambridge, Mass. 02140

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693

D-U-N-S 04-827-2637

| /82 | | | | | | |
|---|---|---|---|---|---|---|
| /82 | 16-627 | 2-039-045 | 616 611 114 | 16-3685 | 2582 | 3 |
| UP | | 19261 | KEARNEY | | | |

LD TO:    METRIC CONST. CO.
P. O. BOX 1567
ANDERSON, SC 29622

FORT ANDERSON MEMORIAL HOSPITAL
ANDERSON, SC

| | 100 | BAGS MONO-KOTE K1-09-04-1-19 | | 6.80 | $ 649.00 |
|---|---|---|---|---|---|
| 00 | | | 44 S.T. | | 25.89 |
| | | | | | $ 653.00 |

MS.
20 10TH PROX. NET 30TH APPROX.    12.57    5/10/82

TO AVOID DELAY, REFER ALL LETTERS REGARDING THIS SHIPMENT, OTHER THAN PAYMENT, TO THE SALES BRANCH SERVING YOU
Use of the above goods shall be acceptance of the conditions of sale on the reverse side of this invoice.
SALESMAN

G133286



G133287

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
D·U·N·S 04-827-2637

Grace & Co.
tremore Avenue, Cambridge, Mass. 02140.

MATRIC CONSTRUCTION CO.
P.O. BOX 2301
ANDERSON, SC 29622

ANDERSON HOSPITAL

| | 100 | BAGS MONO-KOTE 41-GB-59-7-13 | | | 5.50 | 5,687.80 |

G133288



G133289

Grace & Co.
more Avenue, Cambridge, Mass. 02140

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
D-U-N-S 04-827-2637

Construction Products Division
W. Grace & Co.
Whittemore Avenue, Cambridge, Mass. 02140

**GRACE**

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
D-U-N-S 04-827-26

SOLD TO: METRIC CONTRACTOR CO.
P.O. BOX 1383
THE ANDERSON, SC 29622

ANDERSON HOSPITAL

G133291

W.R. Grace & Co.
Whitemore Avenue, Cambridge, Mass. 02140

GRACE

WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
D-U-N-S 04-827-2637

SOLD TO:

G133292

GRACE

G133293

Grace & Co.

ttemore Avenue, Cambridge, Mass. 02140

**GRACE**

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
D-U-N-S 04-827-2637

G133294

e & Co.
re Avenue, Cambridge, Mass. 02140

**GRACE**

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 80631
DUNS 04-827-2637

istruction Products Division
R. Grace & Co.
hittemore Avenue, Cambridge, Mass. 02140

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693

D-U-N-S 04-827-2637

15-2585

SOLD TO: [illegible] CONST., INC.
ANDERSON, SC

FOR: ANDERSON MEMORIAL HOSP.
ANDERSON, SC

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 100 | BAGS MONO-KOTE [illegible] | [illegible] | $ [illegible] |
| | | [illegible] S. T. | | [illegible] |
| | | | | $ [illegible] |
| | | LESS 2% DISCOUNT | | [illegible] |
| | | | | [illegible] |

CHECK [illegible] 305783 [illegible]
[illegible] BANKING & TRUST CO.
CHARLOTTE, NC

TO AVOID DELAY, REFER ... TO THE ... BRANCH SERVICING ...

SALESMAN

G133296



G133297



G133298

GRACE

G133299

R. Grace & Co.
nittemore Avenue, Cambridge, Mass. 02140

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693

D-U-N-S. 04-827-2637

G133300

struction Products Division
. Grace & Co.
iilternore Avenue, Cambridge, Mass. 02140

GRACE

PLEASE REMIT
WITH COPY OF INVOICE TO:
W.R. GRACE & CO.
P.O. BOX 96160
CHICAGO, ILLINOIS 60693
DUN-S 04-827-2637

OLD TO:

G133301



G133302

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael T. Dierkes
To Call Writer Directly:
312 861-2353
mdierkes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

June 13, 2007

**VIA FACSIMILE AND E-MAIL**

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

Re:   *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

Grace is producing the enclosed documents (Bates G90685 and G133303-G133334) and privilege log in further response to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production, as limited by the Court at the May 30, 2007 hearing.

Specifically, in response to request 11, Grace is producing a letter referring to an *Anderson Memorial* case status report that was forwarded to Grace's insurance carriers. The status report itself is protected by the attorney-client privilege and the work product doctrine, and is therefore identified on the enclosed privilege log.

In response to request 16, Grace is producing an index of its *Anderson Memorial* pleadings file and a one-page description of the boxes of *Anderson Memorial* files that were shipped from Boca Raton to Columbia in connection with Anderson's document requests. As you know, Grace previously produced three document indices to you at the Donald Cockrill and Molly Sprinkle depositions.

Please do not hesitate to contact me if you have any questions.

Sincerely,

*Michael T. Dierkes*

Michael T. Dierkes

Enclosures

Hong Kong      London      Los Angeles      Munich      New York      San Francisco      Washington, D.C.

## W.R. GRACE PRIVILEGE LOG

| Bates Range | Date | Author(s) | Recipient(s) | Description | Privilege(s) Claimed |
|---|---|---|---|---|---|
| G90686-90688 | August 21, 1996 | Ogletee, Deakins, Nash, Smoak & Stewart (Grace's outside counsel) | Grace Legal Department | Case Status Report written by Ogletree Deakins for *Anderson Memorial* lawsuit, summarizes recent case developments and discusses attorney's legal strategy re class certification. | Attorney-Client Privilege and Work Product Doctrine. |

CONFIDENTIAL

# GRACE

Jeffrey M. Posner, Assistant Vice President
Director of Corporate Risk Management

W. R. Grace & Co.
One Town Center Road
Boca Raton, FL 33486-1010

Tel: (407)362-1575
Fax: (407)362-1580

September 10, 1996

Via Airborne Express

Ms. Joan Considine
Marsh & McLennan, Inc.
1166 Avenue of the Americas
New York, NY 10036-2774

Re: Asbestos - Property Damage Status Reports

Dear Joan:

Please forward the enclosed status reports to all of Grace's carriers as outlined in Dennis Fichtel's March 14, 1994 letter to you.

| Name of Plaintiff | Grace Ref No. | M&M No. | Date of Report | Prepared By |
|---|---|---|---|---|
| Detroit Bd of Education | 84-00006 | 171 | 08/19/96 | Dickinson Wright |
| Central Wesleyan | 87-00030 | 18672 | 08/21/96 | Ogletree Deakins |
| Jefferson Parish | 88-00013 | 24665 | 09/00/96 | Stone Pigman |
| Gentilly Woods | 89-00012 | 28375 | 09/00/96 | Stone Pigman |
| Orleans Parish | 89-00019 | 24675 | 09/00/96 | Stone Pigman |
| Ohio Hospital | 90-04558 | 34789 | 08/07/96 | Hahn Loeser |
| Anderson Memorial | 93-00001 | 53070 | 08/21/96 | Ogletree Deakins |
| SCI-ROEV | 94-02748 | 59717 | 08/28/96 | Mayor Day |
| Kirbyville Ind. School | 94-04046 | 61059 | 08/28/96 | Mayor Day |
| State of N. Dakota | 94-03557 | n/a | 09/05/96 | Plunkett Schwartz |
| Richard Ieyoub | 94-05049 | 64012 | 09/00/96 | Stone Pigman |
| Lorain Community | 95-05075 | n/a | 08/07/96 | Hahn Loeser |
| Shel-Am Corp. | 95-08722 | 64549 | 08/01/96 | Reed Smith |

Please let me know if there are any questions.

Very truly yours,

Jeffrey M. Posner
(Dictated but not read)

Enclosures

G90685

## BOCA RATON FILES - ANDERSON MEMORIAL FILES

Box 1:

Correspondence 1-7

Box 2:

Correspondence 8-9
Amy Klein's Notes -2 Binders

Box 3:

2 Blue Folders -- RCF Files
F& I 1 & 3
Draft --1 & 2

G133303

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 1

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | Summons & Class Action Complaint | 12/23/92 |
| 2. | First Amended Class Action Complaint | 1/14/93 |
| 3. | Grace's Answer to First Amended Class Action Complaint | 1/27/93 |
| 4. | Plaintiff's Motion for Remand w/Memo in Support | 2/22/93 |
| 5. | Defendants' Response to Plaintiff's Motion to Remand | 3/9/93 |

G133304

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 2

| NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Reply Memo in Support of Remand | 3/26/93 |
| 2. | Grace's Response to Court Designated Local Rule 7.06 D.S.C. Interrogatories | 4/7/93 |
| 3. | Grace's Amended, Verified Response to Court Designated Local Rule 7.06, D.S.C. Interrogatories | 4/22/93 |
| 4. | Court Order Setting Forth Time Limits for Filing Motions and for Discovery | 4/22/93 |
| 5. | Court Notice Setting Forth Date for Hearing on Motion to Remand | 5/11/93 |
| 6. | Grace's First Set of Interrogatories and Requests to Produce | 5/12/93 |
| 7. | Grace's Memorandum in Opposition to Plaintiff's Motion for a Protective Order | 6/1/93 |
| 8. | Keene Corporation's Advice of Entry of Order of Federal District Court | 6/30/93 |
| 9. | Court Order Granting Plaintiff's to Remand this Action Back to the State Court from which it was removed | 7/6/93 |
| 10. | Memorandum in Support of Defendants' Motion to Transfer Venue to Anderson County, or in the Alternative, to Greenville County | 7/8/93 |
| 11. | Grace's Motion to Dismiss for Lack of Subject Matter Jurisdiction w/Memo in Support | 7/9/93 |
| 12. | Grace's Amended Answer to the First Amended Class Action Complaint | 7/12/93 |
| 13. | Plaintiff's First Set of Interrogatories to Defendants | 7/14/93 |

G133305

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 2

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 14. | Plaintiff's Second Set of Interrogatories | 7/27/93 |
| 15. | Defendant Dana Corp. Motion for a Protective Order w/Memo in Support | 8/4/93 |
| 16. | Plaintiff's Motion to Strike Certain Affirmative Defenses and/or for a More Definite Statement w/Memo in Support | 8/5/93 |
| 17. | Grace's Motion for a Protective Order w/Memo in Support | 8/16/93 |
| 18. | Grace's Motion for Admission of Allen Joslyn Pro Hac Vice | 8/19/93 |

G133306

06/14/2007 08:24 FAX 312 861 2200     KIRKLAND ELLIS LLP     ☑009

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 3

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | Proposed Stipulation, Agreement & Order Re: Plaintiff & Defendant Dana Corp. (unexecuted) | 8/31/93 |
| 2. | Plaintiff's Memorandum in Opposition to Defendants' Venue Motions | 9/2/93 |
| 3. | Grace's First Adequacy & Typicality Interrogatories & Request to Produce (unexecuted) | 9/93 |
| 3a. | Certificate of Service | 9/30/93 |
| 4. | Grace's Memo in Support of Motion to Amend their Answer, and in Opposition to Plaintiff's Motion to Strike | 9/30/93 |
| 4a. | Motion of Grace To Amend Their Answer | 9/30/93 |
| 5. | Grace's Answers to Plaintiff's First Set of Interrogatories | 9/30/93 |
| 6. | Reply of US Gypsum to Memo of Plaintiff in Opposition to Motion to Transfer Venue | 9/30/93 |
| 7. | Grace's Responses to Plaintiff's First Request to Produce | 10/1/93 |
| 8. | Dana Corp. Memo in Further Support of Motion for Protective Order | 10/1/93 |
| 9. | Grace's Motion & Memo in Support of for Extension of Number of Interrogatories | 12/30/93 |
| 10. | Plaintiff's Notice of Deposition to Grace | 1/11/94 |
| 11. | Plaintiff's Third Set of Interrogatories to Grace | 1/11/94 |
| 12. | Plaintiff's Second Request to Produce to Grace | 1/11/94 |
| 13. | Plaintiff's Amended Notice of Deposition to Grace | 1/14/94 |

G133307

06/14/2007 08:24 FAX 312 861 2200          KIRKLAND ELLIS LLP                      ☑010

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 3

| NO. | DOCUMENT | DATE |
|---|---|---|
| 14. | Grace's Amended Answers to Plaintiff's First Set of Interrogatories | 1/26/94 |
| 15. | Grace's Amended Responses to Plaintiff's First Request to Produce | 1/26/94 |
| 16. | Grace's Motion for Protective Order with Memo of Law in Support | 2/9/94 |
| 17. | Grace's Motion for Entry of a Case Management Order & Stay | 2/15/94 |
| 18. | Grace's Memo in Support of Motion for a Case Management Order & Stay | 2/15/94 |
| 19. | Grace's Response and Objections to Plaintiff's Third Set of Interrogatories and Second Request to Produce | 2/15/94 |
| 20. | Grace's Response and Objections to Plaintiff's Fourth Set of Interrogatories | 2/28/94 |

G133308

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 4

| NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Motion w/Memo in Support for Sanctions Against Grace Re: Failure to Produce Witness for Deposition | 3/9/94 |
| 2. | Grace's Objection's to Plaintiff's Fifth Set of Interrogatories, Third Request to Produce and First Requests for Admissions | 3/10/94 |
| 3. | Plaintiff's Motion to Compel and for Sanctions Re: Plaintiff's First Set of Interrogatories | 3/16/94 |
| 4. | Grace's Supplemental Memorandum in Support of its Motion to Dismiss and Defendants' Motion to Change Venue | 3/16/94 |
| 5. | Plaintiff's Sixth Set of Interrogatories to Grace & Co. | 3/18/94 |
| 6. | Plaintiff's Sixth Set of Interrogatories to Grace-Connecticut | 3/18/94 |
| 7. | Plaintiff's Seventh Set of Interrogatories to Grace & Co. | 3/18/94 |
| 8. | Plaintiff's Seventh Set of Interrogatories to Grace-Connecticut | 3/18/94 |
| 9. | Plaintiff's Notice of Deposition to Grace | 3/24/94 |
| 10. | Grace's Memorandum of Law in support of Defendants' Motion to Strike Class Action Allegations as to Non-Residents whose causes of Action are Foreign to South Carolina | 3/31/94 |
| 11a. | Plaintiffs Response to the Defendants Memos Styled a Motion to Strike Class Allegations as to Non-Residents whose causes of Action are Foreign to S.C. | 4/2/94 |
| 11. | Grace's Second Amended Responses to Plaintiff's First Interrogatories | 4/1/94 |
| 12. | Grace's Preliminary Answers and Objections to Plaintiff's Sixth Set of Interrogatories | 4/94 |
| 13. | Grace & Co.- Conn.'s Answers to Plaintiff's Sixth Set of Interrogatories | 4/94 |

G133309

06/14/2007 08:24 FAX 312 861 2200      KIRKLAND ELLIS LLP                    图012



ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 5

| NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Motion for Sanctions and to Compel Against Grace Re: Plaintiff's Third Interrogatories | 4/5/94 |
| 2. | Grace's Response and Objections to Plaintiff's Fourth Request to Produce | 4/5/94 |
| 3. | Grace's Response and Objections to Plaintiff's Fifth Request to Produce | 4/5/94 |
| 4. | Grace's Proposed Order Re:  Discovery Requests - Order Unexecuted | Undated |
| 5. | Grace's Second Request for Admissions | 4/19/94 |
| 6. | Grace's Proposed Order Re:  Discovery Requests - Order Unexecuted | Undated |
| 7. | Grace's Memorandum in Opposition to Motion for Sanctions and to Compel | 4/23/94 |
| 8. | Grace's Responses and Objections to to Plaintiff's Seventh Set Of Interrogatories | 4/25/94 |
| 9. | Grace's Proposed Order Re:  Discovery Requests - Order Unexecuted | 4/25/94 |
| 10. | Grace's Amended Response to Plaintiff's Third Set of Interrogatories | 5/2/94 |
| 11. | Grace & Co. Conn's Preliminary Response with Objections to Plaintiff's Sixth  Set of Interrogatories | 5/3/94 |
| 12. | Transcript of Record | 5/3/94 |
| 13. | Grace's Preliminary Answers and Objections to Plaintiff's sixth set of Interrogatories | 5/3/94 |
| 14. | Grace's Certain Defendants Joint Class Action Interrogatories and Requests to Produce | 5/6/94 |

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 6

| NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | Grace's Second Amended and Supplemental Responses of Plaintiff's Third set of Interrogatories | 5/18/94 |
| 2. | Grace's Third Amended Response of Defendants to Plaintiff's First Interrogatories | 5/18/94 |
| 3. | Verification | 5/18/94 |
| 4. | Verification | 5/18/94 |
| 5. | Grace's Response of Defendents to Plantiff's Second Request to Produce | 5/23/94 |
| 6. | Grace's Response of Defendants to Plaintiff's First Requests for Admissions | 5/23/94 |
| 7. | Grace's Amended Response of Defendents to Plaintiff's Third Request to Produce | 6/1/94 |
| 8. | Grace's Third Amended and Supplemental Responses of Plaintiff's Third Set of Interrogatories | 6/1/94 |
| 9. | Grace's Amended Response of Defendants to Plaintiff's Fourth Request ot Produce | 6/1/94 |
| 10. | Grace's Amended Response of Defendants to Plaintiff's Third Request to Produce | 6/1/94 |
| 11. | Grace's Third Amended and Supplemental Responses to Plaintiff's Third set of Interrogatories | 6/1/94 |
| 12. | Plaintiff's Response to the Defendants Motion Styled a Motion to Strike Class Allegations as to Non-Residents whose causes of Action are Foreign to South Carolina | 6/2/94 |

G133311

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 7

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | Motion of South Carolina Chamber of Commerce for Leave to File Amicus Curiae Brief in Support of Motion to Strike Class Action Allegations as to Non-Residents whose causes of Action are Foreign to South Carolina | 6/94 |
| 2. | Grace's Second Amended Answer to First Amended Class Action Complaint | 6/3/94 |
| 3. | Grace & Co. Conn's to Amend their Answer and in Opposition to Plaintiff's Motion to strike | 6/3/94 |
| 4. | Grace & Co. Conn's to Amend their Answer | 6/3/94 |
| 5. | Grace's to Plaintiff's Sixth Set of Interrogatories | 6/8/94 |
| 6. | Grace's Answers to Plaintiff's Eight Set of Interrogatories | 6/15/94 |
| 7. | Grace's Responses to Plaintiff's Sixth Request | 6/15/94 |
| 8. | Grace's Responses to Plaintiff's Second Request for Admissions | 6/15/94 |

G133312

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 8

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | Defendants Reply Memorandum in Support of their Motion to Strike Class Action Allegations as to Non-Residents whose Causes of Action are Foreign to South Carolina | 6/22/94 |

G133313

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 9

| NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | Grace's Amendment to Certain Defendants Joint Class Action Interrogatories and Requests to Produce | 6/27/94 |
| 2. | Motion of South Carolina Chamber of Commerce for Leave to File Amicus Curiae Brief in Support of Motion to Strike Class Action Allegations as to Non-Residents whose Causes of Action are Foreign to South Carolina | 6/27/94 |
| 3. | Grace's Amended and Supplemental Response to Plaintiff's Fifth Request to Produce | 6/29/94 |
| 4. | Grace' Amended Response to Plaintiff's Fourth Set of Interrogatories | 6/29/94 |
| 5. | Grace's Amended Response to Plaintiff's Fifth Set of Interrogatories | 6/29/94 |
| 6. | Grace's Motion to Compel Plaintiff's Responses to Certain Defendants Joint Class Action Interrogatories | 7/1/94 |
| 6A | Transcript Record regarding Door Closing Policy | 7/6/94 |
| 7. | Plaintiff's Notice of Deposition | 7/8/94 |
| 8. | Grace's Proposed Order to Amend Their Answer | Undated |
| 9. | Grace's Proposed Order to be Granted Leave to Serve and File the Second Amended Answer as Previously Proposed | 7/18/94 |
| 10. | Plaintiff's Memorandum in Reponses to Grace's Motion to Compel Interrogatories | 7/29/94 |
| 10a. | Plaintiff's Amended Responses to Certain Defendants Joint Class Action Interrogatories | 7/29/94 |

G133314

06/14/2007 08:25 FAX 312 861 2200        KIRKLAND ELLIS LLP                    ☑017

| NO. | DOCUMENT | DATE |
|---|---|---|
| 11. | Grace's Reply Memorandum in Support of Motion to Compel (Interrogatories) | 8/94 |
| 11a. | Memorandum Order (re: Door Closing Statute) | 8/8/94 |
| 12. | Grace's Reply Memorandum of the Grace Defendants in Further Support of their Motion to Compel Discovery | 8/10/94 |
| 13. | Grace's Notice of Motion and Motion to Reconsider the Order Granting the Defendants Motion to Strike | 8/16/94 |
| 13A | Notice of Motion and Motion to Collaterally Estop the Defendants from Re-litigating whether a South Carolina Resident can be the Class Representative for Non Residents whose Causes of Actions are Foreign to South Carolina | 8/16/94 |
| 14. | Grace's Transcript of Record | Undated |
| 15. | Grace's Notice of Motion and Motion for Relief Under Rule 60(b)(4) | 8/16/94 |

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 10

| NO. | DOCUMENT | DATE |
|-----|----------|------|
| 1. | Grace's Certain Defendents Consolidated Response to Plaintiff's Motion to Vacate Under Rule 60 (B) (4) to Reconsider Under Rule 59 (E), and to Collaterally Estop | 9/20/94 |
| 2. | Grace's Second Amendment to Certain Defendants Joint Class Action Interrogatories and Requests to Produce | 10/10/94 |
| 3. | Plaintiff's Notices of Deposition | 11/14/94 |
| 4. | Plaintiff's Notice of Deposition | 11/15/94 |
| 5. | Plaintiff's Notice of Deposition and Request to Produce Documents at the Deposition | 11/15/94 |
| 6. | Grace's Re: Plaintiff's Fifth Request to Produce Dated March 1, 1994 | 11/15/94 |
| 7. | Plaintiff's Notice of Deposition and Request to Produce Documents at the Deposition | 11/15/94 |
| 8. | Plaintiff's Notice of Deposition | 11/15/94 |
| 9. | Plaintiff's Notice of Deposition and Request to Produce documents at the Deposition | 11/15/94 |
| 10. | Plaintiff's Ninth Set of Interrogatories to the Defendants | 11/15/94 |
| 11. | Notice of Deposition | 11/21/94 |
| 12. | Grace's Response to Plaintiff's Motion to Compel Re:  Plaintiff's Fifth Request to Produce | 11/21/94 |
| 13. | Plaintiff's Notice of Deposition | 11/17/94 |
| 14. | Plaintiff's Notice of Deposition | 11/17/94 |
| 15. | Defendant's Response to Plaintiff's Ninth Set of Interrogatories | 11/17/94 |
| 16. | Defendant's Grace's Second Amended Responses to Plaintiff's First Interrogatories | 04/01/94 |

G133316

ANDERSON MEMORIAL HOSPITAL

LITIGATION BINDER 10

| NO. | DOCUMENT | DATE |
|---|---|---|
| 17. | Verification | 02/09/95 |
| 18. | First Amendment to Supplemental Response of Grace's Plaintiff's Sixth Set of Interrogatories | 02/09/95 |
| 19. | Notion of Motion for Commission to Take Depositons out-of-state on oral examination | 02/17/95 |
| 20. | Notion of Depositon (Operations and Maintenance) | 02/14/95 |
| 21. | Notice of Deposition (Communications) | 02/14/95 |
| 22. | Notice of Motion for Commission to take Depositions out-of-state on oral examination | 02/17/95 |
| 23. | Notice of Deposition (Product Identification) | 02/24/95 |
| 24. | Notice of Deposition (Knowledge of ACM) | 02/24/95 |
| 25. | Notice of Depositon(Health Concerns) | 02/24/95 |
| 26. | Notice of Depostion | 03/07/95 |
| 27. | Notice of Deposition | 03/07/95 |
| 28. | Notice of Depostion | 03/07/95 |
| 29. | Plaintiff's Tenth Set of Interrogatories to Defendants | 03/13/95 |
| 30. | Plaintiff's Seventh Request to Produce Defendant's | 03/13/95 |
| 31. | Plaintiff's Seventh Request to Produce Defendant's | 04/17/95 |
| 32. | To Plaintiff's Tenth Set of Interrogatories | 04/17/95 |

G133317

06/14/2007 08:25 FAX 312 861 2200        KIRKLAND ELLIS LLP                    ☑020

STATE OF SOUTH CAROLINA            )                                           (93-06068)
                                   )        IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON                  )
                                   )
ANDERSON MEMORIAL HOSPITAL         )
on behalf of itself and others     )
similarly situated,                )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        Civil Action No. 92-CP-25-279
                                   )
W.R. GRACE - CONN., et al.,        )
                                   )
            Defendants.            )
                                   )

### Index-Volume 11

139.   W.R. Grace & Co. and W.R. Grace & Co.-Conn's Responses to Plaintiff's Tenth Set of        4/17/95
       Interrogatories

140.   W.R. Grace & Co. and W.R. Grace & Co.-Conn.'s Responses to Plaintiff's Seventh             4/17/95
       Request to Produce

141.   W.R. Grace & Co.-Conn.'s Response to Plaintiff's Motion to Compel Responses to             4/24/95
       Plaintiff's Sixth Set of Interrogatories (sic)

142.   Verification (Supplemental Responses to Plaintiff's Sixth Set of Interrogatories)          5/11/95

143.   Second Supplemental Responses of Defendant W.R. Grace & Co.-Conn to Plaintiff's           5/12/95
       Sixth Set of Interrogatories

144.   Third Supplemental Responses of Defendant W.R. Grace & Co.-Conn. to Plaintiff's           6/23/95
       Sixth Set of Interrogatories

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | (93-00001) |
| ) | |
| COUNTY OF HAMPTON ) | IN THE COURT OF COMMON PLEAS |
| ) | |

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
                      )
        Plaintiff, )
                      )
     v.            )    Civil Action No. 92-CP-25-279
                      )
W.R. GRACE - CONN., et al., )
                      )
        Defendants. )

### Index-Volume 12

| | | | |
|---|---|---|---|
| 145. | Plaintiff's Eighth Request to Produce to Defendants, W.R. Grace & Co. and W.R. Grace & Co.-Conn. | | 6/29/95 |
| 146. | Petition for Commission to Take Deposition Out-of-State on Oral Examination | | 6/28/95 |
| 147. | Notice of Motion for Commission to Take Depositions Out-of-State on Oral Examination | | 6/28/95 |
| 148. | (Proposed) Commission to Take Depositions Out-of-State | | r'cvd. 6/28/95 |
| 149. | (Proposed) Order to Take Depositions Out-of-State on Oral Examination | | r'cvd. 6/28/95 |
| 150. | Notices of Deposition: US Mineral Products and W.R. Grace & Co.-Conn. | | 6/28/95 |
| 151. | Fourth Supplemental and Amended Response of Defendant W.R. Grace & Co.-Conn. to Plaintiff's Sixth Set of Interrogatories | | 6/30/95 |
| 152. | W.R. Grace & Co. and W.R. Grace & Co.-Conn.'s Responses to Plaintiff's Eighth Request to Produce | | 8/3/95 |

G133319

06/14/2007 08:26 FAX 312 861 2200        KIRKLAND ELLIS LLP                    @022

STATE OF SOUTH CAROLINA    )                                    (93-00001)
                           )      IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON          )
                           )
_____    )

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated,        )
                           )
            Plaintiff,     )
                           )
    v.                     )      Civil Action No. 92-CP-25-279
                           )
W.R. GRACE - CONN., et al.,)
                           )
            Defendants.    )
                           )

## Index-Volume 13

| | | |
|---|---|---|
| 153 | Appendix (OP)-55 pages | 9/19/95 |
| 154. | Fifth Supplemental and Amended Response of Defendant W.R. Grace & Co.-Conn. to Plaintiff's Sixth Set of Interrogatories | 9/22/95 |
| 155. | Appendix (OP)-53 Pages | 9/19/95 |
| 156. | Plaintiff's Ninth Request to Produce to Defendants W.R. Grace & Co. and W.R. Grace & Co.-Conn. | 10/23/95 |
| 157. | W.R. Grace & Co. and W.R. Grace & Co.-Conn.'s Responses to Plaintiff's Ninth Request to Produce | 11/27/95 |
| 158. | Transcript of Record: Motion for Reconsideration; Summary Judgment Motions | 12/20/95 |
| 158A. | Order denying Plaintiff's Motion to Reconsider the Court's 8/8/94 Order | 05/28/96 |
| 159. | Second Amended Class Action Complaint Jury Trial Demanded | 9/5/96 |
| 160. | Memorandum of Certain Defendants in Response to Plaintiff's Motion for Leave to serve Second Amended Complaint | 10/07/96 |
| 161. | Asbestos School Litigation - Lead Counsel's Prehearing Memorandum | 03/12/97 |
| 162. | Defendants' Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Interrogatories (Venue Discovery) | 03/17/97 |
| 163. | Notice of Deposition | 03/21/97 |

G133320

164. Answer of W.R. Grace & Co. and W.R. Grace & Co.-Conn. to second
Amended Class Action Complaint                                                    05/05/97

165. [Proposed] Order on Class Certification Briefing Schedule                    Undated

166. Motion to Compel Plaintiff to Respond to Discovery                           06/18/97

167. Defendant W.R. Grace & Co.-Conn.'s Motion
to Postpone Certification Briefing Schedule                                       07/01/97

(See Next PL-14)

G133321

06/14/2007 08:26 FAX 312 861 2200    KIRKLAND ELLIS LLP    ☑024

(93-00001)

STATE OF SOUTH CAROLINA )
                        )    IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON       )
                        )

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
                        )
            Plaintiff, )
                        )
        v.              )    Civil Action No. 92-CP-25-279
                        )
W.R. GRACE - CONN., et al., )
                        )
            Defendants. )
                        )

Index-Volume 14

| 168. | Order | 07/01/97 |
| 169. | Plaintiff's Objection to Motion to Withdraw as counsel | 07/24/97 |
| 170. | Plaintiff's Supplemental Response to certain Defendants' (SIC) Joint Class Action Request for Production and Interrogatories | 07/29/97 |
| 171. | Notice of Deposition | 08/22/97 |
| 172. | Notice of Presentation | 08/27/97 |
| 173. | Plaintiff's Supplemental Response to Certain Defendant's Joint Class Action Interrogatories | 09/05/97 |
| 174. | Plaintiff's Privilege Log | 09/05/97 |
| 175. | Response of W.R. Grace & Co. Conn. to Objections of Anderson Memorial Hospital to Petition for Issuance of Subpoena | 09/11/97 |
| 176. | Notice of Appeal | 10/08/97 |
| 177. | Proof of Service | 10/13/97 |

h:\.shared\evozell\wp\index.ask\anderson.ind

G133322

| 178. | Petition for an Extraordinary Writ directed to the Court of Common Pleas, Hampton County, South Carolina | 10/13/97 |
| 179. | Appendix of Documents in Support of Petition for an Extraordinary Writ Directed to the Court of Common Pleas Hampton County, South Carolina | 10/13/97 |
| 180. | Appellants' Return to Respondent's Motion to Dismiss | 10/17/97 |
| 181. | Motion for Extension of time to file a Reply in Support of Petition for an Extraordinary Writ | 11/04/97 |
| 182. | Proof of Service | 11/04/97 |
| 183. | Reply Brief on Behalf of Petitioners | 11/14/97 |
| 184. | Proof of Service | 11/14/97 |
| 185. | Proof of Service | 11/19/97 |
| 186. | Motion Requesting Oral Argument on Grace's Petition for Extraordinary Writ (Memorandum Included) | 11/19/97 |
| 187. | Plaintiff's Responses to Defendant's Supplemental Class Action Interrogatories Requests to admit, and Requests for Production | 12/31/97 |

06/14/2007 08:26 FAX 312 861 2200    KIRKLAND ELLIS LLP                      ☑ 026

(93-00001)

STATE OF SOUTH CAROLINA        )        IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF HAMPTON              )
                               )
_____)

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated,            )
                               )
          Plaintiff,           )
                               )        Civil Action No. 92-CP-25-279
     v.                        )
                               )
W.R. GRACE - CONN., et al.,    )
                               )
          Defendants.          )
_____)

Index-Volume 15

188.      Plaintiff's Motion to Certify a
          Class Action                              01/02/98

h:\.shared\cvozcll\wp\index.ask\anderson.ind

G133324

(93-00001)

STATE OF SOUTH CAROLINA        )        IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF HAMPTON              )
                               )
_____)

ANDERSON MEMORIAL HOSPITAL              )
on behalf of itself and others          )
similarly situated,                     )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 92-CP-25-279
                                        )
W.R. GRACE - CONN., et al.,             )
                                        )
                Defendants.             )
_____ )

Index-Volume 16

| | | |
|---|---|---|
| 189. | Memorandum of Law in Support of Petition for Issuance of Subpoena to take Deposition upon written Interrogatories | 01/07/98 |
| 190. | Notice of Depositions | 01/07/98 |
| 191. | Respondent's Supplemental Objections to W.R. Grace & Co.'s Petition for Issuance of Subpoena to take Deposition upon Written Interrogatories | 01/07/98 |
| 192. | Amended Notice of Presentation | 01/09/98 |
| 193. | Amended Notice of Depositions | 01/23/98 |
| 194. | Notice of Motion and Motion to Quash and for a Protective Order | 02/04/98 |
| 195. | Affidavit of Geoffrey C. Hazard, Jr. | 02/05/98 |
| 196. | Affidavit of James P. Verhalen in Opposition to Plaintiff's Motion for Class Certification | 02/20/98 |
| 197. | Affidavit of H. F. Baines | 02/20/98 |
| 198. | Affidavit of Robert A. Murphy | 02/27/98 |
| 199. | Affidavit of Robert H. Beber | 03/02/98 |
| 200. | Affidavit of Raymond T. Cullen | 03/02/98 |
| 201. | Defendants' Memorandum in Opposition to Class Certification | 03/03/98 |

G133325

06/14/2007 08:26 FAX 312 861 2200   KIRKLAND ELLIS LLP   ⓘ 028

(93-00001)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HAMPTON ) | |

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )

        Plaintiff, )

        v. )       Civil Action No. 92-CP-25-279

W.R. GRACE - CONN., et al., )

        Defendants. )

Index-Volume 17

202.   Affidavit of Donald A. Cockrill              03/03/98

203.   Volume 1 of Exhibits to Affidavit of Donald A. Cockrill

(See 17A for Vol. II of Exhibits to D. A. Cockrill's Affidavit)

G133326

06/14/2007 08:26 FAX 312 861 2200        KIRKLAND ELLIS LLP                                    Ø029

(93-00001)

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HAMPTON | ) | |

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
                                            )
            Plaintiff,                      )
                                            )
        v.                                  )        Civil Action No. 92-CP-25-279
                                            )
W.R. GRACE - CONN., et al.,                 )
                                            )
            Defendants.                     )
                                            )

Index-Volume 18

205.    Plaintiff's Reply with Exhibits A-B in Support of Motion to Certify          04/17/98
        a Class Action

(See next Vol. 18A for Exhibits C-K)

G133327

(93-00001)

STATE OF SOUTH CAROLINA )
                                   )
COUNTY OF HAMPTON )

IN THE COURT OF COMMON PLEAS

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
                                )

          Plaintiff, )

       v. )

Civil Action No. 92-CP-25-279

W.R. GRACE - CONN., et al., )
                                )
         Defendants. )

## Index-Volume 12

| | | |
|---|---|---|
| 207. | Defendants' Response to Plaintiff's Reply Brief (tab 45 added per 5/4/00 letter) | 05/22/98 |
| 208. | Plaintiff's Notice of Motion and Motion to Strike or, in the alternative, for Leave to File a Response to Defendants' Sur-Reply | 06/08/98 |
| 209. | Response to Plaintiff's Motion to Strike or for Leave to file a Response to Defendants' Sur-Reply | 07/96/98 |
| 210. | Defendant United States Gypsum Company's Notice of its Withdrawal on Behalf of Itself Alone of Portion of Argument set forth in Section II of Defendants' Memoramdum in Opposition to Class Certification (Unsigned copy) | 09/18/98 |
| 211. | Grace's First Amendment to its Supplemental Responses to Plaintiff's Sixth Set of Interrogatories | Undated |
| 212. | Supplemental Affidavit of Robert H. Beber | 01/24/00 |
| 213. | Mr. Cockrill's letter to Judge Hayes regarding Plaintiff's Motion for Class Certification | 02/03/00 |
| 214. | Judge Hayes letter to Donald Cockrill suggesting a hearing be scheduled on Motion for Class Certification | 02/08/00 |
| 215. | Mr. Cockrill's letter responding to Judge Hayes' letter on the class certification issue and advising that Plaintiff's counsel opposes the bifurcated procedure recommended by Grace | 02/09/00 |
| 216. | Mr. Cockrill's letter to Judge Hayes following up on advice in 2/9/00 letter | 03/01/00 |
| 217. | Mr. Speights' letter to Judge Hayes regarding Mr. Cockrill's 3/1/00 | 03/02/00 |

h:\_shared\cvozell\wp\index.ask\anderson.ind

G133328

| | | |
|---|---|---|
| 218. | Mr. Cockrill's letter to Judge Hayes in response to Mr. Speights' 3/2/00 letter | 03/16/00 |
| 219. | Fax from Judge Hayes regarding a 4/5/00 Hearing on the issues | 03/22/00 |
| 220. | Judge Hayes Scheduling Order for Evidentiary Hearing re Class Certification | 04/10/00 |
| 221. | Letter to Judge Hayes from Donald Cockrill re 4/10/00 Scheduling Order | 04/13/00 |
| 222. | Letter to Judge Hayes from C. A. Runyan asking the Court to modify its 4/14/00 Scheduling Order, and Plaintiff's Pre-Hearing Memorandum on Class Certification [Amended Scheduling Order dated 4/14/00 not received] | 04/19/00 |
| 223. | Plaintiff's Witness List and Exhibit List | 04/19/00 |
| 224. | Affidavit of Charles Boulbol | 05/01/00 |
| 225. | Affidavit of James P. Verhalen in Opposition to Plaintiff's Motion for Class Certification | 05/02/00 |
| 226. | Affidavit of Neil Edmond with attachment re Pyrocrete Spray-On Fireproofing [also at tab 45 of Item 207] | 05/03/00 |
| 227. | Certain Defendants' Consolidated Brief in Opposition to Class Certification [not fully executed], Grace's Exhibit List and Witness List | 05/03/00 |
| 228. | Defendants' Motion to Compel pursuant to Local Rule 37(a) | 05/10/00 |
| 229. | Plaintiff's Supplemental Witness List | 05/23/00 |

(See next Vol. 20)

h:\.shared\cvozell\wp\index.ask\anderson.ind

G133329

(93-00001)

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HAMPTON | ) | |

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　v. )　　Civil Action No. 92-CP-25-279
　　　　　　　　　　　　　　　　)
W.R. GRACE - CONN., et al., )
　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

## Index-Volume 20

230.　Plaintiff's Memorandum in Opposition to Grace's Motion to Compel Discovery
　　　with Exhibits 1-33　　　　　　　　　　　　　　　　　　　　　　　05/25/00

231.　Fax stating Judge Hayes denied Grace's Motion to Compel Discovery　06/06/00

(See next Vol. 21)

h:\.shared\cvozcll\wp\index.ask\anderson.ind

G133330

06/14/2007 08:27 FAX 312 861 2200        KIRKLAND ELLIS LLP.                    ☑033

STATE OF SOUTH CAROLINA            )                                    (93-00001)
                                   )        IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON                  )
                                   )

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others             )
similarly situated,                        )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No. 92-CP-25-279
                                           )
W.R. GRACE - CONN., et al.,                )
                                           )
                Defendants.                )
                                           )

## Index-Volume 21

| 232. | Affidavit of Marion C. Fairey of Speights & Runyan re: Zonolite Attic Insulation | 08/31/00 |
|---|---|---|
| 233. | Transcript of 5/31/00 Hearing with Judge Haynes | 09/25/00 |
| 234. | Affidavit of Richard C. Finke | 10/19/00 |
| 235. | Certain Defendants (Grace and T&N plc) Post-Hearing Brief in Opposition to Class Certification with attachments | 10/23/00 |
| 236. | U.S. Gypsum's Post-Hearing Submission regarding Class Certification | 10/23/00 |

(See next Volume 22)

b:\..shared\evozell\wp\index.ask\anderson.ind

G133331

|  |  |  |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | (93-00001) |
|  | ) |  |
| COUNTY OF HAMPTON | ) | IN THE COURT OF COMMON PLEAS |
|  | ) |  |

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others )
similarly situated, )
                    )

       Plaintiff, )

       v. )      Civil Action No. 92-CP-25-279

W.R. GRACE - CONN., et al., )

       Defendants. )

Index-Volume 22

237.   Transcripts of Class Certification Hearing on 9/5/00 and 9/6/00         01/10/01

(See next Volume 23)

G133332

(93-00001)

STATE OF SOUTH CAROLINA )
                        )   IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON       )
                        )

ANDERSON MEMORIAL HOSPITAL )
on behalf of itself and others  )
similarly situated,     )
                        )
            Plaintiff,  )
                        )
        v.              )   Civil Action No. 92-CP-25-279
                        )
W.R. GRACE - CONN., et al.,  )
                        )
        Defendants.     )
                        )

Index-Volume 23

238.  Certain Defendants' Further Post-Hearing Brief opposing Class Certification
      [See separate folder, PL-23A, for Appendix to Brief]                        02/08/01

239.  Plaintiff's Emergency Petition for a Rule to Show Cause Why A Conditional
      Class Should Not Be Certified Against Grace [Ex parte request]              02/08/01

240.  Judge Hayes' Order on Plaintiff's ex parte request, conditionally, granting
      Plaintiff class certification and issuing Rule to Show Cause to Grace        02/09/01

241.  Grace's Memorandum responding to Show Cause Order of 2/9/01                 02/13/01

242.  Judge Hayes' Letter to Plaintiff's attorney, Speights, requiring Plaintiff to
      file Response Brief to Defendant's 2/13/01 Memorandum re Show Cause Order   02/15/01

243.  Plaintiff's Omnibus Reply Memorandum with Appendix of Exhibits re: Class
      Certification [filed Under Seal]                                            02/26/01

244.  Plaintiff's Reply Memorandum to Grace's Memorandum responding to
      2/9/01 Order [filed Under Seal (ref to date of Order as 2/9/00 is incorrect) ]  03/05/01

245.  U.S. Mineral Products' letter to Judge Hayes withdrawing all its arguments
      that Speights & Runyan would not be adequate as Plaintiff's class counsel    04/12/01

246.  T&N plc's letter to Judge Hayes withdrawing all its arguments that Speights
      & Runyan would not be adequate as class counsel for Plaintiff               04/16/01

247.  Notice of Grace's Suggestion of Bankruptcy Under Chapter 11                 04/18/01

G133333

248.  Plaintiff's Emergency Motion to Modify the Confidentiality Order with
      Exhibits A-D, and [proposed] Order on Motion to Modify Confidentialty
      Order issued at 9/6/00 Hearing                                              04/30/01

249.  Judge Hayes' Order granting Plaintiff's Emergency Motion to Modify the
      Confidentiality Order issued on 9/6/00                                      05/01/01

250.  Judge Hayes' letter to Speights & Runyan instructing them to prepare Order
      granting Plaintiff's Motion for Class Certification and stating that the Order
      affects only the 3 remaining defendants due to stay as to W. R. Grace       05/07/01

251.  Speights & Runyan letter to Judge Hayes re T&N's 6/20/01 letter            06/25/01

252.  Judge Hayes' Order granting Plaintiff's Motion for Class Certification      [Entered] 06/29/05
      [Order does not affect Grace, only other 3 defendants]                      [Filed] 07/05/01

253.  Anderson Memorial Hospital's Notice of Motion and Motion for Limited
      Relief from Automatic Stay with [Proposed] Order [USDC – Bankr.]            12/22/05

254.  Judge Fitzgerald's Order granting Anderson Memorial Relief from §362
      Automatic Stay [USDC – Bankr. (Docket #13388)]                              10/11/06

G133334

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael T. Dierkes
To Call Writer Directly:
312 861-2353
mdierkes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

June 15, 2007

**VIA FACSIMILE AND E-MAIL**

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924

Re:  *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

I am enclosing Grace's supplemental responses and objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production. The supplemental responses and objections incorporate the Court's May 30, 2007 rulings on Grace's objections to Anderson Memorial's requests.

As the supplemental responses and objections confirm, Grace's production is complete. Grace has searched for documents responsive to Anderson Memorial's requests, as limited by the Court at the May 30, 2007 hearing, and has produced or logged all such documents in its possession, custody, or control.

Please do not hesitate to contact me if you have any questions.

Sincerely,

*Michael T. Dierkes*

Michael T. Dierkes

Enclosure

Hong Kong        London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| | ) Related Docket Nos:  13588, 13651, |
| | 15801, 15826 |

### W. R. GRACE & CO.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 AMENDED REQUESTS FOR PRODUCTION

### PRELIMINARY STATEMENT

1.    On December 13, 2006, W.R. Grace & Co. ("Grace") served responses and objections to Anderson Memorial Hospital's October 30, 2006 amended requests for production. Grace objected to Anderson Memorial's amended requests on multiple grounds, including relevance. Based on the current record in these bankruptcy proceedings, Anderson Memorial's document requests are not reasonably calculated to lead to admissible evidence relevant to Anderson Memorial's pending motion for class certification.

2.    Nevertheless, on January 17, 2007, Grace produced "pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital" and responsive to requests 5 and 6 of the amended requests for production.  Grace also produced two document custodians for deposition, along with three separate indices of *Anderson Memorial* litigation files.

3.    On May 21, 2007, the Court ordered Anderson Memorial to articulate the connection, if any, between its amended requests for production and its pending motion for class certification.  In response, Anderson Memorial submitted a motion to strike Grace's objections and compel responses to its requests. (Dkt. No. 15801)  Grace filed its response brief (Dkt. No. 15826), and on May 30, 2007 the Court heard Anderson Memorial's motion.

4.    At the May 30, 2007 hearing, the Court sustained Grace's objections to most of Anderson Memorial's amended requests for production.   The Court substantially narrowed the scope of Anderson Memorial's remaining requests. To memorialize the Court's rulings, Grace submits these supplemental responses and objections to Anderson Memorial Hospital's October 30, 2006 amended requests for production.

5.    Grace hereby incorporates by reference its December 13, 2006 responses and objections to Anderson Memorial's amended requests for production.

## RESPONSES

**1.    All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 101-02)  However, Grace notes that the documents it has produced to Speights & Runyan in response to requests 12 and 16 may also be responsive to this request.

**2.    All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 102)

**3.    All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 102)

**4.    All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 102)

**5.    All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 102)

**6.** All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.

RESPONSE: Grace has provided access to its Winthrop Square depository and produced all documents responsive this request and located elsewhere within Grace's files, except for documents produced by Speights & Runyan as part of its proof of claim for Anderson Memorial in this bankruptcy case. (*See* 1/17/2007 Letter from M. Dierkes to D. Speights; 6/6/2007 Letter from L. Esayian to D. Speights)

**7.** All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 104)

**8.** All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.

RESPONSE: Grace has searched for documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 105, 108), and found none.

**9.** All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 110-11)

**10.** All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 111, 115-16)

**11.** All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.

RESPONSE: Grace has produced and/or identified on a privilege log all documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 115-16). (*See* 6/13/2007 Letter from M. Dierkes to D. Speights)

12.    **All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.**

RESPONSE:  Grace has produced and/or identified on a privilege log all documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 115-16).  (*See* 6/13/2007 Letter from M. Dierkes to D. Speights)

13.    **All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.**

RESPONSE:  The Court sustained Grace's objection to this request.  (5/30/2007 Hrg. Tr. at 116)

14.    **All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.**

RESPONSE:  Grace has searched for documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 122, 127-28), and found none.

15.    **All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.**

RESPONSE:  The Court sustained Grace's objections to this request.  (5/30/2007 Hrg. Tr. at 123)

16.    **Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.**

RESPONSE:  Grace has produced all documents responsive to this request.  (*See* 2/23/2007 Sprinkle Dep. Exs. 1, 2; 4/30/2007 Cockrill Dep. Ex. 1; 6/13/2007 Letter from M. Dierkes to D. Speights)

Respectfully Submitted:

Dated:  June 15, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Counsel for the Debtors and Debtors in
Possession