# EXHIBIT D

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael T. Dierkes
To Call Writer Directly:
312 861-2353
mdierkes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

June 15, 2007

**VIA FACSIMILE AND E-MAIL**

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

Re:   *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

I am enclosing Grace's supplemental responses and objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production. The supplemental responses and objections incorporate the Court's May 30, 2007 rulings on Grace's objections to Anderson Memorial's requests.

As the supplemental responses and objections confirm, Grace's production is complete. Grace has searched for documents responsive to Anderson Memorial's requests, as limited by the Court at the May 30, 2007 hearing, and has produced or logged all such documents in its possession, custody, or control.

Please do not hesitate to contact me if you have any questions.

Sincerely,

*Michael T. Dierkes*

Michael T. Dierkes

Enclosure

EXHIBIT
57
7-5-07

Hong Kong    London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| | ) Related Docket Nos: 13588, 13651, |
| | ) 15801, 15826 |

## W. R. GRACE & CO.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 <u>AMENDED REQUESTS FOR PRODUCTION</u>

### PRELIMINARY STATEMENT

1. On December 13, 2006, W.R. Grace & Co. ("Grace") served responses and objections to Anderson Memorial Hospital's October 30, 2006 amended requests for production. Grace objected to Anderson Memorial's amended requests on multiple grounds, including relevance. Based on the current record in these bankruptcy proceedings, Anderson Memorial's document requests are not reasonably calculated to lead to admissible evidence relevant to Anderson Memorial's pending motion for class certification.

2. Nevertheless, on January 17, 2007, Grace produced "pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital" and responsive to requests 5 and 6 of the amended requests for production. Grace also produced two document custodians for deposition, along with three separate indices of *Anderson Memorial* litigation files.

3. On May 21, 2007, the Court ordered Anderson Memorial to articulate the connection, if any, between its amended requests for production and its pending motion for class certification. In response, Anderson Memorial submitted a motion to strike Grace's objections and compel responses to its requests. (Dkt. No. 15801) Grace filed its response brief (Dkt. No. 15826), and on May 30, 2007 the Court heard Anderson Memorial's motion.

4. At the May 30, 2007 hearing, the Court sustained Grace's objections to most of Anderson Memorial's amended requests for production. The Court substantially narrowed the scope of Anderson Memorial's remaining requests. To memorialize the Court's rulings, Grace submits these supplemental responses and objections to Anderson Memorial Hospital's October 30, 2006 amended requests for production.

5. Grace hereby incorporates by reference its December 13, 2006 responses and objections to Anderson Memorial's amended requests for production.

## RESPONSES

1. **All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.**

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 101-02) However, Grace notes that the documents it has produced to Speights & Runyan in response to requests 12 and 16 may also be responsive to this request.

2. **All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.**

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 102)

3. **All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.**

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 102)

4. **All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.**

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 102)

5. **All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.**

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 102)

6. All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.

RESPONSE: Grace has provided access to its Winthrop Square depository and produced all documents responsive this request and located elsewhere within Grace's files, except for documents produced by Speights & Runyan as part of its proof of claim for Anderson Memorial in this bankruptcy case. (*See* 1/17/2007 Letter from M. Dierkes to D. Speights; 6/6/2007 Letter from L. Esayian to D. Speights)

7. All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 104)

8. All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.

RESPONSE: Grace has searched for documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 105, 108), and found none.

9. All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 110-11)

10. All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 111, 115-16)

11. All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.

RESPONSE: Grace has produced and/or identified on a privilege log all documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 115-16). (*See* 6/13/2007 Letter from M. Dierkes to D. Speights)

3

**12.** All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.

RESPONSE: Grace has produced and/or identified on a privilege log all documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 115-16). (*See* 6/13/2007 Letter from M. Dierkes to D. Speights)

**13.** All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.

RESPONSE: The Court sustained Grace's objection to this request. (5/30/2007 Hrg. Tr. at 116)

**14.** All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.

RESPONSE: Grace has searched for documents responsive to this request, as limited by the Court at the May 30, 2007 hearing (5/30/2007 Hrg. Tr. at 122, 127-28), and found none.

**15.** All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.

RESPONSE: The Court sustained Grace's objections to this request. (5/30/2007 Hrg. Tr. at 123)

**16.** Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.

RESPONSE: Grace has produced all documents responsive to this request. (*See* 2/23/2007 Sprinkle Dep. Exs. 1, 2; 4/30/2007 Cockrill Dep. Ex. 1; 6/13/2007 Letter from M. Dierkes to D. Speights)

4

Respectfully Submitted:

Dated: June 15, 2007

*/s/ Michael T. Dierkes*
KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Counsel for the Debtors and Debtors in Possession

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al., | ) Bankruptcy Case No. 01-01139 (KG) |
| | ) BAP No. 16-44 |
| Reorganized Debtors. | ) |
| | ) |
| Anderson Memorial Hospital, | ) |
| Appellant, | ) Civil Action No. 16-799 (UNA) |
| v. | ) |
| W. R. Grace & Co., | ) |
| Appellee, | ) |

## CERTIFICATION OF SERVICE

I hereby certify that on October 6, 2016, I electronically filed the foregoing *Appellees' Counter-Statement of Issues and Counter-Designation of Items to be Included in the Record on Appeal* with the Clerk of Court using the CM/ECF, which will send notification of such filing to the following:

(Counsel for Anderson Memorial Hospital)
Theodore J. Tacconelli, Esquire
Ferry Joseph, P.A.
824 Market Street, Suite 1000
Wilmington, DE 19899

I hereby certify that on October 6, 2016, I have mailed, by United States Postal Service, the above-referenced document to the following non-registered participants:

(Counsel for Anderson Memorial Hospital)
Daniel A. Speights, Esquire
A. Gibson Solomons, Esquire
Speights & Runyan
200 Jackson Avenue East
Hampton, SC 29924

-and-

(Counsel for Anderson Memorial Hospital)
John W. Kozyak, Esquire
David L. Rosendorf, Esquire
Kozyak Tropin & Throckmorton
2525 Ponce de Leon, 9th Floor
Miami, FL  33134

Dated:  October 6, 2016

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for Appellee/Reorganized Debtors*