IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) Chapter 11<br>) <br>W. R. GRACE & CO., et al.,[1] ) Case No. 01-01139 (KG)<br>) (Jointly Administered)<br>Reorganized Debtors. )<br>) Hearing Date: November 30, 2016, at 11:00 a.m.<br>) Objection Deadline: November 4, 2016 at 4:00 p.m.<br>) | |

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. BANKR. P. 7056 FOR PARTIAL ALLOWANCE AND PARTIAL DISALLOWANCE OF CLAIM NO. 7021, FILED BY NORFOLK SOUTHERN RAILWAY COMPANY**

The Reorganized Debtors hereby move for an order in the form attached hereto as Exhibit A (the "Proposed Order") granting them summary judgment as to Claim no. 7021 (a copy of which is attached to the Proposed Findings of Facts as Exhibit A), filed by Norfolk Southern Railway Company ("Norfolk Southern"), and disallowing the claim to the extent that it seeks indemnification for approximately $1.5 million paid to former Norfolk Southern employee Lester Kirkland in settlement of his claims against Norfolk Southern arising from injuries he sustained in two work-related accidents, indemnification for certain legal and related costs incurred in connection with the Kirkland claims, and payment of approximately $22,517.52 in freight and other charges.[2]

The Reorganized Debtors' *Memorandum in Support of the Reorganized Debtors' Motion For Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 For Partial Disallowance of Claim No. 7021, Filed by Norfolk Southern Railway*, is being filed contemporaneously herewith and

---

[1] The Reorganized Debtors comprise W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc., or "Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn.").

[2] The *Proposed Findings of Uncontested Facts in Support of the Reorganized Debtors' Motion for Summary Judgment Pursuant to Fed. R. Bankr. P. 7056 for Partial Disallowance of Claim No. 7021, Filed by Norfolk Southern Railway Company* (the "Proposed Findings of Uncontested Facts"), also filed contemporaneously herewith, is incorporated by reference. Capitalized terms shall have the meaning ascribed to them in the Memorandum.

incorporated by reference (the "Memorandum"). As the Memorandum explains in further detail, in July 2009, the then-Debtors filed an objection to Claim no. 7021 [Docket no. 22553] (the "Objection," attached to the Proposed Findings of Uncontested Facts as Exhibit B), stating that the proof of claim contained no factual evidence that would trigger any of the Grace/Norfolk Southern indemnification agreements that allegedly obligate Grace to pay Norfolk Southern's Settlement and related attorneys' fees. The Objection further demonstrated that Grace has paid all but $6,996.35 of the other charges. The Objection shifted the burden of proof back to Norfolk Southern. *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992).

In August 2009, Norfolk Southern filed its *Preliminary Response of Norfolk Southern Railway to Debtors' Objection to the Proof of Claim filed by Norfolk Southern Railway* [Docket no. 22975] (the "Norfolk Southern Response," attached to the Proposed Findings of Uncontested Facts as Exhibit C), to which were attached certain documents that, according to Norfolk Southern, supported the indemnification claim. However, as set forth in the Memorandum, each one of those documents is inadmissible hearsay. Fed. R. Evid. 801(c)(2) (out-of-court statements offered "in evidence to prove the truth of the matter asserted in the statement" are hearsay).

Norfolk Southern thus failed to carry its burden of proof. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *See also, e.g., In re Hartman*, 2009 Bankr. LEXIS 3823, *9-10, 2009 WL 4043096 (Bankr. D.N.J. Nov. 20, 2009) (the creditor's "submission [in response to a claim objection] still does not adequately address the Debtors' primary contention that nothing in the Proof of Claim can be taken at face value … the Court finds that … [the creditor] has not sustained its burden of proof"). The Reorganized Debtors therefore respectfully request the Court enter an order finding that Norfolk Southern failed to carry its burden of proof, and

Allowing Claim no. 7021 in the amount of $6,995.35, which is the amount of uncontested charges set forth in the proof of claim, and disallowing the claim in all other respects.

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3]  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are 11 U.S.C. § 502 and Fed. R. Bankr. P. 7056 and 9014.

## NO PREVIOUS MOTION

3.      No previous motion for the relief sought herein has been made to this or any other court.

## NOTICE

4.      Notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) Counsel for the WRG Asbestos PI Trust; (iii) Counsel for the Asbestos PI Future Claimants Representative; (iv) Counsel for the Asbestos PD Future Claimants Representative; (v) Counsel for the WRG Asbestos PD Trust (7A); (vi) Counsel for the WRG Asbestos PD Trust (7B); (vii) Counsel for the CDN ZAI PD Claims Fund; (viii) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (ix) Norfolk Southern Railway Company.  In light of the nature of the relief requested, the Reorganized Debtors submit that no further notice is required.

---

[3] The Reorganized Debtors confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

WHEREFORE, the Debtors respectfully seek the entry of an order substantially in the form attached hereto as Exhibit A, pursuant to Fed. R. Bankr. P. 7056: (i) granting the Reorganized Debtors' motion for summary judgment and disallowing the Norfolk Southern Claim as to all matters other than the Uncontested Charges and the unpaid portion of the Freight Charges; and (ii) granting such other relief as may be appropriate.

Dated: October 13, 2016

THE LAW OFFICES OF ROGER HIGGINS, LLC
Roger J. Higgins
1 North Bishop Street
Suite 14
Chicago, IL 60607-1823
(312) 666-0431

and

KIRKLAND & ELLIS LLP
Adam C. Paul
John Donley
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Reorganized Debtors