# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 02-12687 (KG) |
| ACANDS, INC., | Chapter 11 |
| Debtor. | |
| In re: | Case No. 00-04471 (KG) |
| ARMSTRONG WORLD INDUSTRIES, INC., *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| In re: | Case No. 03-10495 (KG) |
| COMBUSTION ENGINEERING, INC., | Chapter 11 |
| Debtor. | |
| In re: | Case No. 04-11300 (KG) |
| THE FLINTKOTE COMPANY, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| In re: | Case No. 02-10429 (KG) |
| KAISER ALUMINUM CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

| | |
|---|---|
| In re: | Case No. 00-03837 (KG) |
| OWENS CORNING, *et al.*, | Chapter 11 |
|      Debtors. | Jointly Administered |
| In re: | Case No. 01-02471 (KG) |
| UNITED STATES MINERAL PRODUCTS COMPANY, | Chapter 11 |
|      Debtor. | |
| In re: | Case No. 01-02094 (KG) |
| USG CORPORATION, *et al.*, | Chapter 11 |
|      Debtors. | Jointly Administered |
| In re: | Case No. 01-01139 (KG) |
| W.R. GRACE & CO., *et al.*, | Chapter 11 |
|      Debtors. | Jointly Administered |

### *EX PARTE* MOTION OF HONEYWELL INTERNATIONAL INC. TO SHORTEN NOTICE OF HEARING ON MOTION OF HONEYWELL INTERNATIONAL INC. FOR STAY PENDING APPEAL

Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby files this motion (the "Motion to Shorten") for entry of an order shortening the notice

1

period for the *Motion of Honeywell International Inc. for Stay Pending Appeal* (the "Stay Motion"),[1] filed contemporaneously herewith, and respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion to Shorten under sections 157 and 1334 of title 28 of the United States Code.  This is a core proceeding under section 157(b) of title 28 of the United States Code.  Venue of these cases and this Motion to Shorten in this District is proper under sections 1408 and 1409 of title 28 of the United States Code.

2.      The statutory predicates for the relief requested herein are Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BASIS FOR RELIEF REQUESTED

3.      Under Bankruptcy Rule 9006, the Court may order time periods established by the Bankruptcy Rules to be reduced "for cause shown."  Local Rule 9006-1(c)(i) provides that "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  However, Local Rule 9006- 1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

4.      Honeywell respectfully submits that exigent circumstances justify expedited consideration of the Stay Motion.  As discussed in the Stay Motion, this Court has imposed a three-month window on Honeywell to complete the "work" (*i.e.*, the fraud investigation) contemplated by the Court.  Honeywell is seeking a stay of the Access Orders to avoid irreparable harm that is likely to occur, including the incurrence of unnecessary costs for redacting the 2019 Exhibits.  If this Court is not inclined to grant the relief requested in the Stay Motion, then it is critical for Honeywell to commence its work immediately.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Stay Motion.

5.      Importantly, because only Honeywell requested (and was granted) affirmative relief in the Access Orders, the Objecting Parties will not be prejudiced by a stay of the Access Motions.  Indeed, granting the stay would maintain the status quo and provide the Objecting Parties (at least temporarily) with their desired outcome (i.e., prohibiting Honeywell from accessing the 2019 Exhibits).  Therefore, Honeywell respectfully submits that the Stay Motion should be heard on shortened notice at the Court's earliest convenience.

## NOTICE

6.      Notice of this Motion to Shorten will be provided via overnight delivery to the United States Trustee; the reorganized debtors; Ford Motor Company; The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee; Motley Rice, LLC; the Flintkote Future Claimants' Representative; the NARCO Future Claimants' Representative; Waters Kraus & Paul; Lipsitz & Ponterio, LLC; Ashcraft & Gerel, LLP; Armstrong World Industries, Inc.; Jacobs & Crumplar P.A.; The ACandS, Inc. Asbestos Settlement Trust Advisory Committee; Armstrong World Industries, Inc. Asbestos Personal Injury Trust Advisory Committee; The Flintkote Company Asbestos Personal Injury Trust Advisory Committee; Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust Advisory Committee; Owens Corning/Fibreboard Asbestos Personal Injury Trust Advisory Committee; United States Gypsum Asbestos Personal Injury Trust Advisory Committee; United States Mineral Products Company Asbestos Personal Injury Trust Advisory Committee; WRG Asbestos Personal Injury Trust Advisory Committee; and Simmons Hanly Conroy LLC.  In light of the nature of the relief requested, Honeywell submits that no other or further notice is necessary.

3

Dated:  November 23, 2016
        Wilmington, Delaware

POLSINELLI PC

*/s/ Justin Edelson*
Justin Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(admitted pro hac vice)*
John J. Calandra *(admitted pro hac vice)*
Darren Azman *(admitted pro hac vice)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International Inc.*