# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACANDS, INC.,<br><br>        Debtor. | Case No. 02-12687 (KG)<br><br>Chapter 11<br><br>**Re: Docket No. 3810** |
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>        Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 10876** |
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>        Debtor. | Case No. 03-10495 (KG)<br><br>Chapter 11<br><br>**Re: Docket No. 3562** |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>       Debtors. | Case No. 04-11300 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 9398** |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>       Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 10415** |

| | |
|---|---|
| In re:<br><br>OWENS CORNING, *et al.*,<br><br>　　　　Debtors. | Case No. 00-03837 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 21173** |
| In re:<br><br>UNITED STATES MINERAL PRODUCTS COMPANY,<br><br>　　　　Debtor. | Case No. 01-02471 (KG)<br><br>Chapter 11<br><br>**Re: Docket No. 4159** |
| In re:<br><br>USG CORPORATION, *et al.*,<br><br>　　　　Debtors. | Case No. 01-02094 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 12774** |
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　Debtors. | Case No. 01-01139 (KG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Re: Docket No. 32788** |

**MOTION OF HONEYWELL INTERNATIONAL INC. FOR STAY PENDING APPEAL**

　　　　Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, hereby moves this Court for entry of an order granting a stay pending appeal of the *Order*, dated November 8, 2016 (the "Access Orders"),[1] entered in each of these chapter 11 cases, and respectfully states as follows:

---

[1] Case No. 02-12687, Docket No. 3810; Case No. 00-4471, Docket No. 10876; Case No. 03-10495, Docket No. 3562; Case No. 04-11300, Docket No. 9398; Case No. 02-10429, Docket No. 10415; Case No. 00-3837, Docket No.

1

**JURISDICTION**

1. This Court has jurisdiction to consider this motion under sections 157 and 1334 of title 28 of the United States Code. This is a core proceeding under section 157(b) of title 28 of the United States Code. Venue of these cases and this motion in this district is proper under sections 1408 and 1409 of title 28 of the United States Code.

2. The predicate for the relief requested herein is Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. Each of the above-captioned debtors filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. In each of these chapter 11 cases, the Court entered an order (the "2019 Orders") requiring attorneys representing more than one creditor or equity security holder to file a statement pursuant to Bankruptcy Rule 2019, including certain exhibits that were to be filed off of the electronic docket with the Clerk of the Court (the "2019 Exhibits"). Numerous law firms that represented personal injury claimants as putative creditors in these chapter 11 cases complied with the 2019 Orders by filing 2019 Exhibits off of the electronic docket.

5. On June 30, 2016, Honeywell filed motions in these chapter 11 cases seeking access to the 2019 Exhibits (the "Access Motions").² Objections to the Access Motions were filed by several parties (the "Objecting Parties"). Honeywell filed its replies on September 13, 2016. The Court held a hearing on the Access Motions on October 14, 2016 (the "Hearing").

---

21173; Case No. 01-2471, Docket No. 4159; Case No. 01-2094, Docket No. 12774; Case No. 01-1139, Docket No. 32788.

² Case No. 02-12687, Docket No. 3751; Case No. 00-4471, Docket No. 10813; Case No. 03-10495, Docket No. 3502; Case No. 04-11300, Docket No. 9338; Case No. 02-10429, Docket No. 10351; Case No. 00-3837, Docket No. 21106; Case No. 01-2471, Docket No. 4094; Case No. 01-2094, Docket No. 12711; Case No. 01-1139, Docket No. 32718.

6.      On November 8, 2016, the Court entered the Access Orders and accompanying opinions (the "Access Opinions") granting the Access Motions in part, but imposing certain restrictions on Honeywell's use of the 2019 Exhibits. Specifically relevant to this motion is that the Court ordered Honeywell to destroy the 2019 Exhibits "at the conclusion of the work or three months, whichever is soon[er]." Access Orders, ¶ 4.

7.      On November 22, 2016, Honeywell filed notices of appeal from the Access Orders.[3]

**RELIEF REQUESTED**

8.      Although the Court granted Honeywell access to the 2019 Exhibits, the three-month window to complete the "work" contemplated by this Court is unrealistic. Moreover, as Honeywell stated in its reply papers and at the Hearing, the 2019 Exhibits have already been prepared in redacted form, and are on file with the United States Bankruptcy Court for the Western District of North Carolina (the "WDNC Court"). Indeed, the special discovery master previously appointed by this Court to complete the redaction process for the 2019 Exhibits informed the Court at the Hearing that the WDNC Court would be willing to produce the redacted 2019 Exhibits to Honeywell if this Court granted the Access Motions. Hearing Transcript 30:5-13. Notwithstanding this information, the Court directed Honeywell to repeat the costly process of redaction from scratch.

9.      Honeywell intends to appeal the Access Orders on a number of grounds, including the three-month deadline and the directive to re-do the redaction process. To avoid incurring duplicative costs (*i.e.*, redacting the 2019 Exhibits, destroying the redacted 2019

---

[3] Case No. 02-12687, Docket No. 3814; Case No. 00-4471, Docket No. 10880; Case No. 03-10495, Docket No. 3566; Case No. 04-11300, Docket No. 9402; Case No. 02-10429, Docket No. 10419; Case No. 00-3837, Docket No. 21177; Case No. 01-2471, Docket No. 4163; Case No. 01-2094, Docket No. 12778; Case No. 01-1139, Docket No. 32793.

Exhibits after the three-month window expires (assuming that the three-month window commenced upon entry of the Access Orders), and then redacting the 2019 Exhibits a second time if Honeywell prevails on appeal), Honeywell does not intend to commence any work related to accessing the 2019 Exhibits until the appeal is resolved. Thus, for the reasons discussed below, this Court should stay the Access Orders pending final resolution of the appeal.

### BASIS FOR RELIEF REQUESTED

10. "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal . . . ." Bankruptcy Rule 8007(a)(1)(A). Courts in the Third Circuit consider the following factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

14. Courts in the Third Circuit apply the "sliding scale" approach to the foregoing factors, which is "a more flexible overall 'balancing' of all the factors, so that a movant's failure to demonstrate one or more of the factors is not necessarily fatal to the stay request." *In re Countrywide Home Loans, Inc.*, 387 B.R. 467, 471-72 (Bankr. W.D. Pa. 2008). Under this approach, "when the movant is more likely to succeed, the harm required to be shown is less; if success is less likely, then the harm needed must weigh more heavily in the movant's favor." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 548 (D. Del. 2005); *see also In re Cujas*, 376 B.R. 480, 485-86 (Bankr. E.D. Pa. 2007) (stating that the balancing

4

approach is the majority view and is "more consonant with the court's role in making decisions based on the equities and provides the court with the flexibility required to reach a fair result"); *see also Revel AC*, 802 F.3d at 569-70 ("'[I]n a situation where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required.'" (citation omitted)).

15. Because each of these factors weighs in favor of staying the Access Orders pending appeal, the Court should grant this motion.

### A. Other Parties Will Not Be Substantially Injured

16. Honeywell is the only party that sought and obtained affirmative relief from this Court (*i.e.*, access to the 2019 Exhibits). While the stay is in place, Honeywell will not begin any work on redacting or otherwise using the 2019 Exhibits. In other words, Honeywell will maintain the status quo. This is exactly the outcome desired by the NARCO TAC and other Objecting Parties (*i.e.*, non-access to the 2019 Exhibits). Thus, the Objecting Parties will not be substantially injured (or even minimally injured) by a stay of the Access Orders pending appeal.

### B. Honeywell Will Be Irreparably Harmed

17. In order to satisfy the second factor, the applicant must "demonstrate that irreparable injury is *likely* in the absence of [a stay]." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original); *In re Revel AC, Inc.*, 802 F.3d at 569. Without a stay, Honeywell is faced with two options: (i) redact the 2019 Exhibits, destroy the redacted 2019 Exhibits after the three-month window expires (assuming that the three-month window commenced upon entry of the Access Orders), and then redact the 2019 Exhibits a second time if Honeywell prevails on appeal, or (ii) forgo redaction of the 2019 Exhibits at this time and wait

until it prevails on appeal, but risk losing the right to access the 2019 Exhibits if Honeywell does not prevail on appeal because the three-month window will have expired (assuming that the three-month window commenced upon entry of the Access Orders). Under either option, Honeywell is likely to suffer irreparable harm absent a stay because it will either (i) incur the costs of redacting the 2019 Exhibits two times (when it may not even need to do so one time if Honeywell prevails on appeal, given that the redacted 2019 Exhibits are available from the WDNC Court) or (ii) lose the right to access the 2019 Exhibits altogether.

      **C.     Granting a Stay is in the Public Interest**

18.     The public interest also weighs in favor of a stay. Importantly, a stay of the Access Orders will *not* impact the Objecting Parties in any way, as discussed above. Coupled with the public "interest in correct application of the law," *In re Nw. Missouri Holdings, Inc.*, No. BR 15-10728-BLS, 2015 WL 3638000, at *3 (D. Del. June 11, 2015), and the irreparable harm to Honeywell if a stay is not granted, the public interest weighs in favor of granting the stay.

      **D.     Honeywell is Likely to Succeed on the Merits**

19.     In the Third Circuit, "a sufficient degree of success for a strong showing [of success on the merits] exists if there is a reasonable chance, or probability, of winning. Thus, while it is not enough that the chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not." *Revel AC, Inc.*, 802 F.3d at 568-69 (internal citations and quotation marks omitted).

20.     Honeywell has "a reasonable chance, or probability, of winning" on the merits of its appeal. The specific restrictions imposed by the Court on Honeywell's access to the 2019 Exhibits are inconsistent with Bankruptcy Code section 107, the common law right of access,

and the First Amendment. Additionally, it appears that the Court may have overlooked (or declined to consider) a number of practical issues with the Access Orders. For example, it may take three months (or longer) to redact the 2019 Exhibits, which would leave Honeywell with no time to actually use them (assuming that the three-month window commenced upon entry of the Access Orders). And even if the redacted 2019 Exhibits were produced to Honeywell today, Honeywell has an ongoing need to use the 2019 Exhibits "in connection with the fraud investigation" as permitted by the Access Orders. Access Orders ¶ 2. As explained to the Court at the Hearing, Honeywell's fraud investigation is both retrospective and prospective. Indeed, Honeywell is obligated, subject to certain limitations and exceptions, *in perpetuity* to fund (i) all distributions made by the NARCO Trust on account of asbestos injury claims, up to certain capped amounts (in excess of $100 million) each year, and (ii) all of the NARCO Trust's expenses. Access Motions, ¶6. Honeywell was given broad and sweeping rights to audit, review, and make recommendations to the NARCO Trust pursuant to the First Amended North American Refractories Company Asbestos Personal Injury Settlement Trust Distribution Procedures, which was approved by the United States Bankruptcy Court for the Western District of Pennsylvania in connection with the confirmation of the *Third Amended Plan of Reorganization of North American Refractories Company et al. Dated December 28, 2005*.[4] Access Motions, ¶7.

21.     Accordingly, and notwithstanding this Court's findings in the Access Opinions, Honeywell respectfully submits that it has a "reasonable chance, or probability, of winning" on the merits of its appeal with respect to at least *some* of the restrictions imposed by this Court. *Revel AC, Inc.*, 802 F.3d at 568-69 (internal citations and quotation marks omitted); s*ee In re Tribune Co.*, 477 B.R. 465, 475 (Bankr. S.D.N.Y. 2012) (finding movants had "made an

---

[4] *In re North American Refractories Company, et al.*, Case No. 02-20198 (Bankr. W.D. Pa.).

adequate showing of likelihood of success on the merits with respect to the issues on appeal to require analysis of the remaining . . . factors," despite noting the court had "thoroughly—and correctly—examined and determined the disputed issues").

22.  Even if this Court were to find that Honeywell does *not* have a strong likelihood of ultimate success, such a finding would not be fatal to this motion given that all other factors weigh heavily in favor of staying the Access Orders pending appeal. *See Revel AC*, 802 F.3d at 569-70 ("'[I]n a situation where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required.'" (citation omitted)). Here, specifically, there would be absolutely no potential harm to the Objecting Parties as a result of the stay.

## **NOTICE**

23.  Notice of this Stay Motion will be provided via overnight delivery to the United States Trustee; the reorganized debtors in these chapter 11 cases; Ford Motor Company; The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee; Motley Rice, LLC; the Flintkote Future Claimants' Representative; the NARCO Future Claimants' Representative; Waters Kraus & Paul; Lipsitz & Ponterio, LLC; Ashcraft & Gerel, LLP; Armstrong World Industries, Inc.; Jacobs & Crumplar P.A.; The ACandS, Inc. Asbestos Settlement Trust Advisory Committee; Armstrong World Industries, Inc. Asbestos Personal Injury Trust Advisory Committee; The Flintkote Company Asbestos Personal Injury Trust Advisory Committee; Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust Advisory Committee; Owens Corning/Fibreboard Asbestos Personal Injury Trust Advisory Committee; United States Gypsum Asbestos Personal Injury Trust Advisory Committee; United

8

States Mineral Products Company Asbestos Personal Injury Trust Advisory Committee; WRG Asbestos Personal Injury Trust Advisory Committee; and Simmons Hanly Conroy LLC. In light of the nature of the relief requested, Honeywell submits that no other or further notice is necessary.

## NO PRIOR RELIEF

24. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, Honeywell respectfully requests that the Court stay the Access Orders pending appeal and grant Honeywell such other and further relief as the Court deems just and proper.

Dated: November 23, 2016
       Wilmington, Delaware

POLSINELLI PC

*/s/ Justin Edelson*
Justin Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

MCDERMOTT WILL & EMERY LLP
Peter John Sacripanti *(admitted pro hac vice)*
John J. Calandra *(admitted pro hac vice)*
Darren Azman *(admitted pro hac vice)*
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Honeywell International Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACANDS, INC.,<br><br>　　　　Debtor. | Case No. 02-12687 (KG)<br><br>Chapter 11 |
| In re:<br><br>ARMSTRONG WORLD INDUSTRIES, INC., *et al.*,<br><br>　　　　Debtors. | Case No. 00-04471 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>COMBUSTION ENGINEERING, INC.,<br><br>　　　　Debtor. | Case No. 03-10495 (KG)<br><br>Chapter 11 |
| In re:<br><br>THE FLINTKOTE COMPANY, *et al.*,<br><br>　　　　Debtors. | Case No. 04-11300 (KG)<br><br>Chapter 11<br><br>Jointly Administered |
| In re:<br><br>KAISER ALUMINUM CORPORATION, *et al.*,<br><br>　　　　Debtors. | Case No. 02-10429 (KG)<br><br>Chapter 11<br><br>Jointly Administered |

| | |
|---|---|
| In re: <br><br> OWENS CORNING, *et al.*, <br><br> Debtors. | Case No. 00-03837 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |
| In re: <br><br> UNITED STATES MINERAL PRODUCTS COMPANY, <br><br> Debtor. | Case No. 01-02471 (KG) <br><br> Chapter 11 |
| In re: <br><br> USG CORPORATION, *et al.*, <br><br> Debtors. | Case No. 01-02094 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |
| In re: <br><br> W.R. GRACE & CO., *et al.*, <br><br> Debtors. | Case No. 01-01139 (KG) <br><br> Chapter 11 <br><br> Jointly Administered |

**ORDER GRANTING MOTION OF HONEYWELL INTERNATIONAL INC. FOR STAY PENDING APPEAL OF THE 2019 ORDER**

Upon the motion (the "<u>Stay Motion</u>") of Honeywell International Inc., dated November 23, 2016, for entry of an order staying this Court's *Order* dated November 8, 2016 (the "<u>Access Orders</u>") entered in these chapter 11 cases;[1] and it appearing that the Court has jurisdiction to

---

[1] Case No. 02-12687, Docket No. 3810; Case No. 00-4471, Docket No. 10876; Case No. 03-10495, Docket No. 3562; Case No. 04-11300, Docket No. 9398; Case No. 02-10429, Docket No. 10415; Case No. 00-3837, Docket No. 21173; Case No. 01-2471, Docket No. 4159; Case No. 01-2094, Docket No. 12774; Case No. 01-1139, Docket No. 32788.

consider the Stay Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue of the Stay Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and the Court having reviewed and considered the Stay Motion and any responses thereto; and adequate and sufficient notice of the Stay Motion having been provided; and after due deliberation thereof;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The effectiveness of the Access Orders is hereby stayed *nunc pro tunc* to November 8, 2016 pending final resolution of Honeywell's appeal therefrom.

3. Notwithstanding any rule to the contrary, this Order shall take effect immediately upon entry.

4. This Court will retain jurisdiction to resolve any disputes arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.


Dated: _____, 2016

                                                       THE HONORABLE KEVIN GROSS
                                                       UNITED STATES BANKRUPTCY JUDGE