## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

| | |
|---|---|
| ACandS, Inc. | Case No. 02-12687 (KG) |
| Armstrong World Industries, Inc. | Case No. 00-4471 (KG) |
| Combustion Engineering, Inc. | Case No. 03-10495 (KG) |
| The Flintkote Company | Case No. 04-11300 (KG) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (KG) |
| Owens Corning | Case No. 00-3837 (KG) |
| US Mineral Products Company | Case No. 01-2471 (KG) |
| USG Corp. | Case No. 01-2094 (KG) |
| W.R. Grace & Co. | Case No. 01-1139 (KG) |

Debtors.

## NOTICE OF CROSS APPEAL

The North American Refractories Company Asbestos Personal Injury Settlement Trust Advisory Committee ("**NARCO TAC**"), by and through its undersigned counsel, hereby cross appeals to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, from (i) the *Order* (the "**Order**")[1] and (ii) the *Opinion re Motion of Honeywell International, Inc. for Access to Rule 2019 Exhibits* (the "**Opinion**"),[2] each entered by the Bankruptcy Court on November 8, 2016, copies of which are attached hereto as Exhibits A & B respectively, and (iii) all adverse

---

[1]     This Order was filed in: Case No. 02-12687 at Docket No. 3810; Case No. 00-04471 at Docket No. 10876; Case No. 03-10495 at Docket No. 3562; Case No. 04-11300 at Docket No. 9398; Case No. 02-10429 at Docket No. 10415; Case No. 00-03837 at Docket No. 21173; Case No. 01-02471 at Docket No. 4159; Case No. 01-02094 at Docket No. 12774; and Case No. 01-01139 at Docket No. 32788.

[2]     This Opinion was filed in: Case No. 02-12687 at Docket No. 3809; Case No. 00-04471 at Docket No. 10875; Case No. 03-10495 at Docket No. 3561; Case No. 04-11300 at Docket No. 9397; Case No. 02-10429 at Docket No. 10414; Case No. 00-03837 at Docket No. 21172; Case No. 01-02471 at Docket No. 4158; Case No. 01-02094 at Docket No. 12773; and Case No. 01-01139 at Docket No. 32787.

orders rulings, decrees, opinions, and judgments leading up to, merged into, or included within the Order or the Opinion. To the extent the "*Correcting Order*"[3] entered by the Bankruptcy Court on December 1, 2016, a copy of which is attached hereto as <u>Exhibit C</u>, is a valid order that modified the Order and/or the Opinion, the NARCO TAC hereby cross appeals from that order as well.

The names of all parties to the Order and Opinion cross appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1.    Cross-Appellant/Appellee NARCO TAC is represented by:

> Anthony M. Saccullo
> Thomas H. Kovach
> A.M. SACCULLO LEGAL, LLC
> 27 Crimson King Drive
> Bear, Delaware 19701
> Telephone: (302) 836-8877
> Facsimile: (302) 836-8787
>
> -AND-
>
> Elihu Inselbuch
> CAPLIN & DRYSDALE, CHARTERED
> 600 Lexington Avenue, 21st Floor
> New York, New York 10022
> Telephone: (212) 379-6000
> Facsimile: (212) 379-6001
>
> Ann C. McMillan
> Kevin C. Maclay
> Todd E. Phillips
> CAPLIN & DRYSDALE, CHARTERED
> One Thomas Circle, NW Suite 1100
> Washington, DC 20005

---

[3]    This Correcting Order was filed in Case No. 02-12687 at Docket No. 3833; Case No. 00-04471 at Docket No. 10898; Case No. 03-10495 at Docket No. 3586; Case No. 04-11300 at Docket No. 9423; Case No. 02-10429 at Docket No. 10437; Case No. 00-03837 at Docket No. 21196; Case No. 01-02471 at Docket No. 4180; Case No. 01-02094 at Docket No. 12796; and Case No. 01-01139 at Docket No. 929598.

Telephone: (202) 862-5000
Facsimile: (202) 429-3301

2.      Cross-Appellee/Appellant Ford Motor Company is represented by:

Christian J. Singewald
WHITE AND WILLIAMS LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
Telephone: (302) 467-4524
Facsimile: (302) 467-4554

-AND-

K. Elizabeth Sieg
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 698-2255

3.      Cross-Appellee/Appellant Honeywell International Inc. is represented by:

Justin Edelson
POLSINELLI PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

-AND-

Peter John Sacripanti
John J. Calandra
Darren Azman
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

4.      Appellees Reorganized Debtors W.R. Grace & Co., et al. are represented by:

Laura Davis Jones
James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP

919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-AND-

Roger J. Higgins
THE LAW OFFICES OF ROGER HIGGINS
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone: (312) 836-4047

5.    Appellees Reorganized Debtors Owens Corning, et al. are represented by:

Mark Minuti
Lucian Murley
SAUL EWING LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: (302) 421-6898
Facsimile: (302) 421-5864

-AND-

Adam H. Isenberg
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 972-8662

6.    Appellee Jacobs & Crumplar, P.A. is represented by:

Thomas Crumplar
JACOBS & CRUMPLAR, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899
Telephone: (302) 656-5445
Facsimile: (302) 656-5875

7.    Appellees the ACandS, Inc. Asbestos Settlement Trust Advisory Committee, the Armstrong World Industries, Inc. Asbestos Personal Injury Trust Advisory Committee, The Flintkote Company Asbestos Personal Injury Trust Advisory Committee, the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust Advisory Committee, the Owens

Corning/Fibreboard Asbestos Personal Injury Trust Advisory Committee, the United States Gypsum Asbestos Personal Injury Trust Advisory Committee, the United States Mineral Products Company Asbestos Personal Injury Trust Advisory Committee, and the WRG Asbestos Personal Injury Trust Advisory Committee are represented by:

>       Anthony M. Saccullo
>       Thomas H. Kovach
>       A.M. SACCULLO LEGAL, LLC
>       27 Crimson King Drive
>       Bear, Delaware 19701
>       Telephone: (302) 836-8877
>
>       -AND-
>
>       Elihu Inselbuch
>       CAPLIN & DRYSDALE, CHARTERED
>       600 Lexington Avenue, 21st Floor
>       New York, New York 10022
>       Telephone: (212) 379-6000
>       Facsimile: (212) 379-6001
>
>       Ann C. McMillan
>       Kevin C. Maclay
>       Todd E. Phillips
>       CAPLIN & DRYSDALE, CHARTERED
>       One Thomas Circle, NW Suite 1100
>       Washington, DC 20005
>       Telephone: (202) 862-5000
>       Facsimile: (202) 429-3301

8.    Appellee Motley Rice, LLC is represented by:

>       Daniel K. Hogan
>       HOGAN MCDANIEL
>       1311 Delaware Avenue
>       Wilmington, Delaware 19806
>       Telephone: (302) 656-7540
>       Facsimile: (302) 656-7599
>
>       -AND-
>
>       Joseph F. Rice
>       John A. Baden, IV MOTLEY RICE, LLC
>       28 Bridgeside Blvd. P.O. Box 1792
>       Mount Pleasant, SC 29465
>       Telephone: (843) 216-9000
>       Facsimile: (843) 216-9440

9.      Appellee James J. McMonagle, the Future Claimants' Representative for the Flintkote Asbestos Trust, is represented by:

> James L. Patton, Jr.
> Edwin J. Harron
> Sharon M. Zieg
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> 1000 North King Street
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253

10.     Appellee Simmons Hanly Conroy LLC is represented by:

> Edward J. Kosmowski
> THE LAW OFFICE OF EDWARD J. KOSMOWSKI, LLC
> 2 Mill Road, Suite 202
> Wilmington, Delaware 19806
> Telephone: (302) 351-9010
> Facsimile: (302) 635-1805
>
> -AND-
>
> Matthew J. Peterson
> SIMMONS HANLY CONROY, LLC One Court Street
> Alton, IL 62002
> Telephone: (618) 259-2222
> Facsimile: (618) 259-2251

11.     Appellee Lawrence Fitzpatrick, the Representative for the North American Refractories Company Asbestos Personal Injury Settlement Trust, is represented by:

> James L. Patton, Jr.
> Edwin J. Harron
> Sharon M. Zieg
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> 1000 North King Street
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253

12.     Appellee Waters Kraus & Paul is represented by:

> Natalie D. Ramsey
> Davis Lee Wright
> MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
> 1105 North Market Street, 15th Floor

Wilmington, Delaware 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820

-AND-

Peter A. Kraus
Leslie MacLean
WATERS KRAUS & PAUL
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 357-6244
Facsimile: (214) 357-7252

13.    Appellee Lipsitz & Ponterio LLC is represented by:

Natalie D. Ramsey
Davis Lee Wright
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
1105 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820

-AND-

John N. Lipsitz
Ryan D. Ledebur
LIPSITZ & PONTERIO, LLC
135 Delaware Avenue, 5th Floor
Buffalo, New York 14202
Telephone: (716) 849-0701
Facsimile: (716) 849-0708

14.    Appellees unidentified claimants represented by Ashcraft & Gerel, LLP are represented
by:

David M. Layton
ASHCRAFT & GEREL, LLP
10 East Baltimore Street, Suite 1212
Baltimore, Maryland 21202
Telephone: (410) 539-1122
Facsimile: (410) 547-1261

15.    Appellee the Trust Advisory Committee of the Combustion Engineering 524(g) Asbestos PI Trust is represented by:

>    Joseph D. Frank
>    Reed Heiligman
>    FRANKGECKER, LLP
>    325 N. LaSalle Street, Suite 625
>    Chicago, Illinois 60654
>    Telephone: (312) 276-1400
>    Facsimile: (312) 276-0035

16.    Appellees Reorganized Debtors Armstrong World Industries, Inc., et al. are represented by:

>    Mark D. Collins
>    Jason Madron
>    RICHARDS LAYTON & FINGER, PA
>    920 North King Street
>    Wilmington, Delaware 19801
>    Telephone: (302) 651-7700
>    Facsimile: (302) 651-7701
>
>    -AND-
>
>    Stephen Karotkin
>    WEIL, GOTSHAL & MANGES LLP
>    767 Fifth Avenue
>    New York, New York 10153
>    Telephone: (212) 310-8000
>    Facsimile: (212) 310-8007

17.    The Office of the United States Trustee is represented by:

>    Richard L. Schepacarter
>    Office of the U.S. Trustee
>    U.S. Department of Justice
>    844 King Street, Suite 2207
>    Lockbox #35
>    Wilmington, Delaware 19801
>    Telephone: (302) 573-6491
>    Facsimile: (302) 573-6497

Dated:  December 5, 2016
Bear, Delaware

THE NORTH AMERICAN REFRACTORIES
COMPANY ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST ADVISORY
COMMITTEE

*/s/Anthony M. Saccullo*
Anthony M. Saccullo
Thomas H. Kovach
A.M. SACCULLO LEGAL, LLC
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877

-AND-

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
600 Lexington Avenue, 21st Floor
New York, New York 10022
Telephone: (212) 379-6000
Facsimile: (212) 379-6001

Ann C. McMillan
Kevin C. Maclay
Todd E. Phillips
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for The North American Refractories
Company Asbestos Personal Injury Settlement Trust
Advisory Committee*

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Owens Corning | ) | Case No. 00-3837 (KG) (D.I. 21106) |
| Armstrong World Industries, Inc. | ) | Case No. 00-4471 (KG) (D.I. 10813) |
| W.R. Grace & Co. | ) | Case No. 01-1139 (KG) (D.I. 32718) |
| USG Corp. | ) | Case No. 01-2094 (KG) (D.I. 12711) |
| US Minerals Products Company | ) | Case No. 01-2471 (KG) (D.I. 4094) |
| Kaiser Aluminum Corp. | ) | Case No. 02-10429(KG) (D.I. 10351) |
| ACandS, Inc. | ) | Case No. 02-12687 (KG) (D.I. 3751) |
| Combustion Engineering, Inc. | ) | Case No. 03-10495 (KG) (D.I. 3502) |
| The Flinkote Company | ) | Case No. 04-11300 (KG) (D.I. 9338) |
| | ) | |
| Debtors. | ) | |

## <u>ORDER</u>

Honeywell International, Inc. ("Honeywell"), joined by Ford Motor Company ("Ford"), have moved pursuant to 11 U.S.C. § 107 and the common law for access to asbestos claimants' Rule 2019 Exhibits.  The Rule 2019 Exhibits are filed off the docket with the Court.

For the reasons explained in the accompanying Opinion Re Motion of Honeywell International Inc. for Access to Rule 2019 Exhibits, Honeywell's and Ford's motions are granted subject to the following restrictions:

1. The Clerk of the Bankruptcy Court is hereby authorized and directed to grant Honeywell and Ford access to, and permit Honeywell and Ford to inspect and copy, any Rule 2019 Exhibit submitted to the Clerk in the Delaware Bankruptcy Cases pursuant to the Rule 2019 Orders, with the exception of the Retention Agreements, including any

exemplars thereof.  Honeywell and Ford may, at their own election and expense, select a third-party copy vendor acceptable to NARCO TAC to copy such Rule 2019 Exhibits and exclude from such copies all Retention Agreements.  To the extent such Retention Agreements are inadvertently provided to Honeywell and Ford, they shall not review such Retention Agreements, shall promptly destroy such Retention Agreements, and shall not provide them to any other person or entity or use them for any purpose whatsoever.

2.      This Order authorizes Honeywell and Ford to use such Rule 2019 Exhibits solely in connection with the fraud investigation and share aggregated information contained therein with NARCO Trust on a confidential basis.  Neither the Rule 2019 Exhibits nor the information contained therein may be used for any other purpose.

3.      Honeywell and Ford shall not disclose to NARCO Trust the information contained in any Rule 2019 Exhibits except in an aggregate format that does not identify any individually represented person.

4.      Honeywell and Ford shall comply with the terms of the Order Establishing the Protocol for Production of 2019 Exhibits, *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del. April 9, 2013).  Such compliance includes destruction of the Rule 2019 Exhibits at the conclusion of the work or three months, whichever is soon, and the filing of the affidavit required by the Protocol Order ¶ 44.

2

5.      The parties, Honeywell, Ford and NARCO TAC, shall submit to the Court the name or names of the person (other than the name the NARCO TAC previously suggested) they believe is appropriate to serve as a facilitator in the review and gathering of the Rule 2019 Exhibits.  The facilitator shall be responsible for reviewing the Rule 2019 Exhibits and removing the retention agreements and all but the last four digits of social security numbers.

6.      Honeywell and Ford shall bear the cost of the facilitator and copying of the Rule 2019 Exhibits.

7.      For the avoidance of doubt, nothing in this Order reopens any closed Delaware Bankruptcy Cases, deems any such cases re-opened, or requires the re-opening of any such cases.

Dated:  November 8, 2016

KEVIN GROSS, U.S.B.J.

3

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Owens Corning | ) | Case No. 00-3837 (KG) (D.I. 21106) |
| Armstrong World Industries, Inc. | ) | Case No. 00-4471 (KG) (D.I. 10813) |
| W.R. Grace & Co. | ) | Case No. 01-1139 (KG) (D.I. 32718) |
| USG Corp. | ) | Case No. 01-2094 (KG) (D.I. 12711) |
| US Minerals Products Company | ) | Case No. 01-2471 (KG) (D.I. 4094) |
| Kaiser Aluminum Corp. | ) | Case No. 02-10429(KG) (D.I. 10351) |
| ACandS, Inc. | ) | Case No. 02-12687 (KG) (D.I. 3751) |
| Combustion Engineering, Inc. | ) | Case No. 03-10495 (KG) (D.I. 3502) |
| The Flinkote Company | ) | Case No. 04-11300 (KG) (D.I. 9338) |
| | ) | |
| Debtors. | ) | |

## OPINION RE MOTION OF HONEYWELL INTERNATIONAL, INC.
## <u>FOR ACCESS TO RULE 2019 EXHIBITS</u>

Honeywell International, Inc. has moved for an order (the "<u>Motion</u>") authorizing

"any entity … including Honeywell... [to] access, inspect, copy and receive copies of …

any and all of the 2019 Exhibits filed with the Court in compliance with the 2019 Order

or Bankruptcy Rule 2019."  D.I. 32718-1 ¶2.  Honeywell, joined by Ford Motor Company

("<u>Ford</u>"), seeks access to statements and exhibits which asbestos claimants submitted in

the captioned cases pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>").  The North American Refractories Company Asbestos Personal

Injury Settlement Trust Advisory Committee ("NARCO TAC"), joined by others[1], has

objected to the Motion.

Honeywell's and Ford's argument in favor of access rests on Bankruptcy Code

Section 107 which provides in pertinent part:

> Except as provided in subsections (b) and (c) and subject to section 112, a
> paper filed in a case under this title and the dockets of a bankruptcy court
> are public records and open to examination by an entity at reasonable times
> without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the
> bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research,
> development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter
> contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court finds
> that disclosure of such information would create undue risk of identity theft
> or other unlawful injury to the individual or the individual's property:

---

[1] The NARCO TAC is a committee of lawyers, which represents all holders of asbestos claims in the NARCO case pending before the Bankruptcy Court for the Western District of Pennsylvania. The parties that have joined the objection are: The ACandS, Inc. Asbestos Settlement Trust Advisory Committee ("TAC"), Armstrong World Industries, Inc. Asbestos Personal Injury TAC, The Flinkote Company Asbestos Personal Injury TAC, Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury TAC, Owens Corning/Fibreboard Asbestos Personal Injury TAC, United States Gypsum Asbestos Personal Injury TAC, United States Mineral Products Company Asbestos Personal Injury TAC, and WRG Asbestos Personal Injury TAC [D.I. 32739]; Motley Rice LLC [D.I. 32740]; Future Claimants' Representative for The Flinkote Asbestos Trust [D.I. 32741]; Simmons Hanly Conroy LLC [D.I. 32742]; NARCO Future Claimant's Representative for the North American Refractories Company Asbestos Personal Injury TAC [D.I. 32743]; Waters Kraus & Paul [D.I. 32744]; Lipsitz & Ponterio, LLC [D.I. 32745]; Ashcraft & Gerel, LLP [D.I. 3770]; and Armstrong World Industries, Inc. [D.I. 10834].

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

The Court will grant Honeywell and Ford limited access as explained in this Opinion.

## JURISDICTION AND VENUE

The Court has jurisdiction over the Motion based upon its inherent authority to interpret and, if necessary, modify its own orders. 28 U.S.C. §§ 157 and 1334. In addition, the Court's jurisdiction exists because the matters which the Motion raises relate to the Court's administration responsibilities. The Motion raises issues which relate to Bankruptcy Rule 2019 and the Court's 2019 Order, and Bankruptcy Code Section 107 and is therefore a "core" matter. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

The Court previously ruled that the NARCO TAC has standing to object to the Motion on the basis that it is a party in interest under Section 1109 of the Bankruptcy Code. *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 211 (3d Cir. 2011). Courts have construed Section 1109(b) broadly to permit parties "affected by a chapter 11 proceeding to appear and be heard." *Id.* at 210 (holding that the list of potential parties in Section 1109 is not exclusive). The NARCO TAC is clearly a party in interest. It was appointed by a bankruptcy court to represent the interests of asbestos claimants, as part of the confirmation of the NARCO bankruptcy. *See also In re Amatex Corp.*, 755 F.2d 1034, 1042

3

(3d Cir. 1985) (applying the "broad, flexible definition" of *parties in interest* enunciated in case law).

## FACTS

The nine captioned cases are, of course, bankruptcy cases which resulted from the entities' asbestos related liabilities. Honeywell is a diversified technology and manufacturing company which has been a global supplier of automotive brake friction materials and aftermarket brake products. The "Bendix" products are the subject of numerous lawsuits alleging asbestos exposure from Bendix products. Honeywell is also obligated to fund all distributions which the NARCO Trust[2] makes up to capped amounts (which exceed $100 million) and all of the NARCO Trust's expenses. Declaration of Peter John Sacripanti in Support of the Motion, ¶¶ 3-5. Honeywell's purpose in seeking access to the Rule 2019 Exhibits (defined below) is to investigate fraudulent claims and produce the Rule 2019 Exhibits to the NARCO Trust for its own review of claims, and for lobbying activities. Sacripanti Declaration, ¶¶ 7-9. Honeywell cites several sources to support its view that fraudulent claims have been filed against Honeywell and the NARCO Trust.

Ford is an automobile manufacturing company, and has been named as a defendant in asbestos cases by plaintiffs claiming to have worked with or around

---

[2] The NARCO Trust was created in the North American Refractories Company bankruptcy case as the Personal Injury Settlement Trust.

chrysotile containing brake pads.  Ford joins with Honeywell in seeking access to the Rule 2019 Exhibits.

Honeywell seeks an order allowing it access to the statements and exhibits (the "Rule 2019 Exhibits") submitted pursuant to the orders entered by the Bankruptcy Court (the "Rule 2019 Orders") which standardized disclosures required by Bankruptcy Rule 2019 throughout the mass tort bankruptcies filed in the Third Circuit.  Honeywell, joined by Ford, seeks access to these documents under the public right to access of the Bankruptcy Code Section 107 and the common law.

Bankruptcy Rule 2019 requires an entity (other than a court appointed committee) to file a verified statement which includes:  (1) the name and address of the creditor, and (2) the nature and amount of the claim or interest and the time of acquisition unless it is alleged to have been acquired more than one year prior to the filing of the petition.  The Bankruptcy Court entered several orders, i.e., the Rule 2019 Orders, which informed parties how to comply with Bankruptcy Rule 2019 in the context of the asbestos cases.  The Bankruptcy Court required lawyers representing multiple claimants to file statements which the Bankruptcy Court electronically filed and docketed.  The statements identified the names and addresses of the law firms, but did not include substantive information.  However, the Rule 2019 Orders also required that the asbestos claimants' lawyers provide exhibits to the Rule 2019 statements to the Clerk of the

Bankruptcy Court.  Unlike the limited information provided in the statements, the Rule 2019 Exhibits were not to be filed electronically or docketed.

The Rule 2019 Exhibits include the following:  (1)  the names and addresses of the clients of the submitting attorney; (2) exemplars or actual copies of the relevant retention agreements; (3) identification of disease; (4) claim amounts if liquidated; (5) sometimes full or partial social security numbers; (6) sometimes medical records, with information including full or partial social security numbers; family histories (including causes of death of family members), results of physical examinations, chest x-rays, and lung function tests, and other similarly sensitive medical information; and (7) sometimes other records that the law firm maintained in connection with or commingled with the required information.  The asbestos claimants' lawyers submitted the Rule 2019 Exhibits to the Clerk of the Bankruptcy Court on compact disks.

Honeywell intends to produce the Rule 2019 Exhibits to the NARCO Trust to be used in connection with the NARCO Trust's own review of claims that it receives from asbestos claimants, and as part of its review of all of the NARCO Trust's operations.  Motion, ¶¶ 9-10.  Both Honeywell and Ford made it clear that they also intend to use the Rule 2019 Exhibits for lobbying purposes.  Neither movant provided the Court with more details as to these lobbying efforts, such as a time frame or the recipients.  In fact, the order Honeywell presented with the Motion would permit access by "any entity," and not just Honeywell or Ford.

6

## DISCUSSION

In the Motion, Honeywell requests access to the Rule 2019 Exhibits for the

following purpose:

> 9.      Honeywell intends to review and analyze all aspects of the NARCO
> Trust's operations, including, without limitation, its claims processing
> procedures and the claims submitted to the NARCO Trust under the
> individual review and expedited review processes. The valuable
> information contained in the 2019 Exhibits will help to ensure that the
> purpose of the NARCO Trust, which is to promptly pay holders of "valid"
> claims, is fulfilled, and that Honeywell appropriately compensates asbestos
> plaintiffs in the tort system, to the extent such plaintiffs have valid claims.
>
> 10.     In addition, Honeywell intends to produce the 2019 Exhibits to the
> NARCO Trust to be used in connection with the NARCO Trust's own
> review of claims that it receives from asbestos claimants.  Payment of
> invalid or fraudulent claims violates the NARCO Trust's mandate and
> operates to the detriment of not only Honeywell—by forcing Honeywell to
> contribute money for invalid claims submitted to the NARCO Trust—but
> also the holders of valid claims, whose payments will necessarily be
> delayed (without interest) because of certain distribution caps imposed on
> the NARCO Trust.  Honeywell, therefore, has a very real and timely need
> to access the 2019 Exhibits and use them in furtherance of its efforts to ferret
> out invalid or fraudulent asbestos claims.

*See* the Motion, ¶¶ 9 and 10.

However, at oral argument on the Motion both Honeywell and Ford made it

abundantly clear that it was their position that Bankruptcy Code Section 107 granted

them presumptive and unlimited access to the Rule 2019 Exhibits.  Thus, the purpose of

the Motion and Ford's joinder was not simply to investigate fraudulent claims.  There

may really be no scope to the purpose for access and, indeed, the order accompanying

the Motion makes it clear that Honeywell and Ford do not believe that a proper purpose

7

must be stated.  The order provides for "any entity" to have access.  Honeywell and Ford also spoke at oral argument about using the Rule 2019 Exhibits for lobbying purposes. They did not, however, provide any specifics of what the lobbying efforts would entail.

Honeywell and Ford are correct that in other and different cases, Bankruptcy Code Section 107 provides unlimited public access to papers filed in a bankruptcy case.  Section 107 says just that and courts have interpreted Section 107 in just that way.  *See, e.g.*, *In re Gitto Global Corp.*, 422 F. 3d 1, 7 (1st Cir. 2005); *In re Blake*, 452 B.R. 1, 8 (Bankr. D. Mass. 2011).

There are, however, limits to access to the Rule 2019 Exhibits and the District Court has set the limits which Honeywell and Ford would have the Court ignore but which bind the Court.  In *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281 (D. Del. 2013), the District Court reversed the Bankruptcy Court, finding that the Rule 2019 Exhibits are judicial records, *id.* at 297, and "there is a presumptive right of public access to them." *Id.* at 298.  The District Court further held that "the presumption of access has not been rebutted." *Id.*   The District Court found that "Garlock's intended use of such information at an estimation proceeding in its own bankruptcy is a proper purpose." *Id.* at 300.  Having found a proper purpose, the District Court did not deem it necessary to decide if Garlock's other stated purposes, i.e., pursuit of an action, lobbying and legislative reform efforts, were necessary.  The District Court held that the balancing of the factors for and against access is a matter of discretion.  The District Court took into

8

account the fact that the asbestos claimants, even if they did not submit claims, retained

attorneys and that the information in the Rule 2019 Exhibits is similar to that which would

appear in a complaint in asbestos litigation. *Id.* at 301.  The District Court also

acknowledged that the "privacy interests of the individuals identified in the Rule 2019

Exhibits weigh against disclosure," but found that the strict limits the court imposed as

well as the potential efficiency that would benefit the Garlock bankruptcy proceedings

outweighed this concern.  *Id.* at 300-01.

The District Court was ultimately persuaded in favor of access by the fact that

restrictions would be placed on access to the Rule 2019 Exhibits.  Thus, the District Court

exercised its discretion to grant access solely for use in Garlock's estimation proceedings.

The District Court alternatively held that access could be granted on the basis that

the Rule 2019 Orders operated as confidentiality orders, and the motion for access

operated as a motion to modify.  *Garlock Sealing*, 488 B.R. at 299.  Following this reasoning,

the decision analyzed the purpose of Garlock's request for access using the factors and

balancing test described in *Pansy v. Borough of Stroudsburg*.  23 F.3d 772, 786 (3d Cir. 1994)

(remanding newspaper's motion to modify a confidentiality order on the basis that the

lower court did not properly balance the competing public and privacy interests).

Under the standard laid out in *Pansy*, "[t]he party seeking to modify the order of

confidentiality must come forward with a reason to modify the order. Once that is done,

the court should then balance the interests, including the reliance by the original parties

to the order, to determine whether good cause still exists for the order." *Garlock Sealing*,

488 B.R. at 300 (quoting *Pansy*, 23 F.3d at 790).

Using this analysis, the District Court found that there was good cause to modify

the Rule 2019 Orders because Garlock sought access in connection with the estimation

proceedings in its own bankruptcy case. *Id.* at 300 (allowing use of the Rule 2019 Exhibits

for use in proceedings to determining aggregate liability for asbestos claims).  The District

Court noted that this purpose was consistent with the public policy of sharing

information among litigants to promote fairness and efficiency.  The District Court stated:

> [H]aving considered the *Pansy* factors, and affording them each the weight
> appropriate under the circumstances presented here, the Court concludes
> that…Garlock has demonstrated good cause for modification of the 2019
> Orders to the extent necessary to provide Garlock access to the exhibits
> subject to restrictions….

*Id.* at 301.  The District Court made clear that this grant of access was "subject to certain

limitations, limitations that are intended to substantially reduce any threat to privacy

interests." *Id.*

If the District Court had ended its opinion with the ruling in favor of Garlock,

Honeywell and Ford would be correct and would be entitled to the unfettered access to

and the use of the Rule 2019 Exhibits.  But, the District Court's opinion did not stop with

granting Garlock access.  Importantly, the District Court found "it appropriate to impose

certain limitations on Garlock's access to and use of the 2019 Exhibits . . . .  Garlock is to

be provided access to the 2019 Exhibits solely for the purpose of using them in connection

with the estimation proceedings in its own bankruptcy case.  Garlock may not publicly

disclose information contained in the 2019 Exhibits except in an aggregate format that

does not identify any individual."  *Id.* at 302.[3]  The District Court also entered an

implementing order which provided, in part, that:

> 2.  This Order authorizes Garlock to use such 2019 Exhibits solely in
> connection with the estimation proceedings in Garlock's chapter 11
> bankruptcy cases . . . and neither the 2019 Exhibits nor the information
> contained therein may be used for any other purpose.
>
> 3.  Garlock shall not disclose publicly the information contained in any 2019
> Exhibit except in an aggregate format that does not identify any individual
> represented person.

Order Implementing Opinion and Order Reversing Bankruptcy Court Orders and

Granting Garlock Sealing Technologies LLC Access to 2019 Exhibits, dated March 14,

2013 (District Court D.I. 67).

Thereafter, and on the heels of the District Court's ruling, the Bankruptcy Court

established a protocol for production of the Rule 2019 Exhibits.[4]  The protocol calls for a

referee or "special master" to review documents before they are produced to the

accessing party.  In the case of Garlock, the special master was tasked with inspecting

each file identified by the third party vendor as responsive to the order "to determine

whether it is a document to which Garlock has been granted access."  Protocol Order ¶

---

[3]   The District Court also observed that Garlock was not seeking retention agreements
between the lawyers and potential clients.  The same is true for Honeywell and Ford.

[4] Order Establishing the Protocol for Production of 2019 Exhibits, *In re W.R. Grace & Co.*,
Case No. 01-01139 (Bankr. D. Del. April 9, 2013) (D.I. 30490) ("Protocol Order").

33.  D.I. 30490.   Garlock was permitted to inspect and copy the Rule 2019 Exhibits, yet it could only use them in connection with the estimation proceedings in its own bankruptcy case.

Garlock was instructed not to share any copies of the contents of the production, and the Protocol Order included instructions to destroy materials after the court-approved purpose was carried out.  *Id.* at ¶ 44(d).  The Protocol Order also provided that within 30 days after the final confirmation of Garlock's chapter 11 plan, Garlock was required to file with the Bankruptcy Court a sworn affidavit by its counsel providing that: (a) the Rule 2019 Exhibits were used solely for the purpose of the bankruptcy proceeding; (b) the Rule 2019 Exhibits were not shared (in whole or in part) with any person or entity other than those expressly authorized by court order; (c) the identity of any individual would not be publicly disclosed absent court order, and (d) all copies of the Rule 2019 Exhibits were retrieved, collected and permanently destroyed.  Protocol Order ¶ 44.  The Bankruptcy Court's instructions were consistent with the District Court's ruling which provided that Garlock was to use the Rule 2019 Exhibits solely in the estimation proceeding.

As noted, Honeywell wants access to the Rule 2019 Exhibits, as well as to retain the information indefinitely, to "ferret out invalid or fraudulent asbestos claims".  Motion, ¶ 10.  What came across in oral argument is that an important purpose for both Honeywell and Ford in seeking the Rule 2019 Exhibits is to aid in their lobbying efforts.

12

Both Honeywell and Ford neglected to give more specific information than this, such as with whom it would share the information, a time frame for use of the information, and how the Rule 2019 Exhibits would be useful.

The Court is satisfied that the presumption of public access applies to the Rule 2019 Exhibits because they are judicial records.[5]  *See Garlock Sealing*, 488 B.R. at 297, *Pittsburgh Corning*, 2005 WL 6128987, at *9.  Notwithstanding the presumption, a court retains the authority to seal documents "when justice so requires."  *See Garlock Sealing*, 488 B.R. at 299-300 (citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011)) (affirming the district court's order sealing portions of transcript memorializing terms of settlement agreements).  The nature of the information contained in the Rule 2019 Exhibits, while not enough to automatically rebut the presumption, does call for judicial discretion in considering a grant of access.  *See Garlock Sealing*, 488 B.R. at 299 (granting limited access to the Rule 2019 Exhibits solely for use in estimation proceedings).

The Court is very much guided by District Court's ruling in *Garlock Sealing*.  Yet, it is difficult to properly exercise its discretion in order to follow the course outlined by the District Court.  Honeywell and Ford have not provided enough information regarding the proposed use of the Rule 2019 Exhibits.  The Court takes notice of the fact

---

[5]  Honeywell and Ford also argue that they have a common law right of access to the Rule 2019 Exhibits.  They cite, among other cases, *Publicker Indus., Inc. v. Cohen*, 733 F. 2d 1059, 1068-70 (3d Cir. 1984); and *In re Cendant Corp.*, 266 F. 3d 183, 192 (3d Cir 2001).  However, the District Court has already established that the Rule 2019 Exhibits are the kind entitled to protection (*id.* at 194) and therefore the common law does not affect the Court's ruling.

13

that the District Court did not provide for Garlock's similarly vague proposed use of the records for "lobbying." *Id.* at 300 (declining to authorize Garlock's other stated purpose of a RICO action against asbestos plaintiffs' counsel, as well as lobbying and legislative reform efforts were proper purposes). Honeywell argues that the information in the Rule 2019 Exhibits is the same that would appear in a complaint in state court tort litigation for asbestos exposure. This argument was not dispositive in *Garlock Sealing*, and it similarly falls short here. *Garlock Sealing*, 488 B.R. 301.

A threshold consideration is whether the movants have stated a proper purpose. *See Garlock Sealing*, 488 B.R. at 299. Under *Pansy*, in order to modify a protective order, the moving party "must come forward with a reason to modify the order." *Id.* at 300. At this point, "the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order."

Honeywell and Ford both seek limitless access from this Court for use outside judicial proceedings. There is no precedent for this. In the Third Circuit, access to court records has been denied where court files could potentially become a vehicle for improper purposes. *In re Cendant Corp.*, 260 F.3d at 194, *Leap System v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). The Court could not find any Third Circuit case law holding or otherwise considering whether lobbying is a proper purpose under Rule 2019.

Accordingly, the Court will limit Honeywell's and Ford's use of the Rule 2019 Exhibits. They may not be used for "lobbying efforts." Honeywell and Ford may use the Rule 2019 Exhibits to investigate fraud in the claims process and may share the information with the NARCO Trust in an aggregate format. In other words, Honeywell and Ford may not share the identity of individuals by name or other identifying means with the NARCO Trust. Honeywell and Ford are granted three months to complete their work and must comply with the Protocol Order which requires the destruction of the Rule 2019 Exhibits at the conclusion of the work. Honeywell's and Ford's efforts will be at their expense. In addition, the Court will appoint a party to oversee the production of the Rule 2019 Exhibits. Given Honeywell's opposition to the appointment of the person who the NARCO TAC suggested, the parties are directed to confer and submit a name or names to the Court. Honeywell and Ford will bear the cost of the person who the Court names.

An Order accompanies this Opinion.

Dated: November 8, 2016

KEVIN GROSS, U.S.B.J.

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | |
| | ) | | |
| Owens Corning | ) | Case No. 00-3837(KG) | D.I. 21173 |
| Armstrong World Industries, Inc. | ) | Case No. 00-4471(KG) | D.I. 10876 |
| W.R. Grace & Co. | ) | Case No. 01-1139(KG) | D.I. 32788 |
| USG Corp. | ) | Case No. 01-2094(KG) | D.I. 12774 |
| US Minerals Products Company | ) | Case No. 01-2471(KG) | D.I. 4159 |
| Kaiser Aluminum Corp. | ) | Case No. 02-10429(KG) | D.I. 10415 |
| ACandS, Inc. | ) | Case No. 02-12687(KG) | D.I. 3810 |
| Combustion Engineering, Inc. | ) | Case No. 03-10495(KG) | D.I. 3562 |
| The Flintkote Company | ) | Case No. 04-11300(KG) | D.I. 9398 |
| | ) | | |
| Debtors. | ) | | |

## CORRECTING ORDER

In the Motion of Honeywell International Inc. For Stay Pending Appeal, Honeywell pointed out an error in the Opinion and Order (the "Order") which the Court entered on November 8, 2016. The Court is rectifying its error. The Court, writing as if the material to be produced, i.e., any Rule 2019 Exhibit except Retention Agreements, remained solely in the custody of the Clerk of the Court, ordered Honeywell and Ford to "bear the cost of the facilitator and copying of the Rule 2019 Exhibits." In fact, redacted Rule 2019 Exhibits are in the custody of the Bankruptcy Court for the Western District of Pennsylvania. The Rule 2019 Exhibits were gathered under the supervision of Karl Schieneman. The Rule 2019 Exhibits already collected should be made available to Honeywell and Ford on the terms set forth in the Order, with adjustments which Mr. Schieneman will suggest. There is no reason for Honeywell and Ford to bear the cost of the repeated reproduction of the

Rule 2019 Exhibits.  Karl Schieneman is named the facilitator and charged with collecting

the Rule 2019 Exhibits from the Bankruptcy Court for the Western District of Pennsylvania

and supervising their production to Honeywell and Ford consistent with the Order.  The

Order is amended to include this correction.

      SO ORDERED.

Dated: November 30, 2016

                                    KEVIN GROSS, U.S.B.J.

2