

U.S. Department of Justice

**Tax Division**
*Civil Trial Section, Eastern Region*

DAH:DSM:WWBenson  
DJ 5-15-1914  
CMN 2017101245

P.O. Box 227  
Washington, D.C. 20044

Telephone: 202-514-9642  
Telecopier: 202-514-6866

September 26, 2017

(Via ECF)

Hon. Kevin Gross  
United States Bankruptcy Court  
824 N. Market Street  
6th Floor  
Wilmington, DE 19801

      Re:    *In re W.R. Grace & Co., et al.*  
              01-bk-01139 (Bankr. D. Del.)

Dear Judge Gross,

      I write to address two issues that arose at the hearing on September 19, 2017. First, your Honor focused on whether the doctrine of equitable recoupment applies here because: (1) the United States argues that the doctrine applies in cases where liabilities for only one tax year are at issue, but (2) the majority of the reduction in the debtor's tax liability for tax year 1998 resulted from an NOL carryback from tax year 2008. I explained that even though the reduction in tax was due to the application of NOLs from a different tax year, the liability against which interest for 1998 was being recouped is unquestionably for 1998, not 2008. The dispute thus relates to only one tax year, making recoupment the proper doctrine. While a case cited in my brief stands for that proposition, *Pacific Gas and Electric Co. v. U.S.*, 417 F.3d 1375, 1378 (Fed. Cir. 2005), I would like to elucidate for the Court the provisions of the Internal Revenue Code that demonstrate why the application of an NOL carryback only involves the determination of liability for one year–the carryback year.

      Second, both the Court and the debtors questioned whether recoupment is applicable when part of the reduction in the 1998 liability was due to the application of overpayments from other tax years. I represented to the Court that if the reduction was partially due to the offset of overpayments, it might change the United States' analysis–though only as to a portion of the disputed underpayment interest. I asked for additional time to review the debtors' records to be able to confirm whether the debtors' argument on this point had validity. I have conducted that review and now stand by the United States' original assertion that the only doctrine relevant to the amount of interest owed is recoupment, notwithstanding any offsets made to the 1998 tax liability. The reason will be explained below.

The Internal Revenue Code makes clear that application of NOL carrybacks is a component of determining the taxpayer's liability for the carryback year, not the netting of a liability for the carryback year against an overpayment for the loss year.

1. The IRC imposes a tax for each "taxable year" on the "taxable income" of a corporation. 26 U.S.C. § 11(a).

2. "'[T]axable income' means gross income minus the deductions allowed by [Chapter 1 of the IRC]…." 26 U.S.C. § 63(a).

3. For instance, § 162(a) provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business…."

4. The important deduction for the taxable year in this case (1998) is for net operating losses. Section 172(a) provides that "[t]here shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year."

The plain meaning of these provisions is that while NOLs necessarily arise from a different tax year than the one for which liability is to be determined, they are not treated as being a separate liability of the United States to be offset against an underpayment for the carryback year. Instead, they are tax attributes that are factored into the calculation of the taxable income for the tax year at issue, just like losses from operations that arose in that same year. Accordingly, when underpayment interest for a taxable year is to be netted against a refund request based on an NOL carryback to that year, there is only one tax year's liability at issue, and so the doctrine of equitable recoupment is the appropriate doctrine to apply–not setoff.

Next, the debtors were wrong when they argued that, because their liability for 1998 was reduced by overpayments for other tax years in addition to the NOLs, the only appropriate doctrine to apply is offset. While superficially appealing, the argument fails because it ignores what is actually at issue in this case. The dispute centers on whether the underpayment interest the IRS sought constituted a "claim," which was subject to the plan's provision regarding interest on allowed priority tax claims, or a right of recoupment, which is not a claim under Third Circuit case law. The reduction of the overpayment for 1998 by interest for 1998 was a recoupment, not a setoff, and the fact that overpayments for other years were also applied to the debtors' 1998 liability does not change this.

The operative question in this case is whether, when the debtors sought a refund in 2012 for tax year 1998 based on the carryback of NOLs from 2008, the interest the IRS asserted was owed was a "claim" independent from the debtors' refund claim. The IRC provisions cited above make clear that when a taxpayer amends a return to include NOLs from a subsequent tax year, the taxpayer is representing that its taxable income for the carryback year was lower than previously reported, and thus the tax owed for that year was also lower. If true, then the taxpayer is entitled to a refund of any amounts it paid in excess of the tax and related interest and penalties it owed. But when a taxpayer claims a refund, the IRS is entitled to review the taxpayer's request, redetermine the amount owed for the year (including any applicable interest and penalties), and then reduce the refund as necessary to ensure that the taxpayer only receives back

what has actually been overpaid. When the IRS does so, it is not engaging in a setoff of separate claims. Instead, it is merely making a determination as to what the United States' liability to the taxpayer for that tax year actually is.

That is exactly what happened here. When recomputing the debtors' tax liability for 1998 based on the debtors' inclusion of the 2008 NOLs, the IRS reduced the tax owed for 1998 by $11,491,201. That abatement completely eliminated the $5,852,658 tax deficiency the debtors had at the time. However, in exercising its right to recalculate the debtors' total liability for 1998 before determining whether there was actually an overpayment, the IRS also factored into its calculation the $4,980,800.05 of interest that had accrued on that original deficiency. Once that interest was included in the overpayment calculation, the effective amount of the "credit" resulting from the NOL carryback was $657,742.95. This amount, plus $1,280,263.22 in overpayments from subsequent years that had already been credited to the account, plus $89,538.59 of interest on the overpayment, was remitted to the taxpayer as a refund.

Thus, the statutory underpayment interest applied by the IRS was not a "claim" separable from the refund request. It was merely one component in calculating the debtors' total liability to the United States for 1998, which had to be computed before the IRS could determine what the actual overpayment for that year really was. And since the statutory interest did not constitute a "claim," but instead formed the basis for the exercise of recoupment rights, the plan provision calling for a 4.19% interest rate on priority tax "claims" cannot possibly apply to it.

                                                        Sincerely yours,

                                                        */s/ Ward W. Benson*
                                                       WARD W. BENSON
                                                       Trial Attorney
                                                       Civil Trial Section, Eastern Region