July 1, 2021

VIA FEDERAL EXPRESS OVERNIGHT MAIL

Clerk's Office
United States Bankruptcy Court for District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

In Re W.R. Grace & Co., Chapter 11 Bankruptcy Case No. 01-01139 (AMC)

Dear Clerk,

Attached are my "Notice of Appeal and Statement of Election", an "Affidavit of Service" and my appeal filing fee check in the amount of $298.00 payable to Clerk, United States Bankruptcy Court.

Also attached is an extra copy of the face sheet of my "Notice of Appeal, and a preaddressed postage prepaid envelope.

Please conform a copy of the face sheets showing date of filing and document number of filed document and return the conformed face sheet with docket numb4 to me in that attached preaddressed prepaid envelope.

Also, please return a receipt for my payment of filing fee for appeal in the amount of $298.00.

Thank you.

Very truly yours,

*[signature: Gary Smolker]*

Gary Smolker
Email: GSmolker@aol.com
Cell Phone: 1-310-749-9735
Office Phone: 1-818-788-7290

Gary Smolker
16055 Ventura Blvd., Suite 525
Encino, CA. 91436

Official Form 417A (12/18)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Gary S Smolker

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☑ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Approving Request to Cancel Hearing

2. State the date on which the judgment, order, or decree was entered: 06/22/2021

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: GARY S SMOLKER    Attorney: Pro Se
   16055 Ventura Boulevard - Suite 525
   Encino, California 91436

2. Party: W.R. Grace & Co    Attorney: Roger Higgins, Esq.
   Law Offices of Roger Higgins, LLC
   516 North Ogden Avenue - Suite 136
   Chicago, Illinois 60642        AND

   James O'Neill, Esq. & Laura Davis Jones, Esq.
   Pachulski Stange, Ziehl & Jones, LLP
   919 North Market Street - 17th Floor
   Wilmington, Delaware 19899

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

### Part 5: Sign below

*/s/ Gary Smolker*

Date: 06/30/2021

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
Gary S Smolker
16055 Ventura Boulevard - Suite 525
Encino, California 91436
T: 818-788-7290  Mobile: 310-749-9735

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Case No. 01-01139-AMC** |
| | **(Jointly Administered)** |
| **W.R. Grace & Co., et al.,** | |
| | **Chapter 11** |
| **Reorganized Debtor** | |

## ORDER

AND NOW, this 22nd day of June, 2021, upon consideration of W.R. Grace & Co.'s ("Grace") "Motion to Approve Request to Cancel June 24, 2021 Hearing" ("Motion to Cancel"), Gary Smolker's ("Smolker") "Response and Notice of Pleader Gary Smolker Does Not Consent to Entry of Final Orders or Judgments With Respect to W.R. Grace's Pending Motion to Cancel June 24, 2021 Hearing Date" ("Response"), Smolker's "Objection to W.R. Grace & Co.'s Request to Cancel June 24, 2021 Hearing and Gary Smolker's Request the Court Hear Ex Parte Application for Protective Order and Motion for Sanctions" ("Objection"), and Grace's "Reply In Support of the Reorganized Debtor's Request to Cancel June 24, 2021 Hearing" ("Reply"), the Court hereby finds as follows:

1. On March 15, 2021, Smolker filed a "Request for Hearing Date for Motion Seeking a Court Order Ordering W.R. Grace & Co. Attorneys…to each pay compensation to Gary S. Smolker in the amount of $3,000,000 as sanctions as a consequence of their wrongful conduct" ("Sanctions Hearing Request"). Case No. 01-01139 ECF No. ("ECF") 33215. In the Sanctions Hearing Request, Smolker alleged:

    > [i]t is Smolker's contention that Grace's Motion for Summary Judgment [in connection with Grace's objection to Smolker's claim], and Attorney Lewis' testimony in support of Grace's motion are overt acts in furtherance of an ongoing conspiracy to wrongfully harm Smolker and that Grace's Motion for Summary Judgment and Attorney Lewis'

1

> testimony in support thereof additionally are also wrongful overt acts in furtherance of a conspiracy to wrongfully conceal from members of the general public…that Syloid 244 is a toxic pesticide product that can cause personal injury… Case No. 01-01139 ECF 33215 at p. 2.

2. Ultimately, the Sanctions Hearing Request proposed that:

> [i]n the motion for sanctions Smolker intends to prove that during these proceedings regarding Grace's Motion for Summary Judgment, Grace's attorneys made it impossible for the court to hear Smolker's contention that Grace's motion for summary judgment is an overt act in furtherance of a conspiracy to wrongfully harm Smolker and to wrongfully harm members of the public who are users of Grace's product Syloid 244 [hereinafter referred to as "Proposed Sanctions Motion"]. Case No. 01-01139 ECF 33215 at p. 3.

3. In connection with the Proposed Sanctions Motion, Smolker requested in the Sanctions Hearing Request "that the court set a hearing date at least 30 days after the Court hears and decides Smolker's Motion for Court Order Compelling Grace to Produce Documents…Smolker will be filing a motion seeking an order ordering Grace to produce documents shortly." Case No. 01-01139 ECF 33215 at p. 2-3.

4. The Sanctions Hearing Request also states "Smolker needs at least 60 days to write the above described motion for sanctions because Grace's attorneys [sic] wrongful actions have been so numerous…" Case No. 01-01139 ECF 33215 at p. 3. Accordingly, the Court set a hearing date on the Proposed Sanctions Motion for June 24, 2021 with an objection deadline of June 3, 2021. Case No. 01-01139 ECF 929630.

5. Smolker still has not filed a motion for an order compelling Grace to produce documents or the Proposed Sanctions Motion described *supra*, well in excess of sixty days since he filed the Sanctions Hearing Request.

6. On June 4, 2021, Grace filed the Motion to Cancel on the basis that sixty days had long passed since Smolker filed the Sanctions Hearing Request without Smolker filing his Proposed Sanctions Motion. Case No. 01-01139 ECF 33231 at p. 2, ¶ 2.

7. Smolker has not yet filed any of the motions which he stated in the Sanctions Hearing Request he had intended to file. As a result, because the Court does not have Smolker's Proposed Sanctions Motion before it upon which to conduct a hearing or rule,[1] it is hereby ORDERED that Grace's Motion to Cancel is GRANTED[2] without prejudice to

---

[1] Smolker's Objection, filed on June 22, 2021, is confusing. At no point does he contest that he never filed his Proposed Sanctions Motion related to Grace's conduct in prosecuting its objection to Smolker's claim. Instead, he complains of Grace's alleged misconduct in obtaining a briefing schedule for Smolker's appeal of this Court's order entered March 16, 2021 sustaining Grace's objection to Smolker's claim ("Appeal"). *See* Case No. 01-01139 ECF 33233 at 1-5. Specifically, Smolker appears to request that this Court keep the hearing scheduled for June 24, 2021 so that it can hear his new request for a "protective order" and "motion for sanctions" based on Grace's alleged misconduct before the District Court for the District of Delaware ("District Court") related to obtaining a briefing schedule for the Appeal. In particular, Smolker seeks to have this Court submit a proposed order to the District Court which would, *inter alia*, essentially prohibit Grace from filing any "pleadings or letters" with the Bankruptcy Court for sixty days; permit Smolker to periodically file claims for Grace's attorneys to reimburse him for certain living expenses; and order Grace to reimburse him for certain living expenses already incurred in May and June, 2021 ("Protective Order Request"). *Id.* at 5-7. The Objection cites no legal or factual basis for this far-reaching request.

Ultimately, the Protective Order Request is not currently before the Court. The conduct upon which that request is based is entirely distinct from the alleged conduct upon which the Proposed Sanctions Motion related to Grace's prosecution of its objection to Smolker's claim is based. The June 24, 2021 hearing date was reserved for the Proposed Sanctions Motion, not for any random request which Smolker may decide he wants to make on the eve of that hearing. The Protective Order Request has not been properly noticed for a hearing in accordance with Delaware Local Bankruptcy Rule 9006-1(c). To the extent Smolker's Protective Order Request was an attempt to obtain a hearing on an expedited basis and bypass the local notice requirements, he has failed to identify any exigencies justifying a hearing on shortened notice. *See* Del. Local Bankr. Rule 9006-1(e). To the extent Smolker's Protective Order Request is an attempt to obtain a preliminary injunction or temporary restraining order, he does not reference the applicable legal standard at all, nor identify any irreparable injury which he would suffer if the Court did not immediately grant the Protective Order Request. *See Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). Based on the foregoing, unless and until this Protective Order Request is properly noticed for a hearing with objection deadlines complying with Delaware Local Bankruptcy Rule 9006-1, it simply is not before the Court for consideration.

[2] In his Response, Smolker filed a notice pursuant to Federal Rule of Bankruptcy Procedure 7008 that he "does not consent to the Bankruptcy Court making a final order on W.R. Grace & Co.'s pending motion to Cancel [sic] June 24, 2021 Hearing Date." Case No. 01-01139 ECF 33232 at p. 1. Federal Rule of Bankruptcy Procedure is only applicable in adversary proceedings and provides, in relevant part, "[i]n an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." Federal Rule of Bankruptcy Procedure 9014(c) also excludes Federal Rule of Bankruptcy Procedure 7008 from its list of rules applicable in contested matters. Smolker is not a party to an adversary proceeding in this bankruptcy case and has not initiated one by virtue of his Opposition/Protective Order Request. Therefore, Federal Rule of Bankruptcy Procedure 7008 is inapplicable in this contested matter.

3

Smolker filing and properly noticing his Proposed Sanctions Motion for a hearing in accordance with the applicable legal rules at a later date when he is ready to do so.

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Case No. 01-01139 (AMC) (Jointly Administered)

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Boulevard, Suite 525, Encino, California 91436. On July 1, 2021, I served the following attached document:

**CREDITOR GARY S. SMOLKER'S NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE THE APPEAL HEARD BY THE UNITED STATES DISRICT COURT WITH ATTACHED ORDER (FILED JUNE 22, 2021) APPEALED FROM AND ACCOMPANYING OPINION**

__X__ VIA MAIL, by placing a true copy of the documents listed above in a sealed envelope with postage fully prepaid in United States mail in the State of California, at Encino, California, addressed as set forth below:

Law Offices of Roger Higgins, LLC, Attention Roger Higgins, Esq., 516 North Ogden Avenue, Suite 136, Chicago, Illinois 60642

Pachulski Stang Ziehl & Jones, LLP, Attention James E. O'Neill, Esq. and Laura Davis Jones, Esq., 919 North Market Street, 17th Floor, Wilmington, Delaware, 19899-8705

__X__ BY FEDERAL EXPRESS: ORIGINAL SENT FOR FILING WITH THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE VIA FEDERAL EXPRESS OVERNIGHT MAIL

United States Bankruptcy Court for the District of Delaware
Office of the Clerk
824 Market Street
Wilmington, Delaware 19801

Executed on July 1, 2021, at Encino, California. I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
SABRINA JONES